# EXHIBIT D

**Silverman, Nicholas**
___

| | |
|---|---|
| **From:** | Silverman, Nicholas |
| **Sent:** | Monday, November 30, 2020 7:10 PM |
| **To:** | 'Andre, Julian L. (USACAC)' |
| **Cc:** | Fenton, Christopher (CRM); Ram, Ashwin; Keough, Michael |
| **Subject:** | RE: US v. Richard Ayvazyan - Protective Order |

Counsel,

We received your response to our November 18 request for discovery and proposed protective order.  As an initial matter, we reiterate our request for discovery.  The government filed its Complaint over one month ago on October 20, 2020.  We have repeatedly asked for discovery and emphasized our desire to review discovery and conduct our own investigation.  Although the absence of a protective order does not justify the continued delay of producing discovery, much of which has been in your possession for months, to expedite your discovery production this email will confirm our agreement to follow the terms of your proposed protective order until we can agree upon or litigate a protective order to be ordered by the Court.   Please immediately produce discovery via FTP: Click here to upload files.

To facilitate a potential stipulation to a court-ordered protective order, we suggest a meet and confer tomorrow (preferably in the morning).  The fact that we have not already reached an agreement on a proposed protective order is troublesome for several reasons.  Our November 18 proposed order was based in good faith on your protective order in your most recent 18 U.S.C. § 1028A cases, *United States v. Motley*, No. 17-cr-774, Dkt. 60 (C.D. Cal. Jan. 22, 2018) and *United States v. Avenatti*, No. 19-cr-61, Dkt. 36 (C.D. Cal. May 20, 2019), as well as Local Rule of Criminal Procedure 49.1-1.  It is also consistent with your practice in other recent cases such as *United States v. Marshall*, No.17-194 (SVW), Dkt. 34 (C.D. Cal. May 11, 2017) (allegations including extensive financial fraud involving federal funding program) (Wilson, J.), and *United States v. Canada*, No. 18-cr-895, Dkt. 15-1 (C.D. Cal. Feb. 25, 2019) (allegations including extensive financial fraud and embezzlement involving federal funding programs).  Yet, your proposed alterations here—prohibiting a COVID-19 era defendant from accessing evidence unless counsel is present, inserting prejudicial and inaccurate allegations of safety risks absent from other protective orders, and defining protected information far more broadly than Rule 49.1-1 or Fed. R. Crim. P. 49.1—appear intended to punish the defendant for exercising his constitutional rights and potentially a tactic to stall discovery productions even though the Complaint filed October 20 cited many of the discoverable materials over one month ago.

On the merits of a proposed protective order, we disagree with the fundamental premise of your revised proposal: that keeping evidence away from Rich Ayvazyan is necessary to protect the "privacy," "security," and "safety" of "the information's legitimate owners."  Much of the discovery involves mass seizures of private data obtained via search warrant from the homes of Rich and other family members.  As for the remaining discovery, under the government's own charging theory, Rich and his alleged co-conspirators would also be the "legitimate owners" of information in loan applications, most of which were submitted by Iuliia Zhadko and Viktoria Kauichko, who the government alleges to be Rich and his wife.  Compl. at 1.  It would be illogical to insist on protection of Zhadko's and Kauichko's information to the detriment of Rich's defense – especially when the government contends that these individuals do not exist.  Similarly, other information under the government's theory of the case likely belongs to co-conspirators whose actions the government has charged against Rich.  Under the circumstances, it is misguided to provide less access to a defendant whose liberty is at stake than to prosecutors who seized the evidence without the consent of the "legitimate owners."  The only exception would be with respect to the alleged identity theft victim, M.Z.  While Rich has a right to additional information so that he can defend himself, we would agree to a protective order that was narrowly tailored to

prevent downloading documents that contain the sort of confidential information referenced in Rule 49.1-1 or Fed. R. Crim. P. 49.1 to the extent Rich does not allegedly possess that information.  To the extent Rich allegedly possesses certain information, it would be a waste of time and judicial resources to impose restrictions prohibiting him from accessing the same information to prepare for his trial.

We therefore propose a meet and confer to discuss any proposed alterations to our November 18, 2020 proposed protective order.  We are available tomorrow morning from 9:00 a.m. until 1:00 p.m. (PST).

Regards,


**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

# Steptoe

+1 202 429 8096 direct     Steptoe & Johnson LLP
+1 617 595 6559 mobile     1330 Connecticut Avenue, NW
+1 202 429 3902 fax        Washington, DC 20036
                           www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Andre, Julian L. (USACAC) <Julian.L.Andre@usdoj.gov>
**Sent:** Monday, November 30, 2020 2:56 PM
**To:** Ram, Ashwin <aram@Steptoe.com>; Keough, Michael <mkeough@Steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Cc:** Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>
**Subject:** US v. Richard Ayvazyan - Protective Order

Counsel:

Attached please find a proposed stipulation and protective order in United States v. Richard Ayvazyan, No. CR 20-579-SVW-1.  Please review the stipulation and proposed order with your client, then sign the stipulation and return it to me for filing (or provide me with authorization to sign on your behalf).  Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov