# EXHIBIT E



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Julian L. André*
*Phone: (213) 894-6683*
*E-mail: Julian.L.Andre@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

December 1, 2020

**VIA EMAIL**

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071

Re: United States v. Richard Ayvazyan,
No. 20-579-SVW-1

Dear Counsel:

We write in response to your November 30, 2020, email regarding defendant Richard Ayvazyan ("defendant").

First, the government cannot produce discovery to you in this case until an appropriate protective order has been signed and entered by Judge Wilson. And due to the nature of the allegations against your client, as well his prior federal fraud conviction, we cannot and will not agree to any protective order that would allow defendant to possess personal identifying information ("PII") relating to third-parties or witnesses. Regardless whether the PII relates to stolen, fake, or synthetic identities, much of this PII constitutes counterfeit or unauthorized access devices under 18 U.S.C. § 1029(e).[1] Indeed, it would be a violation of defendant's bond to be in possession of such materials.

The government's proposed protective order in this case is based on the standard protective order that the U.S. Attorney's Office adopted in March 2020 after consultation with the Federal Public Defender's Office. This protective order has been used extensively throughout our district. We are thus confident that your firm will be able to effectively and efficiently review the discovery with defendant despite the reasonable and common-place restrictions contained therein. If you

[1] As you know, synthetic identities involve the use of real and fake PII to create a new identity.

have any specific line-edits to the stipulation or protective order we sent you, however, we will gladly consider them.[2]

Second, we are working diligently to prepare the discovery in this case for production, and hope to start producing discovery to you on a rolling basis. Assuming an appropriate protective order is in place, we expect to send you the first production early next week. As you are undoubtedly aware, it takes a significant amount of time to prepare discovery materials for production in an organized fashion. This is particularly true in multi-defendant fraud cases, such as this one. Although we understand that you would like to begin your review of the discovery as soon as possible, we cannot simply start loading documents onto your firm's FTP site as you have proposed.

Third, your client has yet to even make his initial appearance in this district, and no trial date has been set for this case. You will therefore have ample time to review the discovery in advance of any potential trial in this matter.

Finally, your email appears to insinuate that the government's efforts to safeguard PII are not reflective of its obligation to protect the privacy rights of victims and third-parties and to protect the public more generally, but are instead part of a bad faith attempt to harm the defendant. These insinuations do not merit a response other than to say they are without any factual basis and will distract from our joint efforts to work productively regarding the discovery in this case, which is in all of the parties' best interests.

We are glad to confer regarding these issues further as you requested, but we were not available to do so on less than 24 hours' notice, as you had proposed. Please let us know if you are available for a call on Wednesday, December 2, at 1pm Pacific, or on Thursday, December 3, at 2pm Pacific.

Very truly yours,

Julian André

JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section

cc: Christopher Fenton, Trial Attorney, U.S. Department of Justice

[2] As for the proposed protective order you sent us, that protective order is insufficient and does not address any of the significant privacy and safety concerns at issue in this case. The prior protective orders you cited are all from different cases involving very different facts, and are entirely irrelevant to this prosecution.