Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, N.W.
Washington D.C., 20036
Telephone: (202) 429-8096
Facsimile: (202) 329-3902

Michael A. Keough (SBN 327037)
**STEPTOE & JOHNSON LLP**
*mkeough@steptoe.com*
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699

*Counsel for Defendant Richard Ayvazyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD AYVAZYAN,<br>MARIETTA TERABELIAN,<br>ARTUR AYVAZYAN,<br>TAMARA DADYAN,<br><br>*Defendants*. | Case No. 20-cr-579 (SVW)<br><br>**DECLARATION OF NICHOLAS SILVERMAN IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER GRANTING DISCOVERY, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER AND AN ORDER GRANTING DISCOVERY**<br><br>Judge: Hon. Steven V. Wilson<br>Complaint Filed: October 20, 2020 |

DECL. IN SUPP. OF EX PARTE APPLICATION FOR AN ORDER GRANTING DISCOVERY

I, Nicholas P. Silverman, declare:

1. I am an attorney licensed to practice law in the Commonwealth of Virginia and the District of Columbia. I am admitted *pro hac vice* to the U.S. District Court for the Central District of California.

2. Along with attorneys Ashwin Ram and Michael Keough of Steptoe & Johnson LLP, I represent Richard Ayvazyan, who is a defendant in this case.

3. Following the October 20, 2020 Complaint, Ayvazyan retained Steptoe & Johnson LLP. Attorney Ram thereafter spoke with the government to discuss the investigation and the forthcoming indictment. On one or more occasions, I heard attorney Ram request that discovery be produced before the indictment consistent with common practice in cases that begin before an indictment has been returned. On November 9, 2020, AUSA Julian Andre responded that because the allegations would include fraud and "1028A" (i.e., aggravated identity theft under 18 U.S.C. § 1028A), the government would insist on a protective order. I therefore conducted research based on AUSA Andre's protective orders in other cases involving allegations of fraud and identity theft under § 1028A.

4. Following the November 17, 2020 indictment, attorney Ram notified the government via email that Ayvazyan intended to submit formal discovery requests the following day.

5. On November 18, 2020, I sent an email to the government attaching a discovery request letter, a draft stipulation for a protective order, and a draft protective order. A copy of that email with attachments is included as Exhibit B to Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery. The draft protective order and related stipulation were based substantially on the protections for personal identification information in *United States v. Motley*, No. 17-cr-774, Dkt. 60 (C.D. Cal. Jan. 22, 2018) (alleged healthcare fraud and identity theft), and was consistent in material respects

1 with those used in *United States v. Avenatti*, No. 19-cr-61, Dkt. 36 (C.D. Cal. May 20, 2019) (alleged fraud and identity theft); *United States v. Canada*, No. 18-cr-895, Dkt. 15-1 (C.D. Cal. Feb. 25, 2019) (alleged fraud and embezzlement involving federal funding programs); *United States v. Marshall*, No. 17-cr-194 (SVW), Dkt. 34 (C.D. Cal. May 11, 2017) (alleged fraud involving federal funding program); *United States v. Vardumyan*, No. 16-cr-433, Dkt. 16 (C.D. Cal. July 7, 2016) (alleged fraud); *United States v. Stephens*, No. 16-cr-262, Dkt. 23 (alleged fraud); *United States v. Hessani*, No. 15-cr-499, Dkt. 87 (C.D. Cal. Oct. 29, 2015) (alleged fraud and identity theft); *United States v. Kang*, No. 15-cr-478, Dkt. 29 (C.D. Cal. Sept. 16, 2015) (alleged fraud and identity theft).

     6.     On November 20, 2020, the government emailed me and confirmed receipt. The government said it would "get back to you as soon as we can." There was no substantive response.

     7.     On November 23, 2020, Ayvazyan's counsel learned that the materials seized from Ayvazyan included privileged work product that should not have been seized. I promptly sent an email to the government identifying the material and advising them that it was privileged and should be returned without review. In the same email, I reiterated our requests for discovery, noting that it would facilitate identification of any similar issues. The government replied that they would "look into that issue and get back to you as soon as we can." There was no substantive response.

     8.     On November 24, 2020, I replied to the government's November 20 email noting that we were hamstrung in our ability to prepare due to the failure to produce discovery. Due to concerns about potential COVID delays, I attached a link and instructions for uploading files directly to Steptoe using our Sharefile system. This has worked well when receiving productions in other cases.

     9.     On November 30, 2020, the government sent a proposed protective order without responding to the outstanding requests for discovery. In the most pertinent

portion, the proposed protective order defined "Confidential Information" as "any document … containing" "a name," an "email address," "financial information," an "address," or any other "information that can be used to identify a person." Gov't Proposal ¶ 5.b. The protective order then prohibited the defendant from "maintain[ing]" or "otherwise possess[ing]" any such document or taking notes on any such document. *Id.* ¶ 5.g. The government's November 30 proposal is Exhibit C to Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery.

10.  Within hours, I responded to the government's proposal. I reiterated our request for discovery. Although we could not agree to the proposed order without violating Ayvazyan's rights to participate in his own defense, I explained that we would commit to following the requested terms until we could litigate or negotiate a protective order. I explained that the restrictions went far beyond those in *Motley*, *Avenatti*, *Marshall*, and *Canada*. The government's proposal was unsupported by law and would violate Ayvazyan's right to prepare for trial. My November 30 email is Exhibit D to Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery.

11.  On December 1, 2020, the government responded in a letter arguing that it could not produce any discovery until a protective order was entered. Based upon my review of relevant statutes, rules, and case law, there is no law, statute, or rule that prohibits production of all discovery under the circumstances of our case. The government argued that precedent (protective orders in other cases) were "entirely irrelevant" because the cases involved different facts. The government emphasized that in any event, it would give us "ample time to review the discovery in advance of any potential trial." The government's December 1 letter is Exhibit E to Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery.

DECL. IN SUPP. OF EX PARTE APPLICATION FOR AN ORDER GRANTING DISCOVERY

12. On December 2, 2020, defense counsel and the government engaged in a meet and confer. During the call, the government was unable to identify any particular risk posed by Ayvazyan preparing for trial like any other defendant. In particular, the government refused to answer questions about what facts created risks that did not exist in the numerous fraud and identity theft cases where the government stipulated that such onerous restrictions were unnecessary. The government stated that under no circumstances would it agree to allow Ayvazyan to possess discovery outside of the presence of defense counsel. At the conclusion of the call, the government stated that it would consider producing discovery subject to a temporary agreement to follow the November 30 draft protective order while a permanent protective order was litigated or negotiated. I therefore drafted a letter stipulation to that effect and sent it to the government that evening. The December 2 draft letter stipulation letter is Exhibit F to Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery.

13. The government did not respond to the letter stipulation on December 2, December 3, or December 4. On December 4, Ayvazyan was informed that trial was set for January 13, 2021. Ayvazyan's counsel therefore drafted Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery.

14. Ayvazyan's Application is submitted on an ex parte basis because of Ayvazyan's need for discovery to prepare for trial, and the lack of a controversial dispute. The government has spent months reviewing this discovery and building its case. Every day that the government holds discovery hostage is a day lost from trial preparation. The withholding of discovery also prejudices Ayvazyan's speedy trial rights because it limits the time in which he can prepare without a continuance. That prejudice grows with each day. Ex parte submission is proper in order to bring about prompt resolution and limit prejudice caused by the government's gamesmanship.

Finally, ex parte submission is proper because the relief is uncontroversial. Ayvazyan's requested relief is an order compelling the government to engage in Rule 16 discovery, an obligation to which the government should already be adhering. Immediately prior to filing this motion, the government stated in an email—Exhibit G to Ayvazyan's Application for an Order Granting Discovery, or, in the Alternative, for a Protective Order and an Order Granting Discovery—its intention to file an ex parte motion for a protective order, indicating that an ex parte procedure is proper for filings on this topic.

15. We asked the government for their position on filing ex parte and due to the quick turnaround we have not yet received a response.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Bethesda, Maryland on December 7, 2020

Respectfully submitted,
*/s/ Nicholas Silverman*
Nicholas P. Silverman

*Counsel for Defendant Richard Ayvazyan*

DECL. IN SUPP. OF EX PARTE APPLICATION FOR AN ORDER GRANTING DISCOVERY