1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD AYVAZYAN,<br>MARIETTA TERABELIAN,<br>ARTUR AYVAZYAN,<br>TAMARA DADYAN,<br><br>*Defendants*. | Case No. 20-cr-579 (SVW)<br><br>**PROTECTIVE ORDER**<br><br>Judge: Hon. Stephen V. Wilson<br>Complaint Filed: October 20, 2020 |

[ALTERNATIVE RELIEF] [PROPOSED] PROTECTIVE ORDER

The Court having considered the Application for an Order Granting Discovery, or, in the Alternative for a Protective Order and an Order Granting Discovery and any opposition or replies in support thereof, the Court hereby ORDERS as follows:

1. The government will comply with its discovery obligations pursuant to the Federal Rules of Criminal Procedure, case law, and all applicable ethical rules.

2. The government will provide defense counsel with unredacted copies of all discovery materials including materials containing personal information.

3. Access to and possession of the unredacted discovery materials is limited to the Defendants, their counsel, and other members of the defense teams;

4. Use of the unredacted discovery materials is limited to the preparation of the defense and litigation of this case only;

5. Defendants, their counsel, and other members of their defense teams are prohibited from providing the unredacted materials to third parties with the following exceptions

6. With respect to unredacted discovery materials produced by the Government, if defense counsel redacts the materials to remove Personal Identifying Information ("PII") and the names of cooperating witnesses, then Defendants, their counsel, and other members of their defense teams may provide the redacted materials to third parties for the purpose of preparing their defense. PII requiring redaction is defined consistently with Federal Rules of Civil Procedure Rule 5.2 and Central District of California Local Rule 5.2-1, to include (a) the names of cooperating witnesses, (b) witnesses' dates of birth, addresses, telephone numbers, and email addresses, (c) the full names of minors, (d) email accounts, passwords and phone numbers, (e) the FBI's internal file number, (f) fingerprint documentation, (g) driver's license/expiration numbers, (h) rap-sheet Universal Control Numbers, and (i) bank account information except for the last four digits of the account number.

7. Defense counsel may provide unredacted discovery materials to the entity or

individual who owns or is the subject of the PII, provided that any PII related to third parties and/or the identity of any cooperating witnesses is redacted.

8. Defense counsel may provide unredacted witness statements to the individual who is the subject of the witness statement, provided that any PII related to third parties and/or the identity of any cooperating witnesses is redacted.

9. Any third party who receives redacted discovery materials pursuant to paragraphs 5-7 herein shall destroy or return to defense counsel all such discovery materials following their use for the preparation of a defense.

IT IS SO ORDERED.

_____       December 11, 2020
Judge Stephen V. Wilson                Date
U.S. District Court Judge