NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     E-mail:    Julian.L.Andre@usdoj.gov

DANIEL A. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 302-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579-SVW |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br><br>        Defendants. | **[PROPOSED] TRIAL DATE: 05-04-21** |

Having considered the United States of America's <u>Ex Parte</u> Application for: (1) Continuance of the Trial Date; and (2) Findings of Excludable Delay Pursuant to the Speedy Trial Act, as well as the Central District of California's General Orders Nos. 20-02, 20-03, 20-09, and 20-12, and Chief Judge Orders Nos. 20-042, 20-044, 20-097, and 20-179, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was filed on November 17, 2020. Defendants RICHARD AYVAZYAN ("R. AYVAZYAN") and MARIETTA TERABELIAN first appeared before a judicial officer of the court in which the charges in this case were pending on December 4, 2020. The Speedy Trial Act, 18 U.S.C. §§ 3161, 3174, originally required that the trial as to defendants R. AYVAZYAN and TERABELIAN commence on or before June 2, 2021. Defendants ARTUR AYVAZYAN and TAMARA DADYAN first appeared before a judicial officer of the court in which the charges in this case were pending on November 5, 2020. The Speedy Trial Act, 18 U.S.C. §§ 3161, 3174, originally required that the trial as to defendants A. AYVAZYAN and DADYAN commence on or before May 16, 2021.

2. On December 3 and 4, 2020, the Court set a trial date of January 12, 2021.

3. Defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and DADYAN are all released on bond pending trial. The government estimate that its case-in-chief in this matter will last approximately five to seven days. All four defendants are joined for trial and a severance has not been granted.

4. Defendants R. AYVAZYAN, TERABELIAN, A. AYVAYZAN, and DADYAN are charged with violations of 18 U.S.C. § 1349 (conspiracy

to commit wire and bank fraud); 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1344(2) (bank fraud).  (CR 32.)  Defendant R. AYVAZYAN is also charged with a violation of 18 U.S.C. § 1028A(a)(1) (aggravated identity theft).  The government has produced discovery to the defense, including approximately 3,834 pages of documents, reports, and photographs, and is in the process of producing additional written materials to defendants.  The government has also made physical evidence seized during the execution of 11 search warrants on November 5, 2020, available for the defense to inspect and copy, and is in the process of providing defendants with copies of any accessible digital devices that were seized.

  5. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  That suspension remains in place until a "date to be determined."  C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020); see also C.D. Cal. Order of the Chief Judge No. 20-179, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan, at 3 (Dec. 7, 2020) ("Jury trials remain suspended.").

  6. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its

Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020).

7. On August 6 and September 14, 2020, the Court slightly relaxed its restrictions to permit in-person criminal hearings for defendants who do not consent to remote appearance and to allow up to 10 members of the public to attend. General Order No. 20-09, at 2-3; General Order No. 20-12, at 2 (Sept. 14, 2020). However, on December 7, 2020, following "an unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District," the Court reinstituted its COOP Plan. Order of the Chief Judge No. 20-179, at 1-2. Pursuant to the COOP Plan, from December 9, 2020 at 5:00 p.m. through and including January 8, 2021, all grand jury proceedings are suspended and court facilities are once again closed to the public except for hearings on certain criminal duty matters. Order of the Chief Judge No. 20-179, at 2-3.

8. These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1.

9. Consistent with this Court's orders, the Judicial Council of the Ninth Circuit Court of Appeals declared an emergency in the Central District of California, pursuant to 18 U.S.C. § 3174. In re Approval of Judicial Emergency in the Central Dist. of Cal., 955 F.3d 1140 (9th Cir. 2020). The Judicial Council's order recognizes that "under the emergency declarations of national, state, and local governments, as well as recommendations from the Centers for Disease Control and Prevention to convene groups of no more than 10 people, the Court is unable to obtain an adequate spectrum of . . . grand jurors." Id. at 1141.

10. Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

11. On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December 6, 2020 and restricts business and social activities, including by suspending outdoor restaurant operations, in California regions for

which ICU bed capacity is less than 15%.  As the Chief Judge's December 7, 2020, Order reactivating the COOP Plan recognizes, ICU availability in the Southern California region, which includes the entire Central District of California, fell below 15% as soon as the Regional Stay at Home Order went into effect.  Order of the Chief Judge No. 20-179, at 2.

12.   Given the grave public-health concerns discussed in the Court's General Orders and the Chief Judge's Orders, and given the facts set forth in the government's Ex Parte Application (which the Court incorporates fully by reference), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

13.   Failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.

14.   Failure to continue this case would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

15.   Due to the restrictions imposed by current public-health concerns -- particularly given the complexity of this case -- it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16.   The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys

for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from January 12, 2021, to May 4, 2021.

2. The time period of November 18, 2021, to May 4, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

3. Defendants shall appear in Courtroom 10A of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on May 4, 2021, at 9:00 a.m.

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____          HONORABLE STEPHEN V. WILSON
 DATE                                    UNITED STATES DISTRICT JUDGE

7

Presented by:

      /s/
_____
JULIAN L. ANDRÉ
Assistant United States Attorney