# EXHIBIT B

Ashwin J. Ram
213 439 9443
aram@steptoe.com



633 West Fifth Street, Ste. 1900
Los Angeles, CA 90071
213 439 9400 main
www.steptoe.com

December 11, 2020

By Electronic Mail

Christopher Fenton, Trial Attorney
Julian Andre, Assistant United States Attorney
U.S. Attorney's Office for the
Central District of California
312 N Spring St.
Los Angeles, CA 90012

    Re:   *United States v. Richard Ayvazyan et al.*, No. 20-cr-579 (SVW)
            **Discovery Correspondence and Inspection**

Dear Counsel:

    We write in response to your letter dated December 10, 2020 discussing search warrant materials. At the outset, we note that the letter only references evidence seized by the government during search warrants. Based on your past disclosures, those search warrants were executed weeks after the October 20, 2020 Complaint, which referenced numerous other productions that you are obligated to share with the defense. As you know, we have repeatedly asked you to make those required productions in defense discovery requests dated November 9, 2020; November 18, 2020; November 23, 2020; November 24, 2020; November 30, 2020; December 2, 2020; and December 7, 2020. We reiterate those discovery requests, and further reiterate that the failure to produce discovery continues to impede the defendants' ability to prepare for trial.

    We address your December 10 letter below. At the threshold, however, and at the risk of stating the obvious, you chose to file a Complaint on October 20, 2020 and indict this case on November 17, 2020. It was your obligation to promptly produce discovery based on your complaint and your Indictment. The defense has now been deprived of reasonable access to discovery despite 53 days elapsing since the October Complaint. A trial is now set for January 12, 2021, and you still have not begun producing discovery.

    Instead of producing discovery as required by constitutional, statutory, and ethical rules, you have used your time to give one or more public interviews,[1] to file unnecessary ex parte

---

[1] *See* NBC4 Interview, Nov. 19, 2020, https://www.nbclosangeles.com/news/local/encino-coronavirus-fraud-scheme/2465391/.

EXHIBIT B



December 11, 2020
Page 2

applications that could just as easily have been filed as responses to ongoing applications, and to issue two press releases about your allegations.[2]  Because the defendants have not received discovery, they have not been able to investigate the allegations in the Indictment and prepare their defense so that they can clear their names and return to normal life.

Your inaction suggests that the government charged a case that it was not ready to prosecute, assumed that the Speedy Trial Act and Sixth Amendment would not apply, and took advantage of a pandemic and its consequent delays to develop additional evidence to sustain those charges.

The government has had more than enough time to decide on its evidence and it should produce any evidence it intends to use immediately.

**We request that even if the government plans to move for a continuance based on the COVID-19 pandemic, it produce all evidence to be used in its case-in-chief no later than December 22, 2020, which is three weeks before the January 12 trial date.  Similarly, we request a list of all witnesses the government intends to call in its case-in-chief including any expert witnesses by December 22, 2020.  We understand that your position is that the January 12 trial will not occur because "trials in this district are suspended indefinitely." Dkt. 73 at 2.  Regardless, of whether you ultimately succeed in that argument, you are not entitled to use COVID-19 as an opportunity to lengthen the time between indictment and a defendant getting the evidence he needs to defend himself.  COVID-19 is not and cannot become a windfall for the government.**

\*   \*   \*

With respect to the search warrant evidence, your letter raises a number of concerns.

### I. Digital Devices and Request for Discovery

In last night's letter, you noted that you intend to produce complete forensic copies of all digital devices seized pursuant to search warrants.  We have mailed an encrypted external hard drive to Special Agent Palmerton per your request and enclosed a prepaid return envelope.  The FedEx tracking number is ███████████.  The password to access the external hard drive, which must be given to Special Agent Palmerton, is ███████████.

Please adhere to the load file specifications attached to our December 3, 2020 email, a copy of which will be provided upon request.  Each defendant provides a limited consent that their electronic data may be shared with the other three defendants currently in the case for the

---

[2] *See* DOJ Press Release, Nov. 18, 2020, https:// www.justice.gov/opa/pr/four-members-los-angeles-based-fraud-ring-indicted-covid-relief-fraud; C.D. Cal. USAO Press Release, Nov. 18, 2020, https://www.justice.gov/usao-cdca/pr/4-san-fernando-valley-residents-indicted-fraudulently-obtaining-nearly-5-million-covid.



December 11, 2020
Page 3

purposes of their defense in this case but assert and reserve all other rights to their property and any copies thereof including but not limited to all rights to exclusive possession, all rights against government access, and all Fourth Amendment rights. We reiterate our request that digital evidence be immediately electronically transferred via USAfx or Steptoe's Sharefile system.

We request immediate production of all documents that were either "obtained from or belong[] to [any one of] the defendant[s]." *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

In addition to producing a complete version of the forensic images, we also request immediate production of the subset that the government intends to use in its case-in-chief at trial or that are material to preparing the defense along with all other such evidence. *See* Fed. R. Crim. P. 16(a)(1)(E)(i), (ii).

Your letter further indicates that you plan to produce the foregoing documents and digital evidence on "a rolling basis." For the reasons set forth at the outset of this letter, that is unacceptable and incompatible with a reasonable discovery cutoff that does not take advantage of the COVID-19 pandemic.

## II. Documentary and Physical Evidence

In last night's letter, you offered to allow up to four persons from the defense team to review all documentary and physical evidence seized pursuant to search warrants in this case. We would like to review the documentary and physical evidence on Thursday, December 17 at 9:00 a.m.

We have discussed your limitation to four persons and, with the agreement of all defendants, Attorneys Ashwin Ram and John Littrell will conduct the review accompanied by two support staff with mobile copying or scanning technology. As this is evidence you are planning to have "scanned and photographed for discovery purposes," there should be no objection to our doing the same and request that you advise the FBI to permit our attorneys and support persons entry with appropriate scanning and copying equipment.

Please ensure that all documentary and physical evidence is placed in the private room for review by our counsel and support staff. Please organize the documentary and physical evidence by custodian and date of seizure. For example, seizures from the Miami airport should be separated out, as should seizures from each search warrant with identification of which "inventory" item they represent (many inventory items had vague descriptions such as "Misc. receipts"; "Uncounted cash"; and "Misc. financial docs"), and third-party productions and any other sources should be in separate piles. Please provide an index identifying the alleged custodian, date and time of seizure, location of seizure (including as the most specific information recorded such as area of a specific room), identity of the seizing agent, basis of seizure, and whether it has gone through a filter team to the prosecution team. This will facilitate our ability to review and inspect the documents under the conditions are requiring.

December 11, 2020
Page 4



    To allow for a meaningful immediate review, please provide us with the following information by Wednesday, December 16 at 12:00 p.m.:

1. What is the total volume of documents? How many pages, documents, boxes, or other units of paper are there? What objects other than paper or documents will be available for inspection and review?

2. What, if any, restrictions will be placed on our review? Please provide a complete list of any such restrictions so that we can ensure there is no miscommunication between the U.S. Attorney's Office and the FBI, and that all restrictions are properly memorialized. This includes both restrictions on the manner or scope of review and any time limits on review.

3. Have these documents and physical evidence already been reviewed by Special Agent Palmerton or the trial team? If so, when? Please identify any and all minimization procedures that have been put in place.

4. What steps were taken to ensure that all documents and physical evidence seized pursuant to a search warrant are responsive to the search warrant? Please produce all memorialized evidence that said documents and physical evidence were responsive including contemporaneous assertions or justifications. As a non-exclusive example, some of the property seized was purchased or received before the alleged conspiracy began or after the alleged conspiracy concluded. We would like to understand your basis for the seizures and have that property returned.

    Finally, please provide the search warrant applications, affidavits, and all documents underlying the searches. We also reiterate our November 23 request that all handwritten documents be segregated and returned so that we can review them for privilege.

    We appreciate your offer to review files next week in good faith and hope to work together to ensure a meaningful review consistent with the foregoing letter.

Sincerely,

*/s/ Ashwin J. Ram*

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman (*pro hac vice*)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
aram@steptoe.com

Thomas A. Mesereau, Jr.
MESEREAU LAW GROUP
10100 Santa Monica Boulevard, Suite 300
Los Angeles, CA 90067
Tel: (310) 651-9960
Fax: (310) 772-2295
mesereau@mesereaulaw.com

*Counsel for Defendant Richard Ayvazyan*

EXHIBIT B

December 11, 2020
Page 5



David D. Diamond
LAW OFFICES OF DAVID D. DIAMOND
1200 Wilshire Boulevard, Suite 406
Los Angeles, CA 90017
Tel: (213) 250-9100
Fax: (213) 250-0161
diamond@dba-law.com

John L. Littrell
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Tel: (949) 369-3700
Fax: (949) 369-3701
jlittrell@bienertkatzman.com

*Counsel for Defendant Marietta Terabelian*

Jennifer J. Wirsching
WIRSCHING LAW
1935 Alpha Road, Suite 216
Glendale, CA 92108
Tel: (424) 901-9280
wirschinglaw@outlook.com

*Counsel for Defendant Artur Ayvazyan*

Fred G. Minassian
LAW OFFICES OF FRED G. MINASSIAN, INC.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203
Tel: (818) 240-2444
Fax: (818) 240-3444
fgminassianlaw@yahoo.com

*Counsel for Defendant Tamara Dadyan*

EXHIBIT B