NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     E-mail:    Julian.L.Andre@usdoj.gov

DANIEL A. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 302-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br><br>          Defendants. | No. CR 20-579-SVW<br><br>GOVERNMENT'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT; EXHIBITS<br><br>*GOVERNMENT'S REQUEST FOR LEAVE TO FILE REPLY BRIEF FILED CONNCURRENTLY HEREWITH* |

Plaintiff the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney Julian L. André, and Department of Justice Trial Attorney Christopher Fenton, hereby submits its reply brief in support of its previously filed ex parte application for entry of an order: (1) continuing the trial date in this matter from January 12, 2021, to May 4, 2021; and (2) excluding time from the Speedy Trial Act calculation for excludable delay.

This reply brief responds to certain arguments that defendant RICHARD AYVAZYAN made in his opposition, specifically his arguments requesting that the Court set certain pretrial deadlines, including a discovery cutoff, months before a potential trial date in this matter. This reply is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 21, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
JULIAN L. ANDRÉ
Assistant United States Attorney
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants RICHARD AYVAZYAN ("R. AYVAZYAN"), MARIETTA TERABELIAN, ARTUR AYVAZYAN ("A. AYVAYZAN"), and TAMARA DADYAN are charged with conspiring to personally benefit from the COVID-19 pandemic by fraudulently obtaining millions of dollars in disaster relief funds through two federal loan programs.  Although trial in this matter was initially scheduled for January 12, 2021, all trials in this district are currently suspended due to the unprecedented surge of COVID-19 within this district.  And, unfortunately, the situation in Los Angeles County appears to be getting worse, not better, as the numbers of active COVID-19 cases, hospitalizations, and deaths in Los Angeles County continue to set new daily records, and projections show further increases through the New Year.  See, e.g., L.A. County outlines wrenching moves to ration healthcare if COVID-19 hospital crisis worsens, L.A. Times, Dec. 19, 2020, available at https://www.latimes.com/california/story/2020-12-19/los-angeles-county-coronavirus-hospitalization-surge-rationing. For these reasons, the government has moved to continue the trial in this matter to May 4, 2021, by which point the government is hopeful that the Court will have determined it is safe for trials to resume.

Defendant R. AYVAZYAN has objected to this continuance and is instead demanding to go to trial on either January 12, 2021, or February 12, 2021, in the middle of the ongoing pandemic.  (CR 96.) The government will not address defendant R. AYVAZYAN's objection to the continuance and the proposed Speedy Trial Act findings, other than to say that defendant's objections are meritless and ignore the unfortunate realities facing the district during this unprecedented public health crisis.  As set forth in the government's ex parte

application and the Court's General Orders, there is ample factual and legal basis for the Court to both grant the requested continuance and issue the requested findings as to excludable time. And defendants, all of whom are released on bond, have not demonstrated that they would suffer any actual prejudice by the requested continuance.

In his opposition to the government's ex parte application, defendant R. AYVAZYAN has also arbitrarily requested that the Court set a discovery-cutoff deadline for December 22, 2020 (i.e., 24 hours from the filings of this brief), require the government to immediately disclose its exhibit and witness lists, and then exclude evidence if the government fails to comply with these new pretrial deadlines. (CR 96 at 6-11.) Defendant's request that the Court impose arbitrary and self-serving pretrial deadlines months before any trial in this case will proceed is meritless. And defendant's accusation that the government is seeking to use COVID-19 to gain a "windfall" or "secure a tactical advantage" (CR 96 at 2, 9, 10) is baseless and offensive, particularly in light of the charges in this case.[1]  The government is trying to reasonably manage the risks posed by the pandemic, not profit from them.

Defendant's request should be rejected for the following five reasons.

---

[1] Among other things, defendant R. AYVAZYAN and his wife, defendant TERABELIAN, are currently living in $3.25 million home which they purchased using COVID-19 disaster relief funds earmarked to save small businesses that would otherwise be forced to lay off their employees due to the pandemic.  (See CR 32, Overt Acts 9, 17, 26, 29 (detailing transfers to Escrow Company 1 to purchase Residential Property 1).)

First, the government has worked diligently to produce discovery to the defendants in a timely manner and is continuing to do so.  Defendant R. AYVAZYAN's claim to the contrary is false.

Defendant R. AYVAZYAN made his initial appearance in this district and was arraigned on December 4, 2020 -- just over two weeks ago.  In anticipation of the defendants' arraignments, the government attempted to reach an agreement with counsel for the defendants regarding an appropriate protective order so that it could immediately begin producing discovery.  (CR 65.)  Once it was clear that no such agreement would be reached, the government promptly sought relief from this Court.  (Id.)  Although defendant R. AYVAZYAN disagreed with the government's position regarding a protective order (CR 63) and this Court ultimately ruled in the defendants' favor (CR 90), the government was acting in good faith and consistent with its obligations when it sought to protect the privacy of third-parties and the public in general.  Indeed, the protections sought in the government's proposed protective order were consistent with those imposed by the Court in other cases and the defendants' pretrial release conditions.  (See CR 65.)

More importantly, once the Court resolved the parties' dispute and issued the Protective Order in this case on December 14, 2020, (CR 92), the government immediately began producing the discovery in to defendants, as it had always planned to do so (See CR 63, Exs. E, G).  Specifically, to date, the government has made the following three discovery productions totaling 16,827 pages of written materials or other electronic files:

- On December 14, 2020, the government produced 3,834 pages of discovery, including loan applications, bank records,

California Employment Development Division records, the applicable search warrant applications and affidavits, defendants' criminal history reports, law enforcement reports, surveillance photos, and summaries of named-victim M.Z.'s witness interviews.[2]

- On December 17, 2020, the government produced an additional 12,937 pages of written materials and other electronic files, including additional loan applications, bank records, escrow records relating to the purchase of the properties identified in the indictment, records relating to defendant R. AYVAZYAN's use of disaster relief funds to purchase luxury watches, toll records, and internet service provider subscriber records.

- On December 18, 2020, the government produced jail call recordings involving the defendants, and correspondence from the IRS indicating that the various entities identified in the indictment had not filed IRS Forms 940 and 941 during the relevant time periods as defendants had claimed in the loan applications.

(See Ex. 1-3.)  Each discovery production also included a detailed index.  (Id.)

Additionally, on December 10, 2020 (i.e., before this Court had entered a protective order), the government contacted defendants' counsel to: (1) arrange for defense counsel to inspect at the FBI's offices the physical evidence seized during the execution of seven

---

[2]  The government voluntarily produced this witness interview summary in advance of its obligation to do so under the Jencks Act.

4

search warrants; and (2) arrange to provide defendants with complete copies of any accessible digital devices that had been seized. (Ex. 4.) On December 17, 2020, counsel for defendants R. AYVAZYAN and TERABELIAN and two support staff members spent approximately six-and-a-half hours at the FBI's offices reviewing and copying approximately 30 containers of physical and documentary evidence that had been seized. The government will also be producing to defendant complete copies of seven digital devices today, December 21, 2020, and will produce copies of the remaining digital devices on a rolling basis as soon as the devices are forensically imaged and copied onto an external hard-drive for the defense.[3]

Thus, at the time of this filing, the government has already produced to defendants a substantial amount of the relevant evidence relating to the current charges. The government, however, is still working to process and produce additional discovery materials, including additional business records, law enforcement reports, witness summaries, and digital devices. The government is working diligently to produce these materials as soon as possible. There are nevertheless some labor-intensive aspects of the discovery process and the government is operating with limited resources due to the ongoing impact of COVID-19. For example, seized digital devices need to be forensically imaged by the FBI's CART Team and then copied to an external hard-drive before they can be produced to the defense. And documentary evidence needs to be organized, processed or scanned, transferred from the case agents to the

---

[3] Defendants will likely receive access to most of these digital devices before the devices are reviewed by the government.

Department of Justice or U.S. Attorney's Office, loaded into a discovery review platform, Bates-labeled, indexed, and exported for production, before it can be produced to defendants.  Restrictions imposed to protect the health and safety of the FBI agents and other government employees limits the number of individuals who may come into the office on a given day to perform these tasks.

Second, defendant R. AYVAZYAN's request that the Court set an arbitrary December 22, 2020, discovery cut-off deadline is a transparent attempt to have this Court prospectively exclude otherwise admissible government evidence.  Defendant R. AYVAZYAN has not and cannot demonstrate any legitimate basis for the Court to take such action at this time.  Nor has he demonstrated that he has or will suffer any actual prejudice if he does not receive additional discovery by December 22, 2020.[4]  If defendants believe that certain evidence was not produced in a timely manner and should be excluded on that basis, defendants should file a properly noticed motion and seek to exclude that specific evidence at trial.  The Court can then address those evidentiary issues at that time.

Third, defendant R. AYVAZYAN asks the Court to sanction the government for circumstances that are out of the government's control.  The decision to suspend trials in this district was made

---

[4]  The government's investigation is ongoing.  There is no basis for the Court to preclude the government from investigating additional crimes that may have been committed by the defendants or other coconspirators.  See, e.g., Branzburg v. Hayes, 408 U.S. 665 (1972); In re Grand Jury Proceedings ("Pressman"), 586 F.2d 724, (9th Cir. 1978).  Indeed, the government has an affirmative obligation to do so.  If the Court has any questions regarding the government's ongoing investigation, the government would request permission to submit such information in camera and under seal so as not to jeopardize the investigation.

by the Court in light of the health and safety concerns arising from COVID-19, not by the United States Attorney's Office.  The government has no control over when trials in the district will be able to resume, but will be prepared to proceed to trial whenever the Court determines it is safe to hold trials in this district.

Fourth, defendant R. AYVAZYAN's reliance on The Honorable John F. Walter's ruling in United States v. Cai, No. CR 19-671-JFW (C.D. Cal.) is misplaced.  The charges in Cai were filed in December 2019, and the defendant was arraigned just a few days later.  Indictment, Cai, Dkt. No. 1 (Dec. 17, 2019); Minutes, Cai, Dkt. No. 15 (Dec. 19, 2019).  After the parties stipulated to continue the trial date from February 2020 to August 25, 2020, the Court issued an Amended Criminal Trial Order containing very specific deadlines for the parties to disclose its trial exhibits and witness lists, and to file pretrial motions.  Amended Criminal Trial Order, Cai, Dkt. Nos. 36 (Feb. 4, 2020).  As of August 12, 2020, when Judge Walter declined to extend the preexisting pretrial deadlines in advance of the August 25, 2020, trial date, the government and the defense had both been actively preparing for trial for months.  Criminal Minutes, Cai, Dkt. No. 143 (Aug. 12, 2020).  In fact, many of the relevant pretrial deadlines in Cai had passed; the parties had already exchanged pretrial exhibit lists and defendant had filed his motions in limine.  (CR 98, Ex. A at 17-18.)  Thus, one of Judge Walter's purposes in maintaining the preexisting deadlines was to "eliminate, to the extent possible, certain of the issues that will make the trial go more smoothly."  (CR 98, Ex. A at 24-25.)

This case stands in stark contrast to Cai.  Whereas the charges in Cai had already been pending for eight months, defendant

R. AYVAZYAN made his initial appearance in this district and was arraigned just over two weeks ago.  And, unlike in <u>Cai</u>, there are no existing pretrial deadlines in this case to continue.  The Court has not set any pretrial deadlines; nor has the government agreed to any such deadlines.[5]  Rather, defendant is requesting that the Court impose entirely new pretrial deadlines tied to a January 12, 2021, trial date, and then sanction the government for failing to comply with those deadlines.  Whereas in <u>Cai</u>, the government had months to complete the production of discovery and prepare its pretrial filings, defendant proposes that the Court provide the government 24 hours -- until December 22, 2020 -- despite the fact that trial is unlikely to commence for months.  This is not what happened in <u>Cai</u> and it should not happen here.

    <u>Fifth</u>, the actions of defendant R. AYVAZYAN's codefendants in this case call into question the sincerity of the four defendants' purported desire to proceed to trial on January 12, 2021.  Defendant A. AYVAZYAN did not retain counsel until December 8, 2020 (<u>see</u> CR 60; CR 66; CR 72), and did not even request that the government produce discovery until December 14, 2020 (Ex. 5).  Indeed, the government had to affirmatively contact defendant A. AYVAZYAN's counsel to confirm that they were requesting discovery under Rule 16.  (Ex. 5.)  And, just last week, defendant DADYAN's counsel sought the government's position as to whether it would oppose

---

    [5] The only case deadline currently in place is the Court's standing requirement that the government provide the Court with three copies of its exhibit and witness list on the first day of trial, and that the parties submit proposed substantive jury instructions seven days prior to trial.

defendant DADYAN's forthcoming request to travel to Aspen, Colorado from December 30, 2020, through January 4, 2021.  (Ex. 6.)

In sum, although defendants are within their rights to oppose the continuance of the trial date in this matter, the fact remains that this case will not and cannot proceed to trial on January 12, 2021.  There is therefore no basis for the Court to impose pretrial deadlines that correspond to a trial date that will not take place, let alone for the Court to prospectively exclude government evidence based on a purported failure to comply with newly imposed deadlines. Once the Court has selected a new trial date, the parties can meet-and-confer regarding reasonable pretrial deadlines, including deadlines for the exchange of exhibit lists, witness lists, and the filing of pretrial motions.

<u>United States v. Ayvazyan et al.</u>,
No. CR 20-579-SVW

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS <u>EX PARTE</u> APPLICATION
FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PURSUANT TO THE SPEEDY TRIAL ACT

# EXHIBIT 1



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Julian L. André*
*Phone: (213) 894-6683*
*E-mail: Julian.L.Andre@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

**BY FEDEX & EMAIL**

December 14, 2020

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071

*Counsel for Richard Ayvazyan*

David D. Diamond
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017

John Lewis Littrell
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.
Mesereau Law Group
10100 Santa Monica Boulevard Suite 300
Los Angeles, CA 90067

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Road Suite 216
Glendale, CA 92108

*Counsel for Artur Ayvazyan*

Fred G. Minassian
Law Offices of Fred G. Minassian, Inc.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203

*Counsel for Tamara Dadyan*

> Re:   <u>United States v. Ayvazyan et. al</u>,
>        No. CR 2:20-cr-00579-SVW
>        Discovery Production Volume 1

Dear Counsel:

Pursuant to your clients' requests for discovery and the protective order to be entered by the Court (<u>see</u> CR 90), enclosed please find an encrypted disc with discovery bearing Bates Numbers DOJ_PROD_0000000001 to DOJ_PROD_0000003834 and an attached index.[1]  These discovery materials are also being uploaded to Steptoe & Johnson's file sharing system as you requested. The government will continue to produce any additional discovery materials to which your clients are entitled on a rolling basis as they are processed and become available for production.

---

[1] The password to access the discovery materials will be emailed to you separately.

RE: <u>United States v. Ayvazyan et. al</u>
December 14, 2020
Page 2


The government will make available for your inspection any item of evidence referred to above, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief.  Please contact me to arrange a mutually convenient time for your inspection of such items.

The government will produce to you any additional Jencks material—including any relevant grand jury transcripts, assuming a Rule 6(e) order has been issued—one week before trial if you agree to the production of reciprocal Jencks material at that time or affirmatively represent that you have no Jencks material to produce. Please inform me whether such an arrangement is acceptable to you.

The enclosed materials and information and any future discovery provided to you may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law, and this discovery is provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the scope of its legal obligations.

With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense. Pursuant to Federal Rule of Criminal Procedure 12.1, the dates, times, and places of the charged offenses are detailed within the documents included within the discovery. Please contact me immediately if you believe that this notice is insufficient.

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

*Julian André*

JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section


Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division


Enclosure

**United States v. Ayvazyan et. al**
**No. CR 2:20-cr-00579-SVW**
**Discovery Production 1 – Volume 1**
**Index**

| Description | Production BEGDOC | Production ENDDOC |
|---|---|---|
| Bank of America: ABC Realty Advisors, Inc. | DOJ_PROD_0000000001 | DOJ_PROD_0000000084 |
| BlueVine: Allstate Towing and Transport LLC | DOJ_PROD_0000000085 | DOJ_PROD_0000000119 |
| California Employment Development Department Records | DOJ_PROD_0000000120 | DOJ_PROD_0000000154 |
| CDC Small Business: Mod Interiors, Inc. #███7207 | DOJ_PROD_0000000155 | DOJ_PROD_0000000193 |
| Celtic Bank: Mod Interiors, Inc. ███7705 | DOJ_PROD_0000000194 | DOJ_PROD_0000000206 |
| Celtic Bank: Time Line Transport #███7406 | DOJ_PROD_0000000207 | DOJ_PROD_0000000216 |
| Celtic Bank: Top Quality Contracting ███7706 M██Z██████ d/b/a Top Quality Contracting #████7304 | DOJ_PROD_0000000217 | DOJ_PROD_0000000294 |
| Celtic Bank: Mod Interiors, Inc. ███7705 | DOJ_PROD_0000000295 | DOJ_PROD_0000000311 |
| Celtic Bank: Time Line Transport #███7406 | DOJ_PROD_0000000312 | DOJ_PROD_0000000316 |
| Celtic Bank: Time Line Transport #8007 | DOJ_PROD_0000000317 | DOJ_PROD_0000000341 |
| Celtic Bank: Mark Zindroskoi d/b/a Top Quality Contracting ███7304 | DOJ_PROD_0000000342 | DOJ_PROD_0000000345 |
| Celtic Bank: Fiber One Media | DOJ_PROD_0000000346 | DOJ_PROD_0000000374 |
| Celtic Bank: Redline Auto Collision | DOJ_PROD_0000000375 | DOJ_PROD_0000000414 |
| Celtic Bank: Redline Auto Mechanics | DOJ_PROD_0000000415 | DOJ_PROD_0000000443 |
| Celtic Bank: Redline Auto Mechanics | DOJ_PROD_0000000444 | DOJ_PROD_0000000448 |
| Celtic Bank: Time Line Transport #███7406 | DOJ_PROD_0000000449 | DOJ_PROD_0000000453 |
| Comerica: Secureline Realty and Funding Loan Application and Bank Statements | DOJ_PROD_0000000454 | DOJ_PROD_0000000502 |
| Radius Bank: Time Line Transport #███1035 | DOJ_PROD_0000000503 | DOJ_PROD_0000000506 |
| Ready Capital: Top Quality Contracting ███7202 | DOJ_PROD_0000000507 | DOJ_PROD_0000000571 |
| Ready Capital: Fiber One Media (Viktoria Kauichko) | DOJ_PROD_0000000572 | DOJ_PROD_0000000652 |

**United States v. Ayvazyan et. al**
**No. CR 2:20-cr-00579-SVW**
**Discovery Production 1 – Volume 1**
**Index**

| | | |
|---|---|---|
| TCF National Bank: Letter of No Records | DOJ_PROD_0000000653 | DOJ_PROD_0000000655 |
| Wells Fargo Bank: Secureline Realty and Funding, Inc. (Tamara Dadyan) PPP Application | DOJ_PROD_0000000656 | DOJ_PROD_0000000785 |
| Cross River Bank: Allstate Towing and Transport LLC | DOJ_PROD_0000000787 | DOJ_PROD_0000000832 |
| Cross River Bank: G&A Diamonds | DOJ_PROD_0000000833 | DOJ_PROD_0000000877 |
| Newtek Small Business Finance: Timeline Transport (Iuliia Zhadko) | DOJ_PROD_0000000878 | DOJ_PROD_0000000948 |
| Newtek Small Business Finance: TM Events (A███ K███████) | DOJ_PROD_0000000949 | DOJ_PROD_0000001013 |
| Newtek Small Business Finance: Mod Interiors LLC | DOJ_PROD_0000001014 | DOJ_PROD_0000001161 |
| Seattle Bank: Runyan Tax Services (Viktoria Kauichko) | DOJ_PROD_0000001162 | DOJ_PROD_0000001232 |
| SBA EIDL - All State Towing ████████8101 (Artur Ayvazyan) | DOJ_PROD_0000001233 | DOJ_PROD_0000001306 |
| SBA EIDL - Fadehaus Barbershop #██████7904 | DOJ_PROD_0000001307 | DOJ_PROD_0000001377 |
| SBA EIDL - Fiber One #██████79-00 | DOJ_PROD_0000001378 | DOJ_PROD_0000001448 |
| SBA EIDL - Fiber One Media #██████79-00 | DOJ_PROD_0000001449 | DOJ_PROD_0000001522 |
| SBA EIDL - G&A Diamonds #██████7909 | DOJ_PROD_0000001523 | DOJ_PROD_0000001595 |
| SBA EIDL - Journeymen Construction #██████74-09 | DOJ_PROD_0000001596 | DOJ_PROD_0000001650 |
| SBA EIDL - Nelson's Nursery #██████7903 | DOJ_PROD_0000001651 | DOJ_PROD_0000001721 |
| SBA EIDL - Redline Auto Collision #██████7801 | DOJ_PROD_0000001722 | DOJ_PROD_0000001785 |
| SBA EIDL - Redline Auto Mechanics #██████8009 | DOJ_PROD_0000001786 | DOJ_PROD_0000001857 |
| SBA EIDL - TM Events - #██████08102 | DOJ_PROD_0000001858 | DOJ_PROD_0000001930 |
| SBA EIDL - Top Quality Contracting #██████7402 | DOJ_PROD_0000001931 | DOJ_PROD_0000002000 |
| Selected Photographs from Digital Devices Seized Incident to Arrests of R. AYVAZYAN and TERABELIAN | DOJ_PROD_0000002001 | DOJ_PROD_0000002056 |

**United States v. Ayvazyan et. al**
**No. CR 2:20-cr-00579-SVW**
**Discovery Production 1 – Volume 1**
**Index**

| | | |
|---|---|---|
| Criminal History Report: Arthur Ayvazyan | DOJ_PROD_0000002057 | DOJ_PROD_0000002134 |
| Criminal History Report: Richard Ayvazyan | DOJ_PROD_0000002135 | DOJ_PROD_0000002193 |
| Criminal History Report: Tamara Dadyan | DOJ_PROD_0000002194 | DOJ_PROD_0000002294 |
| Criminal History Report: Victoria Kauichko | DOJ_PROD_0000002295 | DOJ_PROD_0000002329 |
| Criminal History Report: Marietta Terabelian | DOJ_PROD_0000002330 | DOJ_PROD_0000002338 |
| CBP Reports - 10.19.2020 Secondary Inspection in Miami | DOJ_PROD_0000002339 | DOJ_PROD_0000002358 |
| SBA Loan # ▮▮▮7903 - Time Line Transport | DOJ_PROD_0000002359 | DOJ_PROD_0000002429 |
| SBA App # ▮▮▮2057 - Top Quality Construction - TCF National Bank | DOJ_PROD_0000002430 | DOJ_PROD_0000002439 |
| SBA App # ▮▮▮1035 - Time Line Transport - Radius Bank | DOJ_PROD_0000002440 | DOJ_PROD_0000002449 |
| SBA Loan # ▮▮▮7202 - Top Quality Construction - Customers Bank | DOJ_PROD_0000002450 | DOJ_PROD_0000002457 |
| SBA Loan # ▮▮▮7406 - Time Line Transport - Celtic | DOJ_PROD_0000002458 | DOJ_PROD_0000002465 |
| SBA Loan # ▮▮▮7706 - Top Quality Contractors | DOJ_PROD_0000002466 | DOJ_PROD_0000002473 |
| SBA Loan # ▮▮▮7304 - Mark Zindroski dba Top Quality Construction - Celtic | DOJ_PROD_0000002474 | DOJ_PROD_0000002481 |
| SBA Loan - ReadyCap Lending - Top Quality Contracting - SBA # ▮▮▮7202 | DOJ_PROD_0000002482 | DOJ_PROD_0000002546 |
| Search Warrant Application and Affidavit: 2-20-MJ-05282 | DOJ_PROD_0000002552 | DOJ_PROD_0000002640 |
| Search Warrant Application and Affidavit: 2-20-MJ-05284 | DOJ_PROD_0000002641 | DOJ_PROD_0000002729 |
| Search Warrant Application and Affidavit: 2-20-MJ-05285 | DOJ_PROD_0000002730 | DOJ_PROD_0000002818 |
| Search Warrant Application and Affidavit: 2-20-MJ-05286 | DOJ_PROD_0000002819 | DOJ_PROD_0000002909 |
| Search Warrant Application and Affidavit: 2-20-MJ-05288 | DOJ_PROD_0000002910 | DOJ_PROD_0000003000 |
| Search Warrant Application and Affidavit: 2-20-MJ-05289 | DOJ_PROD_0000003001 | DOJ_PROD_0000003091 |

**United States v. Ayvazyan et. al**
**No. CR 2:20-cr-00579-SVW**
**Discovery Production 1 – Volume 1**
**Index**

| | | |
|---|---|---|
| Search Warrant Application and Affidavit: 2-20-MJ-05290 | DOJ_PROD_0000003092 | DOJ_PROD_0000003182 |
| Search Warrant Application and Affidavit: 2-20-MJ-05292 | DOJ_PROD_0000003183 | DOJ_PROD_0000003269 |
| Search Warrant Application and Affidavit: 2-20-MJ-05293 | DOJ_PROD_0000003270 | DOJ_PROD_0000003356 |
| Search Warrant Application and Affidavit: 2-20-MJ-05294 | DOJ_PROD_0000003357 | DOJ_PROD_0000003443 |
| Search Warrant Application and Affidavit: 2-20-MJ-05296 | DOJ_PROD_0000003444 | DOJ_PROD_0000003530 |
| Search Warrant Application and Affidavit: 2:20-MJ-05484 | DOJ_PROD_0000003531 | DOJ_PROD_0000003663 |
| Surveillance Photos - Richard Ayvazyan | DOJ_PROD_0000003664 | DOJ_PROD_0000003673 |
| Surveillance Photos - Trash Covers | DOJ_PROD_0000003674 | DOJ_PROD_0000003752 |
| Surveillance Garbage Pick Up 2020.10.22 | DOJ_PROD_0000003753 | DOJ_PROD_0000003771 |
| 2020.07.21 M█████████ Z██████ Interview Memo | DOJ_PROD_0000003772 | DOJ_PROD_0000003773 |
| 2020.08.04 M████████ Z██████ Interview Memo and Attachments | DOJ_PROD_0000003774 | DOJ_PROD_0000003801 |
| US Bank: Arthur Ayvazyan and Allstate Towing | DOJ_PROD_0000003802 | DOJ_PROD_0000003834 |

<u>United States v. Ayvazyan et al.</u>,
No. CR 20-579-SVW

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS <u>EX PARTE</u> APPLICATION
FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PURSUANT TO THE SPEEDY TRIAL ACT

# EXHIBIT 2



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Julian L. André*
*Phone:  (213) 894-6683*
*E-mail:  Julian.L.Andre@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

**BY FEDEX & EMAIL**

December 17, 2020

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071

*Counsel for Richard Ayvazyan*

David D. Diamond
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017

John Lewis Littrell
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.
Mesereau Law Group
10100 Santa Monica Boulevard Suite 300
Los Angeles, CA 90067

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Road Suite 216
Glendale, CA 92108

*Counsel for Artur Ayvazyan*

Fred G. Minassian
Law Offices of Fred G. Minassian, Inc.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203

*Counsel for Tamara Dadyan*

Re:    <u>United States v. Ayvazyan et. al</u>,
        No. CR 2:20-cr-00579-SVW
        Discovery Production Volume 2

Dear Counsel:

Pursuant to your clients' requests for discovery and the Court's protective order (<u>see</u> CR 92), enclosed please find an encrypted flash drive with discovery bearing Bates Numbers DOJ_PROD_0000003835 to DOJ_PROD_0000016802 and an attached index.[1]  These discovery materials are also being uploaded to Steptoe & Johnson's file sharing system as you requested. The government will continue to produce any additional discovery materials to which your clients are entitled on a rolling basis as they are processed and become available for production.

---

[1] The password to access the discovery materials will be emailed to you separately.

RE: United States v. Ayvazyan et. al
December 17, 2020
Page 2

The government will make available for your inspection any item of evidence referred to above, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief.  Please contact me to arrange a mutually convenient time for your inspection of such items.

The government will produce to you any additional Jencks material—including any relevant grand jury transcripts, assuming a Rule 6(e) order has been issued—one week before trial if you agree to the production of reciprocal Jencks material at that time or affirmatively represent that you have no Jencks material to produce. Please inform me whether such an arrangement is acceptable to you.

The enclosed materials and information and any future discovery provided to you may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law, and this discovery is provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the scope of its legal obligations.

With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense. Pursuant to Federal Rule of Criminal Procedure 12.1, the dates, times, and places of the charged offenses are detailed within the documents included within the discovery. Please contact me immediately if you believe that this notice is insufficient.

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section

Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division

Enclosure

**United States v. Ayvazyan et. al**
**Discovery Production 2 – Volume 2**
**Index**

| Description | Production BEGDOC | Production ENDDOC |
|---|---|---|
| Bank of America: Allstate Towing and Transport LLC | DOJ_PROD_0000003835 | DOJ_PROD_0000003910 |
| Bank of America:  Iuliia Zhadko dba Top Quality Contracting | DOJ_PROD_0000003911 | DOJ_PROD_0000003986 |
| Bank of America: Allstate Towing and Transport LLC | DOJ_PROD_0000003987 | DOJ_PROD_0000003987 |
| Bank of America:  Runyan Tax Service, Inc. | DOJ_PROD_0000003988 | DOJ_PROD_0000004036 |
| Bank of America: Redline Auto Mechanics | DOJ_PROD_0000004037 | DOJ_PROD_0000004101 |
| Bank of America: Anton Kudiumov | DOJ_PROD_0000004102 | DOJ_PROD_0000004133 |
| AT&T Phone records:<br>⬛⬛ (E⬛ P⬛<br>8⬛ (A⬛ K⬛ ) | DOJ_PROD_0000004134 | DOJ_PROD_0000004395 |
| Beverly Hills Escrow: 834 Calle La Primavera Glendale, CA | DOJ_PROD_0000004396 | DOJ_PROD_0000005305 |
| Charter Communications: IP Address ⬛⬛⬛ (Victor Kauichko) | DOJ_PROD_0000005306 | DOJ_PROD_0000005311 |
| Google:<br>⬛@gmail.com<br>⬛@gmail.com<br>⬛@GMAIL.COM<br>⬛@gmail.com | DOJ_PROD_0000005312 | DOJ_PROD_0000005336 |
| Radius Bank: Time Line Transport/Iuliia Zhadko | DOJ_PROD_0000005337 | DOJ_PROD_0000005357 |
| Radius Bank: Nazar Terabelian/Mod Interiors Inc. | DOJ_PROD_0000005358 | DOJ_PROD_0000005378 |
| Wells Fargo Bank: Viktoria Kauichko | DOJ_PROD_0000005379 | DOJ_PROD_0000005480 |
| Encore Escrow: Time Line Transport, Inc. and Iuliia Zhadko | DOJ_PROD_0000005481 | DOJ_PROD_0000006009 |
| Landmark Escrow: ⬛⬛ ,Woodland Hills, CA 91367; A⬛ M⬛ and R⬛ A⬛ | DOJ_PROD_0000006010 | DOJ_PROD_0000006318 |
| Miami Federal Detentions Center Jail Calls: Richard Avazyan and Marietta Terabelian | DOJ_PROD_0000006319 | DOJ_PROD_0000006324 |
| Perfect Escrow: Viktoria Kauichko | DOJ_PROD_0000006325 | DOJ_PROD_0000007891 |
| Radius Bank: A⬛ K⬛ TimeLine Transport, TM Events, Nazar Terabelian, Fadehaus Barbershop | DOJ_PROD_0000007892 | DOJ_PROD_0000008017 |
| Robinhood:  Iuliia Zhadko | DOJ_PROD_0000008018 | DOJ_PROD_0000008504 |
| T.Mobile Phone Records:<br>⬛ (Iuliia Zhadko)<br>⬛ (Tamara Dadyan)<br>⬛ (Viktoria Kauichko)<br>⬛ (Viktoria Kauichko) | DOJ_PROD_0000008505 | DOJ_PROD_0000008522 |
| Verizon Phone Records:<br>⬛ (A⬛ K⬛ )<br>⬛ (M⬛ Z⬛ )<br>⬛ (A⬛ n/Viktoria Kauichko)<br>⬛ (A⬛ )<br>818.644.7103 (Arthur Ayvazyan) | DOJ_PROD_0000008523 | DOJ_PROD_0000008607 |
| Yahoo:<br>⬛@yahoo.com<br>⬛@yahoo.com<br>⬛@yahoo.com<br>⬛@yahoo.com | DOJ_PROD_0000008608 | DOJ_PROD_0000008673 |

**United States v. Ayvazyan et. al**
**Discovery Production 2 – Volume 2**
**Index**

| | | |
|---|---|---|
| AT& T Phone Records: <br> (G█████A████) <br> (O███████M████) <br> (Tamara Dadyan) <br> (A████G████) <br> (V█████A███) <br> (Tamara Dadyan/A███D████) <br> 818-956-8761 (A███D████) | DOJ_PROD_0000008674 | DOJ_PROD_0000016626 |
| Charter Communications: IP Address <br> ████████████████████(Victor Kauichko) | DOJ_PROD_0000016627 | DOJ_PROD_0000016644 |
| ████████ Time Pieces: Iuliia Zhadko and Time Line Transport, Inc. | DOJ_PROD_0000016645 | DOJ_PROD_0000016651 |
| LogMein Phone Records: █████████(A███ █████) | DOJ_PROD_0000016652 | DOJ_PROD_0000016657 |
| US Bank: A███G████ and G&A Diamonds | DOJ_PROD_0000016658 | DOJ_PROD_0000016802 |

<u>United States v. Ayvazyan et al.,</u>
No. CR 20-579-SVW

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS <u>EX PARTE</u> APPLICATION
FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PURSUANT TO THE SPEEDY TRIAL ACT

# EXHIBIT  3



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Julian L. André*
*Phone: (213) 894-6683*
*E-mail: Julian.L.Andre@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

**BY FEDEX & EMAIL**

December 18, 2020

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071

*Counsel for Richard Ayvazyan*

David D. Diamond
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017

John Lewis Littrell
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.
Mesereau Law Group
10100 Santa Monica Boulevard Suite 300
Los Angeles, CA 90067

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Road Suite 216
Glendale, CA 92108

*Counsel for Artur Ayvazyan*

Fred G. Minassian
Law Offices of Fred G. Minassian, Inc.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203

*Counsel for Tamara Dadyan*

Re:   United States v. Ayvazyan et. al,
      No. CR 2:20-cr-00579-SVW
      Discovery Production Volume 3

Dear Counsel:

Pursuant to your clients' requests for discovery and the Court's protective order (see CR 92), enclosed please find an zip file with discovery bearing Bates Numbers DOJ_PROD_0000016803 to DOJ_PROD_0000016827 and an attached index.[1]  These discovery materials are also being uploaded to Steptoe & Johnson's file sharing system as you requested.  The government will continue to produce any additional discovery materials to which your clients are entitled on a rolling basis as they are processed and become available for production.

---

[1] The password to access the discovery materials will be emailed to you separately.

RE: <u>United States v. Ayvazyan et. al</u>
December 17, 2020
Page 2


The government will make available for your inspection any item of evidence referred to above, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief.  Please contact me to arrange a mutually convenient time for your inspection of such items.

The government will produce to you any additional Jencks material—including any relevant grand jury transcripts, assuming a Rule 6(e) order has been issued—one week before trial if you agree to the production of reciprocal Jencks material at that time or affirmatively represent that you have no Jencks material to produce. Please inform me whether such an arrangement is acceptable to you.

The enclosed materials and information and any future discovery provided to you may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law, and this discovery is provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the scope of its legal obligations.

With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense. Pursuant to Federal Rule of Criminal Procedure 12.1, the dates, times, and places of the charged offenses are detailed within the documents included within the discovery. Please contact me immediately if you believe that this notice is insufficient.

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section


Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division


Enclosure

**United States v. Ayvazyan et. al**
**Discovery Production 3 – Volume 3**
**Index**

| Description | Production BEGDOC | Production ENDDOC |
|---|---|---|
| Broward County Jail Calls: Marietta Terabelian | DOJ_PROD_0000016803 | DOJ_PROD_0000016817 |
| Broward County Jail Calls: Richard Ayvazyan | DOJ_PROD_0000016818 | DOJ_PROD_0000016821 |
| Fact of Filing Letters | DOJ_PROD_0000016822 | DOJ_PROD_0000016827 |

<u>United States v. Ayvazyan et al.,</u>
No. CR 20-579-SVW

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS <u>EX PARTE</u> APPLICATION
FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PURSUANT TO THE SPEEDY TRIAL ACT

# EXHIBIT 4



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Julian L. André*                                          *1100 United States Courthouse*
*Phone: (213) 894-6683*                                    *312 North Spring Street*
*E-mail: Julian.L.Andre@usdoj.gov*                         *Los Angeles, California 90012*

December 10, 2020

**<u>VIA EMAIL</u>**

Ashwin J. Ram                                Thomas A. Mesereau, Jr.
Michael A. Keough                            Mesereau Law Group
Nicholas P. Silverman                        10100 Santa Monica Boulevard Suite 300
Steptoe & Johnson LLP                        Los Angeles, CA 90067
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071                        Jennifer J. Wirsching
                                             Attorney at Law
                                             1935 Alpha Road Suite 216
David D. Diamond                             Glendale, CA 92108
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017                        Fred G. Minassian
                                             Law Offices of Fred G. Minassian, Inc.
                                             101 N. Brand Blvd., Suite 1970
John Lewis Littrell                          Glendale, CA 91203
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

   Re: <u>United States v. Ayvazyan et al.,</u>
     No. CR 20-579-SVW

Dear Counsel:

We write regarding discovery in <u>United States v. Ayvazyan et al.</u>, No. CR 20-579-SVW.  As you are likely aware, the government executed a number of search warrants in connection with its investigation, pursuant to which it seized physical evidence and a number of digital devices.  We write to arrange for these materials to be made available to you for your inspection and review as soon as practicable.

<u>Physical Evidence</u>

During the execution of search warrants in this case, the government seized a significant amount of physical evidence.  The vast majority of the physical evidence consists of documents and other paper records.  Due to the volume of the documentary evidence seized, the FBI will transport this physical evidence to another FBI facility to be scanned and photographed so that electronic copies can then be produced to you in discovery.  During the scanning and

Counsel for Defendants
RE:  <u>United States v. Ayvazyan</u>, No. CR 20-579-SVW
December 10, 2020
Page 2

photographing process, the physical evidence will be unavailable for the defense to review.  This process may take at least a few weeks.

For that reason, before the FBI sends the documentary evidence out to be scanned and photographed for discovery purposes, we would like to make it available to you for your inspection and review at the FBI's office in Los Angeles, California.  Please let us know as soon as possible, but no later than the 12:00 pm on Monday, December 14, whether you would like to come view the physical evidence at FBI's offices next week so we can make the necessary arrangements.

Please note that due to current health and safety precautions regarding COVID-19, however, that the FBI will likely only be accommodate one lawyer on behalf each of defendant.  If none of the counsel for the defendants are interested in reviewing the physical evidence at the FBI's offices at this time, we will immediately proceed to have the physical evidence scanned and photographed.

<u>Digital Devices</u>

During the execution of search warrants, the government also seized a number of digital devices.  The government proposes to produce to all four defendants complete forensic copies of any accessible digital devices that were seized from the four defendants in connection with this investigation.  For example, the government proposes that forensic copies of the digital devices seized from defendant Richard Ayvazyan be produced to all four defendants, and forensic copies of the digital devices seized from defendant Tamara Dadyan's residence be produced to all four defendants.  If you have an objection to the government's proposal, please let us know immediately so that we can confer as soon as possible.

The FBI is diligently working to image and process these digital devices, so that the digital evidence can then be produced to the defense on a rolling basis.  In order to expedite this process, we request you provide the government with at least one 2TB external hard-drive that the FBI can use to load the digital data.[1]  Please have the external hard-drive mailed to FBI Special Agent Justin Palmerton at the following address:

    Justin Palmerton, Special Agent
    Federal Bureau of Investigation
    11000 Wilshire Blvd, Suite 1700
    Los Angeles, California 90024

---

[1]  The FBI prefers that you each provide a new external hard-drive in sealed packaging, as this could eliminate the need for the FBI to wipe the external hard-drive before loading the data, a process which takes additional time and could cause delay.

Counsel for Defendants
RE:  United States v. Ayvazyan, No. CR 20-579-SVW
December 10, 2020
Page 3


Please note that due to a number of factors, including current staffing limitations caused by COVID-19, it may take more time for the FBI to process and copy the digital devices than usual. Accordingly, we plan to produce copies of the digital devices to you on a rolling basis as the evidence becomes available.  At this time, we have asked the FBI to prioritize processing the digital devices seized incident to the arrests of defendants Richard Ayvazyan and Marietta Terabelian in Miami, Florida.  If there are other digital devices you would like us to prioritize, please let us know and we will do our best to accommodate those requests.

Please let us know if you would like to discuss these issues further or have any questions.


Very truly yours,


JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section

cc:     Christopher Fenton, Trial Attorney, U.S. Department of Justice

<u>United States v. Ayvazyan et al.</u>,
No. CR 20-579-SVW

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS <u>EX PARTE</u> APPLICATION
FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PURSUANT TO THE SPEEDY TRIAL ACT

# EXHIBIT 5

| | |
|---|---|
| **From:** | Jennifer Wirsching |
| **To:** | Andre, Julian L. (USACAC) |
| **Cc:** | mesereau@mesereaulaw.com; Fenton, Christopher (CRM) |
| **Subject:** | Re: US v. Ayvazyan |
| **Date:** | Monday, December 14, 2020 12:45:13 PM |

Julian and Chris -

We are formally requesting Rule 16 discovery as requested by all other co-defendants in this matter.

Thank you,

Jennifer

Sent from my iPhone

> On Dec 14, 2020, at 12:43 PM, Andre, Julian L. (USACAC)
> <Julian.L.Andre@usdoj.gov> wrote:
>
>
> Counsel:
>
> We are preparing to send out the government's first discovery production, but have yet to receive a discovery request from your client, defendant Artur Ayvazyan.  Please confirm that you are requesting discovery under Rule 16.  Thank you.
>
> Julian
>
> **Julian L. André**
> **Assistant United States Attorney**
> **Major Frauds Section**
> United States Courthouse, Suite 1100
> 312 N. Spring St. | Los Angeles, California 90012
> T: 213.894.6683 | julian.l.andre@usdoj.gov

<u>United States v. Ayvazyan et al.</u>,
No. CR 20-579-SVW

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS <u>EX PARTE</u> APPLICATION
FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PURSUANT TO THE SPEEDY TRIAL ACT

# EXHIBIT 6

| | |
|---|---|
| **From:** | Andre, Julian L. (USACAC) |
| **To:** | Law offices of Fred G. Minassian, Inc. |
| **Cc:** | Fenton, Christopher (CRM) |
| **Subject:** | RE: US v. Ayvazyan et al., No. CR 20-579-SVW |
| **Date:** | Monday, December 14, 2020 4:37:00 PM |

Fred:

Provided your client completes and files the required bond paperwork by the current December 28, 2020, deadline, the government takes no position regarding the request and would defer to the Court.  The government does not believe your client should be permitted to travel unless and until the bond paperwork (other than the certified deed) is complete and has been filed with the Court.

Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

**From:** Law offices of Fred G. Minassian, Inc. <fgminassianlaw@yahoo.com>
**Sent:** Monday, December 14, 2020 12:00 PM
**To:** Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Subject:** Re: US v. Ayvazyan et al., No. CR 20-579-SVW

Dear Julian,
Hope this email finds you well.
I was inquiring if you would have an objection for my client to travel to Aspen Colorado from 12/30 thru 1/4/21.
 Please be advised that these arrangements were made prior to her being indicted in the above referenced case.
Further, pretrial services has no objection to said travel.
Best,
Fred

Sent from Yahoo Mail for iPhone

On Thursday, December 10, 2020, 4:45 PM, Andre, Julian L. (USACAC) <Julian.L.Andre@usdoj.gov> wrote:

    Counsel:

Please see the attached correspondence.  Thank you.

**Julian L. André**

**Assistant United States Attorney**

**Major Frauds Section**
United States Courthouse, Suite 1100

312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov