NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     E-mail:    Julian.L.Andre@usdoj.gov

DANIEL A. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 302-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-579-SVW |
| Plaintiff, | RESPONSE TO DEFENDANT RICHARD AYVAZYAN'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| RICHARD AYVAZYAN, aka "Richard Avazian" and "Iuliia Zhadko," MARIETTA TERABELIAN, aka "Marietta Abelian" and "Viktoria Kauichko," ARTUR AYVAZYAN, aka "Arthur Ayvazyan," and TAMARA DADYAN, | |
| Defendants. | |

The government has sought leave to file a reply brief in support of its ex parte application for an order continuing the trial date and excludable time findings under the Speedy Trial Act. (CR 99.) Defendant RICHARD AYVAZYAN's ("R. AYVAZYAN") opposition to the government's request (CR 100) is misleading and fails to disclose critical information to this Court.

On December 16, 2020, counsel for defendant R. AVYAYZAN sent an email to the government stating that defendant R. AYVAYZAN would be filing his own ex parte application requesting that the Court impose a December 22, 2020, discovery cut-off. (Ex. A.) Counsel for defendant R. AYVAZYAN stated that this request was "separate and apart from any trial continuance" and sought the government's position regarding a briefing schedule for defendant's forthcoming ex parte application. (Ex. A.) Because counsel defendant R. AYVAZYAN had informed the government that it would be raising his request for a discovery cut-off deadline in a separate filing (Ex. A), the government did not address defendant's request for a discovery cut-off deadline in its ex parte application to continue the trial date, which the government filed the next day on December 17, 2020 (CR 94). But after the government filed its ex parte application, counsel for defendant R. AYVAZYAN apparently changed its mind and did not file its own ex parte application as counsel had previously represented. Instead, defendant R. AYVAZYAN requested that the Court impose a discovery cut-off deadline in its opposition to the government's request to continue the trial date. (CR 96 at 6-11.)

Defendant R. AYVAYZAN now argues that the government should be denied an opportunity to respond to defendant's request for a discovery cut-off because the "government chose not to address that

topic" in its initial ex parte application.  This claim is misleading.  The government did not affirmatively address a discovery cut-off in its own ex parte application because counsel for defendant R. AYVAZYAN had explicitly stated that defendant R. AYVAZYAN would be filing a separate application with the Court seeking that relief.  Defendant R. AYVAZYAN's failure to specifically address these facts and its prior December 16, 2020, email in his opposition to the government's request for leave is inappropriate.  And it is not enough for defense counsel to have merely cited in passing the prior correspondence, with no explanation of the correspondence's content or significance, as he now claims (Ex. C).

In light of the foregoing, on December 21, 2020, the government requested that counsel for defendant R. AYVAZYAN immediately withdraw or correct its opposition to the government's request for leave.  (Ex. B.)  Counsel for defendant R. AYVAZYAN's response is attached hereto as Exhibit C.

The purpose of the government's reply brief is to respond to arguments defendant R. AYVAZYAN raised for the first time in his opposition, and to provide the Court with the information necessary

///
///
///

3

to reach a determination.  Accordingly, the government respectfully requests that the Court grant the government's request for leave to file its reply.

Dated: December 21, 2020              Respectfully submitted,

                                              NICOLA T. HANNA
                                              United States Attorney

                                              BRANDON D. FOX
                                              Assistant United States Attorney
                                              Chief, Criminal Division


                                                    /s/
                                              JULIAN L. ANDRÉ
                                              Assistant United States Attorney
                                              CHRISTOPHER FENTON
                                              Department of Justice Trial Attorney

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

# EXHIBIT A

## Andre, Julian L. (USACAC)

| | |
|---|---|
| **From:** | Ram, Ashwin <aram@Steptoe.com> |
| **Sent:** | Wednesday, December 16, 2020 9:42 PM |
| **To:** | Andre, Julian L. (USACAC); Fenton, Christopher (CRM) |
| **Cc:** | Silverman, Nicholas; Keough, Michael; David Diamond; John Littrell; Law offices of Fred G. Minassian, Inc.; mesereau@mesereaulaw.com; Wirschinglaw@outlook.com |
| **Subject:** | United States v. Ayvazyan et al., No. CR 20-579-SVW - Discovery Cutoff Follow-up |

Chris, Julian:  On December 15, 2020, you requested the defense position by 4:30 p.m. today (December 16) regarding the government seeking a continuance of the current trial date in United States v. Ayvazyan et al., No. CR 20-579-SVW.  We provided a joint response on behalf of all defendants by email at 6:29 p.m. on December 15 (below).

We write to seek your position on our request for a December 22 discovery cutoff (separate and apart from any trial continuance over the objection of the defendants).  Although we raised the discovery cutoff with you by letter dated December 11, and again in our December 15 email below, we have not heard or seen a direct response from you to the proposed discovery cutoff.  (We recognize that you have implicitly rejected our discovery cutoff request with your insistence on continued "rolling basis" productions over an undefined duration.)  To the extent you do not agree to a discovery cutoff in advance of and based on the current January 12 trial date in this matter, we will need to file an *ex parte* application regarding the discovery cutoff tomorrow evening based on the grounds stated in our December 11 and December 15 correspondence.  In addition to your substantive response, please advise if you have any objection to the *ex parte* nature of the proposed filing.

Second, as you previously indicated that you would file an *ex parte* application regarding the current trial date, which we assumed would happen after your 4:30 p.m. deadline today, we would like to coordinate on a proposed briefing schedule for our respective *ex parte* applications.  Specifically, subject to confirmation from Judge Wilson's chambers, we propose that we be given 24 hours to oppose your *ex parte* application regarding the trial date (assuming it is filed tomorrow), and that you have 24 hours to oppose our *ex parte* application for a December 22 discovery cut-off (assuming it is filed tomorrow).

Third, and finally, we reiterate our request for a list of all witnesses and exhibits the government intends to use in its case-in-chief (including any expert witnesses) by December 22, 2020.

We look forward to hearing from you.

**Ashwin J. Ram**
Partner
aram@Steptoe.com

# Steptoe

+1 213 439 9443 direct     Steptoe & Johnson LLP
+1 213 439 9599 fax         633 West Fifth Street
                                        Suite 1900
                                        Los Angeles, CA 90071
                                        www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Silverman, Nicholas
**Sent:** Tuesday, December 15, 2020 6:29 PM
**To:** Andre, Julian L. (USACAC) <Julian.L.Andre@usdoj.gov>; Ram, Ashwin <aram@Steptoe.com>; Keough, Michael <mkeough@Steptoe.com>; David Diamond <diamond@ladefender.com>; John Littrell <jlittrell@bienertkatzman.com>; Law offices of Fred G. Minassian, Inc. <fgminassianlaw@yahoo.com>; mesereau@mesereaulaw.com; Wirschinglaw@outlook.com
**Cc:** Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>
**Subject:** RE: US v. Ayvazyan et al. - Trial Date

Counsel,

We do not consent to a continuance. Our clients are under both house arrest and the cloud of an indictment. They want to clear their names as soon as possible. To the extent any continuance is granted, it should comply with the defendants' constitutional rights to a speedy trial, which requires a trial by February 12, 2021. We disagree that those constitutional rights are (or can be) "suspended indefinitely." In the event that the government seeks a continuance *and* extension of the speedy trial clock over our objection, we would want the first available trial in March, in order to mitigate the prejudice to our client's liberty and reputation from remaining under indictment and on house arrest.

Our December 11 letter (attached for reference) raised a related issue to which you have not directly responded. Regardless of whether the government moves for a continuance, we again request that the government produce its case-in-chief exhibit list and witness list by December 22, 2020. Your December 14 letter referenced the government's production of Jencks and permitting inspection of exhibits, but it did not set a date certain by which the government will identify its exhibits and witnesses. A cut-off of December 22 provides the government over two months since the issuance of the Complaint and enables the defendants to prepare for trial. The defendants are the ones who suffer prejudice from a continuance; they should not also suffer prejudice from the government using COVID-19 as a windfall for additional time to investigate and put together a prosecution.

Regards,


**Nicholas P. Silverman**
Associate
nsilverman@steptoe.com

# Steptoe

+1 202 429 8096 direct        Steptoe & Johnson LLP
+1 617 595 6559 mobile        1330 Connecticut Avenue, NW
+1 202 429 3902 fax           Washington, DC 20036
                              www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Andre, Julian L. (USACAC) <Julian.L.Andre@usdoj.gov>
**Sent:** Tuesday, December 15, 2020 2:12 PM
**To:** Ram, Ashwin <aram@Steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; Keough, Michael <mkeough@Steptoe.com>; David Diamond <diamond@ladefender.com>; John Littrell <jlittrell@bienertkatzman.com>; Law offices of Fred G. Minassian, Inc. <fgminassianlaw@yahoo.com>; mesereau@mesereaulaw.com; Wirschinglaw@outlook.com
**Cc:** Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>
**Subject:** US v. Ayvazyan et al. - Trial Date

Counsel:

As you are all undoubtedly aware, jury trials in the Central District of California are suspended indefinitely due to COVID-19. Accordingly, we wanted to get each of your clients' position as to a new trial date for United States v. Ayvazyan et al., No. CR 20-579-SVW. We believe that the earliest trials may resume is March or April 2021. It is also unclear how the District will prioritize jury trials once they resume. The government would therefore propose continuing the trial until May or June 2021, which we believe could serve as a realistic and relatively firm trial date.

Please let us know your respective clients' position regarding the trial date by tomorrow at 4:30 p.m., and any potential trial conflicts you each may have that would impact scheduling a new trial date. If the parties are able to reach an agreement regarding a realistic new trial date, we would be glad to prepare and circulate a stipulation for everyone to review.

Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

# EXHIBIT B

## Andre, Julian L. (USACAC)

| | |
|---|---|
| **From:** | Andre, Julian L. (USACAC) |
| **Sent:** | Monday, December 21, 2020 1:06 PM |
| **To:** | Ram, Ashwin |
| **Cc:** | Silverman, Nicholas; Keough, Michael; Fenton, Christopher (CRM) |
| **Subject:** | US v. Ayvazyan |
| **Attachments:** | United States v. Ayvazyan et al., No. CR 20-579-SVW - Discovery Cutoff Follow-up |

Ashwin:

We write to request that you immediately withdraw or correct the opposition (CR 100) you just filed to the government's request for leave to a reply brief.  On December 16, 2020, you advised the government via the attached email that the defense would be filing its own ex parte application regarding your request that the Court set a December 22, 2020, discovery cut-off date.   As you had indicated you would be filing a separate ex parte application regarding this issue, there was no reason for the government to address that request in its own ex parte application.  Nevertheless, in your opposition to our request for leave, you argue that the government should have addressed your request for a discovery cutoff date in our initial moving papers, and failed to disclose to the Court that you had previously advised the government that you would be filing a separate request regarding this issue.  Thus, at a minimum, your opposition is materially misleading.  If you do not correct your filing by 3:00 pm today, we will bring this issue to the Court's attention.

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

**EXHIBIT C**

**Andre, Julian L. (USACAC)**

| | |
|---|---|
| **From:** | Ram, Ashwin <aram@Steptoe.com> |
| **Sent:** | Monday, December 21, 2020 2:53 PM |
| **To:** | Andre, Julian L. (USACAC); Fenton, Christopher (CRM) |
| **Cc:** | Silverman, Nicholas; Keough, Michael |
| **Subject:** | RE: US v. Ayvazyan |
| **Attachments:** | 2020-12-18 DE 96-5 Ex. E to Opp. to Gov't's Ex Parte App. for Continuance-c2.pdf |

Counsel: We do not agree with your characterization. If the government files anything with the Court, we request that it includes this email exchange, so that the Court has the actual *facts* underlying your claim.

After the government's *ex parte* application and the government's subsequent objection to our filing of a separate *ex parte* application for relief at the core of the government's application, we chose not to engage in dueling *ex parte* applications. The government cites an email chain including a December 16 email, but at that time, we had not seen the government's *ex parte* application filed the next morning (December 17). Indeed, the government failed to meet and confer on the proposed exclusion of time or *ex parte* nature of the filing. After our December 16 email, the government filed an *ex parte* application requesting a lengthy trial continuance that would necessarily implicate the question of when pretrial discovery should conclude. The government then objected to our proposal to file a request for a discovery cut-off on an *ex parte* basis. These are the relevant communications—***each of which was filed as Dkt. 96-5 and cited in the same paragraph you claim was misleading***:

- On December 15, you emailed seeking our client's "position regarding the trial date." You did not reference or meet and confer on a motion and did not mention seeking exclusion of time at all. The same day, we replied objecting to any continuance and the "related issue" of a December 22 cut-off.
- On December 16, we wrote about our inference that you planned to seek a continuance via ex parte application. We proposed a 24-hour period for responses but did not consent or object to the *ex parte* nature of your suspected application. We also requested discovery be produced by the December 22 cutoff and proposed filing an *ex parte* application if you did not consent.
- On December 17, you filed an *ex parte* application for a continuance despite not seeking the defense's position on the *ex parte* nature of your application. Your application for the first time admitted that grand juries would resume as early as January 9, 2021; admitted that trial would likely be possible in March (if not sooner); proposed a continuance until May 2021; and sought exclusion of time.
- After your application, you responded that you would not agree to our proposed briefing schedule, and that you "object[ed] to the *ex parte* nature of the proposed filing" because it was "at a minimum, premature." Dkt. 96-5.
- Based on your application—including your unsupported request for a continuance until May 2021— requiring consideration of a discovery cut-off, and your objection to our proceeding on an *ex parte* basis, we decided not to engage in additional *ex parte* litigation and instead remain within the confines of your *ex parte* application including your request for a continuance.

Accordingly, your "materially misleading" suggestion is, at best, disingenuous. The government filed an *ex parte* application that encompassed the issue of when to produce pretrial discovery, and then explicitly told us that it objected to our filing a separate *ex parte* application about pretrial discovery. Now, the government is complaining about the defense's failure to file the same separate *ex parte* filing that it objected to last week. We expect more from the government than this type of gamesmanship.

1

To avoid yet another unnecessary filing, we again reiterate our request that if the government files anything with the Court, it include this email exchange with the included attachment.

Regards,

**Ashwin J. Ram**
Partner
aram@Steptoe.com

# Steptoe

| | |
|---|---|
| +1 213 439 9443 direct | Steptoe & Johnson LLP |
| +1 213 439 9599 fax | 633 West Fifth Street |
| | Suite 1900 |
| | Los Angeles, CA 90071 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Andre, Julian L. (USACAC) <Julian.L.Andre@usdoj.gov>
**Sent:** Monday, December 21, 2020 1:06 PM
**To:** Ram, Ashwin <aram@Steptoe.com>
**Cc:** Silverman, Nicholas <nsilverman@steptoe.com>; Keough, Michael <mkeough@Steptoe.com>; Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>
**Subject:** US v. Ayvazyan

Ashwin:

We write to request that you immediately withdraw or correct the opposition (CR 100) you just filed to the government's request for leave to a reply brief. On December 16, 2020, you advised the government via the attached email that the defense would be filing its own ex parte application regarding your request that the Court set a December 22, 2020, discovery cut-off date. As you had indicated you would be filing a separate ex parte application regarding this issue, there was no reason for the government to address that request in its own ex parte application. Nevertheless, in your opposition to our request for leave, you argue that the government should have addressed your request for a discovery cutoff date in our initial moving papers, and failed to disclose to the Court that you had previously advised the government that you would be filing a separate request regarding this issue. Thus, at a minimum, your opposition is materially misleading. If you do not correct your filing by 3:00 pm today, we will bring this issue to the Court's attention.

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov