Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>RICHARD AYVAZYAN, *et al.*,<br><br>　　　　*Defendants.* | Case No. 20-cr-579 (SVW)<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXTEND TIME TO RESPOND TO THE GOVERNMENT'S** ***EX PARTE*** **APPLICATION FOR MODIFIED PROTECTIVE ORDER**<br><br>Hon. Stephen V. Wilson |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the defendants hereby apply to the Court for an order converting the government's *ex parte* application filed on March 29, 2021 (Dkt. 219) to a noticed motion set for hearing on April 26, 2021, or alternatively, for an extension of time to respond to the *ex parte* application until 3:00 p.m. on Wednesday, March 31, 2021.

This application is based upon the accompanying Declaration of Ashwin J. Ram, the files and records in this case, and such further evidence and argument as the Court may permit.

The government violated the Court's individual rules and engaged in gamesmanship by filing a 29-page application attaching over one hundred pages of exhibits and other documents and did so on an *ex parte* basis despite the fact that the alleged misconduct that underpins the government's claim for relief occurred over two months ago. The Court's individual practices state that "counsel are advised to file and serve their ex parte applications *as soon as* they realize that extraordinary relief is necessary (emphasis added)."[1] Here, the application alleges that *ex parte* relief is necessary to address alleged discovery misconduct that, according to the government, took place months ago in December 2020 and January 2021. The government offers no explanation for why it waited *months* to bring an *ex parte* application, and does not explain why *immediate* relief without any notice to the defense is necessary to address this months-ago issue.

The government also provided no notice of this *ex parte* application, and there were no attempts to meet and confer with defense counsel on the subject of the application. Instead, the government filed the application at approximately 8:00 p.m. Pacific time (11:00 p.m. Eastern time), followed by an email directing defense counsel to the Court's website for rules regarding responses to *ex parte* applications and

---

[1] https://www.cacd.uscourts.gov/honorable-stephen-v-wilson

implying that the defense would only have nineteen hours to file a response.  If the defense had been asked for its position, the defense would not have consented to the *ex parte* nature of the filing because such a filing is plainly inappropriate.  Improper use of the *ex parte* procedure would be an appropriate ground to deny the application.[2]

Therefore, the defendants respectfully request that the Court convert the government's application to a noticed motion and set it for hearing on April 26, 2021 (the earliest available hearing date had the application been properly filed as a noticed motion based on its March 29, 2021 filing date).  In the alternative, the defendants request an extension of time until 3:00 p.m. on Wednesday, March 31 to respond to the *ex parte* application.

Dated:   March 30, 2020                                  Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

---

[2] The Court's individual practices also note that "ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications."  To the extent the government has misused the *ex parte* process here, sanctions may be appropriate.