# EXHIBIT 3



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Scott Paetty*
*Phone: (213) 894-6527*
*E-mail: Scott.Paetty@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

**BY FEDEX & EMAIL**

March 26, 2021

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*Counsel for Richard Ayvazyan*

David D. Diamond
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017

John Lewis Littrell
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.
Mesereau Law Group
10100 Santa Monica Boulevard Suite 300
Los Angeles, CA 90067

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Road Suite 216
Glendale, CA 91208

*Counsel for Artur Ayvazyan*

Fred G. Minassian
Law Offices of Fred G. Minassian, Inc.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203

*Counsel for Tamara Dadyan*

John David Hanusz
Hanusz Law, PC
800 Wilshire Blvd, Ste 1050
Los Angeles, CA 90017-2672

*Counsel for Manuk Grigoryan*

Michael Freedman
Werksman Jackson & Quinn LLP
888 West Sixth Street, 4th Floor
Los Angeles, California 90017

*Counsel for Edvard Paronyan*

Peter Johnson
Peter Johnson Law
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277

*Counsel for Vahe Dadyan*

Jilbert Tahmazian
Tahmazian Law Firm, P.C.
1518 West Glenoaks Boulevard
Glendale, CA 91201

*Counsel for Arman Hayrapetyan*

08
EXHIBIT 3

RE: United States v. Ayvazyan et. al
March 26, 2021
Page 2

      Re:    United States v. Ayvazyan et. al,
                 No. CR 2:20-cr-00579(A)-SVW

Dear Counsel:

Pursuant to your clients' requests for discovery and the Court's protective order (see CR 92), enclosed please find a USB drive with discovery bearing Bates Number DOJ_PROD_0000154472.[1]  This discovery includes a courtesy copy of a Cellebrite report of a digital device for which we previously provided a complete forensic copy to counsel for the four original defendants.  The Cellebrite report was reviewed by an independent filter team before the Cellebrite report was made available to the prosecution team.  As part of that review process, the filter team redacted from the Cellebrite report any potentially privileged information it identified as part of its review.  The Cellebrite report in this production therefore may contain redactions and, if so, would contain less information than the forensic copy previously provided to counsel for the four original defendants.

As with prior productions, the enclosed materials, and any future discovery provided to you, may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law, and are thus provided voluntarily and solely as a matter of discretion.  By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

In addition, we write to inform you about several additional items we are working on preparing for production as soon as practicable.

First, pursuant to a subpoena issued to Greystar Worldwide LLC ("Greystar") relating to the apartment complex located at 6150 Canoga Avenue, Woodland Hills, California 91367, the government obtained materials relating to Unit 337 at that complex.  These materials included, among other things, documents pertaining to the lease of that apartment unit by Manuk Grigoryan and, later, "Victoria Kauichko," as well as the use of a Key Fob assigned to that apartment unit for accessing various areas at or within the apartment complex.  These documentary materials were previously produced to you.  See DOJ_PROD_0000045423 – DOJ_PROD_0000045512, and DOJ_PROD_0000065445 – DOJ_PROD_0000065516.

In addition, Greystar provided the government with two 10-terabyte hard drives apparently containing video footage from security cameras at or within the apartment complex, possibly including footage of areas accessed by the Key Fob assigned to Unit 337.  To date, the government has copied the contents of these two hard drives but has not been able to view or access the materials contained within them due to limitations in its software.  The government has been seeking diligently to obtain the software necessary to view the hard drives and convert the data to a format that can be accessed.  We do not expect to obtain that software until March 30, 2021, at the earliest.  In the meantime, we are willing to make copies of the hard drives for

---

[1] The password to access the discovery materials will be emailed to you separately.

RE: United States v. Ayvazyan et. al
March 26, 2021
Page 3

you to seek to access them on your own. However, given the significant amount of data, which we understand to largely fill each of the two 10-terabyte hard drives, we kindly ask that you provide us with hard drives to make these copies on your behalf. We understand that, because of the amount of data, it may take one-to-two days, or possibly more, to copy the data onto the hard drives.

Second, the FBI's Computer Analysis and Response Team (CART) continues to encounter technical difficulties or other constraints in accessing and copying four digital devices seized pursuant to the search warrant executed at 17450 Weddington Street in Encino, California on November 5, 2020. Specifically:

> (1) one HP laptop computer has a damaged hard drive and will need to be shipped to a lab on the East Coast for further analysis, which, to the extent such analysis is undertaken, could result in the destruction of the hard drive with no guarantee that any data will be extracted;
>
> (2) one Apple MacBook requires processing by a unit that handles advanced encryption and will take a yet unknown amount of additional time to image;
>
> (3) one Apple iPad requires processing by the same advanced encryption unit and will take a yet unknown amount of additional time to image; and
>
> (4) one Motorola flip-phone cannot be forensically imaged and will be turned on and photographed manually by the filter team for review before it can be imaged for production.

Third and finally, CART also has not yet completed processing three routers, two modems, one cable box, and two GPS devices seized pursuant to the search warrants executed in this case. The three routers were seized from 4910 Topeka Drive in Tarzana, California. The two modems and one cable box were seized from 22330 Victory Boulevard, #303 in Woodland Hills, California. And the two GPS devices were seized from 17450 Weddington Street in Encino, California.

The CART team has not yet completed processing these digital devices in large part due to resource allocation issues since the beginning of the year, including as a result of significant demands on the CART team in processing and reviewing evidence following the insurrection at the U.S. Capitol on January 6, 2021. The CART team has been focusing its recently more limited time and resources on prioritizing the imaging of the numerous other high priority devices seized in this case, including the 43 digital devices (*e.g.*, iPhones and laptop computers) it already processed for copying and production to you. The government understands CART will continue to work diligently to process the routers, modems, cable box, and GPS devices as quickly as possible under the current extraordinary circumstances.

//

//


RE: <u>United States v. Ayvazyan et. al</u>
March 26, 2021
Page 4

Please let us know if you have any questions.

Very truly yours,

SCOTT PAETTY
Assistant United States Attorney
Major Frauds Section

Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division

Enclosure