TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov/Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>     "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>     "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>     "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN, | No. CR 20-579(A)-SVW<br><br><u>GOVERNMENT'S EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT; DECLARATION OF SCOTT PAETTY</u><br><br>**CURRENT TRIAL DATE: 5/4/2021 (all defendants, except Hayrapetyan)**<br><br>**CURRENT TRIAL DATE: 5/18/2021 (defendant Hayrapetyan only)**<br><br>**PROPOSED TRIAL DATE (all defendants): 8/24/2021** |

| | |
|---|---|
| 1 | aka "Edvard Paronian" and "Edward Paronyan," and |
| 2 | VAHE DADYAN, |
| 3 | Defendants. |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby applies ex parte to request that the Court: (1) continue the trial date in this matter; and (2) exclude time from the Speedy Trial Act calculation for excludable delay.

This application is based upon the attached memorandum of points and authorities, the declaration of Scott Paetty, the files and records in this case, and such further evidence and argument as the Court may permit.

The government contacted counsel for all defendants via email to meet and confer on a mutually-agreeable proposed continued date for

//
//

2

trial, but counsel for the defense informed the government they oppose the government's request for a continuance of trial.

Dated: April 7, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        SCOTT PAETTY
                                        BRIAN FAERSTEIN
                                        Assistant United States Attorneys
                                        CHRISTOPHER FENTON
                                        Department of Justice Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF AUTHORITIES.................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.   INTRODUCTION.....................................................1

II.  PROCEDURAL HISTORY...............................................1

     A.   The Indictment and First Superseding Indictment............1

     B.   Pretrial Motions...........................................5

III. THE COVID-19 PANDEMIC............................................5

IV.  DISCUSSION......................................................10

V.   CONCLUSION......................................................15

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE

**Federal Cases**

Furlow v. United States,
    644 F.2d 764 (9th Cir. 1981) .................................. 12

In re Approval of Judicial Emergency in the Central Dist. of Cal.,
    955 F.3d 1140 (9th Cir. 2020) ....................... 3, 8, 10, 11

United States v. Correa,
    182 F. Supp. 2d 326 (S.D.N.Y. 2001) ........................... 12

United States v. Hale,
    685 F.3d 522 (5th Cir. 2012) .................................. 12

United States v. Lewis,
    611 F.3d 1172 (9th Cir. 2010) ................................. 11

United States v. Richman,
    600 F.2d 286 (1st Cir. 1979) .................................. 12

United States v. Scott,
    245 Fed. Appx. 391 (5th Cir. 2007) ............................ 12

United States v. Stallings,
    701 F. App'x 164 (3d Cir. 2017) ............................... 12

Zedner v. United States,
    547 U.S. 489 (2006) ........................................... 11

**Federal Statutes**

18 U.S.C. § 3161 .......................................... passim
18 U.S.C. § 3174 .......................................... passim

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 9, 2021, a grand jury returned a First Superseding Indictment, adding four new defendants and significantly expanding the charges in this case, which alleges an expansive scheme to steal and launder COVID-19 disaster relief loan proceeds.  The case is currently scheduled for trial on May 4, 2021, at 8:30 a.m.  The government understands that, due to the ongoing COVID-19 pandemic, jury summons have yet to be issued for the Western Division of the District Court for the Central District of California, and, consequently, a jury will not be available for trial on May 4, 2021.  For this reason and the other reasons set forth below, the government respectfully requests that the Court continue the trial date to August 24, 2021, and make certain findings as to excludable time.

On April 5, 2021, the government communicated via email with defense counsel for the eight defendants in this case, seeking to reach agreement on a new trial date in light of the apparent unavailability of a jury on May 4, 2021.  The government received an email response from Michael Keough, attorney of record for defendant RICHARD AYVAZYAN which was joined by all defendants, stating that defendants object to a continuance of the trial date and any findings of excludable time, and request a trial date no later than June 15, 2021.  Thus, the government submits this application on an <u>ex parte</u> basis as opposed as to by way of stipulation with the defense.

**II.   PROCEDURAL HISTORY**

   **A.   The Indictment and First Superseding Indictment**

The original 12-count Indictment in this case was filed on November 17, 2020.  The Indictment charged defendants RICHARD

AYVAZYAN ("R. AYVAZYAN"), MARIETTA TERABELIAN, ARTUR AYVAZYAN ("A. AYVAZYAN") and TAMARA DADYAN ("T. DADYAN") with conspiracy to commit bank fraud and wire fraud as well as individual counts of bank fraud, wire fraud, and aggravated identity theft (the latter charge then against defendant R. AYVAZYAN only). (CR 32.)

The First Superseding Indictment was filed on March 9, 2021. (CR 154.) The 33-count First Superseding Indictment adds four new defendants -- MANUK GRIGORYAN, ARMAN HAYRAPETYAN, EDVARD PARONYAN, and VAHE DADYAN ("V. DADYAN") -- and charges all defendants with conspiracy to commit money laundering, in addition to the previously-charged conspiracy to commit bank fraud and wire fraud. (Id.) The First Superseding Indictment expands the scope of the alleged conspiracies from at least 35 fraudulent COVID-19 disaster relief loan applications to over 150 fraudulent applications. (Id.) The First Superseding Indictment also includes 11 counts of wire fraud (up from six in the original Indictment) and eight counts of bank fraud (up from four), and adds aggravated identity theft counts against all of the original four defendants and two of the new defendants. (Id.) The new charges also include counts relating to criminal conduct allegedly committed after the filing of the original Indictment and while two of the defendants were on pretrial release in this case: specifically, five counts of money laundering against defendant R. AYVAZYAN, and one count of attempted bank fraud against defendant T. DADYAN. (Id.) The First Superseding Indictment was designated as a complex case because it has eight or more defendants. (CR 173.)

Defendants R. AYVAZYAN and TERABELIAN first appeared before a judicial officer of the Court in which the charges alleged in the

original Indictment were pending on December 4, 2020.  (CR 80, CR 86.)  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), originally required that the trials of defendants R. AYVAZYAN and TERABELIAN commence on or before June 2, 2021.[1]

Defendants A. AYVAZYAN and T. DADYAN first appeared before a judicial officer of the Court in which the charges alleged in the original Indictment were pending on November 5, 2020, initially appearing on a criminal complaint filed on November 3, 2020.  (CR 5, 20.)  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), originally required that the trials of defendants A. AYVAZYAN and T. DADYAN commence on or before May 16, 2021.  On December 3 and 4, 2020, the Court set the case on the original Indictment against defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T. DADYAN for trial on January 12, 2021.  (CR 57, 58, 59, 60.)  On December 22, 2020, the Court continued the trial date as to defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T. DADYAN to May 4, 2021.  (CR 103.)

Defendants GRIGORYAN, PARONYAN, and V. DADYAN first appeared before a judicial officer of the Court in which the charges alleged in the First Superseding Indictment were pending on March 11, 2021.  (CR 177, 191, 198.)  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), required that the trials of defendants GRIGORYAN, PARONYAN,

---

[1] Because the Judicial Council of the Ninth Circuit has declared an emergency in the Central District of California, the speedy trial clock for defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T. DADYAN is extended to 180 days.  <u>In re Approval of Judicial Emergency in the Central Dist. of Cal.</u>, 955 F.3d 1140, 1141 (9th Cir. 2020).  Specifically, under the Judicial Council's order and 18 U.S.C. § 3174, Speedy Trial trial-date clocks are extended to 180 days in all cases in which (a) indictments or informations are filed between March 13, 2020, and April 13, 2021, and (b) the defendant is not being detained solely because he or she is awaiting trial.  See <u>Judicial Emergency</u>, 955 F.3d at 1141-42.

3

and V. DADYAN commence on or before September 7, 2021.[2]  On March 11, 2021, the Court set the case for trial as to defendants GRIGORYAN, PARONYAN, and V. DADYAN on May 4, 2021.  (CR 171, 181, 210.)

Defendant HAYRAPETYAN first appeared before a judicial officer of the Court in which the charges alleged in the First Superseding Indictment were pending on March 25, 2021.  (CR 255.)  The Speedy Trial Act, 18 U.S.C. §§ 3161, required that the trial of defendant HAYRAPETYAN commence on or before June 3, 2021.  On March 25, 2021, the Court set a trial date of May 18, 2021, as to defendant HAYRAPETYAN. (CR 225.)

Defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, T. DADYAN, GRIGORYAN, PARONYAN, and V. DADYAN are currently released on bond pending trial.  Defendant HAYRAPETYAN is detained pending trial.  The government estimates that its case-in-chief in this matter will last approximately 8-10 days.  The government has already produced 17 volumes of discovery.  These productions include over 150,000 pages of loan files, bank records, information obtained from Internet Service Providers, and information obtained from state and federal government agencies, among other documents and records, as well as video and audio recordings and photographs.  The government has also made available for inspection the physical evidence seized pursuant to search warrants for seven properties.[3]

---

[2] The 180-day provisions of the Judicial Emergency clock apply to defendants GRIGORYAN, PARONYAN, and V. DADYAN because they have not been detained pending trial.

[3] The status of discovery is currently the subject of a motion filed by defendant R. AYVAZYAN.  (CR 248.)  The government will respond to that motion separately.

4

### B. Pretrial Motions

There currently are six pretrial motions pending before the Court.

Specifically, on March 8 and 9, 2021, defendants R. AYVAZYAN and TERABELIAN collectively filed three motions to suppress evidence related to a border stop at Miami International Airport on October 19-20, 2020. (CR 130, 135, 136.) On March 11, 2021, defendant R. AYVAZYAN filed a motion to suppress evidence, that defendant TERABELIAN joined, related to a search of their residence. (CR 146, 153.) On March 15, 2021, defendants A. AYVAZYAN and T. DADYAN filed a motion to suppress evidence related to a search of their residence. (CR 149.) The government has opposed these motions. (CR 152, 188, 207.) As referenced above, defendant R. AYVAZYAN also filed a discovery motion on April 1, 2021, to which the government will timely respond by April 12, 2021. (CR 248.)

By this application, the government seeks an order from this Court joining the trial date for defendant HAYRAPETYAN to the other seven defendants and finding that the time between May 4, 2021, and August 24, 2021, inclusive, should be excluded from the calculation of the time in which trial must commence, and continuing the trial to August 24, 2021. This is the second request for a continuance as to defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T. DADYAN. This is the first request for a continuance as to defendants GRIGORYAN, PARONYAN, V. DADYAN, and HAYRAPETYAN. All eight defendants are joined for trial and a severance has neither been sought nor granted.

## III. THE COVID-19 PANDEMIC

The country is still grappling with a global pandemic -- one that has claimed over 23,000 lives in Los Angeles County, over 58,000

lives in California, and over 554,000 lives in the United States.[4] Even where death does not result, COVID-19 can, and does, lead to severe illness.  Currently, 591 individuals are hospitalized in Los Angeles County due to COVID-19.[5]  COVID-19 has also wreaked havoc on the economy and schools as continued outbreaks thwart efforts to reopen.  Emergency proclamations, restrictions, and guidance change daily.

In recognition of this public health crisis, and following the President's declaration of a national emergency and the California Governor's declaration of a State of Emergency in response to COVID-19, since March 13, 2020, the Court has issued general orders that have suspended jury selection and jury trials as a result of the COVID-19 pandemic.  Specifically, on March 13, 2020, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).

Since then, the Court has issued numerous orders placing restrictions on criminal proceedings, including grand jury

---

[4] See "LA County Daily COVID-19 Data," Los Angeles Cnty. Dep't of Public Health (updated daily), available at http://www.ph.lacounty.gov/media/Coronavirus/data/index.htm; "COVID-19 Updates," Cal Dep't of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx#COVID-19 by the Numbers; "Coronavirus Disease 2019 (COVID-19)," Centers for Disease Control & Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited April 6, 2021).

[5] See "LA County Daily COVID-19 Data," Los Angeles Cnty. Dep't of Public Health (updated daily), available at http://www.ph.lacounty.gov/media/Coronavirus/data/index.htm (last visited April 6, 2021).

1 proceedings, in-person hearings, and the continued suspension of jury
2 trials.  See, e.g., C.D. Cal. General Order No. 20-03, In Re:
3 Coronavirus Public Emergency, Order Concerning Access to Court
4 Facilities (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No.
5 20-042 (Mar. 19, 2020) ("Continuing Operations Plan" or "COOP Plan");
6 C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and
7 20-044 (Mar. 31, 2020) (authorizing video appearances for certain
8 hearings); see C.D. Cal. Order of the Chief Judge No. 20-186 (Dec.
9 17, 2020) ("extend[ing] all findings and authorizations in Order of
10 the Chief Judge No. 20-043 for an additional 90 days unless earlier
11 terminated").  The suspension of jury trials in criminal cases
12 continues to remain in place "[u]ntil further notice."  C.D. Cal.
13 Notice from the Clerk, "Amended Expiration of Continuity of
14 Operations Plan," http://www.cacd.uscourts.gov/news/amended-
15 expiration-continuity-operations-plan (Feb. 2, 2021) ("COOP
16 Expiration Notice").

17     The Court's orders were imposed based on (1) the California
18 Governor's declaration of a public-health emergency in response to
19 the spread of COVID-19, as well as (2) the Centers for Disease
20 Control's advice regarding reducing the possibility of exposure to
21 the virus and slowing the spread of the disease.  See, e.g., General
22 Order 20-02, at 1.  The Chief Judge has recognized that, during the
23 COVID-19 crisis, gatherings should be limited to no more than 10
24 people and elderly and other vulnerable people should avoid person-
25 to-person contact.  See Order of the Chief Judge No. 20-042, at 1-2.
26 The Court has more broadly recognized CDC guidance advising
27 "precautions to reduce the possibility of exposure to the virus and
28 slow the spread of the disease[.]"  General Order 20-09, at 1.

Consistent with this Court's orders, the Judicial Council of the Ninth Circuit Court of Appeals declared an emergency in the Central District of California, pursuant to 18 U.S.C. § 3174. In re Approval of Judicial Emergency in the Central Dist. of Cal., 955 F.3d 1140 (9th Cir. 2020). The Judicial Council's order recognizes that "[t]he welfare of the court, federal public defenders, CJA attorneys, U.S. Marshals Service, and defendants are placed at risk each time parties congregate in person for hearings and defendants are transported to and from the courthouse." Id. at 1144.

Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer at Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December 6, 2020 and restricted business and social activities. As the Chief Judge's December 7, 2020 Order reactivating the COOP Plan recognized, ICU availability in the Southern California region, which includes the

1  entire Central District, fell below 15% as soon as the Regional Stay
2  at Home Order went into effect.  Order of the Chief Judge No. 20-179,
3  at 2.  When the COOP Plan was extended on January 6, 2021, ICU
4  availability in the Southern California region was at 0.0%.  Order of
5  the Chief Judge 21-002, at 1.  Although the Regional Stay at Home
6  Order was lifted on January 25, 2021, ICU availability has increased,
7  and case numbers have declined, COVID-19 remains extremely dangerous,
8  and California counties remain subject to various restrictions.

9  Based on these facts, the Court concluded that it was necessary to suspend criminal jury trials until further notice "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel."  General Order 20-09, at 1.  The Court found that "holding jury trials substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk."  Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.  The Central District of California has not yet made public protocols for safely conducting jury trials.

21  The COOP Plan ultimately expired on January 29, 2021, and the Court permitted the resumption of certain in-person hearings, but not jury trials, beginning on February 1, 2021.  See COOP Expiration Notice.  On March 19, 2021, the Court again relaxed some of its restrictions as part of its transition to Phase 2 of reopening, but again repeated that "no jury trials will be conducted in criminal cases" because of the risks identified above.  C.D. Cal. General Order 21-03 (Mar. 19, 2021).

1    Further, all outstanding jury summons in the Central District of
2 California have been cancelled due to the ongoing coronavirus
3 pandemic.  As outlined in the recent notice of the Clerk of Court
4 regarding the phased re-opening of the Courts, "[t]he process for
5 issuing jury summonses must begin seven weeks before jury trials can
6 commence."  Notice from the Clerk re Phased Reopening of the Court,
7 effective March 22, 2021 (available at
8 https://www.cacd.uscourts.gov/news/phased-reopening-court.)
9 According to the Notice, the Court is not currently issuing jury
10 summons in this District's Eastern and Western Divisions, and does
11 not anticipate doing so until approximately three weeks have passed
12 since the effective date of the Notice.  Id.

**IV.   DISCUSSION**

14   The Speedy Trial Act generally requires a trial to begin within
15 70 days of indictment or initial appearance, whichever occurs later,
16 18 U.S.C. § 3161(c)(1), and entitles defendants to dismissal of the
17 charges (with or without prejudice) if that deadline is not met,
18 § 3162(a)(2).

19    Because the Judicial Council of the Ninth Circuit has declared
20 an emergency in the Central District of California, that clock--with
21 respect to seven of the eight defendants in this case--is extended to
22 180 days.  Judicial Emergency, 955 F.3d at 1141.  Specifically, under
23 the Judicial Council's order and 18 U.S.C. § 3174, Speedy Trial
24 trial-date clocks are extended to 180 days in all cases in which
25 (a) indictments or informations are filed between March 13, 2020, and
26 April 13, 2021, and (b) the defendant is not being detained solely
27 because he or she is awaiting trial.  See Judicial Emergency, 955

10

F.3d at 1141-42. For all defendants except defendant HARYPETYAN, who currently is detained pending trial, this is such a case.

Certain periods of time, however, are excluded from the Speedy Trial Act's trial clock--regardless of that clock's initial length. Id. § 3161(h). Some periods of time are automatically excluded, including periods of delay during the pendency of pre-trial motions. Id. § 3161(h)(1)(D). Other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A).

As discussed below, the time between May 4, 2021, and August 24, 2021, inclusive, should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

Although the General Orders address district-wide health concerns and make Speedy Trial Act findings under § 3161(h)(7)(A), individualized findings are also required. See General Order 20-02 at 2 ¶ 4; General Order 20-09 at 2 ¶ 6(a). Ends-of-justice continuances are permissible only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "[W]ithout on-the-record findings, there can be no exclusion." Zedner v. United States, 547 U.S. 489, 507 (2006). The period of exclusion must also be "specifically limited in time." United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010).

11

As the above facts reflect, the ends of justice justify excludable time here. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. "Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation. United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (addressing September 11 attacks); see Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount St. Helens); accord United States v. Stallings, 701 F. App'x 164, 170-71 (3d Cir. 2017) (same, after prosecutor had "family emergency"); United States v. Hale, 685 F.3d 522, 533-36 (5th Cir. 2012) (same, where case agent had "catastrophic family medical emergency"); United States v. Scott, 245 Fed. Appx. 391, 394 (5th Cir. 2007) (same, after Hurricane Katrina); United States v. Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (same, after a "paralyzing blizzard" and the informant was hospitalized).

Here, a continuance is warranted to protect public health. Federal, state, and local authorities, along with this Court's orders, have recognized that we are in the midst of a grave public-health emergency requiring people to take extreme measures to limit contact. The Central District of California has not made public an established jury-trial protocol at present; instead, the Court has concluded that jury trials would "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk."

General Order 20-09 at 3 ¶ 6(a).  In the absence of such a district-wide protocol, proceeding with a jury trial is unsafe.

    An ends-of-justice delay is particularly apt in this case because:

- As reflected in the recently filed First Superseding Indictment, this is a complex case involving pandemic-related fraud, money laundering, and identity theft charges against eight defendants.
- Assuming all eight defendants go to trial, the courtroom will need to accommodate 23 individuals at counsel's table (including three prosecutors, eight defendants, and 12 defense attorneys).
- This trial involves numerous witnesses who must travel, and thus would put themselves and others at risk if they were to come to court during this crisis.  Indeed, multiple public agencies have recommended against unnecessary travel.  Specifically, here, the government intends to call representatives from a number of the relevant financial institutions to testify at trial, many of whom are located out of state.
- This case is being prosecuted jointly by the United States Attorney's Office and the Department of Justice's Fraud Section.  Department of Justice Trial Attorney Christopher Fenton, who is serving as co-counsel on this case, would thus need to travel from Washington D.C. for the trial in this matter.

    In addition, due to the restrictions imposed by current public-health concerns--particularly given the designation of this case as

13

complex based on the number of defendants--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Four of the eight defendants charged in the First Superseding Indictment were added to this case less than one month ago. Upon unsealing the First Superseding Indictment on March 11, 2021 (following the return of the First Superseding Indictment by the grand jury on March 9, 2021), the government timely produced a significant amount of discovery pertaining in substantial part to the new charges and new defendants alleged in the First Superseding Indictment. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(ii).

Moreover, as previously explained, the recent Notice of the Clerk re Phased Reopening of the Court, effective March 22, 2021, stated that the Court did not anticipate issuing juror summons for the Western Division of the Central District of California until approximately three weeks had passed since March 22, 2021. Thus, given that jury trials in the Western Division cannot commence until seven weeks after jury summons are issued, it does not appear possible for there to be a jury available for trial on May 4, 2021. Under these circumstances, the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i). A continuance on any of these grounds is not based on the general congestion of the court's calendar, or lack of diligent preparation or failure to obtain

available witnesses on the part of the attorneys for the Government. See 18 U.S.C. § 3161(h)(7)(C).

Finally, there are additional grounds for a continuance and exclusion of time based on the current circumstances of this case. As previously noted, there presently are six pending pretrial motions, the earliest of which was filed on March 8, 2021, such that the time period from March 8, 2021 through the present is automatically excluded from the time within which the trial of this case must commence. 18 U.S.C. §§ 3161(h)(1)(D). All of the defendants also are joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. 18 U.S.C. §§ 3161(h)(6).

**V. CONCLUSION**

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), and (h)(7)(B)(i)-(ii), and 3174(b). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.