1  TRACY L. WILKISON
   Acting United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   SCOTT PAETTY (Cal. Bar No. 274719)
4  BRIAN FAERSTEIN (Cal. Bar No. 274850)
   Assistant United States Attorneys
5  Major Frauds/Environmental and Community Safety Crimes Sections
        1100/1300 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-6527/3819
        Facsimile: (213) 894-6269/0141
8       E-mail:    Scott.Paetty@usdoj.gov/Brian.Faerstein@usdoj.gov

9  DANIEL S. KAHN
   Acting Chief, Fraud Section
10 Criminal Division, U.S. Department of Justice
   CHRISTOPHER FENTON
11 Trial Attorney, Fraud Section
   Criminal Division, U.S. Department of Justice
12      1400 New York Avenue NW, 3rd Floor
        Washington, DC 20530
13      Telephone: (202) 320-0539
        Facsimile: (202) 514-0152
14      E-mail:   Christopher.Fenton@usdoj.gov

15 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

16

17              UNITED STATES DISTRICT COURT

18          FOR THE CENTRAL DISTRICT OF CALIFORNIA

19 UNITED STATES OF AMERICA,          No. CR 20-579(A)-SVW

20          Plaintiff,               [PROPOSED] ORDER CONTINUING
                                     TRIAL DATE AND FINDINGS
21          v.                       REGARDING EXCLUDABLE TIME
                                     PERIODS PURSUANT TO SPEEDY TRIAL
22 RICHARD AYVAZYAN,                 ACT
      aka "Richard Avazian" and
23       "Iuliia Zhadko,"            [PROPOSED] TRIAL DATE (All
   MARIETTA TERABELIAN,              Defendants):
24   aka "Marietta Abelian" and      8/24/2021 at 8:30 AM
        "Viktoria Kauichko,"
25 ARTUR AYVAZYAN,
      aka "Arthur Ayvazyan," and
26 TAMARA DADYAN,
   MANUK GRIGORYAN,
27   aka "Mike Grigoryan," and
        "Anton Kudiumov,"
28 ARMAN HAYRAPETYAN,
   EDVARD PARONYAN,

aka "Edvard Paronian" and
    "Edward Paronyan," and
VAHE DADYAN,

            Defendants.

Having considered the United States of America's Ex Parte Application for Continuance of Trial Date and Findings of Excludable Time Pursuant to the Speedy Trial Act, which the Court incorporates into this Order, as well as the Central District of California's General Orders Nos. 20-02, 20-03, 20-05, 20-08 Amended, 20-09, 20-12, 20-15, and 21-03, Chief Judge Orders Nos. 20-042, 20-043, 20-044, 20-078, 20-080, 20-097, 20-179, 20-186, 21-002, 21-031, and Notices of the Clerk including the Expiration of Continuity of Operations Plan and Phased Reopening of the Court, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1.    The original Indictment in this case was filed on November 17, 2020.

2.    Defendants Richard AYVAZYAN ("R. AYVAZYAN") and Marietta TERABELIAN first appeared before a judicial officer of the Court in which the charges alleged in the original Indictment were pending on December 4, 2020.  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), originally required that the trials of defendants R. AYVAZYAN and TERABELIAN commence on or before June 2, 2021.

3.    Defendants Artur AYVAZYAN ("A. AYVAZYAN") and Tamara DADYAN ("T. DADYAN") first appeared before a judicial officer of the Court in which the charges alleged in the original Indictment were pending on November 5, 2020, initially appearing

on a criminal complaint filed November 3, 2020.  The Speedy
Trial Act, 18 U.S.C. §§ 3161 and 3174(b), originally required
that the trials of defendants A. AYVAZYAN and T. DADYAN commence
on or before May 16, 2021.

4.    On December 3 and 4, 2020, the Court set the case on
the original Indictment against defendants R. AYVAZYAN,
TERABELIAN, A. AYVAZYAN, and T. DADYAN for trial on January 12,
2021.  On December 22, 2020, the Court continued the trial date
as to defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T.
DADYAN to May 4, 2021.

5.    The First Superseding Indictment was filed on March
9, 2021, and unsealed March 11, 2021.

6.    Defendants Manuk GRIGORYAN, Edvard PARONYAN, and Vahe
DADYAN ("V. DADYAN") first appeared before a judicial officer of
the Court in which the charges alleged in the First Superseding
Indictment were pending on March 11, 2021.  The Speedy Trial
Act, 18 U.S.C. §§ 3161 and 3174(b), required that the trials of
defendants GRIGORYAN, PARONYAN, and V. DADYAN commence on or
before September 7, 2021.

7.    On March 11, 2021, the Court set a trial date of May
4, 2021, as to defendants GRIGORYAN, PARONYAN, and V. DADYAN.

8.    Defendant ARMAN HAYRAPETYAN first appeared before a
judicial officer of the Court in which the charges alleged in
the First Superseding Indictment were pending on March 25, 2021.
The Speedy Trial Act, 18 U.S.C. § 3161, required that the trial
of defendant HAYRAPETYAN commence on or before June 3, 2021.

9.    On March 25, 2021, the Court set a trial date of May
18, 2021, as to defendant HAYRAPETYAN, who is detained pending

3

trial.  The other seven defendants currently are released on bond.

10.  As alleged in the First Superseding Indictment filed on March 9, 2021, defendants are charged with conspiracy to commit bank fraud and wire fraud, in violation 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; bank fraud and attempted bank fraud, in violation of 18 U.S.C. § 1344(2); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Six of the defendants also are charged with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and two of the defendants are charged with individual counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  The government has already produced 17 volumes of discovery, including over 150,000 pages of loan files, bank records, information obtained from Internet Service Providers, and information obtained from state and federal government agencies, among other documents and records, as well as video and audio recordings and photographs.  The government has also made available for inspection the physical evidence seized pursuant to search warrants for seven properties.  The government estimates that its case-in-chief in this matter will last approximately 8-10 days.  All defendants are joined for trial and a severance has not been granted.

11.  There currently are six motions filed by defendants pending before the Court, including five motions to suppress evidence, which the government has opposed, and one motion to enforce the Court's discovery order, which the government intends to oppose in a timely manner.

12.   The Court has previously continued the trial date in this case from January 12, 2021, to May 4, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

13.   On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  Since then, the Court has issued numerous orders placing restrictions on criminal proceedings, including grand jury proceedings, in-person hearings, and the continued suspension of jury trials.  See, e.g., C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020) ("Continuing Operations Plan" or "COOP Plan"); C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020) (authorizing video appearances for certain hearings); see C.D. Cal. Order of the Chief Judge No. 20-186 (Dec. 17, 2020) ("extend[ing] all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days unless earlier terminated").

14.   The COOP Plan ultimately expired on January 29, 2021, and the Court permitted the resumption of certain in-person hearings, but not jury trials "[u]ntil further notice," beginning on February 1, 2021.  See C.D. Cal. Notice from the

Clerk, "Amended Expiration of Continuity of Operations Plan,"
http://www.cacd.uscourts.gov/news/amended-expiration-continuity-
operations-plan (Feb. 2, 2021) ("COOP Expiration Notice").  On
March 19, 2021, the Court again relaxed some of its restrictions
as part of its transition to Phase 2 of reopening, but again
repeated that "no jury trials will be conducted in criminal
cases" because of the risks associated with the COVID-19
pandemic.  C.D. Cal. General Order 21-03 (Mar. 19, 2021).

15.   The Court's orders were imposed based on (1) the
California Governor's declaration of a public-health emergency
in response to the spread of COVID-19, as well as (2) the
Centers for Disease Control's ("CDC") advice regarding reducing
the possibility of exposure to the virus and slowing the spread
of the disease.  See, e.g., General Order 20-02, at 1.  The
Chief Judge has recognized that, during the COVID-19 crisis,
gatherings should be limited to no more than 10 people and
elderly and other vulnerable people should avoid person-to-
person contact.  See Order of the Chief Judge No. 20-042, at 1-
2.  The Court has more broadly recognized CDC guidance advising
"precautions to reduce the possibility of exposure to the virus
and slow the spread of the disease[.]"  General Order 20-09, at
1.

16.   Consistent with this Court's orders, the Judicial
Council of the Ninth Circuit Court of Appeals declared an
emergency in the Central District of California, pursuant to 18
U.S.C. § 3174.  In re Approval of Judicial Emergency in the
Central Dist. of Cal., 955 F.3d 1140 (9th Cir. 2020).  The
Judicial Council's order recognizes that "[t]he welfare of the

6

court, federal public defenders, CJA attorneys, U.S. Marshals Service, and defendants are placed at risk each time parties congregate in person for hearings and defendants are transported to and from the courthouse." Id. at 1144.

17.   Local and state governments have adopted similar policies.  On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions.  California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020).  Subject to similarly limited exceptions, all travel was prohibited.  Safer At Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers were ordered to cease operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School District remain closed to in-person classes.

18.   On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19."  California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020).  That order went into effect on December 6, 2020 and restricted business and social activities. As the Chief Judge's December 7, 2020 Order reactivating the COOP Plan recognized, ICU availability in the Southern California region, which includes the entire Central District, fell below 15% as soon as the Regional Stay at Home Order went into effect.  Order of the Chief Judge No. 20-179, at 2.  When the COOP Plan was extended on January 6, 2021, ICU availability

in the Southern California region was at 0.0%.  Order of the
Chief Judge 21-002, at 1.  Although the Regional Stay at Home
Order was lifted on January 25, 2021, ICU availability has
increased, and case numbers have declined, COVID-19 remains
extremely dangerous, and California counties remain subject to
various restrictions.

19.  Based on these facts, the Court concluded that it was
necessary to suspend criminal jury trials until further notice
"in order to protect public health, and in order to reduce the
size of public gatherings and reduce unnecessary travel."
General Order 20-09, at 1.  The Court found that "holding jury
trials substantially increases the chances of transmitting the
Coronavirus," and it would thus "place prospective jurors,
defendant, attorneys, and court personnel at unnecessary risk."
Id. at 3.  The Court concluded that suspending jury trials thus
served the ends of justice and outweighed the interests of the
public and defendants in a speedy trial.  Id.  The Central
District of California has not yet made public protocols for
safely conducting jury trials.

20.  Emergency proclamations, restrictions, and guidance
change daily.

21.  Given the grave public-health concerns discussed in
the Court's General Orders and the Chief Judge's Orders and as
described above, and given the facts set forth in the
government's Ex Parte Application (which the Court incorporates
fully by reference), the ends of justice served by the
continuance outweigh the best interest of the public and
defendants in a speedy trial.

8

22.   Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

23.   Failure to continue the trial in this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.

24.   Due to the restrictions imposed by current public-health concerns--particularly given the designation of this case as complex based on the number of defendants--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

25.   Further, failure to continue this case will likely make its completion impossible due to public-health risks and concerns.  All outstanding jury summons in the Central District of California have been cancelled due to the ongoing coronavirus pandemic.  As outlined in the recent notice of the Clerk of Court regarding the phased re-opening of the Courts, "[t]he process for issuing jury summonses must begin seven weeks before jury trials can commence."  Notice from the Clerk re Phased Reopening of the Court, effective March 22, 2021 (available at https://www.cacd.uscourts.gov/news/phased-reopening-court.) According to the Notice, the Court is not currently issuing jury summons in this District's Eastern and Western Divisions, and does not anticipate doing so until approximately three weeks have passed since March 22, 2021.  Id.

26.   The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

27.   Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), and (h)(7)(B)(i)-(ii), and 3174(b).

THEREFORE, FOR GOOD CAUSE SHOWN:

1.   The trial in this matter for all defendants is continued from May 4, 2021, to August 24, 2021, at 8:30 AM.

2.   The time period of May 4, 2021, to August 24, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), and (h)(7)(B)(i)-(ii), and 3174(b).

3.   Defendants who are on pretrial release shall appear in Courtroom 10A of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on August 24, 2021 at 8:30 AM.

4.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of //

1  additional time periods from the period within which trial must

2  commence.

3        IT IS SO ORDERED.

4

5  _____          _____
   DATE                                     HONORABLE STEPHEN V. WILSON
6                                           UNITED STATES DISTRICT JUDGE

7  Presented by:

8

9        /s/
   _____
   SCOTT PAETTY
10 BRIAN FAERSTEIN
   Assistant United States Attorneys
11 CHRISTOPHER FENTON
   DOJ Trial Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28