...

Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
**LAW OFFICES OF FRED G. MINASSIAN, INC.**
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

John L. Littrell (SBN 221601)
*jlittrell@bklwlaw.com*
Ryan V. Fraser (SBN 272196)
*rfraser@bklwlaw.com*
**BIENERT KATZMAN LITTRELL WILLIAMS, LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

Thomas A. Mesereau, Jr. (SBN 91182)
*mesereau@mesereaulaw.com*
Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
**MESEREAU LAW GROUP, P.C.**
10100 Santa Monica Blvd. Suite 300
Los Angeles, CA 90067
Telephone: (310) 561-9960

*Counsel for Defendant Artur Ayvazyan*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD AYVAZYAN,<br>*et al.*,<br><br>*Defendants*. | Case No. 20-cr-579 (SVW)<br><br>**DEFENDANTS' OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION FOR CONTINUANCE AND EXCLUSION OF TIME (DKT. 264)**<br><br>Hon. Stephen V. Wilson |

The government's gamesmanship knows no bounds. Days after being taken to task for their attempted end-run around the Court's protective order and discovery cutoff, the government claimed it was ready to proceed to trial.[1] But the next day, the government made an about-face and filed the present application for a *sixteen-week* continuance of the trial date that it could strategically leverage. The government indicted this case nearly six months ago and has already enjoyed the benefit of one lengthy continuance over the objection of all defendants. There is no reason why the government should be allowed to reap a windfall while the Central District works to resume operations with the end of the pandemic in sight. Accordingly, the defendants make two requests:

*First*, the government should be required to identify the exhibits and witnesses it will use in its case-in-chief no later than April 15, 2021, approximately three weeks before the current trial date. The government has pointed to no reason why the trial should be delayed except for the delay in sending jury summonses as the Central District reopens after the pandemic, and the government should not receive a windfall based on a pandemic-related delay. Such an order would be consistent with the March 15, 2021 discovery cutoff that this Court has already imposed, and would mirror the relief granted by Judge Walter in *United States v. Cai*, No. 19-cr-761 (C.D. Cal.).

*Second*, to the extent a continuance is necessary due to a delay in sending jury summonses, the Court should enforce the defendants' right to a speedy trial and set a trial date no later than is necessary to seat a jury. Within hours of the government indicating it was ready for trial subject only to the issuance of jury summonses, defendants suggested June 15, 2021 as a trial date in the event a continuance was necessary. The government then abandoned all pretense of being "ready for trial," and sought a sixteen-week continuance, with absolutely no explanation for why an additional two-month delay was necessary and no explanation for why it ignored the

---

[1] *See* Declaration of Ashwin J. Ram, dated April 8, 2021, Ex. 1.

DEFENDANTS' OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION

defendants' request to identify exhibits and witnesses. The government's unjustified request for a second lengthy continuance, especially where, as here, the defendants are all subject to home confinement and one defendant is in custody awaiting trial is particularly troubling. The parties should be prepared to go to trial as soon as a jury can be seated, not months later.

Rather than grant yet another continuance, the Court should dismiss the indictment. The government indicted this case and sought to restrict the liberty of individual citizens despite any intent to provide those individuals with a speedy trial to clear their names. The government's rush to indict when it was not capable of going to trial and its consequent obstinance at every turn in providing its trial materials should not be countenanced and merits dismissal rather than a continuance. If the Court does grant a continuance, however, the court should set the case for trial no later than June 15, 2021, and should reject the requested exclusion of time under the Speedy Trial Act.

I. **THE COURT SHOULD ORDER THE GOVERNMENT TO DISCLOSE ITS TRIAL EXHIBITS AND WITNESS LIST ON APRIL 15, 2021, CONSISTENT WITH THE CURRENT TRIAL DATE**

Regardless of whether the Court grants a second continuance over the objection of all defendants, the Court should order the government to identify its witnesses and trial exhibits by April 15, 2021—three weeks before the trial date chosen by the government in its first request for a continuance and over one week after the government stated it was ready to proceed to trial. There is no excuse for the government to continue to withhold this information from the defense after the government has had months to prepare for trial.

The government chose to file a criminal indictment in the midst of a pandemic, then requested that the defendants be held without bail, ultimately securing orders that place the applicable defendants under house arrest until trial. Beginning within twenty-four hours of the November 17 indictment, each defendant requested that the government identify its trial exhibits and witnesses so that they could prepare for trial. Dkt. 63-3 § III ¶ 13; *id.* § VII. The government summarily refused and ignored each

DEFENDANTS' OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION

request for exhibits for over four weeks.  *See* Dkt. 96 at 7 (summarizing the requests and the government's refusal to engage).  Finally, at the last moment, the government (moving *ex parte* despite the seven-week lead time it argues is required to seat a jury) made its first request for a continuance without producing discovery.  Dkt. 94.  The government specifically requested that trial be set for May 4, 2021.

The defendants opposed the government's request because, while the government may have filed charges in a district where criminal trials were "suspended indefinitely," Dkt. 73 at 2, the government is not entitled to use COVID-19 "to gain a windfall by obtaining additional post-indictment investigation time and taking a lackadaisical approach to its discovery obligations."  Dkt. 96 at 10.  The defendants pointed to *United States v. Cai*, 19-cr-761 (JFW) (C.D. Cal.), where the government sought to use COVID-19 to continue not just the trial date but also the deadlines for identifying exhibits and witnesses because the government wanted to allow for its "understanding of the evidence … to change, which could significantly alter the presentation of evidence at trial and thus the exhibits that are presented."  Dkt. 96 at 9 (quoting Gov't's Ex Parte App'n to Continue at 16, *Cai*, Dkt. 134).  The *Cai* court disagreed, holding that the government could not "l[ie] in wait for the continuance of trial" it expected and use that as an excuse not to produce its trial exhibits and witness lists.  Dkt. 96 at 10 (quoting Hr'g Tr. at 21, *Cai*, Dkt. 190).  The *Cai* court therefore continued the trial date to March 2021 but ordered the government to produce all exhibits and witness lists by August 2020.  *Id.* (citing Hr'g Tr. at 32, *Cai*, Dkt. 190).

On December 22, 2020, the Court ruled on this dispute by granting the government's request for a May 4, 2021 trial date but ordering the government "to produce all outstanding discovery, including documentary and physical evidence it intends to rely on in its case-in-chief" by March 15, 2021."  Dkt. 105 ("Any evidence produced after March 15, 2021, will not be admitted absent extraordinary circumstances.").  The Court's Order made clear that rather than using COVID-19 as an excuse to indict now and investigate later, the government should expeditiously

produce the discovery needed for the defendants to prepare for trial.[2]

The fundamental point of *Cai* and this Court's December 22, 2020 Order remains the same. COVID-19 may lead to continuances resulting in extended pretrial house arrest periods and delayed trials, but the government is not entitled to use those continuances to secure a tactical advantage by withholding discovery, witness lists, and exhibit lists. The only thing that has changed since December is that the government has had more than three additional months to attempt to complete its investigation, and it can no longer argue that this case "stands in stark contrast" to *Cai* because "in *Cai*, the government had months to complete the production of discovery and prepare its pretrial filings…." Dkt. 99-2 at 8. The government has had months to prepare for trial, it has indicated that it is prepared *now*, and it has no reason to continue to withhold information from the defendants.

## II. THE COURT SHOULD ISSUE A RULE 48(B) WARNING THAT THE GOVERNMENT CANNOT CONTINUE TO SEEK CONTINUANCES OF A CASE IT CHOSE TO INDICT

The government indicted this case before it was ready, has already violated the Court's discovery order, Dkt. 248, at 3–7, and is now desperately scrambling to delay the trial for as long as it thinks it can ask with a straight face. Under these circumstances, the Court has the authority to dismiss. *See id.* at 7–9; Fed. R. Crim. P. 48(b)(1), (3) (providing the Court may dismiss if "unnecessary delay occurs in" indicting or "bringing a defendant to trial"); Fed. R. Crim. P. 48 advisory committee's note (2002) ("Rule 48(b), of course, operates independently from the [Speedy Trial] Act."); *United States v. Hattrup*, 763 F.2d 376, 377 (9th Cir. 1985) ("It is within the

---

[2] The identification of trial exhibits and witnesses is necessary to prepare for trial because the government keeps changing the scope of its alleged crime. The government has produced a mountain of hundreds of thousands pages of discovery, within which it claims are hundreds of loans that are somehow part of a single conspiracy and yet the government claims its case will last less than two weeks. The effect of the government's tactics is that the defendants are left without a clear picture of what defines the alleged conspiracy's scope and which actions were allegedly unlawful. Trial exhibits and witnesses—if narrowly tailored consistent with the government's two-week estimate—should help provide some notice of the government's allegations that the defendants must prepare to face.

trial court's inherent power under Rule 48(b) to dismiss a case with prejudice for prosecutorial delay not amounting to a Sixth Amendment violation."). Even if the Court does not dismiss at this time, it should at least warn the government that it faces the possibility of dismissal with prejudice as a sanction for any further unreasonable delay. In the Ninth Circuit, forewarning is a requirement for dismissal with prejudice under Rule 48(b). *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992).

### III. THE COURT SHOULD DELAY THE TRIAL ONLY AS LONG AS NECESSARY TO SEAT A JURY

The government's argument for a continuance is entirely based on the delay in issuing jury summonses as the Central District emerges from the COVID-19 pandemic.[3] The government claims that it is otherwise ready to go to trial as soon as possible, and the clerk of court estimates that trials may begin in this District by *June 1, 2021*. This renders the government's request for a *sixteen-week* continuance baffling.

The clerk of court has already begun issuing jury summonses for the Central District's Southern Division, and estimates that it will begin issuing summonses for the other divisions by April 12, 2021.[4] The clerk of court estimates that trials can resume seven weeks after the summonses are sent, or approximately June 1, 2021.[5] In response to the government's claim that it was ready for trial, the defendants objected to any continuance, while alternatively proposing a June 15, 2021 trial date, which would allow the matter to proceed to trial as soon as juries could be seated subject to the District's General Orders (while factoring in possible delay in the clerk of court's proposed schedule for sending out summonses). The government's application does not address the defendants' proposed trial date. Nor does the government explain why

---

[3] The government half-heartedly claims that this case is a "complex" one that requires additional delay, but has repeatedly represented to the Court in its previous filings that its alleged scheme is "simple and straightforward," Dkt. 188 at 13, 16, 23; Dkt. 207 at 7, and that trial will take less than two weeks. Regardless of whether these are misrepresentations, the government claims that it is ready to go to trial.

[4] *See* https://www.cacd.uscourts.gov/news/phased-reopening-court.

[5] *Id.*

5
DEFENDANTS' OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION

an additional ten weeks are necessary between June 15 and the government's proposed trial date of August 23, 2021.  Instead, the government relies on year-old information regarding the effect of the pandemic on the Central District's operations to justify yet another continuance of the trial date.

Ayvazyan is well aware of the COVID-19 pandemic.  He and his wife suffered from symptomatic bouts of COVID-19 as a result of government-requested detention. But the government's application pays short shrift to the rapidly improving conditions in California that are allowing the clerk of court to begin issuing jury summonses again in the first place.  At the time of this filing, 43% of Californians over the age of 16 have already received at least one dose of a COVID-19 vaccine, with a similar percentage of Los Angeles County residents receiving a vaccine.[6]  This week, Governor Gavin Newsom announced that California's positivity rate for new virus cases was the lowest of any state in the nation and that he expected the state to abandon its tiered reopening system in favor of a full reopening by June 15, 2021.[7]  After a year of a devasting pandemic, there is every reason to believe that the normal functions of society—including jury trials—can resume on the clerk of court's projected schedule.  A June 15, 2021 trial date accommodates the need for the clerk to issue jury summonses while granting defendants the ability to clear their names at trial.

More fundamentally, the government's requested trial date violates the original defendants' right to a speedy trial.  The government has already taken advantage of the COVID-19 pandemic to push their trial date far past the 70 days allowed under 18 U.S.C. § 3161.  The original defendants were indicted on November 17, 2020, and all four had been arraigned in the Central District of California and pleaded not guilty by December 4, 2020. In compliance with 18 U.S.C. § 3161(a), the case was "set … for trial on a date certain," specifically, January 12, 2021.

---

[6] *See* https://abc7news.com/covid-vaccine-california-tracker-ca-newsom-update/9567632/

[7] *See, e.g.*, https://www.sfgate.com/bayarea/article/California-has-lowest-COVID-19-positivity-rate-in-16082922.php

6
DEFENDANTS' OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION

In December, over the defendants' objections, the government received a pandemic-related continuance that resulted in the current trial date of May 4, 2021. Now, despite acknowledging that juries will be seated by June and claiming that they are ready for trial, the government is requesting a late August trial. The defendants are entitled by the Speedy Trial Act and Sixth Amendment to a speedy trial.[8] The government has not offered a single justification for pushing the trial into late August. Given that the government was already granted a pandemic-related extension, and jury trials can clearly proceed in this district in early June (they should already be taking place), the Court should uphold the defendants' Sixth Amendment rights by denying any continuance. If a continuance is granted over our objections, trial at a minimum should be scheduled for no later than June 15, 2021.

## IV. CONCLUSION

For the above reasons, the Court should deny the government's *ex parte* application and order the government to identify the exhibits and witnesses for its case-in-chief no later than April 15, 2021. If the Court grants the continuance despite our objections, then, at a minimum, the Court should set the matter for trial no later than June 15, 2021.

//
//
//
//
//

---

[8] The government acknowledges that defendant Hayrapetyan is in custody, and therefore not subject to the extended 180-day speedy trial clock set by the Judicial Council of the Ninth Circuit. But the government failed to grapple with that fact when setting an August trial date, which is more than two months after Hayrapetyan's 70-day trial clock will run. Both the Supreme Court and this Circuit have held that codefendants are subject to the same speedy trial clock, which runs from the date the last codefendant is indicted or arraigned. *See Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986); *United States v. Morales*, 875 F.2d 775, 776 (9th Cir. 1989). The government should be held to this rule, and all defendants should be subject to the same speedy trial clock: the 70-day trial clock of Hayrapetyan.

| | |
|---|---|
| Dated: April 8, 2021 | Respectfully submitted, |
| | **STEPTOE & JOHNSON LLP** |
| | */s/ Ashwin J. Ram* |
| | Ashwin J. Ram (SBN 227513) |
| | *aram@steptoe.com* |
| | STEPTOE & JOHNSON LLP |
| | 633 West Fifth Street, Suite 1900 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 439-9400 |
| | Facsimile: (213) 439-9599 |
| | |
| | Michael A. Keough (SBN 327037) |
| | *mkeough@steptoe.com* |
| | One Market Plaza |
| | Spear Tower, Suite 3900 |
| | San Francisco, CA 94105 |
| | Telephone: (415) 365-6700 |
| | Facsimile: (415) 365-6699 |
| | |
| | Nicholas P. Silverman (*pro hac vice*) |
| | *nsilverman@steptoe.com* |
| | 1330 Connecticut Avenue, N.W. |
| | Washington D.C., 20036 |
| | Telephone: (202) 429-8096 |
| | Facsimile: (202) 329-3902 |
| | |
| | *Counsel for Defendant Richard Ayvazyan* |
| | |
| | **BIENERT KATZMAN LITTRELL WILLIAMS, LLP** |
| | |
| | */s/ John L. Littrell* |
| | John L. Littrell (SBN 221601) |
| | *jlittrell@bklwlaw.com* |
| | Ryan V. Fraser (SBN 272196) |
| | *rfraser@bklwlaw.com* |
| | BIENERT KATZMAN LITTRELL WILLIAMS, LLP |

601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant*
*Marietta Terabelian*

**LAW OFFICES OF FRED G. MINASSIAN, INC.**

<u>/s/ Fred G. Minassian</u>
Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
LAW OFFICES OF FRED G. MINASSIAN, INC.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

**MESEREAU LAW GROUP, P.C.**

<u>/s/ Thomas A. Mesereau</u>
Thomas A. Mesereau, Jr. (SBN 91182)
*mesereau@mesereaulaw.com*
MESEREAU LAW GROUP, P.C.
10100 Santa Monica Blvd. Suite 300
Los Angeles, CA 90067
Telephone: (310) 561-9960

<u>/s/ Jennifer J. Wirsching</u>
Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
1935 Alpha Rd. 216
Glendale, CA 91208
Telephone: (424) 901-9280

*Counsel for Defendant Artur Ayvazyan*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.