# EXHIBIT 1

**From:** Keough, Michael
**Sent:** Monday, April 5, 2021 7:19 PM
**To:** 'Paetty, Scott (USACAC)' <Scott.Paetty@usdoj.gov>; Ram, Ashwin <aram@Steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; David Diamond <diamond@ladefender.com>; John Littrell <jlittrell@bienertkatzman.com>; mesereau@mesereaulaw.com; Wirschinglaw@outlook.com; Law offices of Fred G. Minassian, Inc. <fgminassianlaw@yahoo.com>; John Hanusz <john@hanuszlaw.com>; Peter Johnson <peter@peterjohnsonlaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Jilbert Tahmazian <jilbert@jilbertlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>
**Cc:** Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>; Faerstein, Brian (USACAC) <Brian.Faerstein@usdoj.gov>
**Subject:** RE: US v. Ayvazyan, 20-579(A) - Trial Date

Dear Scott,

We write on behalf of all defendants in response to your request below.

The government's request confirms that it decided to indict this case and impose substantial pre-trial punishment without any intention to provide a speedy trial to end those restrictions. The government compounded this misconduct by asking courts to incarcerate the defendants or impose severe home prison conditions without disclosing to the presiding judges that the government did not intend to provide a speedy trial to the defendants. We request that the government dismiss the case rather than seek yet another continuance. In the event that the government declines to voluntarily dismiss the case, we oppose yet another continuance and intend to move for dismissal.

Should the government argue that a continuance should be granted over the defendants' objection, we ask that the government request that trial proceed no later than Tuesday, June 15. We object to any request to exclude additional time under the Speedy Trial Act.

Further, we understand the government's email below to mean that the government is prepared to go to trial. **We therefore request that the government promptly identify its witnesses and trial exhibits by Thursday, April 15 regardless of whether the government seeks another continuance over the defendants' objections**. April 15 is approximately three weeks before the currently scheduled trial, which the government claimed to be prepared to put on. Whether or not juries can be impaneled has no effect on whether the government has prepared its case and can provide the basic information needed for the defense to prepare for trial. There is no excuse to continue to withhold information that could help counsel provide constitutionally necessary defense to the individual defendants in this case when the case was scheduled for trial and that information is readily available. **If the government does not intend to identify its witnesses and trial exhibits by Thursday, April 15, then we request that the government disclose that fact by 3:00 p.m. tomorrow and consent to the defendants moving ex parte to set an April 15 deadline for the government's witness identifications and trial exhibits**.

Finally, during a hearing before the Court on April 2, 2021, the government represented to the Court that it had received information from a confidential informant that might be presented in the government's case-in-chief at trial. The government must disclose the identity of a confidential informant where that identity "is relevant and helpful to the defense of an accused," *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957), and defendants have already requested the names of the witnesses that the government intends to call in its case-in-chief pursuant to the Jencks Act, as well as documents related to any witness that has testified before the grand jury, any witness statements in the government's possession, or impeachment material related to any government witness. Pursuant to these outstanding requests, please immediately provide the identity of this confidential informant and any evidence related to that informant in the government's possession, custody, or control.

Best,
Mike

**Michael A Keough** | **Steptoe & Johnson LLP** | mkeough@steptoe.com | +1 415 365 6717

1

**From:** Paetty, Scott (USACAC) <Scott.Paetty@usdoj.gov>
**Sent:** Monday, April 5, 2021 1:32 PM
**To:** Ram, Ashwin <aram@Steptoe.com>; Keough, Michael <mkeough@Steptoe.com>; Silverman, Nicholas <nsilverman@steptoe.com>; David Diamond <diamond@ladefender.com>; John Littrell <jlittrell@bienertkatzman.com>; mesereau@mesereaulaw.com; Wirschinglaw@outlook.com; Law offices of Fred G. Minassian, Inc. <fgminassianlaw@yahoo.com>; John Hanusz <john@hanuszlaw.com>; Peter Johnson <peter@peterjohnsonlaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Jilbert Tahmazian <jilbert@jilbertlaw.com>; Ryan V. Fraser <rfraser@bklwlaw.com>
**Cc:** Fenton, Christopher (CRM) <Christopher.Fenton@usdoj.gov>; Faerstein, Brian (USACAC) <Brian.Faerstein@usdoj.gov>; Paetty, Scott (USACAC) <Scott.Paetty@usdoj.gov>
**Subject:** US v. Ayvazyan, 20-579(A) - Trial Date

Counsel,
As you may be aware, trials cannot take place until approximately seven weeks after juror summonses have been mailed to prospective jurors.  It is the government's understanding that summonses have not yet gone out in the Western Division of the Central District of California.  Therefore, a May 4 trial in this case does not appear possible.  The government is ready to proceed to trial whenever the Court reopens for trials, and we would like to find a date that works for all parties.  Accordingly,  please let us know your respective availability for trial so we can apprise the Court and settle on a date.  Please let us know your position as soon as possible.
Thank you and best regards,


**Scott Paetty | Assistant United States Attorney**
Major Frauds Section
United States Attorney's Office | Central District of California
1100 U.S. Courthouse | 312 N. Spring Street | Los Angeles, CA 90012
T: 213.894.6527 | F: 213.894.6269 | Scott.Paetty@usdoj.gov