TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov/Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>    "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN, | *GOVERNMENT'S REQUEST FOR LEAVE TO FILE REPLY BRIEF FILED CONNCURRENTLY HEREWITH* |

|   |   |
|---|---|
| EDVARD PARONYAN,<br>   aka "Edvard Paronian" and<br>      "Edward Paronyan," and<br>VAHE DADYAN,<br><br>        Defendants. | |

Plaintiff the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby submits its reply brief in support of its previously filed ex parte application for entry of an order: (1) continuing the trial date in this matter from May 4, 2021, to August 24, 2021; and (2) excluding time from the Speedy Trial Act calculation for excludable delay (CR 264).

This reply brief responds to certain arguments that defendants RICHARD AYVAZYAN, MARIETTA TERABELIAN, ARTUR AYVAZYAN, and TAMARA DADYAN, joined by defendants MANUK GRIGORYAN, EDVARD PARONYAN, and VAHE DADYAN, made in their opposition (CR 267). Specifically, the reply addresses (1) defendants' request that the Court set a deadline of April 15, 2021, for the government to disclose its witness and exhibit lists; and (2) defendants' argument for dismissal under Rule 48(b) of the Federal Rules of Criminal Procedure. This reply is based upon the attached memorandum of points and authorities, the

//

files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 9, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        SCOTT PAETTY
                                        BRIAN FAERSTEIN
                                        Assistant United States Attorneys
                                        CHRISTOPHER FENTON
                                        Department of Justice Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants RICHARD AYVAZYAN ("R. AYVAZYAN"), MARIETTA TERABELIAN, ARTUR AYVAZYAN ("A. AYVAYZAN"), and TAMARA DADYAN ("T. DADYAN"), joined by defendants MANUK GRIGORYAN, EDVARD PARONYAN, and VAHE DADYAN ("V. DADYAN"), have filed an opposition (the "Opposition", CR 267) to the government's ex parte application to continue the trial date to August 24, 2021, and exclude time under the Speedy Trial Act (CR 264). The government will not address defendants' substantive objections to the merits of its ex parte application, other than to say that although a phased reopening of the courts in this district is forthcoming, the Opposition ignores the realities of the backlog of cases the Court will need to address in the coming months, many of which have been pending for a much longer time than this case and have defendants who have remained in custody during the entire pandemic.

Defendants' Opposition also raises two issues not contemplated by the relief sought in the government's ex parte application: (1) defendants' request that the Court set a deadline of April 15, 2021, for the government to disclose its witness and exhibit lists; and (2) defendants' argument for dismissal under Rule 48(b) of the Federal Rules of Criminal Procedure. Because these demands introduce new issues outside the scope of the government's request for a new and realistic trial date and an accompanying exclusion of time, the government replies briefly to each in turn.[1]

---

[1] The Opposition's baseless arguments regarding discovery (Opposition at 3-4) will be separately addressed in the government's response to defendant R. AYVAZYAN's Motion for Order to Enforce the Court's December 22, 2020 Discovery Order (CR 248), which the government will timely file under the local rules governing motion deadlines on Monday, April 12, 2021.

First, the Opposition's request that the Court impose an arbitrary pretrial deadline of April 15, 2021 -- one week from the filing date of defendants' Opposition -- for the disclosure of the government's witness and exhibit lists is tethered to the current trial date of May 4, 2021, which is simply not possible due to the pandemic. Defendants provide no meaningful explanation for why the Court should depart from its standing "Order Re: Criminal Trial Preparation," which calls for the government to provide three copies of its witness and exhibit lists on the first day of trial.[2] Nor do defendants provide any rational basis for the Court to take the extraordinary step of departing from its usual practice to order such disclosure _two months_ before even the date (June 15, 2021) defendants propose for trial (which the government believes is an unrealistic date given the practicalities facing the courts and for the reasons previously set forth in the government's _ex parte_ application).[3]

Moreover, as a practical matter, defendants' demand for an exhibit and witness list in one week's time completely ignores the reality that defendants have filed six pending motions to suppress or

---

[2] See Order Re: Criminal Trial Preparation, at ¶ 2, available at: https://www.cacd.uscourts.gov/sites/default/files/documents/SVW/AD/Order%20Re%20Criminal%20Trial%20Preparation.pdf (last viewed April 9, 2021).

[3] On a related note, defendant's continuing accusation that the government is seeking to use COVID-19 to gain a "windfall" or "secure a tactical advantage" (Opposition at 1, 3, 4) is, as the government previously stated to this Court, baseless and offensive, particularly in light of the charges in this case. Among other things, defendant R. AYVAZYAN and his wife, defendant TERABELIAN, are currently living in $3.25 million home which they purchased using COVID-19 disaster relief funds earmarked to save small businesses that would otherwise be forced to lay off their employees due to the pandemic. (See CR 154, Overt Acts 16, 24, 36, 44 (detailing transfers to Escrow Company 1 to purchase Residential Property 1).) (See CR 99-2 at 4.) In filing the _ex parte_ application, the government is trying to reasonably manage the risks posed by the pandemic, not profit from them.

exclude a substantial portion of the very evidence that would be included on the lists that defendants seek.  (CR 130, 135, 136, 146, 149, 153, 248.)  Defendants' demand is counter-productive and threatens to waste the Court's and government's time and resources on a meaningless exercise without any coherent rationale.

In making their demand for the April 15, 2021 disclosure of exhibit and witness lists, defendants rely on United States v. Cai, No. CR 19-761-JFW (C.D. Cal.).  Defendants' reliance is misplaced.  The charges in Cai were filed in December 2019, and, upon the parties' stipulation, the court continued the trial date from February 11, 2020, to August 25, 2020.  (Cai CR 35.)  At the same time, the Court issued an Amended Criminal Trial Order containing very specific deadlines for disclosure of trial exhibits and witness lists, and to file pretrial motions.  (Cai CR 36.)  All of the parties there had notice of the schedule.  As of August 12, 2020, when Judge Walter declined to extend the preexisting pretrial deadlines in advance of the August 25, 2020, trial date, many of the relevant pretrial deadlines in Cai had already passed; the parties had already exchanged pretrial exhibit lists and defendant had filed his motions in limine.  (CR 98, Ex. A at 17-18.)

This case stands in stark contrast to Cai.  Whereas the charges in Cai had already been pending for eight months, the charges in the first superseding indictment here have been pending for one month, and many of the new charges are based on criminal conduct that continued into October 2020 (money laundering conspiracy) or took place only recently from December 2020 into February 2021 (concealment money laundering counts against defendant R. AYVAZYAN and attempted bank fraud against defendant T. DADYAN).  (CR 154 at

3

1 ¶¶ 52-54, 57-59, 60-64.) And, unlike in Cai, there are no existing
2 pretrial deadlines in this case to continue, aside from the Court's
3 standard pretrial deadlines in its standing criminal trial order.
4 Defendants' demand for the Court to impose a new and, for all
5 practical purposes, extraordinary pretrial disclosure deadline, with
6 less than a one-week turnaround, without notice, is unsupported by
7 the procedural posture of Cai and divorced from the realities of this
8 case.

9     Second, in response to the government's ex parte application
10 seeking to continue a trial date that is impossible as a practical
11 matter, defendants make a procedurally improper request for dismissal
12 under Rule 48(b) or for the issuance of a warning to the government
13 to that end. (Opposition at 2, 5.) Dismissals under Rule 48(b)
14 "should be imposed only in extreme circumstances" and are appropriate
15 "only where there is delay that is purposeful or oppressive." United
16 States v. Talbot, 51 F.3d 183, 186-87 (9th Cir. 1995). Such
17 dismissals should only be granted after forewarning and "with
18 caution". Id. at 187. "The term caution is used in a non-obvious,
19 technical sense and requires findings of prosecutorial misconduct and
20 actual prejudice to the accused." United States v. Yuan Qing Jiang,
21 214 F.3d 1099, 1101 (9th Cir. 2000) (internal quotation marks
22 omitted). These are high hurdles that the Opposition comes nowhere
23 close to clearing. Here, defendants cannot make the threshold
24 showing of forewarning. In addition, the government's requested
25 continuance in the midst of a global pandemic is reasonable and
26 justified. And defendants do not allege prosecutorial misconduct,
27 nor could they. Moreover, the Opposition does not allege that a
28 continuance would "result[] in loss of evidence, unavailability of

4

witnesses, or any other circumstance that would have detracted from their ability to mount effective defenses." Id. at 1103.

In sum, defendants' requests for disclosure of witness and exhibit lists untethered to a viable trial date and raised while their very own pretrial motions challenging the government's evidence remain pending, as well as their request for a dismissal or warning without any credible allegation of government misconduct, are unavailing. The government has been diligent in its approach to this case during extraordinary circumstances and the Court should grant the government's ex parte application to continue the trial date to August 24, 2021, and exclude time under the Speedy Trial Act.