TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov/Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>      "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>      "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>      "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN, | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT RICHARD AYVAZYAN'S *EX PARTE* APPLICATION FOR MOTION TO DISMISS TO BE HEARD ON SHORTENED TIME (ECF 290); MEMORANDUM OF POINTS AND AUTHORITIES |

|   |
|---|
| EDVARD PARONYAN,<br>    aka "Edvard Paronian" and<br>        "Edward Paronyan," and<br>VAHE DADYAN,<br><br>              Defendants. |

Plaintiff the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby submits its opposition to defendant Richard Ayvazyan's notice of <u>ex parte</u> application and <u>ex parte</u> application for motion to dismiss to be heard on shortened time (ECF 290).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 22, 2021          Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               BRANDON D. FOX
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /s/
                               _____
                               SCOTT PAETTY
                               BRIAN FAERSTEIN
                               Assistant United States Attorneys
                               CHRISTOPHER FENTON
                               Department of Justice Trial Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Richard Ayvazyan ("Ayvazyan" or "defendant") has filed his third motion or request for dismissal of this case in the span of twenty-one days.  (See ECF 248 at 7-9; ECF 267 at 4-5; ECF 289.)  In his most recent motion, filed April 21, 2021 (ECF 289), defendant Ayvazyan alleges a litany of purported prosecutorial misconduct, touching upon allegations made in several of his prior pending motions but also levying many new serious claims of government misconduct and misrepresentations -- all of which the government intends to oppose and show as wholly lacking in merit.

But in conjunction with his 25-page motion attacking all aspects of the government's investigation and prosecution of this case, defendant also applies ex parte to shorten the time on the government's response to and the Court's consideration of his motion to dismiss.  (ECF 290.)  Defendant Ayvazyan's request is unjustified and unreasonable and should be denied for the following reasons.

**II.   ARGUMENT**

First, given the gravity and scale of the allegations defendant Ayvazyan asserts in his case-dispositive motion, neither the government nor the Court should be constrained to address the serious accusations in the motion on an abbreviated schedule.  Defendant's motion casts countless aspersions regarding alleged lies and acts of misconduct on the part of the government (all of which are unfounded), and it seeks to dismiss both the initial and superseding indictments with prejudice.  The content of defendant Ayvazyan's motion and the relief he seeks requires a full opportunity for the

government to respond and the Court to consider a fully-developed record on this motion.

Second, defendant Ayvazyan effectively seeks to have his case-dispositive motion heard on an expedited basis, akin to an ex parte application, without any justification of irreparable injury or urgency.  Accord Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (in context of ex parte application, (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.")  Defendant's one-page ex parte application seeking to shorten time fails to allege even the possibility of irreparable injury or prejudice, much less the showing necessary to obtain the relief sought here.  See id. at 493 (denying ex parte application to shorten time where application did "not establish that plaintiff will be irreparably prejudiced if its motion is heard on the regular motion calendar" nor that plaintiff "was without fault in creating whatever it is that it perceives as a crisis condition"); see also In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989) (even ex parte applications seeking a "routine" order "ought properly to be addressed to the need to exceed the page limit or for shortened time, rather than to the substance of the motion itself") (emphasis in original).

By all accounts from his motion to dismiss, which purports to touch upon all aspects of the case and runs 25 pages long, defendant Ayvazyan has been working on his motion for some time.  That he chose

to file it now, after filing numerous other motions to suppress and to exclude evidence that remain pending, does not justify truncating the government's time to respond to a case-dispositive motion alleging serious (and baseless) accusations. Nor has defendant demonstrated in any way that he will be irreparably prejudiced if the motion is heard according to the normal motion calendar on May 24, still three weeks before the trial date defendant Ayvazyan requested.

Third, the only posited justification defendant Ayvazyan provides for shortening time on his motion is unavailing. Defendant claims that the "interests of judicial efficiency will be served by hearing Defendant's Motion to Dismiss on the same date as the other pending motion in this action," referring to his motion to enforce the Court's December 22, 2021 discovery order that he noticed for hearing on May 3, 2021. (ECF 290 at 1.) Defendant contends that his instant motion to dismiss and the previously-filed discovery motion "include common issues" such that the "resources of the Court and the parties will be conserved if the motions are heard together." (Id.)

But the instant motion to dismiss pertains to numerous other aspects of the case beyond discovery, including allegations relating to the border stop in Miami, search warrant executions, use of grand jury process, Brady obligations, contact with a represented party, and purported misrepresentations to the Court. The primary discovery cut-off issues that are the focus of defendant's previously-filed discovery motion comprise only a small portion of his 25-page motion to dismiss. Moreover, there are numerous other pending motions to suppress that are integrally related to the claims defendant Ayvazyan makes in his motion. His contention that expedited consideration of his instant motion to dismiss could "moot" these other pending

3

motions neither excuses nor justifies his attempt to seek dismissal of the case on an accelerated basis. If anything, judicial efficiency would best be served by allowing the government and the Court to address defendant Ayvazyan's central motion to dismiss on the normal motion schedule, and moving back the other pending motions to be heard at the same May 24 hearing.

Finally, defendant Ayvazyan claims that the government will not be prejudiced because it "will still have a full 7 days to respond as if the motion were to proceed on a normally noticed schedule." (Id.) This is incorrect. Defendant Ayvazyan noticed the hearing on his motion for May 24, 2021 (ECF 289), while seeking ex parte to have it heard three weeks earlier on May 3. Under the Local Rules and the May 24 motion hearing date chosen by defendant, the government normally would have until Monday, May 3 to respond to defendant Ayvazyan's motion to dismiss as opposed to Wednesday, April 28. See L.R. 7-9 (as applicable here, opposing papers due "not later than twenty-one (21) days before the date designated for the hearing of the motion"). Defendant Ayvazyan thus seeks to have the Court hear his motion on the same date the government would typically have to respond to his motion to dismiss and cut the government's response time by five days. Given the scope and content of defendant's unfounded accusations, the Court should reject defendant Ayvazyan's attempt to compress the government's time to respond to his motion -- particularly without any colorable justification for doing so.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny defendant Richard Ayvazyan's ex parte application for motion to dismiss to be heard on shortened time (ECF 290).

4