TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
        1100/1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6527/3819
        Facsimile: (213) 894-6269/0141
        E-mail:    Scott.Paetty@usdoj.gov/Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
        1400 New York Avenue NW, 3rd Floor
        Washington, DC 20530
        Telephone: (202) 320-0539
        Facsimile: (202) 514-0152
        E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RICHARD AYVAZYAN, aka "Richard Avazian" and "Iuliia Zhadko," MARIETTA TERABELIAN, aka "Marietta Abelian" and "Viktoria Kauichko," ARTUR AYVAZYAN, aka "Arthur Ayvazyan," and TAMARA DADYAN, MANUK GRIGORYAN, aka "Mike Grigoryan," and "Anton Kudiumov," ARMAN HAYRAPETYAN, EDVARD PARONYAN, | **[PROPOSED] TRIAL DATE (All Defendants):** **06/15/2021 at 9:00 AM** |

aka "Edvard Paronian" and
       "Edward Paronyan," and
VAHE DADYAN,

          Defendants.

Pursuant to the Court's scheduling notice filed April 16, 2021 (ECF 284), and having considered the United States' and defendants' recent filings concerning the continuance of trial and the exclusion of time under the Speedy Trial Act in this proceeding (ECF 264, 267, 269, 270, 271, 274, 275), the Central District of California's General Orders Nos. 20-02, 20-03, 20-05, 20-08 Amended, 20-09, 20-12, 20-15, 21-03, and 21-07, Chief Judge Orders Nos. 20-042, 20-043, 20-044, 20-078, 20-080, 20-097, 20-179, 20-186, 21-002, 21-031, Notices of the Clerk including the Expiration of Continuity of Operations Plan and Phased Reopening of the Court, and guidance on Conducting Jury Trials During the COVID-19 Pandemic, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1.   The original Indictment in this case was filed on November 17, 2020.

2.   Defendants Richard AYVAZYAN ("R. AYVAZYAN") and Marietta TERABELIAN first appeared before a judicial officer of the Court in which the charges alleged in the original Indictment were pending on December 4, 2020.  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), originally required that the trials of defendants R. AYVAZYAN and TERABELIAN commence on or before June 2, 2021.

3.   Defendants Artur AYVAZYAN ("A. AYVAZYAN") and Tamara DADYAN ("T. DADYAN") first appeared before a judicial officer of the Court in which the charges alleged in the original Indictment were pending on November 5, 2020, initially appearing on a criminal

complaint filed November 3, 2020.  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), originally required that the trials of defendants A. AYVAZYAN and T. DADYAN commence on or before May 16, 2021.

4.   On December 3 and 4, 2020, the Court set the case on the original Indictment against defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T. DADYAN for trial on January 12, 2021.  On December 22, 2020, the Court continued the trial date as to defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, and T. DADYAN to May 4, 2021.

5.   The First Superseding Indictment was filed on March 9, 2021, and unsealed March 11, 2021.

6.   Defendants Manuk GRIGORYAN, Edvard PARONYAN, and Vahe DADYAN ("V. DADYAN") first appeared before a judicial officer of the Court in which the charges alleged in the First Superseding Indictment were pending on March 11, 2021.  The Speedy Trial Act, 18 U.S.C. §§ 3161 and 3174(b), required that the trials of defendants GRIGORYAN, PARONYAN, and V. DADYAN commence on or before September 7, 2021.

7.   On March 11, 2021, the Court set a trial date of May 4, 2021, as to defendants GRIGORYAN, PARONYAN, and V. DADYAN.

8.   Defendant ARMAN HAYRAPETYAN first appeared before a judicial officer of the Court in which the charges alleged in the First Superseding Indictment were pending on March 25, 2021.  The Speedy Trial Act, 18 U.S.C. § 3161, required that the trial of defendant HAYRAPETYAN commence on or before June 3, 2021.

9.   On March 25, 2021, the Court set a trial date of May 18, 2021, as to defendant HAYRAPETYAN, who is detained pending trial. The other seven defendants currently are released on bond.

10.   As alleged in the First Superseding Indictment filed on March 9, 2021, defendants are charged with conspiracy to commit bank fraud and wire fraud, in violation 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; bank fraud and attempted bank fraud, in violation of 18 U.S.C. § 1344(2); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Six of the defendants also are charged with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and two of the defendants are charged with individual counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  The government has already produced 19 volumes of discovery, including over 150,000 pages of loan files, bank records, information obtained from Internet Service Providers, and information obtained from state and federal government agencies, among other documents and records, as well as video and audio recordings and photographs.  The government has also made available for inspection the physical evidence seized pursuant to search warrants for seven properties.  The government estimates that its case-in-chief in this matter will last approximately 8-10 days.  All defendants are joined for trial and a severance has not been granted.

11.   There currently are seven motions filed by defendants pending before the Court, including five motions to suppress evidence and two motions to dismiss the First Superseding Indictment with prejudice, all of which the government have opposed.

12.   The Court has previously continued the trial date in this case from January 12, 2021, to May 4, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

13.   On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).  Since then, the Court has issued numerous orders placing restrictions on criminal proceedings, including grand jury proceedings, in-person hearings, and the continued suspension of jury trials.  See, e.g., C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020) ("Continuing Operations Plan" or "COOP Plan"); C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020) (authorizing video appearances for certain hearings); see C.D. Cal. Order of the Chief Judge No. 20-186 (Dec. 17, 2020) ("extend[ing] all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days unless earlier terminated").

14.   The COOP Plan ultimately expired on January 29, 2021, and the Court permitted the resumption of certain in-person hearings, but not jury trials "[u]ntil further notice," beginning on February 1, 2021.  See C.D. Cal. Notice from the Clerk, "Amended Expiration of Continuity of Operations Plan," http://www.cacd.uscourts.gov/news/amended-expiration-continuity-operations-plan (Feb. 2, 2021) ("COOP Expiration Notice").  On March 19, 2021, the Court again relaxed some of its restrictions as part of its transition to Phase 2 of the Court's reopening plan, but

again repeated that "no jury trials will be conducted in criminal cases" because of the risks associated with the COVID-19 pandemic. C.D. Cal. General Order 21-03 (Mar. 19, 2021).

15.  Most recently, on April 15, 2021, the Court entered General Order No. 21-07, effective April 19, 2021, ordering, among other things, that all divisions in the Central District of California would enter Phase 3 of the Court's reopening plan and that jury trials would be permitted in criminal cases.  See C.D. Cal. General Order 21-07 (Apr. 15, 2021).  The Court further stated that, "[d]ue to the constraints on space and resources imposed by COVID-19 safety protocols, a limited number of jury trials will be permitted to proceed at a time" and, as a result, "the Court finds that any delays in conducting criminal jury trials that are attributable to the limitations caused by the Court's COVID-19 safety protocols serve the ends of justice and outweigh the interests of the public and the defendants in a speedy trial."  Id.

16.  The Court's orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's ("CDC") advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1.  The Chief Judge has recognized that, during the COVID-19 crisis, gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact.  See Order of the Chief Judge No. 20-042, at 1-2.  The Court has more broadly recognized CDC guidance advising "precautions to reduce the

possibility of exposure to the virus and slow the spread of the disease[.]"  General Order 20-09, at 1.

17.  Consistent with this Court's orders, the Judicial Council of the Ninth Circuit Court of Appeals declared an emergency in the Central District of California, pursuant to 18 U.S.C. § 3174.  In re Approval of Judicial Emergency in the Central Dist. of Cal., 955 F.3d 1140 (9th Cir. 2020).  The Judicial Council's order recognizes that "[t]he welfare of the court, federal public defenders, CJA attorneys, U.S. Marshals Service, and defendants are placed at risk each time parties congregate in person for hearings and defendants are transported to and from the courthouse."  Id. at 1144.

18.  Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions.  California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020).  Subject to similarly limited exceptions, all travel was prohibited.  Safer At Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers were ordered to cease operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School District were closed to in-person classes and have only recently started reopening with certain restrictions.

19.  On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19."  California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020).  That order went into effect on December

6, 2020 and restricted business and social activities.  As the Chief

Judge's December 7, 2020 Order reactivating the COOP Plan

recognized, ICU availability in the Southern California region,

which includes the entire Central District, fell below 15% as soon

as the Regional Stay at Home Order went into effect.  Order of the

Chief Judge No. 20-179, at 2.  When the COOP Plan was extended on

January 6, 2021, ICU availability in the Southern California region

was at 0.0%.  Order of the Chief Judge 21-002, at 1.  Although the

Regional Stay at Home Order was lifted on January 25, 2021, ICU

availability has increased, and case numbers have declined, COVID-19

remains extremely dangerous, and California counties remain subject

to various restrictions.

20.  Based on these facts, the Court concluded that it was

necessary to suspend criminal jury trials until further notice "in

order to protect public health, and in order to reduce the size of

public gatherings and reduce unnecessary travel."  General Order 20-

09, at 1.  The Court found that "holding jury trials substantially

increases the chances of transmitting the Coronavirus," and it would

thus "place prospective jurors, defendant, attorneys, and court

personnel at unnecessary risk."  Id. at 3.  The Court concluded that

suspending jury trials thus served the ends of justice and

outweighed the interests of the public and defendants in a speedy

trial.  Id.

21.  Given the grave public-health concerns discussed in the

Court's General Orders and the Chief Judge's Orders and as described

above, the ends of justice served by the continuance outweigh the

best interest of the public and defendants in a speedy trial.

22. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

23. Failure to continue the trial in this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.

24. Due to the restrictions imposed by current public-health concerns--particularly given the designation of this case as complex based on the number of defendants--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

25. Further, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. Jury summons for the Western Division of the Court will be issued starting April 19, 2021. See C.D. Cal. General Order 21-07 (Apr. 15, 2021). As outlined in the recent notice of the Clerk of Court regarding the phased re-opening of the Courts, "[t]he process for issuing jury summonses must begin seven weeks before jury trials can commence." Notice from the Clerk re Phased Reopening of the Court, effective March 22, 2021 (available at https://www.cacd.uscourts.gov/news/phased-reopening-court.) Thus, a jury would not be available for trial in this proceeding on the current trial date of May 4, 2021.

26. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys

for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

27.  Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), and (h)(7)(B)(i)-(ii), and 3174(b).

THEREFORE, FOR GOOD CAUSE SHOWN:

1.  Subject to Court procedures regarding the resumption of jury trials, the trial in this matter for all defendants is continued from May 4, 2021, to June 15, 2021, at 9:00 AM.

2.  The time period of May 4, 2021, to June 15, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), and (h)(7)(B)(i)-(ii), and 3174(b).

3.  The government shall produce its witness and exhibit lists at least two weeks prior to trial, but no later than June 1, 2021. Should trial be continued again, the deadline to produce witness and exhibit lists will also be continued to two weeks prior to the new trial date.

4.  Defendants who are on pretrial release shall appear in Courtroom 10A of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on June 15, 2021 at 9:00 AM.

5.  Defendant ARMAN HAYRAPETYAN, who is detained pending trial, is ordered to be brought by the United States Marshals to Courtroom 10A of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on June 15, 2021 at 9:00 AM.

1    6.    Nothing in this Order shall preclude a finding that other

2  provisions of the Speedy Trial Act dictate that additional time

3  periods are excluded from the period within which trial must

4  commence.   Moreover, the same provisions and/or other provisions of

5  the Speedy Trial Act may in the future authorize the exclusion of

6  additional time periods from the period within which trial must

7  commence.

8    IT IS SO ORDERED.

9

_____          _____
10  DATE                                HONORABLE STEPHEN V. WILSON
                                        UNITED STATES DISTRICT JUDGE
11

Presented by:
12    /s/
   _____
13  SCOTT PAETTY
   BRIAN FAERSTEIN
14  Assistant United States Attorneys
   CHRISTOPHER FENTON
15  DOJ Trial Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28