# EXHIBIT 5

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH R. YANG (Cal. SBN: 196461)
E. MARTIN ESTRADA (Cal. SBN: 223802)
Assistant United States Attorneys
ANDREW CREIGHTON (Maryland State Bar Member)
Trial Attorney, U.S. Department of Justice
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7408/1785/3358
     Facsimile: (213) 894-3713
     Email:    Elizabeth.Yang@usdoj.gov
               Martin.Estrada@usdoj.gov
               Andrew.Creighton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR 11-72(A)-DDP |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ARTUR PEMBEJIAN (#19) |
| v. | |
| MHER DARBINYAN, et al., | |
| Defendants. | |

1. This constitutes the plea agreement between ARTUR PEMBEJIAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## RULE 11(c)(1)(C) AGREEMENT

2. Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 18 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 21 and 22 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the First Superseding Indictment in United States v. Darbinyan et al., CR No. 11-72(A)-DDP ("Indictment"), which charges defendant with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d).

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 13 of this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

   h. Forfeit all interest in firearms seized from his residence on or about February 16, 2011.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 13 of this agreement.

3

   c. At the time of sentencing, move to dismiss the remaining counts of the Indictment and the underlying indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. Return all items seized from defendant's residence during execution of a search warrant on or about February 16, 2011, with the exception of firearms.

## NATURE OF THE OFFENSE

 5. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), the following must be true:

   (1) There was an enterprise, as described in Count One, consisting of a group of persons associated together for a common purpose of engaging in a course of conduct;

   (2) The enterprise engaged in, or its activities in some way affected, interstate or foreign commerce;

   (3) Defendant was associated with the enterprise;

   (4) Defendant entered into an agreement that a conspirator would conduct, or participate in the conduct of, the affairs of the enterprise through a pattern of racketeering activity; and

   (5) Defendant should have anticipated that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. "Racketeering activity" includes any act or threat involving murder, attempted murder, kidnaping, robbery, extortion, conspiracy to traffic in controlled substances, bank fraud, access device fraud, identity theft, and illegal gambling, which is either chargeable under state law and punishable by imprisonment for more than one year or chargeable under Congressionally designated provisions of the federal code, including Title 18, United States Code, Sections 841 and 846. A "pattern of racketeering" is at least two racketeering acts within ten years of each other that have a relationship to each other plus a threat of continuity. Conduct forms a pattern if it consists of criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated.

### PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 18, United States Code, Section 1962(d), is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to

1 | prison for all or part of the term of supervised release authorized
2 | by statute for the offense that resulted in the term of supervised
3 | release, which could result in defendant serving a total term of
4 | imprisonment greater than the statutory maximum stated above.

5 |     8. Defendant understands that, by pleading guilty, defendant
6 | may be giving up valuable government benefits and valuable civic
7 | rights, such as the right to vote, the right to possess a firearm,
8 | the right to hold office, and the right to serve on a jury.
9 | Defendant understands that once the Court accepts defendant's guilty
10 | plea, it will be a federal felony for defendant to possess a firearm
11 | or ammunition. Defendant understands that the conviction in this
12 | case may also subject defendant to various other collateral
13 | consequences, including but not limited to, revocation of probation,
14 | parole, or supervised release in another case and suspension or
15 | revocation of a professional license. Defendant understands that
16 | unanticipated collateral consequences will not serve as grounds to
17 | withdraw defendant's guilty plea.

18 |     9. Defendant understands that, if defendant is not a United
19 | States citizen, the felony conviction in this case may subject
20 | defendant to: removal, also known as deportation, which may, under
21 | some circumstances, be mandatory; denial of citizenship; and denial
22 | of admission to the United States in the future. The Court cannot,
23 | and defendant's attorney also may not be able to, advise defendant
24 | fully regarding the immigration consequences of the felony
25 | conviction in this case. Defendant understands that unexpected
26 | immigration consequences will not serve as grounds to withdraw
27 | defendant's guilty plea.
28 |

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown, and continuing to in or around February 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant was an associate of the Armenian Power criminal enterprise ("Armenian Power"). As an associate of Armenian Power, defendant agreed that a co-defendant named in Count One of the Indictment would conduct and participate in the affairs of Armenian Power through a pattern of crimes.

Defendant agrees and stipulates that Armenian Power was an enterprise, and that Armenian Power engaged in a pattern of racketeering activity, as defined in 18 U.S.C. § 1961, et seq. Defendant further agrees and stipulates that the activities of Armenian Power affected interstate and foreign commerce, and that the description of the Armenian Power criminal enterprise, its purposes, and its means and methods, as set forth at pages 9 through 18 of the Indictment, is accurate and correct.

Defendant committed numerous acts, including, among other things, the following:

On or about August 13, 2009, defendant and a co-defendant, in a telephone conversation, discussed the purchase of various firearms, including three firearms, for approximately $1,500 each.

On or about August 20, 2009, members and associates of Armenian Power, while in possession of at least five firearms, went to the "Chicken House" restaurant in order to confront and intimidate victims Z, L.K., and others, who a co-defendant and his associates believed owed them money. Prior to arriving at the "Chicken House" restaurant, the co-defendant, in a telephone conversation, told defendant that he was on his way to confront victims Z, L.K., and others. After arriving to the "Chicken House," the co-defendant called defendant and told defendant he wanted more firearms, and defendant stated he would meet the co-defendant. The following day, on or about August 21, 2009, defendant told the co-defendant that he had been in the vicinity of the "Chicken House" restaurant and saw police officers there, and the co-defendant said that there were many guys from Armenian Power there and that police officers found multiple firearms at that location.

On or about November 30, 2009, defendant and a co-defendant discussed delivering a firearm to a powerful individual visiting from Armenia, and defendant agreed to wrap up the firearm. The next day, defendant and the co-defendant drove together to a hotel in Beverly Hills, California to deliver the firearm, an Omega rifle.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing

1 factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 19 | [U.S.S.G. § 2E1.1(a)(1)] |
| Minor role | -2 | [U.S.S.G. § 3B1.2(b)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1] |
| Total Offense Level: | 14 | |
| Criminal History Category: | I | |

Guideline Range: 15-21 months' imprisonment

The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

13. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence within the range of three to five years' probation; a fine, if any, to be fixed by the Court; and a $100 special assessment.

WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel - and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be

represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 13 above, defendant gives up the right to appeal any portion of that sentence.

10

17. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 13 above, the USAO gives up its right to appeal any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to

the extent that such defenses existed as of the date of defendant's signing this agreement.

        c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.    Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

24.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing

Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 12 and 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

25.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____    9/5/13
E. MARTIN ESTRADA              Date
ELIZABETH R. YANG
Assistant United States Attorneys
ANDREW CREIGHTON
Trial Attorney, U.S. DOJ

_____    9/5/13
ARTUR PEMBEJIAN                Date
Defendant

_____    9/5/13
DALE RUBIN                     Date
Attorney for Defendant
ARTUR PEMBEJIAN

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  9/5/13
ARTUR PEMBEJIAN                  Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ARTUR PEMBEJIAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    2/5/13
DALE RUBIN                          Date
Attorney for Defendant
ARTUR PEMBEJIAN