# EXHIBIT A

Nicholas P. Silverman
202 429 8096
nsilverman@steptoe.com



1330 Connecticut Ave. NW
Washington, DC 20036
202 429 3000 main
www.steptoe.com

May 7, 2021

<u>By Electronic Mail</u>

Christopher Fenton, Trial Attorney
Brian Faerstein, Assistant United States Attorney
Scott Paetty, Assistant United States Attorney
U.S. Attorney's Office for the Central District of California
312 N Spring St.
Los Angeles, CA 90012

    Re:    *United States v. Richard Ayvazyan et al.*, No. 20-cr-579 (SVW)
              <u>**Arrest of Richard Ayvazyan & Discovery**</u>

Dear Counsel:

    Last week—just over six weeks from the beginning of trial—California state authorities arrested our client Richard Ayvazyan. This arrest comes less than two weeks after the government's request to delay trial until August 24, 2021, so that the government could obtain more time to investigate and prepare for trial was largely denied by the Court.

    The state case against Ayvazyan has been material since before the federal case was filed as exemplified by the August 4, 2020 email in which Agent Palmerton dug up information related to a two-year-long coordinated FBI-state investigation beginning in 2017 where Ayvazyan was listed as a possible participant in a mortgage fraud ring, and used this information as part of the basis for concluding that Ayvazyan was "the identity of one of our subjects." DOJ_PROD_0000161157. The government has since disclosed that the U.S. Attorney's Office declined to bring charges in 2019. Despite this clear materiality, the government violated the Court's discovery order by failing to produce this evidence in discovery. Moreover, it appears that the government continued to collaborate with the state prosecution including through ex parte meetings and communications that have not yet been produced.

    In the thirteen-day interim period between the Court's April 16, 2021 order setting a firm trial date and last week's arrest, the government hinted at its collaboration with the Los Angeles



May 7, 2021
Page 2

Police Department (LAPD), admitting that it[1] received evidence from LAPD on April 20, 2021, but it conspicuously omitted how or why this collaboration occurred four days after a firm trial date was set. Based on the government's disclosure and other information, it appeared unlikely that the April 20, 2021 communication was the government's first or only collaboration with LAPD or California state authorities regarding Mr. Ayvazyan, his co-defendants, or the allegations against them.

The circumstances suggest that the government has continued collaborating with the state and local authorities regarding the attempt to detain Mr. Ayvazyan so that he cannot prepare for trial. The government's belated disclosures demand further information: How long has the government been collaborating with the LAPD or California state authorities? Which LAPD or California state authorities have participated in this investigation or prosecution and in what ways? What discoverable information and evidence is in the possession of LAPD or California state authorities?

In addition to answering those questions, we demand that the government comply with its discovery obligations. As explicitly noted and reiterated in our November 18, 2020, December 11, 2020, December 24, 2020, and January 21, 2021 letters to the government, our discovery requests are continuing in nature and include information that is not memorialized. In addition to reiterating those requests, we wish to highlight several categories of discovery and request their prompt production.

1. We have repeatedly requested production of discovery in the possession, custody, or control of, or that have been reviewed by any federal, state, or local authority that is coordinating with the investigation or prosecution of this case or any related conduct. *See* Dkt. 133-1 at 2. We now understand that the agencies collaborating on this investigation and prosecution include not just the U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, the Federal Housing Finance Agency Office of Inspector General, and the Department of Homeland Security, but also includes state and local agencies including but not limited to the California Attorney General's Office, the State of California Department of Justice, the LAPD, and other California state and local authorities. The government is obligated to produce discovery in the possession, custody, or control of *each* of these agencies. We request that the government:

---

[1] The April 26, 2021 letter notes that the IRS is collaborating with the LAPD but could be read to erroneously imply that the IRS is not a part of the prosecution team. *See* Apr. 26, 2021 Ltr. from Scott Paetty et al. ("IRS-CI described to us the contents of some of the documents and evidence obtained during the [LAPD] search but did not provide us with a copy of any of the documents or photographs of evidence … We will not be reviewing these documents and photographs and will not be using them in the government's case-in-chief in this matter."). We assume that this potential implication is not intentional, but for the avoidance of any doubt, both the discovery produced to date and the government's public statements confirm that the IRS is part of the prosecution team and subject to all of its *Brady*, *Giglio*, and other obligations.

May 7, 2021  
Page 3



    (a) produce all discovery immediately including any discovery that would be material to undercutting the government's allegations in this case such as evidence that someone other than Ayvazyan is "at the helm" of the alleged conspiracy (*see* Tr. of Apr. 2, 2021 Hr'g at 6 (Dkt. 289-4)) or that Ayvazyan had any sources of funds other than the alleged PPP loan fraud whether those sources could have led directly or indirectly to electronic transfers, expenditures, or the cash recovered during the November 5, 2020 search warrant execution, and

    (b) summarize all efforts to ensure that discovery was produced from each of the following agencies: U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, the Federal Housing Finance Agency Office of Inspector General, the Department of Homeland Security, the California Attorney General's Office, the State of California Department of Justice, the LAPD, and any other agencies collaborating on the investigation or prosecution.

    (c) produce the materials referenced in the government's May 3, 2021 letter.

    2.  Both before and after indictment, Mr. Ayvazyan refused the government's requests that he waive his constitutional and statutory speedy trial rights, including refusing government offers to forgo certain punitive charges as an incentive. Mr. Ayvazyan thereafter invoked his constitutional and statutory rights in this case ultimately leading to the Court setting trial dates of January 12, 2021; May 4, 2021; and June 15, 2021. We understand that the government has communicated with the California Attorney General's Office, the State of California Department of Justice, the LAPD, and other California state authorities in what appears to be a systematic and coordinated attempt to violate Mr. Ayvazyan's federal and state rights. We therefore request that:

    (a) The government promptly produce a log of all communications regarding Mr. Ayvazyan or any of his co-defendants (or related cases) between the U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, or the Federal Housing Finance Agency Office of Inspector General, on the one hand, and the California Attorney General's Office, the State of California Department of Justice, the LAPD, and other California state and local authorities on the other. Please memorialize the date of the communication, location or medium of communication, each person present for the communication, and the substance of the communication.

    (b) To the extent that the government argues any communication need not be memorialized or produced, promptly produce a log identifying that communication, as much of the information as the government is capable of producing, and a complete explanation for the government's unwillingness to memorialize or produce the communication. We reserve the right to move for relief based on the government's unwillingness to disclose such material communications.

May 7, 2021
Page 4



    3.  Separate and apart from the foregoing requests, we request that the government promptly memorialize and produce all communications with the California Attorney General's Office, the State of California Department of Justice, the LAPD, and other California state authorities regarding (a) whether, when, or how to charge Mr. Ayvazyan, or (b) the potential detention, remand, release, or bail for Mr. Ayvazyan.

    These requests are not exclusive of our previous discovery requests, many of which remain outstanding, including requests for grand jury evidence, testimony, and transcripts.  The government is obligated to produce the above material and all other discovery so that we can prepare for trial and promptly move for any relief that may render a trial unnecessary.

    Sincerely,

    */s/ Nicholas P. Silverman*

    Ashwin J. Ram
    Michael A. Keough
    Nicholas P. Silverman (*pro hac vice*)
    STEPTOE & JOHNSON LLP
    1330 Connecticut Ave. NW
    Washington, DC 20036
    nsilverman@steptoe.com

    *Counsel for Defendant Richard Ayvazyan*