# EXHIBIT B

Nicholas P. Silverman
202 429 8096
nsilverman@steptoe.com

1330 Connecticut Ave. NW
Washington, DC 20036
202 429 3000 main
www.steptoe.com



May 7, 2021

By Electronic Mail

Christopher Fenton, Trial Attorney
Brian Faerstein, Assistant United States Attorney
Scott Paetty, Assistant United States Attorney
U.S. Attorney's Office for the Central District of California
312 N Spring St.
Los Angeles, CA 90012

    Re:   *United States v. Richard Ayvazyan et al.*, No. 20-cr-579 (SVW)
           <u>Evidence Tainted By Coerced Statements</u>

Dear Counsel:

    Last week, the Court held that the government's extended detention, repeated interrogations, and provision of false information rendered the Miami airport statements of Richard Ayvazyan and Marietta Terabelian coerced and not voluntary. Dkt. 296 at 17, 18. These compelled statements occurred on October 19, 2020 before much of the government's investigation had occurred. As you know, the unlawful compulsion of evidence places an "affirmative duty" on the government "to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of compelled testimony." *See Kastigar v. United States*, 406 U.S. 441, 460-61 (1972) (stating this principle in the statutory immunity context and noting that it is "commensurate with th[e protection] from invoking the privilege itself"); *Harrison v. United States*, 392 U.S. 219, 223 (1968) ("[T]he 'essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.'" (quoting *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920))); *see also In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1350 (11th Cir. 2012) (holding that derivative immunity was necessary to compel production of decryption password).

    The unlawfully seized evidence and information[1] identified by the government as "seized" includes, but is not limited to, driver licenses and a social security card belonging to

---

[1] Judge Wilson's reasoning applies equally to the oral statements of the defendants. Those oral statements were similarly made after the defendants had been detained and separated, after requests for counsel had been denied, and after the government had misrepresented the purpose of their interrogations. *See* Dkt. 296 at 17. The oral statements were therefore coerced and not voluntary. Judge Wilson relied on the government's assurance that it

(Continued…)



May 7, 2021
Page 2

Iuliia Zhadko; several credit cards belonging to Nazar Terabelian; company information related to Turing Info Solutions; information related to Olaf Landsgaard and the Palm Desert house added to the Superseding Indictment as Residential Property 3; text messages with Jon Bradford; emails from Mary Smbatian; information and driver licenses belonging to Anton Kudiumov; a photograph of Manuk Grigoriyan; a cell phone number belonging to Manuk Grigoriyan; applications and debit cards related to Mod Interiors, debit cards, driver license, and company documentation related to Anna Manukyan; photographs of checks to Belgium LLC and Picadilly Jewelers; references and information regarding activities subsequently charged by the state government; and substantial other documentation that appears to relate to documents obtained and witness interviews conducted after October 19, 2020 (collectively with the interrogation responses, "the tainted evidence").

In order to evaluate the extent of the tainted evidence obtained by the government and potentially exposed to government agents, witnesses, or the grand jury, we require disclosure of material information from the government.

First, the government has identified the following documents or files as tainted documents or files that it reviewed and/or used:

- DOJ_PROD_0000002001 through DOJ_PROD_0000002056

- DOJ_PROD_0000002339 through DOJ_PROD_0000002358

- DOJ_PROD_0000023557 through DOJ_PROD_0000023642

- DOJ_PROD_0000023665 through DOJ_PROD_0000023805

- DOJ_PROD_0000023806 through DOJ_PROD_0000023815

- DOJ_PROD_0000153418 through DOJ_PROD_0000153419

- DOJ_PROD_0000153801 through DOJ_PROD_0000153806

- DOJ_PROD1_0000000001 through DOJ_PROD1_0000000006

Please produce a list of all other documents or files on the tainted phones that the government reviewed and/or used. As with all other requests, "the government" includes any member of the government's team (including but not limited to the Federal Bureau of Investigation, the U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Internal Revenue Service, the Small Business Administration Office of Inspector General, the Federal Housing Finance Agency Office of Inspector General, the Department of Homeland Security, the California Attorney General's Office, the Los Angeles Police

---

will not rely on any oral statements, Dkt. 296 at 14 n.11, and we understand that assurance to include relying on such statements to gather evidence. If our understanding is incorrect, we ask that the government promptly alert us and identify what evidence it has obtained that is directly or indirectly derived from the oral statements.



May 7, 2021
Page 3

Department, and other California state and local authorities participating in the investigation and/or prosecution of Ayvazyan in this or any matter). Please identify each file or document reviewed, the person or persons who reviewed it, the date of review, any other person or persons who received any information or work product derived in any way from this document or file, the date of such receipt, and all information related to the government's review or use of the tainted document or file.

Second, please produce all subpoenas issued after October 19, 2020 and indicate which documents were produced in response to each subpoena. Please indicate whether you contend that each subpoena was "derived from a legitimate source wholly independent of compelled testimony" and provide all facts supporting that contention.

Third, please produce a list of all witnesses who were interviewed after October 19, 2020 and indicate whether they were questioned regarding any of the topics related to the tainted evidence or exposed to any tainted document or file or any other tainted evidence.

Fourth, Agent Palmerton testified contemporaneously that the unlawfully seized digital devices led to "the connection that Iuliia Zhadko was, in fact, an alias of Richard Ayvazyan." *United States v. Ayvazyan*, 20-mj-3857, Dkt. 17 (S.D. Fla. Nov. 17, 2020). Please confirm in writing that you do not intend to make this tainted argument at trial.

Fifth, please produce transcripts from both grand juries and identify any testimony that was derived directly or indirectly from the tainted evidence.

Sixth, please produce the evidence submitted to both grand juries and identify any submissions that were derived directly or indirectly from the tainted evidence.

Seventh, please describe all actions taken to ensure that the taint of unlawfully seized evidence has been entirely purged and provide certainty that Mr. Ayvazyan will receive procedural justice including a trial based solely on lawfully seized evidence.

Sincerely,

*/s/ Nicholas P. Silverman*

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036
nsilverman@steptoe.com

*Counsel for Defendant Richard Ayvazyan*