TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SUR-REPLY IN RESPONSE TO DEFENDANT RICHARD AYVAZYAN'S MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT (ECF 289) |
| v. | |
| RICHARD AYVAZYAN, <br>   aka "Richard Avazian" and <br>     "Iuliia Zhadko," <br> MARIETTA TERABELIAN, <br>   aka "Marietta Abelian" and <br>     "Viktoria Kauichko," <br> ARTUR AYVAZYAN, <br>   aka "Arthur Ayvazyan," and <br> TAMARA DADYAN, <br> MANUK GRIGORYAN, <br>   aka "Mike Grigoryan," and | |

| | |
|---|---|
| 1 | "Anton Kudiumov," |
| 2 | ARMAN HAYRAPETYAN, EDVARD PARONYAN, |
| 3 |   aka "Edvard Paronian" and       "Edward Paronyan," and |
| 4 | VAHE DADYAN, |
| 5 |       Defendants. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files this sur-reply addressing a new claim raised in defendant Richard Ayvazyan's ("defendant") reply in support of his motion to dismiss for prosecutorial misconduct. (ECF 326 at 2-5.)

Defendant claims for the first time in his reply that the recent indictment of defendant and eleven others by the State of California on fraud charges related to an extensive, six-year mortgage fraud scheme was somehow engineered by the United States government to violate defendant's constitutional rights. Defendant's allegation is untrue and defendant offers no evidence in support of his extraordinary accusation.

Defendant asserts that the federal government caused the State of California, a separate and autonomous sovereign, to file state charges against defendant and others to further the federal government's own, wrongful purposes. To the contrary, the state exercised its independent prosecutorial authority to address violations of state law that are wholly separate from the violations of federal law addressed in the indictment in this case. In late April and early May, state authorities arrested defendant and others

on charges of "allegedly operating a sophisticated mortgage fraud and green loan scheme . . . [that] resulted in a loss of approximately $15 million" and took place between 2014 and 2020.  (See State of California Department of Justice, Office of the Attorney General, Press Release, "Attorney General Bonta Announces Arrests and Arraignment in $15 Million Mortgage Fraud and Green Loan Scheme in Southern California," May 3, 2021 ("Press Release") (available at https://oag.ca.gov/news/press-releases/attorney-general-bonta-announces-arrests-and-arraignment-15-million-mortgage)).  The state's 133-count indictment names twelve defendants and is predicated on a six-year fraud scheme that began more than half-a-decade before COVID-19 and the CARES Act-related fraud at the heart of the federal case.  (See Indictment, People of the State of California v. Tamara Dadyan, et al., filed April 26, 2021, (available at https://oag.ca.gov/system/files/attachments/press-docs/Indictment%2020210426.pdf).)

    Defendant also claims that the government improperly withheld discovery related to the state case.  This is also untrue.  The government has complied and continues to comply with its ongoing discovery obligations.  The government disclosed the state arrests immediately to all defendants in this case as soon as the state indictment was unsealed and affirmatively provided a mechanism for all defendants to obtain access to the discovery in the state case, with the further assurance that the government "do[es] not intend to use any of these materials during the government's case-in-chief in this matter."  (Letter to Counsel dated May 3, 2021 at 2, attached

hereto as Exhibit 1.).[1,2]  Indeed, the government has not taken possession of the discovery in the state case from state prosecutors, and has directed defendants to the appropriate state prosecutors for access to that discovery.  (See id.)  The accusation that the government's immediate disclosure, made 50 days prior to the current trial date, was nefarious or untimely is without merit.  The government also disclosed the state narcotics investigation of Manuk Grigoyan, a codefendant in this case, shortly after it came to the government's attention that the state had executed a search warrant that yielded evidence potentially related to the federal case, and again made clear that any evidence from that investigation would not be part of the government's case-in-chief in this matter.  (Letter to Counsel dated April 26, 2021 at 2, attached hereto as Exhibit 2.)

Defendant's asserted remedy for the purported violations he alleges – dismissal – similarly lacks any basis in fact or law.  In United States v. Gatto, the Ninth Circuit held that it was error to exclude trash-pull documents that the government obtained from state officials only a few weeks before trial because, as in this case, there was no violation of a court order.  763 F.2d 1040, 1042-46 (9th Cir. 1985); see also ECF 278 at 3-4 and fn. 2.  If it was error in

---

[1] Because defendant is charged in both the state and federal cases, he already has access to the discovery in both cases, but the government took these additional steps out of an abundance of caution and to help ensure access for all defendants charged in the federal case.

[2] There were common federal agencies providing assistance to the state case and the federal case.  The fact that state and federal law enforcement agencies together investigated a mortgage fraud scheme is neither nefarious nor impermissible, nor does it diminish the separate and independent charging authorities of state and federal prosecutors.  The question is disclosure, and the federal government took immediate steps to make the state's evidence available to defendant once the state case was overt.

Gatto to suppress documents obtained from the state and disclosed only a few weeks before trial, then it would surely be error to impose the more severe sanction of dismissal here, where the government took steps to make the state documents available – and committed to not use the documents in its own case-in-chief – 50 days before trial.

In sum, the new allegations defendant has added in support of his motion to dismiss do not change the fact that the motion is entirely without merit.  For all the reasons set forth in the government's opposition and this sur-reply, defendant's attempts to escape the consequences of his apparently extensive criminal conduct must fail and his motion to dismiss should be denied.

Dated: May 12, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

            /s/
_____
CATHERINE AHN
SCOTT PAETTY
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA