TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
              Catherine.S.Ahn@usdoj.gov
              Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SUR-REPLY IN RESPONSE TO DEFENDANT RICHARD AYVAZYAN'S MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT (ECF 289) |
| v. | |
| RICHARD AYVAZYAN, <br>  aka "Richard Avazian" and <br>     "Iuliia Zhadko," <br>MARIETTA TERABELIAN, <br>  aka "Marietta Abelian" and <br>     "Viktoria Kauichko," <br>ARTUR AYVAZYAN, <br>  aka "Arthur Ayvazyan," and <br>TAMARA DADYAN, <br>MANUK GRIGORYAN, <br>  aka "Mike Grigoryan," and | |

| | |
|---|---|
| "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>    "Edward Paronyan," and<br>VAHE DADYAN,<br><br>      Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files this sur-reply addressing a new claim raised in defendant Richard Ayvazyan's ("defendant") reply in support of his motion to dismiss for prosecutorial misconduct. (ECF 326 at 2-5.)

Defendant claims for the first time in his reply that the recent indictment of defendant and eleven others by the State of California on fraud charges related to an extensive, six-year mortgage fraud scheme was somehow engineered by the United States government to violate defendant's constitutional rights. Defendant's allegation is untrue and defendant offers no evidence in support of his extraordinary accusation.

Defendant asserts that the federal government caused the State of California, a separate and autonomous sovereign, to file state charges against defendant and others to further the federal government's own, wrongful purposes. To the contrary, the state exercised its independent prosecutorial authority to address violations of state law that are wholly separate from the violations of federal law addressed in the indictment in this case. In late April and early May, state authorities arrested defendant and others

on charges of "allegedly operating a sophisticated mortgage fraud and green loan scheme . . . [that] resulted in a loss of approximately $15 million" and took place between 2014 and 2020. (See State of California Department of Justice, Office of the Attorney General, Press Release, "Attorney General Bonta Announces Arrests and Arraignment in $15 Million Mortgage Fraud and Green Loan Scheme in Southern California," May 3, 2021 ("Press Release") (available at https://oag.ca.gov/news/press-releases/attorney-general-bonta-announces-arrests-and-arraignment-15-million-mortgage)). The state's 133-count indictment names twelve defendants and is predicated on a six-year fraud scheme that began more than half-a-decade before COVID-19 and the CARES Act-related fraud at the heart of the federal case. (See Indictment, People of the State of California v. Tamara Dadyan, et al., filed April 26, 2021, (available at https://oag.ca.gov/system/files/attachments/press-docs/Indictment%2020210426.pdf).)

Defendant also claims that the government improperly withheld discovery related to the state case. This is also untrue. The government has complied and continues to comply with its ongoing discovery obligations. The government disclosed the state arrests immediately to all defendants in this case as soon as the state indictment was unsealed and affirmatively provided a mechanism for all defendants to obtain access to the discovery in the state case, with the further assurance that the government "do[es] not intend to use any of these materials during the government's case-in-chief in this matter." (Letter to Counsel dated May 3, 2021 at 2, attached

hereto as Exhibit 1.).[1,2]  Indeed, the government has not taken possession of the discovery in the state case from state prosecutors, and has directed defendants to the appropriate state prosecutors for access to that discovery.  (See id.)  The accusation that the government's immediate disclosure, made 50 days prior to the current trial date, was nefarious or untimely is without merit.  The government also disclosed the state narcotics investigation of Manuk Grigoyan, a codefendant in this case, shortly after it came to the government's attention that the state had executed a search warrant that yielded evidence potentially related to the federal case, and again made clear that any evidence from that investigation would not be part of the government's case-in-chief in this matter.  (Letter to Counsel dated April 26, 2021 at 2, attached hereto as Exhibit 2.)

Defendant's asserted remedy for the purported violations he alleges – dismissal – similarly lacks any basis in fact or law.  In United States v. Gatto, the Ninth Circuit held that it was error to exclude trash-pull documents that the government obtained from state officials only a few weeks before trial because, as in this case, there was no violation of a court order.  763 F.2d 1040, 1042-46 (9th Cir. 1985); see also ECF 278 at 3-4 and fn. 2.  If it was error in

---

[1] Because defendant is charged in both the state and federal cases, he already has access to the discovery in both cases, but the government took these additional steps out of an abundance of caution and to help ensure access for all defendants charged in the federal case.

[2] There were common federal agencies providing assistance to the state case and the federal case.  The fact that state and federal law enforcement agencies together investigated a mortgage fraud scheme is neither nefarious nor impermissible, nor does it diminish the separate and independent charging authorities of state and federal prosecutors.  The question is disclosure, and the federal government took immediate steps to make the state's evidence available to defendant once the state case was overt.

Gatto to suppress documents obtained from the state and disclosed only a few weeks before trial, then it would surely be error to impose the more severe sanction of dismissal here, where the government took steps to make the state documents available – and committed to not use the documents in its own case-in-chief – 50 days before trial.

In sum, the new allegations defendant has added in support of his motion to dismiss do not change the fact that the motion is entirely without merit.  For all the reasons set forth in the government's opposition and this sur-reply, defendant's attempts to escape the consequences of his apparently extensive criminal conduct must fail and his motion to dismiss should be denied.

Dated: May 12, 2021                     Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        _____
                                        CATHERINE AHN
                                        SCOTT PAETTY
                                        BRIAN FAERSTEIN
                                        Assistant United States Attorneys
                                        CHRISTOPHER FENTON
                                        Department of Justice Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

# Exhibit 1



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Scott Paetty*
*Phone: (213) 894-6527*
*E-mail: Scott.Paetty@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

**BY EMAIL**

May 3, 2021

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*Counsel for Richard Ayvazyan*

David D. Diamond
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017

John Lewis Littrell
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.
Mesereau Law Group
10100 Santa Monica Boulevard Suite 300
Los Angeles, CA 90067

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Road Suite 216
Glendale, CA 91208

*Counsel for Artur Ayvazyan*

Fred G. Minassian
Law Offices of Fred G. Minassian, Inc.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203

*Counsel for Tamara Dadyan*

John David Hanusz
Hanusz Law, PC
800 Wilshire Blvd, Ste 1050
Los Angeles, CA 90017-2672

*Counsel for Manuk Grigoryan*

Jilbert Tahmazian
Tahmazian Law Firm, P.C.
1518 West Glenoaks Boulevard
Glendale, CA 91201

*Counsel for Arman Hayrapetyan*

Michael Freedman
The Freedman Firm
800 Wilshire Blvd., Suite 1050
Los Angeles, California 90017

*Counsel for Edvard Paronyan*

Peter Johnson
Peter Johnson Law
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277

*Counsel for Vahe Dadyan*

**Gov't. Exhibit 1 - Page 1 of 3**

RE: <u>United States v. Ayvazyan et. al</u>
May 3, 2021
Page 2

      Re:    <u>United States v. Ayvazyan et. al</u>,
              No. CR 2:20-cr-00579(A)-SVW

Dear Counsel:

We understand that three of the defendants in the above-referenced case – Richard Ayvazyan, Artur Ayvazyan, and Tamara Dadyan – were arrested late last week in connection with charges brought by the State of California Department of Justice, Office of the Attorney General (the "State AG"), relating to a mortgage fraud scheme (the "State Case"). The government has not reviewed a copy of the charging document. The charges in the State Case against Artur Ayvazyan and Tamara Dadyan are summarized in two letters submitted by the United States Probation & Pretrial Services Office to the Court on Friday, April 30, 2021. (<u>See</u> <u>ECF 303, 304</u>.)

We write to inform you about certain information we will arrange to make available for your review, if requested, regarding the charges in the State Case.

First, we understand that, prior to the State AG's involvement, the Los Angeles Police Department referred the underlying mortgage fraud investigation to the Federal Bureau of Investigation (the "FBI") in 2017, and the FBI opened an investigation. The FBI referred the investigation to the U.S. Attorney's Office (the "USAO") in Los Angeles, which similarly opened an investigation, but ultimately declined to pursue the matter further in 2019. We understand the FBI's investigation was limited in scope. The FBI has in its possession two boxes related to this investigation, which contain, among other things, various agent notes, financial records, and folders with background information on the various subjects of the investigation. We will arrange to make these materials available for review upon your request. The FBI also has in its possession a digital case file which we will have exported and produced to you separately. We do not intend to use any of these materials during the government's case-in-chief in this matter.

Second, we will be arranging with the State AG to make the entirety of the discovery in the State Case available for review upon your request. The State AG will be maintaining possession of those discovery materials, and we will not be using them during the government's case-in-chief in this matter. However, upon your request, we will arrange for the State AG to provide you access to the discovery in the State Case. We currently are working to solidify a process for that discretionary review, including the State AG's potential provision of an index of the discovery in the State Case to facilitate your review of some or all of those materials.

//

//

//

**Gov't. Exhibit 1 - Page 2 of 3**

RE: United States v. Ayvazyan et. al
May 3, 2021
Page 3

Please let us know if you have any questions.

Very truly yours,

*[signature]*

SCOTT PAETTY
Assistant United States Attorney
Major Frauds Section

*[signature]*

Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division

**Gov't. Exhibit 1 - Page 3 of 3**

**Exhibit 2**



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Scott Paetty*
*Phone: (213) 894-6527*
*E-mail: Scott.Paetty@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

**BY EMAIL**

April 26, 2021

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*Counsel for Richard Ayvazyan*

David D. Diamond
Diamond and Associates
1200 Wilshire Boulevard Suite 406
Los Angeles, CA 90017

John Lewis Littrell
Bienert Katzman PC
903 Calle Amanecer Suite 350
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.
Mesereau Law Group
10100 Santa Monica Boulevard Suite 300
Los Angeles, CA 90067

Jennifer J. Wirsching
Attorney at Law
1935 Alpha Road Suite 216
Glendale, CA 91208

*Counsel for Artur Ayvazyan*

Fred G. Minassian
Law Offices of Fred G. Minassian, Inc.
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203

*Counsel for Tamara Dadyan*

John David Hanusz
Hanusz Law, PC
800 Wilshire Blvd, Ste 1050
Los Angeles, CA 90017-2672

*Counsel for Manuk Grigoryan*

Jilbert Tahmazian
Tahmazian Law Firm, P.C.
1518 West Glenoaks Boulevard
Glendale, CA 91201

*Counsel for Arman Hayrapetyan*

Michael Freedman
Werksman Jackson & Quinn LLP
888 West Sixth Street, 4th Floor
Los Angeles, California 90017

*Counsel for Edvard Paronyan*

Peter Johnson
Peter Johnson Law
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277

*Counsel for Vahe Dadyan*

**Gov't. Exhibit 2 - Page 1 of 3**

RE: <u>United States v. Ayvazyan et. al</u>
April 26, 2021
Page 2


   Re: <u>United States v. Ayvazyan et. al</u>,
      No. CR 2:20-cr-00579(A)-SVW

Dear Counsel:

We write to inform you about additional information we learned about late last week relating to a search executed in December 2020 at defendant Manuk Grigoryan's residence, located at 10537 Dora Street, Sun Valley, California, 91352. The search was conducted pursuant to a California state search warrant obtained by the Los Angeles Police Department (LAPD) on December 17, 2020.

Specifically, on April 20, 2021, the Internal Revenue Service, Criminal Investigation (IRS-CI), received information from LAPD about a search of defendant Grigoryan's residence that was conducted on December 17, 2020, in connection with an arrest of defendant Grigoryan on that date. On April 22, 2021, IRS-CI obtained a copy of the underlying California state search warrant as well as photocopies of some of the documents and photographs of evidence seized by LAPD pursuant to the search. IRS-CI provided a copy of the state search warrant to us, a copy of which we are producing along with this letter and pursuant to the Court's protective order (<u>see</u> CR 92). In informing us about the search of defendant Grigoryan's residence, IRS-CI described to us the contents of some of the documents and evidence obtained during the search but did not provide us with a copy of any of the documents or photographs of evidence. We have arranged for the filter team to produce to you, pursuant to the Court's protective order, a copy of the documents and photographs of evidence obtained from LAPD. We will not be reviewing these documents and photographs and will not be using them in the government's case-in-chief in this matter. As far as we are aware, these documents and photographs in the possession of IRS-CI include only a portion of the items seized by the state and do not include all of the items seized.

The state search warrant enclosed with this letter is Bates-stamped DOJ_PROD_0000160614 – DOJ_PROD_0000160624 and is password-protected. We will send you the password to access the PDF document by separate correspondence. The filter team will separately be providing you with copies of the materials IRS-CI obtained from LAPD.

//

//

//

**Gov't. Exhibit 2 - Page 2 of 3**

RE: <u>United States v. Ayvazyan et. al</u>
April 26, 2021
Page 3


Please let us know if you have any questions.

Very truly yours,

*[signature]*

SCOTT PAETTY
Assistant United States Attorney
Major Frauds Section

*[signature]*

Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division

Enclosure

**Gov't. Exhibit 2 - Page 3 of 3**