# EXHIBIT A



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Scott Paetty / Christopher Fenton*
*Phone:     (213) 894-6527 / (202) 320-0539*
*Facsimile: (213) 894-6269*
*E-mail:    spaetty@usdoj.gov /*
            *christopher.fenton@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

May 10, 2021

<u>VIA EMAIL</u>

Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman
Steptoe and Johnson LLP
633 West 5th Street Suite 1900
Los Angeles, CA 90071
213-439-9443
Fax: 213-439-9599
aram@steptoe.com
mkeough@steptoe.com
nsilverman@steptoe.com

   Re: <u>United States v. Ayvazyan et al.</u>
     CR No. 20-00579(A)-SVW
     Rule 404(b) Notice

Dear Counsel:

  This letter is to provide notice of the government's intent to introduce certain evidence of your client Richard Ayvazyan's ("defendant") "crimes, wrongs, or other acts" on the theory that the evidence is admissible to prove defendant's identity, motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident.  <u>See</u> Fed. R. Evid. 404(b)(2). Specifically, the government intends to introduce evidence of the following:

- Defendant's prior conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, as described in the Plea Agreement and Judgment and Commitment Order, ECF 58, 99, in <u>United States v. Richard Ayvazyan, et al.</u>, No. 8:11-CR-180-CJC (C.D. Cal.) (the "2012 Bank Fraud Case").

- Defendant's prior conviction for grand theft in violation of California Penal Code 487(a) (the "1999 Grand Theft Case").

  In the 2012 Bank Fraud Case, defendant admitted to, <u>inter alia</u>, conspiring with his co-defendant to commit bank fraud against multiple banks by submitting false documentation to substantiate false income and obtain loans and lines of credit he and his co-conspirator would not

Scott Paetty / Christopher Fenton
United States v. Ayvazyan et al., CR No. 20-00579(A)-SVW
May 10, 2021
Page 2

have qualified for based on their actual income.  Defendant's prior conviction involved him using a similar modus operandi as here to commit bank fraud.  Specifically, defendant and his wife, Marietta Terabelian, also a codefendant in this case, targeted federally-insured banks by submitting fabricated income and tax records in support of fraudulent loan applications and causing the name of a close family relative to be used in furtherance of the fraud.  Therefore, the government believes that the evidence is admissible under Rule 404(b)(2) of the Federal Rules of Evidence.

      In the 1999 Grand Theft Case, defendant conspired with at least two other individuals to fraudulently obtain funds from a financial institution using fraudulent transactions involving the names of third-parties.  Defendant's prior conviction involved him using a similar modus operandi as here to commit bank fraud.  Specifically, defendant targeted a federally-insured bank by facilitating fraudulent transactions involving the use of third-party names.  Therefore, the government believes that the evidence is admissible under Rule 404(b)(2) of the Federal Rules of Evidence.

      The government reserves the right to supplement this notice in response to any argument or defense that defendant presents at trial.

      Should you have any questions regarding the foregoing, please do not hesitate to call.

Very truly yours,


Scott Paetty
Assistant United States Attorney
Major Frauds Section

Christopher Fenton
Trial Attorney
Fraud Section, Department of Justice