HANUSZ LAW, PC
John Hanusz (SBN 277367)
Email: john@hanuszlaw.com
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 204-4200

Counsel for Manuk Grigoryan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANUK GRIGORYAN,

Defendant.

Case No. 20CR-00579(A)-SVW

**MANUK GRIGORYAN'S JOINDER IN RICHARD AYVAZYAN AND MARIETTA TERABELIAN'S MOTION FOR A *KASTIGAR* HEARING, TO DISQUALIFY THE PROSECUTION TEAM, AND TO DISMISS (DKT. NO. 338)**

Manuk Grigoryan, by and through counsel, hereby joins in Richard Ayvazyan and Marietta Terabelian's Motion for a *Kastigar* Hearing, to Disqualify the Prosecution Team, and to Dismiss. Dkt. No. 338.

Dated: May 19, 2021

Respectfully submitted,

*/s/ John Hanusz* _____
John Hanusz

Counsel for Mr. Grigoryan

**JOINDER**

The grand jury initially charged Mr. Grigoryan in this matter when it returned the First Superseding Indictment on March 9, 2021, nearly five months after law enforcement officials compelled involuntary testimony from Mr. Ayvazyan and Ms. Terabelian, and obtained access to their digital devices in violation of the Fifth Amendment. Dkt. No. 154. These devices, seized on October 19, 2020, contained information relating to Mr. Grigoryan, including contact information, photographs of Mr. Grigoryan, and identification cards in the name of Anton Kudiumov, who the government alleges is an alias of Mr. Grigoryan. *See* Dkt. No. 338 at 13; Dkt. No. 154 at 2 (alleging the Kudiumov alias). This evidence, obtained in violation of the Fifth Amendment, was handled, viewed, considered, and used by numerous agents and members of the prosecution team, *including the case prosecutors*, who provided these materials in discovery. As one of the case agents previously acknowledged, the materials seized from the digital devices allowed law enforcement officials to further their investigation and develop their theory of the case. Dkt. No. 338 at 12-13.

Although the grand jury returned the initial indictment in this matter on November 17, 2020, it did not charge Mr. Grigoryan until March 9, 2021. Dkt. Nos. 32, 154. At this point, the prosecution team had been in possession of, and had made use of, unconstitutionally obtained evidence – evidence which relates to Mr. Grigoryan – for nearly five months. Indeed, it was not until the prosecution team had considered and made use of the illegally-obtained evidence that the grand jury returned charges against Mr. Grigoryan.[1]

[1] The unconstitutionally obtained evidence also appears to have served as the impetus for the government approaching a witness who later became a confidential informant. Based on the government-produced summaries of that witness's interviews—all of which occurred after the government's pre-trial strategy was tainted—it appears that the government will call this witness to testify against Mr. Grigoryan. The government's decision to approach the witness, its discussions with her, and her potential testimony are tainted and could prejudice Mr. Grigoryan.

Mr. Grigoryan submits that the timing of the charging decision alone gives rise to an inference that the prosecution team used tainted information to further its case, particularly as it relates to Mr. Grigoryan. But Mr. Grigoryan does not need to show that the prosecution was tainted by the consideration of unconstitutionally-obtained evidence. On the contrary, the burden falls squarely on the government. It is the prosecution's "heavy burden" to show that "all evidence it proposes to use was obtained from legitimate independent sources" that are "*wholly independent* of the compelled testimony." *See* Dkt. No. 338 at 5 (quoting *Kastigar v. United States*, 406 U.S. 441, 460, 461-62 (1972)) (emphasis added). In addition, controlling Ninth Circuit law makes clear that the prosecution's trial strategy, as well as any presentations to the grand jury, must be wholly free of taint. *United States v. Danielson*, 325 F.3d 1054, 1072 (9th Cir. 2003). More broadly, the government must show that the compelled testimony was not "in any way used to build a case." *United States v. Montoya*, 45 F.3d 1286, 1293 (9th Cir. 1995). Every link in the prosecution chain must be free of taint. *United States v. Schmidgall*, 25 F.3d 1523, 1528 (11th Cir. 1994).

The Court has ordered the prosecution to put forth declarations by case agents regarding their consideration and use of the evidence obtained in violation of the Fifth Amendment. Dkt. No. 341. The government has moved for reconsideration of the Court's order. Dkt. No. 344.

Mr. Grigoryan respectfully submits that, given the fact that the entire prosecution team must be free of taint, any individual who possessed, reviewed, or discussed the tainted information at any time be required to testify and demonstrate that the taint did not affect their actions or decision-making process in any manner. This necessarily includes the prosecutors, who are responsible for "build[ing] a case" and presenting the case to the grand jury. And, as *Danielson* makes clear, the government must show that "all of its pre-trial and trial strategy was based on independent sources." *Danielson*, 352 F.3d at 1074. Mr. Grigoryan

submits that the Court's determination cannot be made without testimony from the prosecutors themselves. As result, he requests that the Court order all individuals who possessed, reviewed, or discussed the illegally-obtained evidence to provide testimony in this matter. It is the government's burden to show a lack of taint, and the defense is entitled to challenge the government's evidence through cross-examination. To ensure that the grand jury was completely unaffected by the evidence at issue, the Court should order the government to disclose the grand jury transcripts to the defense in advance of the hearing as well.

Moreover, as the government must show that its trial presentation is unaffected in any way by the evidence at issue, the Court should order that the government disclose its trial exhibits in advance of the hearing. No meaningful evaluation of the evidence that the government intends to use at trial can be had without actual consideration of the evidence itself. The government should not be able to admit evidence at trial that has not been analyzed and proven free of taint under *Kastigar*. Conducting the inquiry pretrial ensures that the trial will be free of any error resulting from the taint.

**CONCLUSION**

Mr. Grigoryan joins in the Motion filed by Mr. Ayvazyan and Ms. Terabelian, and requests that the Court keep the previously scheduled hearing on calendar. He additionally requests that the government be ordered to provide testimony from every individual who possessed, reviewed, or discussed the tainted evidence at any point. Similarly, the government should be ordered to provide its list of trial exhibits to ensure a full evaluation of the same at the *Kastigar* hearing.