TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:    Scott.Paetty@usdoj.gov
               Catherine.S.Ahn@usdoj.gov
               Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | NOTICE REGARDING DEFENDANT RICHARD AYVAZYAN'S DISCOVERY DEMANDS |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

|   |   |
|---|---|
| 1 | "Anton Kudiumov," |
|   | ARMAN HAYRAPETYAN, |
| 2 | EDVARD PARONYAN, |
|   |   aka "Edvard Paronian" and |
| 3 |     "Edward Paronyan," and |
|   | VAHE DADYAN, |
| 4 |   |
|   |             Defendants. |
| 5 |   |

Plaintiff the United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby submits this notice regarding defendant Richard Ayvazyan's discovery demands related to a Kastigar hearing.

This morning, at 1:34 a.m. Pacific, counsel for defendant Richard Ayvazyan sent a letter attached hereto as Exhibit A.  In his letter, counsel uses the Court's May 18, 2021 order scheduling a Kastigar hearing as a basis to demand discovery not ordered by the Court and beyond the scope of the government's discovery obligations. Counsel demands production of internal privileged communications, attorney work product, and grand jury materials from federal and state authorities, including:

- the U.S. Attorney's Office for the Central District of California;
- the Department of Justice Criminal Division;
- the Federal Bureau of Investigation;
- the Internal Revenue Service;
- the Small Business Administration Office of Inspector General;

2

- the Federal Housing Finance Agency Office of Inspector General;
- the Department of Homeland Security, the California Attorney General's Office;
- the State of California Department of Justice;
- the LAPD;
- and any other agencies "collaborating" on the investigation or prosecution.

Counsel demands the government produce this information, in its entirety, by Saturday, May 22, 2021. And counsel warns that production of all of this information by counsel's deadline is necessary "to ensure that our client's constitutional and statutory rights are protected."

Counsel's demands far exceed the scope of the Court's May 18 order, which is limited to the evidence seized from certain phones at the Miami airport, and the government's discovery obligations, generally outlined in Federal R. of Evid. 16 and Brady, but further elucidated in other Circuit precedent, including United States v. Skilling, 554 F.3d 529, 576-77 (5th Cir. 2009) (government's general disclosure duties do not include directing defendant to specific evidence within a larger mass of disclosed evidence) aff'd in part, vacated in part, remanded, 561 U.S. 358 (2010).[1] Not only is

---

[1] The government, for example, does not have possession of the entirety of the California Attorney General's investigation into the state-charged mortgage loan fraud investigation. Brady, as with Rule 16, generally applies to information that is in the government's possession. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (suppression of materials in prosecution's possession violates due process) and Fed. R. Evid. 16(a). Nor does the government agree that the California Department of Justice, or many other agencies listed in their letter, are members of the United States government's
*(footnote cont'd on next page)*

counsel's demand far beyond the scope of this Court's order, as a practical matter, the government is not able to gather, review and produce such voluminous discovery from ten-plus federal and state agencies within the 48-hour deadline unilaterally imposed by counsel, let alone do so while also timely responding to the Court-ordered deadlines to submit a written response to defendant's motion (May 24), participate in a hearing (May 26), and disclose the government's exhibits and witness list for an eight-defendant trial (June 1).  Nor does counsel appear to contemplate that its improper demands actually could be met.  Indeed, the practical effect of counsel's letter is to manufacture a basis to seek compulsion, sanctions, dismissal, or appeal in the event the Court decides to proceed with a Kastigar hearing and denies the relief defendant seeks.

---

prosecution team.  The government expects that defendant Ayvazyan, who is a named defendant in the state case, will receive discovery from the state.  In an effort to facilitate access, however, the government facilitated defendants' contact with the California Attorney General's office who are providing the materials from their investigation to defendants, directly.  The government neither has possession, custody, or control of the California Attorney General's investigation nor the full scope of their investigative materials.  Defendants are apparently now demanding that the federal government take possession of materials from another prosecuting authority and provide it directly.

4

| | | |
|---|---|---|
| 1 | Dated: May 20, 2021 | Respectfully submitted, |
| 2 | | TRACY L. WILKISON |
| | | Acting United States Attorney |
| 3 | | |
| | | BRANDON D. FOX |
| 4 | | Assistant United States Attorney |
| | | Chief, Criminal Division |
| 5 | | |
| | |      /s/ |
| 6 | | CATHERINE AHN |
| | | SCOTT PAETTY |
| 7 | | BRIAN FAERSTEIN |
| | | Assistant United States Attorneys |
| 8 | | CHRISTOPHER FENTON |
| | | Department of Justice Trial Attorney |
| 9 | | |
| | | Attorneys for Plaintiff |
| 10 | | UNITED STATES OF AMERICA |