# Exhibit A

Ashwin J. Ram
213 439 9443
aram@steptoe.com



633 West Fifth Street, Ste. 1900
Los Angeles, CA 90071
213 439 9400 main
www.steptoe.com

May 20, 2021

By Electronic Mail

Christopher Fenton, Trial Attorney
Catherine Ahn, Assistant United States Attorney
Scott Paetty, Assistant United States Attorney
U.S. Attorney's Office for the Central District of California
312 N Spring St.
Los Angeles, CA 90012

   Re: *United States v. Richard Ayvazyan et al.*, No. 20-cr-579 (SVW)
      <u>Outstanding Discovery</u>

Dear Counsel:

  We write regarding discovery that we need the government to promptly produce in order to ensure that our client's constitutional and statutory rights are protected. We request that the government promptly produce the following four categories of information or documents. We request that the government produce all information or documents responsive to Category One by May 22, 2021 and produce all information or documents responsive to Categories Two, Three, and Four by May 24, 2021.

  Each of these requests apply to all members of the government's team including but not limited to the U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, the Federal Housing Finance Agency Office of Inspector General, the Department of Homeland Security, the California Attorney General's Office, the State of California Department of Justice, the LAPD, and any other agencies collaborating on the investigation or prosecution.

  As with our previous requests,[1] this request includes information that has not been memorialized even if the request does not explicitly reference that distinction. The request for documents or evidence includes, but is not limited to, all papers, letters, reports, memoranda, calendar entries, e-mails, text messages, app-based messages (including but not limited to Skype, Slack, Signal, WhatsApp, or similar apps), notes, instant messages, other computer facilitated or

---

[1] Our previous discovery requests remain continuing in nature and are not withdrawn.

BEIJING BRUSSELS CHICAGO HONG KONG LONDON LOS ANGELES NEW YORK SAN FRANCISCO WASHINGTON

Government Exhibit A - Page 1 of 4



May 20, 2021
Page 2

transmitted materials, images, photographs, logs, or recordings, and all copies or portions thereof, and any other written, recorded, or memorialized material.

### Category One: Information and Documents Regarding *Kastigar* Taint

The government has thus far refused to substantively respond to the seven requests in our May 7, 2021 letter (Dkt. 338-3) because it believed that *Kastigar* does not "appl[y] here," (Dkt. 338-4). The Court has rejected the government's belief and set a *Kastigar* hearing. The information requested in that letter and below is material to the defense of our client and necessary for our hearing preparation. We therefore request that the government produce the following information and documents by May 22, 2021 so that we can prepare for the *Kastigar* hearing:

- All of the government's internal prosecution and/or indictment memoranda summarizing the evidence and theories that supported the charges in the indictment and/or superseding indictment.

- Any presentations, memoranda, or debriefing information provided to the agents executing search warrants with the name of each agent who received each presentation, memorandum, or debriefing and the search to which it corresponded.

- Identification of all documents or files on the tainted phones that were reviewed by any member of the government including for each file or document reviewed, the person or persons who reviewed it, the date of review, any other person or persons who received any information or work product derived in any way from this document or file, the date of such receipt, and all information related to the government's review or use of the tainted document or file.

- All subpoenas issued after October 19, 2020 with identification of which documents were produced in response to each subpoena. Please indicate whether you contend that each subpoena was "derived from a legitimate source wholly independent of compelled testimony" and provide all facts supporting that contention.

- All logs, work product, or other information proving that any files received prior to October 19, 2020 were in fact reviewed and flagged as responsive or relevant.

- A list of all witnesses who were interviewed after October 19, 2020, including indication of whether the witnesses were questioned regarding any of the topics related to the tainted evidence or exposed to any tainted document or file or any other tainted evidence.

- All transcripts from both grand juries and identification of any testimony that was derived directly or indirectly from the tainted evidence.

- All evidence submitted to both grand juries and identify any submissions that were derived directly or indirectly from the tainted evidence.



May 20, 2021
Page 3

- A description of all actions taken to ensure that the taint of unlawfully seized evidence has been entirely purged.

- The November 16, 2020 FD-302 from S.A. Palmerton states that he opened and searched the photographs on five digital devices and took 65 photographs. Dkt. 338-6. Please produce the 65 photographs taken or identify them by Bates number. Please produce a similar summary of all other review of the tainted devices.

Category Two: *Brady* Evidence from Other Agencies Participating in the Prosecution

On May 7, 2021, we asked the government several basic questions about its *Brady* obligations in light of the expansive government team involved in investigating and/or prosecuting this case. The government is obligated to produce documents and information—whether or not memorialized—in any such agency's custody or control that is material to preparing the defense; is favorable to the defense; would tend to contradict any of the government's evidence or argument; would tend to support any of the defense's stated or anticipated arguments including those listed in our November 18, 2020 discovery letter and subsequent statements to the Court; would tend to impeach any government witness; would tend to cast doubt on the accuracy or admissibility of witness testimony on which the prosecution may rely; is relevant to sentencing; or would tend to exculpate Ayvazyan or mitigate his culpability in any respect, and documents or information could lead to the discovery of evidence that would do the same. In its May 17, 2021 email, the government claimed it had responded to this request in a court filing. The government is incorrect; its court filing did not respond to the May 7 letter. We therefore request that the government produce the following information and documents by May 24, 2021:

- A description of all efforts (along with all documentation supporting that description) to ensure that discovery was produced from each of the following agencies: U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, the Federal Housing Finance Agency Office of Inspector General, the Department of Homeland Security, the California Attorney General's Office, the State of California Department of Justice, the LAPD, and any other agencies collaborating on the investigation or prosecution.

- A log of all communications regarding Mr. Ayvazyan or any of his co-defendants (or related cases) between the U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, or the Federal Housing Finance Agency Office of Inspector General, on the one hand, and the California Attorney General's Office, the State of California Department of Justice, the LAPD, and other California state and local authorities on the other. Please memorialize the date of the communication, location or medium of communication, each person present for the communication, and the substance of the communication. To the extent that the government argues any communication need not be memorialized or produced, promptly produce a log identifying that communication, as much of the

May 20, 2021  
Page 4



information as the government is capable of producing, and a complete explanation for the government's unwillingness to memorialize or produce the communication.

- A description of all documents or information shared with any agency participating in the state investigation or prosecution (including but not limited to the California Attorney General's Office, the State of California Department of Justice, the LAPD, and other California state and local authorities) and the date on which such discovery was shared. In particular, identify with particularity all documents or information shared after October 19, 2020.

- The entirety of the discovery in the state case and an index of discovery, as referenced in the government's May 3, 2021 letter.

- Identification of where the Dec. 28, 2020 emails from James Harbin (FHFA-OIG) came from, Mr. Harbin's involvement with the prosecution team, when they were provided to the prosecution team, whether these emails were produced earlier, and if not, why they were not produced until now.  See DOJ_PROD_0000163247-DOJ_PROD_0000163251.

<u>Category Three: Information Regarding the Responsiveness Review of<br>Seized Devices 1B17, 1B21, 1B81, and 1B85</u>

We reiterate our requests for information and documents from our May 13, 2021 letter. Although the government has since produced the filings for extensions, it has not responded to our May 13, 2021 letter, cited any legal authority for those extensions being filed without notice to the device owners or possessors, or responded to the majority of the remaining seven inquiries. We request that the government produce the information and documents referenced in the May 13 letter by May 24, 2021.

<u>Category Four: Notice of the Core Allegations for Trial</u>

We reiterate our May 12, 2021 request that the government provide a list of the 151 loans that it alleges were part of the conspiracy in the indictment. We further request that the government identify which of these loans it intends to prove at trial. We request that the government provide this information by May 24, 2021.

Sincerely,

*/s/ Ashwin J. Ram*  
Ashwin J. Ram  
STEPTOE & JOHNSON LLP  
633 West Fifth Street, Suite 1900  
Los Angeles, CA 90071  
aram@steptoe.com

*Counsel for Defendant Richard Ayvazyan*