| | |
|---|---|
| Ashwin J. Ram (SBN 227513) | John L. Littrell (SBN 221601) |
| *aram@steptoe.com* | *jlittrell@bklwlaw.com* |
| Michael A. Keough (SBN 327037) | Ryan V. Fraser (SBN 272196) |
| *mkeough@steptoe.com* | *rfraser@bklwlaw.com* |
| Meghan L. Newcomer (*pro hac vice*) | **BIENERT KATZMAN LITTRELL** |
| *mnewcomer@steptoe.com* | **WILLIAMS, LLP** |
| Nicholas P. Silverman (*pro hac vice*) | 601 W. 5th Street, Suite 720 |
| *nsilverman@steptoe.com* | Los Angeles, CA 90071 |
| **STEPTOE & JOHNSON LLP** | Telephone: (213) 528-3400 |
| 633 West Fifth Street, Suite 1900 | Facsimile: (949) 369-3701 |
| Los Angeles, CA 90071 | |
| Telephone: (213) 439-9400 | *Counsel for Defendant Marietta Terabelian* |
| Facsimile: (213) 439-9599 | |

*Counsel for Defendant Richard Ayvazyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>RICHARD AYVAZYAN,<br>MARIETTA TERABELIAN,<br>*et al.*,<br><br>　　　　Defendants. | Case No. 20-cr-579 (SVW)<br><br>**RESPONSE TO NOTICE REGARDING DISCOVERY REQUEST**<br><br>Hon. Stephen V. Wilson |

The defendants have spent weeks asking the government for discovery about the extent of the non-evidentiary and evidentiary use of the tainted evidence at issue in the *Kastigar* hearing that the Court has set for next week, but the government proclaims ignorance of why it must produce discovery regarding evidentiary and non-evidentiary uses. To be clear, as with *United States v. Benson*, the taint of the non-evidentiary use of tainted information is what will require, at a minimum, that the prosecution team be disqualified. *United States v. Benson*, No. 12-cr-480, 2016 WL 215233, at *4 (N.D. Cal. Jan. 19, 2016) ("The Court finds that binding precedent does indeed cover non-evidentiary uses, including adjustments to trial strategy in light of knowledge of such statements. Accordingly, trial cannot proceed with the current trial team."). Prohibited uses include using tainted information to interpret evidence, focus the investigation, develop pre-trial strategy, build a case, develop investigatory leads, identify or work with a witness, decide to initiate prosecution, refuse to plea bargain, and plan or adjust trial strategy in any way whatsoever. *See* Joint Motion for *Kastigar* Hearing, to Disqualify the Prosecution Team, and to Dismiss at 8-9 (Dkt. 338). The government cannot compel a person to make a testimonial communication and use the tainted fruits *in any respect*. That is why formal or informal immunity, including act of production immunity, is typically granted only at the end of an investigation and why compelled statements frequently lead to the disqualification or replacement of prosecutors and agents exposed to tainted information. *See id.* at 11-12 & n.16 (collecting cases). Where, as here, the taint occurred at the outset and the tainted information became the basis of the government's "charging theory" (*see* Dkt. 351 at 16), it logically follows that prohibited use of the tainted information has occurred.

But it is the government that bears the heavy burden of proof, not the defendants. *See Kastigar v. United States*, 406 U.S. 441, 460 (1972). The government can either attempt to carry its burden of proof or it can dismiss the case. If the government does

1
RESPONSE TO NOTICE REGARDING DISCOVERY REQUEST

not want to produce the information requested by the defense,[1] which forms the foundational core upon which the defense and Court will need to assess non-evidentiary and evidentiary use of tainted information, then the government is free to dismiss the case as Ayvazyan and Terabelian have requested. The argument that the government is entitled to hide evidence of the scope of its own prohibited use of tainted information, however, is unreasonable, unfair, and should not be credited.

The government's other complaints can be dismissed out of hand. The government complains about the timeline for producing *Brady* information and information about the exposure of different parts of the prosecution team to tainted evidence, but the defendants requested this *Brady* information back on November 18, 2020, and have continued requesting it ever since, including in a May 7, 2021 letter. It is not the defendants' fault that the government has not responded to their requests other than saying that it would "get back to you as soon as we can." Likewise, it is not the defendants' fault that the government has roped a multitude of agencies into a sprawling investigation and prosecution. Every agency on the list has participated in either investigating or prosecuting this case. The government does not dispute any particular agency's involvement in the investigation or prosecution because it cannot. For example, the state investigation team has participated in the investigation since at least November 5, 2020—when it participated in executing the search warrants *in this case*, *see e.g.*, Nov. 6, 2020 Mem. of Activity (DOJ_PROD_0000162787, produced on May 13, 2021) (noting that the lead investigator on the state case who had referred that case to the FBI/USAO in 2017 "conducted the search" in this case at co-defendant

---

[1] The requested information is necessary for the government to carry its burden of proof. For example, the defense requests the government's prosecution memorandum because that is necessary to show that at the time the government initiated prosecution, it did not do so with any tainted information in mind. As another example, the defense requests the information provided to agents executing search warrants because that is necessary to prove that when the agents selected which items were alleged evidence (as required by the warrant as the Court has held), they did not make that selection with any tainted information in mind. The government must prove that each part of its pre-trial strategy was not infected by the tainted information. It is a heavy burden, but that is precisely what it is supposed to be.

2
RESPONSE TO NOTICE REGARDING DISCOVERY REQUEST

Dadyan and Artur Ayvazyan's home); Nov. 9, 2020 FD-302 (DOJ_PROD_ 0000152511, produced on Mar. 15, 2021) (noting that three LAPD task force officers participated in the search *in this case* at Residential Property 2 (allegedly owned by Ayvazyan))—and likely have continued consulting, investigating, and working with the rest of the prosecution team ever since. The government has referenced the other agencies in press releases, discovery productions, or other documents as collaborators in this investigation or prosecution. *Brady*, Rule 16, and the state of California's ethical rules applies to every part of the prosecution team. It is not unreasonable to ask the government to adhere to its *Brady*, statutory, and ethical obligations.

Accordingly, if the government does not intend to produce the requested materials by May 22, then the Court should order it to do so by May 24.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Dated: May 20, 2021            Respectfully submitted,

**STEPTOE & JOHNSON LLP**

<u>/s/ Ashwin J. Ram</u>
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

**BIENERT KATZMAN LITTRELL WILLIAMS, LLP**

<u>/s/ John L. Littrell</u>
John L. Littrell (SBN 221601)
*jlittrell@bklwlaw.com*
Ryan V. Fraser (SBN 272196)
*rfraser@bklwlaw.com*
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

4
RESPONSE TO NOTICE REGARDING DISCOVERY REQUEST