TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:    Scott.Paetty@usdoj.gov
            Catherine.S.Ahn@usdoj.gov
            Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 302-0539/(202) 941-4529
    Facsimile: (202) 514-0152
    E-mail:    christopher.fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-00579-SVW |
|         Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT RICHARD AYVAZYAN'S AND DEFENDANT MARIETTA TERABELIAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR FELONY CONVICTIONS; EXHIBITS |
|         v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>     "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>     "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN, | Hearing Date: June 7, 2021<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the<br>          Honorable Stephen<br>          V. Wilson |

```
     aka "Mike Grigoryan," and
         "Anton Kudiumov,"
 ARMAN HAYRAPETYAN,
 EDVARD PARONYAN,
    aka "Edvard Paronian" and
         "Edward Paronyan," and
 VAHE DADYAN,

            Defendant.
```

Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton (collectively, the "government"), hereby files its opposition to defendant Marietta Terabelian's and defendant Richard Ayvazyan's motion _in_ _limine_ to exclude evidence of their prior convictions (ECF 340).

This motion is based upon the attached memorandum of points and

//

1 | authorities and exhibits, the files and records in this case, and

2 | such further evidence and argument as the Court may permit.

3 | Dated: May 24, 2021                Respectfully submitted,

4 |                                    TRACY L. WILKISON
                                       Acting United States Attorney
5
                                       BRANDON D. FOX
6 |                                    Assistant United States Attorney
                                       Chief, Criminal Division
7
                                            /s/
8 |                                    _____
                                       SCOTT PAETTY
9 |                                    CATHERINE S. AHN
                                       BRIAN FAERSTEIN
10 |                                   Assistant United States Attorneys

11 |                                   CHRISTOPHER FENTON
                                       Trial Attorney, Department of
12 |                                   Justice

13 |                                   Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION....................................................1

II.   STATEMENT OF FACTS..............................................2

      A.    Defendants Ayvazyan's and Terabelian's Offense Conduct
            In This Case..............................................2

      B.    Defendants' Prior Convictions for Conspiracy to Commit
            Bank Fraud................................................3

            1.    Defendant Ayvazyan's Prior Conviction for
                  Conspiracy to Commit Bank Fraud.....................3

            2.    Defendant Terabelian's Prior Conviction for
                  Conspiracy to Commit Bank Fraud.....................4

III.  ARGUMENT........................................................5

      A.    Defendants' Prior Conspiracy to Commit Bank Fraud
            Convictions Are Admissible Under Rule 404(b)..............6

            1.    The Defendants' Prior Fraud Is Similar to the
                  Charged Offenses and Probative of Intent to
                  Defraud and Identity................................8

            2.    Defendants' Prior Convictions from 2012 Are
                  Sufficiently Recent to Warrant Admission...........13

      B.    Rule 403 Does Not Require Exclusion of Evidence of
            Defendants' Bank Fraud Convictions.......................13

      C.    If Defendants Testify, Rule 609 Requires Admission of
            Defendants' Prior Convictions............................15

IV.   CONCLUSION.....................................................17

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE

**Federal Cases**

Huddleston v. United States,
    485 U.S. 681 (1988) ....................................... 5, 11

United States v. Bailleaux,
    685 F.2d 1105 (9th Cir. 1982) ............................. 14

United States v. Beckman,
    298 F.3d 788 (9th Cir. 2002) .............................. 13

United States v. Blitz,
    151 F.3d 1002 (9th Cir. 1998) ............................. 14-15

United States v. Canaday,
    466 F.2d 1191 (9th Cir. 1972) ............................. 17

United States v. Curtin,
    489 F.3d 935 (9th Cir. 2007) .............................. passim

United States v. DeBight,
    632 F.2d 1354 (9th Cir. 1984) ............................. 11

United States v. Diggs,
    649 F.2d 731 (9th Cir. 1981) .............................. 13, 14

United States v. Dow,
    457 F.2d 246 (7th Cir. 1972) .............................. 17

United States v. Evans,
    796 F.2d 264 (9th Cir. 1986) .............................. 10

United States v. Ford,
    632 F.2d 1354 (9th Cir. 1980) ............................. 11

United States v. Hadley,
    918 F.2d 848 (9th Cir. 1990) .............................. 15

United States v. Howell,
    231 F.3d 615 (9th Cir. 2000) .............................. 15

United States v. Jenkins,
    785 F.2d 1387 (9th Cir. 1986) ............................. 10

United States v. Leyva,
    659 F.2d 118 (9th Cir. 1981) .............................. 16

United States v. Luna,
    21 F.3d 874 (9th Cir. 1994) ............................... 12

ii

1

**TABLE OF AUTHORITIES (CONTINUED)**

2  DESCRIPTION                                                                PAGE

3  United States v. Murillo,
4      255 F.3d 1169 (9th Cir. 2001)  ...................................  7

   United States v. Patterson,
5      819 F.2d 1495 (9th Cir. 1987)  ...................................  15
6
   United States v. Ross,
7      886 F.2d 264 (9th Cir. 1989)  ....................................  13
8
   United States v. Rude,
       88 F.3d 1538 (9th Cir. 1996)  ....................................  13
9
   United States v. Sager,
10     277 F.3d 1138 (9th Cir. 2000)  ...................................  11

11 United States v. San Martin,
12     505 F.2d 918 (5th Cir. 1974)  ................................  9, 12

   United States v. Simas,
13     937 F.2d 459 (9th Cir. 1991)  ....................................  14
14
   United States v. Simtob,
15     901 F.2d 799 (9th Cir. 1990)  ....................................  13

16 United States v. Smith,
       282 F.3d 758 (9th Cir. 2002)  ....................................  13
17
   United States v. Spillone,
18     879 F.2d 514 (9th Cir. 1989)  ................................  7, 13

19 United States v. Thompson,
       221 F. App'x 622, n.1 (9th Cir. 2007)  ..........................  11
20
   U.S. v. Field,
21     625 F.2d 862 (9th Cir. 1980)  ....................................  16

22 Weiss v. United States,
       122 F.2d 675 (5th Cir. 1941)  ....................................  9

23 **Federal Statutes**

24 18 U.S.C. § 371  ...........................................  1, 3, 16

25 18 U.S.C. § 1344(2)  ............................................  8

26 28 U.S.C. § 1732  ..............................................  7

27

28

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Richard Ayvazyan and defendant Marietta Terabelian (collectively, "defendants"), were convicted in federal court in this district in 2012 of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371.  In pleading guilty in that case, defendants admitted to conduct that is very similar to that alleged in this case:  namely, conspiring with each other to defraud multiple federally-insured banks and lenders by fraudulently inflating income and submitting false documents, including false federal tax forms and tax returns, in support of false loan applications.

Defendant has filed a motion _in limine_ to exclude evidence of their prior convictions on the ground that such evidence would amount to impermissible propensity evidence.  (CR 340 ("Motion").) Defendants' motion should be denied.  The government is permitted under Rule 404(b) of the Federal Rules of Evidence to introduce evidence of defendants' prior fraud convictions to prove defendants' identity, motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, and lack of accident in committing the criminal conduct charged in this case.  Evidence of defendants' prior convictions is highly probative because, among other reasons, the factual similarities of defendants' past and current crimes rebut their defense that they lacked intent to defraud, were merely unwitting recipients of fraudulent loan proceeds, and that others, not them, falsified the supporting documents for the fraudulent Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") applications at issue in this case.  Furthermore, should either defendant Ayvazyan or defendant Terabelian testify at trial,

under Rule 609 of the Federal Rules of Evidence, the government intends to admit evidence of the convictions to impeach their trial testimony.

## II.   STATEMENT OF FACTS

### A.   Defendants Ayvazyan's and Terabelian's Offense Conduct In This Case

As the COVID-19 pandemic spread across the country last year, wreaking havoc on small businesses, defendants conspired with each other and others to submit fraudulent loan applications to federally-insured banks and the United States Small Business Association ("SBA") and obtain millions of dollars in COVID-19 economic relief funds from the PPP and EIDL programs.  In so doing, defendants and their coconspirators made numerous false representations in the loan applications such as, among other things, that the applicants had employees for whom they paid wages and payroll taxes, and falsely certified that they would use the proceeds only for permissible business purposes, and submitted fake documents such as fake Internal Revenue Service ("IRS") Forms with their loan applications. Defendants and their coconspirators then laundered the proceeds through bank accounts that defendants and their coconspirators controlled.  Defendants and their coconspirators used the proceeds for personal expenses prohibited under PPP and EIDL program requirements, such as to purchase residential properties, gold coins, diamonds, jewelry, luxury watches, fine imported furnishings, designer handbags and clothing, cryptocurrency, and securities.

**B.    Defendants' Prior Convictions for Conspiracy to Commit Bank Fraud**

In 2012, defendants were convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 in United States v. Ayvazyan et al., No. 8:11-CR-180-CJC (C.D. Cal.).  The government has obtained records of the defendants' plea agreements and the Judgment and Commitment Orders in that case, and they are attached as exhibits hereto and incorporated by reference.  (See Exs. 1, 2, 3, 4.)

As discussed in more detail below, defendants' convictions were based on their admitted submission of loan applications with falsely inflated income to obtain loans/lines of credit they would not have qualified for based on their actual income.  Defendants substantiated the stated false income with false W-2 tax forms and false tax returns.  On January 26, 2012, defendants each pleaded guilty to one count of conspiracy to commit bank fraud.  (No. 8:11-CR-180-CJC; CR 61, 62).  In their plea agreements, defendants admitted the following facts, among others.

1.    Defendant Ayvazyan's Prior Conviction for Conspiracy to Commit Bank Fraud

From November 2007 to June 2011, defendant Ayvazyan conspired with his wife, defendant Terabelian, to defraud Bank of the West, Bank of America, and Chase Bank, all federally-insured financial institutions by, among other things, "falsely inflat[ing] their income in applications for residential mortgages and lines of credit."  (Ex. 1 ¶ 10.)  As part of the scheme, defendants provided false documentation to the banks, "including false W-2s and false tax returns, to substantiate the stated false income."  (Id.)  Based on these false statements, Bank of America and Bank of the West extended

3

loans and line of credit to defendants that they did not qualify for based on their income.  (Id.)

For example, on or about November 6, 2007, defendant Ayvazyan falsely reported that his monthly income was $44,000 in a Bank of America application for a $500,000 home equity line of credit ("HELOC") on his residence on Encino Avenue in Encino, California (the "Encino Avenue Residence"), when in truth he earned significantly less.  (Id.)  Once the HELOC was funded, defendant Ayvazyan withdrew the entire $500,000 and transferred the funds to his personal Bank of America account held jointly with defendant Terabelian.  (Id.)

Then, in July 2010, defendant Ayvazyan sold the Encino Avenue Residence in a short sale to his mother that resulted in a significant loss to Chase Bank.  (Id.)  In furtherance of that fraudulent short sale, defendant Ayvazyan caused his mother to submit a letter to the bank falsely stating that she was not related to the owner of the Encino Avenue Residence, and based on that letter, Chase Bank completed the short sale.  (Id.)

2.   Defendant Terabelian's Prior Conviction for Conspiracy to Commit Bank Fraud

Defendant Terabelian also admitted to conspiring with defendant Ayvazyan to commit bank fraud by providing Bank of the West with false and fraudulent documents in support of a loan application in which she falsely inflated her income.  (Ex. 2 ¶ 10.)  The conspiracy began in and around November 2007 and continued to June 2011.  (Id.) Defendant Terabelian admitted that, in furtherance of her conspiracy with defendant Ayvazyan, she provided Bank of the West with false W-2 tax forms and tax returns in connection with loan and HELOC

applications for her residence located on Genesta Avenue in Encino, California (the "Genesta Avenue Residence").  (Id.)  In those applications, defendant Terabelian falsely reported that her wages were $209,208 in 2008 and $215,904 in 2009,[1] when in fact, she earned less than $20,000 in those years.  (Id.)  Defendant Terabelian further falsely stated in her loan applications for the Genesta Avenue Residence that she made $17,992 a month when, in fact, she did not earn any income. (Id.)

## III. ARGUMENT

As the Supreme Court, the Ninth Circuit, and other courts have repeatedly held, evidence of prior false and misleading statements – particularly when made to obtain money or property from others – is admissible under Rule 404(b) in a subsequent prosecution.  See Huddleston v. United States, 485 U.S. 681 (1988); United States v. Curtin, 489 F.3d 935, 953 (9th Cir. 2007) (citing cases from the Fifth, Sixth, and Seventh Circuits).  Here, such evidence would be probative of defendants' identity, state of mind, their intent to defraud, their knowledge of and intent to participate in a conspiracy to commit bank fraud with co-defendants, and the absence of a mistake or accident regarding the PPP and EIDL loan fraud charged in this case.  The prior convictions are admissible under Rule 404(b) and should be admitted in the government's case-in-chief because their probative value is not substantially outweighed by the danger of unfair prejudice.  Additionally, this evidence is admissible for

---

[1] Exhibit 2 appears to contain a typographical error in that it lists 2209 for the year of the offense conduct.  The correct year appears to have been 2009.

5

impeachment purposes if either defendant testifies at trial pursuant to Rule 609.[2]

### A. Defendants' Prior Conspiracy to Commit Bank Fraud Convictions Are Admissible Under Rule 404(b)

In a prosecution involving fraud, evidence regarding a defendant's prior involvement in other frauds or false statements meets the test of Rule 404(b).  That Rule states in relevant part:

> Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

Rule 404(b) is a "rule of inclusion," not exclusion.  <u>Curtin</u>, 489 F.3d at 944.  Evidence covered by Rule 404(b) is admissible if it is "relevant in such a way as to avoid being nothing more than character or propensity evidence."  <u>Id</u>. at 943, n.3.  Other acts evidence admitted under Rule 404(b) requires only "some connection" between the reason for introducing the prior act and the nature of the crimes charged".  <u>Id</u>. (citation omitted).  Once it has been established that the evidence offered serves one of the purposes approved in Rule 404(b), the "only" conditions justifying the exclusion of the evidence are those described in Rule 403: unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  <u>Id.</u> at 944.

---

[2] Defendant Ayvazyan was also convicted in 1999 of grand theft. (Mot. at 11-12.)  The government will not seek to introduce evidence of that conviction either in its case-in-chief or on cross-examination.

The Ninth Circuit has confirmed that this principle applies to evidence of a defendant's prior convictions. See United States v. Spillone, 879 F.2d 514, 520 (9th Cir. 1989) ("Frequently, evidence of intent is circumstantial and less strong than it might be. Under these circumstances, courts permit the introduction of prior crimes.").

Defendants' prior convictions for conspiracy to commit bank fraud fall squarely in the heartland of admissible evidence under Rule 404(b). The Ninth Circuit has adopted a four-part test to determine admissibility under Rule 404(b) of a defendant's prior act:

(1) evidence of the prior act must be sufficient to support a finding that the defendant committed the other act;

(2) the prior act must be introduced to prove a material issue;

(3) the prior act must not be too remote in time; and

(4) if admitted to prove intent, the prior act must be similar to the offense charged.

United States v. Murillo, 255 F.3d 1169, 1175 (9th Cir. 2001).

Here, the first two prongs are easily met. The official copies of defendants Ayvazyan and Terabelian's conviction records obtained through the Public Access to Court Electronic Records ("PACER") system are sufficient to demonstrate that defendants previously conspired with each other to commit bank fraud involving fraudulent loan applications.[3] Defendants' prior bank fraud convictions will

---

[3] An electronic record made and kept in the regular course of business by any department or agency of the government that is satisfactorily identified as such "is as admissible in evidence as the original itself in any judicial or administrative proceeding . . . ." 28 U.S.C. § 1732. The electronic records made and kept by the United States District Court for the Central District of California through PACER, satisfactorily identified as such through

also bear on material issues in this case, namely, defendants'
identity, knowledge and intent to defraud, and the absence of a
mistake or accident when submitting falsified documents to obtain
loans.  Defendants essentially concede this conclusion and only
challenge the recency and similarity prongs. (Mot. at 5-11.)  But
evidence of the defendants' prior convictions for fraudulently
obtaining loans and lines of credit is sufficiently recent and
similar to the currently alleged crimes to merit admission under Rule
404(b).

> 1.   The Defendants' Prior Fraud Is Similar to the Charged
>      Offenses and Probative of Intent to Defraud and
>      Identity

Defendants' prior convictions are very similar to their conduct
charged in this case.  In both cases, the same individuals, who are
husband and wife, conspired with each other to fraudulently obtain
loans from federally-insured banks by submitting and causing to be
submitted fake tax documents, false information, and using the name
of a close relative.  (Compare Ex. 1 ¶ 10 and Ex. 2 ¶ 10 with ECF 154
at 24, 36.)

Defendants are charged with, among other things, conspiracy to
commit bank fraud and wire fraud, and substantive counts of bank
fraud.  Bank fraud under 18 U.S.C. § 1344(2) requires the government
to prove that defendants acted with intent to defraud a financial
institution, that they knowingly carried out a scheme to obtain money
from a financial institution by making false statements, and that
they knew of the falsity of the statements they made.

---

the Electronic Court Filing ("ECF") stamp on the header, are
therefore admissible.

1    Defendant's prior convictions for essentially the same offense,

2  conspiracy to commit bank fraud, required the government to prove

3  that defendants knowingly agreed to commit bank fraud and that they

4  knowingly engaged in an overt act to help accomplish that object.

5  Defendants' guilty plea and admission that they knowingly

6  participated in a conspiracy that involved submitting false documents

7  and information in connection with loan applications is highly

8  probative of defendants' knowledge and intent with respect to the

9  bank fraud conspiracy and substantive counts charged here.  Like with

10  the prior convictions, defendants are alleged to have submitted

11  falsified information in connection with loan applications, including

12  identity, tax documents, and payroll reports and information.

13    Courts have recognized that the probative value of prior

14  convictions in the 404(b) context is even greater when the prior acts

15  involve fraud, dishonesty, or false statements.  See, e.g., United

16  States v. San Martin, 505 F.2d 918, 923 (5th Cir. 1974) ("Prior

17  crimes involving deliberate and carefully premeditated intent – such

18  as fraud and forgery – are far more likely to have probative value

19  with respect to later acts than prior crimes involving a quickly and

20  spontaneously formed intent, such as assault"); Weiss v. United

21  States, 122 F.2d 675, 682 (5th Cir. 1941) (admission of prior crimes

22  evidence applies where "crime charged is one of a series of swindles

23  or other crimes involving a fraudulent intent, or where crime charged

24  is part of a plan or system of criminal action").

25    Defendants' arguments that the type and scope of the fraud weigh

26  against finding similarity here (Mot. at 7-8) ring hollow in light of

27  cases affirming admission of 404(b) evidence in analogous contexts.

28  For example, in United States v. Jenkins, 785 F.2d 1387 (9th Cir.

1    1986), a prosecution for conspiracy to defraud the government through

2    false statements in a Federal Housing Administration loan

3    application, the government introduced evidence that the defendant

4    had previously used fraudulent means to secure other loans.  The fact

5    that the prior bad acts related to conventional loans rather than

6    federal loan assistance programs made no difference.  The Ninth

7    Circuit held that such evidence was properly admitted under Rule

8    404(b) as evidence of intent, knowledge, bad faith, and absence of

9    mistake.  Id. at 1395-96.  It follows then, that although defendants'

10   prior conviction for fraud concerned residential mortgages, not

11   disaster relief loans, it does not foreclose the admissibility of

12   those convictions under 404(b).  Moreover, defendants' comparison of

13   the scope of the loss due to the current scheme (Mot. at 7-8), misses

14   the point of 404(b).  The Ninth Circuit has held that evidence is

15   admissible under Rule 404(b) to show fraudulent intent even though

16   the underlying crimes were different in some respects.  See e.g.,

17   United States v. Evans, 796 F.2d 264, 265 (9th Cir. 1986) (evidence

18   of the defendant's prior convictions for false statements and mail

19   and securities fraud relevant to show fraudulent intent in a

20   prosecution for mail fraud and embezzlement).

21        Furthermore, evidence falling within the scope of Rule 404(b) is

22   most often admitted for the purpose of proving the defendant's state

23   of mind when that is a matter in dispute.  "[W]here there is thrust

24   upon the government, either by virtue of the defense raised by the

25   defendant or by virtue of the elements of the crime charged, the

26   affirmative duty to prove that the underlying prohibited act was done

27   with a specific criminal intent, other acts evidence may be

28   introduced under Rule 404(b)."  Curtin, 489 F.3d at 943, n.3

10

(emphasis and citation omitted).  As the Supreme Court has noted, "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Huddleston, 485 U.S. at 685.

Importantly, defendants have put knowledge and intent squarely at issue in this case by repeatedly asserting that they were merely the innocent and unwitting recipients of millions of dollars of fraudulently obtained loan proceeds, which they used to purchase luxury real estate and other goods and services.  And the Ninth Circuit has repeatedly held that in fraud cases, evidence of prior crimes involving fraud, dishonesty or false statements is admissible as probative of fraudulent intent, and to negate claims of good faith or ignorance.  See, e.g., United States v. Ford, 632 F.2d 1354, 1375-76 (9th Cir. 1980) (evidence of embezzlement of funds from a trust admissible to prove intent to embezzle funds in a pension credit scheme) (rejected on other grounds by United States v. DeBight, 632 F.2d 1354 (9th Cir. 1984); United States v. Sager, 227 F.3d 1138, 1148 (9th Cir. 2000) (evidence of prior conviction for mail fraud held admissible in prosecution for mail theft and possession of stolen mail, to rebut defense claims of innocent explanation for presence and conduct at scene of offense); see also United States v. Thompson, 221 F. App'x 622, 623 n.1 (9th Cir. 2007) (defendant put both knowledge and intent to commit fraud at issue by claiming that a friend committed the crime and defendant was unaware of the fraudulent scheme).

The case defendant primarily relies on for the proposition that the modus operandi of defendant' prior crimes are too dissimilar, United States v. Luna, 21 F.3d 874, 881 (9th Cir. 1994), is unpersuasive because Luna addressed the application of Rule 404(b) in relation to identification of armed bank robbers who employed disguises, as opposed to fraud prosecutions.  The Curtin court emphasized this important distinction by stating that, "[a] much greater degree of similarity between the charged crime and the uncharged crime is required when the evidence of the other crime is introduced to prove identity than when it is introduced to prove a state of mind."  Id. at 878 n.1.  See also San Martin, 505 F.2d at 923 (fraud crimes are "far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent").

Here, as discussed above, although also relevant to identity, defendants' prior fraud convictions are highly probative and integral to establishing their intent to defraud in this case, and evidence of the similar means in carrying out the two conspiracies (e.g., falsified tax documents, income reports, and names of close relatives to fraudulently obtain loans) is further probative of defendants' knowledge that the conduct they are charged with was not merely some accident or the result of others' conduct.  Indeed, defendants' use of essentially the same means to carry out the previous and the current schemes reflects a knowing, concerted effort to defraud lenders, and is also strong evidence of defendants' preparation, plan, and absence of mistake.

2.   **Defendants' Prior Convictions from 2012 Are Sufficiently Recent to Warrant Admission**

Defendants argue that their prior convictions were too remote in time to be admitted under Rule 404(b). (Mot. at 7.) They are wrong. Defendants' prior fraud convictions were in 2012 — approximately nine years ago. The Ninth Circuit "has not adopted a bright-line rule concerning remoteness in time." United States v. Rude, 88 F.3d 1538, 1550 (9th Cir. 1996) (citations omitted). However, the convictions the government seeks to admit here are less remote in time than evidence courts have previously permitted. See United States v. Simtob, 901 F.2d 799, 807-08 (9th Cir. 1990) (twelve-year-old conviction); United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (thirteen-year-old prior act); United States v. Smith, 282 F.3d 758, 769 (9th Cir. 2002) (eleven-year-old prior act); United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) (ten-year-old prior conviction); see also Rude, 88 F.3d at 1550 (affirming admission of evidence relating to fraudulent transactions dating back seven and eight years). Defendants' convictions are therefore sufficiently recent to merit admission under Rule 404(b). Notably, defendants' convictions do not trigger the more restrictive requirements of Rule 609(b), which apply to convictions that are more than 10 years old.

**B.   Rule 403 Does Not Require Exclusion of Evidence of Defendants' Bank Fraud Convictions**

After the Court has determined Rule 404(b) allows the admission of evidence, the Court then must conduct a balancing analysis under Rule 403 to determine whether such evidence must nonetheless be excluded. United States v. Beckman, 298 F.3d 788, 794 (9th Cir. 2002). The district court is "accorded wide discretion in deciding

13

whether to admit [Rule 404(b)] evidence." United States v. Diggs, 649 F.2d, 731, 737 (9th Cir. 1981). In determining the probative value, the Court must consider the government's need for the other acts evidence to prove an element of the charged crime. United States v. Bailleaux, 685 F.2d 1105, 1112 (9th Cir. 1982).

Here, for the reasons stated above, the prior convictions are highly probative of defendants' intent, knowledge, preparation, plan, lack of accident, lack of mistake, and identity and should be admitted. The government must prove that defendants intended to defraud the financial institutions who funded the PPP and EIDL loans they received and that the false information they provided or caused to be provided to the banks and SBA through fake documents was not due to an accident, a mistake, or someone else's conduct for which defendants are not responsible. Evidence of defendants' prior convictions, which involved admissions that they submitted false statements to financial institutions in order to fraudulently obtain loans, is highly probative of their state of mind at the time they engaged in the conduct charged in this case, their knowledge of their crimes, and the absence of any mistake in carrying out that conduct.

Moreover, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice. The relevant inquiry is whether evidence results in "unfair prejudice" — not whether it is damaging, prejudicial, or unfavorable to the defendant. United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991) (damaging and prejudicial testimony of prior thefts by a defendant charged with mail fraud admissible under Rule 404(b) because prejudice to the defendant was not "unfair prejudice"); see also United States v. Blitz, 151 F.3d 1002, 1009 (9th Cir. 1998) (noting

14

that even if evidence results in "some prejudice (as all unfavorable evidence about a defendant does)," it does not necessarily constitute "unfair prejudice"). Here, while defendants' prior convictions may be unfavorable in the sense that they may contribute to the jury finding that defendants acted with the requisite intent in committing the crimes charged and that defendants have not been mistakenly charged here, that does not constitute "unfair prejudice." See United States v. Patterson, 819 F.2d 1495, 1504 (9th Cir. 1987) (noting that Rule 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence").

Furthermore, any risk of unfair prejudice can be eliminated or properly mitigated through limiting instructions to the jury, such as an instruction that evidence of the prior convictions is not to be considered as propensity evidence. See, e.g., Ninth Circuit Model Criminal Jury Instructions, No. 2.10 (Other Crimes, Wrongs, or Acts of Defendant). The Ninth Circuit has consistently held that the use of such limiting instructions negate any potential prejudice to defendant. See United States v. Howell, 231 F.3d 615, 629 (9th Cir. 2000); United States v. Hadley, 918 F.2d 848, 852 (9th Cir. 1990).

### C.   If Defendants Testify, Rule 609 Requires Admission of Defendants' Prior Convictions

If defendants testify at trial, the government must be allowed to use evidence of their prior convictions for impeachment purposes under Rules 609(a)(1) and (a)(2) of the Federal Rules of Evidence.

Rule 609(a)(1)(b) states that evidence of conviction of a crime punishable by imprisonment for a more than one year must be admitted if the probative value of the conviction outweighs its prejudicial

15

1   effect.   Defendants' prior conspiracy conviction meets the penalty

2   prerequisite because it carried a five-year statutory maximum

3   sentence.   See 18 U.S.C. § 371.   And, as discussed above, the

4   prejudicial effect of those convictions does not substantially

5   outweigh, much less merely outweigh, their probative value.

6        More importantly, however, Rule 609(a)(2) provides that for any

7   crime regardless of the punishment, the evidence must be admitted if

8   the elements of the crime required proving — or the witness's

9   admitting — a dishonest act or false statement.   Fed. R. Evid.

10  609(a)(2) (emphasis added); see also Fed. R. Evid. 608(b) (allowing

11  extrinsic evidence of a criminal conviction under Rule 609 "to prove

12  specific instances of a witness's conduct in order to attack or

13  support the witness's character for truthfulness").   There is no

14  exercise of discretion involved.   The Court may not exclude the

15  conspiracy to commit bank fraud judgment of conviction even if it is

16  prejudicial.   See U.S. v. Field, 625 F.2d 862, 871 (9th Cir. 1980);

17  see also United States v. Leyva, 659 F.2d 118, 121 (9th Cir. 1981)

18  ("The admission of prior convictions involving dishonesty and false

19  statement is not within the discretion of the Court. Such convictions

20  are peculiarly probative of credibility and * * * are always to be

21  admitted.") (citation omitted, alteration in original).

22       Defendants' attempt to limit the scope of cross-examination to

23  only the date of the prior fraud convictions and their felony nature

24  (Mot. at 12) is not supported by the text of Rule 609 or case law

25  interpreting it.   The rule states that evidence of the conviction

26  must be admitted where "the court can readily determine that

27  establishing the elements of the crime required proving--or the

28  [defendant's] admitting--a dishonest act or false statement."   Fed.

R. Evid. 609(b)(2).  Therefore, because the probative value of that evidence derives from the nature of the crime for which the witness was convicted, the scope of cross examination should encompass not just the fact that the witness was convicted but also the name and nature of the offense for which the conviction was entered.  <u>See United States v. Canaday</u>, 466 F.2d 1191, 9th Cir. 1972) (no error to inquire about the name and nature of defendant's conviction on cross examination where no questions regarding aggravating circumstances were asked); <u>see also</u> <u>United States v. Dow</u>, 457 F.2d 246, 250 (7th Cir. 1972) (defendant who takes stand may be cross-examined as to his prior convictions to affect his credibility as witness, but examination must be limited to whether he was previously convicted of a felony, the name of the felony, and when the conviction was obtained).

In their plea agreements for the prior convictions, defendants admitted to falsely inflating their income in their loan applications and to submitting to false documentation to banks.  It is plain and evident that the crime for which defendants were convicted required proof or admission of an act of dishonesty or false statement.  Thus, under Rule 609(a)(2), the prior convictions must be admitted to impeach defendants if they testify at trial and the government should be permitted to elicit testimony that the convictions were for conspiracy to commit bank fraud.

IV.  **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendants' motion <u>in limine</u> to exclude defendants' prior convictions and instead order that those convictions are admissible in the government's case-in-chief under

Rule 404(b) and permit cross examination of defendants with those convictions under Rule 609, should they testify at trial.