# EX. 1

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  DENNISE D. WILLETT
    Assistant United States Attorney
 3  Chief, Santa Ana Branch
    JENNIFER L. WAIER
 4  Assistant United States Attorney (Cal. Bar. No. 209813)
         Ronald Reagan Federal Building and Courthouse
 5       411 West Fourth Street, Suite 8000
         Santa Ana, California 92701
 6       Telephone: (714) 338-3550
         Facsimile: (714) 338-3708
 7       Jennifer.Waier@usdoj.gov

 8  Attorney for Plaintiff
    UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) SA CR No. 11-180-CJC |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR</u> |
| v. | ) <u>DEFENDANT RICHARD AYVAZYAN</u> |
| RICHARD AYVAZYAN, et al., | ) |
| Defendants. | ) |

1. This constitutes the plea agreement between RICHARD AYVAZYAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the one-count indictment in <u>United States v. Richard Ayvazyan, et al.</u>, SA CR No. 11-180-CJC, which charges defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d) Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one (conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 371), the following must be true: (1) beginning in or around November 2007, and continuing to in or around June 2011, there was an agreement between two or more persons to commit at least one crime, specifically a violation of Title 18, United States Code, Section 1344 (Bank Fraud); (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

In order for defendant to be guilty of a violation of Title 18, United States Code, Section 1344 (Bank Fraud), the following must be true: (1) the defendant knowingly carried out a scheme or

plan to obtain money or property from a financial institution by making false statements or promises; (2) the defendant knew that the statements or promises were false; (3) the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and (5) the financial institution was federally insured.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is: 5 years imprisonment; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; a 3-year period of supervised release; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

1  7.  Defendant understands that, by pleading guilty,
2  defendant may be giving up valuable government benefits and
3  valuable civic rights, such as the right to vote, the right to
4  possess a firearm, the right to hold office, and the right to
5  serve on a jury.  Defendant understands that once the court
6  accepts defendant's guilty plea, it will be a federal felony for
7  defendant to possess a firearm or ammunition.  Defendant
8  understands that the conviction in this case may also subject
9  defendant to various other collateral consequences, including but
10 not limited to revocation of probation, parole, or supervised
11 release in another case and suspension or revocation of a
12 professional license.  Defendant understands that unanticipated
13 collateral consequences will not serve as grounds to withdraw
14 defendant's guilty plea.

15  8.  Defendant understands that, if defendant is not a United
16 States citizen, the felony conviction in this case may subject
17 defendant to removal, also known as deportation, which may, under
18 some circumstances, be mandatory.  The court cannot, and
19 defendant's attorney also may not be able to, advise defendant
20 fully regarding the immigration consequences of the felony
21 conviction in this case.  Defendant understands that unexpected
22 immigration consequences will not serve as grounds to withdraw
23 defendant's guilty plea.

24 9.  Defendant understands that defendant will be required to
25 pay full restitution to the victims of the offense.  Defendant
26 agrees that, in return for the USAO's compliance with its
27 obligations under this agreement, the amount of restitution is
28 not restricted to the amount alleged in the count to which

5

1 defendant is pleading guilty and may include losses arising from
2 all relevant conduct in connection with the count. The parties
3 currently believe that the applicable amount of restitution is no
4 more than $1,029,200.

FACTUAL BASIS

6     10. Defendant and the USAO agree to the statement of facts
7 provided below. Defendant and the USAO agree that this statement
8 of facts is sufficient to support a plea of guilty to the charge
9 described in this agreement and to establish the Sentencing
10 Guidelines factors set forth in paragraph 12 below but is not
11 meant to be a complete recitation of all facts relevant to the
12 underlying criminal conduct or all facts known to either party
13 that relate to that conduct.

14     Beginning in or around November 2007 and continuing to June
15 2011, defendant conspired with co-defendant M.T. to commit bank
16 fraud against Bank of the West, a federally-insured financial
17 institution. Defendant also committed bank fraud against Bank of
18 America and Chase Bank, both federally-insured financial
19 institutions. Defendant and/or M.T. knowingly, and with the
20 intent to defraud, falsely inflated their income in applications
21 for residential mortgages and lines of credit with Bank of
22 America, Chase Bank, and Bank of the West. In support of the
23 applications, defendant and/or M.T. provided false documentation
24 to Bank of America, Chase Bank, and Bank of the West, including
25 false W-2s and false tax returns, to substantiate the stated
26 false income.

Based on the false applications, Bank of America and Bank of the West provided defendant and M.T. loans/lines of credit that they would not have qualified for based on their actual income.

In furtherance of the conspiracy, on or about November 6, 2007, defendant falsely reported that his monthly income was $44,000 from In-Line Investments, Inc., in a Bank of America application for a home equity line of credit ("HELOC") of $500,000 on his residence at XXXX Encino Ave., Encino, California; when in truth and in fact, defendant earned approximately $76,000 and $36,000 in annual income from In-Line Investments in 2007 and 2008, respectively. Once the HELOC funded, on or about March 17, 2008, defendant withdrew $500,000 from the HELOC and transferred the funds to his personal Bank of America account held jointly with defendant M.T. Based on defendant's actions, Bank of America lost money in an amount which the parties believe does not exceed $470,000.

On or about July 28, 2010, defendant sold his residence at XXXX Encino Avenue to his mother in a short sale that caused Chase Bank to lose money in an amount that does not exceed $559,200. On July 12, 2010, defendant caused his mother to submit a letter to the bank stating that she was not related to the owner of the property. Based on this letter, Chase Bank completed the short sale.

Based on the above conspiracy, defendant caused losses to Bank of America and Chase Bank.

SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth

7

in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level : __6__   [U.S.S.G. § 2B1.1(a)(2)]

The government believes that defendant caused over one million dollars in loss and therefore, a 16-level enhancement should apply under U.S.S.G. § 2B1.1(b)(1)(I). However, defendant reserves the right to argue for a lower loss amount and/or that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

1    b) The right to a speedy and public trial by jury.

2    c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial. Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

9

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $1,029,200; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $1,029,200.

10

RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND PROBATION OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a

binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
ANDRÉ BIROTTE JR.
United States Attorney

_____  1/20/12
JENNIFER L. WAIER                Date
Assistant United States Attorney


_____  01/20/2012
RICHARD AYVAZYAN                 Date
Defendant

_____  1/20/12
BARRY TARLOW                     Date
Attorney for Defendant
RICHARD AYVAZYAN

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     01/20/2012
RICHARD AYVAZYAN                    Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RICHARD AYVAZYAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  1/20/12
BARRY TARLOW                Date
Attorney for Defendant
RICHARD AYVAZYAN

15