# EX. 2

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  DENNISE D. WILLETT
    Assistant United States Attorney
 3  Chief, Santa Ana Branch
    JENNIFER L. WAIER
 4  Assistant United States Attorney (Cal. Bar. No. 209813)
         Ronald Reagan Federal Building and Courthouse
 5       411 West Fourth Street, Suite 8000
         Santa Ana, California 92701
 6       Telephone: (714) 338-3550
         Facsimile: (714) 338-3708
 7       Jennifer.Waier@usdoj.gov

 8  Attorney for Plaintiff
    UNITED STATES OF AMERICA
 9
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) SA CR No. 11-180-CJC |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR</u> <u>DEFENDANT MARIETTA TER-ABELIAN</u> |
| v. | ) |
| RICHARD AYVAZYAN, et al., | ) |
| Defendants. | ) |

1. This constitutes the plea agreement between MARIETTA TER-ABELIAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the one-count indictment in <u>United States v. Richard Ayvazyan, et al.</u>, SA CR No. 11-180-CJC, which charges defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

1        b) Abide by all agreements regarding sentencing factors contained in this agreement.

        c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        d) Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one (conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 371), the following must be true: (1) beginning in or around November 2007, and continuing to in or around June 2011, there was an agreement between two or more persons to commit at least one crime, specifically a violation of Title 18, United States Code, Section 1344 (Bank Fraud); (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

In order for defendant to be guilty of a violation of Title 18, United States Code, Section 1344 (Bank Fraud), the following must be true: (1) the defendant knowingly carried out a scheme or

1  plan to obtain money or property from a financial institution by
2  making false statements or promises; (2) the defendant knew that
3  the statements or promises were false; (3) the statements or
4  promises were material, that is, they had a natural tendency to
5  influence, or were capable of influencing, a financial
6  institution to part with money or property; (4) the defendant
7  acted with the intent to defraud, that is, the intent to deceive
8  or cheat; and (5) the financial institution was federally
9  insured.

   Defendant admits that defendant is, in fact, guilty of this
11 offense as described in count one of the indictment.

## PENALTIES

13  5.  Defendant understands that the statutory maximum
14 sentence that the Court can impose for a violation of Title 18,
15 United States Code, Section 371 is: 5 years imprisonment; a fine
16 of $250,000 or twice the gross gain or gross loss resulting from
17 the offense, whichever is greatest; a 3-year period of supervised
18 release; and a mandatory special assessment of $100.
19  6.  Defendant understands that supervised release is a
20 period of time following imprisonment during which defendant will
21 be subject to various restrictions and requirements.  Defendant
22 understands that if defendant violates one or more of the
23 conditions of any supervised release imposed, defendant may be
24 returned to prison for all or part of the term of supervised
25 release authorized by statute for the offense that resulted in
26 the term of supervised release, which could result in defendant
27 serving a total term of imprisonment greater than the statutory
28 maximum stated above.

         7.  Defendant understands that, by pleading guilty,
defendant may be giving up valuable government benefits and
valuable civic rights, such as the right to vote, the right to
possess a firearm, the right to hold office, and the right to
serve on a jury.  Defendant understands that once the court
accepts defendant's guilty plea, it will be a federal felony for
defendant to possess a firearm or ammunition.  Defendant
understands that the conviction in this case may also subject
defendant to various other collateral consequences, including but
not limited to revocation of probation, parole, or supervised
release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

         8.  Defendant understands that, if defendant is not a United
States citizen, the felony conviction in this case may subject
defendant to removal, also known as deportation, which may, under
some circumstances, be mandatory.  The court cannot, and
defendant's attorney also may not be able to, advise defendant
fully regarding the immigration consequences of the felony
conviction in this case.  Defendant understands that unexpected
immigration consequences will not serve as grounds to withdraw
defendant's guilty plea.

         9.  Defendant understands that defendant will be required to
pay full restitution to the victim of the offense.  Defendant
agrees that, in return for the USAO's compliance with its
obligations under this agreement, the amount of restitution is
not restricted to the amount alleged in the count to which

defendant is pleading guilty and may include losses arising from all relevant conduct in connection with the count. The parties currently believe that there is no restitution due.

FACTUAL BASIS

10. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or around November 2007 and continuing to June 2011, defendant conspired with co-defendant R.A. to commit bank fraud against Bank of the West, a federally-insured financial institution. Defendant knowingly, and with the intent to defraud, falsely inflated her income in applications for a residential mortgage and a line of credit with Bank of the West. In support of the applications, defendant provided false documentation to Bank of the West, including false W-2s and false tax returns, to substantiate the stated false income.

Relying on the false statements, Bank of the West provided defendant with a loan and line of credit that she would not have qualified for based on her actual income.

In furtherance of the conspiracy, on or about November 17, 2010, defendant provided Bank of the West, in connection with a loan application and a HELOC application for her residence located at XXXX Genesta Ave., Encino, California, false 2008 and

1 | 2009 W-2s and Federal tax returns that stated that she worked for
2 | United Labs., Inc. and that her wages were $209,208 in 2008 and
3 | $215,904 in 2009; when in truth and in fact, defendant
4 | earned less than $20,000 in both 2008 and 2209. On or about
5 | January 4, 2011, defendant stated in her Bank of the West loan
6 | application and her HELOC application for her residence located
7 | at XXXX Genesta Ave. in Encino, California that she made $17,992
8 | a month as an employee for United Labs, Inc., when in truth and
9 | in fact, defendant received no income from United Labs.
10 | Bank of the West has not sustained a loss based on
11 | defendant's conduct.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

```
Base Offense Level  :    6       [U.S.S.G. § 2B1.1(a)(2)]
Total Offense       :    6
```

1     The USAO will agree to a two-level downward adjustment for
2 acceptance of responsibility are met. Subject to paragraph 23
3 below, defendant and the USAO agree not to seek, argue, or
4 suggest in any way, either orally or in writing, that any other
5 specific offense characteristics, adjustments, or departures
6 relating to the offense level be imposed. Defendant agrees,
7 however, that if, after signing this agreement but prior to
8 sentencing, defendant were to commit an act, or the USAO were to
9 discover a previously undiscovered act committed by defendant
10 prior to signing this agreement, which act, in the judgment of
11 the USAO, constituted obstruction of justice within the meaning
12 of U.S.S.G. § 3C1.1, the USAO would be free to seek the
13 enhancement set forth in that section.

14     13. Defendant understands that there is no agreement as to
15 defendant's criminal history or criminal history category.

16     14. The parties agree to jointly recommend the following
17 sentence as appropriate given the facts of the case and the
18 sentencing factors contained in 18 U.S.C. section 3553(a): (i)
19 a three-year term of probation; and (ii) a mandatory special
20 assessment of $100. The defendant expressly acknowledges that
21 the parties' joint sentencing recommendation is not binding on
22 the Court.

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty,
defendant gives up the following rights:
    a) The right to persist in a plea of not guilty.
    b) The right to a speedy and public trial by jury.

c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial. Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 4 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 4 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea

10

agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND PROBATION OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

11

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

*/s/ Jennifer L. Waier*       1/20/2012
JENNIFER L. WAIER            Date
Assistant United States Attorney

*/s/ Marietta Tel-Abelian*    JAN. 17th, 2012
MARIETTA TEL-ABELIAN          Date
Defendant

*/s/ Marcia A. Morrissey*     17 Jan. 2012
MARCIA A. MORRISSEY            Date
Attorney for Defendant
MARIETTA TEL-ABELIAN

13

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          JAN. 17th 2012
MARIETTA TEL-ABELIAN                     Date
Defendant

14

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARIETTA TEL-ABELIAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Marcia A. Morrissey_      17 Jan. 2012
MARCIA MORRISSEY      Date
Attorney for Defendant
MARIETTA TEL-ABELIAN