Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
Meghan Newcomer (*pro hac vice*)
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

[ADDITIONAL DEFENDANTS ON NEXT PAGE]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD AYVAZYAN,<br>*et al.*,<br><br>Defendants. | Case No.  2:20-cr-579-SVW<br><br>Hon. Stephen V. Wilson<br><br>**DEFENDANT'S NOTICE OF APPLICATION AND APPLICATION FOR THE COURT TO ADOPT DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: June 15, 2021 |

Thomas A. Mesereau Jr. (SBN 91182)
*mesereau@mesereaulaw.com*
**MESEREAU LAW GROUP, P.C.**
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone: (310) 651-9960

Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
**ATTORNEY AT LAW**
1935 Alpha Rd, Suite 216
Glendale, CA 91208
Telephone: (424) 902-9280

*Counsel for Defendant Artur Ayvazyan*

Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
**LAW OFFICES OF FRED G. MINASSIAN, INC.**
101 N. Brand Ave, Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

John Hanusz (SBN 277367)
*john@hanuszlaw.com*
**HANUSZ LAW, PC**
800 Wilshire Blvd, Suite 1050
Los Angeles, CA 90017-2672
Telephone: (213) 204-4200

*Counsel for Defendant Manuk Grigoryan*

Peter Johnson (SBN 252542)
*peter@peterjohnsonlaw.com*
**LAW OFFICE OF PETER JOHNSON**
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785

*Counsel for Vahe Dadyan*

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

## NOTICE OF APPLICATION FOR THE COURT TO ADOPT DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, June 14, 2021 or as soon as this counsel may be heard in Courtroom 10A of this Court at 350 W. 1st Street, 10th Floor, Los Angeles, CA 90012, Defendants Richard Ayvazyan, Marietta Terabelian, Artur Ayvazyan, Tamara Dadyan, Manuk Grigoryan, and Vahe Dadyan, through undersigned counsel, will move the Court to adopt the Defendants proposed jury instructions.

This application is based on this notice, the accompanying proposed jury instructions, any reply that the Defendants may make, such other evidence and arguments as may be presented at or prior to the hearing, and all records and files in this action.

Dated:   May 27, 2021                          Respectfully submitted,

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

[SIGNATURES CONTINUE
ON NEXT PAGE]

1
DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

1

2      /s/ Ryan V. Fraser
       John L. Littrell (SBN 221601)
3      jlittrell@bklwlaw.com
       Ryan V. Fraser (SBN 272196)
4      rfraser@bklwlaw.com
       **BIENERT KATZMAN LITTRELL**
5      **WILLIAMS LLP**
       601 W. 5th Street, Suite 720
6      Los Angeles, CA 90071
       Telephone: (213) 528-3400
7      Facsimile: (949) 369-3701

8
       *Counsel for Defendant Marietta*
9      *Terabelian*

10     /s/ Thomas A. Mesereau
11     Thomas A. Mesereau Jr. (SBN 91182)
       *mesereau@mesereaulaw.com*
12     **MESEREAU LAW GROUP, P.C.**
       10100 Santa Monica Blvd., Suite 300
13     Los Angeles, CA 90067
       Telephone: (310) 651-9960
14

15     Jennifer J. Wirsching (SBN 263141)
       *wirschinglaw@outlook.com*
16     **ATTORNEY AT LAW**
       1935 Alpha Rd, Suite 216
17     Glendale, CA 91208
       Telephone: (424) 902-9280
18

19     *Counsel for Defendant Artur Ayvazyan*

20     /s/ Fred G. Minassian
21     Fred G. Minassian (SBN 170974)
       *fgminassian@yahoo.com*
22     **LAW OFFICES OF FRED G.**
       **MINASSIAN, INC.**
23     101 N. Brand Ave, Suite 1970
       Glendale, CA 91203
24     Telephone: (818) 240-2444

25
       *Counsel for Defendant Tamara Dadyan*
26

27     [SIGNATURES CONTINUE
       ON NEXT PAGE]

28

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ John Hanusz
John Hanusz (SBN 277367)
*john@hanuszlaw.com*
**HANUSZ LAW, PC**
800 Wilshire Blvd, Suite 1050
Los Angeles, CA 90017-2672
Telephone: (213) 204-4200

*Counsel for Defendant Manuk Grigoryan*

/s/ Peter Johnson
Peter Johnson (SBN 252542)
*peter@peterjohnsonlaw.com*
**LAW OFFICE OF PETER JOHNSON**
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785

*Counsel for Vahe Dadyan*

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

**APPLICATION**

In accordance with this Court's directive at the May 21, 2021 hearing, Defendants Richard Ayvazyan, Marietta Terabelian, Artur Ayvazyan, Tamara Dadyan, Manuk Grigoryan, and Vahe Dadyan hereby submit their proposed jury instructions. The defendants worked in good faith with the government, including meeting and conferring with the government for over two hours, to attempt to reach agreement on proposed instructions. However, without the benefit of having seen the government's exhibit lists and witness lists, the defendants were unable to reach agreement with the government on all proposed instructions. Accordingly, the defendants worked in concert to submit only one set of jury instructions on behalf of the defendants, and respectfully request that the Court charge the jury using the following instructions at trial.

COURT'S INSTRUCTION NO. ___

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 1

**(Conspiracy to Commit Wire Fraud and Bank Fraud – Elements)**

All defendants are charged in Count 1 of the indictment with conspiring to commit (a) wire fraud, in violation of Section 1343 of Title 18 of the United States Code; and (b) bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code. In order for a defendant to be found guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt.

First, beginning on or about March 2020, and continuing to at least August 2020, there was an agreement between two or more persons to commit wire fraud or bank fraud as charged in Count 1 of the indictment.

Second, the defendant became a member of the conspiracy knowing of every element of at least one of its objects—wire fraud or bank fraud—and intending to help accomplish it. (The elements of wire fraud and bank fraud are listed below.)

**What Is a Conspiracy, and How Does One Become a Member?**

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers an object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## What Is Wire Fraud?

The first element of wire fraud is that the defendant participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, knowing of that object and intending to help accomplish it.

The second element of wire fraud is that the statements to be made as part of the scheme would be material; that is, they would have a natural tendency to influence, or would be capable of influencing, a person to part with money or property.

The third element of wire fraud is that the defendant knew and intended that action be taken with the intent to defraud, that is, the intent to deceive and cheat.

And the fourth element of wire fraud is that the defendant knew and intended that an interstate wire communication be used to carry out or attempt to carry out an essential part of the scheme.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme.

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

**What Is Bank Fraud?**

The first element of bank fraud is that the defendant joined a scheme or plan to obtain money or property from Lender A, B, C, D, E, G, or H by making false statements or promises, knowing of that object, and intending to help accomplish it.

The second element of bank fraud is that the defendant knew that the statements or promises were or would be false.

The third element of bank fraud is that the defendant knew that the statements or promises were or would be material; that is, they had or would have a natural tendency to influence, or were or would be capable of influencing, a financial institution to part with money or property.

The fourth element of bank fraud is that the defendant knew and intended that action be taken with the intent to defraud.

And the fifth element of bank fraud is that the defendant knew that the Lender to be defrauded was federally insured.

**Unanimity Requirements**

For a defendant to be found guilty of Count 1, you must find beyond a reasonable doubt that there was a plan to commit at least one object of the alleged conspiracy – wire fraud or bank fraud – with all of you agreeing beyond a reasonable doubt as to which object – wire fraud, bank fraud, or both – and all of you agreeing beyond a reasonable doubt that the defendant knowingly and willfully joined the conspiracy to accomplish such object(s).

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.20, 8.124, 8.127 (online versions of May 25, 2021) (modified to reflect criminal objects charged in Count 1); *United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015) (failure to give specific unanimity instruction was plain error because half of jury could have found defendant

guilty of joining one conspiracy while other half of jury could have found defendant guilty of joining second conspiracy); *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (willfulness is the "intentional violation of a known legal duty").

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 2

**(Count 1 – Multiple Conspiracies – Defense)**

Count 1 of the indictment alleges a single conspiracy to commit wire fraud and bank fraud.  You must decide whether the single conspiracy to commit wire fraud and bank fraud charged in Count 1 of the indictment existed, and, if it did, who at least some of its members were.  If you find that the single conspiracy to commit wire fraud and bank fraud charged in Count 1 did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  For example, if you find that Count 1 concerns two or more conspiracies, you must find the defendants not guilty of the single conspiracy alleged in Count 1.  Similarly, if you find that any defendant was not a member of the conspiracy to commit wire fraud and bank fraud charged in Count 1, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.22 (2021) (modified to reflect the charges in the indictment).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 3

**(Conspiracy – Willfulness Defined)**

To find a defendant guilty of conspiracy as charged in the indictment, you must be satisfied that the government has proven beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.  To act willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.

**Supporting Authorities**

*United States v. Pomponio*, 429 U.S. 10, 12 (1976) (willfulness is the "intentional violation of a known legal duty").

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 4

**(Wire Fraud)**

Defendants are charged in Counts 2 through 12 of the indictment with wire fraud, in violation of Section 1343 of Title 18 of the United States Code.  In order for any defendant to be found guilty of wire fraud in violation of Section 1343 of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, knowing of that object and intending to help accomplish it.

Second, the statements to be made as part of the scheme would be material; that is, they would have a natural tendency to influence, or would be capable of influencing, a person to part with money or property.

Third, the defendant knew and intended that action be taken with the intent to defraud, that is, the intent to deceive and cheat.

Fourth, the defendant knew and intended that an interstate wire communication be used to carry out or attempt to carry out an essential part of the scheme.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance

of the scheme, and an interstate wire communication must have actually occurred as charged in the applicable wire fraud count.

## Supporting Authorities

Ninth Circuit Manual of Model Criminal Jury Instructions 8.124 (online versions of May 25, 2021) (modified to reflect the lack of evidence of half-truths or omissions); *United States v. Miller*, 953 F.3d 1095, 1101–03 (9th Cir. 2020) (wire fraud requires the intent to "deceive *and* cheat") (emphasis in original).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 5

**(Bank Fraud)**

Defendants are charged in Counts 13 to 20 of the indictment with bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code.  In order for any defendant to be found guilty of bank fraud in violation of Section 1344(2) of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant joined a scheme or plan to obtain money or property from the financial institution in the count by making false statements or promises, knowing of that object and intending to help accomplish it.

Second, the defendant knew that the statements or promises were false.

Third, the defendant knew that the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property.

Fourth, the defendant acted with the intent to defraud.

Fifth, the defendant knew that the financial institution to be defrauded was federally insured.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.127 (online versions of May 25, 2021).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 6

**(Fraud - Good Faith – Defense)**

(to follow instruction on elements of wire fraud and bank fraud)

In order to prove wire fraud or bank fraud, or conspiracy to commit wire fraud or bank fraud, beyond a reasonable doubt, the government must prove that the defendant knew and intended that action be taken with the intent to defraud, that is, the intent to deceive and cheat. But one who acts on an honest and good faith misunderstanding as to the requirements of the law does not act with an intent to defraud simply because their understanding of the law is wrong or even irrational. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.21 (2021) (Comment) (modified to reflect the charges in the indictment).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 7

**(Fraud – Multiple Schemes – Defense)**

(to follow instruction on elements of each wire fraud or bank fraud count)

In order to a find a defendant guilty of wire fraud or bank fraud, the government must prove beyond reasonable doubt that the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Counts 2 through 20 of the indictment alleged a single, unitary, scheme to commit wire fraud and bank fraud.  You must decide whether the unitary scheme to commit wire fraud and bank fraud alleged in Counts 2 through 20 of the indictment existed, and, if it did, who at least some of its members were.  If you find that the single scheme to commit wire fraud and bank fraud charged in Counts 2 through 20 did not exist, then you must return a not guilty verdict, even though you may find that some other scheme or schemes existed.  For example, if you find that Counts 2 through 20 concern two or more schemes, you must find the defendants not guilty of the single scheme charged in Counts 2 through 20.  Similarly, if you find that any defendant was not a member of the scheme to commit wire fraud and bank fraud charged in Counts 2 through 20, then you must find that defendant not guilty, even though that defendant may have been a member of some other scheme.

**Supporting Authorities**

*United States v. Thomas*, 586 F.2d 123, 132 (9th Cir. 1978)( Whether a scheme is one conspiracy or several conspiracies is ordinarily a question for the jury . . . Submitting the question to the jury in this case was proper, since a prima facie case of a single conspiracy was clearly presented.); *United States v. Rodgers*, 624 F.2d 1303, 1307 (5th Cir. 1980) (The jury properly could have concluded that the defendants were involved in several and not one scheme to defraud); *Simons v. United States*, 119 F.2d 539, 548 (9th Cir. 1941) (fraud charged as "one general scheme"); *United States v. Peters*, 543 F. App'x 5, 8 (2d Cir. 2013) ("the essence of the crime charged in [the conspiracy count] is a single scheme to defraud").

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 8

**(Conspiracy to Commit Concealment and Transactional Money Laundering –**

**Elements)**

All defendants are charged in Count 26 of the indictment with a single conspiracy to commit (a) concealment money laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code and (b) transactional money laundering in violation of Section 1957 of the same title. In order for a defendant to be found guilty of Count 26 the government must prove each of the following elements beyond a reasonable doubt.

First, beginning no later than in or around March 2020 and continuing until at least in or around October 2020, there was an agreement between two or more persons to commit concealment money laundering or money laundering as charged in Count 26 of the indictment.

Second, the defendant became a member of the conspiracy knowing of every element of at least one of its objects—conspiracy to commit concealment money laundering or transactional money laundering—and intending to help accomplish it. (The elements of concealment money laundering and transactional money laundering are listed below.)

<u>What is Concealment Money Laundering?</u>

The first element of concealment money laundering is that the defendant conducted a financial transaction involving property that represented the proceeds of the conspiracy to commit bank fraud and wire fraud, wire fraud, or bank fraud, all as specifically charged in the indictment.

The second element of concealment money laundering is that the defendant knew that the property represented the proceeds of conspiracy to commit bank fraud and wire fraud, wire fraud, or bank fraud, all as specifically charged in the indictment.

16

The third element of concealment money laundering is that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

A financial transaction is a transaction involving the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

### What is Transactional Money Laundering?

The first element of transactional money laundering is that the defendant knowingly engaged in a monetary transaction.

The second element of transactional money laundering is that the defendant knew the transaction involved property representing the proceeds of unlawful activity that is charged in the indictment.

The third element of transactional money laundering is that the property had a value greater than $10,000.

The fourth element of transactional money laundering is that the transaction involved property that was, in fact, derived from conspiracy to commit bank fraud and wire fraud, wire fraud, or bank fraud as specifically alleged in the indictment.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

### What Is a Conspiracy, and How Does One Become a Member?

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit. One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

<u>Unanimity Requirements</u>

For a defendant to be found guilty, you must find beyond reasonable doubt that there was a plan to commit at least one object of the alleged conspiracy – concealment money laundering or transactional money laundering – with all of you agreeing beyond a reasonable doubt as to which object – concealment money laundering, transactional money laundering, or both – and all of you agreeing beyond a reasonable doubt that the defendant knowingly and willfully joined the conspiracy to accomplish such object(s).

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.20, 8.147, 8.150 (online versions of May 25, 2021) (modified to link to superseding indictment's allegations).

19

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 9

**(Count 26 – Multiple Conspiracies – Defense)**

Count 26 of the indictment alleges a single conspiracy to commit concealment money laundering and transactional money laundering. You must decide whether the single conspiracy to commit concealment money laundering and transactional money laundering charged in Count 26 of the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy to commit concealment money laundering and transactional money laundering charged in Count 26 did not exist as a single conspiracy, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. For example, if you find that Count 26 concerns two or more conspiracies, you must find the defendants not guilty of the single conspiracy charged in Count 26. Similarly, if you find that any defendant was not a member of the conspiracy charged in Count 26, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.22 (2021) (modified to reflect the charges in the indictment).

20

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 10

**(Concealment Money Laundering - Elements)**

Defendant Vahe Dadyan is charged in Count 27 with laundering money, in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.  Defendant Richard Ayvazyan is charged in Counts 28 through 32 with laundering money, in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.

In order for a defendant to be found guilty of laundering money as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt with regards to the specific instances of money laundering alleged in the indictment:

First, that the defendant conducted a financial transaction involving property that represented the proceeds of conspiracy to commit bank fraud and wire fraud, in violation of Section 1349 of Title 18 of the United States Code; wire fraud in violation of Section 1343 of Title 18 of the United States Code; or bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code;

Second, that the defendant knew that the property represented the proceeds of unlawful activity that is charged in the indictment;

Third, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and/or control of such proceeds.

Fourth, that the defendant did something that was a substantial step toward committing the crime and that strongly corroborated his intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, the defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

1      Jurors do not need to agree unanimously as to which particular act or actions

2 constituted a substantial step toward the commission of a crime.

3      A financial transaction is a transaction involving the use of a financial institution

4 that is engaged in, or the activities of which affect interstate or foreign commerce in

5 any way.

**Supporting Authorities**

(Ninth Circuit Manual of Model Criminal Jury Instructions 8.147 (online version of May 26, 2021) (modified to reflect factual allegations of Count 27).

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 11

**(Aggravated Identity Theft – Richard Ayvazyan)**

Richard Ayvazyan is charged in Count 21 of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for him to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or around March 2020 and continuing until at least in or around August 2020, in Los Angeles County, within the Central District of California, and elsewhere, Richard Ayvazyan knowingly transferred, possessed, or used without legal authority, or willfully caused to be transferred possessed, or used without legal authority the name of M.Z.;

Second, Richard Ayvazyan knew that M.Z. was a real person; and

Third, Richard Ayvazyan did so during and in relation to the commission of bank fraud as charged in Count 14.

The government need not establish that the name of M.Z. was stolen.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.83 (online version of May 25, 2021) (modified to reflect factual allegations of Count 21).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 12

**(Aggravated Identity Theft – Richard Ayvazyan and Marietta Terabelian)**

Richard Ayvazyan and Marietta Terabelian are charged in Count 22 of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for either of them to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to him or her individually:

First, beginning no later than in or around July 2020 and continuing until at least in or around August 2020, in Los Angeles County, within the Central District of California, and elsewhere Richard Ayvazyan or Marietta Terabelian knowingly transferred, possessed, or used without legal authority, or willfully caused to be transferred, possessed, or used without legal authority the name and California driver's license number of N.T.;

Second, Richard Ayvazyan or Marietta Terabelian knew that M.Z. was a real person; and

Third, Richard Ayvazyan or Marietta Terabelian did so during and in relation to the commission of wire fraud as charged in Count 11.

The government need not establish that the name or driver's license of N.T. was stolen.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.83 (online version of May 25, 2021) (modified to reflect factual allegations of Count 22).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 13

**(Aggravated Identity Theft – Manuk Grigoryan)**

Manuk Grigoryan is charged in Count 23 of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for him to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or around June 2020 and continuing until at least in or around August 2020, in Los Angeles County, within the Central District of California, and elsewhere, Grigoryan knowingly transferred, possessed, or used without legal authority, or willfully caused to be transferred possessed, or used without legal authority the name of A.F.;

Second, Grigoryan knew that A.F. was a real person; and

Third, Grigoryan did so during and in relation to the commission of bank fraud as charged in Count 19.

The government need not establish that the name of A.F. was stolen.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.83 (online version of May 25, 2021) (modified to reflect factual allegations of Count 23).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 14

**(Aggravated Identity Theft – Artur Ayvazyan and Tamara Dadyan)**

Artur Ayvazyan and Tamara Dadyan are charged in Count 24 of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for either of them to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to him or her individually:

First, beginning no later than in or around June 2020 and continuing until at least in or around August 2020, in Los Angeles County, within the Central District of California, and elsewhere, Artur Ayvazyan or Tamara Dadyan knowingly transferred, possessed, or used without legal authority, or willfully caused to be transferred possessed, or used without legal authority the name and date of birth of A.D.;

Second, Artur Ayvazyan or Tamara Dadyan knew that A.D. was a real person; and

Third, Artur Ayvazyan or Tamara Dadyan did so during and in relation to the commission of wire fraud as charged in Count 12.

The government need not establish that the name or date of birth of A.D. was stolen.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 8.83 (online version of May 25, 2021) (modified to reflect factual allegations of Count 24).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 15

**(Presumption of Innocence – Reasonable Doubt – Burden)**

I instruct you that you must presume the Defendants to be innocent of the crimes charged. Thus, the defendants, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against them. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the Defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

1   Unless the government proves, beyond a reasonable doubt, that Defendants have

2   committed each and every element of the offenses charged in the indictment, you must

3   find Defendants not guilty of the offenses. If the jury views the evidence in the case as

4   reasonably permitting either of two conclusions—one of innocence, the other of guilt—

5   the jury must, of course, adopt the conclusion of innocence.

**Supporting Authorities**

1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.), 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.)

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 16

**(Defendant Not Required to Testify)**

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise their privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**Supporting Authorities**

1A Fed. Jury Prac. & Instr. § 15:14 (6th ed.), 1A Fed. Jury Prac. & Instr. § 15:14 (6th ed.)

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 17

**(Mere Presence)**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy, bank fraud, wire fraud, identity theft or money laundering. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 6.10 (2021).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 18

**(Role of the Jury)**

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 3.1 (2021).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 19

**(Evidence That May Be Considered)**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 3.6 (2021).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 20

**(Things That Are Not Evidence)**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, or their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 3.7 (2021).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 21

**(Separate Charges)**

Separate crimes have been charged against each defendant.  The charges have been joined for trial.  You must consider and decide the case of each defendant separately.  Your verdict as to one defendant should not control your verdict as to any other defendant.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 3.12 (2021).

COURT'S INSTRUCTION NO. __

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. 22

**(Separate Counts)**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 3.13 (2021).

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

| | |
|---|---|
| 1 | Dated:   May 27, 2021 |

Respectfully submitted,

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

/s/ *Ryan V. Fraser*
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

[SIGNATURES CONTINUE ON NEXT PAGE]

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Thomas A. Mesereau*
Thomas A. Mesereau Jr. (SBN 91182)
*mesereau@mesereaulaw.com*
**MESEREAU LAW GROUP, P.C.**
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone: (310) 651-9960

Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
**ATTORNEY AT LAW**
1935 Alpha Rd, Suite 216
Glendale, CA 91208
Telephone: (424) 902-9280

*Counsel for Defendant Artur Ayvazyan*

*/s/ Fred G. Minassian*
Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
**LAW OFFICES OF FRED G.**
**MINASSIAN, INC.**
101 N. Brand Ave, Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

*/s/ John Hanusz*
John Hanusz (SBN 277367)
*john@hanuszlaw.com*
**HANUSZ LAW, PC**
800 Wilshire Blvd, Suite 1050
Los Angeles, CA 90017-2672
Telephone: (213) 204-4200

*Counsel for Defendant Manuk Grigoryan*

[SIGNATURES CONTINUE ON
NEXT PAGE]

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS

/s/ Peter Johnson
Peter Johnson (SBN 252542)
peter@peterjohnsonlaw.com
**LAW OFFICE OF PETER JOHNSON**
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785

*Counsel for Vahe Dadyan*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS