TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:    Scott.Paetty@usdoj.gov
              Catherine.S.Ahn@usdoj.gov
              Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>      "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>      "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>      "Anton Kudiumov," | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud and Wire Fraud; 18 U.S.C. § 1343: WireFraud;18 U.S.C. § 1344(2): Bank Fraud and Attempted Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft;18 U.S.C. § 1956(h): Money Laundering Conspiracy; 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 18 U.S.C. § 3147:Offense Committed While on Release; 18 U.S.C. §§ 981, |

1

1  "Anton Kudiumov,"  982,1028 and 28 U.S.C. § 2461(c):
   ARMAN HAYRAPETYAN,  <u>Criminal Forfeiture]</u>
2  EDVARD PARONYAN,
     aka "Edvard Paronian" and  [Annotated Set]
3       "Edward Paronyan," and
   VAHE DADYAN,  Trial Date: June 15, 2021
4  Trial Time: 8:30 am
            Defendants.  Location:  Courtroom of the Hon.
5                                       Stephen V. Wilson

6

7       Pursuant to the Court's Order re: Criminal Trial Preparation

8  (the "Trial Order") and Rule 30 of the Federal Rules of Criminal

9  Procedure, plaintiff United States of America, by and through its

10 counsel of record, the United States Attorney for the Central

11 District of California and Assistant United States Attorneys Scott

12 Paetty, Catherine S. Ahn and Brian Faerstein, and United States

13 Department of Justice Fraud Section Trial Attorney Christopher

14 Fenton, hereby request that the Court include the attached

15 instructions in its charge to the jury.

16      On May 21, 2021, the Court advanced the deadline for the parties

17 to submit proposed instructions to May 27, 2021.  In an effort to

18 provide, as directed by the Court's Trial Order, jointly proposed

19 jury instructions, on May 23, 2021, the government provided its

20 proposed jury instructions to all defense counsel and asked for

21 their position regarding the proposed instructions by May 25, 2021;

22 on May 24, 2021, the government provided its proposed forfeiture

23 instructions to all defense counsel with a requested response date

24 of May 26, 2021.

25      On May 25, 2021, counsel for defendants Richard Ayvazyan,

26 Marietta Terabelian, Artur Ayvazyan, Tamara Dadyan, Manuk Grigoryan,

27 Edvard Paronyan and Vahe Dadyan, <u>i.e.</u>, seven of the eight defendants,

28
                                    2

1    informed the government that they did not consent to the filing of

2    the government's proposed instructions, did not agree to the

3    government's proposed timeline, and would provide the government a

4    response "in due course."  At 10:34 p.m. on May 26, 2021, said

5    defense counsel provided draft proposed instructions and proposed

6    that the parties file separately.  During a meet-and-confer, defense

7    counsel stated that the set of proposed instructions they had

8    provided was incomplete and expressed their belief that separate

9    filings -- one from the government and one jointly from all defense

10   counsel – would comply with the Court's requirements.  Participating

11   defense counsel later advised the government that it intended to

12   file a separate set of joint defense instructions.

13        The government, therefore, hereby files its proposed jury and

14   forfeiture instructions.  The government respectfully requests leave

15   to file objections to defendants' final proposed instructions. The

16   government also respectfully requests leave to file such further

17   requests for the inclusion of other proposed instructions as may

18   become appropriate during the course of trial.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27

28

Unless otherwise noted, the government has used the most recent version of the Ninth Circuit Model Criminal Jury Instructions found on the Ninth Circuit's website, which were last updated in December 2020.

Dated: May 27, 2021                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                        */s/ Catherine Ahn*
                                       _____
                                       CATHERINE AHN
                                       SCOTT PAETTY
                                       BRIAN FAERSTEIN
                                       Assistant United States Attorneys
                                       CHRISTOPHER FENTON
                                       Department of Justice Trial Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**INDEX OF THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2010 ed.) | 1 |
| 2 | | Stipulated Testimony | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2010 ed.) | 2 |
| 3 | | Defendant's Decision Not To Testify/To Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 3.3 and 3.4 (2010 ed.) | 3 |
| 4 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.) | 4 |
| 5 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.) | 5 |
| 6 | | Impeachment, Prior Conviction of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.6 (2010 ed.) | 6 |
| 7 | | Other Crimes, Wrongs, of Acts of Defendant/ Failure to Appear | Ninth Circuit Model Criminal Jury Instructions, Nos. 4.3 and 8.194 (2010 ed.) | 7 |
| 8 | | Impeachment Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) | 8 |

2

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 9 | | Separate Consideration of Multiple Counts -- Multiple Defendants | Ninth Circuit Model Criminal Jury Instructions, No. 3.13 (2010 ed.) | 9 |
| 10 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.) | 10 |
| 11 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2010 ed.) | 11 |
| 12 | | Charts and Summaries Not Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.) | 12 |
| 13 | | Charts and Summaries Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2010 ed.) | 13 |
| 14 | | Testimony of Witnesses Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea | Ninth Circuit Model Criminal Jury Instructions, No. 4.19 (2010 ed.) | 14 |
| 15 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) | 15 |
| 16 | | Conspiracy (Generally) | Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.) | 16 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 17 | | Conspiracy—Knowledge of the Association with Other Conspirators | Ninth Circuit Model Criminal Jury Instructions, No. 8.23 (2010 ed.) | 18 |
| 18 | | Conspiracy -- Liability for Substantive Offense Committed by a Co-Conspirator (Pinkerton Charge) | Ninth Circuit Model Criminal Jury Instructions, No. 8.25 (2010 ed.) | 20 |
| 19 | | Aiding and Abetting | Ninth Circuit Model Criminal Jury Instructions, No. 5.1 (2010 ed.) | 22 |
| 20 | | Conspiracy -- Elements (wire fraud and bank fraud) | Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.) | 23 |
| 21 | | Wire Fraud | Ninth Circuit Model Criminal Jury Instructions, No. 8.124 (2010 ed.) | 24 |
| 22 | | Bank Fraud—Scheme to Defraud by False Promises | Ninth Circuit Model Criminal Jury Instructions, No. 8.127 (2010 ed.) | 27 |
| 23 | | Attempted Bank Fraud—Scheme to Defraud by False Promises | Ninth Circuit Model Criminal Jury Instructions, No. 8.128 (2010 ed.) | 29 |
| 24 | | Knowingly-Defined | Ninth Circuit Model Criminal Jury Instructions, No. 5.7 (2010 ed.) | 31 |

4

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 25 | | Aiding and Abetting | Ninth Circuit Model Criminal Jury Instructions, No. 5.1A (2010 ed.) | 32 |
| 26 | | Conspiracy -- Elements (money laundering) | Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.) | 33 |
| 27 | | Laundering Monetary Instruments | Ninth Circuit Model Criminal Jury Instructions, No. 8.147 (2010 ed.) | 35 |
| 28 | | Money Laundering | Ninth Circuit Model Criminal Jury Instructions, No. 8.150 (2010 ed.) | 37 |
| 29 | | Fraud in Connection with Identification Documents—Aggravated Identity Theft | Ninth Circuit Model Criminal Jury Instructions, No. 8.83 (2010 ed.) | 38 |
| 30 | | Possession -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 3.15 (2010 ed.) | 40 |

1

**INDEX OF PROPOSED FORFEITURE JURY INSTRUCTIONS**

2

**PRELIMINARY INSTRUCTION (TO BE READ AFTER VERDICT AND BEFORE**

3

**FORFEITURE PHASE OF TRIAL)**

| No. | Title | Page |
|-----|-------|------|
| 31 | Overview of Forfeiture Phase of Trial | 41 |

**INSTRUCTIONS AT END OF FORFEITURE PHASE OF TRIAL**

| No. | Title | Page |
|-----|-------|------|
| 32 | Forfeiture Proceeding Follows Guilty Verdict | 44 |
| 33 | Scope of Jury's Determination | 45 |
| 34 | Standard of Proof – Preponderance of the Evidence | 47 |
| 35 | Definition – Preponderance of the Evidence | 48 |
| 36 | Reliance on Evidence Presented During Guilt Phase | 49 |
| 37 | Forfeiture Allegations Not Evidence | 50 |
| 38 | Multiple Bases | 51 |
| 39 | Property Subject to Forfeiture for Wire Fraud Conviction | 52 |

| No. | Title | Page |
|-----|-------|------|
| 40 | Property Subject to Forfeiture for Bank Fraud Conviction | 53 |
| 41 | Property Subject to Forfeiture for Aggravated Identity Theft Conviction | 54 |
| 42 | Proceeds Defined | 55 |
| 43 | Forfeiture Based on Fraud Convictions Under 18 U.S.C. § 981(a)(1)(c) | 57 |
| 44 | Property Subject to Forfeiture for Money Laundering Conviction | 62 |
| 45 | Scope of 18 U.S.C. § 982(a)(1) | 63 |
| 46 | Forfeiture Based on Money Laundering Convictions Under 18 U.S.C. § 982(a)(1) | 66 |
| 47 | Special Verdict Form | 68 |

7

COURT'S INSTRUCTION NO. __

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

*[If applicable]*

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2010 ed.) [Stipulations of Fact].

1

COURT'S INSTRUCTION NO. _____
GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

*[If applicable]*

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2010 ed.) [Stipulated Testimony]

2

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

*[If defendant does not testify]*

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


*[If defendant testifies]*

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 3.3 and 3.4 (2010 ed.) [Defendant's Decision Not To Testify/To Testify].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.) [Activities Not Charged] (modified to reflect multiple defendants).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

*[If applicable]*

You have heard evidence that a defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.) [Other Crimes, Wrongs or Acts of Defendant]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

*[If applicable]*

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.6 (2010 ed.) [Impeachment, Prior Conviction of Defendant].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

*[If applicable]*

You have heard evidence that defendants Richard Ayvazyan and Tamara Dadyan were released under the Bail Reform Act.  You may consider this evidence only for its bearing, if any, on the question of whether defendant Richard Ayvazyan was released under that Act during the commission of the offenses charged in Counts Twenty-Eight through Thirty-Two, and whether defendant Tamara Dadyan was released under that Act during the commission of the offense charged in Count Thirty-Three.  You may not consider a defendant's bail status as evidence of guilt of the crimes for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, Nos. 4.3 (2010 ed.) [Other Crimes, Wrongs, of Acts of Defendant] and 8.194 [Failure to Appear] (modified).

7

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

*[If applicable]*

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) [Impeachment Evidence]

8

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control you verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant and/or count.

Ninth Circuit Model Criminal Jury Instructions, No. 3.13 (2010 ed.) [Separate Consideration of Multiple Counts -- Multiple Defendants].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

The indictment charges that the offenses alleged were committed "on or about" or "in or around" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the specified offense was committed on a date reasonably near the date alleged in the specified count, it is not necessary for the government to prove that the specified offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.) [On or About -- Defined] (modified to reflect multiple offenses and to include "in or around").

10

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

You have heard testimony that a defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2010 ed.) [Statements by Defendant].

11

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

*[If applicable]*

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.) [Charts and Summaries Not Admitted Into Evidence].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

*[If applicable]*

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 4.10 (2010 ed.) [Charts and Summaries Admitted Into Evidence].

13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

*[If applicable]*

You have heard testimony from [NAME or NAMES], [a] witness[es] who admitted being [an] accomplice[s] to the crimes charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For this reason, in evaluating the testimony of [NAME or NAMES], you should consider the extent to which or whether [his][her][their] testimony may have been influenced by this factor. In addition, you should examine the testimony of [NAME or NAMES] with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 4.9 (2010 ed.) [Testimony of Witnesses Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea] (modified).

14

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

*[If applicable]*

You have heard testimony from [NAME(s)] who testified to opinions and the reasons for [his/her/their] opinions.  This opinion testimony is allowed because of the education or experience of [this/these] witness[es].

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) [Opinion Evidence, Expert Witness].

15

COURT'S INSTRUCTION NO. __

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

Counts One and Twenty-Six of the indictment charge all of the defendants with conspiring to commit other specified crimes. Before I state and explain the elements of the crimes that are the objects of the conspiracies, I will first provide some general instructions on the crime of conspiracy itself. These instructions apply with equal force to Counts One and Twenty-Six of the indictment.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which

16

furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Ninth Circuit Model Criminal Jury Instructions, No 8.20 (2010 ed.) [Conspiracy—Elements] (modified to (1) delete elements of § 1349 conspiracy and retain general summary of conspiracy law; and (2) reflect the charges in the indictment and to add the first introductory paragraph).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details or purposes of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Model Jury Instructions, No. 8.23 (2010 ed.) [Conspiracy—Knowledge of the Association with Other Conspirators]

18

1  (modified to add the phrase "or purposes," which is language taken

2  from comment to Model Instruction 8.23 and from United States v.

3  Escalante, 637 F.2d 1197 (9th Cir. 1980), which the model

4  instruction cites to clarify conspiracy timeline requirements); see

5  also Escalante, 637 F.2d at 1200 ("In order to be a coconspirator,

6  one need not know all the purposes of and participants in the

7  conspiracy.").

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course of and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.

Therefore, you may find a defendant guilty of a crime charged in the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, someone committed the crime;

Second, that person was a member of a conspiracy;

Third, that person performed the crime in furtherance of the conspiracy;

Fourth, that person and the defendant were members of the same conspiracy at the time that this crime was committed; and

Fifth, the crime fell within the scope of that conspiracy and could reasonably have been foreseen, by the defendant, to be a necessary or natural consequence of the conspiracy.

Ninth Circuit Model Jury Instruction, No. 8.25 (2010 ed.) [Conspiracy -- Liability for Substantive Offense Committed by a Co-Conspirator (Pinkerton Charge)] (modified for generic reference).

1                COURT'S INSTRUCTION NO. _____

2          GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

3      A defendant may also be found guilty of a crime even if the

4 defendant personally did not commit the act or acts constituting the

5 crime but aided and abetted in its commission.  To prove a defendant

6 guilty of committing a particular crime by means of aiding and

7 abetting, the government must prove each of the following beyond a

8 reasonable doubt:

9      <u>First</u>, a crime was committed by someone;

10      <u>Second</u>, the defendant aided, counseled, commanded, induced, or

11 procured that person with respect to at least one element of the

12 crime;

13      <u>Third</u>, the defendant acted with the intent to facilitate the

14 crime; and

15      <u>Fourth</u>, the defendant acted before the crime was completed.

16      It is not enough that the defendant merely associated with the

17 person committing the crime, or unknowingly or unintentionally did

18 things that were helpful to that person, or was present at the scene

19 of the crime.  The evidence must show beyond a reasonable doubt that

20 the defendant acted with the knowledge and intention of helping that

21 person commit the crime.

22      A defendant acts with the intent to facilitate the crime when

23 the defendant actively participates in a criminal venture with

24 advance knowledge of the crime.

25      The government is not required to prove precisely which

26 defendant actually committed the crime and which defendant aided and

27

28

1    abetted.

26    Ninth Circuit Model Criminal Jury Instructions, No. 5.1 (2010 ed.)

27    [Aiding and Abetting] (modified for generic reference).

1               COURT'S INSTRUCTION NO. _____

2           GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

3        All of the defendants are charged in Count One of the

4 indictment with conspiring to commit wire fraud, in violation of

5 Section 1343 of Title 18 of the United States Code, and bank fraud,

6 in violation of Section 1344 of Title 18 of the United States Code.

7        In order for a defendant to be found guilty of the charge in

8 Count One the government must prove each of the following elements

9 beyond a reasonable doubt:

10       First, beginning by at least in or about March 2020, and

11 continuing to at least August 2020, there was an agreement between

12 two or more persons to commit at least one crime as charged in the

13 indictment; and

14       Second, the defendant became a member of the conspiracy knowing

15 of at least one of its objects and intending to help accomplish it.

16       The crimes that are alleged to be the objects of the conspiracy

17 -- wire fraud and bank fraud -- are defined in the next

18 instructions.

24 Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.)

25 [Conspiracy -- Elements] (modified to reflect the charges in the

26 indictment and note that the object offenses are defined in the next

27 instruction).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

The defendants are charged in Counts Two through Twelve of the indictment with wire fraud, in violation of Section 1343 of Title 18 of the United States Code, as follows:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION | DEFENDANTS CHARGED |
|-------|------|------------------------------|---------------------|
| TWO | May 1, 2020 | Transfer of approximately $182,637 in PPP loan proceeds from Lender H, sent by means of an interstate wire, into S. Construction Bank 5 Account | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| THREE | May 5, 2020 | Transfer of approximately $124,000 in PPP loan proceeds from Lender C, sent by means of an interstate wire, into Allstate Towing Bank 4 Account | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| FOUR | May 8, 2020 | Transfer of approximately $130,000 in PPP loan proceeds from Lender B, sent by means of an interstate wire, into TQC Bank 3 Account | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| FIVE | May 11, 2020 | Transfer of approximately $137,500 in PPP loan proceeds from Lender E, sent by means of an interstate wire, into Secureline Realty Bank 6 Account | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| SIX | May 11, 2020 | Transfer of approximately $130,187 in PPP loan proceeds from Lender B, sent by means of an interstate wire, into Redline Auto Collision Bank 5 Account | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |

24

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION | DEFENDANTS CHARGED |
|-------|------|------------------------------|--------------------|
| SEVEN | May 20, 2020 | Transfer of approximately $157,500 in PPP loan proceeds from Lender B, sent by means of an interstate wire, into Voyage Limo Bank 3 Account | ALL DEFENDANTS |
| EIGHT | June 16, 2020 | Transfer of approximately $149,900 in EIDL loan proceeds from the SBA, sent by means of an interstate wire, into G&A Diamonds Bank 4 Account | ALL DEFENDANTS |
| NINE | June 17, 2020 | Transfer of approximately $150,000 in EIDL loan proceeds from the Redline Auto Collision Bank 5 Account, sent by means of an interstate wire, to Terabelian Bank 2 Account | ALL DEFENDANTS |
| TEN | June 22, 2020 | Transfer of approximately $149,900 in EIDL loan proceeds from the SBA, sent by means of an interstate wire, into Timeline Transport Bank 1 Account | ALL DEFENDANTS |
| ELEVEN | July 31, 2020 | Transfer of approximately $384,150 in PPP loan proceeds from Lender F, sent by means of an interstate wire, into Mod Interiors Bank 7 Account | ALL DEFENDANTS |
| TWELVE | August 13, 2020 | Submission of application for PPP loan to Lender F in the name of A.D., sent by means of an interstate wire | ALL DEFENDANTS |

In order for a defendant to be found guilty of wire fraud, in violation of Section 1343 of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

<u>Second</u>, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

<u>Third</u>, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

<u>Fourth</u>, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Ninth Circuit Model Criminal Jury Instructions, No. 8.124 (2010 ed.; approved 4/2019) [Wire Fraud] (modified to add chart of specific counts).

26

1    COURT'S INSTRUCTION NO. _____

2    GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

3    The defendants are charged in Counts Thirteen through Twenty of

4    the indictment with bank fraud, in violation of Section 1344(2) of

5    Title 18 of the United States Code, as follows:

| COUNT | DATE | ACT | DEFENDANTS CHARGED |
|-------|------|-----|--------------------|
| THIRTEEN | April 18, 2020 | Submission of application for PPP loan to Lender H in the name of H. Construction | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| FOURTEEN | April 30, 2020 | Submission of application for PPP loan to Lender B in the name of TQC | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| FIFTEEN | May 2, 2020 | Submission of application for PPP loan to Lender C in the name of Allstate Towing | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| SIXTEEN | May 7, 2020 | Submission of application for PPP loan to Lender B in the name of Redline Auto Collision | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| SEVENTEEN | May 9, 2020 | Submission of application for PPP loan to Lender E in the name of Secureline Realty | R. AYVAZYAN; TERABELIAN; A. AYVAZYAN; T. DADYAN; GRIGORYAN; HAYRAPETYAN; PARONYAN |
| EIGHTEEN | May 18, 2020 | Submission of application for PPP loan to Lender B in the name of Voyage Limo | ALL DEFENDANTS |

27

| NINETEEN | June 25, 2020 | Submission of application for PPP loan to Lender B in the name of Redline Auto Mechanics | ALL DEFENDANTS |
| TWENTY | July 13, 2020 | Submission of application for PPP loan to Lender A in the name of Runyan Tax Service | ALL DEFENDANTS |

In order for a defendant to be found guilty of bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, for each Count, the defendant knowingly carried out a scheme or plan to obtain money or property from the financial institution specified in the Count by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the specified financial institution was federally insured.

Ninth Circuit Model Criminal Jury Instructions, No. 8.127 (2010 ed.) [Bank Fraud—Scheme to Defraud by False Promises] (modified to add chart of specific counts)

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

Defendant Tamara Dadyan is charged in Count Thirty-Three of the indictment with attempted bank fraud in violation of Section 1344(2) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised a plan or scheme to obtain money or property from Capital One, N.A. by false promises or statements;

Second, the promises or statements were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Third, the defendant acted with the intent to defraud;

Fourth, the defendant did something that was a substantial step toward carrying out the plan or scheme and that strongly corroborated the defendant's intent to commit that crime; and

Fifth, Capital One, N.A. was federally insured.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

Defendant Tamara Dadyan is charged with committing the offense charged in Count Thirty-Three while released pursuant to the Bail

1  Reform Act.  If you find beyond a reasonable doubt that defendant
2  Tamara Dadyan committed that offenses, you must also determine
3  whether the government has proven beyond a reasonable doubt that she
4  committed the offense while on release.

25  Ninth Circuit Model Criminal Jury Instructions, No. 8.128 (2010 ed.)
26  [Attempted Bank Fraud—Scheme to Defraud by False Promises] (modified
27  to add specific bank); 18 U.S.C. § 3147.

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instructions, No. 5.7 (2010 ed.)

[Knowingly-Defined]

1                    COURT'S INSTRUCTION NO. _____

2              GOVERNMENT'S PROPOSED INSTRUCTION NO. 25

3       A defendant may be found guilty of wire fraud or bank fraud as

4  charged in each of Counts Two through Twelve and Thirteen through

5  Twenty and Thirty-Three of the indictment even if the defendant did

6  not personally commit the acts constituting the crime if the

7  defendant willfully caused an act to be done that if directly

8  performed by him or her would be an offense against the United

9  States.  A defendant who puts in motion or causes the commission of

10 an indispensable element of the offense may be found guilty as if he

11 or she had committed this element him- or herself.

25 Ninth Circuit Model Criminal Jury Instructions, No. 5.1A (2010 ed.;

26 approved 9/2019) [Aiding and Abetting (18 U.S.C. § 2(b) (modified to

27 reflect charges in the indictment)]

28

1          COURT'S INSTRUCTION NO. _____

2      GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

3      All of the defendants are charged in Count Twenty-Six of the

4  indictment with conspiring to engage in money laundering, in

5  violation of Section 1956(h) of Title 18 of the United States Code.

6      In order for a defendant to be found guilty of that charge, the

7  government must prove each of the following elements beyond a

8  reasonable doubt:

9      First, beginning no later than in or around March 2020 and

10  continuing until at least in or around October 2020, there was an

11  agreement between two or more persons to commit at least one of the

12  following crimes: (1) money laundering, in violation of Section

13  1956(a)(1)(B)(i) of Title 18 of the United States Code; and

14  (2) engaging in monetary transactions in property derived from

15  specified unlawful activity, in violation of Section 1957 of Title

16  18 of the United States Code -- with all of you agreeing as to the

17  particular crime which the conspirators agreed to commit; and

18      Second, the defendant became a member of the conspiracy knowing

19  of at least one of its objects and intending to help accomplish it.

20      The crimes that are alleged to be the objects of the conspiracy

21  charged in Count Twenty-Six -- money laundering and engaging in

22  monetary transactions in property derived from specified unlawful

23  activity -- are further defined in the next instructions.

24

25

26  Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.)

27  [Conspiracy -- Elements] (modified to reflect the charges in the

28

33

indictment and note that the object offenses are defined in the next instructions).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

Defendant Vahe Dadyan is charged in Count Twenty-Seven, and defendant Richard Ayvazyan is charged in Counts Twenty-Eight through Thirty-Two, with laundering money, in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.

In order for a defendant to be found guilty of laundering money as charged in the aforementioned counts, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of conspiracy to commit bank fraud and wire fraud, in violation of Section 1349 of Title 18 of the United States Code; wire fraud in violation of Section 1343 of Title 18 of the United States Code; or bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and/or control of such proceeds.

A financial transaction is a transaction involving the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from

some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that conspiracy to commit wire fraud and bank fraud, wire fraud, and bank fraud are each a felony.

Defendant Richard Ayvazyan is charged with committing the offenses charged in Counts Twenty-Eight through Thirty-Two while released pursuant to the Bail Reform Act.  If you find beyond a reasonable doubt that defendant Richard Ayvazyan committed any of these offenses, you must also determine whether the government has proven beyond a reasonable doubt that he committed the offense while on release.

Ninth Circuit Model Jury Instructions, No. 8.147 (2010 ed.) [Laundering Monetary Instruments (18 U.S.C. § 1956(a)(1)(B))] (modified to reflect charges in the indictment, including § 3147 allegation).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

Laundering money in violation of Section 1957 of Title 18 of the United States Code is the second object of the conspiracy charged in count Twenty-Six.

In order for a person to be found guilty of committing this object of the conspiracy, the government would have to prove each of the following elements beyond a reasonable doubt:

First, the person knowingly engaged in a monetary transaction;

Second, the person knew that the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud, in violation of Section 1343 of Title 18 of the United States Code, or bank fraud, in violation of Section 1344 of Title 18 of the United States Code; and

Fifth, the transaction occurred in the United States.


The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

Ninth Circuit Model Jury Instructions, No. 8.150 (2010 ed.) [Money Laundering (18 U.S.C. § 1957)] (modified to reflect the indictment).

37

1          COURT'S INSTRUCTION NO. _____

2      GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

3      Defendant Richard Ayvazyan is charged in Counts Twenty-One and

4  Twenty-Two of the indictment with aggravated identity theft in

5  violation of Section 1028A of the Title 18 of the United States

6  Code.  Defendant Marietta Terabelian is charged with this offense in

7  Count Twenty-Two, defendant Manuk Grigoryan is charged with this

8  offense in Count Twenty-Three, defendants Artur Ayvazyan and Tamara

9  Dadyan are charged with this offense in Count Twenty-Four, and

10 defendant Hayrapetyan is charged with this offense in Count Twenty-

11 Five.

12     In order for a defendant to be found guilty of aggravated

13 identity theft as charged in these counts, the government must prove

14 each of the following elements beyond a reasonable doubt:

15     First, the defendant knowingly transferred, possessed, or used

16 without legal authority a means of identification of another person,

17 namely, at least one of the following: For Count Twenty-One, the

18 name of M.Z; for Count Twenty-Two, the name and California driver's

19 license number of N.T.; for Count Twenty-Three, the name of A.F.;

20 for Count Twenty-Four, the name and date of birth of A.D.; and for

21 Count Twenty-Five, the name and social security number of M.H.

22     Second, the defendant knew that the means of identification

23 belonged to a real person; and

24     Third, the defendant did so during and in relation to a

25 specific bank fraud or wire fraud offense charged in the indictment,

26 namely, for Count Twenty-One, bank fraud, as charged in Count

27 Fourteen; for Count Twenty-Two, wire fraud, as charged in Count

28

38

Eleven; for Count Twenty-Three, bank fraud, as charged in Count Nineteen; for Count Twenty-Four, wire fraud, as charged in Count Twelve; and for Count Twenty-Five, bank fraud, as charged in Count Thirteen.

To act "without legal authority" means to act in a way that is contrary to law.  Thus, the government need not establish that the means of identification of another person was stolen or used without that person's consent or permission.


Ninth Circuit Model Criminal Jury Instructions, No. 8.83 (2010 ed.; approved 3/2021) [Fraud in Connection with Identification Documents—Aggravated Identity Theft (18 U.S.C. § 1028A)] (modified to (1) note that the predicate crime is a felony that is defined in a previous instruction; (2) include the specific means of identification and victims, in accordance with <u>United States v. Ward</u>, 747 F.3d 1184, 1192-93 (9th Cir. 2014) (reversing for constructive amendment where court "declined to name the specific victims whose identities the indictment accused [the defendant] of stealing"); and (3) explain that "without lawful authority" simply means contrary to law and does not require the government to prove that the identity was stolen or used without consent, as set forth in <u>United States v. Osuna-Alvarez</u>, 788 F.3d 1183, 1186 (9th Cir. 2015) (holding that a defendant makes "use" of an identification without lawful authority even if the owner of the identity is complicit in the defendant's use).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.15 (2010 ed.) [Possession -- Defined].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

[Criminal Forfeiture Phase of Trial]

*[To be read to the jury immediately after its return of a verdict of guilty on either or both Counts of the Indictment, and prior to the commencement of the forfeiture phase of the trial.]*

Ladies and gentlemen of the jury, your verdict in this case doesn't complete your jury service as it would in most cases, because there is another matter you must now consider. You must decide whether the defendants should forfeit certain property to the United States as a part of the penalty for the crimes charged in Counts One through Thirty-Two of the First Superseding Indictment.

In a portion of the First Superseding Indictment not previously discussed or disclosed to you, it is alleged that there is property involved in or derived from proceeds obtained, directly or indirectly, as a result of the offense for which Defendants were found guilty. In view of your verdict finding the Defendants guilty of the offenses alleged in Counts One through Thirty-Two, you now must also decide what property, if any, should be forfeited to the United States.

Federal law provides that where, as here, a defendant is convicted of wire fraud, bank fraud, or aggravated identity theft, such a defendant is required to forfeit to the United States all right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense. In this case, since you

have found the defendants guilty of these offenses, you must consider whether the property specified in the First Superseding Indictment is of this character.

Federal law also provides that where, as here, a defendant is convicted of money laundering, such a defendant is required to forfeit to the United States all right, title and interest in any and all property, real or personal, involved in the offense, and any property traceable to such property.  In this case, since you have found the defendants guilty of money laundering offenses, you must consider whether the property specified in the First Superseding Indictment is of this character.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.  To decide whether property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

A copy of the forfeiture allegations of the First Superseding Indictment will be given to you to consider during your supplemental deliberations. The First Superseding Indictment and the accompanying amended bill of particulars describe in particular the property allegedly subject to forfeiture to the United States.

Eleventh Circuit Pattern Jury Instructions, T6 (2017 ed.) (Forfeiture Proceedings) (to be given before supplemental evidentiary proceedings or supplemental argument of counsel)

1  (adapted); Federal Rule of Criminal Procedure 32.2(a) and (b); 18

2  U.S.C. § 981(a)(1)(C); Libretti v. United States, 516 U.S. 29, 39

3  (1995) ("Our precedents have likewise characterized criminal

4  forfeiture as an aspect of punishment imposed following conviction

5  of a substantive criminal offense."); United States v. Lazarenko,

6  476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates in

7  personam against a defendant; it is part of his punishment following

8  conviction); United States v. Lazarenko, 504 F. Supp. 2d 791, 796-97

9  (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment

10 give notice of the forfeiture in generic terms; that the Government

11 did not itemize all of the property subject to forfeiture until much

12 later was of no moment; older cases holding that property had to be

13 listed in the indictment are no longer good law).

1

COURT'S INSTRUCTION NO. _____

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

3

[Forfeiture Proceeding Follows Guilty Verdict]

4

*[This Instruction and all following instructions to be read before*

5

*the jury begins its deliberations on forfeiture]*

6

7        While deliberating concerning the issue of forfeiture you must

8   not reexamine your previous determination regarding the Defendant's

9   guilt.  However, all the instructions previously given to you

10  concerning duties of the jury, your consideration of the evidence,

11  what is and is not evidence, the credibility of the witnesses,

12  expert testimony, your duty to deliberate together, your duty to

13  base your verdict solely on the evidence without prejudice, bias, or

14  sympathy, and the necessity of a unanimous verdict, will continue to

15  apply during these supplemental deliberations.

16

17

18  Eleventh Circuit Model Jury Instructions, T6 (2017 ed.) (adapted);

19  Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; United

20  States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) (defendant is

21  not permitted to relitigate the legality of his conduct or otherwise

22  attempt to undermine the jury's finding of guilt during the

23  forfeiture phase; affirming district court's refusal to let

24  defendant introduce evidence tending to show his conduct was not

25  illegal, and holding that in the forfeiture phase, the legality of

26  the conduct is "no longer a live issue;" the only question is the

27  nexus between the conduct and the offense).

28

1                 COURT'S INSTRUCTION NO. _____

2         GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

3        [Forfeiture – Scope of Jury's Determination]

4

5     Your duty at this phase of the proceeding is solely to

6 determine whether the government has proven the required connection

7 between the property sought for forfeiture and the offenses for

8 which you have found the defendant guilty.

9     You should not consider what might happen to the property in

10 determining whether the property is subject to forfeiture; the

11 disposition of any property that is declared forfeited is

12 exclusively a matter for the Court to decide.  Similarly, if any

13 property has been transferred to a third party, the Court will later

14 determine the right of that third party to the property.

15     Some of the property which the government claims is subject to

16 forfeiture may be in the name of the defendant and persons or

17 business entities other than the defendant.  However, any interest

18 that a person other than the defendant may claim to such property

19 will be taken into account by this Court in a separate proceeding.

20 Interests of persons or entities other than the defendant are not

21 for your consideration.

22     Your sole task is to decide whether the defendant's interest in

23 the property, whatever that interest may be, is subject to

24 forfeiture under the applicable law.

25

26 Fed. R. Crim. P. 32.2(b)(2)(A) (only question during forfeiture

27 phase is whether evidence establishes requisite nexus between

28

underlying crimes of conviction and property sought to be
forfeited); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir.
2005) (district court properly instructed jury that questions of
ownership "were not before them"); United States v. Yeje-Cabrera,
430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose
of Rule 32.2(b)(2) was to preserve the resources of the court and
third parties by deferring the ownership issue to the ancillary
proceeding, thus avoiding duplicative litigation); United States v.
Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability
is determined, the court does not – "and indeed may not" --
determine ownership, as that issue is deferred to the ancillary
proceeding).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

[Standard of Proof]


With two important exceptions, all of my previous instructions will continue to apply to these deliberations. The first exception is that during this phase, the government's burden is not proof beyond a reasonable doubt, but instead is only proof by a preponderance of the evidence, which I will define for you in a moment. The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the Defendant, but your sole task is to determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the Defendant has been convicted and the property sought for forfeiture.


Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates in personam against a defendant; it is part of his punishment following conviction); Rule 32.2(b)(5); United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt).

47

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

[Preponderance of the Evidence]


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Model Jury Instructions, Civil, No. 1.3 (2010 ed.) [Preponderance of the Evidence].

48

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

[Reliance on Evidence Presented During Guilt Phase]


In making the forfeiture determination, you should consider all of the evidence presented during this post-verdict proceeding and the trial, regardless of who offered it.  You should evaluate the evidence and its credibility according to the instructions I gave you earlier.

Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; Rule 32.2 ((b)(1)(B) (Whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

[Forfeiture Allegations Not Evidence]

The forfeiture allegations set forth in the First Superseding Indictment are not evidence and do not create any inference that the property is subject to forfeiture.  The defendants have denied that the property is subject to forfeiture.

Fed. Crim. Jury Instr. 7th Cir. (2012 ed.) [Forfeiture Allegations Instruction]; cf. Ninth Circuit Model Jury Instructions, Civil, No. 3.2 (2010 ed.) [Charge Against Defendant Not Evidence].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

[Forfeiture – Multiple Bases]

I will soon describe the specific property the government seeks to forfeit and what the government must prove to forfeit the property.  You will be asked to consider separately whether the property is subject to forfeiture on multiple grounds.  You need not be concerned with "double-counting" of monetary amounts or "overlapping" of properties.

Even if you find that a particular property is subject to forfeiture for more than one reason, that does not mean the government will receive said property twice.  However, it is important that you indicate on the special verdict form all bases on which you find any given property is subject to forfeiture.

Any issues of "double-counting" or "overlapping" will be considered by the Court in imposing sentence.

Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982.

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

[Property Subject to Forfeiture for Wire Fraud Conviction or
Conspiracy to Commit such Offense]


Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1343, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C).

COURT'S INSTRUCTION NO. \_\_\_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 40

[Property Subject to Forfeiture for Bank Fraud Conviction]


Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1344, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 41

[Property Subject to Forfeiture for Aggravated Identity Theft
Conviction]


Under federal law, any defendant convicted of one or more
violations of Title 18, United States Code, Section 1028A, shall
forfeit to the government all of the defendant's right, title and
interest in any and all property, real or personal, constituting, or
derived from, any proceeds obtained, directly or indirectly, as a
result of the offense.

Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C);
United States v. Pollard, 850 F.3d 1038, 1042-1043 (9th Cir. 2017)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 42

[Proceeds Defined]


Property subject to forfeiture as proceeds of a scheme to defraud includes any money obtained as a result of the scheme, and any property obtained with that money.

Proceeds remain proceeds regardless of how many times the property may change form. For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy a car. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds.

In a case, like this one, involving a scheme to defraud, property is subject to forfeiture if it is derived from or traceable to the scheme as a whole; it is not necessary for the Government to trace the property to a particular execution of the scheme, such as a particular wire transfer.

United States v. Swanson, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture;

property traceable to the forfeitable property is forfeitable as well); United States v. Lo, 839 F.3d 777, 793 (9th Cir. 2016) ("[T]he proceeds of the crime of conviction consist of the funds involved in that fraudulent scheme, including additional executions of the scheme that were not specifically charged or on which the defendant was acquitted."); United States v. Venturella, 585 F.3d 1013, 1015, 1016-17 (7th Cir. 2009) (forfeiture in a mail fraud case "is not limited to the amount of the particular mailing but extends to the entire scheme"); 18 U.S.C. § 981(a)(2)(A); United States v. Boesen, 473 F.Supp.2d 932, 952-953 (S.D. Iowa 2007) (forfeiting the gross proceeds of a large health care fraud scheme, not just the proceeds of the 82 executions of the scheme); see also United States v. Capoccia, 503 F.3d 103, 117-18 (2d Cir. 2007) (distinguishing scheme offenses such as in Boesen from discrete offenses, for purposes of determining forfeitable proceeds).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 43

[Forfeiture based on Fraud Offenses Under 18 U.S.C. § 981(a)(1)(C)]

The government seeks to forfeit the following property pursuant to the findings of guilt on each of Counts One through Twenty-Five:

1.  All of Defendant's right, title and interest in certain real Property located in Tarzana, California identified by Assessors Parcel Number 2176-029-031;

2.  All of Defendant's right, title and interest in certain real Property located in Glendale, California identified by Assessors Parcel Number 5663-036-033;

3.  All of Defendant's right, title and interest in certain real Property located in Palm Desert, California identified by Assessors Parcel Number 694-331-008;

4.  $451,185.00 in U.S. Currency seized on November 5, 2020;

5.  $12,520.00 in U.S. Currency seized on November 5, 2020, in Encino, California, at the residence of defendants Tamara Dadyan ("Dadyan") and Artur Ayvazyan ("A. Ayvazyan");

6.  $74,557.79 in Bank funds seized from Bank of America account number ending in 7695 held in the name of Allstate Towing & Transport LLC;

7.  One Audermars Piguet, Royal Oak 18 carat rose gold wrist watch, model 26331, serial number J52335;

8.  One Rolex Datajust stainless steel wrist watch, model 126334, serial number 4U95Z313;

57

9.  One Cartier Chronoscaph 21 stainless steel wrist watch, model 2424, serial number 880317LX;

10. One Audemars Piguet, Royal Oak Offshore black ceramic wrist watch, serial number K23313;

11. One Audemars Piguet Royal Oak Offshore black ceramic wrist watch, serial number LU44845K;

12. Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N;

13. One 1979 Gold Bullion Coin;

14. Two 1980 Gold Bullion Coins;

15. Ten 1982 Gold Bullion Coins;

16. Seventeen 1983 Gold Bullion Coins;

17. Five 1984 Gold Bullion Coins;

18. Five 1985 Gold Bullion Coins;

19. Ten 1986 Gold Bullion Coins;

20. Ten 1987 Gold Bullion Coins;

21. One 14 carat rose tint gold pendant, cross-shaped; and

22. One Rolex Yacht-Master II watch, model 116681, serial number C32K8231;

23. One Rolex Day-Date 40 watch, model W6685656;

24. One Rolex Day-Date watch, serial number W44P7238;

25. One Pair of 14 carat white gold earrings with diamond studs;

26. One pair of 18 carat white gold earrings with diamonds;

27. One 14 carat white gold bracelet with 2 rows of diamonds;

28. One 14 carat yellow gold 24" neck chain;

29. One 14 carat yellow gold cross pendant;

30. One 14 carat yellow gold 16" neck chain;

31. One 18 carat white gold bracelet double chain link "Evil Eye" with diamonds; and

32. One fabric cord bracelet with 18 carat white gold clasp and diamond "Evil Eye";

33. $3,422.00.00 in U.S. Currency seized on November 20, 2020;

34. Ledger re Nanos Cryptocurrency Hardware Wallet seized on November 5, 2020;

35. $65,990.43 in Bank funds seized from Bank of America account ending in '9700 in the name of Runyan Tax Service Inc.

The government contends that each property described above constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the violation of which Defendant was found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above constitutes or is derived from proceeds the Defendant obtained, directly or indirectly, as a result of the violation(s) of which the Defendant has been found guilty, you must find that such property is forfeitable to the United States.

Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C); United States v. Lazarenko, 504 F. Supp. 2d 791, 796-97 (N.D. Cal.

2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment; older cases holding that property had to be listed in the indictment are no longer good law); Rule 32.2(b)(2)(A) (The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government.  "If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) (following Monsanto: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture"); Lazarenko, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property"); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury

that questions of ownership "were not before them"; jury's return of special verdict of forfeiture silent on the issue of ownership of the property); United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership; that issue is deferred to the ancillary proceeding); Lazerenko, 476 F.3d at 648; *Gaskin*, 2002 WL 459005, at *9 n.4 (ownership is a question for the court alone to determine in the ancillary proceeding), aff'd*,* 364 F.3d 438 (2d Cir. 2004); United States v. Christensen*,* 828 F.3d 763 (9th Cir. 2015) (The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence) (fraud)*;* United States v. Kalish, 626 F.3d 165, 168 (2d Cir. 2010); United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

1                          COURT'S INSTRUCTION NO. _____

2                    GOVERNMENT'S PROPOSED INSTRUCTION NO. 44

3          [Property Subject to Forfeiture for Money Laundering Conviction]

4

5          Under federal law, any defendant convicted of one or more

6    violations of Title 18, United States Code, Section 1956, shall

7    forfeit to the government all of the defendant's right, title and

8    interest in any and all property, real or personal, involved in such

9    offense, or any property traceable to such property.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

[Scope of 18 U.S.C. §982(a)(1)]


Property subject to forfeiture as property involved in a violation of Section 1956 of Title 18 of the United States Code (Counts 26 through 32) includes:

1.    Money or other property that was the subject of the financial transaction that constituted the money laundering violation;

2.    Any property used to facilitate the money laundering violation; and

3.    Any fees or commissions paid to the money launderer.

Property may be the subject of the financial transaction in a number of ways.  For example, the property may be the proceeds of the underlying specified unlawful activity which were used to conduct the transaction; it may be property that was commingled with those proceeds at the time the financial transaction took place; or it may be property that was obtained as part of an exchange or purchase that constitutes the violation for which a defendant has been found guilty.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect.

Property that is traceable to the property described in

(1) through (3) above in this instruction is also subject to forfeiture.  The phrase "any property traceable to" such property includes any property which was exchanged for, derived from, or obtained with any of the property involved in the underlying money laundering crime.  For example, property involved in a money laundering violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not a money laundering violation, but that real or personal property is forfeitable because it can be traced to property that was involved in the money laundering violation.  Property is forfeitable as traceable to property that was involved in a money laundering even if some untainted funds were also used to purchase, improve or maintain the property.

18 U.S.C. § 982(a)(1); United States v. Cherry, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (court properly instructed jury that it had to

find that property "fairly represents the property which was involved in, or is traceable to property involved in" the money laundering counts); United States v. Huber, 404 F.3d 1047, 1058 (8th Cir. 2005) (the SUA proceeds involved in a financial transaction, as well as any clean money commingled with it, constitute the corpus of the money laundering transaction; both are subject to forfeiture); United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); United States v. Nicolo, 597 F. Supp. 2d 342, 355 (W.D.N.Y. 2009) (if funds in bank account are subject to forfeiture as property involved in money laundering, then vehicle purchased with those funds is forfeitable as property traceable to such property); United States v. Hawkey, 148 F.3d 920, 927-28 (8th Cir. 1998) (property "traceable to" the laundering violation and any appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 46

[Forfeiture based on Money Laundering Offenses

Under 18 U.S.C. § 982(a)(1)]


The government seeks to forfeit the following property pursuant to the findings of guilt on each of Counts 26 through 32:

1.  All of Defendant's right, title and interest in certain real Property located in Tarzana, California identified by Assessors Parcel Number 2176-029-031

2.  All of Defendant's right, title and interest in certain real Property located in Glendale, California identified by Assessors Parcel Number 5663-036-033

3.  All of Defendant's right, title and interest in certain real Property located in Palm Desert, California identified by Assessors Parcel Number 694-331-008.

4.  Ledger re Nanos Cryptocurrency Hardware Wallet seized on November 5, 2020.

The government contends that each property described above was involved in or traceable to the money laundering violations for which Defendants were found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above was involved in such offense, or traceable to the violation(s) of which the Defendant has been found guilty, you must find that such

66

property is forfeitable to the United States.

Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 47

[Special Verdict Form]


A Special Verdict Form has been prepared for your use.  With respect to the property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you.  Your decision must be unanimous. Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

Federal Rule of Criminal Procedure 32.2(b)(1); 18 U.S.C. § 981; *Libretti v. United States*, 516 U.S. 29, 133 L. Ed. 2d. 271, 116 S. Ct. 356, 365 (1995).