# EXHIBIT 10



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Scott Paetty*  
*Phone: (213) 894-6527*  
*E-mail: Scott.Paetty@usdoj.gov*

*1100 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California 90012*

**BY EMAIL**

April 26, 2021

Ashwin J. Ram  
Michael A. Keough  
Nicholas P. Silverman  
Steptoe & Johnson LLP  
1330 Connecticut Avenue, NW  
Washington, DC 20036

*Counsel for Richard Ayvazyan*

David D. Diamond  
Diamond and Associates  
1200 Wilshire Boulevard Suite 406  
Los Angeles, CA 90017

John Lewis Littrell  
Bienert Katzman PC  
903 Calle Amanecer Suite 350  
San Clemente, CA 92673

*Counsel for Marietta Terabelian*

Thomas A. Mesereau, Jr.  
Mesereau Law Group  
10100 Santa Monica Boulevard Suite 300  
Los Angeles, CA 90067

Jennifer J. Wirsching  
Attorney at Law  
1935 Alpha Road Suite 216  
Glendale, CA 91208

*Counsel for Artur Ayvazyan*

Fred G. Minassian  
Law Offices of Fred G. Minassian, Inc.  
101 N. Brand Blvd., Suite 1970  
Glendale, CA 91203

*Counsel for Tamara Dadyan*

    Re:    United States v. Ayvazyan et. al,  
             No. CR 2:20-cr-00579-SVW

Dear Counsel:

We write to you concerning materials seized from the residences of your respective clients, Richard Ayvazyan, Marietta Terabelian, Artur Ayvazyan and Tamara Dadyan, pursuant to federal search warrants 2:20-mj-5282 and 2:20-mj-5286, executed on November 5, 2020. As the government previously explained, certain of the digital devices that the government obtained from the execution of these search warrants (*e.g.*, smartphones, computers, and removable storage media), were provided to the government's filter team for a privilege review.[1]

---

[1] As the government previously explained, certain of the digital devices that the government obtained from the execution of these search warrants – namely routers, modems, a

RE: United States v. Ayvazyan et. al
April 26, 2021
Page 2

We understand that the filter team has reviewed the data obtained from certain of these digital devices, and the filter team provided to the prosecution team the data that the filter team determined not to be potentially privileged in the form of Cellebrite reports or reviewable load files. The prosecution team, in turn, has produced all of those filtered Cellebrite reports and reviewable load files that are discoverable and in its possession to defense counsel in the criminal case, all of whom are copied on this correspondence.

We further understand that the filter team is completing its filter of four additional digital devices, described in Exhibit A attached hereto, and will provide to the prosecution team the data that the filter team determines not to be potentially privileged in the form of Cellebrite reports. The prosecution team, in turn, will produce these four filtered Cellebrite reports to defense counsel in the criminal case, all of whom are copied on this correspondence. These four Cellebrite reports will be produced in addition to the complete forensic copy of these four digital devices, which, as you know, the government previously produced to you (counsel for the original four defendants) on February 1, 2021.

We also understand that there are additional materials that the filter team has not reviewed and therefore has made no determination as to whether they are privileged, namely data obtained from various digital devices that have been imaged but not reviewed. These additional materials have not been released to the prosecution team and thus will not be used by the prosecution team in its case-in-chief in this matter. It is also our understanding that the filter team does not intend to continue reviewing these additional materials for privilege. These digital devices are listed in the attached Exhibit B, and we understand the FBI will be returning each listed device to counsel for its respective owner.

As we previously explained to you, we also understand that there are several digital devices that CART could not access for imaging or review. These additional materials will not be used by the prosecution team in its case-in-chief in this matter. It is also our understanding that no further efforts will be undertaken by CART to access these devices. The digital devices that CART could not access for imaging or review are listed in the attached Exhibit C. We understand the FBI will be returning each listed device to counsel for its respective owner.

As you know, the government already provided to you, as counsel for the original four defendants in this case, a complete forensic image of all of the digital devices that could be accessed and imaged based on your December 11, 2020, joint-letter stating that "each defendant provides a limited consent that their electronic data may be shared with the other three defendants currently in the case for the purposes of their defense in this case." Thus, with respect to all of the digital devices provided to the filter team, including the digital devices listed in Exhibits A and B, you have already received a complete forensic image of those devices, and you will now receive back the underlying devices reflected in Exhibit B as well. As for the encrypted and damaged devices listed in Exhibit C that could not be accessed or imaged, as

---

cable box, and GPS devices – were separately provided to and analyzed by the FBI's Computer Analysis and Response Team (CART). (*See* Mar. 26, 2021 Letter; Apr. 9, 2021 Letter.)

RE: United States v. Ayvazyan et. al
April 26, 2021
Page 3

explained above, the government will be returning each such device to counsel for its respective owner.

We have also copied counsel for defendants Manuk Grigoryan, Arman Hayrapetyan, Edvard Paronyan, and Vahe Dadyan, so that they may respond by May 3, 2021, if they have any objection to this procedure.

Separately, to the extent the filter team has withheld from the prosecution team documents belonging to your respective clients that are potentially privileged, the filter team will be contacting you shortly about those documents.

Very truly yours,

*/s/ Scott Paetty*

SCOTT PAETTY
Assistant United States Attorney
Major Frauds Section

*/s/ Christopher Fenton*

Christopher Fenton
Trial Attorney
Department of Justice
Criminal Division

Enclosure

Cc (via email):    John Hanusz, Counsel for Manuk Grigoryan
　　　　　　　　　Jilbert Tahmazian, Counsel for Arman Hayrapetyan
　　　　　　　　　Michael Freedman, Counsel for Edvard Paronyan
　　　　　　　　　Peter Johnson, Counsel for Vahe Dadyan

## Exhibit A

| Evidence Item No. | Description | Place of Seizure |
|---|---|---|
| 1B17 | Apple iPhone | |
| 1B21 | Apple iPhone | |
| 1B81 | Apple iPhone | |
| 1B85 | Apple iPhone | |

## Exhibit B

| Evidence Item No. | Description | Place of Seizure |
|---|---|---|
| 1B18 | Apple iPhone | ███ |
| 1B20 | Samsung Tablet | ███ |
| 1B37 | Mac Book | ███ |
| 1B40 | HP Computer | ███ |
| 1B41 | Removable Storage Media | ███ |
| 1B75 | Removable Storage Media | ███ |
| 1B77 | Black Computer Tower | ███ |
| 1B79 | Apple iPhone | ███ |
| 1B80 | Apple iPhone | ███ |
| 1B82 | Apple iPhone | ███ |
| 1B83 | Apple iPhone | ███ |
| 1B94 | Vertu Phone | ███ |
| 1B96 | Apple iPhone | ███ |
| 1B121 | CYBERPOWER PC Model C | ███ |
| 1B122 | HP Slimline 260 | ███ |
| 1B130 | Apple iPhone | ███ |
| 1B131 | Apple iPhone | ███ |
| 1B132 | Apple iPhone | ███ |
| 1B133 | Samsung Cell Phone | ███ |
| 1B134 | Samsung Cell Phone | ███ |
| 1B135 | Samsung Cell Phone | ███ |
| 1B136 | AT&T Flip Phone | ███ |
| 1B137 | AT&T Flip Phone | ███ |
| 1B138 | AT&T Flip Phone | ███ |

## Exhibit C

| Evidence Item No. | Description | Place of Seizure |
|---|---|---|
| 1B27 | Apple iPad | ▮ |
| 1B38 | HP Laptop Computer | ▮ |
| 1B78 | White Router 323-10888-01 | ▮ |