1  John L. Littrell (SBN 221601)
   jlittrell@bklwlaw.com
2  Ryan V. Fraser (SBN 272196)
   rfraser@bklwlaw.com
3  **BIENERT KATZMAN LITTRELL WILLIAMS LLP**
   601 W. 5th Street, Suite 720
4  Los Angeles, CA 90071
   Telephone: (213) 528-3400
5  Facsimile: (949) 369-3701

6  Attorneys for Defendant MARIETTA TERABELIAN

7  Ashwin J. Ram (SBN 227513)
   aram@steptoe.com
8  Michael A. Keough (SBN 327037)
   mkeough@steptoe.com
9  Nicholas P. Silverman (pro hac vice)
   nsilverman@steptoe.com
10 Meghan Newcomer (pro hac vice)
   mnewcomer@steptoe.com
11 **STEPTOE & JOHNSON LLP**
   633 West Fifth Street, Suite 1900
12 Los Angeles, CA 90071
   Telephone: (213) 439-9400
13 Facsimile: (213) 439-9599

14 Attorneys for Defendant RICHARD AYVAZYAN

15

16                **IN THE UNITED STATES DISTRICT COURT**

17              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19  UNITED STATES OF AMERICA, | Case No.  2:20-cr-579-SVW |
| 20          Plaintiff, | Hon. Stephen V. Wilson |
| 21 | **AYVAZYAN & TERABELIAN'S JOINT REPLY TO** |
| 22          v. | **GOVERNMENT'S OPPOSITION TO THEIR MOTION *IN LIMINE* TO** |
| 23 | **EXCLUDE EVIDENCE OF PRIOR CONVICTIONS UNDER FED. R.** |
| 24  RICHARD AYVAZYAN, | **EVID. 401–404 & 609** |
|     MARIETTA TERABELIAN, *et al.*, | |
| 25 | |
| 26          Defendants. | Trial Date: June 15, 2021 |
| 27 | Hearing vacated (dkt. 404) |
| 28 | |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Husband and wife Richard Ayvazyan and Marietta Terabelian have moved jointly *in limine* to exclude evidence of their prior convictions. *See* Joint Motion, dkt. 340. The government's opposition brief states that it will not use Ayvazyan's 1999 conviction, which leaves for the Court to resolve the admissibility of the couple's convictions for conspiring with each other from 2007 to 2011 to commit bank fraud in connection with their mortgage and home-equity line of credit. *See* Gov.'s Opp. to Joint Motion ("Opp. Br."), dkt. 357, at 6 n.2 (brief page numbering). The essence of that offense was Ayvazyan and Terabelian exaggerating their income to qualify for the loans by submitting false W-2s and tax returns. *See* Plea Agreements, dkt. 357-1, 357-2, at 6–7 (plea agreement page numbering). Because that conduct is only generically similar to the present charges, its ostensible connection to any of the permissible purposes of "other acts" evidence under Federal Rule of Evidence 404(b)(2) is necessarily rooted in the propensity reasoning forbidden by 404(b)(1). That is undoubtedly the reason why the government's opposition brief fails to articulate a chain of inferences through which the prior convictions are relevant to a permissible 404(b)(2) purpose that does not involve propensity.

Rule 403 calls for exclusion as well, because the government has little or no need for the prior convictions in light of other evidence of intent the government seeks to introduce. The Court should let the evidence of the alleged 2020 scheme stand on its own and exclude the 2012 convictions for 2007 to 2011 conduct, except for impeachment use against either defendant only if he or she testifies, limited to the date and fact of his or her prior felony conviction.

\\\

\\\

\\\

\\\

## II. Reply arguments

### A. Because the 2007 to 2011 conduct underlying the 2012 convictions is dissimilar to the present charges and remote in time, it has little or no tendency to prove the *mens rea* alleged in the superseding indictment.

The government's attempts to demonstrate similarity only underscore how different the two cases really are when it comes to their non-generic facts. The government argues the cases are similar for involving or allegedly involving (1) these two defendants conspiring together (2) to fraudulently obtain loans (3) from a federally insured bank, by (4) "submitting false documents and information" and (5) "using the name of a close relative." Opp. Br. 8–9; *but see* Gov.'s Motion *In Limine* #2, dkt. 384, at 2–5 (alleging the use of fake or synthetic identities, many other coconspirators, fraudulent PPP and EIDL loan applications, and multiple forms of money laundering, all of which distinguish the frauds charged in the superseding indictment from the 2007 to 2011 mortgage fraud in subject matter, sophistication, scope, and scale).

The government's first four similarities are too generic to enable a jury to use the prior convictions for a purpose other than other than for character. As for the involvement of a close relative, the government is referring to the fact that, in the prior case, Ayvazyan "caused his mother to submit a letter to the bank stating that she was not related to the owner of the property" that he sold her in a short sale. Ayvazyan Plea Agreement at 7. But the apparent similarity breaks down quickly in light of the fact that Terabelian was not involved in obtaining the letter from Ayvazyan's mother. *See* Terabelian Plea Agreement at 6–7. Moreover, the allegations in the present case are not about *persuading* a living relative to make a misrepresentation, but rather allegedly *usurping* a *deceased* relative's entire identity and committing fraud in his name, which the government contends amounted to aggravated identity theft under 18 U.S.C. § 1028A. No identify theft was charged in the prior case. Consequently, the prior acts are not similar to the

present allegations and the prejudice to both defendants, particularly Terabelian, is unfair.

The government's recent motion *in limine* #2 confirms that the superseding indictment is not about "essentially the same offense" as a mortgage fraud for which neither defendant received additional custody at sentencing. *See* Opp. Br. 9; Ayvazyan & Terabelian Judgments, No. 8:11-CR-180-CJC, dkt. 90 (Terabelian's probation sentence), dkt. 99 (Ayvazyan's time-served sentence); Gov.'s Motion *In Limine* #2, dkt. 384, at 2–5 (brief page numbering). There, the government acknowledges it is currently charging "conspiracy to commit bank fraud and wire fraud, conspiracy to commit money laundering, bank fraud and attempted bank fraud, wire fraud, money laundering, and – for certain defendants - aggravated identity theft, concealment money laundering, and committing an offense while on pre-trial release." Dkt. 384 at 2. Effectively highlighting the monumental differences from the mortgage fraud Ayvazyan and Terabelian admitted committing (in their own names), the government's recent brief emphasizes the allegations that this case involves "combining stolen and fictitious names, dates of birth, and social security numbers, [and so] creat[ing] synthetic identities that could be used to create false business names and entities"; *id.* at 3; and thus "obtain[ing] COVID-19 disaster relief funds intended to help workers stay employed and small businesses stay open through the pandemic." *Id.* at 4. Here, the alleged essential misrepresentations were not about the couple's ability to repay their mortgage, but rather the payroll and operational expenses of businesses, offered to qualify for funding under disaster-relief programs that were particular to 2020. *Id.* "The amount of money a business was eligible to receive depended on these self-reported expenses, and businesses were required to use that money towards business, and not personal, expenses." *Id.* at 4–5.

Also, to the extent the prior conduct ever could have had probative value for a permissible 404(b)(2) purpose in a trial over conduct alleged in 2020, it has long gone stale. The conduct underpinning the prior conviction began in 2007, thirteen years before

the alleged conduct underpinning the present charges. This temporal remoteness counts against admission.

The age and dissimilarity problems are all the more reason why, in this case, "the district court should not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc) (emphasis in original) (reversing conviction); *see also United States v. Smith*, 725 F.3d 340, 342 (3d Cir. 2013) (rejecting 404(b) evidence of past drug dealing at a particular location to show that the defendant threatened an officer with a gun at that location in order to defend his turf, because inferring that motive necessarily involved concluding the defendant was a drug dealer by character). The government's failure to articulate a chain of non-propensity inferences from the intent to commit mortgage fraud from 2007 to 2011 to the alleged intent in 2020 is telling.

The government's claim that 404(b) evidence has been admitted before in analogous contexts also comes up short on support from the cases cited. *See* Opp. Br. 9. While the cursory 404(b) discussion common to both *United States v. Jenkins*, 785 F.2d 1387, 1395 (9th Cir. 1986), and *United States v. Evans*, 796 F.2d 264, 265 (9th Cir. 1986) (per curiam), prevents meaningfully comparing their respective similarity factors with that of this case, it is apparent that both involved significantly more recent prior acts. *See Jenkins*, 785 F.2d at 1395 (deeming it fair to describe the other acts as having occurred more than "a year" before the charged crimes); *Evans*, 796 F.2d at 265 (other acts occurred "six years prior to the commission of the [charged] offenses").

Though not a drug case, our situation is conceptually like *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108–09 (9th Cir. 1979). There, a defendant charged with heroin importation denied knowledge of the drugs in the car he was driving, and the Ninth Circuit explained that evidence the defendant had previously smuggled

---

AYVAZYAN & TERABELIAN'S JOINT REPLY RE
JOINT MOTION *IN LIMINE* TO EXCLUDE PRIOR CONVICTIONS

marijuana across the border in his backpack should not have been admitted, "because the only similarity was that the defendant was again on trial for smuggling drugs across the border." *Id.* The Court explained, "[t]he greater is the dissimilarity of the two offenses, the more tenuous is the relevance," and required the government to establish the logical, non-propensity basis to infer *mens rea* from the 404(b) evidence, *id.*, which the government has failed to do here.

Contrary to the government's suggestion, pleading not guilty to a fraud offense does not open the door to the automatic admission under 404(b) of *any* prior fraud-related conviction, no matter how old or dissimilar.[1] Here, the prior convictions are inadmissible because their staleness and dissimilarity to the present charges leaves them relevant to *mens rea* only along the lines of "once a bank-fraud conspirator, again a bank-fraud conspirator," which Rule 404(b)(1) prohibits.

\\\

\\\

---

[1] The government inappropriately cites *Huddleston v. United States*, 485 U.S. 681 (1988), for the false proposition that "evidence of prior false and misleading statements – particularly when made to obtain money or property from others – *is admissible*" (emphasis added) as though automatically, "under Rule 404(b) in a subsequent prosecution." Opp. Br. 5. In *Huddleston*, 485 U.S. at 685, the similarity of the government's "other acts" evidence was factually specific enough that the Court took for granted that it was properly relevant to knowledge. That was not the issue. Instead, the defendant objected that "the Government failed to prove to the District Court" that the prior act occurred as the government claimed—in particular, that the televisions he was selling in the uncharged incident "were in fact stolen." *Huddleston*, 485 U.S. at 686. The Supreme Court held that the government did not need to prove this to the District Court; rather, the relevant precondition for admission was whether there was evidence sufficient for a reasonable jury to find that the televisions in the uncharged incident were stolen. *Id.* at 689.

Despite being mostly inapposite, *Huddleston* does confirm that, to be admissible, prospective 404(b) evidence must be relevant to a permissible purpose, with its probative value not substantially outweighed by its potential for unfair prejudice. *Id.* at 691. Here the prospective 404(b) evidence fails to satisfy those conditions.

**B. In addition to the foregoing reasons, the Court should exclude the prior convictions under Rule 403 because the government has not shown a particular need for this evidence, and the danger of the jury using this evidence for propensity overwhelms any relevance for a permissible purpose.**

The government purports to "need" the prior case as 404(b)(2) evidence but fails to explain that need, other than to acknowledge that intent is an element of the present charges. *Id.* This elides the volumes of other evidence the government proposes to admit to show intent, including dozens of loan applications containing alleged misrepresentations and the government's tracing of the proceeds from those loans into bank accounts allegedly controlled by Ayvazyan or Terabelian. The Court has also declined to suppress debit cards in the names of allegedly synthetic or fake identities that were allegedly used in the scheme and found in Ayvazyan's and Terabelian's possession at Miami International Airport. In addition, the government has now filed twenty-five pages of briefing regarding other evidence, including extensive text messaging it attributes to Ayvazyan and codefendant Tamara Dadyan that the government argues is admissible under 404(b) if these acts are not deemed inextricably intertwined. *See* Gov.'s Motion *In Limine* #2, dkt. 384. Ayvazyan and Terabelian reserve their rights to object to admission of this evidence, but if the government's evidentiary theories are correct, then it has no real need to rely on the conduct from 2007 to 2011 to prove Ayvazyan's and Terabelian's intent in 2020, even if were not propensity evidence being offered under the guise of intent, which it is.

Therefore, in the alternative to exclusion under Rule 404(b)(1), the Court should exclude the prior convictions under Rule 403 because their already minimal probative value must be discounted further for the availability of other *mens rea* evidence. *See Old Chief v. United States*, 519 U.S. 172, 173 (1997) ("If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial

risk."). Such discounted probative value, if any, is overwhelmed by the near-certainty of propensity use and the danger of jurors convicting Ayvazyan and Terabelian here to punish them for their prior offense.

### C. Impeachment use should not include reference to the factual details of the prior case.

Ayvazyan and Terabelian acknowledge that testifying would subject either of them to impeachment with the fact, felony nature, and date of the prior conviction. *See* Fed. R. Evid. 609(a)(2). But disclosing to the jury the details of those aged prior convictions is another issue. This threat would overburden their fundamental rights to testify while inviting jurors to entertain improper character-based inferences. Courts frequently limit impeachment use of prior convictions to the date of the conviction and its felony nature. *Cf., e.g.*, *United States v. Martinez-Martinez*, 369 F.3d 1076 (9th Cir. 2004) (affirming admission where district judge "sanitize[d] the conviction by only allowing it to be referred to as 'a felony conviction' in order to ameliorate any potential prejudice to the defendant"); *United States v. Robinson*, 8 F.3d 398, 409 (7th Cir. 1993) ("details of the prior conviction should not have been exposed to the jury"); *United States v. Cox*, No. CR-16-08202-001-PCT-ROS, 2018 WL 9786084, at *2 (D. Ariz. Apr. 27, 2018). ("to ensure the probative value of introducing the prior conviction outweighs its prejudicial effect, the government shall not reference the nature of the conviction, unless Cox testifies falsely or misrepresents her criminal history"); *United States v. Swint*, No. CR-12-08080-PCT-PGR, 2012 WL 3962704, at *1 n. 1 (D. Ariz. Sept. 11, 2012). Ayvazyan and Terabelian respectfully ask the Court to do so here, as well, understanding that testifying falsely regarding the factual details of the prior convictions would open the door to the government exposing this to the jury. But otherwise, the government can derive enough impeachment value from the fact, felony nature, and date of the prior conviction without adding details that would risk (1) necessitating a mini-trial over those

details and (2) creating a risk of jurors punishing them for those details or misusing the details in violation of Rule 404(b)(1).

**III.   Conclusion**

Ayvazyan and Terabelian request the Court prohibit any reference at trial to their prior convictions, except that if either of them testifies, then the government may impeach the testifying defendant by establishing that he or she was convicted of a felony in 2012.

Dated:   June 3, 2021                                   Respectfully submitted,

BIENERT KATZMAN LITTRELL
WILLIAMS LLP

*/s/ Ryan V. Fraser*
John L. Littrell
Ryan V. Fraser
*Counsel for Defendant Marietta
Terabelian*

STEPTOE & JOHNSON LLP

*/s/ Ashwin J. Ram*
Ashwin J. Ram
Michael A. Keough
Nicholas P. Silverman (*pro hac vice*)
Meghan Newcomer (*pro hac vice*)
*Counsel for Defendant Richard Ayvazyan*

AYVAZYAN & TERABELIAN'S JOINT REPLY RE
JOINT MOTION *IN LIMINE* TO EXCLUDE PRIOR CONVICTIONS

**CERTIFICATE OF SERVICE**

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles, California; that my business address is 601 W. 5th Street, Suite 720, Los Angeles, CA 90071; that I am over the age of 18 and not a party to the above-entitled action.

I am admitted to practice before the United States District Court for the Central District of California. I caused service of the foregoing document entitled **AYVAZYAN & TERABELIAN'S JOINT REPLY TO GOVERNMENT'S OPPOSITION TO THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS UNDER FED. R. EVID. 401–404 & 609** on all interested parties as follows:

**[X]** **BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 3, 2021 at Glendale, California.

*/s/ Ryan V. Fraser*

AYVAZYAN & TERABELIAN'S JOINT REPLY RE
JOINT MOTION *IN LIMINE* TO EXCLUDE PRIOR CONVICTIONS