**Michael G. Freedman (State Bar No. 281279)**
**THE FREEDMAN FIRM PC**
**800 Wilshire Blvd., Suite 1050**
**Los Angeles, California  90017**
**Telephone: (213) 816-1700**
**Facsimile: (213) 816-1706**
**Email: Michael@thefreedmanfirm.com**

**Attorney for Defendant Edvard Paronyan**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: 20-CR-579(A)-SVW** |
| Plaintiff, | **DEFENDANT EDVARD PARONYAN'S JOINDER IN DEFENDANT RICHARD AYVAZYAN'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #2 TO ADMIT EVIDENCE INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSES; SUPPLEMENTAL MEMORANDUM** |
| vs. | |
| EDVARD PARONYAN, | |
| Defendant. | |
| | **Hon. Stephen V. Wilson** |
| | **Hearing Date:  June 14, 2021** |
| | **Time:          11:00 a.m.** |

Defendant Edvard Paronyan, by and through his counsel of record, Michael G. Freedman, hereby joins in Defendant Richard Ayvazyan's opposition to government's motion *in limine* no. 2 to admit evidence inextricably intertwined with the charged offenses, and provides the attached supplemental memorandum.

Dated: June 4, 2021                         Respectfully submitted,

                                   By:   */s/ Michael G. Freedman*
                                         Michael G. Freedman
                                         Attorney for Defendant
                                         Edvard Paronyan

1

EDVARD PARONYAN'S JOINDER IN OPPOSITION TO MOTION *IN LIMINE*

## SUPPLEMENTAL MEMORANDUM

Defendant Edvard Paronyan joins Defendant Richard Ayvazyan's opposition to government's motion *in limine* no. 2 to admit evidence inextricably intertwined with the charged offenses and respectfully urges the Court to deny that motion for all the reasons stated therein.  Additionally, Mr. Paronyan provides this supplemental memorandum discussing several additional reasons pertaining to Mr. Paronyan specifically that further justify denial of the motion and/or the reading of a limiting instruction to the jury in the event any such evidence is admitted against other defendants, which it should not be.

The government's theory of the case is a loan fraud scheme using fraudulent or synthetic identities and business names.  The government thus seeks to admit fraudulent identity evidence that it claims is inextricably intertwined with that scheme to obtain loans using fraudulent or synthetic identities and business names. But Mr. Paronyan is not charged with using fraudulent or synthetic identities or business names, only with fraudulently obtaining loans in his own name and the real name of his legitimate business.  Mr. Paronyan was charged in the First Superseding Indictment with conspiracy to commit bank fraud and wire fraud, wire fraud, bank fraud, and money laundering conspiracy.  Importantly, Mr. Paronyan is not charged with any counts of aggravated identity theft.  Even crediting, *arguendo*, the government's theory that fraudulent identity evidence is inextricably intertwined with the allegations against the other defendants, that evidence has nothing to do with Mr. Paronyan or the charges against him.  The government's motion provides no argument to the contrary.  Most of the government's motion is concerned with evidence possessed by and found at locations allegedly tied to other defendants, but not Mr. Paronyan.  Indeed, the government's entire motion makes only a single passing reference to Mr. Paronyan (p. 15, line 6) with respect to certain payroll records.  Evidence regarding fraudulent businesses and identities simply is not inextricably intertwined with the charges against Mr. Paronyan.

EDVARD PARONYAN'S JOINDER IN OPPOSITION TO MOTION *IN LIMINE*

Nor is the evidence admissible against Mr. Paronyan under Rule 404(b) because the fraudulent identity evidence does not tend to prove Mr. Paronyan's opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident in allegedly submitting fraudulent loan applications in his real name and in the name of his legitimate business.  Fed. R. Evid. 404(b).

Furthermore, even if such evidence were relevant and otherwise admissible, which it is not, its admittance would cause substantial prejudice to Mr. Paronyan and should be excluded under Rule 403.  The critical material fact for the jury to decide in determining whether Mr. Paronyan is guilty of the charged conspiracies is whether the government can prove any evidentiary link between Mr. Paronyan's conduct and that of the other defendants.  To allow the government to admit inflammatory evidence against Mr. Paronyan even though it has nothing to do with him would unfairly lead the jury to believe that Mr. Paronyan must be connected to such evidence and thus the conspiracy.  This would unfairly ease the government's burden of proof and place Mr. Paronyan in jeopardy of being convicted not based on evidence against him, but solely based on evidence admitted against other defendants that is irrelevant as to him.  Any probative value of the evidence as to Mr. Paronyan therefore "is substantially outweighed by the prejudicial impact" of its admittance.  Fed. R. Evid. 403; *United States v. Bailey,* 696 F.3d 794, 799 (9th Cir. 2012).

In the event the Court were to allow the government to introduce the evidence at issue in its motion, which it should not, the Court should read a limiting instruction to the jury making clear that the evidence is only being admitted as to certain defendants, not Mr. Paronyan, and should not be considered as evidence against Mr. Paronyan.  *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose--but not against another party or for another purpose--the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly"); *see also United*

EDVARD PARONYAN'S JOINDER IN OPPOSITION TO MOTION *IN LIMINE*

*States v. Rrapi*, 175 F.3d 742, 749 (9th Cir. 1999) ("Although Judge George thought the evidence was admissible to show context or was "inextricably intertwined" with the charged crime, he gave a limiting instruction anyway. There is nothing wrong with such an alternative ruling") (citation omitted).

For all the foregoing reasons and those discussed in Defendant Richard Ayvazyan's opposition, the Court should deny the government's motion *in limine*, or, in the alternative, read a limiting instruction to the jury as to Mr. Paronyan.

Dated: June 4, 2021                    Respectfully submitted,


                                       By:    */s/ Michael G. Freedman*
                                              Michael G. Freedman
                                              Attorney for Defendant
                                              Edvard Paronyan

EDVARD PARONYAN'S JOINDER IN OPPOSITION TO MOTION *IN LIMINE*