```
 1  TRACY L. WILKISON
    Acting United States Attorney
 2  SCOTT M. GARRINGER
    Assistant United States Attorney
 3  Chief, Criminal Division
    SCOTT PAETTY (Cal. Bar No. 274719)
 4  CATHERINE S. AHN (Cal. Bar No. 248286)
    BRIAN FAERSTEIN (Cal. Bar No. 274850)
 5  Assistant United States Attorneys
    Major Frauds/Environmental and Community Safety Crimes Sections
 6       1100/1300 United States Courthouse
         312 North Spring Street
 7       Los Angeles, California 90012
         Telephone: (213) 894-6527/2424/3819
 8       Facsimile: (213) 894-6269/0141
         E-mail:    Scott.Paetty@usdoj.gov
 9                  Catherine.S.Ahn@usdoj.gov
                    Brian.Faerstein@usdoj.gov
10
    DANIEL S. KAHN
11  Acting Chief, Fraud Section
    Criminal Division, U.S. Department of Justice
12  CHRISTOPHER FENTON
    Trial Attorney, Fraud Section
13  Criminal Division, U.S. Department of Justice
         1400 New York Avenue NW, 3rd Floor
14       Washington, DC 20530
         Telephone: (202) 320-0539
15       Facsimile: (202) 514-0152
         E-mail:    Christopher.Fenton@usdoj.gov
16
    Attorneys for Plaintiff
17  UNITED STATES OF AMERICA
```

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO REDACT SUPERSEDING INDICTMENT FOR USE AT TRIAL; DECLARATION OF SCOTT PAETTY; EXHIBITS |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>       "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>       "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | Trial Date: June 15, 2021<br>Trial Time: 8:30 a.m.<br>Location:   Courtroom of the<br>            Hon. Stephen V.<br>            Wilson |

|   |
|---|
| "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>   aka "Edvard Paronian" and<br>       "Edward Paronyan," and<br>VAHE DADYAN,<br><br>         Defendants. |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine S. Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its Motion To Redact The Superseding Indictment For Use at Trial. The government's proposed redactions pertain to allegations that the government does not intend to prove up or submit to the jury at the upcoming trial in this matter, which is set to proceed on June 15, 2021.

     Prior to filing this Motion, government counsel advised counsel for defendants of the government's intention to proceed at trial on a redacted indictment as described in this Motion. Counsel for defendant Marietta Terabelian, John Littrell, inquired as to the reason the government was filing a redacted trial indictment. Government counsel responded that the purpose of the redacted trial indictment is to streamline the government's case at trial. As of the date of this filing, the government has not received an objection to use of a redacted indictment at trial from any of the defendants.

     This Motion is based upon the attached memorandum of points and authorities, the declaration of Scott Paetty and attached exhibits,

//

2

the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 4, 20121    Respectfully submitted,

             TRACY L. WILKISON
             United States Attorney

             SCOTT M. GARRINGER
             Assistant United States Attorney
             Chief, Criminal Division

                /s/
             SCOTT PAETTY
             CATHERINE S. AHN
             BRIAN FAERSTEIN
             Assistant United States Attorneys
             CHRISTOPHER FENTON
             Department of Justice Trial Attorney

             Attorneys for Plaintiff
             UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND**

In submitting this motion, the government hereby seeks permission to redact from the Superseding Indictment certain allegations against RICHARD AYVAZYAN ("R. AYVAZYAN"), MARIETTA TERABELIAN, ARTUR AYVAZYAN ("A. AYVAZYAN"), TAMARA DADYAN ("T. DADYAN"), MANUK GRIGORYAN, ARMAN HAYRAPETYAN, EDVARD PARONYAN, and VAHE DADYAN ("V. DADYAN") (collectively, "defendants") that will not be essential to the presentation of the government's case-in-chief at trial, and to file a Redacted Trial Superseding Indictment for use at trial in the above-entitled matter.

In paragraph thirty-two of the Superseding Indictment, the government alleges as follows:

> As part of the conspiracy, between in or around March 2020 and in or around August 2020, defendants R. AYVAZYAN, TERABELIAN, A. AYVAZYAN, T. DADYAN, GRIGORYAN, HAYRAPETYAN, PARONYAN, and V. DADYAN, together with other coconspirators, submitted and caused the submission of at least 151 fraudulent PPP and EIDL loan applications seeking a total of at least $21.9 million in PPP and EIDL proceeds from the SBA and at least 11 financial institutions, and received a total of at least $18 million in PPP and EIDL loan proceeds from the SBA and financial institutions.

In paragraph sixty-one of the Superseding Indictment, the government alleges as follows:

> Beginning no later than in or around January 2021 and continuing until at least in or around February 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant T. DADYAN, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, attempted to execute a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of Bank 8, a federally-insured financial institution, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts

To streamline the presentation of the evidence at trial, the

government intends to redact the entirety of paragraph 32, and the allegations in paragraph sixty-one that, defendant T. DADYAN, "devised, [and] participated in" bank fraud as alleged in count thirty-three of the Superseding Indictment because the government does not intend to prove up these allegations at trial.

Therefore, referring to the pagination of the Superseding Indictment (ECF 154), the government's proposed redactions are as follows:

(1) at p. 11, lines 3 to 11 are deleted; and

(2) at p. 46, line 11 to 12 "devised, participated in, and" is deleted.

A copy of the proposed Redacted Trial Superseding Indictment, incorporating the alterations identified above with the paragraphs renumbered to incorporate the redactions, is attached to the declaration of Scott Paetty ("Paetty Decl.") as Exhibit A.  A true and correct copy of the Superseding Indictment is attached to the Paetty Decl. as Exhibit B, and a redlined version of the Superseding Indictment, showing the changes resulting in the Redacted Trial Superseding Indictment, is attached to the Paetty Decl. as Exhibit C.

As noted, the grounds for these proposed redactions of the Superseding Indictment are that the redactions contain allegations that the government does not intend to prove up at trial and because it assists the government in streamlining the presentation of evidence at trial.  Paetty Decl. ¶ 4.

Prior to filing this Motion, government counsel advised counsel for defendants of the government's intention to proceed at trial on a redacted indictment as described in this Motion.  Counsel for defendant Marietta Terabelian, John Littrell, inquired as to the

reason the government was filing a redacted trial indictment. Government counsel responded that the purpose of the redacted trial indictment is to streamline the government's case at trial. That was the only response the government received regarding this Motion. As of the date of this filing, the government has not received an objection to use of a redacted Superseding Indictment at trial from any of the defendants.

## II. ARGUMENT

It is well-settled that, where a redaction has the effect of narrowing the indictment, makes no material change in the charges and does not result in prejudice to the defendant, it is permissible. In United States v. Lorefice, 192 F.3d 647 (7th Cir. 1999), the Seventh Circuit addressed precisely the issue of the propriety of the district court's allowing the government to redact allegations from the indictment without resubmitting the matter to the grand jury, and it ruled as follows:

> There was nothing wrong in the district court's actions. An indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to the defendant [citation omitted]. Indeed, in United States v. Miller, 471 U.S. 130 (1985), the Supreme Court expressly held that to drop from an indictment allegations that are unnecessary to an offense clearly contained within it does not unconstitutionally amend the indictment. Id. at 144, overruling part of Ex parte Bain, 121 U.S. 1 (1887).

Lorefice, 192 F.3d at 653. Ninth Circuit authority is wholly consistent with the Seventh Circuit's ruling in Lorefice.[1]  See

---

[1] The Seventh Circuit also correctly held in Lorefice that the district court's redaction of the indictment, based on the government's motion, was not a proper subject for exploration at trial, because "[e]vidence about the government's drafting decisions is not relevant for the jury's consideration, and it is potentially
(footnote cont'd on next page)

United States v. Aquilar, 756 F.2d 1418, 1432 (9th Cir. 1985) (correction of clerical errors and "reading out" of surplusage to an indictment is permitted without resubmission to the grand jury, as long as defendant is not prejudiced thereby); United States v. Abascal 564 F.2d 821, 832 (9th Cir. 1977) (same).

Given that: (1) the proposed redactions to the Superseding Indictment contain allegations that the government does not intend to prove up at trial, and (2) redaction of these allegations makes no adverse material changes in the charges and does not prejudice defendants, the Court should grant the government's motion to redact the Superseding Indictment in the manner indicated for use at trial.

### III. CONCLUSION

For all the foregoing reasons, the government hereby requests permission form the Court to redact the Superseding Indictment

//

---

confusing." Lorefice, 192 F.3d at 653. Accordingly, in the event that the Court grants the government's instant motion, it should also preclude defendants from introducing evidence at trial about the redaction itself because it is immaterial to the charges at issue during the trial. Id. at 652-53.

as set forth in Exhibit A to the Paetty Declaration and to have Exhibit A filed as the Redacted Trial Superseding Indictment in this matter.

Dated: June 4, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　　/s/
SCOTT PAETTY
CATHERINE S. AHN
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DECLARATION OF SCOTT PAETTY

I, Scott Paetty, hereby state and declare:

1. I am an Assistant United States Attorney ("AUSA") in the Central District of California and, along with AUSAs Catherine Ahn and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, am responsible for handling the prosecution of the case of United States v. Richard Ayvazyan, et al., CR 20-579(A)-SVW.  I make this declaration based upon personal knowledge and, if called upon to do so, could and would so testify.

2. A copy of the government's proposed Redacted Trial Superseding Indictment is attached to this declaration as Exhibit A. A copy of the Superseding Indictment in this case is attached to this declaration as Exhibit B.  A redlined version of the Superseding Indictment, showing the changes made to the Indictment that resulted in the proposed Redacted Trial Superseding Indictment, is attached to this declaration as Exhibit C.

3. Referring to the pagination of the Superseding Indictment, the government's proposed redactions are as follows:

(1) at p. 11, lines 3 to 11 are deleted; and

(2) at p. 46, line 11 to 12 "devised, participated in, and" is deleted.

4. The grounds for these proposed redactions are that they contain allegations that the government does not intend to prove up at trial, and redaction of these allegations makes no adverse material changes in the charges and does not prejudice defendants.

5. Before filing this motion, government counsel sent an email to counsel for all defendants seeking their position regarding this motion.  Counsel for defendant Marietta Terabelian, John Littrell,

inquired as to the reason the government was filing a redacted trial indictment. That was the only response the government received regarding this Motion. Government counsel responded that the purpose of the redacted trial indictment is to streamline the government's case at trial. As of the date of this filing, the government has not received an objection to use of a redacted indictment at trial from any of the defendants.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at Los Angeles, California on June 4, 2021.

*[signature]*
_____
SCOTT PAETTY