| | |
|---|---|
| Ashwin J. Ram (SBN 227513)<br>*aram@steptoe.com*<br>Michael A. Keough (SBN 327037)<br>*mkeough@steptoe.com*<br>Nicholas P. Silverman (*pro hac vice*)<br>*nsilverman@steptoe.com*<br>Meghan Newcomer (*pro hac vice*)<br>*mnewcomer@steptoe.com*<br>**STEPTOE & JOHNSON LLP**<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA 90071<br>Telephone: (213) 439-9400<br>Facsimile: (213) 439-9599<br><br>*Counsel for Defendant Richard Ayvazyan*<br><br>John L. Littrell (SBN 221601)<br>*jlittrell@bklwlaw.com*<br>Ryan V. Fraser (SBN 272196)<br>*rfraser@bklwlaw.com*<br>**BIENERT KATZMAN LITTRELL WILLIAMS LLP**<br>601 W. 5th Street, Suite 720<br>Los Angeles, CA 90071<br>Telephone: (213) 528-3400<br>Facsimile: (949) 369-3701<br><br>*Counsel for Defendant Marietta Terabelian* | Thomas A. Mesereau Jr. (SBN 91182)<br>*mesereau@mesereaulaw.com*<br>**MESEREAU LAW GROUP, P.C.**<br>10100 Santa Monica Blvd., Suite 300<br>Los Angeles, CA 90067<br>Telephone: (310) 651-9960<br><br>Jennifer J. Wirsching (SBN 263141)<br>*wirschinglaw@outlook.com*<br>**ATTORNEY AT LAW**<br>1935 Alpha Rd, Suite 216<br>Glendale, CA 91208<br>Telephone: (424) 902-9280<br><br>*Counsel for Defendant Artur Ayvazyan*<br><br>Fred G. Minassian (SBN 170974)<br>*fgminassian@yahoo.com*<br>**LAW OFFICES OF FRED G. MINASSIAN, INC.**<br>101 N. Brand Ave, Suite 1970<br>Glendale, CA 91203<br>Telephone: (818) 240-2444<br><br>*Counsel for Defendant Tamara Dadyan* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD AYVAZYAN,<br>*et al.*,<br><br>*Defendants.* | Case No. 20-cr-579 (SVW)<br><br>**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION TO REDACT SUPERSEDING INDICTMENT FOR USE AT TRIAL (DKT. 422) AND CROSS-MOTION TO STRIKE PARAGRAPHS 10-18 OF THE SUPERSEDING INDICTMENT**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: June 15, 2021<br>Time: 8:30 a.m. |

OPPOSITION TO TRIAL INDICTMENT AND CROSS-MOTION TO STRIKE

# NOTICE OF CROSS-MOTION TO STRIKE PARAGRAPHS 10-18 OF THE SUPERSEDING INDICTMENT

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Richard Ayvazyan, Marietta Terabelian, Artur Ayvazyan, and Tamara Dadyan hereby oppose the government's motion to redact the Superseding Indictment for use at trial, and moves this Court for an order striking Paragraphs 10-18 from the Superseding Indictment.

This application is based upon this notice, the opposition and cross-motion below, the accompanying Declaration of Ashwin J. Ram, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 7, 2021

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

[SIGNATURES CONTINUE ON NEXT PAGE]

*/s/ Ryan V. Fraser*
John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

*/s/ Thomas A. Mesereau*
Thomas A. Mesereau Jr. (SBN 91182)
*mesereau@mesereaulaw.com*
**MESEREAU LAW GROUP, P.C.**
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone: (310) 651-9960

Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
**ATTORNEY AT LAW**
1935 Alpha Rd, Suite 216
Glendale, CA 91208
Telephone: (424) 902-9280

*Counsel for Defendant Artur Ayvazyan*

*/s/ Fred G. Minassian*
Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
**LAW OFFICES OF FRED G. MINASSIAN, INC.**
101 N. Brand Ave, Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

## OPPOSITION AND CROSS-MOTION TO STRIKE

The government's original Indictment contended that two brothers and their wives conspired to apply for a limited set of allegedly fraudulent Paycheck Protection Program (PPP) and Economic Injury Disaster Loan program (EIDL) loans. The government then chose to file a Superseding Indictment which included a fundamentally different conspiracy – a team of eight defendants managing a vast criminal enterprise that included 151 loans applied for by 79 different companies and 56 different people. The government believed that it would be able to meet its burden to prove that this vast conspiracy existed beyond a reasonable doubt. A grand jury evaluated this evidence and allowed the government to proceed on its new theory. But when the defense proposed a multiple conspiracies jury instruction that would have held the government to its burden to prove the vast, single conspiracy charged in the Superseding Indictment, the government immediately proposed a trial indictment redacting the allegations related to the 151 loan conspiracy that has become the heart of the government's case. The government's request is nothing more than naked gamesmanship to give the defendants mere days to respond to yet another new conspiracy that the government intends to prove at trial. To extent the government wants to redact this paragraph to cure *Kastigar* taint issues, those issues should be explored during the *Kastigar* hearing that the Court has already ordered.

By seeking to strike Paragraph 32 on the eve of trial, the government admits that it does not intend to offer evidence of a conspiracy that involved the coordination of 151 loan applications for dozens of people and dozens of companies. But that is the conspiracy that the government presented to the grand jury, and that the grand jury charged. The government was not required to seek a superseding indictment alleging a fundamentally different conspiracy than its original indictment. But having done just that, the government should be required to prove that conspiracy beyond a reasonable doubt. Material changes to the indictment must be brought before a grand jury and cannot be unilaterally made by prosecutors seeking a band-aid for their own charging

error. The government's request to change the crime it intends to prove on the eve of trial should be denied.

## I.  RELEVANT BACKGROUND

The government's first Indictment was filed on November 17, 2020. Dkt. 32. The Indictment charged a conspiracy among four defendants –two brothers and their wives – to apply for 35 fraudulent PPP and EIDL loans of at least $5.6 million. *Id.* ¶ 22. On March 9, 2021, the government chose to change the scope of the alleged conspiracy by filing a Superseding Indictment on March 9, 2021. Dkt. 154. The conspiracy charged in the Superseding Indictment was alleged to involve coordination among eight defendants to apply for 151 fraudulent PPP and EIDL loans totaling at least $21.9 million. *Id.* ¶ 32. These 151 loans became the government's rallying cry throughout the filings and hearings prior to trial. *See* Transcript of April 2, 2020 Hearing, Dkt. 289-4, at 46:5-11 ("The indictment now contains over 150 alleged fraudulent loans, not just 35 as the initial indictment did, and it now contains four additional defendants . . . . And it's a much broader indictment that has a lot of discovery that supports the charges in this significantly expanded indictment."); Dkt. 219 at 13 ("A grand jury returned a first superseding indictment that significantly expands the charges in this case . . . . the first superseding indictment substantially expanded the scope of the charged conspiracy from at least 35 fraudulent loan applications to over 150 seeking over $21.9 million in COVID-19 disaster relief funds.").

On the evening of Wednesday, May 26, 2021, counsel for defendant Richard Ayvazyan sent a draft set of proposed jury instructions to the government for their consideration. *See* Declaration of Ashwin J. Ram, dated June 7, 2021 ("Ram Decl.") Ex. A. Those instructions contained a proposed instruction related to multiple conspiracies, meaning that, if the allegations brought by the government indicated that two or more conspiracies existed, the government would have failed to prove to single unified conspiracy it charged. Based on the Ninth Circuit Model Jury Instructions, the

proposed multiple conspiracies instruction would inform the jury in relevant part that "If you find that the single conspiracy to commit wire fraud and bank fraud charged in Count 1 did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed." Ram Decl. ¶ 2.

Four hours later, in the middle of the night at 2:24 a.m., the government emailed defense counsel to propose that the government proceed on a trial indictment. Ram Decl. Ex. B. In that email, as in the present application, the government proposed to strike Paragraph 32 from the indictment for trial – the paragraph that conveniently contains the sweeping allegations of the 151 loan conspiracy at the heart of the Superseding Indictment.

## II.     ARGUMENT

### A.     The Proposed Redactions Are a "Material Change" in the Indictment

The government correctly observes that redactions to the indictment for trial are permitted so long as those changes are not material and do not prejudice the defense. The government is wrong, however, when it refers to its proposed redactions as affecting mere surplusage and as nothing more than an attempt to streamline the trial evidence. The opposite is true: the proposed changes represent fundamentally different charges against Ayvazyan and the other defendants and are attempt to fix the government's own charging error by preventing the defense from arguing that the single conspiracy charged by the government is in fact multiple conspiracies. A week before trial, the government is trying to change the conspiracy that it must prove without going back to the grand jury first. The Court should see through this naked gamesmanship and deny the government's request.

It is hornbook law that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him. *Stirone v. United States*, 361 U.S. 212, 217 (1960). While the government may redact the indictment prior to trial to address "misnomer[s] or typographical errors," *United States v. Dhinsa*, 243 F.3d 635, 667 (2d

1  Cir. 2001), this does not extend to fundamental changes in the crime charged. Such
2  changes may only be made by the grand jury. *Stirone*, 361 U.S. at 217.
3        In *United States v. Miller*, 471 U.S. 130 (1985), the U.S. Supreme Court held that
4  the government could meet its burden of proof on a narrower conspiracy than the one
5  originally charged without returning to the grand jury first, so long as the narrower
6  conspiracy was "completely contained" within the charged conspiracy. *Id.* at 144. But
7  here, the conspiracy the government now intends to prove at trial is not clearly
8  contained with the conspiracy actually charged in the Superseding Indictment. *Miller*
9  turned on changes to the indictment before trial that were "in no way essential to the
10 offense." *Id.* at 145. Here, the government chose to bring a Superseding Indictment
11 that, in the government's own words, "substantially expanded the scope of the charged
12 conspiracy." The grand jury charged the defendants with this new conspiracy that
13 contained 151 loans submitted by 79 different companies and 56 different people.
14 According to the government, Ayvazyan – or Tamara Dadyan[1] – was the mastermind of
15 this vast web that included dozens of people and companies and the coordination of
16 eight separate defendants, a far cry from conspiracy of four family members alleged in
17 the original indictment. The government took on the burden of proving this new
18 conspiracy, but now seeks to revert to a smaller, simpler conspiracy after the defense
19 previewed that it will challenge the government's ability to prove that a single
20 conspiracy existed. That is a material change that must be brought before a grand jury.
21       A similar issue was presented in *United States v. Rakow*, No. CR 04-01563, 2006
22 WL 8445940 (C.D. Cal. June 30, 2006) (Morrow, J.). One week before trial in that
23 case, the government attempted to narrow the indictment by redacting certain
24 allegations regarding the scope of the scheme that had been charged by the grand jury.
25 *Id.* at *1. The defense had prepared to defend against the scheme charged in the
26 indictment, and objected to the government's eleventh hour attempt to fundamentally

---

[1] *See* Dkt. 384 at 1 (describing Dadyan's home as "the headquarters of a massive criminal conspiracy."

4
OPPOSITION TO TRIAL INDICTMENT AND CROSS-MOTION TO STRIKE

change the nature of the scheme that they would have to defend against. *Id.* at *2. The court agreed, and held that the defense would be prejudiced because they had "relied on the allegations of the indictment in preparing their defense, and intended to highlight the weakness of the government's proof respecting certain of the allegations to raise reasonable doubt with respect to the remainder," but would now be forced to defend against an entirely new scheme just days before trial. *Id.* at *3; *see also United States v. Rosin,* 892 F.2d 649, 651 n. 1 (7th Cir. 1990) (noting that a variance that narrows the scope of the charges may "deprive a defendant of preparing an adequate defense"). Here, the government is attempting to do exactly what the court forbade in *Rakow*: secure tactical advantage by changing the crime that the defendants are supposed to defend against on the eve of trial. The Court should decline the invitation.

As the Supreme Court observed in *Stirone*, "the very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." 361 U.S. at 218. By allowing the government's backdoor attempt to change the crime charged a week before trial, prosecutors would be allowed to usurp the duties of the grand jury. This is not permitted in the American criminal justice system. The government's motion should be denied.

### B. Redacting the Indictment Will Not Cure the Far-Reaching Taint Under *Kastigar*

To the extent the government is attempting to cure the effects of tainted evidence by redacting the indictment before trial, their request should be denied. This Court has already ruled that defendants Ayvazyan and Terabelian are entitled to a hearing to determine the reach of the tainted evidence pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972). Inevitably, that hearing will probe the government's decision to bring the Superseding Indictment and the role that the tainted evidence played in its decision to charge a far-reaching and fundamentally different conspiracy than the one found in the original Indictment. As set forth in the Joint Motion to Dismiss Under Fed. R.

Crim. 12(b) or Continue the Trial to Hold a Pre-Trial Kastigar Hearing (Dkt. 381), the indictments in this case are already tainted by both evidentiary and non-evidentiary uses of compelled statements. The government has made its bed and must now sleep in it; it cannot escape the effects of the tainted evidence simply by redacting the allegations related to the conspiracy charged in the Superseding Indictment.

### C. The Government's Summary Witness Should Be Precluded From Testifying As To the Loans the Government Seeks to Strike

Should the Court be inclined to allow the government's proposed redactions to the indictment for trial, the government's summary witness should be precluded from offering testimony regarding the loans the government seeks to strike. If the redactions are indeed allowed, the proposed charts to be used by that summary witness would contain information that is irrelevant to this case. The government has moved to present a redacted Superseding Indictment at trial, which eliminates the government's burden to prove that the conspiracy at issue involved the submission of 151 PPP and EIDL loan applications. That deletion leaves only the seventeen loans charged in the overt acts and the wire and bank fraud counts of the indictment. Yet the proposed summary charts shared by the government include at least 60 other PPP and EIDL loan applications that are not charged in the indictment. The government is attempting to have their cake and eat it too, and the Court should not countenance it. Either the conspiracy at issue in this case involved the submission of 151 PPP and EIDL loan applications, in which case the Superseding Indictment should not be redacted and the government can seek to admit evidence about all of the loans at issue, or the conspiracy concerns the 17 loans included in the redacted Superseding Indictment, and the other loan applications are irrelevant. Any limited relevance the additional loan applications could have is substantially outweighed by the danger of wasting both the jury's and Court's time.

### D. The Court Should Strike Paragraphs 10-18 of the Superseding Indictment

The Court should, however, strike paragraphs 10-18 of the superseding indictment as irrelevant and prejudicial surplusage.[2] These paragraphs are a one-sided and inaccurate version of the purpose and policy justifications for the CARES Act designed to drum up outrage on behalf of jurors. These purpose and policy paragraphs are irrelevant, prejudicial, and usurp the Court's role to instruct on the parts of the law that do require instruction.

The paragraphs in question begin by painting the CARES Act as "United States taxpayer funds" that were intended to go to "small businesses for job retention and other expenses," ¶ 10. The paragraphs also delve into mistaken instructions of law, citing an erroneous claim that breaking the PPP lending agreement (i.e., breaching a contract) could cause the federal government to pursue criminal fraud charges. ¶ 11. Breach of contract is not criminal fraud, and the jury should not be invited to conflate the two concepts. In motions practice, the government has drawn these two ideas together to argue that the defendants "st[ole] millions of dollars from American families who needed the money to survive." Dkt. 278 at 1; Dkt. 152 at 1 (arguing the defendants "st[ole] tens of millions of dollars … which were intended to assist struggling businesses during the COVID-19 pandemic."). This argument is plainly inadmissible at trial and should not be permitted in the indictment because it is irrelevant, it is unfairly prejudicial and a waste of time, and it infringes on the Court's role as the exclusive instructor as to the law.

First, the purpose and policy framework is plainly irrelevant to the charges. In a run-of-the-mill gun possession case, for instance, the indictment does not describe

---

[2] "Upon the defendant's motion, the court may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). This provision is designed to protect defendants from suffering unfair prejudice from allegations that are unnecessary to set forth a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1) (emphasis added). In other words, Rule 7(d) "introduces a means of protecting the defendant against immaterial or irrelevant allegations." Fed. R. Crim. P. 7(d) advisory committee's note to 1944 adoption.

Congress's consideration of violent crime statistics or explain why gun violence required special legislation. Nor would it be appropriate in a narcotics prosecution for the indictment to delve into the social costs of drug abuse or the number of lives destroyed by drug trafficking. *See United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011) ("[P]rosecutors may not point to a particular crisis in our society and ask the jury to make a statement with their verdict.") *United States v. White*, 766 F. Supp. 873, 885 (E.D. Wash. 1991) (striking nine paragraphs summarizing the government's version of environmental criminal statutes at issue as "neither relevant nor material to the charges"). This case is no different. The jury's role is not to evaluate the legislature's purpose in enacting the CARES Act or the SBA's intention in issuing a regulation. Including those issues in an indictment runs the risk of distracting from the relevant issues that *are* part of the jury's mandate.

      Second, even if the purpose or policy of the CARES Act was relevant—which it is not—the unfair prejudice and waste of time from injecting that purpose or policy into trial would substantially outweigh whatever minimal relevance existed. The government's argument that the defendants allegedly "stole" money from "American families who needed the money to survive," is flatly incorrect. The 2020 PPP loan program was left with over $130 billion in surplus funds still available for any applicants in need when the program concluded on August 8, 2020.[3] Even if every allegation made by the government were true, no money was withheld from small businesses or families. If the government seeks to introduce evidence or argument about small businesses or families being victimized, the defendants are entitled to respond in kind by explaining that no small businesses or families would have been harmed by the conduct alleged in the indictment.

---

[3] *See* Paycheck Protection Program (PPP) Report (Aug. 8, 2020), https://home.treasury.gov/system/files/136/SBA-Paycheck-Protection-Program-Loan-Report-Round2.pdf.

8
OPPOSITION TO TRIAL INDICTMENT AND CROSS-MOTION TO STRIKE

Third, the government's description of the law, including its threat of fraud charges for breaching a contract purports to state the law controlling the case. In fact, that critical function has long been reserved exclusively for the Court when it provides instructions to the jury. *See, e.g., Dennis v. United States*, 341 U.S. 494, 515 (1951) (noting that a "question of law" is an issue "for the judge to decide"); *Sparf v. United States*, 156 U.S. 51, 89 (1895) (explaining that "the judge decides the law"); *United States v. Spalding*, No. 01-cr-152, 2002 WL 818129, at *5 (S.D. Ind. Apr. 24, 2002) (striking legal background section "because the legal principles defined in these paragraphs may lead to confusion of issues and, in any event, will be furnished in proper form to the Jury in the final instructions"); *United States v. Groos*, 616 F. Supp. 2d 777, 790 (N.D. Ill. 2008) (striking legal background because "legal principles are more appropriately addressed at the time of the jury instruction conference"). Unnecessary surplusage describing the potential for fraud charges serves no legitimate purpose and is likely to confuse the jury, and prejudicially lower the government's burden of proving fraud, not breach of contract.

### III. CONCLUSION

For the foregoing reasons, the court should deny the government's motion to redact the Superseding Indictment for use at trial and grant Defendants' cross-motion to strike paragraphs 10-18 from the Superseding Indictment.

//
//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: June 7, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ *Ashwin J. Ram* |
| | | Ashwin J. Ram (SBN 227513) |
| 4 | | aram@steptoe.com |
| | | Michael A. Keough (SBN 327037) |
| 5 | | mkeough@steptoe.com |
| 6 | | Nicholas P. Silverman (*pro hac vice*) |
| | | nsilverman@steptoe.com |
| 7 | | Meghan L. Newcomer (*pro hac vice*) |
| 8 | | mnewcomer@steptoe.com |
| | | **STEPTOE & JOHNSON LLP** |
| 9 | | 633 West Fifth Street, Suite 1900 |
| 10 | | Los Angeles, CA 90071 |
| | | Telephone: (213) 439-9400 |
| 11 | | Facsimile: (213) 439-9599 |
| 12 | | *Counsel for Defendant Richard Ayvazyan* |
| 13 | | |
| 14 | | /s/ *Ryan V. Fraser* |
| | | John L. Littrell (SBN 221601) |
| 15 | | jlittrell@bklwlaw.com |
| 16 | | Ryan V. Fraser (SBN 272196) |
| | | rfraser@bklwlaw.com |
| 17 | | **BIENERT KATZMAN LITTRELL WILLIAMS LLP** |
| 18 | | 601 W. 5th Street, Suite 720 |
| 19 | | Los Angeles, CA 90071 |
| | | Telephone: (213) 528-3400 |
| 20 | | Facsimile: (949) 369-3701 |
| 21 | | |
| 22 | | *Counsel for Defendant Marietta Terabelian* |
| 23 | | |
| 24 | | [SIGNATURES CONTINUE ON NEXT PAGE] |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

|  |  |
|---|---|
| 1 | /s/ Thomas A. Mesereau |
| 2 | Thomas A. Mesereau Jr. (SBN 91182) |
|  | mesereau@mesereaulaw.com |
| 3 | **MESEREAU LAW GROUP, P.C.** |
| 4 | 10100 Santa Monica Blvd., Suite 300 |
|  | Los Angeles, CA 90067 |
| 5 | Telephone: (310) 651-9960 |

Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
**ATTORNEY AT LAW**
1935 Alpha Rd, Suite 216
Glendale, CA 91208
Telephone: (424) 902-9280

*Counsel for Defendant Artur Ayvazyan*

/s/ Fred G. Minassian
Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
**LAW OFFICES OF FRED G. MINASSIAN, INC.**
101 N. Brand Ave, Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.