TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
              Catherine.S.Ahn@usdoj.gov
              Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | REPLY TO DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION TO REDACT SUPERSEDING INDICTMENT |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

|   |   |
|---|---|
| "Anton Kudiumov," ARMAN HAYRAPETYAN, EDVARD PARONYAN,   aka "Edvard Paronian" and       "Edward Paronyan," and VAHE DADYAN, <br><br>      Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files this reply in support of the government's motion to redact the superseding indictment for use at trial (ECF 422).

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 8, 2021                      Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
CATHERINE AHN
SCOTT PAETTY
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The government hereby submits this reply to defendants' opposition to its motion to redact the superseding indictment. As set forth below, the government's motion to redact the superseding indictment's reference to 151 loans would not cause a constructive amendment. Moreover, defendants' motion to strike from the superseding indictment the description of the Paycheck Protection Program (PPP) and Economic Injury Disaster Loan (EIDL) programs should be denied because this information is clearly relevant to the charges.

**I.  STRIKING PARAGRAPH 32 WOULD NOT CAUSE A CONSTRUCTIVE AMENDMENT BECAUSE THOSE ALLEGATIONS ARE NOT ESSENTIAL ELEMENTS OF THE CRIMES CHARGED.**

Paragraph 32 of the superseding indictment says, in pertinent part, that the conspirators submitted and caused the submission of "at least $21.9 million in PPP and EIDL proceeds from the SBA and at least 11 financial institutions, and received a total of at least $18 million in PPP and EIDL loan proceeds from the SBA and financial institutions." On June 4, 2021, the government, having heard no objection from the defense, moved to redact this paragraph from the indictment. (ECF No. 422.)

In their opposition, defendants hypothesize that the government sought these redactions in response to their submission of a proposed multiple conspiracies jury instruction.

(ECF. No. 426 at 4.)  While it is unclear why paragraph 32 and the proposed jury instruction are related, defendants' supposition misses the mark.  In fact, as the government made clear in its motion, the proposed redactions reflect the government's efforts to streamline its case.  The government now intends to present evidence relating to only a subset of the 151 loans identified in paragraph 32 of the indictment.  Hence, reading paragraph 32 to the jury would have the effect of referencing a greater number of loans than the government intends to present evidence on.

    The proposed redactions to paragraph 32 will have the added benefit of simplifying the post-trial <u>Kastigar</u> hearing. Defendants have previously asserted that they intend to demonstrate that "at least 83" of the 151 loans were "tainted" by compelled testimony.  (ECF No. 381 at 5.)  To avoid any doubt, the government can prove that it obtained the indictments using evidence from sources independent of the statements that the court found to be compelled. Accordingly, there was no <u>Kastigar</u> violation.[1]  In any event, redacting paragraph 32 will streamline the <u>Kastigar</u> hearing by putting in issue at trial

---

[1] While excising paragraph 32 will unquestionably streamline the <u>Kastigar</u> hearing, the government does not concede that merely reading paragraph 32 to the jury imposes a burden to identify an independent source for all 151 loans.

4

only the subset of loans that the government plans to present to the jury, not each of the 151 loans mentioned in the indictment.

At any rate, the government's motivations for seeking the redaction have no bearing on whether a constructive amendment would occur. See United States v. Ward, 747 F.3d 1184, 1191 (9th Cir. 2014) (constructive amendment occurs when the defendant could be convicted of a crime not charged in the indictment). There are two types of constructive amendments. First, "where there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument" and "second, where the crime charged in the indictment was substantially altered at trial so it was impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Davis, 854 F.3d 601, 603 (9th Cir. 2017). A constructive amendment occurs only when the change at issue pertains to an "essential element" of the crime charged. United States v. Hartz, 458 F.3d 1011, 1021 (9th Cir. 2006) (indictment language describing particular firearm used as part of a crime of violence did not go to the "essential elements" of the offense) (collecting cases).

Proving the falsity of all 151 loans is not an "essential element" of any charged offense. No charge in the indictment requires the government to prove the falsity of 151 loans. For this reason, deleting paragraph 32 poses no danger that any defendant will be convicted of a crime for which he or she was

5

not charged. Indeed, the essential character of the schemes and conspiracies alleged in the indictment are expressed in the "objects" and "manner and means" paragraphs of the charging instrument and this language would not be changed by the government's proposed redactions. (See e.g., ECF 154 ¶¶ 30, 31, 39, 40, and 53.)

Defendants argue that United States v. Rakow, No. CR 04-01563, 2006 WL 8445940 (C.D. Cal. June 30, 2006) presented a similar issue. But in that case, the government stipulated to prejudice and admitted that it sought to strike portions of an indictment that it could not prove. Id. at *3. Here, the government's motivations for moving to strike are unrelated to the merits of the case. Moreover, the district court in Rakow performed no analysis of whether the language at issue went to an "essential element," which is a precondition for establishing a constructive amendment.

The defendant's argument to exclude the government's summary charts overlooks the fact that the government may present evidence of a conspiracy that is not charged as a substantive count.[2] (ECF No. 426 at 10.) Specifically,

---

[2] The summary chart exhibits served by the government identified around 60 loans. The defendants had adequate notice that each of these loans were at issue because, with the exception of one loan that was inadvertently included in the summary chart exhibits, these loans are a subset of the 151 loans referenced in paragraph 32 of the indictment and on May
*(footnote cont'd on next page)*

defendants argue that the deletion of paragraph 32 would leave "only the seventeen loans charged in the overt acts and the wire and bank fraud counts of the indictment. Yet the proposed summary charts shared by the government include at least 60 other PPP and EIDL loan applications that are not charged in the indictment." (ECF No. 426 at 9). The fact that the government proposes to introduce evidence of loans that are not charged as substantive counts is not a problem. Fraudulent loans that were not alleged as substantive counts are nevertheless probative of the conspiracy. In United States v. Rizk, a mortgage fraud case, the Ninth Circuit affirmed the district court's ruling allowing the government to submit summary chart exhibits that described mortgage loans that were not specifically alleged in the indictment. 660 F.3d 1125, 1131 (9th Cir. 2011). In doing so, the panel held that "[t]he rule is well established that the government in a conspiracy case may submit proof of the full scope of the conspiracy; it is not limited in its proof to overt acts alleged in the indictment." Id. Rizk is on all fours and resolves this issue in the government's favor.

---

21, 2021, the government provided the defense with notice of all 151 loans.

7

## II. DEFENDANTS' MOTION TO STRIKE PARAGRAPHS 10-18 OF THE SUPERSEDING INDICTMENT SHOULD BE DENIED BECAUSE THESE ALLEGATIONS PERTAIN TO PROGRAMMATIC BACKGROUND

The defendants move to strike as unfairly prejudicial paragraphs 10-18 of the indictment, which describe the background of the PPP and EIDL programs. (ECF No. 426 at 10.) "The purpose of a motion to strike under Fed. R. Crim P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988). Even prejudicial language should not be stricken if it is relevant to the charges. United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) ("if the evidence of the allegation is admissible and relevant to the charges, then regardless of how prejudicial the language is, it may not be stricken").

The defendants do not argue that paragraphs 10-18 are irrelevant, nor can they. This is a case about fraud on the PPP and EIDL programs and the language at issue describes those programs. The relevance is clear and the court should deny the motion on that basis alone.

In any event, the allegations in paragraphs 10-18 are not prejudicial. The allegations in these paragraphs merely describe programmatic background and are innocuous. It is difficult to understand how reading these allegations to the jury would cause unfair prejudice given that 1) the jury will be

instructed that the allegations in the indictment are not evidence; and 2) the government will call program witnesses to provide the same information.  Indeed, juries are regularly called upon to decide cases involving all manner of fraud on public programs – including Medicare fraud, defense procurement fraud, and tax evasion – and COVID relief programs are no different.  See United States v. Bergman, 813 F.2d 1027, 1029 (9th Cir. 1987) (government's characterization of defendant as a "tax protester" was not unfairly prejudicial).  While the government plans to offer evidence that PPP and EIDL are publicly-funded programs, it has no intention to argue to jurors that they have a personal financial stake in the case.

   Finally, defendants allege that paragraph 11 of the indictment misstates the law by alleging "that breaking the PPP lending agreement (i.e., breaching a contract) could cause the federal government to pursue criminal charges."  It is difficult to understand how one could interpret paragraph 11 as making that allegation.  The superseding indictment alleges that the defendants committed fraud and other criminal offenses.  That those offenses may also constitute breaches of contract is neither here nor there because the court will not instruct the jury that breaching a contract is a crime.