Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

[ADDITIONAL DEFENDANTS ON NEXT PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  20-cr-579 (SVW) |
| *Plaintiff,* | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS** |
| v. | |
| RICHARD AYVAZYAN, *et al.,* | Judge:        Hon. Stephen V. Wilson |
| *Defendants.* | Hearing Date: June 14, 2021<br>Time:         11:00 a.m. |

John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

Thomas A. Mesereau Jr. (SBN 91182)
*mesereau@mesereaulaw.com*
**MESEREAU LAW GROUP, P.C.**
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone: (310) 651-9960

Jennifer J. Wirsching (SBN 263141)
*wirschinglaw@outlook.com*
**ATTORNEY AT LAW**
1935 Alpha Rd, Suite 216
Glendale, CA 91208
Telephone: (424) 902-9280

*Counsel for Defendant Artur Ayvazyan*

Fred G. Minassian (SBN 170974)
*fgminassian@yahoo.com*
**LAW OFFICES OF FRED G. MINASSIAN, INC.**
101 N. Brand Ave, Suite 1970
Glendale, CA 91203
Telephone: (818) 240-2444

*Counsel for Defendant Tamara Dadyan*

Peter Johnson (SBN 252542)
*peter@peterjohnsonlaw.com*
**LAW OFFICE OF PETER JOHNSON**
409 North Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785

*Counsel for Defendant Vahe Dadyan*

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

## NOTICE OF MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

## TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, June 14, 2021 or as soon as this counsel may be heard in Courtroom 10A of this Court at 350 W. 1st Street, 10th Floor, Los Angeles, CA 90012, Defendants Richard Ayvazyan ("Ayvazyan"), Marietta Terabelian, Artur Ayvazyan, Tamara Dadyan, and Vahe Dadyan, through undersigned counsel, will move the Court to preclude the testimony of Marylee Robinson, the government's proposed summary witness, and to exclude the charts about which Ms. Robinson intended to testify.

This motion is based on this notice, the accompanying memorandum of points and authorities, any reply defendants may make, such other evidence and arguments as may be presented at or prior to the hearing, and all records and files in this action.

Dated: June 8, 2021            Respectfully submitted,

/s/ Ashwin J. Ram
Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (pro hac vice)
mnewcomer@steptoe.com
Nicholas P. Silverman (pro hac vice)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

[SIGNATURES CONTINUE
ON NEXT PAGE]

1         */s/ John L. Littrell*

2         John L. Littrell (SBN 221601)
          *jlittrell@bklwlaw.com*

3         Ryan V. Fraser (SBN 272196)
          *rfraser@bklwlaw.com*

4         **BIENERT KATZMAN LITTRELL**
          **WILLIAMS LLP**

5         601 W. 5th Street, Suite 720
          Los Angeles, CA 90071

6         Telephone: (213) 528-3400

7         Facsimile: (949) 369-3701

8         *Counsel for Defendant Marietta Terabelian*

9         */s/ Jennifer J. Wirsching*

10        Thomas A. Mesereau Jr. (SBN 91182)
          *mesereau@mesereaulaw.com*

11        **MESEREAU LAW GROUP, P.C.**
          10100 Santa Monica Blvd., Suite 300

12        Los Angeles, CA 90067
          Telephone: (310) 651-9960

13

14        Jennifer J. Wirsching (SBN 263141)
          *wirschinglaw@outlook.com*

15        **ATTORNEY AT LAW**
          1935 Alpha Rd, Suite 216

16        Glendale, CA 91208
          Telephone: (424) 902-9280

17        *Counsel for Defendant Artur Ayvazyan*

18

19        */s/ Fred G. Minassian*
          Fred G. Minassian (SBN 170974)

20        *fgminassian@yahoo.com*
          **LAW OFFICES OF FRED G. MINASSIAN, INC.**

21        101 N. Brand Ave, Suite 1970
          Glendale, CA 91203

22        Telephone: (818) 240-2444

23        *Counsel for Defendant Tamara Dadyan*

24        */s/ Peter Johnson*
          Peter Johnson (SBN 252542)

25        *peter@peterjohnsonlaw.com*
          **LAW OFFICE OF PETER JOHNSON**

26        409 North Pacific Coast Hwy, 651

27        Redondo Beach, California 90277
          Telephone: (310) 295-1785

28        *Counsel for Defendant Vahe Dadyan*

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

1

# **TABLE OF CONTENTS**

2   I.   STATEMENT OF FACTS ............................................................2

3   II.   LEGAL STANDARD ...............................................................3

4   III.   ARGUMENT ......................................................................4

5       A.   THE GOVERNMENT HAS NOT MET THE BASIC
            REQUIREMENTS FOR ADMISSION OF SUMMARY CHARTS
6            UNDER RULE 1006. ..........................................................4

7       B.   MS. ROBINSON IS NOT A PERCIPIENT FACT WITNESS AND
            HER TESTIMONY SHOULD BE PRECLUDED. ...........................6
8

9       C.   MS. ROBINSON'S PROPOSED TESTIMONY IS MORE
            PREJUDICIAL THAN PROBATIVE AND SHOULD BE
            EXCLUDED UNDER RULE 403. .............................................8
10

11           1.   Ms. Robinson's Professional Qualifications and
                 History as an Expert Witness Make Her Testimony
12                Unduly Prejudicial ....................................................8

13           2.   The Probative Value of the Summary Charts is
                 Substantially Outweighed by the Risks of Wasting the
                 Jury and Court's Time ..............................................10
14

15           3.   The Summary Chart Exhibits on Which Ms. Robinson
                 Intends to Rely Are Unduly Prejudicial and Should Be
16                Excluded. ............................................................11

17       D.   SHOULD THE COURT PERMIT MS. ROBINSON TO TESTIFY
            AS A SUMMARY WITNESS, HER TESTIMONY SHOULD BE
            LIMITED TO LOANS SPECIFICALLY IDENTIFIED IN THE
18           INDICTMENT, PROPER LIMITING INSTRUCTIONS SHOULD
            BE GIVEN, AND THE CHARTS SHOULD NOT BE ADMITTED
19           INTO EVIDENCE ............................................................14

20   IV.   CONCLUSION ....................................................................15

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Brodit v. Cambra,*
  350 F.3d 985 (9th Cir. 2003) ...................................................... 4

*Holland v. United States,*
  348 U.S. 121 (1954).................................................................. 8

*Jonasson v. Lutheran Child & Family Servs.,*
  115 F.3d 436 (7th Cir. 1997) .................................................... 3

*Lloyd v. United States,*
  226 F.2d 9 (5th Cir. 1955) ...................................................... 11

*Luce v. United States,*
  469 U.S. 38 (1984).................................................................... 3

*United States v. Abbas,*
  504 F.2d 123 (9th Cir. 1974) .................................................. 14

*United States v. Aubrey,*
  800 F.3d 1115 (9th Cir. 2015) .................................................. 7

*United States v. Baker,*
  10 F.3d 1374 (9th Cir. 1993) .................................................... 4

*United States v. Brooks,*
  736 F.3d 921 (10th Cir. 2013) .................................................. 9

*United States v. Bundy,*
  No. 216CR00046GMNPAL, 2017 WL 549593 (D. Nev. Feb. 8, 2017)................... 14

*United States v. Casas,*
  356 F.3d 104 (1st Cir. 2004)...................................................... 9

*United States v. Cotton,*
  203 F.3d 833 (9th Cir. 1999) .................................................... 5

*United States v. Echols,*
  574 F. App'x 350 (5th Cir. 2014) .............................................. 6

*United States v. Fullwood,*
  342 F.3d 409 (5th Cir. 2003) .................................................. 10

ii

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

*United States v. Garcia,*
   413 F.3d 201 (2d Cir. 2005) ............................................................... 9

*United States v. George,*
   160 F. App'x 450 (6th Cir. 2005) ..................................................... 11

*United States v. Griffin,*
   324 F.3d 330 (5th Cir. 2003) ............................................................... 9

*United States v. Johnson,*
   594 F.2d 1253 (9th Cir. 1979) ............................................................ 5

*United States v. Krasn,*
   614 F.2d 1229 (9th Cir. 1980) .......................................................... 14

*United States v. Leon-Reyes,*
   177 F.3d 816 (9th Cir. 1999) .............................................. 4, 7, 8, 11

*United States v. Moore,*
   651 F.3d 30 (D.C. Cir. 2011) ............................................................ 10

*United States v. Nordby,*
   225 F.3d 1053 (9th Cir. 2000) ............................................................ 4

*United States v. Young,*
   No. CR 10-cr-923 (SJO), 2019 WL 9518226 (C.D. Cal. Apr. 17, 2019) ................... 4

**Other Authorities**

Department of Justice, *Fees and Expenses of Witnesses* (FY 2018),
   https://www.justice.gov/file/969041/download ......................................... 8

Fed. R. Evid. 16(a)(1)(G) .................................................................. 7

Fed. R. Evid. 401 ......................................................................... 14

Fed. R. Evid. 403 .................................................................... *passim*

Fed. R. Evid. 602 ................................................................. 1, 4, 6, 8

Fed. R. Evid. 701 ..................................................................... 4, 6, 8

Fed. R. Evid. 702 ........................................................................ 1, 7

Fed. R. Evid. 1006 ...................................................................... 4, 5

iii

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Richard Ayvazyan, through undersigned counsel, seeks to preclude the government from introducing the testimony of Marylee Robinson as a summary witness. Ms. Robinson is not a percipient fact witness; she is a CPA hired by the government to "trace" loan funds and "explain . . . transactions to the jury."    Because Ms. Robinson has no first-hand knowledge of the events at issue in this case, she cannot testify under Rule 602 or 701.  The government does not intend to qualify Ms. Robinson as an expert, and she therefore cannot testify under Rule 702.

Both Ms. Robinson's anticipated testimony and the summary charts the government proposes using during that testimony are also unfairly prejudicial and should be excluded under Rule 403.  The majority of the evidence on which the summary charts are based concerns loans that are not charged in the indictment.

Ms. Robinson's testimony is unduly prejudicial because it will give the imprimatur of a purportedly independent certified public accountant to contested issues at trial, which will improperly color the jury's view of the evidence to be admitted at trial.  Ms. Robinson's testimony will also provide the government what amounts to a second closing argument—her anticipated testimony amounts to an argument about the significance of transactions central to the government's case.  The Court should decline to let Ms. Robinson usurp the role of the jury and should exclude her testimony.

If the Court permits Ms. Robinson to testify, her testimony and summary charts should be limited to the loans charged in the superseding indictment.  The government has moved to present a redacted superseding indictment at trial, which eliminates the government's burden to prove that the conspiracy at issue involved the submission of 151 PPP and EIDL loan applications.  That deletion leaves only the seventeen loans charged in the overt acts or the wire and bank fraud counts of the indictment.  Yet the summary charts include at least 60 other PPP and EIDL loan applications that are not charged in the indictment.  The government should not be permitted to change its

1

theory of the conspiracy at the last minute, but then call a summary witness to introduce evidence related to conduct now outside the conspiracy charged in the indictment.

## I.    STATEMENT OF FACTS

On May 18, 2021, the government informed defendants that it intends to "call Marylee Robinson, Managing Director at Stout Risius Ross, LLC, as a summary witness to provide testimony at trial about certain financial transactions."  Ex. A to Declaration of Ashwin Ram ("Ram Decl."), 5/18/21 Letter from Scott Paetty at 2.  The government anticipates that Ms. Robinson will "testify about, *among other things*, her analysis of relevant financial transactions. Ms. Robinson will base her testimony *primarily* upon a review of bank and brokerage account records, as well as accounting and other business records from escrow companies and vendors."  *Id.* (emphasis added).  The government further claimed that Ms. Robinson will "trace" loan proceeds and "explain . . . transactions to the jury."  Defendants pushed the government to clarify what "other things" Ms. Robinson intended to testify about and what additional information would form the basis for her testimony, but the government refused to provide defendants with that information.  Ram Decl. Ex. B, 5/24/2021 Email Chain between the government and defense counsel.

Despite the technical nature of her anticipated testimony and the fact that Ms. Robinson intends to "trace" funds and "explain" transactions to the jury, the government does not intend to call Ms. Robinson as an expert witness. Ex. A at 2.  Ms. Robinson "specializes in providing expert testimony and litigation consulting services, including . . . conducting fraud and forensic accounting investigations."  https://www.stout.com/en/professionals/marylee-robinson.  Ms. Robinson's list of licenses and designations includes Certified Public Accountant (CPA), Certified in Financial Forensics (CFF) and Certified Fraud Examiner (CFE). *Id.* Ms. Robinson's webpage also claims "[h]er fraud and forensic accounting experience includes assistance to the Department of Justice in a series of investigations of corporate executives indicted for white collar crimes in both the banking and healthcare

1   industries."

2        On May 21, 2021, the parties appeared before the Court to discuss pre-trial

3   issues.  During that hearing, the Court discussed the summary witness with the

4   government, and told the government that it intended to provide defendants with draft

5   summary charts before the June 1, 2021 exhibit deadline, which would include trial

6   exhibits to support the basis for the summary charts.  Ram. Decl. Ex. C 5/21/21 Hr'g

7   Tr. at 9:17-11:8.  The government did not.

8        On the evening of June 1, 2021, the government produced to defendants two sets

9   of "draft" summary chart exhibits that it proposed to use during Ms. Robinson's

10  testimony, one described as "Tracing," the other described as "Disaster Relief Loan

11  Applications." *See* Ram Decl. Exs. D and E.  Despite producing these charts on the

12  deadline for trial exhibits, the government described the charts as "drafts" that the

13  defendant is prohibited from relying upon or using under the Draft Exhibit Agreement,

14  and reserved their right to change the charts, enumerating seven possible sets of

15  changes that could still be made.  *See* Ram Decl. Ex. F, June 1, 2021 email from the

16  government to defense counsel.

17       On June 4, 2021, the government filed a motion to use a redacted superseding

18  indictment at trial.  Dkt. 422. The government requested to redact paragraph 32 of the

19  indictment, which included the government's allegation that the conspiracy at issue

20  involved applying for 151 PPP and EIDL loans.  *Id.* at 1.  The government seeks the

21  redaction because paragraph 32 contains "allegations that the government does not

22  intend to prove up at trial and because it assists the government in streamlining the

23  presentation of evidence at trial." *Id.* at 2.

24  ## II.   LEGAL STANDARD

25       A party may use a motion in limine to exclude inadmissible or prejudicial

26  evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38,

27  40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to

28  ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson*

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

*v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). "A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence." *United States v. Young*, No. CR 10-cr-923 (SJO), 2019 WL 9518226, at *2 (C.D. Cal. Apr. 17, 2019) (citing *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)).

Like all witnesses, summary witnesses who testify for the government may do so based only on personal knowledge. Fed. R. Evid. 602, 701. The Ninth Circuit has "noted the danger of admitting testimony of summary witnesses who summarize evidence, including oral testimony, previously admitted in the same trial." *United States v. Leon-Reyes*, 177 F.3d 816, 819 (9th Cir. 1999) (citing *United States v. Baker*, 10 F.3d 1374, 1412 (9th Cir. 1993) (noting that summary witnesses should only be allowed in "exceptional cases" because the credibility of summary witnesses may be substituted for the credibility of the evidence summarized) (overruled on other grounds in *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000)). Given this risk, summary charts "must be scrutinized by the trial court to ensure that they are accurate, complete, not unduly prejudicial, limited to the relevant issues, and confined by appropriate jury instructions." *Id.* at 820.

Federal Rule of Evidence 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## III.   ARGUMENT

### A.   The Government Has Not Met the Basic Requirements for Admission of Summary Charts Under Rule 1006.

The Summary Charts should be excluded because the government has not met either the Rule's or the Ninth Circuit's basic prerequisites for admitting summary

4

charts. First, Rule 1006 permits summary charts only "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  Here, the government has redacted the superseding indictment in a way that limits the evidence the government must present at trial to evidence related to the 17 loans actually charged in the indictment.  The loan applications and bank records related to those 17 loans is not so voluminous that they could not be conveniently examined in court.  And, as described more fully below, introducing the bank records themselves, as opposed to the government's biased interpretation of the bank records through a purportedly independent witness, would permit the jury to consider all relevant evidence and draw conclusions from that evidence, consistent with the role the jury serves.

Second, "the proponent of a summary must demonstrate the admissibility of the underlying writings or records summarized, as a condition precedent to introduction of the summary into evidence under Rule 1006." *United States v. Johnson*, 594 F.2d 1253, 1257 (9th Cir. 1979); *United States v. Cotton*, 203 F.3d 833 (9th Cir. 1999) ("We agree that the summary should not have been received in evidence because the government did not establish that the information summarized was admissible.").  Here, the summary charts rely on exhibits that the government has yet to produce to defendants, despite the fact that the government's exhibits were due on June 1.[1] Moreover, the summary charts claim to rely on exhibits that were not included on the government's witness list.  When defense counsel notified the government of this issue, the government claimed the citations to non-existent exhibits were a mistake and that

---

[1] Instead of producing exhibits to defendants on June 1, the government produced an excel file containing lists of bates numbers that correspond to the government's exhibits.  The majority of the exhibits are compilations of multiple documents produced in discovery.  Given the extraordinary amount of time it would take defendants to locate and compile the thousands of documents on the government's witness list, defendants requested that the government provide them with electronic versions of their exhibits.  The government agreed to do so, and has begun to produce those electronic binders, but as of the date of this filing, still has not produced many of the electronic exhibits to defendants, including most of the electronic exhibits on which the summary chart is allegedly based.

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

they would produce updated summary witness charts to defendants.  As of the date of this filing, they have not done so.  *See* Ram Decl. Ex. G, June 5, 2021 email exchange between defense counsel and the government.  Given that the summary charts produced by the Court's June 1, 2021 deadline cite exhibits that have not been produced in discovery and others that are clearly inadmissible, the government has not established the admissibility of evidence underlying the summary charts.

The summary charts also contain images that have not been produced in discovery and that are not admissible as evidence.  For example, the Tracing chart contains photos of houses on pages 5 through 7, but the source for these photos is not documents produced in discovery or the government's proposed exhibit list.  Ex. D at 5-6.  Instead, the government claims the images are pulled from Zillow.com, a real estate listing website. The government has not disclosed how the images were obtained, when, by whom, or what they purported to be, and the images were not included on the government's exhibit list.  They are therefore inadmissible as part of a summary chart. The government's failure to meet the basic prerequisites for introducing the summary charts is only the tip of the iceberg when it comes to deficiencies and issue with the summary charts and the summary witness's proposed testimony.

### B.   Ms. Robinson is Not A Percipient Fact Witness and Her Testimony Should be Precluded.

Ms. Robinson's testimony should be excluded because it will not be based on personal knowledge, as required by Federal Rules of Evidence 602 and 701. *See United States v. Echols*, 574 F. App'x 350, 356 (5th Cir. 2014) (discussing remedy for improper summary witness testimony, stating  "a witness who testifies beyond his knowledge, or into topics that are unhelpful or the province of others should be cabined by a multitude of precise rules, such as Rule 403 ("unfair prejudice, confusing the issues, misleading the jury"), Rule 601 (competency), Rule 602 (requirement of personal knowledge), and Rule 701 (scope of lay witness opinion testimony)").  The Ninth Circuit allows summary witnesses to testify when those witnesses are

6

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

summarizing their personal knowledge gained by participating in their investigation of a case.  *See, e.g.*, *United States v. Aubrey*, 800 F.3d 1115 (9th Cir. 2015) (finding that HUD auditor was properly permitted to testify about his investigation where the district court "restricted his testimony to the areas in which he had personal knowledge (the documents, investigation, and the methods he used to prepare his summary) and prevented him from providing in-depth analysis of various accounting methods.").  No such allowance is made for witnesses who the government merely proposes to brief on the investigation.  Nor should one be.  The government is effectively feeding its conclusions through a purportedly independent person in order to parrot them to the jury.

Ms. Robinson did not participate in the government's investigation of the charges alleged in the indictment.  Instead, Ms. Robinson has assumed the role of an expert witness while dodging the rigorous standards applied to expert testimony under Rules 16(a)(1)(G) and 702.  Without any personal involvement in, or knowledge of, the investigation into the charges in the indictment, Ms. Robinson took exhibits chosen by the government and worked those exhibits into charts summarizing the government's theory of the case.  This is problematic because, as the Ninth Circuit has noted, "[s]ummaries are normally prepared by an interested party and therefore may not be completely accurate or may be tainted with the preparing party's bias." *Leon-Reyes*, 177 F.3d at 820.  The risk of inaccuracy and taint skyrockets when the witness has no independent knowledge of the facts at issue, and instead relies on documents chosen by the government to shape their understanding of the case, and then proposes to testify as a fact witness.  It's hard to see how the charts created by Ms. Robinson could not be infused with the government's bias, particularly given her complete lack of knowledge into the investigation or factual background of this case.  Ms. Robinson's testimony can

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

add nothing except the government's gloss on the case, and is thus inadmissible under Rules 602 and 701.[2]

### C. Ms. Robinson's Proposed Testimony is More Prejudicial Than Probative and Should Be Excluded Under Rule 403.

Even if the Court finds that Ms. Robinson's testimony is admissible under Rule 602 and 701, it should be excluded under Rule 403. The Ninth Circuit recognizes "the danger" that summary witness testimony poses at trial due to the potential unfair prejudice to the defendant. *Leon-Reyes*, 177 F.3d at 819 (9th Cir. 1999). Any relevance to Ms. Robinson's testimony is substantially outweighed by the danger of unfair prejudice to defendants, as well as the danger of confusing the issues for the jury, misleading the jury and wasting time by presenting evidence of conduct irrelevant to the indictment. Fed. R. Evid. 403.

### 1. Ms. Robinson's Professional Qualifications and History as an Expert Witness Make Her Testimony Unduly Prejudicial

Ms. Robinson's professional qualifications and history of testifying as an expert on behalf of the Department of Justice will improperly influence the jury's view of the evidence in the summary charts, unduly prejudicing the defendants. The Supreme Court has admonished courts to guard against the risk that charts can attain "an existence of their own, independent of the evidence which gave rise to them." *See Holland v. United States*, 348 U.S. 121, 128 (1954). That risk is multiplied where, as here, the government intends to introduce the testimony of a professional expert witness

---

[2] Ms. Robinson is a hired expert who appears to charge professional fees. The fact that the government is (presumably) paying those fees mandates the conclusion that she is an expert. DOJ prohibits paying fact witnesses more than $40 per day. Department of Justice, *Fees and Expenses of Witnesses* (FY 2018), https://www.justice.gov/file/969041/download ("Fact witnesses testify as to events or facts about which they have personal knowledge. These witnesses are paid a statutorily established rate of $40 per day plus reasonable amounts for travel and certain other costs associated with their appearance. Expert witnesses provide technical or scientific testimony and are compensated based on negotiations with the respective Federal Government attorney"). The defendants respectfully submit that—although the government has not produced this information in discovery—it is likely that Ms. Robinson is not being compensated consistently with DOJ's rules for compensating fact witnesses.

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

1    under the guise of a percipient fact witness.  Coming from a certified public account,

2    the jury might treat the summary evidence as additional or corroborative evidence that

3    unfairly strengthens the government's case.  Allowing Ms. Robinson to testify to the

4    contents of the summary charts will place the imprimatur of a certified public

5    accountant on contested issues at trial and improperly color the jury's view of evidence

6    and testimony, causing undue prejudice to defendants.

7         Ms. Robinson's testimony should also be excluded because the summary charts

8    contain arguments that should be limited to the government's opening and closing

9    statements.  The government has declined to inform the defendants of the order of its

10   witnesses, so defendants do not know if Ms. Robinson will be an "overview witness"

11   testifying at the beginning of trial, or a summary witness testifying near the close of the

12   government's case. Either scenario would be unfairly prejudicial to defendants.

13        To the extent that the government intends to call Ms. Robinson as one of its first

14   few witnesses, that overview testimony would be highly prejudicial and should be

15   excluded.  While the Ninth Circuit has not directly addressed so-called "overview

16   witnesses," circuit courts across the country have "condemn[ed] the practice of having

17   a case agent offer a summary opinion as to culpability before any evidence to support

18   such a conclusion has been presented for jury review."  *United States v. Garcia*, 413

19   F.3d 201, 214 (2d Cir. 2005) (holding even if the disputed testimony were considered

20   summary evidence, such testimony would be improper and therefore not qualify as

21   "helpful" to the jury); *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003)

22   ("unequivocally condemn[ing]" the use of an overview witness "as a tool employed by

23   the government to paint a picture of guilt before the evidence has been introduced.");

24   *United States v. Casas*, 356 F.3d 104, 119 (1st Cir. 2004); *United States v. Brooks*, 736

25   F.3d 921, 930 (10th Cir. 2013) ("[P]otential problems include the government's ability

26   (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted),

27   (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses

28   (usually law enforcement) to testify on matters about which they have no personal

9

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

knowledge or that are based on hearsay."); *United States v. Moore*, 651 F.3d 30, 60 (D.C. Cir. 2011) ("Overview testimony offers [the prosecution] an opportunity to poison the jury's mind against the defendant or to recite items of highly questionable evidence.") (citation and internal quotation marks omitted).

Should Ms. Robinson testify as a summary witness at the end of the government's case, Ms. Robinson's testimony should be excluded because the summary charts contain interpretations and conclusions that mirror the government's likely closing arguments. "The use of summary evidence serves an important purpose, but that purpose is not simply to allow the Government to repeat its entire case-in-chief shortly before jury deliberations." *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003). Allowing Ms. Robinson to testify would essentially give the government a second closing argument, which is an impermissible use of a summary witness. Not only should the court prohibit Ms. Robinson from testifying, the defendants respectfully request that the Court preclude the government from using summary charts at all.

### 2. The Probative Value of the Summary Charts is Substantially Outweighed by the Risks of Wasting the Jury and Court's Time

The charts contain irrelevant information. The government has moved to present a redacted superseding indictment at trial, which leaves only the seventeen loans charged in the overt acts and the wire and bank fraud counts of the indictment. Yet the summary charts include at least 60 other PPP and EIDL loan applications that are not charged in the indictment. *Compare* Superseding Indictment (generally) *with* Ram Decl. Ex. E, Disaster Relief Loan Application Summary Chart.[3] Pages three and four of the Disaster Relief Loan Application Summary Chart are misleadingly titled "Example Loans Applied for by Companies Included in First Superseding Indictment," which implies that each of the loans on those pages was charged in the indictment. But in fact, most of the loans on those two pages are not mentioned in the indictment. The government is attempting to have their cake and eat it too, and the Court should not

[3]

countenance it.  Either the conspiracy at issue in this case involved the submission of 151 PPP and EIDL loan applications (*see* Superseding Ind. ¶ 32), in which case the superseding indictment should not be redacted, or the conspiracy concerns the 17 loans included in the redacted superseding indictment, and the other loan applications are irrelevant.  Any limited relevance the additional loan applications could have is substantially outweighed by the danger of wasting both the jury's and Court's time by allowing the summary witness to testify about 60 loans that were not charged in the indictment.  This is sufficient grounds to exclude the summary charts under Rule 403, but it is far from the only grounds.

### 3. The Summary Chart Exhibits on Which Ms. Robinson Intends to Rely Are Unduly Prejudicial and Should Be Excluded.

The presentation of evidence in the summary charts is unduly prejudicial.  As noted above, the Ninth Circuit has cautioned that, because summary charts are prepared by an interested party, they "may not be completely accurate or may be tainted with the preparing party's bias." *United States v. Leon-Reyes*, 177 F.3d 816, 820 (9th Cir. 1999). Recognizing the inherent danger of prejudice from summary charts, the Fifth Circuit has cautioned that "[w]henever possible, such charts should be confined in their preparation to strictly mathematical computations, subject to detailed explanation upon the trial by the testimony of expert government witnesses, and they should not be encumbered by such impressive, conclusionary captions[.]"  *Lloyd v. United States*, 226 F.2d 9 (5th Cir. 1955).  The charts at issue here go well beyond mathematical computations or simple summaries of voluminous evidence, and are unduly prejudicial for the reasons set forth below.

First, the charts are inflammatory. The pages in the Tracing Chart exhibit include inflammatory photos of homes the government alleges were purchased with PPP and EIDL loan funds.  Instead of simply using names for the defendants in the charts, the government has included unflattering photos of the named defendants, the only purpose of which can be to prejudice the jury against the defendants. *See, e.g.*, *United States v.*

11

1  *George*, 160 F. App'x 450, 456 (6th Cir. 2005) ("Even if relevant, a mug shot tends to
2  make people believe that the person is "bad," and therefore can be unfairly prejudicial.
3  Moreover, the visual impact of a mug shot, apart from mere references to a prior
4  conviction, can leave a lasting, although illegitimate, impact on the jury.").

5      Second, the charts are argumentative. The majority of the Tracing chart pages are
6  titled "Use of EIDL/PPP Funds" and purport to show transfers of money between
7  entities that received loan funds and other businesses.  If accurate, these transfers
8  should appear on the bank records the government claims to be basing the summary on,
9  but instead of using images of bank records—which would give the jury the ability to
10 see all transactions into and out of a bank account and assess for themselves whether
11 and how PPP/EIDL loan funds were spent—the government has selected certain
12 transactions to highlight devoid of any qualifying information.  The inaccuracy of this
13 method is made clear by page 11 of the summary chart, a portion of which is shown
14 below:

### Anna Dzukaeva – X1441 Account Activity
### August 01, 2020 – January 22, 2021
DRAFT

| Transaction Date | Payee/Payor | Deposit Amount | Withdrawal Amount | Balance |
|---|---|---|---|---|
| 08/01/20 | Prior Month Ending Balance | $       - | $       - | $   184,605.46 |
| 08/04/20 | Fay Servicing | - | 14,566.67 | 170,038.79 |
| 08/17/20 | Newtek Small Business Finance (PPP) | 244,500.00 | - | 414,538.79 |
| 08/18/20 | *Fay Servicing* | - | 14,566.67 | 399,972.12 |
| 08/27/20 | *Fay Servicing* | - | 16,751.67 | 383,220.45 |
| 08/31/20 | Interest | 23.75 | - | 383,244.20 |
| 08/31/20 | Chrysler Capital | - | 600.00 | 382,644.20 |
| 09/01/20 | Anna Dzukaeva (X3531) | - | 23,000.00 | 359,644.20 |
| 09/15/20 | *ABC Realty Advisors Inc (X2061)* | - | 45,000.00 | 314,644.20 |
| 09/24/20 | *Secureline Realty & Funding Inc* | - | 48,000.00 | 266,644.20 |
| 09/30/20 | Interest | 26.34 | - | 266,670.54 |
| 10/07/20 | Bed Bath & Beyond | - | 267.08 | 266,403.46 |

The government chose to highlight that a PPP loan was deposited into Anna
Dzukaeva's bank account, and then bolded two transactions totaling $93,000 leaving
that account after the loan proceeds were received.  But the image shows in the top

12

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

right corner that Ms. Dzukaeva had $170,000 in her account before any PPP loan funds were deposited, which is more than enough to cover the transfers out of the account. The jury will be able to consider this account record and conclude that the funds transferred out of the account were not in fact PPP loan funds.  Yet every other page of the Tracing Exhibits excludes this type of detailed transaction information, instead drawing all of the jury's conclusions for them, without presenting the evidence that supports those conclusions.  Introducing charts that usurp the role of the jury altogether is unduly prejudicial to defendants.

The Tracing charts also contain a page titled "Transactions Between Identified Parties," which shows entities and individuals as bubbles, and purports to show the movement of money between those entities and individuals.  This page is unduly prejudicial.  The title of the chart is unclear and argumentative, as the government has not explained what "Identified Parties" means, but the words imply special significance to the entities and people in the chart.  Such an argumentative heading could lead the jury to give undue weight to the information on the page, prejudicing defendants.  The page also includes the names of individuals and entities who are not named in the indictment, and in some cases, do not appear in the list of loans on which the chart is allegedly based.  Given the breadth of information on this chart, Ms. Robinson's explanation of the chart will likely veer into conclusory arguments about the movement of funds, which would be unduly prejudicial to defendants since Ms. Robinson would be usurping the role of the jury.

Finally, the summary charts do not contain straightforward presentations of facts, while presenting the ultimate conclusions the government intends to argue to the jury. But the government is not permitted to use summary charts to get a second bite at their closing argument.  It would be unduly prejudicial for the government to present the charts to the jury as evidence, when, in fact, the charts are argument.

Given the many ways that the charts are unduly prejudicial to defendants, the defendants respectfully request that the Court exclude the summary charts, and the testimony of Ms. Robinson, under Rule 403.

**D.      Should the Court Permit Ms. Robinson to Testify as a Summary Witness, Her Testimony Should Be Limited to Loans Specifically Identified in the Indictment, Proper Limiting Instructions Should Be Given, and the Charts Should Not Be Admitted Into Evidence.**

If the Court permits Ms. Robinson to testify as a summary witness, significant limits should be placed on her testimony.

First, Ms. Robinson's testimony and the summary charts she presents should be limited to loans charged in the superseding indictment.  Testimony about applications or loans not charged in the indictment is irrelevant and therefore inadmissible under Federal Rule of Evidence 401.  Furthermore, as discussed above, allowing Ms. Robinson to testify about conduct not at issue in this case would waste both the court and the jury's time, and such testimony should be excluded under Rule 403.

Second, limiting instructions must be given during Ms. Robinson's testimony to ensure that the jury understands how to interpret Ms. Robinson's testimony, and the weight to ascribe to that testimony.  *United States v. Krasn*, 614 F.2d 1229, 1238 (9th Cir. 1980) (approving of court giving "a limiting instruction to the jury cautioning them not to give undue weight to the charts since they were not evidence or proof of any facts themselves").

Finally, even if Ms. Robinson is permitted to use the summary charts during her testimony, the charts should not be admitted into evidence and should not be given to the jury during their deliberations.  The Ninth Circuit has found that where charts are used to aid witness testimony, they should not be submitted to the jury.  *United States v. Abbas*, 504 F.2d 123 (9th Cir. 1974), cert. denied, 421 U.S. 988; *United States v. Bundy*, No. 216CR00046GMNPAL, 2017 WL 549593, at *2 (D. Nev. Feb. 8, 2017)

14

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

("The Court rejects the Government's argument for admission of the summary exhibits as secondary evidence to the underlying record[.]").

## IV.   CONCLUSION

For the foregoing reasons, the Court should preclude Ms. Robinson's testimony and the introduction of the summary chart exhibits, or, if Ms. Robinson's testimony is admitted, the Court should limit her testimony to the loans charged in the indictment, give limiting instructions during Ms. Robinsons' testimony, and refuse to submit the summary charts to the jury.

Dated:   June 8, 2021          Respectfully submitted,

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

[SIGNATURES CONTINUE
ON NEXT PAGE]

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

1            */s/ John L. Littrell*
                John L. Littrell (SBN 221601)

2            *jlittrell@bklwlaw.com*
                Ryan V. Fraser (SBN 272196)

3            *rfraser@bklwlaw.com*

4            **BIENERT KATZMAN LITTRELL**
                **WILLIAMS LLP**

5            601 W. 5th Street, Suite 720
                Los Angeles, CA 90071

6            Telephone: (213) 528-3400

7            Facsimile: (949) 369-3701

8            *Counsel for Defendant Marietta Terabelian*

9            */s/ Jennifer J. Wirsching*
                Thomas A. Mesereau Jr. (SBN 91182)

10           *mesereau@mesereaulaw.com*
                **MESEREAU LAW GROUP, P.C.**

11           10100 Santa Monica Blvd., Suite 300

12           Los Angeles, CA 90067
                Telephone: (310) 651-9960

13           Jennifer J. Wirsching (SBN 263141)

14           *wirschinglaw@outlook.com*

15           **ATTORNEY AT LAW**
                1935 Alpha Rd, Suite 216

16           Glendale, CA 91208
                Telephone: (424) 902-9280

17           *Counsel for Defendant Artur Ayvazyan*

18           */s/ Fred G. Minassian*

19           Fred G. Minassian (SBN 170974)
                *fgminassian@yahoo.com*

20           **LAW OFFICES OF FRED G. MINASSIAN, INC.**

21           101 N. Brand Ave, Suite 1970
                Glendale, CA 91203

22           Telephone: (818) 240-2444

23           *Counsel for Defendant Tamara Dadyan*

24           */s/ Peter Johnson*
                Peter Johnson (SBN 252542)

25           *peter@peterjohnsonlaw.com*

26           **LAW OFFICE OF PETER JOHNSON**
                409 North Pacific Coast Hwy, 651

27           Redondo Beach, California 90277
                Telephone: (310) 295-1785

28           *Counsel for Defendant Vahe Dadyan*

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS

1

## **SIGNATURE ATTESTATION**

2

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and

3

on whose behalf the filing is submitted, concur in the filing's content and have

4

authorized the filing.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN LIMINE TO PRECLUDE SUMMARY WITNESS