TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
            Catherine.S.Ahn@usdoj.gov
            Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S PROPOSED VOIR DIRE<br><br>Trial Date: June 15, 2021<br>Time:      8:30 a.m.<br>Location:  Courtroom of the<br>          Honorable Stephen V.<br>          Wilson |

|   |
|---|
| "Anton Kudiumov," <br> ARMAN HAYRAPETYAN, <br> EDVARD PARONYAN, <br>   aka "Edvard Paronian" and <br>       "Edward Paronyan," and <br> VAHE DADYAN, <br><br>           Defendants. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, respectfully requests that the Court ask prospective jurors the questions submitted herein in addition to the Court's regular voir dire questions.

Dated: June 8, 2021                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                             /s/
                                       _____
                                       CATHERINE AHN
                                       SCOTT PAETTY
                                       BRIAN FAERSTEIN
                                       Assistant United States Attorneys
                                       CHRISTOPHER FENTON
                                       Department of Justice Trial Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**GOVERNMENT'S REQUESTED VOIR DIRE**

**I.   The Indictment**

1.  The government has read a portion of its indictment.  Is there anything about the charges in this case that makes you unwilling or reluctant to serve as a juror?

**II.  Experience with Financial Institutions, Lenders or Processors, the SBA, and the PPP and EIDL Programs**

2.  Have you, a family member, or a close friend ever worked for a bank, lender, loan processor, or other financial institution?  To your knowledge, did that involve making or processing PPP loans?

3.  Have you, a family member, or a close friend ever worked for the United States Small Business Association ("SBA")?  To your knowledge, did involve processing PPP or EIDL loans?

4.  You may hear testimony from representatives of a bank, lender, loan processor, or other financial institutions, as well as the SBA.  Have you had any experiences with any bank, lender, loan processor, or other financial institution that would make it difficult for you to evaluate that testimony fairly and impartially?  Have you had any experiences with the SBA that would make it difficult for you to evaluate that testimony fairly and impartially?

5.  You may hear testimony in this case that SBA-administered programs like the PPP or EIDL lost money through PPP or EIDL loans.  Is there anything about your personal dealings with any bank, lender, loan processor, or other financial institution that would affect your ability to serve as a fair and impartial juror in such a case?  What about with the SBA?

6.  Have you applied for PPP or EIDL funds?  If so, please provide details.

7. Do you think you could be fair and impartial in weighing the evidence in a case in which a victim is a bank or other financial institution?

8. Do you think you could be fair and impartial in weighing the evidence in a case in which the government is a victim?

**III. Experience with Identity Theft**

9. Have you, a family member, or a close friend ever been the victim of identity theft or the unauthorized use of personal information?  Please provide details.  Is there anything about that experience that would interfere with your impartiality in this case? (If you would like, you may request we speak in the jury deliberation room to answer this question.)

10. Have you, a family member, or a close friend ever been the victim of the theft of, or the unauthorized use of, business or financial information?  Please provide details.  Is there anything about that experience that would interfere with your impartiality in this case?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)

**IV. Experience with Fraud**

11. Have you, a family member, or a close friend ever been the victim of fraud?  Please provide details.  Is there anything about that experience that would interfere with your impartiality in this case?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)

**V. Experience with Law Enforcement**

12. Have you, a family member, or a close friend ever been arrested, charged, or convicted of any crime?  If so, what was the crime?  How was it resolved?  Would that experience affect your

2

ability to be a fair and impartial juror in this case?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)

    13.  Have you, a family member, or a close friend ever had a negative or an unpleasant experience with law enforcement?  If so, what happened?  Would that experience affect your ability to be a fair and impartial juror in this case?

    14.  Have you, or has anyone close to you, ever been falsely accused of committing a crime?

    15.  Have you, or has anyone close to you, ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?

    16.  You may hear testimony in this case from federal law enforcement agents.  Is there anything that you have experienced, seen, heard, or read about that would prevent you from considering their testimony fairly and impartially?

    17.  Do you have any opinions or feelings about the criminal justice system, such as judges, prosecutors, defense lawyers, and law enforcement officers, that would make it difficult for you to be a fair and impartial juror in this case?

**VI.  Knowledge of Potential Witnesses**

    18.  Do you know or are you familiar with any of the following individuals, who may be witnesses in this case?  [The government respectfully requests the Court read the government's and defendants' witness lists.]

**VII. Punishment and Sympathy**

    19.  Have you previously served in a jury for a criminal or civil case?  What was the result?

3

1    20.  Do you have any reservations about sitting in judgment of
2 an accused person and returning a verdict in a criminal case?
3    21.  There are some people who, for moral, ethical, or religious
4 reasons, believe that it is not proper or who would find it difficult
5 to pass judgment on the conduct of others.  Do any of you hold such a
6 belief, or might you be affected by such beliefs?
7    22.  The potential punishment for the charged offenses is a
8 matter that the jury should never consider in arriving at an
9 impartial verdict.  If you are selected as a juror, can you put aside
10 any concerns you may have about potential punishment in arriving at a
11 fair and impartial verdict in this case?
12    23.  If the Court instructs you that your verdict must not be
13 based on sympathy, passion, or prejudice, but only on the evidence in
14 this case and on the law as the Court instructs you on it, will you
15 be able to follow that instruction?
16    24.  Knowing what you now know about this case, do you have any
17 reservations about your ability to hear the evidence, deliberate with
18 your fellow jurors, and return a fair and impartial verdict?
19 **VIII.    Ability to Serve**
20    25.  Do you have any difficulty understanding the English
21 language or seeing or hearing things in the courtroom that could
22 impair your ability to be a juror in this case?
23 **IX.  COVID-19 Considerations**
24    26.  Do you have concerns about safely serving on a jury over
25 the course of multiple days?  Would those concerns affect your
26 ability to be a fair and impartial juror in this case?  (If you would
27 like, you may request we speak in the jury deliberation room to
28 answer this question.)

4

27. Do you have safety concerns about deliberating with other jurors in the same room?  Would those concerns affect your ability to be a fair and impartial juror in this case?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)

28. Would you have safety concerns if the Court permitted fully-vaccinated attorneys or witnesses to speak without a mask?  Would those concerns affect your ability to be a fair and impartial juror in this case?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)

29. Are you willing to wear a mask, face shield, use wipes and hand sanitizer, respect social distancing, and take other Centers for Disease Control, Department of Public Health, or court-mandated safety precautions during the course of this trial?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)

30. Have you, a family member, or a close friend, ever been arrested, cited, or charged with failing to adhere to mandated COVID-19-related safety protocols, including but not limited to wearing a mask, abiding by curfew, and social distancing?  (If you would like, you may request we speak in the jury deliberation room to answer this question.)