Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD AYVAZYAN, *et al.*,<br><br>*Defendants.* | Case No.  20-cr-579 (SVW)<br><br>**DEFENDANT RICHARD AYVAZYAN'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO COMPEL GOVERNMENT DISCLOSURE OF ACTUAL TRIAL EXHIBITS AND RELATED MATERIAL**<br><br>Hon. Stephen V. Wilson<br><br>Trial Date:     June 15, 2021 |

# NOTICE OF *EX PARTE* APPLICATION TO COMPEL DISCLOSURE OF ACTUAL TRIAL EXHIBITS AND RELATED MATERIAL

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Richard Ayvazyan hereby applies to the Court for an order granting the following relief:

1. Ordering the government to designate the exhibits they actually intend to use at trial, rather than marking 32,000 pages as "exhibits," and provide an electronic set of its exhibits to the defense by June 10, 2021;

2. Ordering the government to identify which witnesses it expects will testify as to which exhibits by June 11, 2021;

3. Ordering the government to provide electronic copies of its witness binders to the defense by June 11, 2021; and

4. Ordering the government to provide summaries of expected witness testimony for each witness expected to testify during the first week of trial by June 11, 2021.

This application is based upon this notice, the application in support, the accompanying Declaration of Ashwin J. Ram, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated:   June 9, 2021                    Respectfully submitted,

/s/ Ashwin J. Ram
Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599
*Counsel for Defendant Richard Ayvazyan*

# APPLICATION

## I.   PRELIMINARY STATEMENT

The government is playing games again.  The Court ordered the government to produce its exhibit list to the defense by June 1, 2021 (Dkt. 248), but instead of producing a list of exhibits and providing copies to the defense, the government produced a hodgepodge spreadsheet marking *over 32,000 pages of discovery* as "exhibits" – a number that does not include the four digital devices that the government also marked as "exhibits."  Further, for each "exhibit" the government sometimes only provided a Bates range containing several documents, leaving the defense to guess at which documents in the set actually contained the relevant information that the government planned to use at trial.  This was not within the letter or the spirit of the Court's order directing the government to disclose its exhibit list by June 1, 2021.  Even today – when directed by the Court to file copy of the government's exhibit list – the government filed a different list from what was shared with the defense last week.  *See* Dkt. 464-3.  The government's utter failure to identify its trial exhibits to the defense is all the more incredible given that the government claimed it was ready to go to trial *two months ago* on April 5, 2021.  *See* Dkt. 267-2.

Despite these games, the defense attempted to gather all of these exhibits two ways:  first by dedicating significant attorney and paralegal resources to assembling an ad hoc set of the exhibits listed in the government's spreadsheet, and also by requesting that the government share copies of its already assembled electronic exhibit binders.  The government agreed to share these electronic exhibits and, on Thursday, June 3, informed the defense that they planned to provide "most, if not all of the documents today."  While the government has sent over exhibits drip by drip, six days have passed and the defense still has not received a complete set of the government's exhibits.  While the defense has made a herculean effort to assemble 32,000 pages of exhibits on its own, reliance on the government's promised set of exhibits combined with the mess

of a spreadsheet provided by the government (in lieu of an exhibit list) has rendered this effort impossible.

Trial will begin in less than a week, and the defense has still not been provided with a definitive set of exhibits in an accessible format.  This is trial by ambush – and two hundred years of American criminal jurisprudence make clear that trials by ambush are not allowed.  If the trial is to proceed on June 15, 2021, extraordinary relief is necessary to make up for lost time and counteract the government's gamesmanship.  For the reasons set forth below, the Court should issue an order requiring the government to (1) designate the exhibits it actually intends to use at trial – rather than its 32,000 page shotgun approach – and provide an electronic set of its exhibits to the defense by June 10, 2021; (2) identify which witnesses will testify as to which exhibits by June 11, 2021; (3) provide electronic copies of its witness binders to the defense by June 11, 2021; and (4) provide summaries of witness testimony by June 11, 2021.

## II.     ARGUMENT

### A.     The Government's Hodgepodge Spreadsheet is Not an Exhibit List

The spreadsheet provided by the government on June 1, 2021 is not an exhibit list.  *See* Declaration of Ashwin J. Ram, dated June 9, 2021 ("Ram Decl.") Ex. A (spreadsheet provided by government at 12:00 a.m. on Wednesday, June 2).  Exhibit lists in this District generally list the exhibit number and a description of the document to be marked, along with a column to list the date the exhibit is identified and admitted into evidence at trial.  (An example of an exhibit list from one of the Court's past trials is attached to the Ram Declaration as Exhibit B.)   The majority of the government's list, rather than identifying individual documents that will be marked as exhibits, includes Bates ranges that sometimes include almost 30 documents.  This leaves the defense guessing as to what exactly the government plans to offer as an exhibit at trial.

For example, "Exhibit 4" in the government's list is actually twenty-six exhibits, denominated as subparts of Exhibit 4.  "Exhibit 4.j," one of those twenty-six subparts,

is described as a "loan file" with the Bates range beginning with DOJ_PROD_0000109116 and ending with DOJ_PROD_0000109282. This range contains 29 separate documents that the government has marked as one exhibit. In order for the defense to recreate the exhibit, it must manually search for the Bates range, save what the defense believes are the correct documents in that range, and create a combined document that is the defense's best guess of what the government marked as an exhibit. It would have been far more efficient for the government to specify the individual documents it intended to mark as exhibits by the starting Bates number (the most common way to identify a document in a voluminous production), and to provide copies of the exhibits to the defense so that there was no guesswork involved. In short, if the defense wanted to share a copy of GX 4.j with the Court – a seemingly simple task – neither the defense nor the Court would know if the exhibit they were looking at was the same GX 4.j the government intends to use at trial.

Another egregious example is GX 57, where the government appears to have marked the entire contents of defendant Tamara Dadyan's home as one "exhibit":

(image on next page)

| Defendant | Category | Bates Begin | Bates End | Confidential |
|---|---|---|---|---|
| Weddington | Copies and/or photos of checks, checkbooks, etc. | DOJ_PROD_0000024180 | DOJ_PROD_0000024182 | N/A |
| | | DOJ_PROD_0000024574 | DOJ_PROD_0000024581 | N/A |
| | | DOJ_PROD_0000024972 | DOJ_PROD_0000024972 | N/A |
| | | DOJ_PROD_0000024975 | DOJ_PROD_0000024975 | N/A |
| | | DOJ_PROD_0000024978 | DOJ_PROD_0000024982 | N/A |
| | | DOJ_PROD_0000024997 | DOJ_PROD_0000024999 | N/A |
| | | DOJ_PROD_0000026573 | DOJ_PROD_0000026576 | N/A |
| | | DOJ_PROD_0000026578 | DOJ_PROD_0000026579 | N/A |
| | | DOJ_PROD_0000026603 | DOJ_PROD_0000026603 | N/A |
| | | DOJ_PROD_0000026605 | DOJ_PROD_0000026605 | N/A |
| | | DOJ_PROD_0000026801 | DOJ_PROD_0000026803 | N/A |
| | | DOJ_PROD_0000026805 | DOJ_PROD_0000026807 | N/A |
| | | DOJ_PROD_0000027340 | DOJ_PROD_0000027340 | N/A |
| | | DOJ_PROD_0000027985 | DOJ_PROD_0000027985 | N/A |
| | | DOJ_PROD_0000027987 | DOJ_PROD_0000027987 | N/A |
| | | DOJ_PROD_0000028000 | DOJ_PROD_0000028008 | N/A |
| | | DOJ_PROD_0000028008 | DOJ_PROD_0000028005 | N/A |
| | | DOJ_PROD_0000028709 | DOJ_PROD_0000028712 | N/A |
| | | DOJ_PROD_0000028716 | DOJ_PROD_0000028716 | N/A |
| | | DOJ_PROD_0000028719 | DOJ_PROD_0000028719 | N/A |
| | | DOJ_PROD_0000028721 | DOJ_PROD_0000028726 | N/A |
| | | DOJ_PROD_0000028729 | DOJ_PROD_0000028736 | N/A |
| | | DOJ_PROD_0000028740 | DOJ_PROD_0000028740 | N/A |
| | | DOJ_PROD_0000030205 | DOJ_PROD_0000030205 | N/A |
| | | DOJ_PROD_0000030208 | DOJ_PROD_0000030208 | N/A |
| | Identification documents | DOJ_PROD_0000024165 | DOJ_PROD_0000024165 | N/A |
| | | DOJ_PROD_0000024179 | DOJ_PROD_0000024179 | N/A |
| | | DOJ_PROD_0000024161 | DOJ_PROD_0000024162 | N/A |
| | | DOJ_PROD_0000024157 | DOJ_PROD_0000024158 | N/A |
| | | DOJ_PROD_0000026520 | DOJ_PROD_0000026523 | N/A |
| | | DOJ_PROD_0000026684 | DOJ_PROD_0000026685 | N/A |
| | | DOJ_PROD_0000026798 | DOJ_PROD_0000026798 | N/A |
| | | DOJ_PROD_0000026722 | DOJ_PROD_0000026765 | N/A |
| | | DOJ_PROD_0000026934 | DOJ_PROD_0000026934 | N/A |
| | | DOJ_PROD_0000027251 | DOJ_PROD_0000027251 | N/A |
| | | DOJ_PROD_0000027504 | DOJ_PROD_0000027504 | N/A |
| | | DOJ_PROD_0000027535 | DOJ_PROD_0000027702 | N/A |
| | | DOJ_PROD_0000027879 | DOJ_PROD_0000027885 | N/A |
| | | DOJ_PROD_0000027912 | DOJ_PROD_0000027919 | N/A |
| | | DOJ_PROD_0000023905 | DOJ_PROD_0000023916 | N/A |
| | | DOJ_PROD_0000024154 | DOJ_PROD_0000024154 | N/A |
| | | DOJ_PROD_0000023922 | DOJ_PROD_0000023930 | N/A |
| | | DOJ_PROD_0000023990 | DOJ_PROD_0000023990 | N/A |
| | | DOJ_PROD_0000024016 | DOJ_PROD_0000024017 | N/A |
| | | DOJ_PROD_0000027997 | DOJ_PROD_0000027997 | N/A |
| | | DOJ_PROD_0000028011 | DOJ_PROD_0000028016 | N/A |
| | | DOJ_PROD_0000028019 | DOJ_PROD_0000028022 | N/A |
| | | DOJ_PROD_0000028727 | DOJ_PROD_0000028727 | N/A |
| | | DOJ_PROD_0000028760 | DOJ_PROD_0000028761 | N/A |
| | | DOJ_PROD_0000024350 | DOJ_PROD_0000024350 | N/A |
| | | DOJ_PROD_0000026500 | DOJ_PROD_0000026501 | N/A |
| | | DOJ_PROD_0000026504 | DOJ_PROD_0000026504 | N/A |
| | | DOJ_PROD_0000026506 | DOJ_PROD_0000026506 | N/A |
| | | DOJ_PROD_0000027432 | DOJ_PROD_0000027432 | N/A |
| | | DOJ_PROD_0000027502 | DOJ_PROD_0000027502 | N/A |
| | | DOJ_PROD_0000027759 | DOJ_PROD_0000027759 | N/A |
| | | DOJ_PROD_0000027761 | DOJ_PROD_0000027761 | N/A |
| | | DOJ_PROD_0000027767 | DOJ_PROD_0000027767 | N/A |
| | | DOJ_PROD_0000029512 | DOJ_PROD_0000029512 | N/A |
| | PPP and EIDL | DOJ_PROD_0000026617 | DOJ_PROD_0000026655 | N/A |
| | | DOJ_PROD_0000026774 | DOJ_PROD_0000026780 | N/A |
| | | DOJ_PROD_0000026944 | DOJ_PROD_0000026988 | N/A |
| | | DOJ_PROD_0000027258 | DOJ_PROD_0000027258 | N/A |
| | | DOJ_PROD_0000027222 | DOJ_PROD_0000027238 | N/A |
| | | DOJ_PROD_0000027869 | DOJ_PROD_0000027878 | N/A |
| | | DOJ_PROD_0000027894 | DOJ_PROD_0000027897 | N/A |
| | | DOJ_PROD_0000027910 | DOJ_PROD_0000027910 | N/A |
| | | DOJ_PROD_0000027924 | DOJ_PROD_0000027938 | N/A |
| | Handwritten notes | DOJ_PROD_0000024123 | DOJ_PROD_0000024123 | N/A |
| | | DOJ_PROD_0000023857 | DOJ_PROD_0000023869 | N/A |
| | | DOJ_PROD_0000024152 | DOJ_PROD_0000024152 | N/A |
| | | DOJ_PROD_0000024223 | DOJ_PROD_0000024226 | N/A |
| | | DOJ_PROD_0000024983 | DOJ_PROD_0000024983 | N/A |
| | | DOJ_PROD_0000024986 | DOJ_PROD_0000024986 | N/A |
| | | DOJ_PROD_0000026800 | DOJ_PROD_0000026800 | N/A |
| | | DOJ_PROD_0000027999 | DOJ_PROD_0000027999 | N/A |
| | | DOJ_PROD_0000024702 | DOJ_PROD_0000024702 | N/A |
| | | DOJ_PROD_0000026502 | DOJ_PROD_0000026502 | N/A |
| | | DOJ_PROD_0000026508 | DOJ_PROD_0000026510 | N/A |
| | | DOJ_PROD_0000026513 | DOJ_PROD_0000026513 | N/A |
| | | DOJ_PROD_0000026516 | DOJ_PROD_0000026519 | N/A |
| | | DOJ_PROD_0000026795 | DOJ_PROD_0000026795 | N/A |
| | | DOJ_PROD_0000027252 | DOJ_PROD_0000027252 | N/A |
| | | DOJ_PROD_0000027442 | DOJ_PROD_0000027442 | N/A |
| | | DOJ_PROD_0000027506 | DOJ_PROD_0000027507 | N/A |
| | | DOJ_PROD_0000027517 | DOJ_PROD_0000027517 | N/A |
| | | DOJ_PROD_0000027707 | DOJ_PROD_0000027707 | N/A |
| | | DOJ_PROD_0000027763 | DOJ_PROD_0000027763 | N/A |
| | | DOJ_PROD_0000027765 | DOJ_PROD_0000027766 | N/A |
| | | DOJ_PROD_0000027777 | DOJ_PROD_0000027777 | N/A |
| | | DOJ_PROD_0000027779 | DOJ_PROD_0000027779 | N/A |
| | | DOJ_PROD_0000027782 | DOJ_PROD_0000027782 | N/A |
| | | DOJ_PROD_0000027827 | DOJ_PROD_0000027827 | N/A |
| | | DOJ_PROD_0000027829 | DOJ_PROD_0000027829 | N/A |
| | | DOJ_PROD_0000027849 | DOJ_PROD_0000027849 | N/A |
| | | DOJ_PROD_0000027851 | DOJ_PROD_0000027851 | N/A |
| | | DOJ_PROD_0000027922 | DOJ_PROD_0000027922 | N/A |
| | | DOJ_PROD_0000029505 | DOJ_PROD_0000029505 | N/A |
| | List of emails | DOJ_PROD_0000027996 | DOJ_PROD_0000027996 | N/A |
| | | DOJ_PROD_0000027515 | DOJ_PROD_0000027516 | N/A |
| | | DOJ_PROD_0000027519 | DOJ_PROD_0000027519 | N/A |

The government no doubt anticipated that the defense would waste all of its time hunting for exhibits rather than preparing for trial. The proper remedy is immediate disclosure of electronic copies of the exhibits that the government possesses, but is withholding from defendants.

### B. The Government Agreed to Provide Copies of Exhibits And Failed to Do So

The defense has spent the better part of a week – wasting both paralegal and attorney time – attempting to piece together the government's exhibits and is still not done. This has drained precious resources in the week before trial that the defense should be using to prepare its case. The burden has been even more acute for the defendants who are represented by CJA counsel or solo practitioners. In an effort to restore comity between the government (who has a complete set of exhibits) and the defense (who was told to find the exhibits themselves), on June 2, 2021, the defense asked the government to provide copies of its electronic exhibit binder and the government agreed. On Thursday, June 3, the government agreed to provide "most, if not all of the documents today." Ram Decl. Ex. C. Like a slowly leaking faucet, the government has sent a few exhibits over each day (as if the government itself is trying to assemble the exhibits that were supposed to have been disclosed last week). But six days have passed, and the defense has still not received a complete set of exhibits. The Court should order the government to produce their electronic exhibit binder *immediately* to avoid further gamesmanship and wasting of time.

### C. The Court Should Also Direct the Government to Disclose Witness Binders and Witness Summaries, and to Identify Affiliated Witnesses and Exhibits

Even if the Court grants this relief, however, the defense will still receive the exhibits less than a week before trial. Accordingly, additional relief is necessary to put the defense back on the footing it would have been had the government actually provided exhibits as ordered on June 1. This relief should include:

- Ordering the government to identify which witnesses it expects will testify as to which exhibits by June 11, 2021;
- Ordering the government to provide electronic copies of its witness binders to the defense by June 11, 2021; and
- Ordering the government to provide summaries of expected witness testimony for each witness expected to testify during the first week of trial, by June 11, 2021.

Such relief will not only remedy the government's failure to timely provide exhibits, but will also help streamline the trial itself.  The government claims it will put up 64 witnesses and 32,000 pages of exhibits.  Understanding which exhibits will be used with which witnesses will assist the defense in focusing its case and ultimately reduce the length of the trial (and the attendant burden on the jurors and the Court).

## CONCLUSION

For the foregoing reasons, the Court should grant this *ex parte* application.

Dated:   June 9, 2021                    Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*