TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice

BENNETT STARNES
Attorney, Special Matters Unit, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW
    Washington, DC 20530
    Telephone: (202) 616-2684
    Facsimile: (202) 514-0152
E-mail:   Bennett.Starnes@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>     "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>     "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>     "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>     "Edward Paronyan," and<br>VAHE DADYAN,<br><br>        Defendants. | No. CR 20-579(A)-SVW<br><br>STIPULATION FOR ORDER PURSUANT TO FED. R. 502(D) |
|---|---|

Plaintiff United States of America (the "Government"), by and through its counsel of record, the Fraud Section of the United States Department of Justice; defendant RICHARD AYVAZYAN, by and through his counsel of record, Nicholas P. Silverman; defendant MARIETTA TERABELIAN, by and through her counsel of record, John Lewis Littrell and David D. Diamond; defendant ARTUR AYVAZYAN, by and through his counsel of record, Thomas A. Mesereau, Jr.; defendant TAMARA DADYAN, by and through her counsel of record, Fred G. Minassian; defendant EDVARD PARONYAN, by and through his counsel of record, Michael Freedman; defendant VAHE DADYAN, by and through his counsel of record, Peter Johnson; defendant ARMAN HAYRAPETYAN, by and through his counsel of record, Jilbert Tahmazian, and defendant MANUK GRIGORYAN, by and through his counsel of record, John David Hanusz (collectively, the "defendants") (collectively with the United States, the "parties") hereby stipulate as follows:

1. On November 17, 2020, defendants RICHARD AYVAZYAN, MARIETTA TERABELIAN, ARTUR AYVAZYAN, and TAMARA DADYAN ("INITIAL DEFENDANTS") were charged with one count of conspiracy to commit bank and wire fraud, four counts of bank fraud, and six counts of wire fraud. RICHARD AYVAZYAN was also charged with one count of aggravated identity theft. (ECF 32.)

The Government superseded its Indictment on March 9, 2021. (ECF 154.) The First Superseding Indictment added four defendants - MANUK GRIGORYAN, ARMAN HAYRAPETYAN, EDVARD PARONYAN, and VAHE DADYAN ("ADDED DEFENDANTS"). They were each charged with one count of conspiracy to commit wire fraud and bank fraud and one count of conspiracy to commit money laundering. GRIGORYAN, HAYRAPETYAN, and PARONYAN were each also

charged with 11 counts of wire fraud and eight counts of bank fraud. In addition, GRIGORYAN and HAYRAPETYAN were each charged with one count of aggravated identity theft. VAHE DADYAN was charged with six counts of wire fraud, three counts of bank fraud, and one count of money laundering.

The First Superseding Indictment also charged INITIAL DEFENDANTS R. AYVAZYAN and TAMARA DADYAN with new crimes they committed while on pretrial release through January and February 2021.

2. In November 2020, the Government established a Filter Team in this matter to review evidence sources identified as possibly containing privileged material, segregate potentially privileged material from the prosecution team, and handle disclosure of that segregated material to the defendants in this matter.

The Filter Team consists of attorneys and support staff from the Special Matters Unit in the U.S. Department of Justice, Criminal Division's Fraud Section (the "SMU").  The SMU is a non-prosecuting unit tasked with handling matters involving privilege and ethics and is separate from the Fraud Section's prosecuting units.  The Filter Team has a separate reporting and supervisory chain from the Prosecution Team in this case.

3. The Prosecution Team referred four phones, one laptop, one iPad and four paper documents to the Filter Team for review.  The Filter Team retained material identified as potentially privileged from: 1B17 - Apple iPhone 11, belonging to ARTUR AYVAZYAN, 1B21 - Apple iPhone X belonging to TAMARA DADYAN, 1B81 - Apple iPhone belonging to MARY ABELIAN, 1B85 - Apple iPhone 7 belonging to RICHARD AYVAZYAN, 1B95 -

Omen Laptop belonging to RICHARD AYVAZYAN, Three (3) Paper Documents seized during premises searches.

4. To date, the Government has produced a complete forensic copy of any data extracted from the four phones and the laptop to the INITIAL DEFENDANTS, which would include all material on those devices, both potentially privileged and non-potentially privileged. The Government has also separately produced all non-potentially privileged material contained in the four phones and the laptop to both the INITIAL DEFENDANTS and the ADDED DEFENDANTS.

5. On June 2, 2021, the Filter Team provided all the withheld material to the INITIAL DEFENDANTS, as putative privilege holders, for review.

6. The parties seek the expeditious production of certain of the remaining withheld materials to the ADDED DEFENDANTS. Counsel for the INITIAL DEFENDANTS has informed the parties, and by this filing informs the Court, that none of their respective clients intend to waive any privilege of any type.

7. Further, the INITIAL DEFENDANTS and ADDED DEFENDANTS have agreed that no withheld material dated on or after the INITIAL DEFENDANTS' arrest date (October 19, 2020) shall be released to the ADDED DEFENDANTS.

8. In order to preclude any argument that the production of potentially privileged material following a review of the Filter

Material in the manner described above results in a waiver of any client's privileges, the parties hereby stipulate and agree and seek entry of the attached order (ATTACHMENT 1) from this Court pursuant to Federal Rule of Evidence 502(d), stating:

    a. **No Waiver by Disclosure**. The disclosure of the Potentially Protected Material will not constitute or be deemed a waiver or forfeiture — in this or any other action — of any claim of privilege or work product protection that INITIAL DEFENDANTS would otherwise be entitled to assert with respect to the Potentially Protected Material and its subject matter, or otherwise.

    b. **Limited Use and Dissemination**. Subject to the provisions of this Order, ADDED DEFENDANTS will be allowed access to the pre-arrest material, but neither the ADDED DEFENDANTS, their lawyers, nor the Filter Team, shall be allowed to disseminate this material to the public or anyone outside the scope of those persons assisting Defendants' attorneys. This material shall not be disseminated to the Prosecution Team.

    c. **In camera Review**. Nothing in this Order limits the right of any party, including the Filter Team, to petition the Court for an *in camera* review of the Potentially Protected Information.

DATE: _____    /s/ BPS per email authorization
                                Nicholas P. Silverman
                                Attorney for Defendant
                                Richard Ayvazyan

DATE: _____    /s/ BPS per email authorization
                                John Lewis Littrell
                                Attorney for Defendant

```
                                    Marietta Terabelian


    DATE: _____     /s/ BPS per email authorization
                                     Thomas A. Mesereau, Jr.
                                     Attorney for Defendant
                                     Artur Ayvazyan



    DATE: _____     /s/ BPS per email authorization
                                     Fred G. Minassian
                                     Attorney for Defendant
                                     Tamara Dadyan




    DATE: _____     /s/ BPS per email authorization
                                     Michael Freedman
                                     Attorney for Defendant
                                     Edvard Paronyan



    DATE: _____     /s/ BPS per email authorization
                                     Peter Johnson
                                     Attorney for Defendant
                                     Vahe Dadyan


    DATE: _____     /s/ BPS per email authorization
                                     Jilbert Tahmazian
                                     Attorney for Defendant
                                     Arman Hayrapetyan


    DATE: _____     /s/ BPS per email authorization
                                     John David Hanusz
                                     Attorney for Defendant
                                     Manuk Grigoryan
```

DATE: _____    /s/ BPS
                                  BENNETT P. STARNES
                                  Trial Attorney
                                  Fraud Section, Criminal Division
                                  United States Department of Justice