TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:    Scott.Paetty@usdoj.gov
               Catherine.S.Ahn@usdoj.gov
               Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:  Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S MOTION *IN LIMINE* #4<br>TO ADMIT BUSINESS RECORDS UNDER<br>THE SELF-AUTHENTICATION PROVISION<br>OF FEDERAL RULE OF EVIDENCE<br>902(11); MEMORANDUM OF POINTS AND<br>AUTHORITIES; ATTACHMENT;<br>DECLARATION OF CHRISTOPHER FENTON;<br>EXHIBITS<br><br>Hearing Date: June 14, 2021<br>Hearing Time: 11:00 a.m.<br>Trial Date:   June 15, 2021<br>Location:     Courtroom of the<br>              Hon. Stephen V.<br>              Wilson |

"Anton Kudiumov,"
ARMAN HAYRAPETYAN,
EDVARD PARONYAN,
   aka "Edvard Paronian" and
      "Edward Paronyan," and
VAHE DADYAN,

            Defendants.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files this motion in limine to admit business records under the self-authentication provision of Federal Rule of Evidence 902(11).

This motion is based upon the attached memorandum of points and authorities and accompanying attachment, the attached declaration and accompanying exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 9, 2021          Respectfully submitted,

                             TRACY L. WILKISON
                             Acting United States Attorney

                             SCOTT M. GARRINGER
                             Assistant United States Attorney
                             Chief, Criminal Division

                                   /s/
                             _____
                             CATHERINE AHN
                             SCOTT PAETTY
                             BRIAN FAERSTEIN
                             Assistant United States Attorneys
                             CHRISTOPHER FENTON
                             Department of Justice Trial Attorney

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants have been indicted in connection with their role in a Los Angeles-based ring that was using stolen, fake, and synthetic identities to fraudulently apply for COVID-19 disaster relief loans. (ECF 154.)  The detailed indictment traces the flow of stolen money, which defendants used to fund a luxurious lifestyle.  Defendants used some of the millions of dollars they stole to buy luxury homes, watches, diamonds, gold coins, and cryptocurrency, among other things.

The government seeks to introduce certain business records at trial under the self-authentication provision of Federal Rule of Evidence 902(11), including:

- loan files;
- bank records;
- telephone records;
- Internet Protocol address records;
- certificates of authenticity from the FDIC;
- escrow records;
- receipts and business records relating to the sale of goods and services;
- brokerage and cryptocurrency account records; and
- apartment leasing records and security video.

The government provided written notice to defendants of its intention to introduce such records in this manner on May 20, 2021 (letter), May 28, 2021 (letter), and June 3, 2021 (proposed stipulation).  (Decl. of Christopher Fenton ("Fenton Decl.") ¶ 2.) The government has followed up with counsel for the defendants on several occasions with respect to the admission of self-authenticating business records in an effort to find agreement on factual matters that the government believes should not be in

1  genuine dispute.  While counsel have not voiced specific objections,

2  at least some counsel have been unwilling to enter into a formal

3  stipulation as of the date of this filing.  (Id.)

4  **II.  ARGUMENT**

5      Rule 902(11) permits the admission of self-authenticating

6  business records.  Specifically, the Rule dictates that certified

7  domestic records of a regularly conducted activity "are self-

8  authenticating" and therefore "require no extrinsic evidence of

9  authenticity in order to be admitted."  Fed. R. Evid. 902(11).  To

10 qualify under this provision, the records in question must be "[t]he

11 original or a copy of a domestic record that meets the requirements

12 of Rule 803(6)(A)-(C), as shown by a certification of the custodian

13 or another qualified person."  Id.  The Rule also requires that the

14 proponent of such evidence provide an adverse party, prior to trial,

15 with "reasonable written notice of the intent to offer the record --

16 and . . . make the record and certification available for inspection

17 -- so that the party has a fair opportunity to challenge them."  Id.

18     Under Rule 803(6)(A)-(C), a business record is admissible if:

19 (A) "the record was made at or near the time by -- or from

20 information transmitted by -- someone with knowledge"; (B) "the

21 record was kept in the course of a regularly conducted activity of a

22 business, organization, occupation, or calling, whether or not for

23 profit"; and (C) "making the record was a regular practice of the

24 activity."  Fed. R. Evid. 806(A)-(C).  Moreover, admitting business

25 records under Rule 902(11) without testimony from a custodian of

26 records does not violate a defendant's rights to confront witnesses

27 because business records are not testimonial in nature.  See

28 Bullcoming v. New Mexico, 564 U.S. 647, 659 n.6 (2011) ("Elaborating

1    on the purpose for which a 'testimonial report' is created, we

2    observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)]

3    that business and public records 'are generally admissible absent

4    confrontation . . . because -- having been created for the

5    administration of an entity's affairs and not for the purpose of

6    establishing or proving some fact at trial -- they are not

7    testimonial.'" (quoting Melendez-Diaz, 557 U.S. at 324)).

8         Here, the government has produced business records from the

9    custodians of records (or other qualified persons) of various

10   financial institutions and businesses, as set forth in the chart

11   attached hereto as Attachment 1.  The government has also produced

12   declarations from the respective custodians of records (or other

13   qualified persons) from these financial institutions and businesses,

14   which are attached as Exhibits A to G to the Declaration of

15   Christopher Fenton.  The government gave written notice to the

16   defense of its intention to authenticate and admit these business

17   records pursuant to Federal Rule of Evidence 902(11) on May 20,

18   2021, May 28, 2021, and June 3, 2021.

19        Certification under Rule 902(11) obviates the need for the

20   government to authenticate business records at trial and permits the

21   records to be admitted under Federal Rule of Evidence 803(6).  See

22   Fed. R. Evid. 902(11).  Accordingly, in order to admit the above-

23   referenced business records as exhibits at trial, the government

24   should not need to call the custodians of records for these

25   businesses to testify.  Rather, these business records should be

26

27

28

admissible based on the certifications described above and in the attached Attachment 1.[1]

**III.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court issue an order that the documents subject to this motion are self-authenticating, meaning that "they require no extrinsic evidence of authenticity in order to be admitted."  Fed. R. Evid. 902.  The government seeks an order that it has satisfied the authenticity and foundational requirements for admission of these documents without calling document custodians and that the documents will be admitted into evidence at trial subject only to objections under Federal Rules of Evidence 401 (relevance) and 403 (unfair prejudice).

---

[1] The government reserves the right to provide further notice of other entities from which it intends to introduce business records pursuant to Federal Rule of Evidence 902(11).

4