TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:    Scott.Paetty@usdoj.gov
            Catherine.S.Ahn@usdoj.gov
            Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-00579(A)-SVW |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM REGARDING CRIMINAL FORFEITURE |
| v. | |
| RICHARD AYVAZYAN,<br>   Aka "Richard Ayazian" and "Iuliia Zhadko," et al. | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In addition to setting forth criminal charges, the first superseding indictment in this action contains a number of forfeiture allegations.  This supplemental memorandum sets forth the procedures that would apply at the criminal forfeiture phase of trial, in the event that any of the defendants are found guilty of one or more charges associated with a forfeiture allegation. Pursuant to these procedures, the Court or jury would then determine whether such a defendant's interest in the associated property identified in the forfeiture allegations of the first superseding indictment and/or first amended bill of particulars ("FABOP") should be forfeited.

**II.  FORFEITURE PROCEDURES**

**A.  Overview of Criminal Forfeiture**

Criminal forfeiture is imposed on a convicted defendant as part of sentencing.  It is not an element of the underlying substantive offense.  See Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988) (holding that "trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct.  See Kaley v. United States, 571 U.S. 320, 323 (2014)

(forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training).

Criminal forfeiture is in personam, in that it may be imposed only after a criminal conviction, and applies only to the property of the convicted defendant. See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" -- the former is an in personam action that requires a conviction, and the latter is an in rem action against the property itself); and United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of criminal forfeiture is determined by the conviction. The forfeiture must correspond in nature and scope to the underlying criminal conduct for which the defendant was convicted. See United States v. Messino, 382 F.3d 704, 714 (7th Cir. 2004).

**B.   The Property Sought for Forfeiture**

The government intends to seek forfeiture of the property set forth in the first superseding indictment and the FABOP (Dkt. No. 407) in the event of any defendant's conviction on an associated count in the first superseding indictment.

**C.   Relevant Statutes Permitting Criminal Forfeiture**

    **1.   Forfeiture Authority Based On Fraud Offenses – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)**

Section 981(a)(1)(C) of Title 18 of the United States Code and section 2461(c) of Title 28 of the United States Code authorize the criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as the result of certain violations, including violations of the anti-fraud provisions of 18 U.S.C. §§ 1343 (Wire Fraud) and 1344 (Bank Fraud).

    **2.   Forfeiture Authority Based On Fraud Offenses – 18 U.S.C. § 982(a)(2)**

Section 982(a)(2) of Title 18 of the United States Code authorizes the criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as the result of certain violations, including violations of 18 U.S.C. § 1028A (Aggravated Identity Theft). See also United States v. Pollard, 850 F.3d 1038, 1042 (9th Cir. 2017).

    **3.   Forfeiture Authority Based On 18 U.S.C. § 1028(b)**

Section 1028(b) of Title 18 of the United States Code authorizes the criminal forfeiture of any personal property that was used or intended to be used in violation of, among other offenses, 18 U.S.C. § 1028A (Aggravated Identity Theft).

    **4.   Forfeiture Authority Based On Money Laundering Offenses - 18 U.S.C. § 982(a)(1)**

Section 982(a)(1) of Title 18 of the United States Code authorizes the criminal forfeiture of any property, real or personal,

4

that was involved in violations of 18 U.S.C. § 1956 (Concealment Money Laundering) and 18 U.S.C. § 1957 (Knowingly Engaging or Attempting to Engage In Monetary Transaction in Property Derived from Specified Unlawful Activity), or any property traceable to such property.

### D. Criminal Forfeiture Procedures

#### 1. Forfeitability of Property Sought for Forfeiture

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. See Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute."). The first superseding indictment and FABOP have provided such notice.

Following conviction, forfeitability of property sought for forfeiture is determined either by the Court or the jury,[1] depending on the election of either party. Rule 32.2(b)(1) provides:

> (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court

---

[1] The right of either party to retain the jury to determine the forfeitability of real or personal property sought for forfeiture is set out at Rule 32.2(b)(5)(A) ("In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.").

must determine the amount of money that the defendant will be ordered to pay.

The forfeiture determination may be based upon evidence already in the record, and on any additional evidence or information submitted by the parties during the forfeiture phase and accepted by the Court as relevant and reliable. See Fed. R. Crim. P. 32(b)(1)(B); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase). To the extent that the government offers new evidence during the forfeiture phase, reliable hearsay evidence is admissible, as the forfeiture phase of the trial is merely a part of the sentencing process. See United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); Capoccia, 503 F.3d at 109 (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible); United States v. Creighton, 52 Fed. Appx. 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase).

In the event that a party "timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the

requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32(b)(5)(B).[2]

### 2. Procedural Rules for the Forfeiture Phase and Entry of a Preliminary Order of Forfeiture

As indicated above, Rule 32.2(a) requires that the determination of what property is subject to forfeiture under the applicable statute be determined "as soon as practicable after a finding of guilty."

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence. United States v. Garcia-Guizar, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

At the forfeiture stage, a defendant is not permitted to relitigate the legality of his or her conduct or otherwise attempt to undermine the jury's finding of guilt. United States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase the only question is the nexus between the conduct and the offense). The only question

---

[2] The government has already submitted proposed forfeiture phase jury instructions. See Dkt. No. 373, at 9. Because the scope of any special verdict form will be determined largely by the counts of conviction, the government intends to submit its proposed verdict form following any jury verdict during the guilt phase.

to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus[3] between the underlying crime(s) of conviction and the property sought to be forfeited by the government.[4]

If the jury finds that there is such a nexus, the Court must promptly enter a preliminary order of forfeiture ("preliminary order"). See Fed. R. Crim. P. 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal

---

[3] This "nexus" is defined by statute for each offense for which forfeiture is authorized. See e.g., Capoccia, 503 F.3d at 115 ("The 'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C), which subjects to civil forfeiture '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [various sections of Title 18] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.'")

[4] "[F]or example, if the Government is seeking to forfeit the vessel that the defendant used to smuggle drugs, either party may request that the jury be retained to determine whether the Government has established the factual nexus between the vessel and the particular offense on which the defendant was found guilty. In other words, the jury would have to determine whether the vessel was 'used to commit or to facilitate the commission" of the defendant's offense.'" Stefan Cassela, Asset Forfeiture Law in the United States, § 18-4(a).

forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture").

While the preliminary order forfeits the defendant's interest in the property, it does not include a determination of who is the owner of the property subject to forfeiture. That determination is deferred to the ancillary proceedings that follow the entry of the preliminary order, in which any third party interests in the property are considered and resolved. See Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be -- in the criminal case. At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them").

Because the determination of whether a third party has a legal interest in the forfeited property is made at a separate proceeding, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005); United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in

9

the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited"; if the government establishes the required nexus to the offense, the property must be forfeited).

**III. CONCLUSION**

The government requests that the Court follow the aforementioned procedures in the event that any defendant is found guilty of one or more offenses in the first superseding indictment.  Should any defendant be so convicted, the government will propose a corresponding special verdict form.

Dated: June 10, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        _____
                                        DAN G. BOYLE
                                        Assistant United States Attorney
                                        Asset Forfeiture Section

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA