UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.   2:20-cr-579-SVW                                      Date: June 13, 2021

Present: The Honorable:   Stephen V. Wilson, U.S. District Judge

Interpreter   NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| _Deputy Clerk_ | _Court Reporter / Recorder_ | _Assistant U.S. Attorney_ |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Richard Ayvazyan | | | X | N/A | | | |
| Marietta Terabelian | | | X | N/A | | | |
| Artur Ayvazyan | | | X | N/A | | | |
| Tamara Dadyan | | | X | N/A | | | |
| Arman Hayrapetyan | | | X | N/A | | | |
| Vahe Dadyan | | | X | N/A | | | |

**Proceedings:**   IN CHAMERS ORDER GRANTING [384] MOTION IN LIMINE TO ADMIT INEXTRICABLY INTERTWINED EVIDENCE, AND GRANTING IN PART [468] MOTION IN LIMINE TO ADMIT SELF-AUTHENTICATING BUSINESS RECORDS.

Before the Court are two motions in limine.  _See_ Dkts. 384, 468.  The Court rules as follows.

First, the motion to admit evidence inextricably intertwined with the charged offenses is GRANTED. The Court closely reviewed the proffered evidence, which was manually filed under seal.  _See_ Dkt. 507.  In light of that review, the Court concludes that the Government has established a "sufficient contextual or substantive connection between the proffered evidence and the alleged crime."  _United States v. Vizcarra-Martinez_, 66 F.3d 1006, 1013 (9th Cir. 1995).  The evidence provides "a coherent and comprehensible story regarding the commission of the crime"—_i.e._, it is highly probative of the methods and instruments Defendants used to execute the conspiracy alleged in the indictment.  _United States v. Loftis_, 843 F.3d 1173, 1178 (9th Cir. 2016) (quoting _Vizcarra-Martinez_, 66 F.3d at 1012–13).  Accordingly, the evidence is admissible.

Second, the Government's motion in limine to admit self-authenticating business records is GRANTED IN PART.  The Court finds that all[1] of the proffered records satisfy Federal Rules of Evidence 902(11) and 803(6).

---

[1] This includes the records from Picadilly Jewelers.  The Court finds that the custodian's experience (_i.e._, 42 years owning and working at his business) is a sufficient basis for the Court to accept his certification that the records satisfy the requirements of FRE 803(6).  Defendants' remaining objection—_i.e._, the inclusion of the Turkish-language document—is cured by the Government's removal of that document from the exhibit.  _See_ Reply at 7 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Defendants object to some of the records as containing double hearsay.  *See* Opp. at 5–6.  The Court will reserve ruling on double hearsay objections until trial.  However, the Court notes that the Government has laid a sufficient foundation for the Court to find, *see* FRE 104, that many of the challenged statements (including but not limited to those purportedly made by Iuliia Zhadko, Viktoria Kauichko, Nazar Terabelian, Anton Kudiumov, and Mark Zindroski) satisfy FRE 801(d)(2)(A), (E) because the statements were not made by those individuals but were instead made by the Defendants or one of their co-conspirators during and in furtherance of the conspiracy.

Defendants also object to the proffered business records on relevancy grounds.  With one exception, *see infra* at 3 (discussion of duplicate exhibits), these objections are either unavailing or are cured by the Government's proffered corrections.

For example, Defendants object to many of the records on the basis that the person or entity referenced in the records is not referenced in the first superseding indictment.  However, "[t]he rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment."  *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).  Accordingly, here, the Government is permitted to present evidence of uncharged fraudulent PPP or EIDL loans as proof of the full scope of the conspiracy.  *See id.*; *see also Loftis*, 843 F.3d at 1176–77.

Some of Defendants' other objections are cured by the Government's proffered corrections to the exhibits.  For example, the Government has stated that it will make the following modifications to exhibits:

- **GEX 38:**  Removing records related to L. Gorodnia.

- **GEX 41:** Separating records for Zhadko and N. Terabelian accounts into GEX 41.a and GEX 41.b.

- **GEX 49:** Removing DMV records.

- **GEX 89:** Removing statements for time period after Defendant Terabelian's arrest, and redacting check written to "Steptoe & Johnson."

- **GEX 92:** Removing statements pre-dating March 2020.

- **GEX 108:** Removing records related to bank accounts other than ABC Realty.

- **GEX 110:** Removing statements pre-dating March 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

These modifications are sufficient to overcome Defendants' relevancy objections.  Accordingly, the Government is ORDERED to make the above described modifications.

However, the Court agrees with Defendants regarding the duplicate exhibits.  The Court is concerned that jurors may be confused by seeing the same loan application in multiple exhibits.  Although a proper instruction could minimize that confusion, the most effective way to prevent confusion entirely is to require each loan application to appear as a single exhibit.  Accordingly, the Government is ORDERED to remove any duplicate loan applications from the exhibits.  To the extent such duplicates appear in the summary charts, the source or reference in the summary charts should be replaced with the single exhibit number that the Government chooses to use for a given loan application.

For example, GEX 2.b is the Webbank PPP loan application for Hart Construction.  However, that loan application appears again as GEX 5.b.  Accordingly, (1) GEX 5.b should be eliminated, (2) any reference or citation to GEX 5.b in the summary charts should be replaced with GEX 2.b, and (3) the Webbank PPP loan application for Hart Construction should only appear once in the exhibits (as GEX 2.b).  The Government should eliminate all duplicate loan applications from the exhibits in a similar manner.

\* \* \*

In light of the foregoing, the Government's motions to admit inextricably intertwined evidence is GRANTED, and the Government's motion to admit self-authenticating business records under FRE 902(11) is GRANTED IN PART.  The records satisfy FRE 902(11) and 803(6) and, subject to the above discussion, Defendants' hearsay and relevancy objections are overruled.

**IT IS SO ORDERED.**

|   | : |
|---|---|
| **Initials of Deputy Clerk** | PMC |