Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*aram@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          *Plaintiff,*<br><br>      v.<br><br>RICHARD AYVAZYAN,<br>*et al.,*<br><br>          *Defendants.* | Case No.  20-cr-579 (SVW)<br><br>**DEFENDANT RICHARD AYVAZYAN'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF AGENT TIMOTHY MASSINO REGARDING DIGITAL DEVICES**<br><br>Judge:       Hon. Stephen V. Wilson<br>Hearing Date: June 14, 2021<br>Time:       1:30 p.m. |

MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY

## <u>NOTICE OF MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY</u>

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, June 14, 2021 at 1:30 p.m. or as soon as this counsel may be heard in Courtroom 10A of this Court at 350 W. 1st Street, 10th Floor, Los Angeles, CA 90012, Defendant Richard Ayvazyan ("Ayvazyan"), through undersigned counsel, will move the Court to preclude testimony from Agent Timothy Massino to give government argument on text messages and photographs to be or already admitted in evidence as GEX 10 through GEX 21.

This motion is based on this notice, the accompanying memorandum of points and authorities, any reply that Ayvazyan may make, such other evidence and arguments as may be presented at or prior to the hearing, and all records and files in this action.

Dated:   June 13, 2021

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

1
MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Richard Ayvazyan, through undersigned counsel, seeks an order precluding Agent Timothy Massino from testifying at trial to give government argument on text messages and photographs already or to-be admitted in evidence as GEX 10 to GEX 21.  During a conference before the Court on June 11, 2021, the government for the first time indicated that Agent Massino would argue that text messages and photographs found on digital devices seized in this case "tie" the loans that underpin the government's case.   This testimony is wholly improper and should be excluded for several reasons.  First, Agent Massino is not permitted to testify and "explain" the meaning of self-evident text messages that an ordinary juror would be able to interpret and understand.  Such testimony is argument that may be offered by the government during its closing, but should not be elicited through a case agent masquerading as a fact witness.  Second, Agent Massino's testimony is cumulative.  The jurors will have the text messages in evidence and a summary witness to explain the loans at issue; Agent Massino's further recitation of this evidence needlessly presents cumulative evidence.  Finally, Agent Massino has not met the requirements to give opinion testimony under either Rule 701 or Rule 702.

For all of these reasons, Agent Massino should be precluded from testifying at trial with regards to the digital devices.

## I.    RELEVANT BACKGROUND

The government has marked several exhibits that it intends to use at trial that include contents of digital devices seized in this matter.  *See* GEX 10 to GEX 21.  These exhibits generally contain text messages and photographs from four digital devices seized by the government in this case.

Agent Massino serves as an investigator with the Office of the Inspector General at the U.S. Small Business Administration (SBA).  During a conference before the Court on June 11, 2021, the government offered oral summaries of the expected

2

MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY

1  testimony for each of the twenty-five witnesses it intended to call at trial.  The
2  government for the first time indicated that Agent Massino would effectively argue the
3  meaning of text messages and photographs on the digital devices that the government
4  intends to offer into evidence at trial, and would "tie" the text messages and
5  photographs on these devices to loans that underpin the government's case.  When
6  questioned by the Court, the government was unable to offer any example of how the
7  text messages were particularly opaque and or why the jury would be unable to
8  understand and interpret the text messages and photographs on their own.  The
9  government also did not indicate that the text messages were voluminous in a way that
10 could be cured through the use of a summary witness.  Nor did the government answer
11 when asked by the Court whether Agent Massino would offer conclusions that certain
12 text messages constituted badges of fraud.

## II.    ARGUMENT

### A.    Agent Massino's Proposed Testimony Usurps the Jury's Role

Agent Massino's proposed testimony – regarding the contents of unambiguous
text messages and opinions as to whether these text messages are connected to loans at
issue in the case – usurps the jury's role as trier of fact.  The jury is perfectly capable of
interpreting the text messages and photographs that the government has marked as GEX
10 through GEX 21.  The Ninth Circuit has made clear that the government may not
call an agent to "interpret conversations that were well within the understanding of an
ordinary juror."  *United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014).  While the
government may, with the proper foundation, elicit testimony to help interpret coded or
ambiguous statements, the government here has not indicated that Massino's testimony
will be limited to such terms.  There is no indication that the text messages included
code words, and the government did not argue as much at the June 11 conference.  *See
United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) ("the interpretation of
clear statements is not permissible"); *United States v. Dicker*, 853 F.2d 1103, 1108 (3d

3

MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY

1   Cir. 1988) ("the interpretation of clear conversations is not helpful to the jury, and thus
2   is not admissible").

3        A similar issue arose in *United States v. Benson*, 941 F.2d 598 (7th Cir. 1991), *as*
4   *amended* 957 F.2d 301 (7th Cir. 1992).  In that case, the government called an agent
5   witness to testify regarding connections between various government exhibits that the
6   witness contended were indications that the defendant had improperly obtained Social
7   Security benefits.  *Id.* at 603.  After the testimony was allowed over the defense's
8   objection, the Seventh Circuit reversed and held that the testimony was "nothing more
9   than drawing inferences from the evidence that he was no more qualified than the jury
10  to draw" and that, on the ultimate question of what conclusions to draw from the
11  government's evidence, the witness was "no more qualified than the jury to answer this
12  question." *Id.* at 604.  The same result is appropriate here – the jury can review the text
13  messages themselves and decide whether and how the text messages relate to the loans
14  at issue at trial.  And if the government wishes to argue to the jury in the hopes they
15  will draw certain conclusions, that would fall squarely within the purview of their
16  closing argument.

**B.      Agent Massino's Proposed Testimony is Inappropriate Cumulative**
**         Evidence**

19       Agent Massino's testimony with regards to the digital devices also constitutes
20  unnecessary cumulative evidence.  Cumulative evidence need not be admitted.  *See*
21  Fed. R. Evid. 403.  Here, the jury will have the government's evidence regarding the
22  text messages as well as the loan applications for the loans at issue in the case.  The
23  jury will also hear from a summary witness that will summarize the loans at issue in the
24  case for the jury, and the government has not argued that the text messages are so
25  voluminous that a separate summary witness is required (or even helpful) to present
26  these to the jury.  If the government believes there are conclusions that the jury should
27  draw from this evidence, the government may make those arguments in closing.  Agent
28

Massino's testimony repeating evidence the jury has already received has no probative value and should not be permitted.

### C.    Agent Massino Cannot Testify As An Expert

The government has indicated it will use Agent Massino to offer conclusions that "tie" text messages on the digital devices to certain loans.  Agent Massino is not a percipient witness with regards to the text messages themselves; any conclusions that Agent Massino draws as to whether certain text messages were meant to be references to certain loans are necessarily opinion testimony.  Opinion testimony must meet the requirements of Rule 701 or Rule 702 and Agent Massino's testimony fails under either standard.  Under Rule 701, a lay witness may only offer opinion testimony where that opinion is based on their own perceptions, is helpful to the jury, and does not require specialized knowledge.  *See* Fed. R. Evid. 701(b).  As noted above in Sections A and B, however, the jury is perfectly capable of interpreting the text messages themselves and this cumulative testimony would not be helpful.  In order to give opinions as an expert under Rule 702, the testimony must be helpful and must be based on specialized knowledge.  *See* Fed. R. Evid. 702(c).  But the government has made no showing that specialized knowledge from an expert would be helpful (or even necessary) to interpret text messages that the jury is perfectly capable of interpreting themselves.  Because Agent Massino is not permitted to offer opinion testimony under either Rule 701 or Rule 702, his conclusions and argument should be excluded.

///

///

///

MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY

**III.   CONCLUSION**

For the foregoing reasons, the Court should preclude testimony from Agent Timothy Massino to give government argument on text messages and photographs already in evidence as GEX 10 through GEX 21.

Dated:   June 13, 2021                    Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

6
MOTION IN LIMINE TO PRECLUDE MASSINO TESTIMONY