Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

Peter Johnson (State Bar No. 252542)
Email: peter@peterjohnsonlaw.com
**Peter Johnson Law, P.C.**
409 N. Pacific Coast Hwy, 651
Redondo Beach, California 90027
Telephone: (310) 295-1785
Fax: (213) 319-2907

*Counsel for Defendant Vahe Dadyan*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　*Plaintiff,*<br><br>　　　　　v.<br><br>RICHARD AYVAZYAN, *et al.*,<br><br>　　　　　*Defendants.* | Case No. 20-cr-579 (SVW)<br><br>**DEFENDANTS RICHARD AYVAZYAN AND VAHE DADYAN'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO COMPEL GOVERNMENT DISCLOSURE OF DISCOVERY RELATED TO MARYLEE ROBINSON**<br><br>Hon. Stephen V. Wilson<br><br>Trial Date:　　June 15, 2021 |

# NOTICE OF *EX PARTE* APPLICATION TO COMPEL DISCLOSURE OF ROBINSON DISCOVERY

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Richard Ayvazyan and Vahe Dadyan hereby apply to the Court for an order granting the following relief:

1. All correspondence between the government and Ms. Robinson and her team at Stout Risius Ross, LLC. To the extent communications did not occur in writing, defendants request the notes of any telephone calls, video calls or in person meetings with Ms. Robinson, and a list of participants in those calls and meetings. This includes but is not limited to all statements of Ms. Robinson related to this case as required by Fed. R. Crim. P. 26.2.

2. All documents given to Ms. Robinson by the government.

3. All drafts of the summary chart and related work product that Ms. Robinson provided and any edits that the government made.

4. A breakdown of the $353,166 paid to Stout with descriptions of the work performed, to enable defendants to understand the amount of fees attributable to work on this case, as well as exactly what that work entailed. To the extent Ms. Robinson's firm has billed the DOJ for loan fraud based outside of Los Angeles, defendants request information about the amount Ms. Robinson's firm has billed for that work, as well as a description of that work.

This application is based upon this notice, the application in support, the accompanying Declaration of Ashwin J. Ram, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated:   June 13, 2021                    Respectfully submitted,

                                          **STEPTOE & JOHNSON LLP**

                                          */s/ Ashwin J. Ram*
                                          Ashwin J. Ram (SBN 227513)

aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

/s/ Peter Johnson
Peter Johnson (State Bar No. 252542)
Email: peter@peterjohnsonlaw.com
**Peter Johnson Law, P.C.**
409 N. Pacific Coast Hwy, 651
Redondo Beach, California 90027
Telephone: (310) 295-1785
Fax: (213) 319-2907

*Counsel for Defendant Vahe Dadyan*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# APPLICATION

## I. PRELIMINARY STATEMENT

For the second time in less than a week, the defendants need the Court's intervention to put a stop to the government's gamesmanship. On June 11, 2021, the Court heard argument regarding the defendants' motion to preclude the testimony of Marylee Robinson and the summary charts on which her testimony is based. During the argument, the government represented that Ms. Robinson's work for the government was limited to consideration of materials selected and provided by the government, and drafting charts based on those specific materials. Defendants responded by articulating the relevance of how Ms. Robinson arrived at the conclusions embodied by the charts and the testimony she will provide. The defendants have a right to cross-examine Ms. Robinson about her work for the government, including the source of conclusions and biases present in her work. The Court agreed that defendants were entitled to such information, and ordered the government to provide it.

On June 12, 2021 the government sent a letter to defendants purportedly complying with the Court's Order to produce discovery regarding the work that Stout Risius Ross, LLC performs for the DOJ. *See* Declaration of Ashwin J. Ram, dated June 12, 2021 ("Ram Decl.") Ex. A. The government's letter states:

> Stout performs a variety of work for the DOJ. As related to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Stout:
> • Reviews and analyzes data sets, including loan applications and supporting documentation submitted to government agencies and/or financial institutions;
> • Reviews and analyzes corporate financial records, including payroll records, income statements, debt instruments, operating expenses, forecasts, budgets, sales, profits, and other company financial records;
> • Reviews and analyzes company audit work papers and other relevant audit-related documents;

1

*EX PARTE* APPLICATION TO COMPEL GOVERNMENT DISCLOSURE OF DISCOVERY RELATED TO MARYLEE ROBINSON

- Traces proceeds and analyzes flow of loan funds for certain transactions and individuals;
- Reviews and analyzes transaction records for evidence of money laundering or other efforts to conceal proceeds of fraud and other crimes; and
- Reviews and assesses loan and grant programs for risk and anti-fraud metrics.

No further information was provided. There is no information regarding the documents and information that Ms. Robinson received to shape her summary charts, no descriptions of how her summary charts evolved, no *Jencks* material, and no substantive information at all.

Regarding Ms. Robinson's bias as a result of payments received from DOJ to analyze alleged fraud, the government did not disclose the amount Ms. Robinson's firm has received for this case, the scope of Ms. Robinson's work on this case, how many hours Ms. Robinson has spent on this case nor how those hours were spent, how many hours the other employees from Ms. Robinson's firm spent on this case nor how those hours were spent. Instead, the government made a blanket statement that: "As of May 31, 2021, Stout has billed the DOJ $353,166 related to Los Angeles-based loan fraud, including but not limited to this case. Marylee Robinson's hourly rate is $395.00." *Id.* at 2. These disclosures do not comply with the letter or spirit of the Court's order directing the government to produce discovery regarding the scope of Ms. Robinson's work on this case and how much Ms. Robinson was compensated for that work. The disclosures also raise more questions than they answer. The government has now revealed that Ms. Robinson's company has been paid over $350,000 for work concerning the CARES Act, calling into question the government's statement that Ms. Robinson only reviewed the loan files cited in her summary charts.

The defendants emailed the government to request that the government produce what the Court order: information about the scope of Ms. Robinson's role on this case, and how much money Ms. Robinson was compensated for her work on this case. The

government refused to produce that information, claiming the Court only ordered it to provide information on the scope of work and fees paid to Ms. Robinson's employer, Stout Risius Ross. Ram Decl. Ex. B.[1] The government's interpretation of the Court's order is incorrect.

Defendants have a right to discovery that enables them to determine the scope of Ms. Robinson's work, which is necessary to enable defendants to effectively inform the jury about the distinction between Ms. Robinson's conclusions and those of the government. The current disclosure does not inform defendants what the scope of Ms. Robinson's work for the government actually was, nor does it disclose how many hours Ms. Robinson spent on that work.

Accordingly, the defendants request that the Court order the government to disclose and produce:

1. All correspondence between the government and Ms. Robinson and her team at Stout Risius Ross, LLC. To the extent communications did not occur in writing, defendants request the notes of any telephone calls, video calls or in person meetings with Ms. Robinson, and a list of participants in those calls and meetings. This includes but is not limited to all statements of Ms. Robinson related to this case as required by Fed. R. Crim. P. 26.2.

2. All documents given to Ms. Robinson by the government.

3. All drafts of the summary chart and related work product that Ms. Robinson provided and any edits that the government made.

---

[1] The government agreed to produce drafts of Ms. Robinson's summary charts, but did not agree to produce the communications between the government and Ms. Robinson about the drafts. The discussions that led to changes to the summary charts, including requests from the government for specific changes, are necessary for the defendants to determine how Ms. Robinson's decided which loans to include in her tracing charts, which is highly relevant to her credibility. Additionally, given that the government has not yet produced the drafts, the defendants request that the Court order them to do so today.

    4.    A breakdown of the $353,166 paid to Stout with descriptions of the work performed, to enable defendants to understand the amount of fees attributable to work on this case, as well as exactly what that work entailed. To the extent Ms. Robinson's firm has billed the DOJ for loan fraud based outside of Los Angeles, defendants request information about the amount Ms. Robinson's firm has billed for that work, as well as a description of that work.

## II.    ARGUMENT

### A.    The Government's June 12, 2021 Letter Does Not Comply with the Court's Order or the Government's Duties Under *Brady*, *Giglio*, or the Federal Rules of Criminal Procedure

The government's June 12, 2021 disclosure does not comply with the letter or spirit of the Court's order directing the government to disclose the scope of Ms. Robinson's work on this case and how much Ms. Robinson was compensated for that work. Instead of providing documents to show what work the government asked Ms. Robinson and her team to perform for this case, the government provided a list of six bullet points describing actions that Stout Risius Ross, LLC is undertaking on behalf of the Department of Justice. None of these bullet points concerns the scope of the work Ms. Robinson was asked to perform. The government represented that Ms. Robinson was only asked to review 60 loans files, but the government's disclosures do not demonstrate that request, or the scope of Ms. Robinson's work.

    Similarly, the government informed defendants that Stout Risius Ross has earned over $350,000 in fees for work concerning the CARES Act, without telling defendants what Ms. Robinson herself has been paid for her work on this case, specifically. At the June 11, 2021 hearing, the Court agreed that defendants had a right to know what the government asked Ms. Robinson to do, and what documents Ms. Robinson reviewed to perform the requested work. Even after the government's so called "disclosures," defendants still have no answers to those questions. Instead, the disclosures raised more questions than they answered. The government represented

1 that Ms. Robinson only reviewed 60 loan files.  Based on the extensive work performed
2 by Ms. Robinson's firm, it appears that Ms. Robinson received an undisclosed number
3 of loan files, made undisclosed statements regarding those files, and received
4 undisclosed communications from the government's attorneys.

5       The defendants have a right to cross-examine Ms. Robinson so as to allow the
6 jury to understand any biases Ms. Robinson holds, any assumptions on which Ms.
7 Robinson's summary chart was based, and the distinctions between Ms. Robinson's
8 conclusions in the summary chart and those of the government, and require discovery to
9 do so.  Such evidence will go to the heart of Ms. Robinson's credibility.  "Material
10 evidence required to be disclosed includes evidence bearing on the credibility of
11 government witnesses."  *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (where
12 witness' "credibility was critical", failure to turn over impeachment evidence required
13 reversal of conviction) (*citing Giglio v. United States*, 405 U.S. 150, 153 (1972)).
14 Failure to disclose impeachment evidence that could be used to undermine the
15 credibility of a witness violates *Giglio* and the Due Process Clause.  *See id.*; *Benn v.*
16 *Lambert*, 283 F.3d 1040, 1054 (9th Cir. 2002) (failure to disclose impeachment
17 evidence violated *Brady* even where defense counsel was aware of and used some
18 impeachment evidence to question government informant); *Paradis v. Arave*, 130 F.3d
19 385 (9th Cir. 1997) (finding a *Brady* violation where the government failed to turn over
20 notes that contradicted an expert's testimony).

21       Here, evidence bearing on the credibility of Ms. Robinson includes the following
22 four categories of information.  First, the defense needs the correspondence between
23 both the government and Ms. Robinson, and between the government and Stout Risius
24 Ross, LLC, including notes of any oral communications and who participated in those
25 communications.  These communications will demonstrate exactly what the
26 government asked Ms. Robinson to do, which is necessary to understand whether Ms.
27 Robinson made any assumptions in her work based on her communications with the
28

government. These communications cannot be limited to the opening request from the government. They must include the correspondence between Ms. Robinson and her team and the government while she undertook her work for the government. These communications will show whether and how Ms. Robinson's role shifted as she considered documents provided by the government. Moreover, the defense has a right to these communications pursuant to Fed. R. Crim. P. 26.2.[2]

Second, the defense needs the documents given to Ms. Robinson by the government. Given the difference between the government's representations at the hearing regarding Ms. Robinson's scope of work, and the scope of work presented in the June 12, 2021 letter, the defendants have a right to know exactly what was given to Ms. Robinson so as to effectively cross examine her about her summary charts.

Third, defendants are entitled to discovery of the drafts of the summary chart and related work product that Ms. Robinson provided to the government, and any edits that the government made to those draft summary charts. The progression of the summary charts, and whether Ms. Robinson altered those charts based on requests from the government, is highly relevant to a jury's credibility assessment of Ms. Robinson and the summary charts she created.

Finally, the defense is entitled to discovery of Ms. Robinson's compensation, hours worked, and hourly rate for this case. The government's letter failed to inform defendants of this information, instead telling defendants how much the DOJ has paid for Ms. Robinson's firms' work related to fraud in the Los Angeles area. The defendants request that the government breakdown how much of the $353,166 paid to Stout was related to this case, with descriptions of the work performed. Additionally, the government's letter referred to work Stout has performed related to fraud in the Los

---

[2] Although Fed. R. Crim. P. 26.2 references production at the conclusion of a witness's testimony, common practice in this district and around the country is to produce such discovery before trial to avoid an unnecessary midtrial continuance that would inconvenience the jurors, the Court, and the parties.

1  Angeles area.  To the extent Stout performed work for the DOJ nationwide, defendants
2  request that the government provide the amount of fees Ms. Robinson's firm has billed
3  for that nationwide work, as well as a description of that work.
4       Given the importance of Ms. Robinson's testimony to the government's case,
5  defendants respectfully request that the Court order the government to provide the
6  above categories of information by 3pm Monday.  This immediate production is
7  necessary to allow the defendants sufficient time to prepare to cross examine Ms.
8  Robinson.

## CONCLUSION

For the foregoing reasons, the Court should grant this *ex parte* application.

Dated:   June 13, 2021          Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

/s/ *Peter Johnson*
Peter Johnson (State Bar No. 252542)
Email: peter@peterjohnsonlaw.com
**Peter Johnson Law, P.C.**
409 N. Pacific Coast Hwy, 651

Redondo Beach, California 90027
Telephone: (310) 295-1785
Fax: (213) 319-2907

*Counsel for Defendant Vahe Dadyan*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.