TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>      "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>      "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>      "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>      "Edward Paronyan," and<br>VAHE DADYAN, | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT RICHARD AYVAZYAN'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF AGENT TIMOTHY MASSINO REGARDING DIGITAL DEVICES (ECF 520)<br><br>Hearing Date: June 14, 2021<br>Hearing Time: 1:30 p.m.<br>Trial Date:   June 15, 2021<br>Location:     Courtroom of the<br>              Hon. Stephen V.<br>              Wilson |

Defendants.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine S. Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its opposition to defendant Richard Ayvazyan's motion in limine to preclude testimony of Agent Timothy Massino regarding digital devices (ECF 520). This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 14, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　TRACY L. WILKISON
　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　SCOTT M. GARRINGER
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Criminal Division

　　　　　　　　　　　　　　　　　　      /s/
　　　　　　　　　　　　　　　　　　CATHERINE AHN
　　　　　　　　　　　　　　　　　　SCOTT PAETTY
　　　　　　　　　　　　　　　　　　BRIAN FAERSTEIN
　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　CHRISTOPHER FENTON
　　　　　　　　　　　　　　　　　　Department of Justice Trial Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Richard Ayvazyan ("defendant") has filed a motion <u>in limine</u> challenging testimony the government does not intend to offer. In his motion <u>in limine</u> to preclude testimony of Agent Timothy Massino regarding digital devices (ECF 520), defendant claims the government informed the Court on June 11, 2021, that Special Agent Massino "would <u>argue</u> that text messages and photographs found on digital devices seized in this case 'tie' the loans that underpin the government's case."  (<u>Id.</u> at 2 (emphasis added).)  Defendants attempt to use colloquial language taken out of context to present a straw man argument to this Court.

As emphasized by the Court in its comments during the hearing, the government understands and does not intend to call Special Agent Massino to solicit opinion as to the meaning of text messages or other evidence derived from defendants' digital devices.  Special Agent Massino is being called as a percipient witness to testify as to facts for which he has personal knowledge, which generally includes the loan files, certain bank records, and evidence related to the phones seized in this case.  The government does not intend to offer opinion testimony – lay or expert – through Agent Massino.  It is the proper province of the jury to draw inferences from the facts presented by the government's evidence; it is the proper province of the witnesses to bring those facts into the courtroom.  The groundless arguments and allegations in defendant's motion are therefore moot, and the Court should deny his motion.

## II. RELEVANT BACKGROUND

During trial, the government will call Special Agent Massino of the United States Small Business Administration, Office of Inspector General ("SBA-OIG") to testify as to his knowledge of loan files and certain summary loan charts; his review of digital data extracted from the phones seized in this case and the true and accurate representation of that data in the government's trial exhibits in order to help lay foundation for their admission; and identify names of individuals and businesses in whose names – according to records personally reviewed by Special Agent Massino – Paycheck Program Program ("PPP") and/or Economic Injury Disaster Loan ("EIDL") applications were submitted. The digital data was extracted from four phones seized in this case, marked as evidence items 1B21, 1B81, 1B85, and 1B17, which are assigned to Apple IDs associated with defendants Tamara Dadyan, Marietta Terabelian, Richard Ayvazyan, and Artur Ayvazyan, respectively.

Although the government will rely on the testimony of the FBI forensic examiners who initially extracted the data to establish the accuracy and authenticity of the data contained in a forensic report, the government will then rely on Special Agent Massino's review of that forensic report and his comparison of the data in that report to the government's exhibits to lay the foundation for their admission.

With respect to the first category of testimony, the Court already has found the Loan Summary Charts admissible subject to certain modifications the government has since made. (ECF 511.) Agent Massino will testify about the Loan Summary Charts based on his personal knowledge investigating and identifying the numerous

2

fraudulent COVID-19 disaster relief loan applications at issue in this case.

With respect to the second category of testimony, Special Agent Massino will testify about certain text message exchanges, images, and data identified on the four seized cell phones, including text messages and images found on an iPhone believed to belong to defendant Tamara Dadyan (the "T.D. iPhone"). Special Agent Massino will testify as to his review of the forensic reports prepared by FBI forensic examiners from the seized phones, and whether the government exhibits are a true and accurate representation of that data. The government described in detail certain digital contents of the seized phones in its motion in limine #2 to admit evidence inextricably intertwined with the charged offenses and supporting filings (see ECF 384, 441, 506-07, 511, and 517), which the government incorporates by reference herein.[1]

With respect to the third category of information, Special Agent Massino will not offer his interpretation of text messages or digital content. Rather, Special Agent Massino will be asked if he recognizes certain names and, if so, asked for the basis of that knowledge. It is expected that Special Agent Massino will base that recognition on, among other things, his personal review of, and knowledge regarding, the PPP and EIDL applications at issue in this case. As explained further below, Special Agent Massino will not be

---

[1] In its motion in limine, the government made arguments about the meaning of the data in order to identify for the Court how the "reserve identities evidence" referenced in its initial motion in limine related to the overall charged schemes and conspiracies. Special Agent Massino will not be making these arguments. Instead, he will identify information and facts based on his personal knowledge based on his review of documents in this case, as further discussed herein.

3

asked to offer lay or expert opinion testimony with respect to any category of testimony.

## III. ARGUMENT

Defendant raises three challenges to Special Agent Massino's prospective trial testimony, all of which are based on a fundamental misconception about the scope and content of his anticipated testimony. The government does not intend to ask the types of questions about which defendant hypothesizes in his motion, and the Court should deny his motion as moot.

Defendant's first and third challenges to Agent Massino's expected testimony essentially seek to preclude him from offering either lay or expert opinion testimony under Federal Rules of Evidence 701 or 702 that would "usurp[] the jury's role as trier of fact." (ECF 520 at 3-4, 5.) Contrary to defendant's speculation, the government does not contend that the digital device evidence it will show Agent Massino contains "code words" or "ambiguous statements" warranting opinion testimony under either Rules 701 or 702. (Id. at 3.) Defendant's reliance on cases where courts delineate the bounds of opinion testimony regarding coded or ambiguous language are thus irrelevant to the analysis of Special Agent Massino's expected testimony. (Id. at 3-4 (citing United States v. Vera, 770 F.3d 1232 (9th Cir. 2014); United States v. Freeman, 498 F.3d 893 (9th Cir. 2007); United States v. Dicker, 853 F.2d 1193 (3d Cir. 1988).[2] Asking whether Special Agent Massino

---

[2] Defendant claims that a "similar issue arose" in United States v. Benson, 941 F.2d 598 (7th Cir. 1991). As with the other inapposite cases defendant cites, Benson involved a starkly distinct factual scenario. There, the government's witness testified "[b]ased on the testimony and exhibits" and "identified specific factors
*(footnote cont'd on next page)*

4

recognizes a name such as "Iulia Zhadko" does not require interpretation or code. It is a straightforward question with a straightforward answer based on Special Agent Massino's personal knowledge and review of records in this case, as further discussed, below.

Nor does the government intend to "use Agent Massino to offer conclusions" about the meaning of certain information within the digital evidence exhibits. (Id. at 5.) Rather, the government will ask Agent Massino to identify, but not opine on, certain information within the digital device exhibits that are also contained in other records, such as specific loan applications, bank records, and subscriber information about which Special Agent Massino has knowledge from his review of those records and the investigation.

For example, Government Trial Exhibit ("GEX") 10 consists of excerpts of text messages exchanged between "tammy" and "Rich New". (See ECF 507, Exhibit 2 (previously filed under seal).) The phone numbers associated with those names are included in the text message extraction. (Id. at 1 (top of page).) The phone number for "Rich New" is identified as a number ending in 4170. Special Agent Massino will be asked if he recognizes that number. It is expected that Special Agent Massino will recognize it based on his review of subscriber records obtained for that phone number (marked as GEX 61). Special Agent Massino will then be asked to identify the subscriber associated with that phone number, which, according to the T-Mobile

---

supporting his conclusions that the payments from Underwriters were fees for investigative services, that the payments from Underwriters were not on account of a settlement, and that [defendant] was not entitled to receive Social Security disability benefits." Id. at 603. The government does not intend to ask Agent Massino to draw any opinions or conclusions of this or any other nature.

records contained in GEX 61, is "Iulia Zhadko."  Special Agent Massino will be asked if he recognizes that name and it is expected that he will recognize that name and identify it as a name used on PPP and EIDL applications submitted in this case.

Special Agent Massino is not going to be asked if "Iulia Zhadko" is "Rich New" or defendant Richard Ayvazyan's alias.  Special Agent Massino is not going to be asked about indicators of fraud, or opine as to the intent or thoughts of text message participants, or the meaning of evidence.  He will be questioned about his personal knowledge about records in this case.  The jury may, as it is their province to do, draw inferences from facts presented through testimony and records, including witnesses like Special Agent Massino.  But Special Agent Massino will not be asked to opine nor draw any conclusions "as to whether certain text messages were meant to be references to certain loans."  (Id. at 5.)  He will not be asked what defendants intended to reference, or whether defendants intended to submit a fraudulent document.  He will, however, be asked if he recognizes the name of an individual or business, and asked for the basis of that recognition (generally, review of loan files).

Defendant also argues that Special Agent Massino's proposed testimony constitutes "unnecessary cumulative evidence."  (Id. at 4.)  Defendant appears to take the remarkable position that the government should be precluded from asking its witnesses any questions about exhibits that are admitted into evidence, without citation to any authority for this proposition other than Rule 403 itself.  Defendant's suggestion that asking Special Agent Massino a limited number of questions regarding select excerpts from text messages

6

admitted into evidence during his examination constitutes cumulative evidence is not worthy of the Court's time and should be rejected.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in limine to preclude testimony of Special Agent Timothy Massino regarding digital devices.