TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
               Catherine.S.Ahn@usdoj.gov
               Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>    "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>    "Edward Paronyan," and<br>VAHE DADYAN, | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT RICHARD AYVAZYAN'S *EX PARTE* APPLICATION TO COMPEL GOVERNMENT DISCLOSURE OF DISCOVERY RELATED TO MARYLEE ROBINSON (ECF 521)<br><br>Hearing Date: June 14, 2021<br>Hearing Time: 1:30 p.m.<br>Trial Date:   June 15, 2021<br>Location:    Courtroom of the<br>                Hon. Stephen V.<br>                Wilson |

           Defendants.

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine S. Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its opposition to defendant Richard Ayvazyan's motion ex parte application to compel government disclosure of discovery related to Marylee Robinson (ECF 521). This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 14, 2021              Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s/
                                  _____
                                  SCOTT PAETTY
                                  CATHERINE AHN
                                  BRIAN FAERSTEIN
                                  Assistant United States Attorneys
                                  CHRISTOPHER FENTON
                                  Department of Justice Trial Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On the eve of trial, defendant Richard Ayvazyan ("defendant") moves ex parte to compel the production of information the government has already provided or agreed to provide. (ECF 521.) Defendant's ex parte application should be denied for the following reasons.

First, defendant's demands, which are largely moot, are rooted in a continuing misapprehension about the scope and content of Marylee Robinson's prospective testimony at trial. Ms. Robinson will not be providing expert opinion testimony under Federal Rule of Evidence 702 nor will she be drawing any "conclusions" from or about the evidence. The government made this point clear in its opposition to defendant's motion in limine to exclude Ms. Robinson's testimony. (See ECF 504 at 11-15.) The government reiterated this fact at the hearing on June 11, 2021. And the Court agreed with the government's articulation of the purpose of and foundation for Ms. Robinson's testimony as a summary, not an expert, witness.

Nonetheless, defendant demands information multiple times about the "source of conclusions" that Ms. Robinson supposedly will be providing. (ECF at 1; see also id. at 3 (information needed "to effectively inform the jury about the distinction between Ms. Robinson's conclusions and those of the government"); id. at 5 (information needed regarding "any assumptions on which Ms. Robinson's summary chart was based, and the distinctions between Ms. Robinson's conclusions in the summary chart and those of the government") (all emphasis added).) Defendant's description of Ms. Robinson's testimony, once again, is wrong. Ms. Robinson will be testifying in a lay capacity under Rules 602 and 701, based on her personal knowledge of the materials underlying summary charts

reflecting the flow of funds at issue in this case (the "Flow of Funds Summary Charts") and her role in the investigation. As the government previously explained, Ms. Robinson will quite literally be following the money, as described fully in the Flow of Funds Summary Charts, and not providing any expert opinions. Defendant's discovery demands assume she is testifying in an expert capacity, entitling him to certain discovery based on Federal Rule of Criminal Procedure 12(a)(1)(G) and related authority. Such is not the case. But, in any event, the government has provided voluntary disclosures and responded to the Court's order, as described below.

Second, defendant moves to compel information the government has provided or agreed to provide, underscoring the frivolousness of defendant's <u>ex parte</u> application. Defendant demands the government provide information on "what documents Ms. Robinson reviewed to perform the requested work," including "documents given to Ms. Robinson by the government." (ECF 521 at 4, 6.) However, the summary charts that Ms. Robinson and Stout prepared very clearly identify, by name and government exhibit number, the specific loan file, bank records, and other business records that Ms. Robinson considered within the scope of her work. (<u>See</u> ECF 451-6 at 2-5.) In addition, in response to the Court's request, the government has added government exhibit numbers to the specific financial transactions described in the last page of the revised version of the Flow of Funds Summary Charts.[1]

---

[1] To the extent the Court believes the government should provide a full list of the documents provided to the Stout team more broadly (a large number of which were not synthesized for purposes of the preparation of the Flow of Funds Summary Charts), the government can work with Stout to provide that information.

Similarly, defendant demands production of "drafts of the summary chart and related work product that Ms. Robinson provided to the government," including "any edits that the government made to those draft summary charts." (Id. at 6.) Defendant acknowledges the government has agreed to produce the drafts of the summary charts (id. at 3 n.1.) – and the government has already done so. The changes between drafts to the summary charts are self-evident and provide defendant the information necessary to evaluate Ms. Robinson's scope of work.

The government also has provided defendant with information regarding the fees paid to Stout for its investigatory work related to Los Angeles-based loan fraud and the specific hourly rate charged for Ms. Robinson's work, complying with the Court's June 11, 2021 order. (See ECF 521-2.) Ms. Robinson is not testifying as an expert, but the government nonetheless is providing this information to defendant for purposes of its cross-examination of Ms. Robinson. This information provides defendant with all he will need to question Ms. Robinson as to her potential bias, and he has not articulated any compelling basis to require the government to provide more granular information or information about Stout's "nationwide" work wholly unrelated to Ms. Robinson's work on this case.

Finally, defendant demands "[a]ll correspondence between the government and Ms. Robinson and her team at Stout Risius Ross, LLC" and "all statements of Ms. Robinson related to this case as required by Fed. R. Crim. P. 26.2." (ECF 521 at 3.) The government is aware of its Jencks obligations under 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2 with respect to Ms. Robinson's anticipated trial testimony and will comply with those requirements. The

government does not intend to call any other members of the Stout investigatory team to testify at trial.

## I. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's ex parte application to compel government disclosure of discovery related to Marylee Robinson.