TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
| Plaintiff, | GOVERNMENT'S MOTION FOR LIMITING INSTRUCTION AND TO EXCLUDE FURTHER REFERENCE TO OR EVIDENCE OF A NON-TESTIFYING CO-DEFENDANT'S GUILTY PLEA AND PLEA AGREEMENT |
| v. | |
| RICHARD AYVAZYAN, <br>  aka "Richard Avazian" and <br>      "Iuliia Zhadko," <br> MARIETTA TERABELIAN, <br>  aka "Marietta Abelian" and <br>      "Viktoria Kauichko," <br> ARTUR AYVAZYAN, <br>  aka "Arthur Ayvazyan," and <br> TAMARA DADYAN, <br> MANUK GRIGORYAN, <br>  aka "Mike Grigoryan," and | Hearing Date: June 16, 2021 <br> Hearing Time: 9:00 a.m. <br> Trial Date:   June 15, 2021 <br> Location:     Courtroom of the <br>               Hon. Stephen V. <br>               Wilson |

|   |   |
|---|---|
| 1 | "Anton Kudiumov," |
| 2 | ARMAN HAYRAPETYAN, EDVARD PARONYAN, |
| 3 | aka "Edvard Paronian" and "Edward Paronyan," and |
| 4 | VAHE DADYAN, |
| 5 | Defendants. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby proposes the following limiting instruction relating to references to co-conspirator plea agreements and moves to exclude evidence of and prohibit reference to co-conspirator plea agreements.

Dated: June 16, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
SCOTT PAETTY
CATHERINE AHN
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

During opening statements, counsel for Marietta Terabelian advised the jury that co-conspirator Manuk Grigoryan pleaded guilty in this case. The government proposes a limiting instruction resembling an instruction endorsed by the Fourth Circuit in *United States v. Vennie*, a case in which defense counsel elicited on cross-examination the fact that a non-testifying cooperating witness had pleaded guilty. 790 Fed. Appx. 506, 510 (4th Cir. 2019). Specifically, the government proposes that the Court instruct the jury:

**During opening statements, you heard a reference to a guilty plea agreement by an individual who is not on trial. I instruct you that any other person's decision to plead guilty is a personal decision about his or her own guilt. You should not use any individual's decision to plead guilty in any way as evidence against the defendants on trial. You have heard that other co-defendants were charged in this case and you should not speculate about the reasons why co-defendants were not part of the trial. I remind you that the opening statements that you heard are not evidence.**

In *United States v. Halbert*, the Ninth Circuit endorsed the practice of providing the jury with a limiting instruction making clear that a conspirator's plea agreement may not be used as evidence of a defendant's guilt. 640 F.2d 1000, 1004-07 (9th Cir. 1981).

The United States hereby renews its objection, on hearsay grounds, to the admission of plea agreements executed by any non-testifying co-defendants. As explained by the panel in *Vennie*, such plea agreements are inadmissible for several reasons, including that

1

the witness who signed the agreement is unavailable to testify about his reasons for pleading guilty. 790 Fed. Appx. at 510. The defense has not cited any case in which a court received into evidence the plea agreement of a non-testifying co-defendant under similar circumstances. The case cited by counsel yesterday, *United States v. Bakshinian*, did not address the facts now at issue before the court. 65 F. Supp. 2d 1104 (C.D. Cal. 1999). In that case, the district court admitted as the statement of a party opponent a prosecutor's closing argument during the trial of a co-conspirator. The decision did not address whether the guilty plea of a non-testifying co-defendant is admissible, and courts have consistently held that such a plea is not.