John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

Attorneys for Defendant MARIETTA TERABELIAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>RICHARD AYVAZYAN, MARIETTA TERABELIAN, ARTUR AYVAZYAN, TAMARA DADYAN, MANUK GRIGORYAN, ARMAN HAYRAPETYAN, EDVARD PARONYAN, and VAHE DADYAN,<br><br>              Defendants. | Case No. 2:20-cr-579-SVW<br><br>Hon. Stephen V. Wilson<br><br>**MARIETTA TERABELIAN'S MOTION *IN LIMINE* TO EXCLUDE CELLPHONE IMAGE (GOV.'S PROPOSED EXHIBIT 16b)** |

TO THIS HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

    Through counsel, defendant Marietta Terabelian hereby moves, pursuant to Federal Rules of Evidence 401–404, to exclude a cellphone image the government proposes to introduce at trial as exhibit 16b.

| | |
|---|---|
| Dated:  June 17, 2021 | Respectfully submitted, |
| | BIENERT KATZMAN LITTRELL WILLIAMS LLP |
| | */s/ Ryan V. Fraser* <br> John L. Littrell <br> Ryan V. Fraser |
| | *Counsel for Defendant* <br> *Marietta Terabelian* |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

If a picture is worth a thousand words, how many words is a cellphone picture of a cellphone displaying a picture (and some of its metadata) worth? That's the question for the government to answer as the proponent of a confusing exhibit with a loose connection to the case, but substantial dangers of unfair prejudice and confusion. The exhibit also represents "prior acts" evidence that is inadmissible under Federal Rule of Evidence ("FRE") 404(b). Marietta Terabelian moves to exclude the government's proposed exhibit 16b under FRE 401–404.

## II. Statement of facts

Government exhibit 16b consists of the digital image shown below with apparent personal identifying information redacted. The exhibit is not a law enforcement officer's photograph of a phone, but rather a digital image extracted from the iPhone 12 attributed to Terabelian and collected by law enforcement during the November 5, 2020, search and seizure at her home on Topeka Drive in Tarzana. This image depicts another iPhone of unknown model that is displaying another photograph ("the Displayed Photograph"). The limited metadata shown just above the Displayed Photograph indicate that the Displayed Photograph was taken on September 21 of an unspecified year at 10:53 a.m.



Meanwhile, the metadata from the exhibit itself, as reported by the government's Cellebrite digital-forensic technology, show that that photograph was taken in 2018 using a third phone—an iPhone XS. *See* Exhibit A. Exhibit 16b appears to have been downloaded onto the iPhone 12 in late October or early November 2020 en masse when the iPhone was linked with Terabelian's iCloud account. From a generalized overview of the iPhone 12's approximately 44,000 images, it appears that roughly half or more of the iPhone 12's images share the same date or approximate date of download, which strongly suggests an automatic batched download, rather than a user-selected download of particular content.

The government failed to provide FRE 404(b)(3) notice related to exhibit 16(b). And exhibit 16b was not discussed in the government's motion *in limine* #2 to admit inextricably intertwined evidence.

### III.  Argument

**A. The exhibit lacks foundation and is irrelevant.**

*Who took the picture* that is exhibit 16b is unknowable, because the metadata reveal unambiguously that it originates from 2018 and an otherwise unidentified iPhone XS. Because the iPhone 12 was released only in October 2020 and is not the same as model XS, it is beyond any reasonable dispute that the image was taken with a different iPhone from the one from which the government extracted it. Without additional foundational facts, it is impossible to link the exhibit rationally to the allegations against Terabelian or other admissible evidence. There is no evidence to show how the information displayed relates to anything Terabelian did. Because the jury cannot rationally relate the presence of exhibit 16b on Terabelian's phone to any fact of consequence without additional evidence, it is irrelevant.

**B. The exhibit is confusing and unfairly prejudicial.**

The exhibit leaves jurors to wonder who Susanna Mkrtchyan is, but they will search this record in vain for an answer. "Fiber One Media" is an entity mentioned in the indictment, but exhibit 16b does not show that Terabelian did anything with the name

"Fiber One Media," or what the name itself would have meant to her, even assuming she ever saw this image. To the extent the concept that Terabelian must have heard of "Fiber One Media" is relevant, the probative value is minimal in comparison to the confusion, distraction, and unfairly prejudicial speculation that the exhibit invites from jurors.

**C. The exhibit is inadmissible "prior acts" evidence under FRE 404(b).**

Because the exhibit dates from two years before the superseding indictment's allegations, it is "prior acts" evidence—presumably of Terabelian taking the photograph herself or at least *knowingly* receiving this image—[1] and not inextricably intertwined with the indictment's claims. But FRE 404(b) has essential preconditions for admission that are not satisfied here.

First, there must be evidence sufficient to support a finding that the defendant committed the prior act. *E.g.*, *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). Here, there is no evidence that Terabelian took this photograph—it was not taken on a phone the government has shown she possessed or used. Nor is there any evidence to show that Terabelian ever saw or used this single image among about 44,000 on the iPhone 12. Therefore, there is not evidence sufficient to support a finding that Terabelian took this picture or knowingly received it.

Second, the government failed to provide the required written notice before trial. In 2020, "Rule 404(b) [was] amended principally to impose additional notice requirements on the prosecution in a criminal case." Committee Notes on 2020 Amendments. Since this amendment, pursuant to FRE 404(b)(3), the prosecutor in a criminal case must provide more robust written pretrial notice to the defense. This is not

---

[1] If neither of those things, the exhibit does not connect rationally to any fact of consequence. Admittedly, Terabelian is left to guess at the government's theory for admission. That is because the government failed to provide any pretrial 404(b) notice for exhibit 16b or acknowledge before trial that the metadata show it long predates the chronological scope of the superseding indictment. *See* FRE 404(b)(3)(B) (requiring government's written *pretrial* notice to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose").

a mere a formality. The government must "articulate in [its written pretrial] notice the permitted purpose for which the prosecutor intends to offer the evidence and the *reasoning* that supports the purpose." FRE 404(b)(3)(B) (emphasis added). The notice requirement is black-and-white: if the evidence is 404(b), then, the notice requirement applies as a prerequisite for admission, absent a showing by the government of good cause for the failure to give written notice before trial. Here, there was no pretrial 404(b) notice related to exhibit 16b whatsoever—oral, written, with or without reasoning, and there was no good cause for the failure.

### IV.  Conclusion

For any and all these reasons, the Court should exclude government exhibit 16b.

Dated:  June 17, 2021                                  Respectfully submitted,

BIENERT KATZMAN LITTRELL
WILLIAMS LLP

*/s/ Ryan V. Fraser*
John L. Littrell
Ryan V. Fraser

*Counsel for Defendant Marietta Terabelian*