TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
             Catherine.S.Ahn@usdoj.gov
             Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT TERABELIAN'S MOTION *IN LIMINE* TO EXCLUDE CELLPHONE IMAGE (GOV'T. EXHIBIT 16b) |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

|   |   |
|---|---|
| "Anton Kudiumov," ARMAN HAYRAPETYAN, EDVARD PARONYAN,   aka "Edvard Paronian" and       "Edward Paronyan," and VAHE DADYAN, <br><br>      Defendants. |   |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files this response in opposition to defendant Marietta Terabelian's motion in limine seeking exclusion of Government Exhibit 16b (ECF 545).

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 20, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
CATHERINE AHN
SCOTT PAETTY
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Court has already held that evidence like Government Exhibit ("GEX") 16b is directly relevant under Federal Rule of Evidence ("Rule") 401. Even if it were not directly relevant, GEX 16b is inextricably intertwined and not subject to Rule 404(b). Defendant Marietta Terabelian's ("Terabelian's") contention that the government has failed to meet a Rule 404(b) burden or that GEX 16b should be otherwise excluded ignores this Court's prior rulings and defendant's motion to exclude GEX 16b should be denied.

**I.   GEX 16b Is Directly Relevant Under Rule 401**

The image of the handwritten note at GEX 16b contains the business name "Fiber One Media." That purported business name was used by defendants to submit numerous Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") applications using one of the names that was both: (a) used to further the charged conspiracies; and (b) directly linked to defendant Marietta Terabelian – Viktoria Kauichko. (See GEX 3.e, 3.f, 3.g, 4.o, 4.q. (Fiber One Media PPP and EIDL applications submitted in the name of Viktoria Kauichko).)

Defendant Terabelian's argument that the age of the photograph renders it confusing and irrelevant ignores the other evidence identified in the government's trial exhibits. Photographs of still-valid credit cards and checks found in defendant Richard Ayvazyan's possession shows the same name, Susanna M., doing business as Fiber One Media – the same company whose name was used by defendants to submit PPP and EIDL

3

1  applications.  (See Image 1, below (excerpts from GEX 19c) (with
2  redactions).)  Furthermore, the address identified with Susanna
3  M. DBA Fiber One Media on the check images is the exact same
4  address associated with Viktoria Kauichko by defendant Richard
5  Ayvazyan in his text messages to Anthony Farrar.  (See Image 2
6  (excerpts from GEX 37c).)  Notably, defendant Richard Ayvazyan
7  identifies that address as the address of his wife.  (Id.)







**Image 1.**  Checks and credit cards found in Richard Ayvazyan's phone (1B85) (redacted) (GEX 19c).

**Image 2.**  Anthony Farrar text messages (admitted as GEX 37c.)

21       The handwritten note possessed by defendant Terabelian,
22  just like the credit cards and checks possessed by defendant
23  Richard Ayvazyan, constitutes evidence that is directly relevant
24  to the charged offenses.  Fiber One Media is part of the First
25  Superseding Indictment, which alleges that Fiber One Media was
26  used to launder the criminal proceeds of the bank fraud and wire
27  fraud conspiracy.  (See First Superseding Indictment, Count One,
28

4

Overt Act No. 7.)  Moreover, it was further explicitly referenced in text messages found on defendant Tamara Dadyan's phone in the context of submitting PPP or EIDL applications. (See ECF 441 at 6-7 (T.D. iPhone Excerpt 9).)  The handwritten note found in defendant Terabelian's phone, just like the checks and credit cards found in defendant Richard Ayvazyan's phone, are directly relevant to the government's charges alleging their knowing use of the businesses, names, and addresses used to commit the fraud and money laundering schemes and conspiracies. The existence of evidence on defendant Terabelian's iPhone showing her knowledge of and possession of the fake business name Fiber One Media in association with Susanna M., who shares the same address and company affiliation as Viktoria Kauichko, corroborates defendant Terabelian's intentional possession of the Viktoria Kauichko credit card during the Miami border stop. As such, the handwritten note, like the credit card and check images found in defendant Richard Ayvazyan's phone, is directly relevant to the crimes with which defendants, including defendant Terabelian, are charged.

**II.  If Not Directly Relevant, Then GEX 16x Is Inextricably Intertwined**

This Court has previously held that if there was "'a sufficient contextual or substantive connection' to the charged offenses, the Court will admit the evidence."  Order, ECF 478 at

5

15 (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995)).[1]

This Court has admitted evidence that provides "'a coherent and comprehensible story regarding the commission of the crime' – i.e., it is highly probative of the methods and instruments Defendants used to execute the conspiracy alleged in the indictment." Order, ECF 517 at 1 (quoting United States v. Loftis, 843 F.3d 1173, 1178 (9th Cir. 2016).) This Court has done so when the evidence commingled information for individuals or businesses whose names were directly used in a Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") application with those that were not. (See e.g., ECF 506, Gov't. Exh. 4 (previously filed under seal) at 8-9 ("EMAILS FOR BORROWERS").) This Court has also admitted evidence when that evidence contained proof of the overall scheme, even though the specific individual named in that evidence was not found in a submitted PPP or EIDL application. (See e.g., ECF 441 at 5-6 (discussing handwritten instructions regarding identifiers and photograph for "Nerses N" with accompanying California Driver's License found on defendant Artur Ayvazyan's phone).) Such evidence is related to the "overall scheme to obtain fraudulent PPP and EIDL loans" and is therefore inextricably intertwined with the charged offenses. Order, ECF 478 at 15.

---

[1] The government hereby incorporates by reference herein the evidence and arguments set forth in its Motion in Limine to Admit Evidence Inextricably Intertwined with the Charged Offenses ("MIL #2") and supporting filings.

6

If this Court determines the evidence is not directly relevant, the evidence found on defendant Terabelian's phone meets the standard for the other evidence this Court previously admitted as being inextricably intertwined with the charged offenses for all of the reasons explained above. As such, if not directly relevant, defendant Terabelian's possession of that image is still directly related to, and inextricably intertwined with, the charged offenses.

Defendant Terabelian's argument that the photograph of the handwritten note lacks foundation and is confusing is similarly unavailing. The foundation for this image is that it was found in defendant Terebelian's possession. Whether it was created by another person does not negate that fact. Defendant Terebelian does not challenge that she possessed it either in her iCloud account[2] or directly on her phone. That possession is highly probative of her knowledge of and participation in the charged offenses. This is particularly true given the actual content of that evidence, which is her possession of another individual's identifiers in conjunction with a business on whose behalf numerous fraudulent PPP and EIDL loans were submitted. Given the ample evidence in this case that defendants texted or otherwise passed personal and business identifiers amongst each other (see id.), the possibility that the photograph was taken by another individual does not diminish its probative value and

---

[2] iCloud is Apple's proprietary remote storage system. It enables users to store data remotely and download them onto their personal devices. Each iCloud account is tied to a specific Apple ID.

7

in fact is strongly probative of defendant Terabelian's involvement in the charged conspiracies. The photograph neither lacks foundation nor is it confusing, and it should be admitted.

Defendant's possession of the image contained in GEX 16b prior to the charged offenses also does not negate its admissibility or proof of her relationship to the overall scheme.[3] As extensively briefed in the government's MIL #2, defendants used a combination of previously held individual and business identities as well as newly formed ones to commit the charged fraud and money laundering schemes and conspiracies. (See ECF 441 at 1-5; see also ECF 384 at 11-12 (T.D. iPhone Excerpt 3, referencing use of "osbaldo" or "alak" in loan applications for their higher credit score).) Whether defendants reached into their supply of previously formed reserve identities or formed new ones, defendants' possession of and access to personal and business identifiers was critical to the formation and continuation of the fraud and money laundering conspiracies and schemes charged in the First Superseding Indictment.

Notably, defendant appears to contend that a large batch download of data to defendant Terabelian's phone somehow demonstrates GEX 16b's lack of relevance or admissibility. But,

---

[3] This applies even if defendant used the information for other crimes in addition to possessing it during the period of the charged offenses. See United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993) (holding that intextricably intertwined evidence does not become "other acts" evidence subject to Fed. R. Evid. 404(b) "simply because the defendant is indicted for less than all of his actions") (internal citations and quotations omitted).

8

as previously briefed, the government seized defendant Terabelian's previous phone during the Miami border stop on October 19-20, 2020.  In order to access her data on a new phone, defendant Terabelian would have had to download the data she had stored remotely back onto any new or replacement phone.  Either way, it does not negate the fact that defendant Terabelian possessed the information during the period of the charged offenses.

Finally, defendant's arguments that GEX 16b fails to meet the notice requirements of Federal Rule of Evidence 404(b) is simply not applicable.  As explained above, this Court has held that evidence like GEX 16b is, at a minimum, inextricably intertwined with the charged offenses.  As such, the requirements of Rule 404(b) simply do not apply.  Loftis, 843 F.3d at 1177 (relying on Vizcarra-Martinez, 66 F.3d at 1012).)

### III. Conclusion

Accordingly, for the foregoing reasons, including the fact that the evidence is directly relevant to the charged offenses, and even if not directly relevant would be inextricably intertwined for the reasons articulated in this Court's previous rulings (ECF 478 at 14-15 and ECF 517 at 1), defendant Terabelian's motion should be denied.