TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
              Catherine.S.Ahn@usdoj.gov
              Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
| Plaintiff, | GOVERNMENT'S OBJECTIONS TO DEFENDANT RICHARD AYVAZYAN'S PROPOSED VERDICT FORM (ECF 547); EXHIBIT A (GOVERNMENT'S AMENDED PROPOSED VERDICT FORMS FOR DEFENDANTS) |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>     "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>     "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

|   |   |
|---|---|
| "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>    "Edward Paronyan," and<br>VAHE DADYAN,<br><br>          Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its objections to defendant Richard Ayvazyan's proposed verdict form (ECF 547).

These objections are based upon the attached memorandum of points and authorities, the attached exhibit containing the government's amended proposed verdict forms for defendants, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 21, 2021              Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                        /s/
                                  ─────────────────────────────
                                  SCOTT PAETTY
                                  CATHERINE AHN
                                  BRIAN FAERSTEIN
                                  Assistant United States Attorneys
                                  CHRISTOPHER FENTON
                                  Department of Justice Trial Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

TABLE OF CONTENTS................................................. i

TABLE OF AUTHORITIES............................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES.............................. 1

I.   INTRODUCTION................................................. 1

II.  OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM.............. 1

     A.   Objection #1: The Government Objects to Defendant's
          Proposal of a Single Verdict Form for All Defendants   1

     B.   Objection #2: The Government Objects to Defendant's
          Use of "Single or Unitary" to Describe the Charged
          Conspiracies and Schemes and His Framing of the
          Conspiracy Counts....................................... 5

     C.   Objection #3: The Government Objects to Defendant's
          Inclusion of the Venue Question as to the Alleged
          Wire Fraud Counts Because He Has Waived a Challenge
          to Venue............................................... 10

     D.   Objection #4: The Government Objects to the Omission
          of a Question Regarding Defendant Richard Ayvazyan's
          Commission of Money Laundering While on Pretrial
          Release................................................ 13

     E.   Objection #5: The Government Objects to Defendant's
          Omission of the Specific Felony Predicate for the
          Aggravated Identity Theft Counts....................... 14

III. CONCLUSION.................................................. 15

**TABLE OF AUTHORITIES**

**CASES**

Apprendi v. New Jersey, 530 U.S. 466 (2000)........................ 13

Kansas v. Carr, 577 U.S. 108 (2016)................................. 3

United States v. Corona, 34 F.3d 876 (9th Cir. 1994).............. 11

United States v. Dhaliwal, 468 F. App'x 666 (9th Cir. 2012)........ 2

United States v. Ghanem, 993 F.3d 1113 (9th Cir. 2021)............ 10

United States v. Hussain, No. 16-cr-00462-CRB, 2018 WL 3619797
    (N.D. Cal. July 30, 2018)...................................... 8

United States v. Lapier, 796 F.3d 1090 (9th Cir. 2015)....... 6, 7, 8

United States v. Nobari, No. 103-CR-05453 OWW, 2006 WL 2535052
    (E.D. Cal. Aug. 31, 2006)...................................... 3

United States v. Pace, 314 F.3d 344 (9th Cir. 2002)........... 11, 12

United States v. Palomba, 31 F.3d 1456 (9th Cir. 1994)............ 11

United States v. Perry, 550 F.2d 574 (9th Cir. 1977).............. 8

United States v. Rosas, 615 F.3d 1058 (9th Cir. 2010)............. 13

United States v. Yagman, No. CR 06-227(A)-SVW, 2007 WL 9724388
    (C.D. Cal. May 3, 2007)....................................... 11

**STATUTES**

18 U.S.C. § 1028A(a)(1)........................................... 14

18 U.S.C. § 1028A(c)(5)........................................... 14

18 U.S.C. § 1343.................................................. 8

18 U.S.C. § 1344(2)............................................... 8

18 U.S.C. § 1956(a)(1)(B)(i)...................................... 8

18 U.S.C. § 1957.................................................. 8

18 U.S.C. § 3147................................................. 13

18 U.S.C. § 3237(a).............................................. 11

**RULES**

Federal Rule of Criminal Procedure 12(b)(3).................... 10, 12

Federal Rule of Criminal Procedure 31(b)............................ 2

**OTHER AUTHORITIES**

Ninth Circuit Manual of Model Criminal Jury Instructions No.
    3.13 ........................................................ 2

Ninth Circuit Manual of Model Criminal Jury Instructions No.
    8.20 ........................................................ 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government submits the following objections to defendant Richard Ayvazyan's ("defendant") proposed verdict form (ECF 547). The government previously submitted a proposed verdict form that included separate verdict forms for each defendant, with the objective of simplifying and focusing the jury's consideration of the charges against each defendant (ECF 452). Conversely, defendant's proposed verdict form injects unnecessary confusion and improper argument into what should be a straightforward form guiding the jury's consideration of the charges against each defendant.

The government respectfully requests that the Court submit to the jury the proposed amended verdict form attached hereto as Exhibit A, which conforms the government's prior submission to the four defendants that ultimately have proceeded to trial.[1]

**II.  OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM**

   **A.   Objection #1: The Government Objects to Defendant's Proposal of a Single Verdict Form for All Defendants**

The government's proposed individual verdict forms for each defendant facilitates the jury's separate and careful consideration of the charges against each defendant. (See ECF 452.)  This approach is consistent with the Ninth Circuit's Model Criminal Jury Instruction Number 3.13 for "Separate Consideration of Multiple Counts – Multiple Defendants," which instructs jurors that they "must decide the case of each defendant on each crime charged

---

[1] Because not all eight defendants have proceeded to trial, the government has limited the caption on the cover page of each individual verdict form to the four defendants that are on trial in order to avoid potential juror confusion.

1

against that defendant separately." Ninth Circuit Manual of Model Criminal Jury Instructions No. 3.13. The government has included this model instruction in its proposed jury instructions previously submitted to the Court. (See ECF 373, Government's Proposed Instruction No. 9.)

Not only is the government's proposal consistent with the jury instructions it anticipates the Court will provide in this case, but also it provides a practical means for the jury to evaluate the evidence against each defendant and to return verdicts consistent with those deliberations. Should the jury reach an impasse with respect to one or more defendants or counts, separate verdict forms will better assist the jury in its objective of returning unanimous verdicts where it can reach consensus. Such an approach squares with Federal Rule of Criminal Procedure 31(b), which provides, "[i]f there are multiple defendants, the jury may return a verdict at any time during its deliberations as to any defendant about whom it has agreed," and "[i]f the jury cannot agree on all counts as to any defendant, the jury may return a verdict on those counts on which it has agreed." Fed. R. Crim. P. 31(b)(1)-(2).

As courts also have recognized, separate verdict forms for each defendant may head off juror confusion in multiple defendant cases and forestall later challenges arising out of such potential uncertainty, including on appeal. See, e.g., United States v. Dhaliwal, 468 F. App'x 666, 669 (9th Cir. 2012) (rejecting defendant's argument regarding potential juror confusion on drug quantity finding as to defendant where "the jury was given separate verdict forms for each defendant"); United States v. Nobari, No. 103-CR-05453 OWW, 2006 WL 2535052, at *25 (E.D. Cal.

Aug. 31, 2006) (no juror confusion as to unanimity finding where "[t]he verdict forms also contained the finding that a unanimous verdict had to be reached in every finding as the separate verdict forms as to each Defendant"), aff'd, 574 F.3d 1065 (9th Cir. 2009); cf. Kansas v. Carr, 577 U.S. 108, 124 (2016) (in capital penalty phase, approving fact that "court instructed the jury to consider the 'individual' or 'particular defendant' by using four separate verdict forms for each defendant, one for each [victim]").

In addition, the government's individual verdict forms provide brief descriptions of the transactions charged in the substantive, non-conspiracy counts in the superseding indictment. This approach is intended to aid in the jury's informed and efficient consideration of the charges against each defendant without requiring jurors to resort to frequent and confusing cross-references to the trial superseding indictment.

Defendant's proposed verdict form undermines all of these objectives. (See ECF 547.) Defendant proposes a single verdict form, combining counts for which all defendants are charged with counts for which some but not all defendants are charged with counts for which just a single defendant is charged. Instead of focusing the jurors' attention on a careful, independent, and straightforward evaluation of the charges against each defendant, defendant's proposal is disjointed and will sow confusion as the jurors try to figure out how to navigate the components of the form.

For example, for the wire fraud (counts 2-12) and bank fraud (counts 13-20) scheme counts, defendant's form requires the jury first to decide whether each defendant is "Not Guilty on All Counts," "Guilty Beyond a Reasonable Doubt on All Counts," or

3

"Guilty on Some Counts." (Id. at 1, 2.) Since defendant Vahe Dadyan is not charged with all wire fraud and bank fraud counts, the form provides a placeholder in the middle category differentiating him from the other defendants. The verdict form further confuses matters by requiring the jury to write in the specific counts for which it finds each defendant guilty, should the jury check off the box that it finds a given defendant only "Guilty on Some Counts." The government's proposed verdict forms, on the other hand, allow the jurors to consider each of the wire and bank fraud counts for which each defendant is charged separately and simply place an "X" on the line for "Guilty" or "Not Guilty."

    Defendant's proposed verdict form also does not provide context or any substantive information for each charge. This will require jurors to cross-reference the trial superseding indictment in order to recall and understand the basis for each charge in defendant's verdict form. While this might not be a significant lift in a run-of-the-mill drug or firearms case, it will make the jurors' job more difficult in a fraud case such as this. The First Superseding Indictment is detailed and extensive, with numerous disparate charges and 64 overt acts in the wire/bank fraud conspiracy count, as well as a multitude of different company names, loan applications, and financial transactions. The government's proposed verdict forms for each defendant include information summarizing the relevant information for each substantive count to aid in the jury's deliberations. Defendant's three-and-a-half page form omits any

4

such guideposts and will make the jury's job harder and more complex when it deliberates.[2]

### B. Objection #2: The Government Objects to Defendant's Use of "Single or Unitary" to Describe the Charged Conspiracies and Schemes and His Framing of the Conspiracy Counts

In the question headings for the conspiracy and scheme counts in defendant's proposed verdict form, defendant uses the modifier "single or unitary" to describe "[c]onspiracy" and "scheme" for Counts One (bank/wire fraud conspiracy), Two through Twelve (wire fraud), Thirteen through Twenty (bank fraud), and Twenty-Six (money laundering conspiracy). (ECF 547.) The government's objection to this language is three-fold: (1) defendant's insertion of this modifier improperly seeks to insert one of his apparent (and legally incorrect) theories of defense into the verdict form, i.e., that there were multiple conspiracies and not just a central bank/wire fraud conspiracy and a central money laundering conspiracy; (2) this proposed language and the structure of the conspiracy counts in his verdict form fail to account for a specific unanimity finding that *is* necessary in this case; and (3) the use of this language will further confuse the jury based on the actual charges in this case.

First, defendant's inclusion of the modifier "single or unitary" is based on a flawed assumption that the evidence in this case supports a "multiple conspiracies" instruction and theory of defense. Defendant has included "multiple conspiracies" instructions in his proposed jury instructions in connection with

---

[2] Defendant's proposed form injects additional confusion by reordering the names of the four defendants at trial in the list of defendants under each count, listing the names alphabetically instead of in the order they appear in the case caption in the superseding indictment.

5

both the bank/wire fraud conspiracy charged in Count One and the money laundering conspiracy charged in Count Twenty-Six.  (See ECF 372, Defense Proposed Instruction Nos. 2, 9.)  He also has proposed a "multiple schemes" instruction – though no such model instruction exists under the Ninth Circuit Manual of Model Criminal Jury Instructions – for the wire fraud and bank fraud charges in this case.  (Id., Defense Proposed Instruction No. 7.)  As defendant made clear during his opening statement, one of his theories of defense will be that there are purportedly multiple "joint ventures" which somehow absolves him of responsibility in this case.

Based on the evidence presented thus far, as well as the additional evidence the government expects to admit, there is no factual basis for the Court to instruct the jury on "multiple conspiracies" – much less to include the "single or unitary" language in the final verdict forms.  A defendant is not entitled to what amounts to a specific unanimity instruction based on a "multiple conspiracies" defense theory unless there is a "genuine possibility of confusion" about the existence of multiple conspiracies.  See United States v. Lapier, 796 F.3d 1090, 1096-97 (9th Cir. 2015) (specific unanimity instruction necessary where "perfect storm" of potential "jury confusion," including where "indictment was broadly worded and did not name the coconspirators," the "evidence adduced at trial credibly showed at least two separate conspiracies," and "even the prosecutor admitted that the government may have proved two separate conspiracies").  In evaluating whether such a "genuine possibility" exists, the Ninth Circuit has "considered a non-exhaustive list of factors including the text of the indictment, the clarity and presentation of the government's

argument, the complexity of the evidence, and the clarity or ambiguity of the jury instructions." Id. at 1097.

Here, the government has alleged and presented evidence regarding a conspiracy to commit bank fraud and wire fraud in connection with the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program starting in or around March 2020. (ECF 154, 1.) The government has separately alleged and presented evidence regarding a conspiracy to engage in money laundering with respect to the fraudulently obtained proceeds of the bank/wire fraud conspiracy during the same general time period. (Id., Count 26.) In connection with both alleged conspiracies, the government has specifically alleged the coconspirators, provided an exemplary list of loan applications and bank transactions in the overt acts showing how these specific conspiracies were carried out, and presented evidence illustrating clearly the manner, means, coconspirators, and fruits of both of the alleged conspiracies.

At the end of trial, the government does not expect the defense to be in any better position to point to credible evidence of an entirely separate conspiracy relating to fraudulent PPP/EIDL loan applications that could lead to the "genuine possibility of confusion" among the jurors about the bank/wire fraud and money laundering conspiracies at issue here.[3] The proposed "single or

---

[3] The government has moved in limine to preclude defense evidence or argument regarding a separate indictment brought by the State of California alleging a mortgage and green loan fraud scheme that took place in the years before the PPP/EIDL programs under the CARES Act. (See ECF 550.) But even if evidence of this separately alleged scheme by the State, focused predominantly on the years between 2014 and 2019, was admissible for some purpose, the factually distinct allegations in that case do not provide a credible basis for the "genuine possibility of confusion" about the conspiracies alleged here.

7

1  unitary" language is thus unfounded and should be rejected.  See
2  United States v. Perry, 550 F.2d 574, 532-33 (9th Cir. 1977)
3  (affirming trial court's refusal to give multiple conspiracies
4  instruction, explaining "[t]he crucial point that defendants miss in
5  this case is the fact that the jury could find that there were
6  several different agreements involving the defendants, all of which
7  would then connect the defendants to the general overall conspiracy
8  as charged in the indictment"); United States v. Hussain, No. 16-cr-
9  00462-CRB, 2018 WL 3619797, at *35 (N.D. Cal. July 30, 2018) ("[T]he
10 standard is not whether it is possible that jurors might find
11 multiple conspiracies, but whether there is a 'genuine possibility
12 of confusion' among the jurors.") (emphasis in original) (quoting
13 Lapier, 796 F.3d at 1096).
14      Second, defendant compounds his error in including this "single
15 or unitary" language in his verdict form by not separately
16 accounting for the two distinct objects of each of the bank/wire
17 fraud conspiracy and the money laundering conspiracy.  Specifically,
18 Count One alleges that the defendants conspired to commit both wire
19 fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in
20 violation of 18 U.S.C. § 1344(2).  (ECF 154, Count 1.)  Similarly,
21 Count Twenty-Six alleges that the defendants conspired to commit
22 both concealment money laundering, in violation of 18 U.S.C.
23 § 1956(a)(1)(B)(i), and transactional money laundering, in violation
24 of 18 U.S.C. § 1957.  (Id., Count 26.)  However, the jury does not
25 need to find the defendants conspired to commit both objects in each
26 alleged conspiracy to find them guilty.  See Ninth Circuit Manual of
27 Model Criminal Jury Instructions, No. 8.20 ("You must find that
28 there was a plan to commit at least one of the crimes alleged in the

indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit."). Thus, the government accounts for these two separate objects in each charged conspiracy in its proposed verdict forms, allowing the jury to determine whether each defendant conspired to commit one or both of these alleged objects, requiring the jurors' unanimity on each of these findings. (See generally ECF 452.)

Defendant's proposed verdict form glosses over this distinction and improperly seeks to require the government to prove a "single or unitary" conspiracy to achieve both alleged objects in the charged conspiracy counts. To be clear, the government believes the evidence supports a finding that defendants conspired to commit both objects in each of the two alleged conspiracies. But it is not required to prove as much, and defendant's attempt to confuse the jury with the "single or unitary" modifier should be rejected.

Finally, the use of "single or unitary" to modify both conspiracies in defendant's verdict form is especially confusing in that the government has in fact charged two separate conspiracies in this case. The alleged conspiracies cover different objects and, when properly instructed, the jury should not be confused about its independent evaluation of the distinct conspiracies with which defendants are charged. The use of "single or unitary" in the verdict form (as well as the factually unsupported "multiple conspiracies" jury instruction) will only inject confusion where it does not otherwise exist. The same reasoning applies for defendant's proposed use of the "single or unitary" modifier in his verdict form for the wire fraud scheme and the bank fraud scheme, which charge distinct harms and are based clearly upon the

9

fraudulent PPP/EIDL loan applications at the heart of this case.[4]

### C. Objection #3: The Government Objects to Defendant's Inclusion of the Venue Question as to the Alleged Wire Fraud Counts Because He Has Waived a Challenge to Venue

Defendant proposes a question regarding venue with respect to the wire fraud scheme alleged in Counts Two through Twelve. (See ECF 547 at 1.) The government objects to defendant's inclusion of this question because defendant waived a challenge to venue by failing to object to it before trial pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(i). A challenge to venue "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). The Ninth Circuit has "held that a failure to timely raise a pretrial objection required by Rule 12, 'absent a showing of good cause,' constitutes a waiver – we will not review the objection, even for plain error." United States v. Ghanem, 993 F.3d 1113, 1120 (9th Cir. 2021). Defendant provides no good cause for his failure to challenge venue before trial, and thus his request to include a venue question in the proposed verdict form should be rejected.

In addition, even though defendant has waived his right to challenge venue or submit it to the jury, the government notes that the content, formulation, and placement of defendant's proposed venue question with respect to the wire fraud scheme misstates the

---

[4] The government also objects to defendant's use of "or artifice" in his proposed language for both the wire fraud and bank fraud questions in his verdict form. (See, e.g., ECF 547, Counts 2-12 (". . . charging the transmission of wires for the purpose of executing a single or unitary scheme or artifice to defraud . . .").) This language is superfluous and unnecessary, and will lead to juror confusion.

10

law and injects additional unnecessary confusion.

First, defendant's limitation of the basis for venue as to whether "the wire was sent to or from the Central District of California" is legally incorrect. Because "[w]ire fraud is a 'continuing offense' . . . venue may lie in all of the places <u>where any part was accomplished</u>." <u>United States v. Pace</u>, 314 F.3d 344, 350 (9th Cir. 2002) (citing 18 U.S.C. § 3237(a)) (emphasis added). "Crimes that are not unitary but instead span space and time . . . may be considered continuing offenses under 18 U.S.C. § 3237(a). Continuing offenses may be prosecuted 'in any district in which such offense was begun, continued, or completed.'" <u>Id.</u> (quoting <u>United States v. Corona</u>, 34 F.3d 876, 879 (9th Cir. 1994)). With respect to wire fraud in particular, under the continuing offense construction, "venue is established in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was '<u>orchestrated</u>.'" <u>Id.</u> (quoting <u>United States v. Palomba</u>, 31 F.3d 1456, 1461 (9th Cir. 1994)) (emphasis added). <u>See also</u> <u>United States v. Yagman</u>, No. CR 06-227(A)-SVW, 2007 WL 9724388, at *17 (C.D. Cal. May 3, 2007) ("Consequently, as long as one act furthering the execution of a single scheme to defraud under Section 157 occurs within the Central District of California (such as in a wire fraud case), venue is proper before this Court.") (citing <u>Pace</u>, 314 F.3d at 350).

Here, the government expects that at a minimum, the proof at trial demonstrates that defendants "orchestrated" the wire fraud scheme from the Central District of California, including for the time period encompassed by the wire transmissions charged in the First Superseding Indictment. There is no requirement that "the

11

wire was sent to or from the Central District of California," and thus defendant's legal construction of the standard is incorrect.

Second, the formulation of the venue question for this continuing offense in defendant's proposed verdict form, with a separate finding for each charged transmission, is unnecessary, duplicative, and confusing. Because wire fraud is a continuing offense, "venue may lie in all of the places where any part was accomplished." Pace, 314 F.3d at 350. Listing out each wire transmission separately is thus unnecessary, as the jury could make a finding as to venue for the wire fraud counts based on evidence the government presents with respect to the orchestration of the scheme as a whole for the time period encompassed by the relevant wire transmissions.

Finally, defendant's placement of the venue question for each wire fraud count in between the foundational questions as to the wire fraud counts for which defendants are guilty or not guilty is confusing and disjointed. In addition to the structural issues the government identified above with respect to the formulation of the wire fraud questions (as explained in Objection Nos. 1 and 2 herein), the interjection of the venue question in the middle of the wire fraud scheme section interrupts the natural flow of the jurors' consideration of the issue of substantive guilt.

In sum, defendant's proposed venue question should be rejected because defendant waived any challenge to venue by not raising it before trial. Fed. R. Crim. P. 12(b)(3)(A)(i). If the Court overlooks defendant's waiver, his proposed venue question should be rejected as legally erroneous and confusing.

**D.   Objection #4: The Government Objects to the Omission of a Question Regarding Defendant Richard Ayvazyan's Commission of Money Laundering While on Pretrial Release**

In its proposed verdict form as to defendant Richard Ayvazyan, the government includes a conditional follow-up question for each of the five concealment money laundering counts charged against defendant in Counts Twenty-Eight through Thirty-Two.  The follow-up questions pertain to the charges against defendant for committing offenses while on pretrial release, in violation of 18 U.S.C. § 3147.  Specifically, the follow-up questions ask the jury to make a finding (if they have found defendant guilty of the underlying money laundering offense) as to whether defendant committed the offense while on pretrial release.  (See ECF 452 at ECF-stamped pages 18-22.)  The government included these follow-up questions because the allegations against defendant in the First Superseding Indictment under 18 U.S.C. § 3147 have the potential to increase his sentencing exposure beyond the statutory maximum for the underlying offense, and thus must be proven to the jury beyond a reasonable doubt.  See United States v. Rosas, 615 F.3d 1058, 1065 (9th Cir. 2010); see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).[5]

Defendant's proposed verdict form fails to specify any follow-up questions with respect to the section 3147 allegations against him in Counts Twenty-Eight through Thirty-Two of the First Superseding Indictment.  The government objects to defendant's failure to account for this issue in his proposed verdict form.

---

[5] The government also has included a jury instruction to account for defendant's alleged commission of crimes while on pretrial release in its proposed jury instructions.  (See ECF 373, Government's Proposed Instruction No. 27.)

13

### E. Objection #5: The Government Objects to Defendant's Omission of the Specific Felony Predicate for the Aggravated Identity Theft Counts

In his proposed verdict form, for the aggravated identity theft counts charged against defendant and his coconspirators Marietta Terabelian and Artur Ayvazyan, defendant describes the relevant charge as "Aggravated Identity Theft in Relation to a Felony." (See ECF 547 at 3 (Counts 21, 22, 24).) The government objects to the omission of the underlying predicate felony alleged in the indictment with respect to each of these counts, proof of which is a required element of the offense under 18 U.S.C. § 1028A(a)(1).

Section 1028A(a)(1) prescribes the knowing transfer, possession, or use, without lawful authority, of a means of identification of another person "during and in relation to any felony violation enumerated in subsection (c)" of the statute. 18 U.S.C. § 1028A(a)(1). The statute provides an enumerated list of predicate felonies, which includes bank fraud and wire fraud. See 18 U.S.C. § 1028A(c)(5).

Defendant's formulation of the aggravated identity theft counts in his proposed verdict form implies that any felony can be a predicate offense, which is not the law. In its proposed verdict forms as to each defendant, the government identifies the charged predicate felony (bank or wire fraud, as specified in the First Superseding Indictment) for each aggravated identity theft count. This approach ensures the jury will make a finding as to the aggravated identity theft charges that is expressly based on a legally sufficient predicate offense.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant Richard Ayvazyan's request that his proposed verdict form be submitted to the jury and instead provide the government's amended proposed verdict forms, attached hereto as Exhibit A, to the jury.