TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:     Scott.Paetty@usdoj.gov
                 Catherine.S.Ahn@usdoj.gov
                 Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>       "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>       "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>       "Anton Kudiumov," | No. CR 20-579(A)-SVW<br><br>GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTIONS<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud and Wire Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft;18 U.S.C. § 1956(h): Money Laundering Conspiracy; 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 18 U.S.C. § 3147:Offense Committed While on Release; 18 U.S.C. §§ 981, |

1

```
ARMAN HAYRAPETYAN,              982,1028 and 28 U.S.C. § 2461(c):
EDVARD PARONYAN,                Criminal Forfeiture]
  aka "Edvard Paronian" and
        "Edward Paronyan," and  [Annotated Set]
VAHE DADYAN,

            Defendants.
```

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files the government's revised proposed jury instructions, which have been amended to reflect the defendants and charges remaining in this case, supplemented to add proposed instructions based on the events at trial or remove proposed instructions that no longer appear necessary, and identify the names of lenders and banks cited in the governments' redacted trial indictment[1].

Unless otherwise noted, these revised proposed jury instructions are based on the Ninth Circuit's Model Jury Instructions.  These revised jury instructions do not include revisions to the government's proposed jury instructions for the forfeiture portion of the trial.[2]  The government will separately file its objections to defendants' joint proposed jury instructions (ECF 372).

---

[1] The identities of the lenders and banks referenced in the proposed jury instruction are not in genuine dispute.  (See e.g., ECF 530, 531, 532, and 551.)

[2] The government included proposed jury instructions for the forfeiture portion of the trial in its previous filing (ECF 373).

The government respectfully requests leave to make modifications to these instructions, to submit such other and additional instructions as may become appropriate, and/or to withdraw any instructions that prove inapplicable.

Dated: June 22, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                         _/s/ Catherine Ahn_
                                        CATHERINE AHN
                                        SCOTT PAETTY
                                        BRIAN FAERSTEIN
                                        Assistant United States Attorneys
                                        CHRISTOPHER FENTON
                                        Department of Justice Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**INDEX OF GOVERNMENT AMENDED PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Stipulations of Fact | Ninth Cir. Model Jury Instructions No. 2.4 (2010 ed.) | 1 |
| 2 | | Transcript of Recording in Foreign Language | Ninth Cir. Model Jury Instructions No. 2.7 (2010 ed.) | 2 |
| 3 | | Foreign Language Testimony | Ninth Cir. Model Jury Instructions No. 2.9 (2010 ed.) | 3 |
| 4 | | Defendant's Decision Not to Testify | Ninth Cir. Model Jury Instructions No. 3.3 (2010 ed.) | 4 |
| 5 | | Defendant's Decision to Testify | Ninth Cir. Model Jury Instructions No. 3.4 (2010 ed.) | 5 |
| 6 | | Activities Not Charged | Ninth Cir. Model Jury Instructions No. 3.10 (2010 ed.) | 6 |
| 7 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Cir. Model Jury Instructions No. 4.3 (2010 ed.) | 7 |
| 8 | | Impeachment, Prior Conviction of Defendant | Ninth Cir. Model Jury Instructions No. 4.6 (2010 ed.) | 8 |
| 9 | | Other Crimes, Wrongs, or Acts of Defendant / Failure to Appear | Ninth Cir. Model Jury Instructions Nos. 4.3 and 8.194 (2010 ed.) | 9 |
| 10 | | Impeachment Evidence (Anthony Farrar) | Ninth Cir. Model Jury Instructions No. 4.8 (2010 ed.) | 10 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 11 | | Separate Consideration of Multiple Counts – Multiple Defendants | Ninth Cir. Model Jury Instructions No. 3.13 (2010 ed.) | 11 |
| 12 | | Disposition of Charge Against Codefendant | Ninth Cir. Model Jury Instructions No. 2.15 (2010 ed.) | 12 |
| 13 | | On or About – Defined | Ninth Cir. Model Jury Instructions No. 3.18 (2010 ed.) | 13 |
| 14 | | Statements by Defendant | Ninth Cir. Model Jury Instructions No. 4.1 (2010 ed.) | 14 |
| 15 | | Charts and Summaries Not Admitted Into Evidence | Ninth Cir. Model Jury Instructions No. 4.16 (2010 ed.) | 15 |
| 16 | | Charts and Summaries Admitted Into Evidence | Ninth Cir. Model Jury Instructions No. 4.10 (2010 ed.) | 16 |
| 17 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | Ninth Cir. Model Jury Instructions No. 4.19 (2010 ed.) | 17 |
| 18 | | Opinion Evidence – Expert Witness | Ninth Cir. Model Jury Instructions No. 4.14 (2010 ed.) | 18 |
| 19 | | Conspiracy – Elements (Generally) | Ninth Cir. Model Jury Instructions No. 8.20 (2010 ed.) | 19 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 20 | | Conspiracy – Knowledge of the Association with Other Conspirators | Ninth Cir. Model Jury Instructions No. 8.25 (2010 ed.) | 21 |
| 21 | | Conspiracy – Liability for Substantive Offense Committed by a Co-Conspirator (Pinkerton Charge) | Ninth Cir. Model Jury Instructions No. 2.4 (2010 ed.) | 23 |
| 22 | | Aiding and Abetting | Ninth Cir. Model Jury Instructions No. 5.1 (2010 ed.) | 24 |
| 23 | | Conspiracy – Elements (Wire Fraud and Bank Fraud) | Ninth Cir. Model Jury Instructions No. 8.20 (2010 ed.) | 26 |
| 24 | | Wire Fraud | Ninth Cir. Model Jury Instructions No. 8.124 (2010 ed.) | 27 |
| 25 | | Bank Fraud – Scheme to Defraud by False Promises | Ninth Cir. Model Jury Instructions No. 8.127 (2010 ed.) | 30 |
| 26 | | Knowingly – Defined | Ninth Cir. Model Jury Instructions No. 5.7 (2010 ed.) | 32 |
| 27 | | Aiding and Abetting (18 U.S.C. § 2(b)) | Ninth Cir. Model Jury Instructions No. 5.1A (2010 ed.) | 33 |
| 28 | | Conspiracy – Elements (Money Laundering) | Ninth Cir. Model Jury Instructions No. 8.20 (2010 ed.) | 34 |

iii

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 29 | | Laundering Monetary Instruments | Ninth Cir. Model Jury Instructions No. 8.147 (2010 ed.) | 36 |
| 30 | | Money Laundering | Ninth Cir. Model Jury Instructions No. 8.150 (2010 ed.) | 38 |
| 31 | | Fraud In Connection With Identification Documents – Aggravated Identity Theft | Ninth Cir. Model Jury Instructions No. 8.83 (2010 ed.) | 39 |
| 32 | | Possession - Defined | Ninth Cir. Model Jury Instructions No. 3.15 (2010 ed.) | 41 |

1                      COURT'S INSTRUCTION NO. __

2              GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

3        The parties have agreed to certain facts that have been stated

4   to you.   Those facts are now conclusively established.

26  Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2010 ed.)

27  [Stipulations of Fact].

1

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

You have heard a recording in the Armenian language.  Each of you were shown a transcript of the recording that has been admitted into evidence.  The transcript is an English-language translation of the recording.

Although some of you may know the Armenian language, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2010 ed.) [Transcript of Recording in Foreign Language].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

*[If applicable]*

You have heard testimony of a witness who testified in the Armenian language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the Armenian language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2010 ed.) [Foreign Language Testimony].

3

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

*[If defendant does not testify]*

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2010 ed.) [Defendant's Decision Not To Testify].

4

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

*[If defendant testifies]*

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.4 (2010 ed.) [Defendant's Decision To Testify].

5

COURT'S INSTRUCTION NO. \_\_\_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.) [Activities Not Charged] (modified to reflect multiple defendants).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

*[If applicable]*

You have heard evidence that a defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.) [Other Crimes, Wrongs or Acts of Defendant]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

*[If applicable]*

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.6 (2010 ed.) [Impeachment, Prior Conviction of Defendant].

8

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

You have heard evidence that defendant Richard Ayvazyan was released under the Bail Reform Act.  You may consider this evidence only for its bearing, if any, on the question of whether defendant Richard Ayvazyan was released under that Act during the commission of the offenses charged in Counts Twenty-Eight through Thirty-Two. You may not consider defendant Richard Ayvazyan's bail status as evidence of guilt of the crimes for which he is now on trial.

Ninth Circuit Model Criminal Jury Instructions, Nos. 4.3 (2010 ed.) [Other Crimes, Wrongs, of Acts of Defendant] and 8.194 [Failure to Appear] (modified).

9

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

*[If applicable]*

You have heard evidence that Anthony Farrar, a witness, had a prior criminal conviction.  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) [Impeachment Evidence] (modified to reflect witness and conviction).

1
COURT'S INSTRUCTION NO. _____

2
GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

3
   A separate crime is charged against one or more of the

4
defendants in each count.  The charges have been joined for trial.

5
You must decide the case of each defendant on each crime charged

6
against that defendant separately.  Your verdict on any count as to

7
any defendant should not control your verdict on any other count or

8
as to any other defendant.

9
   All the instructions apply to each defendant and to each count

10
unless a specific instruction states that it applies only to a

11
specific defendant and/or count.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
Ninth Circuit Model Criminal Jury Instructions, No. 3.13 (2010 ed.)

27
[Separate Consideration of Multiple Counts -- Multiple Defendants].

28

1          COURT'S INSTRUCTION NO. __

2       GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

3       Any other person's decision to plead guilty is a personal

4    decision about his or her own guilt.  You should not use any

5    individual's decision to plead guilty in any way as evidence against

6    any of the defendants on trial.  You have heard that other co-

7    defendants were charged in this case, and you should not speculate

8    about the reasons why co-defendants were not part of the trial.

22   Ninth Circuit Model Criminal Jury Instructions, No. 2.15 (2010 ed.)

23   [Defendant's Decision To Testify] (modified to conform to

24   Instruction Previously Given during Trial (Day 2, June 16, 2021

25   afternoon); see also United States v. Vennie, 790 Fed. Appx. 506,

26   510 (4th Cir. 2019) and United States v. Halbert, 640 F.2d 1000,

27   1004-07 (9th Cir. 1981).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

The indictment charges that the offenses alleged were committed "on or about" or "in or around" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the specified offense was committed on a date reasonably near the date alleged in the specified count, it is not necessary for the government to prove that the specified offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.) [On or About -- Defined] (modified to reflect multiple offenses and to include "in or around").

13

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

You have heard testimony that a defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2010 ed.) [Statements by Defendant].

14

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

*[If applicable]*

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.) [Charts and Summaries Not Admitted Into Evidence].

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 4.10 (2010 ed.) [Charts and Summaries Admitted Into Evidence].

16

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

*[If applicable]*

You have heard testimony from [NAME or NAMES], [a] witness[es] who admitted being [an] accomplice[s] to the crimes charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

For this reason, in evaluating the testimony of [NAME or NAMES], you should consider the extent to which or whether [his][her][their] testimony may have been influenced by this factor. In addition, you should examine the testimony of [NAME or NAMES] with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 4.9 (2010 ed.) [Testimony of Witnesses Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea] (modified).

17

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

*[If applicable]*

You have heard testimony from [NAME(s)] who testified to opinions and the reasons for [his/her/their] opinions.  This opinion testimony is allowed because of the education or experience of [this/these] witness[es].

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) [Opinion Evidence, Expert Witness].

18

1          COURT'S INSTRUCTION NO. __

2      GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

3          Counts One and Twenty-Six of the indictment charge all of the

4  defendants with conspiring to commit other specified crimes.  Before

5  I state and explain the elements of the crimes that are the objects

6  of the conspiracies, I will first provide some general instructions

7  on the crime of conspiracy itself.  These instructions apply with

8  equal force to Counts One and Twenty-Six of the indictment.

9          A conspiracy is a kind of criminal partnership—an agreement of

10  two or more persons to commit one or more crimes.  The crime of

11  conspiracy is the agreement to do something unlawful; it does not

12  matter whether the crime agreed upon was committed.

13          For a conspiracy to have existed, it is not necessary that the

14  conspirators made a formal agreement or that they agreed on every

15  detail of the conspiracy.  It is not enough, however, that they

16  simply met, discussed matters of common interest, acted in similar

17  ways, or perhaps helped one another.  You must find that there was a

18  plan to commit at least one of the crimes alleged in the indictment

19  as an object of the conspiracy with all of you agreeing as to the

20  particular crime which the conspirators agreed to commit.

21          One becomes a member of a conspiracy by willfully participating

22  in the unlawful plan with the intent to advance or further some

23  object or purpose of the conspiracy, even though the person does not

24  have full knowledge of all the details of the conspiracy.

25  Furthermore, one who willfully joins an existing conspiracy is as

26  responsible for it as the originators.  On the other hand, one who

27  has no knowledge of a conspiracy, but happens to act in a way which

28

19

furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Ninth Circuit Model Criminal Jury Instructions, No 8.20 (2010 ed.) [Conspiracy—Elements] (modified to (1) delete elements of § 1349 conspiracy and retain general summary of conspiracy law; and (2) reflect the charges in the indictment and to add the first introductory paragraph).

1      COURT'S INSTRUCTION NO. _____

2      GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

3      A conspiracy may continue for a long period of time and may

4  include the performance of many transactions.  It is not necessary

5  that all members of the conspiracy join it at the same time, and one

6  may become a member of a conspiracy without full knowledge of all

7  the details or purposes of the unlawful scheme or the names,

8  identities, or locations of all of the other members.

9      Even though a defendant did not directly conspire with other

10 conspirators in the overall scheme, the defendant has, in effect,

11 agreed to participate in the conspiracy if the government proves

12 each of the following beyond a reasonable doubt:

13     First, that the defendant directly conspired with one or more

14 conspirators to carry out at least one of the objects of the

15 conspiracy;

16     Second, that the defendant knew or had reason to know that

17 other conspirators were involved with those with whom the defendant

18 directly conspired; and

19     Third, that the defendant had reason to believe that whatever

20 benefits the defendant might get from the conspiracy were probably

21 dependent upon the success of the entire venture.

22     It is not a defense that a person's participation in a

23 conspiracy was minor or for a short period of time.

24

25

26 Ninth Circuit Model Jury Instructions, No. 8.23 (2010 ed.)

27 [Conspiracy—Knowledge of the Association with Other Conspirators]

28

21

(modified to add the phrase "or purposes," which is language taken
from comment to Model Instruction 8.23 and from United States v.
Escalante, 637 F.2d 1197 (9th Cir. 1980), which the model
instruction cites to clarify conspiracy timeline requirements); see
also Escalante, 637 F.2d at 1200 ("In order to be a coconspirator,
one need not know all the purposes of and participants in the
conspiracy.").

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course of and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.

Therefore, you may find a defendant guilty of a crime charged in the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, someone committed the crime;

Second, that person was a member of a conspiracy;

Third, that person performed the crime in furtherance of the conspiracy;

Fourth, that person and the defendant were members of the same conspiracy at the time that this crime was committed; and

Fifth, the crime fell within the scope of that conspiracy and could reasonably have been foreseen, by the defendant, to be a necessary or natural consequence of the conspiracy.

Ninth Circuit Model Jury Instruction, No. 8.25 (2010 ed.) [Conspiracy -- Liability for Substantive Offense Committed by a Co-Conspirator (Pinkerton Charge)] (modified for generic reference).

23

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

A defendant may also be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of committing a particular crime by means of aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, a crime was committed by someone;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and

24

abetted.

Ninth Circuit Model Criminal Jury Instructions, No. 5.1 (2010 ed.)
[Aiding and Abetting] (modified for generic reference).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

All of the defendants are charged in Count One of the indictment with conspiring to commit wire fraud, in violation of Section 1343 of Title 18 of the United States Code, and bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code.

In order for a defendant to be found guilty of the charge in Count One the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or around March 2020 and continuing until at least in or around August 2020, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The crimes that are alleged to be the objects of the conspiracy -- wire fraud and bank fraud -- are defined in the next instructions.

Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.) [Conspiracy -- Elements] (modified to reflect the charges in the indictment and note that the object offenses are defined in the next instruction).

26

1                 COURT'S INSTRUCTION NO. \_\_\_\_\_

2            GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

3       The defendants are charged in Counts Two through Twelve of the

4 indictment with wire fraud, in violation of Section 1343 of Title 18

5 of the United States Code, as follows:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION | DEFENDANTS CHARGED |
|-------|------|------------------------------|--------------------|
| TWO | May 1, 2020 | Transfer of approximately $182,637 in PPP loan proceeds from WebBank, sent by means of an interstate wire, into S. Construction JPMorgan Chase, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| THREE | May 5, 2020 | Transfer of approximately $124,000 in PPP loan proceeds from Cross River Bank, sent by means of an interstate wire, into Allstate Towing U.S. Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| FOUR | May 8, 2020 | Transfer of approximately $130,000 in PPP loan proceeds from Celtic Bank, sent by means of an interstate wire, into TQC Wells Fargo Bank, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| FIVE | May 11, 2020 | Transfer of approximately $137,500 in PPP loan proceeds from Comerica Bank, sent by means of an interstate wire, into Secureline Realty Comerica Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| SIX | May 11, 2020 | Transfer of approximately $130,187 in PPP loan proceeds from Celtic Bank, sent by means of an interstate wire, into Redline Auto Collision JPMorgan Chase, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| SEVEN | May 20, 2020 | Transfer of approximately $157,500 in PPP loan proceeds from Celtic Bank, sent by means of an interstate wire, into Voyage Limo Wells Fargo Bank, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |
| EIGHT | June 16, 2020 | Transfer of approximately $149,900 in EIDL loan proceeds from the SBA, sent by means of an interstate wire, into G&A Diamonds U.S. Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION | DEFENDANTS CHARGED |
|-------|------|------------------------------|---------------------|
| NINE | June 17, 2020 | Transfer of approximately $150,000 in EIDL loan proceeds from the Redline Auto Collision JPMorgan Chase, N.A. Account, sent by means of an interstate wire, to Terabelian Bank of America, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |
| TEN | June 22, 2020 | Transfer of approximately $149,900 in EIDL loan proceeds from the SBA, sent by means of an interstate wire, into Timeline Transport Radius Bank (a/k/a LendingClub Bank) Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |
| ELEVEN | July 31, 2020 | Transfer of approximately $384,150 in PPP loan proceeds from Newtek Small Business Finance, sent by means of an interstate wire, into Mod Interiors Radius Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |
| TWELVE | August 13, 2020 | Submission of application for PPP loan to Newtek Small Business Finance in the name of A.D., sent by means of an interstate wire | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |

In order for a defendant to be found guilty of wire fraud, in violation of Section 1343 of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

1     <u>Third</u>, the defendant acted with the intent to defraud, that is,

2 the intent to deceive and cheat; and

3     <u>Fourth</u>, the defendant used, or caused to be used, an interstate

4 wire communication to carry out or attempt to carry out an essential

5 part of the scheme.

6     In determining whether a scheme to defraud exists, you may

7 consider not only the defendant's words and statements, but also the

8 circumstances in which they are used as a whole.

9     A wiring is caused when one knows that a wire will be used in

10 the ordinary course of business or when one can reasonably foresee

11 such use.

12     It need not have been reasonably foreseeable to the defendant

13 that the wire communication would be interstate in nature.  Rather,

14 it must have been reasonably foreseeable to the defendant that some

15 wire communication would occur in furtherance of the scheme, and an

16 interstate wire communication must have actually occurred in

17 furtherance of the scheme.

25 Ninth Circuit Model Criminal Jury Instructions, No. 8.124 (2010 ed.;

26 approved 4/2019) [Wire Fraud] (modified to add chart of specific

27 counts and to include specific references to lenders and banks).

1

COURT'S INSTRUCTION NO. _____

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25

3

The defendants are charged in Counts Thirteen through Twenty of

4

the indictment with bank fraud, in violation of Section 1344(2) of

5

Title 18 of the United States Code, as follows:

6

7

| COUNT | DATE | ACT | DEFENDANTS CHARGED |
|-------|------|-----|--------------------|
| THIRTEEN | April 18, 2020 | Submission of application for PPP loan to WebBank in the name of H. Construction | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| FOURTEEN | April 30, 2020 | Submission of application for PPP loan to Celtic Bank in the name of TQC | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| FIFTEEN | May 2, 2020 | Submission of application for PPP loan to Cross River Bank in the name of Allstate Towing | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| SIXTEEN | May 7, 2020 | Submission of application for PPP loan to Celtic Bank in the name of Redline Auto Collision | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| SEVENTEEN | May 9, 2020 | Submission of application for PPP loan to Comerica Bank in the name of Secureline Realty | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| EIGHTEEN | May 18, 2020 | Submission of application for PPP loan to Celtic Bank in the name of Voyage Limo | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |
| NINETEEN | June 25, 2020 | Submission of application for PPP loan to Celtic Bank in the name of Redline Auto Mechanics | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |
| TWENTY | July 13, 2020 | Submission of application for PPP loan to Seattle Bank in the name of Runyan Tax Service | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; V. DADYAN |

24

In order for a defendant to be found guilty of bank fraud, in

25

violation of Section 1344(2) of Title 18 of the United States Code,

26

the government must prove each of the following elements beyond a

27

reasonable doubt:

28

30

1    First, for each Count, the defendant knowingly carried out a
2    scheme or plan to obtain money or property from the financial
3    institution specified in the Count by making false statements or
4    promises;
5    Second, the defendant knew that the statements or promises were
6    false;
7    Third, the statements or promises were material; that is, they
8    had a natural tendency to influence, or were capable of influencing,
9    a financial institution to part with money or property;
10    Fourth, the defendant acted with the intent to defraud; and
11    Fifth, the specified financial institution was federally
12    insured.

13
14
15
16
17
18
19
20
21
22
23
24
25    Ninth Circuit Model Criminal Jury Instructions, No. 8.127 (2010 ed.)
26    [Bank Fraud—Scheme to Defraud by False Promises] (modified to add
27    chart of specific counts)
28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instructions, No. 5.7 (2010 ed.)

[Knowingly-Defined]

32

1 COURT'S INSTRUCTION NO. \_\_\_\_\_

2 GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

3 A defendant may be found guilty of wire fraud or bank fraud as

4 charged in each of Counts Two through Twelve and Thirteen through

5 Twenty of the indictment even if the defendant did not personally

6 commit the acts constituting the crime if the defendant willfully

7 caused an act to be done that if directly performed by him or her

8 would be an offense against the United States.  A defendant who puts

9 in motion or causes the commission of an indispensable element of

10 the offense may be found guilty as if he or she had committed this

11 element him- or herself.

12

13

14

15

16

17

18

19

20

21

22

23

24

25 Ninth Circuit Model Criminal Jury Instructions, No. 5.1A (2010 ed.;

26 approved 9/2019) [Aiding and Abetting (18 U.S.C. § 2(b) (modified to

27 reflect charges in the indictment)]

28

33

1    COURT'S INSTRUCTION NO. _____

2    GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

3    All of the defendants are charged in Count Twenty-Six of the

4    indictment with conspiring to engage in money laundering, in

5    violation of Section 1956(h) of Title 18 of the United States Code.

6    In order for a defendant to be found guilty of that charge, the

7    government must prove each of the following elements beyond a

8    reasonable doubt:

9    First, beginning no later than in or around March 2020 and

10   continuing until at least in or around October 2020, there was an

11   agreement between two or more persons to commit at least one of the

12   following crimes: (1) money laundering, in violation of Section

13   1956(a)(1)(B)(i) of Title 18 of the United States Code; and

14   (2) engaging in monetary transactions in property derived from

15   specified unlawful activity, in violation of Section 1957 of Title

16   18 of the United States Code -- with all of you agreeing as to the

17   particular crime which the conspirators agreed to commit; and

18   Second, the defendant became a member of the conspiracy knowing

19   of at least one of its objects and intending to help accomplish it.

20   The crimes that are alleged to be the objects of the conspiracy

21   charged in Count Twenty-Six -- money laundering and engaging in

22   monetary transactions in property derived from specified unlawful

23   activity -- are further defined in the next instructions.

24

25

26   Ninth Circuit Model Criminal Jury Instructions, No. 8.20 (2010 ed.)

27   [Conspiracy -- Elements] (modified to reflect the charges in the

28

34

indictment and note that the object offenses are defined in the next instructions).

1          COURT'S INSTRUCTION NO. _____

2       GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

3       Defendant Vahe Dadyan is charged in Count Twenty-Seven, and

4    defendant Richard Ayvazyan is charged in Counts Twenty-Eight through

5    Thirty-Two, with laundering money, in violation of Section

6    1956(a)(1)(B)(i) of Title 18 of the United States Code.

7       In order for a defendant to be found guilty of laundering money

8    as charged in the aforementioned counts, the government must prove

9    each of the following elements beyond a reasonable doubt:

10      First, the defendant conducted a financial transaction

11   involving property that represented the proceeds of conspiracy to

12   commit bank fraud and wire fraud, in violation of Section 1349 of

13   Title 18 of the United States Code; wire fraud in violation of

14   Section 1343 of Title 18 of the United States Code; or bank fraud,

15   in violation of Section 1344(2) of Title 18 of the United States

16   Code;

17      Second, the defendant knew that the property represented the

18   proceeds of some form of unlawful activity; and

19      Third, the defendant knew that the transaction was designed in

20   whole or in part to conceal or disguise the nature, location,

21   source, ownership, and/or control of such proceeds.

22      A financial transaction is a transaction involving the use of a

23   financial institution that is engaged in, or the activities of which

24   affect interstate or foreign commerce in any way.

25      The phrase "knew that the property represented the proceeds of

26   some form of unlawful activity" means that the defendant knew that

27   the property involved in the transaction represented proceeds from

28

                                36

1    some form, though not necessarily which form, of activity that

2    constitutes a felony.  I instruct you that conspiracy to commit wire

3    fraud and bank fraud, wire fraud, and bank fraud are each a felony.

4        Defendant Richard Ayvazyan is charged with committing the

5    offenses charged in Counts Twenty-Eight through Thirty-Two while

6    released pursuant to the Bail Reform Act.  If you find beyond a

7    reasonable doubt that defendant Richard Ayvazyan committed any of

8    these offenses, you must also determine whether the government has

9    proven beyond a reasonable doubt that he committed the offense while

10   on release.

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Ninth Circuit Model Jury Instructions, No. 8.147 (2010 ed.)

25   [Laundering Monetary Instruments (18 U.S.C. § 1956(a)(1)(B))]

26   (modified to reflect charges in the indictment, including § 3147

27   allegation).

28

COURT'S INSTRUCTION NO. \_\_\_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

Laundering money in violation of Section 1957 of Title 18 of the United States Code is the second object of the conspiracy charged in Count Twenty-Six.

In order for a person to be found guilty of committing this object of the conspiracy, the government would have to prove each of the following elements beyond a reasonable doubt:

First, the person knowingly engaged in a monetary transaction;

Second, the person knew that the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud, in violation of Section 1343 of Title 18 of the United States Code, or bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code; and

Fifth, the transaction occurred in the United States.


The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

Ninth Circuit Model Jury Instructions, No. 8.150 (2010 ed.) [Money Laundering (18 U.S.C. § 1957)] (modified to reflect the indictment).

38

1    COURT'S INSTRUCTION NO. _____

2    GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

3    Defendant Richard Ayvazyan is charged in Counts Twenty-One and

4    Twenty-Two of the indictment with aggravated identity theft in

5    violation of Section 1028A of the Title 18 of the United States

6    Code.  Defendant Marietta Terabelian is charged with this offense in

7    Count Twenty-Two, and defendant Artur Ayvazyan is charged with this

8    offense in Count Twenty-Four.

9    In order for a defendant to be found guilty of aggravated

10   identity theft as charged in these counts, the government must prove

11   each of the following elements beyond a reasonable doubt:

12   First, the defendant knowingly transferred, possessed, or used

13   without legal authority a means of identification of another person,

14   namely, at least one of the following: For Count Twenty-One, the

15   name of M.Z; for Count Twenty-Two, the name and California driver's

16   license number of N.T.; and for Count Twenty-Four, the name and date

17   of birth of A.D.

18   Second, the defendant knew that the means of identification

19   belonged to a real person; and

20   Third, the defendant did so during and in relation to a

21   specific bank fraud or wire fraud offense charged in the indictment,

22   namely, for Count Twenty-One, bank fraud, as charged in Count

23   Fourteen; for Count Twenty-Two, wire fraud, as charged in Count

24   Eleven; and for Count Twenty-Four, wire fraud, as charged in Count

25   Twelve.

26   To act "without legal authority" means to act in a way that is

27   contrary to law.  Thus, the government need not establish that the

28

39

means of identification of another person was stolen or used without that person's consent or permission.

Ninth Circuit Model Criminal Jury Instructions, No. 8.83 (2010 ed.; approved 3/2021) [Fraud in Connection with Identification Documents— Aggravated Identity Theft (18 U.S.C. § 1028A)] (modified to (1) note that the predicate crime is a felony that is defined in a previous instruction; (2) include the specific means of identification and victims, in accordance with United States v. Ward, 747 F.3d 1184, 1192-93 (9th Cir. 2014) (reversing for constructive amendment where court "declined to name the specific victims whose identities the indictment accused [the defendant] of stealing"); and (3) explain that "without lawful authority" simply means contrary to law and does not require the government to prove that the identity was stolen or used without consent, as set forth in United States v. Osuna-Alvarez, 788 F.3d 1183, 1186 (9th Cir. 2015) (holding that a defendant makes "use" of an identification without lawful authority even if the owner of the identity is complicit in the defendant's use).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.15 (2010 ed.) [Possession -- Defined].

41