TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
        1100/1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6527/2424/3819
        Facsimile: (213) 894-6269/0141
        E-mail:    Scott.Paetty@usdoj.gov
                   Catherine.S.Ahn@usdoj.gov
                   Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
        1400 New York Avenue NW, 3rd Floor
        Washington, DC 20530
        Telephone: (202) 320-0539
        Facsimile: (202) 514-0152
        E-mail:  Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
| Plaintiff, | |
| v. | GOVERNMENT'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS (ECF 372) |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

1        "Anton Kudiumov,"
ARMAN HAYRAPETYAN,
2 EDVARD PARONYAN,
    aka "Edvard Paronian" and
3        "Edward Paronyan," and
VAHE DADYAN,
4
            Defendants.
5

6        Plaintiff United States of America, by and through its counsel

7   of record, the Acting United States Attorney for the Central

8   District of California, Assistant United States Attorneys Scott

9   Paetty, Catherine Ahn, and Brian Faerstein, and Department of

10  Justice Trial Attorney Christopher Fenton, hereby files its

11  objections to defendants' Richard Ayvazyan's, Marietta Terabelian's,

12  Artur Ayvazyan's, and Vahe Dadyan's proposed jury instructions (ECF

13  372).

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

The government has separately filed the Governments' Revised Proposed Jury Instructions (ECF 556) to, among other things, conform to defendants currently in trial, and propose and remove instructions in accordance with the proceedings at trial.  The government respectfully requests leave to make modifications to these instructions, to submit such other and additional instructions as may become appropriate, and/or to withdraw any instructions that prove inapplicable.

Dated: June 22, 2021             Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 _____/s/_____
                                 SCOTT PAETTY
                                 CATHERINE AHN
                                 BRIAN FAERSTEIN
                                 Assistant United States Attorneys
                                 CHRISTOPHER FENTON
                                 Department of Justice Trial Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...........................................i

TABLE OF AUTHORITIES........................................i

MEMORANDUM OF POINTS AND AUTHORITIES........................1

I.   INTRODUCTION...........................................1

II.  OBJECTIONS TO DEFENDANTS' JOINTLY PROPOSED JURY
     INSTRUCTIONS...........................................1

     A.   Objection to Defendants' Joint Proposed Instruction
          No. 1 (Conspiracy to Commit Wire Fraud and Bank Fraud
          – Elements)........................................1

     B.   Objection to Defendants' Joint Proposed Instruction
          No. 2 (Count 1 – Multiple Conspiracies – Defense)...4

     C.   Objection to Defendants' Joint Proposed Instruction
          No. 3 (Conspiracy – Willfulness Defined)............5

     D.   Objection to Defendants' Joint Proposed Instruction
          No. 4 (Wire Fraud)..................................6

     E.   Objection to Defendants' Joint Proposed Instruction
          No. 5 (Bank Fraud).................................8

     F.   Objection to Defendants' Joint Proposed Instruction
          No. 6 (Fraud – Good Faith – Defense)...............9

     G.   Objection to Defendants' Joint Proposed Instruction
          No. 7 (Fraud – Multiple Schemes – Defense).........10

     H.   Objection to Defendants' Joint Proposed Instruction
          No. 8 (Conspiracy to Commit Concealment and
          Transactional Money Laundering – Elements).........12

     I.   Objection to Defendants' Joint Proposed Instruction
          No. 9 (Count 26 – Multiple Conspiracies – Defense).15

     J.   Objection to Defendants' Joint Proposed Instruction
          No. 10 (Concealment Money Laundering – Elements)...15

     K.   Objection to Defendants' Joint Proposed Instruction
          Nos. 11, 12, and 14 (Aggravated Identity Theft)....16

     L.   Objection to Defendants' Joint Proposed Instruction
          No. 15 (Presumption of Innocence – Reasonable Doubt –
          Burden)...........................................16

     M.   Objection to Defendants' Joint Proposed Instruction
          No. 16 (Defendant Not Required to Testify).........17

     N.   Objection to Defendants' Joint Proposed Instruction
          No. 17 (Mere Presence).............................17

i

O.   Objection to Defendants' Joint Proposed Instruction
        Nos. 21-22 (Separate Charges; Separate Counts).....17

III. CONCLUSION.............................................18

1

**TABLE OF AUTHORITIES**

2

**CASES**

3  Bryan v. United States, 524 U.S. 184 (1998).........................5

4  Ratzlaf v. United States, 510 U.S. 135 (1994)....................5

5  United States v. Hickey, 580 F.3d 922 (9th Cir. 2009)............10

6  United States v. Kim, 65 F.3d 123 (9th Cir. 1995).................6

7  United States v. Lapier, 796 F.3d 1090 (9th Cir. 2015)...........5

8  United States v. Larsen, 810 F. App'x 508 (9th Cir. 2020)..........6

9  United States v. Perry, 550 F.2d 574 (9th Cir. 1977)..............5

10  United States v. Rodgers, 624 F.2d 1303 (5th Cir. 1980)...........11

11  United States v. Shipsey, 363 F.3d 962 (9th Cir. 2004)...........10

12  United States v. Thomas, 586 F.2d 123 (9th Cir. 1978)............11

13  United States v. Tucker, 641 F.3d 1110 (9th Cir. 2011)...........17

14

**STATUTES**

15  18 U.S.C. § 1343..................................................6

16  18 U.S.C. § 1344(2)...............................................8

17  18 U.S.C. § 1349..................................................1

18  18 U.S.C. § 1956(a)(1)(B)(i).....................................15

19  18 U.S.C. § 1956(h)..............................................12

20  18 U.S.C. § 1957.................................................13

21

**OTHER AUTHORITIES**

22  Ninth Circuit Model Jury Instruction No. 3.12....................17

23  Ninth Circuit Model Jury Instruction No. 3.13....................17

24  Ninth Circuit Model Jury Instruction No. 5.5.....................5

25  Ninth Circuit Model Jury Instruction No. 6.10....................17

26  Ninth Circuit Model Jury Instruction No. 8.20................ passim

27  Ninth Circuit Model Jury Instruction No. 8.21.................. 9, 10

28  Ninth Circuit Model Jury Instruction No. 8.22....................5

i

Ninth Circuit Model Jury Instruction No. 8.23....................... 5

Ninth Circuit Model Jury Instruction No. 8.124.................. 2, 6

Ninth Circuit Model Jury Instruction No. 8.127.................. 3, 8

Ninth Circuit Model Jury Instruction No. 8.147............... 13, 15

Ninth Circuit Model Jury Instruction No. 8.150.................... 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government respectfully submits these objections to defendants Richard Ayvazyan's, Marietta Terabelian's, Artur Ayvazyan's, and Vahe Dadyan's ("defendants") proposed jury instructions (ECF 372).   In sum, defendants' proposed jury instructions materially deviate from the Ninth Circuit Model Criminal Jury Instructions, misstate the law, inject unnecessary confusion, and assume foundational evidence that has not been laid. The government addresses defendants' proposed instructions to which it objects in turn below, and respectfully requests that the Court submit the government's revised proposed jury instructions to the jury instead (ECF 556).

**II.   OBJECTIONS TO DEFENDANTS' JOINTLY PROPOSED JURY INSTRUCTIONS**

   **A.   Objection to Defendants' Joint Proposed Instruction No. 1 (Conspiracy to Commit Wire Fraud and Bank Fraud – Elements)**

The government objects to the form and content of defendants' proposed substantive instruction for the offense alleged in Count One, that is, conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. § 1349.

First, for the second element of the conspiracy charge, the proposed instruction states, "Second, the defendant became a member of the conspiracy knowing of every element of at least one of its objects . . . ."   (ECF 372 at 5 (emphasis added).)   Ninth Circuit Model Jury Instruction ("MJI") No. 8.20, which defendants assert they followed in constructing this proposed instruction, does not include the underlined language reflected above.   The language is

1

confusing and misstates the law, as set forth in detail in the Commentary to MJI No. 8.20.

Second, defendants include awkward, reformulated versions of the substantive instructions for wire fraud and bank fraud within the instruction for the conspiracy charged in Count One.  (ECF 372 at 6-7.)  Defendants have modified the language for the elements of wire fraud and bank fraud found in the MJI, changing the elements from the past tense to the future tense.  (Compare, e.g. MJI No. 8.124 ("the statements made . . . as part of the scheme were material") with ECF 372 at 6 ("the statements to be made as part of the scheme would be material").  However, defendants later provide separate proposed substantive instructions for wire fraud and bank fraud that hue closer to the MJI (but still raise concerns as addressed further below).[1]  The existence of these conflicting recitations of the elements of wire fraud and bank fraud will likely cause unnecessary confusion among the jurors.

Moreover, as discussed further below in the government's objection to defendants' proposed bank fraud instruction, defendants make significant and material changes to the elements of the reformulated bank fraud description within the proposed conspiracy instruction.  Among other things, defendants insert a mens rea requirement that defendants "knew that the statements or promises

---

[1] Defendants also erroneously omit certain language from their incorporation of the wire fraud elements in the conspiracy instruction, including , "Deceitful statements of half-truths may constitute false or fraudulent representations," and "In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole."  MJI No. 8.124.  Defendants make the same mistaken omissions in their standalone proposed instruction for wire fraud, which the government discusses further below.

2

were or would be material" and that "the defendant knew that the
Lender to be defrauded was federally insured."  (ECF 372 at 7.)
There is no knowledge requirement with respect to these elements,
and defendants' reformulation of the bank fraud elements inject
additional evidentiary burdens unfounded in the law.  See MJI No.
8.127.  Similarly, defendants erroneously insert the phrase,
"knowing of that object, and intending to help accomplish it," at
the end of the first reformulated element for bank fraud within the
proposed conspiracy instruction.  (ECF 372 at 7.)  This is not in
fact a requirement of the first element of bank fraud, and
defendants muddy the waters by apparently trying to inject
conspiracy principles into the substantive elements of an object of
the conspiracy.

    Thus, the inclusion of the modified future tense versions of
instructions for wire fraud and bank fraud within the conspiracy
instruction is confusing, unnecessary, and in many cases misstates
the law.  Instead, as set forth in the government's amended proposed
instructions (see ECF 556 at 26), the government proposes a
standalone instruction for conspiracy to commit bank fraud and wire
fraud, with an express cross-reference to the separate instructions
for bank fraud and wire fraud which follow immediately thereafter
and closely adhere to the elements set forth for those offenses in
the MJI.  This way, the jurors can refer to the correct instructions
for bank fraud and wire fraud when evaluating the alleged objects of
the conspiracy in Count One.  And they will not be confused by
conflicting language for the elements of these offenses (including
some in the future tense and others in the past tense) and
misstatements of the elements when considering the section 1349

conspiracy count and the standalone section 1343 wire fraud counts and section 1344(2) bank fraud counts.

Finally, defendants include a separate section for "Unanimity Requirements" that is not drawn from the language of the model instruction for the elements of conspiracy while omitting express language from that instruction that addresses unanimity concerns. Specifically, defendants omit the language, "You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit." MJI No. 8.20.  The government includes this language in its proposed instruction for the general principles of conspiracy described in MJI No. 8.20 (see ECF 556 at 19), and this language provides sufficient guidance to the jurors that they must agree unanimously as to one or both of the objects of the conspiracy.  The government also separates the two separate objects of the conspiracy in its proposed verdict form, further ensuring the jury will reach unanimity on one or both of the objects of the alleged conspiracy. (See ECF 552-1.)  Defendants' substitution of the "Unanimity Requirements" while omitting the above-described language provided in the model instruction is unnecessary and confusing.

**B.   Objection to Defendants' Joint Proposed Instruction No. 2 (Count 1 – Multiple Conspiracies – Defense)**

The government incorporates by reference the government's objections to defendant Richard Ayvazyan's proposed use of the term "single or unitary" in his proposed verdict form.  (ECF 552 at 5-10.)  Defendant is not entitled to a multiple conspiracies instruction unless there is a "genuine possibility of confusion"

4

1  about the existence of multiple conspiracies, which is not present

2  in the instant case.  United States v. Perry, 550 F.2d 574, 532-33

3  (9th Cir. 1977), see also United States v. Lapier, 796 F.3d 1090,

4  1096-97 (9th Cir. 2015) and MJI Nos. 8.22 and 8.23.

5       **C.   Objection to Defendants' Joint Proposed Instruction No. 3
            (Conspiracy – Willfulness Defined)**

6

7       The government objects to the use of defendants' proposed

8  willfulness instruction because it does not apply to the offenses

9  charged in this case.  The case cited by defendants, United States

10 v. Pomponio, 429 U.S. 10, 12 (1976), relates to willfully filing

11 false income tax returns in violation of 26 U.S.C. § 7206(1), which

12 is not charged in this case.  In Bryan v. United States, 524 U.S.

13 184, 193-194 (1998), the Supreme Court held that – for willful

14 violations of the tax laws – "the jury must find that the defendant

15 was aware of the specific provision of the tax code that he was

16 charged with violating."  Id.  The Supreme Court was careful to

17 distinguish the "highly technical" criminal tax statutes in

18 "carv[ing] out an exception to the traditional rule that ignorance

19 of the law is no excuse and require that defendant have knowledge of

20 the law."  Id. at 194-94 (internal quotations and citations

21 omitted).

22      As noted in the Ninth Circuit's Model Jury Instruction No. 5.5

23 for "Willfully," "willful is a word of many meanings and its

24 construction is often . . . influenced by its context."  MJI No. 5.5

25 (citing Ratzlaf v. United States, 510 U.S. 135, 141 (1994) (internal

26 quotations omitted)).  Although the term "willfully" is referenced

27 in the Ninth Circuit's Model Jury Instructions for Conspiracy (MJI

28 No. 8.20), as discussed in United States v. Kim, 65 F.3d 123, 126

1   (9th Cir. 1995), "the use of "willfully" in the conspiracy
2   instruction refers to the joining in the agreement, not the mens rea
3   of the substantive offense."  See also United States v. Larsen, 810
4   F. App'x 508, 509-10 (9th Cir. 2020), cert. denied, 141 S. Ct. 1695
5   (2021) ("the district court's instructions for bank fraud were
6   consistent with the language of the statute, which specifies a
7   knowing, not a willful, intent requirement") (citing numerous
8   cases).

9       **D.   Objection to Defendants' Joint Proposed Instruction No. 4
10           (Wire Fraud)**

11       The government objects to the content and form of defendants'
12   proposed substantive instruction for the offenses alleged in Counts
13   Two through Twelve, that is, wire fraud in violation of 18 U.S.C.
14   § 1343.

15       First, defendants omit certain necessary and appropriate
16   language from the Ninth Circuit Model Criminal Jury Instruction for
17   wire fraud.  MJI No. 8.124.  Specifically, defendants omit the
18   optional language in element number one that "Deceitful statements
19   of half-truths may constitute false or fraudulent representations."
20   MJI No. 8.124.  The government expects that one or more defendants
21   may argue in closing that representations they made in COVID-19
22   disaster relief loan applications reflected both accurate and false
23   information, or that synthetic identities consisted of both real and
24   fictitious information.  The jury should thus be instructed that
25   such half-truths (though the government takes the position that such
26   "half-truths" are in fact completely false) may constitute false or
27   fraudulent representations for purposes of the wire fraud charges.

28

In addition, defendants omit the standard language in the model instruction that directly follows the last element of the offense. The language they omit states, "In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole."  MJI No. 8.124.  The jury should be instructed on this basic tenet of interpreting the evidence and the import of circumstantial evidence in determining whether a scheme to defraud existed.[2]

Second, it appears defendants copied and pasted the modified language they included for the wire fraud elements (including their conversion of the elements to the future tense) in their proposed substantive conspiracy instruction for Count One, as described above, into their proposed standalone substantive wire fraud instruction.  As a result, much of the proposed language for the wire fraud elements in this proposed instruction remains in the future tense – and materially deviates from the model language in MJI No. 8.124.  (See, e.g., ECF 372 at 11 ("statements to be made as part of the scheme would be material;" defendant "knew and intended that action be taken;" defendant "knew and intended that an interstate wire communication . . .") (emphasis added).  Defendants also erroneously include language in the wire fraud elements that appears to be holdover language from the conspiracy instruction. For instance, defendants include the phrase, "knowing of that object and intending to help accomplish it" at the end of the first element for wire fraud, which language pertains specifically to a conspiracy

---

[2] Defendants also substitute, without any explanation as to why, the phrase "as charged in the applicable wire fraud count" for the phrase "in furtherance of the scheme" in the last sentence of the model instruction.  (Compare ECF 372 at 12 with MJI No. 8.124.)

1    charge and does not appear in the Ninth Circuit Model Jury

2    Instruction for wire fraud.  <u>See</u> MJI No. 8.124.  In short,

3    defendant's proposed wire fraud instruction is substantively and

4    structurally flawed throughout and unnecessarily deviates from the

5    Ninth Circuit's model instructions.

6        By contrast, the government's proposed substantive instruction

7    for the wire fraud counts closely adheres to the Ninth Circuit's

8    model instruction.  (<u>See</u> ECF 556 at 27-29.)  The Court should reject

9    defendants' proposed wire fraud instruction and provide the

10   government's instead.

11       **E.   Objection to Defendants' Joint Proposed Instruction No. 5
                (Bank Fraud)**

12

13       Defendants' proposed substantive bank fraud instruction suffers

14   from similar flaws as their proposed wire fraud instruction

15   described above, including their making significant and material

16   changes to the Ninth Circuit's model instruction for bank fraud in

17   violation of 18 U.S.C. § 1344(2).

18       First, defendants incorrectly insert a mens rea requirement as

19   to both the materiality of the subject statements or promises and as

20   to the federally-insured status of the relevant financial

21   institution.  Specifically, defendants' instruction states that "the

22   <u>defendant knew that</u> the statements or promises were material," and

23   "the <u>defendant knew that</u> the financial institution" was insured.

24   (ECF 372 at 13 (emphasis added).)  The underlined language is not in

25   the model instruction nor is it supported by law.  <u>See</u> MJI No.

26   8.127.  Defendants' proposed instruction effectively seeks to create

27   additional state of mind elements that do not exist.

28

1    Second, the proposed bank fraud instruction also contains

2    holdover language from its unnecessary inclusion in the body of the

3    proposed conspiracy instruction for Count One.  For instance, the

4    first element in defendants' proposed bank fraud instruction states

5    that "defendant joined a scheme or plan," whereas the model

6    instruction correctly states that "defendant knowingly carried out a

7    scheme or plan."  (Compare ECF 372 at 13 with MJI No. 8.127.)  The

8    same element in defendants' proposed instruction also includes the

9    unnecessary and inapplicable phrase at the end, "knowing of that

10   object and intending to help accomplish it."  (ECF 372 at 13.)

11   In stark contrast, the government's proposed bank fraud

12   instruction closely follows the Ninth Circuit model instruction, and

13   the Court should provide the government's proposed instruction and

14   reject defendants' significantly flawed proposed instruction.

15   **F.   Objection to Defendants' Joint Proposed Instruction No. 6**
        **(Fraud – Good Faith – Defense)**

16

17   The government objects to defendants' inclusion of a good faith

18   defense instruction because neither the evidence nor defendants'

19   apparent theories of defense support it.  MJI No. 8.21, upon which

20   defendants' solely rely for this proposed instruction, includes

21   optional language regarding an "honest and good faith

22   misunderstanding" but only "[i]f the evidence supports an argument

23   the defendant did not act with the requisite intent to defraud

24   because of a good faith misunderstanding about the requirements of

25   the law."  MJI No. 8.21.  Defendants thus far have not proffered any

26   credible evidence that they sought to submit legitimate applications

27   but had a "good faith misunderstanding about the requirements of the

28   law."  Rather, each defendant has sought to point the finger at

other codefendants, including those that already have pleaded guilty (defendants Tamara Dadyan and Manuk Grigoryan).  The evidence adduced thus far does not support a plausible argument that defendants were operating under a good faith, mistaken understanding of the law, and thus there is no factual basis for this instruction.

Moreover, the government's proposed substantive instructions, which largely follow the Ninth Circuit Model Jury Instructions with modifications specific to this case, adequately instruct the jury as to the intent finding required for each offense.  In denying a defendant's request for a "separate 'good faith' instruction, in addition to the district court's other instructions on specific intent," the Ninth Circuit explained that this request was "foreclosed by Ninth Circuit precedent: '[o]ur case law is well settled that a criminal defendant has no right to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged....'" United States v. Hickey, 580 F.3d 922, 931 (9th Cir. 2009) (quoting United States v. Shipsey, 363 F.3d 962, 967 (9th Cir. 2004)).[3]

### G.  Objection to Defendants' Joint Proposed Instruction No. 7 (Fraud – Multiple Schemes – Defense)

The government objects to defendants' unfounded request for a so-called "multiple schemes" instruction for several reasons.

---

[3] The government also objects to this proposed instruction as a standalone instruction, as MJI No. 8.21 contemplates that the optional "good faith" language be used to "modify" a specific paragraph within the substantive instruction for a conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.  MJI No. 8.21.  In any event, the language within MJI No. 8.20, not MJI No. 8.21, should guide the Court's instructions to the jury under the charges of this case, and the evidence and theories of defense do not support the "good faith" instruction in any form.

1    First, as the government explained in its objections to

2 defendant Richard Ayvazyan's proposed verdict form (ECF 552 at 5-

3 10), and reiterates herein in connection with its objections to

4 defendants' requests for "multiple conspiracies" instructions on

5 both Counts One and Twenty-Six, neither the facts of this case nor

6 the law support defendants' argument that a "multiple conspiracies"

7 instruction is warranted here.

8    Second, none of the four cases defendants cite (including two

9 out-of-circuit cases or otherwise significantly dated authority) in

10 the "Supporting Authorities" for their "multiple schemes"

11 instruction support this proposed instruction.  The lead case they

12 cite, United States v. Thomas, 586 F.2d 123 (9th Cir. 1978),

13 actually pertained to a drug distribution conspiracy charge, not a

14 mail or wire fraud scheme, and thus no "multiple schemes"

15 instruction was given.  Id. at 131-32.  While the second case they

16 cite, United States v. Rodgers, 624 F.2d 1303 (5th Cir. 1980), did

17 involve a mail fraud charge, the court there also did not provide a

18 "multiple schemes" instruction even where the alleged scheme to

19 defraud was alleged to have lasted for fourteen years.  Id. at 1307.

20 Neither of the courts in the two other cases upon which defendants

21 rely provided "multiple schemes" instructions and are inapposite to

22 the issue here.

23    Third, defendants' proposed instruction also inaccurately

24 claims that "Counts 2 through 20 of the indictment alleged a single,

25 unitary, scheme to commit wire and bank fraud."  (ECF 372 at 15.)

26 Defendants' attempt to combine the wire fraud and bank fraud schemes

27 alleged separately in the First Superseding Indictment is a

28 transparent attempt to shoehorn one of their (incorrect) theories of

11

defense into the jury instructions.  Defendant Richard Ayvazyan also used the "single, unitary" language in his proposed verdict form, to which the government objected on multiple grounds, including the inappropriate and misleading use of these terms as presented to the jury.  (See ECF 547, 552.)  Defendants' attempt to conflate the two separately charged and distinct wire fraud and bank fraud schemes also is belied by the face of the indictment.

In short, defendants can point to nothing in the Ninth Circuit's model instructions nor any other case in any circuit in which a "multiple schemes" instruction has been given, and the Court should not do so here.

### H. Objection to Defendants' Joint Proposed Instruction No. 8 (Conspiracy to Commit Concealment and Transactional Money Laundering – Elements)

The government objects to defendants' proposed substantive instruction for the money laundering conspiracy charge, in violation of 18 U.S.C. § 1956(h), in Count 26 on predominantly the same grounds as its objections to defendants' proposed conspiracy charge in Count One.  (See supra Objection to Defendants' Joint Proposed Instruction No. 1.)

In brief, defendants inject unnecessary confusion by including the substantive instructions for the two objects of the conspiracy within the conspiracy instruction itself.  The government proposes a standalone instruction for money laundering conspiracy, with an express cross-reference to the separate instructions for concealment money laundering and transactional money laundering which follow immediately thereafter and closely adhere to the elements set forth for those offenses in the MJI.  (See ECF 556 at 34-38.)

1       Defendants also omit important language or elements from their

2  incomplete recitations of the elements of each of the objects of the

3  conspiracy within this proposed instruction.  For concealment money

4  laundering, defendants omit the statement from the Ninth Circuit

5  model instruction that, "[t]he phrase 'knew that the property

6  represented the proceeds of some form of unlawful activity' means

7  that the defendant knew that the property involved in the

8  transaction represented proceeds from some form, though not

9  necessarily which form, of activity that constitutes a felony.  I

10  instruct you that [specify relevant unlawful activity] is a felony."

11  MJI No. 8.147.  Tellingly, defendants also improperly substitute the

12  phrase "the proceeds of unlawful activity that is charged in the

13  indictment" for the phrase "proceeds of some form of unlawful

14  activity."  (Compare ECF 372 at 17 with MJI No. 8.147.)  The net

15  effect of defendants' omission and substitution of language is to

16  erroneously require the government to prove defendants knew that

17  illegal proceeds came from a specific activity charged in the

18  indictment when no such specific requirement of proof is necessary.

19       With respect to their description of the elements of

20  transactional money laundering, in violation of 18 U.S.C. § 1957, in

21  the proposed conspiracy instruction, defendants similarly substitute

22  the phrase "the proceeds of unlawful activity that is charged in the

23  indictment" for the phrase "involved criminally derived property."

24  (Compare ECF 372 at 17 with MJI No. 8.150.)  Defendants also omit a

25  qualifier in MJI No. 8.150 that explains that "[t]he government does

26  not have to prove that the defendant knew the precise nature of that

27  criminal offense, or knew the property involved in the transaction

28  represented the proceeds of [specified unlawful activity as alleged

in the indictment]."  (MJI No. 8.150.)  Thus, once again, defendants

materially change the elements of this money laundering offense,

erroneously imposing the requirement of proving knowledge of the

specific underlying offense.  As with other substantive instructions

described herein, defendants effectively attempt to make material

and legally flawed changes to the Ninth Circuit's model

instructions.[4]

In addition, similar to defendants' proposed instruction for

the conspiracy charged in Count One, the second element of the

conspiracy charge in their proposed money laundering conspiracy

instruction states, "Second, the defendant became a member of the

conspiracy knowing of every element of at least one of its objects .

. . . ."  (ECF 372 at 16 (emphasis added).)  MJI No. 8.20 does not

include the underlined language reflected above.  The language is

confusing and misstates the law, as set forth in detail in the

Commentary to MJI No. 8.20.

Finally, defendants include a "Unanimity Requirements" section

in this conspiracy instruction (as they did with the conspiracy

instruction for Count One) that is duplicative and unnecessary.  In

this instruction, defendants actually do include the appropriate

language for the requirement that the jury "must find that there was

a plan to commit at least one of the crimes alleged in the

indictment as an object of the conspiracy with all of you agreeing

as to the particular crime which the conspirators agreed to commit."

(ECF 372 at 18.)  This language, along with the government's

---

[4] Defendants also omit the fifth element for transactional money
laundering from their proposed instruction, in particular, that "the
transaction occurred in the United States."  (Compare ECF 372 at 17
with MJI No. 8.150.)

proposed verdict form which includes separate questions for the jury to answer regarding each of the alleged objects of the money laundering conspiracy, will be sufficient to ensure the jury appropriately understands the requirement for unanimity in their verdicts.

**I.   Objection to Defendants' Joint Proposed Instruction No. 9 (Count 26 – Multiple Conspiracies – Defense)**

The government incorporates by reference the objections discussed above to Defendants' Joint Proposed Instruction No. 2.

**J.   Objection to Defendants' Joint Proposed Instruction No. 10 (Concealment Money Laundering – Elements)**

Similar to defendants' misstatement of the elements of concealment money laundering in the proposed money laundering conspiracy count described above, defendants once again materially change the second element of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as proposed in this instruction.  Specifically, defendants improperly substitute the phrase "the proceeds of unlawful activity that is charged in the indictment" for the phrase "proceeds of some form of unlawful activity."  (Compare ECF 372 at 21 with MJI No. 8.147.)  Defendants additionally omit the language, "[t]he phrase 'knew that the property represented the proceeds of some form of unlawful activity' means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that [specify relevant unlawful activity] is a felony."  MJI No. 8.147.  The combination of these revisions and omissions is improper and misstates the law, as explained above.

The government also objects to the unnecessary inclusion of the optional fourth element and corresponding language regarding "substantial step" and "mere preparation," which is not appropriate given the government is not proceeding on an attempt theory of money laundering in this case.

**K.    Objection to Defendants' Joint Proposed Instruction Nos. 11, 12, and 14 (Aggravated Identity Theft)**

Defendants' Joint Proposed Instructions 11, 12, and 14[5] do not appear to correctly track the statutory language or the charges in the instant case.  For example, defendant proposes the Court instruct that "Second, Richard Ayvazyan knew that M.Z. was a real person. . ."  This incorrectly states the charges.  Defendant Richard Ayvazyan is charged with knowing that "a means of identification . . . belonged to another person, namely, the name of M.Z."  (ECF 154, Count Twenty-One.)  As such, the government respectfully requests that the Court use the Governments' Revised Proposed Jury Instructions.

**L.    Objection to Defendants' Joint Proposed Instruction No. 15 (Presumption of Innocence – Reasonable Doubt – Burden)**

The government respectfully requests that this Court use the Ninth Circuit Model Jury Instruction, as proposed in the Governments' Revised Proposed Jury Instructions.

---

[5] The government does not address Defendants' Joint Proposed Instruction No. 13 because it refers to charges relating to defendant Manuk Grigoryan that are not before this jury and should be removed.  Similarly, the portion of Defendants' Joint Proposed Instruction No. 14 referring to defendant Tamara Dadyan should be removed.

16

**M.   Objection to Defendants' Joint Proposed Instruction No. 16 (Defendant Not Required to Testify)**

The government respectfully requests that this Court use the Ninth Circuit Model Jury Instruction, as proposed in the Governments' Revised Proposed Jury Instructions.

**N.   Objection to Defendants' Joint Proposed Instruction No. 17 (Mere Presence)**

As articulated in the comments to the Ninth Circuit's Model Jury Instruction, "a mere presence instruction is unnecessary if the government's case is not solely based on defendant's presence and the jury has been instructed on the elements of the crime."  MJI No. 6.10 (citing United States v. Tucker, 641 F.3d 1110, 1122 (9th Cir. 2011)).  Given the evidence of actual possession of business and personal identifiers and the actual receipt and transfer of loan proceeds explicitly identified in the First Superseding Indictment, such an instruction is not warranted by the evidence presented at trial.

**O.   Objection to Defendants' Joint Proposed Instruction Nos. 21-22 (Separate Charges; Separate Counts)**

Defendants' Joint Proposed Instruction 21 alters the initial sentence of Ninth Circuit Model Jury Instruction No. 3.12; the government respectfully requests that this Court use the Ninth Circuit Model Jury Instruction, as proposed in the Governments' Revised Proposed Jury Instructions.  Similarly, Defendants' Joint Proposed Instruction No. 22 omits the final sentence of Ninth Circuit Model Jury Instruction No. 3.13, without a reason for the omission; the government respectfully requests that this Court use

17

the Ninth Circuit Model Jury Instruction, as proposed in the Governments' Revised Proposed Jury Instructions.

**III.  CONCLUSION**

For the reasons articulated above, the government respectfully requests the Court decline to adopt the Defendants' Joint Proposed Instructions identified above and, where applicable, adopt the Governments' Revised Proposed Jury Instructions.