TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
              E-mail: Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT RICHARD AYVAZYAN'S PROPOSED SUMMARY CHARTS AND SUMMARY WITNESS |
| v. | |
| RICHARD AYVAZYAN, aka "Richard Avazian" and "Iuliia Zhadko," MARIETTA TERABELIAN, aka "Marietta Abelian" and "Viktoria Kauichko," ARTUR AYVAZYAN, aka "Arthur Ayvazyan," and TAMARA DADYAN, MANUK GRIGORYAN, aka "Mike Grigoryan," and | |

|   |   |
|---|---|
| 1 | "Anton Kudiumov," |
|   | ARMAN HAYRAPETYAN, |
| 2 | EDVARD PARONYAN, |
|   |   aka "Edvard Paronian" and |
| 3 |     "Edward Paronyan," and |
|   | VAHE DADYAN, |
| 4 |   |
|   | Defendants. |
| 5 |   |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine S. Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files this motion in limine seeking to exclude defendant Richard Ayvazyan's proposed summary charts and summary witness.

This motion is brought pursuant to Rules 1006 and 403 of the Federal Rules of Evidence and is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 23, 2021                     Respectfully submitted,

                                         TRACY L. WILKISON
                                         Acting United States Attorney

                                         SCOTT M. GARRINGER
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                              /s/
                                         SCOTT PAETTY
                                         CATHERINE S. AHN
                                         BRIAN FAERSTEIN
                                         Assistant United States Attorneys
                                         CHRISTOPHER FENTON
                                         Department of Justice Trial Attorney


                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government respectfully moves <u>in limine</u> to exclude defendant Richard Ayvazyan's ("defendant") proposed summary charts, disclosed to the government on the afternoon of June 22, 2021, as well as the sponsoring summary witness who has yet to be identified.

Hours before defendant planned to use a set of summary chart exhibits at trial, defendant purported to provide notice – by sending an email to counsel for the government as counsel was returning to the courtroom to resume proceedings and powering down their mobile phones.  For this reason alone, the Court should exclude these summary chart exhibits from evidence.  There are, however, several other reasons why exclusion is required here.  Defendant fails to meet any of the basic prerequisites for admissibility: the summary chart exhibits are incomplete, do not contain dates, do not purport to summarize "voluminous" information, and reference documents not yet provided to the government.  They are also extremely confusing. And defendant still has not identified the sponsoring summary witness – even though defendant surely knows the witness's identity.  For all of these reasons, the government respectfully requests the Court grant its motion to exclude defendant's summary chart exhibits and summary witness.

**II.   RELEVANT BACKGROUND**

At the commencement of his defense case-in-chief, on June 22, 2021, defendant disclosed to the government by email proposed summary charts shortly before 1:00 p.m. (as counsel re-entered the courtroom following the lunch break).  Defendant indicated his intention "to

1

introduce [them] into evidence with a summary witness this afternoon." (See Exhibit 1 attached hereto (Email from Counsel to Defendant Richard Ayvazyan).[1])  Defense counsel attached the two proposed summary exhibits – DX1000 and DX1100 – to his email.  (See Exhibit 2 (DX1000) and Exhibit 3 (DX1100) attached hereto.[2])  One of the charts purports to summarize certain defense exhibits that have yet to be produced to the government, including DX 19, DX 102, and DX 103.  (See Exhibit 2 at DX1000_001 – DX1000_004.)

The late proposed summary charts appear to reflect various types of online account activities for certain Internet Protocol ("IP") addresses selected by the defense.  Each chart has a different IP address at the top.  Some have corresponding subscriber information, while others do not.  None contain dates.

Defendant has not identified who will serve as the sponsoring summary witness for these proposed summary charts, nor has he provided any information about the proposed summary witness's role in reviewing the underlying information and compiling the summary charts.

### III. ARGUMENT

**A.  Defendant Does Not Satisfy Requirements for Admissibility of the Summary Charts and Summary Witness Under Rule 1006**

Defendant has not met basic requirements for the admissibility of his proposed summary charts and summary witness, including timely

---

[1] The email attached as Exhibit 1 reflects the email was sent at 3:48 p.m.  However, this time stamp was captured in Eastern Standard Time.  The email was sent to counsel for the government locally at 12:48 p.m. Pacific Standard Time.

[2] The government has redacted certain address information and personally identifying information in the attached exhibits, but intends to provide unredacted versions of defendant's proposed summary charts to the Court on the morning of June 23, 2021.

2

disclosure of the proposed charts and the underlying evidence to the government as well as the neutral and intelligible presentation of evidence within the charts.  The Court should exclude the proposed summary charts and sponsoring summary witness on this basis alone.

Federal Rule of Evidence 1006 allows a party to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  Fed. R. Evid. 1006.  The Rule requires that the "proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."  Id.  See also United States v. Rizk, 660 F.3d 1125, 1130 (9th Cir. 2011) ("A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection.").

Moreover, "[f]or a summary of documents to be admissible, the documents must be so voluminous as to make comprehension by the jury difficult and inconvenient; the documents themselves must be admissible; the documents must be made reasonably available for inspection and copying; the summary must be accurate and nonprejudicial; and the witness who prepared the summary should introduce it."  United States v. Fahnbulleh, 752 F.3d 470, 479 (D.C. Cir. 2014); see also United States v. Segines, 17 F.3d 847, 854 (6th Cir. 1994) ("A composite is admissible, assuming that it clears the intelligibility hurdle, when it saves the trial court 'much time and inconvenience' and when 'the prosecution [has] laid the proper foundation on the accuracy and authenticity of the composite tape for

its admission into evidence' and has complied with the requirements of Federal Rule of Evidence 1006.") (citation omitted).

Here, defendant has failed to meet these prerequisites.

First, defendant disclosed the proposed summary charts to the government the same afternoon (June 22, 2021) that it planned to offer them into evidence. And defendant did so at the end of the lunch break, via email, as counsel for the government returned to the courtroom and powered down their mobile phones pursuant to the Court's directions. Indeed, counsel for the government was not even aware that the proposed summary chart exhibits had been produced until the end of the day, when counsel mentioned the exhibits to the Court for the first time. The government expects the summary witness now will be testifying the morning of June 23, still less than 24 hours after defendant's disclosure of the proposed summary charts. Yet defendant still has not produced to the government several of the underlying exhibits purportedly summarized in the chart, including DX 19, DX 102, and DX 103. (See Exhibit 2 at DX1000_001 – DX1000_004.) Defendant thus has not made the specific underlying materials available to the government a "reasonable time" before his planned use of the proffered summary charts. Fed. R. Evid. 1006; see also, e.g., United States v. Miller, 771 F.2d 1219, 1238 (9th Cir. 1985) ("[T]he lists were not admissible as summaries under Rule 1006 because the government failed to provide appellants with a copy of the underlying documents prior to the introduction of the summary.").

Second, the IP address related evidence defendant purports to summarize in the proposed summary charts is not voluminous, as required under Rule 1006. DX1000 summarizes 22 unique exhibits.

4

DX1001 summarizes 9 unique exhibits.  Defendant effectively pursued a line of cross-examination, utilizing the same types of IP address related documents encompassed within the proposed summary charts, during the testimony of a government witness (IRS Special Agent Geffrey Clark) earlier today.  Thus, in addition to the limited number of exhibits at issue in the proposed summary charts, defendant has not demonstrated a compelling need to summarize them for use at trial.  Neither summary chart exhibit meets the fundamental requirement under – and purpose of – Rule 1006 that the proffered chart is necessary because the underlying evidence "cannot be conveniently examined in court."  Fed. R. Evid. 1006.  See, e.g., Javelin Inv., S.A. v. Ponce, 645 F.2d 92, 96 (1st Cir. 1981) (ten documents not the type which cannot conveniently be examined in court); cf. United States v. Aubrey, 800 F.3d 1115, 1130 (9th Cir. 2015) ("Multiple bankers' boxes of bank statements constitute the type of materials anticipated by Rule 1006.").

    Third, the content of the proposed summary charts is not "accurate and nonprejudicial" nor does it "clear[] the intelligibility hurdle."  Fahnbulleh, 752 F.3d at 479; Segines, 17 F.3d at 854.  The proposed summary charts purport to reflect various "Activity Type[s]" for certain IP addresses selected by the defense, with descriptions for each of those activities.  However, the charts do not include dates for any of these activities, which is a critical component in providing context for the information supposedly summarized for the jury's benefit.  Moreover, while certain of the IP addresses the defense have chosen resolve to a specific subscriber name, physical address, and/or email address, at least three of the charts do not have any subscriber information whatsoever, further

5

demonstrating how this summary information cannot aid the jury in its evaluation of the evidence.  See, e.g., United States v. Oloyede, 933 F.3d 302 (4th Cir. 2019) (summary charts "failed to comport with Rule of Evidence 1006 because of their selectivity, as "[t]hey did not fully represent the accounts that they were purportedly summarizing").

The proposed summary charts here, which defendant intends to offer as evidence that will go back to the jury room, will only raise more questions than they answer.  Defendant should be limited to using the non-voluminous materials underlying the summary charts to explore issues with an appropriate witness; defendant should not be allowed to shoehorn in this unintelligible and incomplete purported summarization of this evidence.

Finally, defendant has yet to identify the proposed summary witness that will serve as the sponsoring witness for the subject charts.  The government thus does not have any information about the proposed witness's basis for knowledge of the underlying information in the chart nor the role they played in synthesizing and compiling the summary charts.  The summary witness must have personal knowledge under Federal Rule of Evidence 602 in order to serve in the capacity of a summary witness.  See, e.g., Aubrey, 800 F.3d at 1129 (no error to admit testimony of summary witness where court "properly restricted his testimony to the areas in which he had personal knowledge (the documents, investigation, and the methods he used to prepare his summary) and prevented him from providing in-depth analysis of various accounting methods").  The government's concerns about the foundation for the summary witness's testimony are

compounded by the significant issues with the content of the summary charts identified above.

Thus, defendant's proposed summary charts and summary witness fail to meet the foundational and admissibility requirements for this proposed evidence under Rule 1006, and the Court should exclude the proffered summary charts and summary witness.

### B. The Summary Charts Should Also Be Excluded Under Rule 403

Defendant's proposed summary charts also should be excluded because any limited probative value from these exhibits is substantially outweighed by the danger of confusing the issues and misleading the jury.  Fed. R. Evid. 403.

As explained above, the summary exhibits offer minimal probative value given their incompleteness, selectivity, and lack of temporal context.  Defendant's attempt to focus the jury on the connection between certain stolen or synthetic identities at certain addresses but not others once again disregards one of the government's central theories in the superseding indictment and at trial: the defendants acted in concert in possessing and using the stolen and synthetic identities and other individual and business entity information to submit fraudulent COVID-19 disaster relief loan applications and launder the proceeds through bank accounts they controlled.  The First Superseding Indictment embraces and reflects this theory, recognizing that the defendants submitted <u>and caused to be submitted</u> fraudulent loan applications.  Defendant's selective identification of certain logins, account accesses, and applications from certain IP addresses thus carries little probative weight in isolation when considered in the overall context of the charges and evidence in this case.

On the other side of the balance, the proposed summary charts will significantly confuse the issues and mislead the jury. The charts are confusing on their face, given the lack of any dates on all of the charts and the lack of subscriber information on at least three of them. The summary charts also do not provide further context as to the overall number of IP address to which the summary witness had access and reviewed in compiling this selection of information. Thus, should they come into evidence, the purported summary charts will mislead the jury as to the government's efforts to obtain IP address information in the course of its investigation.

On balance, defendant's proposed summary charts will substantially confuse the issues and mislead the jury, far outweighing any limited probative value from this proposed evidence. The Court should exclude defendant's summary charts and summary witness for this reason as well.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court exclude defendant Richard Ayvazyan's proposed summary charts and summary witness.