John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

Attorneys for Defendant MARIETTA TERABELIAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-579-SVW |
| Plaintiff, | Hon. Stephen V. Wilson |
| v. | |
| RICHARD AYVAZYAN, MARIETTA TERABELIAN, ARTUR AYVAZYAN, TAMARA DADYAN, MANUK GRIGORYAN, ARMAN HAYRAPETYAN, EDVARD PARONYAN, and VAHE DADYAN, | **MARIETTA TERABELIAN'S MOTION FOR LOST EVIDENCE INSTRUCTION** |
| Defendants. | |

TO THIS HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

Through counsel, defendant Marietta Terabelian hereby requests the Court instruct the jury as follows, pursuant to Ninth Circuit Model Jury Instruction 4.19:

If you find that the government intentionally or carelessly failed to preserve for fingerprinting the cherry blossom-patterned Wells Fargo debit card in the name of Viktoria Kauichko, as well as photographic evidence of the contents of Marietta Terabelian's luggage, and that the government knew or should have known that this card and the contents of her luggage would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government in its case against her.

Dated:   June 23, 2021

Respectfully submitted,

BIENERT KATZMAN LITTRELL WILLIAMS LLP

*/s/ Ryan V. Fraser*
John L. Littrell
Ryan V. Fraser

*Counsel for Defendant Marietta Terabelian*

## MEMORANDUM OF POINTS AND AUTHORITIES

Marietta Terabelian disclaimed the Kauichko debit card at the airport during her interaction with Customs and Border Protection ("CBP"). The government heard that claim, as admitted in CBP Officer Theodora Brewster's report of the event. (She testified at trial as Theodora Louissaint.) *See* Exhibit D to Fraser Decl., CM/ECF doc. no. 140 ("When asked about why she was in possession of the Credit Card TERABELIAN stated that her husband placed it in her wallet. When asked if she knew who 'Viktoria Kauichko' was she stated she did not. . . . When asked if she ever used the card she stated she did not."). This recalls the government's failure to preserve port-of-entry video footage in *United States v. Zaragoza-Moreira*, 780 F.3d 971, 982 (9th Cir. 2015). There, the "district court committed clear error by finding that the apparent exculpatory value of the Port of Entry pedestrian line video was not known to Agent Alvarado and that the government" after Zaragoza had notified border officers that the footage would corroborate her duress defense. *Id.*

Here, too, the government failed to preserve exculpatory evidence of which it had notice. It failed to fingerprint the debit card or even to take an inventory of her luggage, despite being on clear notice of her denial of responsibility for the card and denial of having knowingly possessed the card. The government's failure was at least negligent and therefore the Court should grant the requested adaptation of Ninth Circuit Model Jury Instruction 4.19. *See also United States v. Sivilla*, 714 F.3d 1168, 1174 (9th Cir. 2013) ("remedial jury instruction was warranted" based on government's negligent failure to preserve evidence).

\\\
\\\
\\\
\\\
\\\

| | |
|---|---|
| Dated: June 23, 2021 | Respectfully submitted, |
| | BIENERT KATZMAN LITTRELL WILLIAMS LLP |
| | */s/ Ryan V. Fraser* <br> John L. Littrell <br> Ryan V. Fraser |
| | *Counsel for Defendant Marietta Terabelian* |

3
TERABELIAN'S REQUEST FOR "LOST EVIDENCE" INSTRUCTION