TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
               Catherine.S.Ahn@usdoj.gov
               Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS (AMENDED) |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud and Wire Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1956(h): Money Laundering Conspiracy; 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 18 U.S.C. § 3147: Offense Committed While on Release |

1

|  |  |
|---|---|
| "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>     "Edward Paronyan," and<br>VAHE DADYAN,<br><br>          Defendants. | [Annotated Set] |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files the government's supplemental proposed jury instructions (amended), which include a limiting instruction agreed-upon by the government and counsel for defendant Marietta Terabelian.

//
//
//
//
//
//
//
//
//
//
//
//
//

The government's supplemental proposed jury instructions are based on the Ninth Circuit's Model Jury Instructions (2010 ed.), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 23, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        */s/ Catherine Ahn*
                                        CATHERINE AHN
                                        SCOTT PAETTY
                                        BRIAN FAERSTEIN
                                        Assistant United States Attorneys
                                        CHRISTOPHER FENTON
                                        Department of Justice Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

COURT'S INSTRUCTION NO. __

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___

*[Proposed to follow the Government's Proposed Instruction 26, based on Ninth Circuit Model Criminal Jury Instructions, No. 5.7 (2010 ed.) on "Knowingly – Defined"]*

You may find that defendant Artur Ayvazyan acted knowingly with respect to wire fraud as charged in Counts Two through Twelve, bank fraud as charged in Counts Thirteen through Twenty, and the conspiracy to commit wire fraud and bank fraud charged in Count One, if you find beyond a reasonable doubt that defendant Artur Ayvazyan:

1. Was aware of a high probability that materially false statements and information were submitted in Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") loan applications; and

2. Deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that defendant Artur Ayvazyan actually believed that materially false statements and information were not submitted in Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") loan applications, or if you find that defendant Artur Ayvazyan was simply negligent, careless, or foolish.

Ninth Circuit Model Criminal Jury Instructions, No. 5.8 (2010 ed.) [Deliberate Ignorance].

1

COURT'S INSTRUCTION NO. \_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_

You may find that defendant Artur Ayvazyan acted knowingly with respect to laundering money, the two objects of the conspiracy charged in Count Twenty-Six, if you find beyond a reasonable doubt that defendant Artur Ayvazyan:

1. Was aware of a high probability that the transaction involved criminal derived property; and

2. Deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that defendant Artur Ayvazyan actually believed that the transaction did not involve criminally derived property, or if you find that defendant Artur Ayvazyan was simply negligent, careless, or foolish.

Ninth Circuit Model Criminal Jury Instructions, No. 5.8 (2010 ed.) [Deliberate Ignorance].

2

COURT'S INSTRUCTION NO. __

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___

You may find that defendant Artur Ayvazyan acted knowingly with respect to aggravated identity theft charged in Count Twenty-Four, if you find beyond a reasonable doubt that defendant Artur Ayvazyan:

1. Was aware of a high probability that he was aiding and abetting the transfer, possession, and use, and was aware of a high probability that he had willfully caused the transfer, possession and use, without lawful authority, means of identification of another person, namely, the name and date of birth of A.D., during and in relation to wire fraud;

2. Was aware of a high probability that A.D. was a real person; and

3. Deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that he was simply negligent, careless or foolish, or if you find that defendant Artur Ayvazyan actually believed he:

1. Was not aiding and abetting the transfer, possession, and use, and actually believed he had not willfully caused transfer, possession and use, without lawful authority, means of identification of another person, namely, the name and date of birth of A.D., during and in relation to wire fraud; or

2. That A.D. was not a real person.

Ninth Circuit Model Criminal Jury Instructions, No. 5.8 (2010 ed.) [Deliberate Ignorance].

COURT'S INSTRUCTION NO. \_\_\_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. \_\_\_

You have heard that defendant Marietta Terabelian made phone calls from jail.  You must not consider the fact that she was in jail as evidence of her guilt of the crimes charged in this case.

Agreed-upon by the government and counsel for defendant Marietta Terabelian.

4