Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  20-cr-579 (SVW) |
| *Plaintiff,* | **Notice of Record Support for Requested Jury Instructions** |
| v. | Hon. Stephen V. Wilson |
| RICHARD AYVAZYAN, *et al.,* | |
| *Defendants.* | |

NOTICE OF RECORD SUPPORT

# <u>TABLE OF CONTENTS</u>

I.  PROPOSED INSTRUCTIONS REGARDING THEORY OF THE DEFENSE AND MULTIPLE CONSPIRACIES ........................................1

   A.  SUPPORT FOR PROPOSED INSTRUCTIONS ........................2

      1.  ████████████████████████ ...................3

      2.  █████████████████████████ ............3

      3.  The Balance of Interests Weighs in Favor of Giving the Instruction ........................5

   B.  TEXT OF PROPOSED INSTRUCTIONS ..........................6

      1.  Proposed Multiple Conspiracies Jury Instruction Regarding Count 1 ........................6

      2.  Proposed Multiple Conspiracies Jury Instruction Regarding Count 26 ........................7

II.  PROPOSED INSTRUCTION REGARDING THEORY OF THE DEFENSE AND MULTIPLE SCHEMES ........................7

   A.  SUPPORT FOR PROPOSED INSTRUCTION ........................7

   B.  TEXT OF PROPOSED INSTRUCTION ........................8

III.  CONCLUSION ........................9

NOTICE OF RECORD SUPPORT

At this afternoon's charge conference, the Court inquired regarding the defendant's theory of the defense and the underlying evidence to support that theory.

█████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

   ███████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████ The defendant therefore submits this notice in further support of his pending requests that the Court instruct the jury on multiple conspiracies and multiple schemes.

## I.   PROPOSED INSTRUCTIONS REGARDING THEORY OF THE DEFENSE AND MULTIPLE CONSPIRACIES

Defendant Richard Ayvazyan is submitting approximately 37 supplemental proposed closing slides *under seal and in camera* to highlight the specific factual evidence that defendant Ayvazyan expects to cite in his closing argument tomorrow. This *under seal and in camera* submission is intended to supplement the closing slides provided to the Court *under seal and in camera* earlier this evening.

## A.     Support for Proposed Instructions

Ayvazyan's theory of defense[1] is ██████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████  ████
██████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████████████████████

---

[1] The Court has explained that it is familiar with the Ninth Circuit's theory of the defense case law and that the defendant need only demonstrate enough foundation for argument to rise above mere speculation. *See United States v. Sotelo-Murillo*, 887 F.2d 176, 179 (9th Cir. 1989) ("A criminal defendant is entitled to a jury instruction on any defense which provides a legal defense to the charge against him and has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility."); *see also United States v. Escobar de Bright*, 742 F.2d 1196, 1201 (9th Cir. 1984) (emphasizing that the right to an instruction on the defendant's theory of the case is "basic to a fair trial").

NOTICE OF RECORD SUPPORT



1.

2.

3



NOTICE OF RECORD SUPPORT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20



21

22

      **3.**      **The Balance of Interests Weighs in Favor of Giving the Instruction**

23

24

      Without the multiple conspiracies instruction, Ayvazyan will be left without the defense he has spent all of trial building and will be substantially prejudiced.  If

25

26

27

28

NOTICE OF RECORD SUPPORT

Ayvazyan is wrong—and the above-referenced evidence is not as substantial as Ayvazyan believes—the jury will reject his argument.  The government is ably represented by a large team of prosecutors that has been preparing for this argument.

The requested instruction is substantially identical to the model instruction (it adds only a summary of Count 1 of the indictment).  To the extent the Court deems Ayvazyan's language inadvisable, Ayvazyan would consent to using the Ninth Circuit Model Instruction's language.  This is a model instruction and the government will not be prejudiced by its use.

## B.    Text of Proposed Instructions

This afternoon, the government argued that the Ninth Circuit's model instruction could cause confusion because of the government's charges of two conspiracies in Count 1 and Count 26.  That argument is easily resolved by the fact that the two charges—each of which involve an alleged conspiracy of the same eight people with the same allegedly fraudulent loan applications and proceeds—each merit an individual instruction reflecting that they are worthy of individual consideration.

### 1.    Proposed Multiple Conspiracies Jury Instruction Regarding Count 1

*Proposed Multiple Schemes Jury Instruction Regarding Count 1*:

Count 1 of the indictment alleges one overall conspiracy to commit wire fraud and bank fraud.  You must decide whether the one overall conspiracy to commit wire fraud and bank fraud charged in Count 1 of the indictment existed, and, if it did, who at least some of its members were.  If you find that the single overall conspiracy to commit wire fraud and bank fraud charged in Count 1 did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  For example, if you find that Count 1 concerns two or more conspiracies, you must find the defendants not guilty of the single conspiracy alleged in Count 1.  Similarly, if you find that any defendant was not a member of the conspiracy to commit wire fraud and bank fraud charged in

6

NOTICE OF RECORD SUPPORT

Count 1, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Model Crim. Jury Instr. 9th Cir. 8.22 (2021) (modified to reflect the charges in the indictment).

### 2. Proposed Multiple Conspiracies Jury Instruction Regarding Count 26

*Proposed Multiple Conspiracies Jury Instruction Regarding Count 26*:

Count 26 of the indictment alleges one overall conspiracy to commit (a) concealment money laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code and (b) transactional money laundering in violation of Section 1957 of the same title. You must decide whether the one overall conspiracy to commit either type of money laundering charged in Count 26 of the indictment existed, and, if it did, who at least some of its members were. If you find that the single overall conspiracy to commit money laundering charged in Count 26 did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. For example, if you find that Count 26 concerns two or more conspiracies, you must find the defendants not guilty of the single conspiracy alleged in Count 26. Similarly, if you find that any defendant was not a member of the conspiracy to commit money laundering charged in Count 26, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

## II. PROPOSED INSTRUCTION REGARDING THEORY OF THE DEFENSE AND MULTIPLE SCHEMES

### A. Support for Proposed Instruction

The evidence must establish "a single scheme to defraud" in order to convict on the wire and bank fraud counts. *See United States v. Wellington*, 754 F.2d 1457, 1463 n.3 (9th Cir. 1985). The same factors apply to an indictment charging a single scheme

7

1  to defraud as an indictment charging a single conspiracy.  *United States v. Camiel*, 689

2  F.2d 31, 35 (3d Cir. 1982) (holding that the indictment was "fatally flawed" and citing

3  with approval the trial judge's holding "that the government could not try a case

4  bottomed on multiple schemes on the basis of a single scheme indictment").

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ██████████████████████████   During pretrial conferences, the government

8  confirmed that the unitary scheme[4] alleged in the bank and wire fraud counts is the

9  same scheme underlying the conspiracy count:

10    "THE COURT: Bank fraud … in terms of the actual fraud—the scheme that you

11    allege[—]it is the scheme alleged in the conspiracy count, correct?

12    MR. FENTON: That's correct.  With respect to the 1349 conspiracy [count 1].

13    The money laundering conspiracy under 1956(h) would be potentially different."

14  May 21, 2021 Tr. at 20 (Ex. A).

15    Because the indictment charges a single scheme, and the trial evidence supports

16  the conclusion of multiple schemes (for the same reasons stated above with respect to

17  multiple conspiracies), a multiple schemes instruction is appropriate.

18  **B.     Text of Proposed Instruction**

19  *Proposed Multiple Schemes Jury Instruction*:

20  In order to a find a defendant guilty of wire fraud or bank fraud, the government

21  must prove beyond reasonable doubt that the defendant knowingly participated in

22  or devised a scheme or plan to defraud, or a scheme or plan for obtaining money

23  or property by means of false or fraudulent pretenses, representations, or

24  promises.  Counts 2 through 20 of the indictment allege one overall scheme to

25  commit wire fraud and bank fraud.  You must decide whether the unitary scheme

---

[4] The alleged bank fraud scheme is substantially identical to the scheme alleged in the wire fraud counts, except the wire fraud counts say "PPP and EIDL" where bank fraud says "PPP," see Dkt. 154 ¶¶ 36, 39.

NOTICE OF RECORD SUPPORT

to commit wire fraud and bank fraud alleged in Counts 2 through 20 of the indictment existed, and, if it did, who at least some of its members were. If you find that the single overall scheme to commit wire fraud and bank fraud charged in Counts 2 through 20 did not exist, then you must return a not guilty verdict, even though you may find that some other scheme or schemes existed. For example, if you find that Counts 2 through 20 concern two or more schemes, you must find the defendants not guilty of the single scheme charged in Counts 2 through 20. Similarly, if you find that any defendant was not a member of the scheme to commit wire fraud and bank fraud charged in Counts 2 through 20, then you must find that defendant not guilty, even though that defendant may have been a member of some other scheme.

## III.   CONCLUSION

The Defendant respectfully requests that the Court instruct the jury on multiple conspiracies and multiple schemes.

Dated:   June 23, 2021                     Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

9
NOTICE OF RECORD SUPPORT