Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD AYVAZYAN,<br>*et al.*,<br><br>*Defendants*. | Case No. 20-cr-579 (SVW)<br><br>**Notice of Objection Renewal and Requested Supplemental Instructions In Response to Any Jury Questions**<br><br>Hon. Stephen V. Wilson |

NOTICE OF OBJECTION RENEWAL AND REQUESTED SUPPLEMENTAL INSTRUCTIONS

The defendant hereby renews his objections to the jury instructions. This includes (1) that the previously requested multiple conspiracies instruction should be given as to count 1, (2) that the previously requested multiple conspiracies instruction should be given as to count 26, (3) that the previously requested multiple schemes instruction should be given as to counts 2-20, (4) that the instruction provided after the defendant's counsel gave closing argument should be withdrawn and replaced by the multiple conspiracies instruction, (5) that the previously requested venue instruction should be given as to counts 2-12, and (6) that the instruction requiring knowledge that the proceeds received were from PPP/EIDL loan fraud should be given as to the money laundering counts.

In the event that the jury asks questions, the defendant requests that the Court issue supplemental instructions that clarify the law consistent with:

- The law that "A single conspiracy can only be demonstrated by proof that an overall agreement existed among the conspirators." *United States v. Fernandez*, 388 F.3d 1199, 1226 (9th Cir. 2004). If the evidence at trial establishes multiple conspiracies, then there is insufficient evidence to support conviction of a single conspiracy and any conviction must be reversed. *Id.* at 1226-27.
- The law the evidence must establish "a single scheme to defraud" in order to convict on the wire and bank fraud counts. *See United States v. Wellington*, 754 F.2d 1457, 1463 & n.3 (9th Cir. 1985). The same factors apply to an indictment charging a single scheme to defraud as an indictment charging a single conspiracy. *United States v. Camiel*, 689 F.2d 31, 35 (3d Cir. 1982) (holding that the indictment was "fatally flawed" and citing with approval the trial judge's holding "that the government could not try a case bottomed on multiple schemes on the basis of a single scheme indictment").

1
NOTICE OF OBJECTION RENEWAL AND REQUESTED SUPPLEMENTAL INSTRUCTIONS

The fact that the government must prove what it charged in the indictment is a foundational principle of criminal justice and it should be applied to any questions about multiple conspiracies or multiple schemes.

Dated: June 25, 2021

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ Ashwin J. Ram
Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*