Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
Meghan Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD AYVAZYAN, *et al.*,<br><br>  Defendants. | Case No. 2:20-cr-579-SVW<br><br>Hon. Stephen V. Wilson<br><br>**PROPOSED JURY INSTRUCTIONS FOR FORFEITURE PHASE** |

## PROPOSED INSTRUCTION F-1

### (Forfeiture from Counts 1-20)

The Forfeiture Allegations in the First Superseding Indictment allege that certain property is subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2).

In order for you to find that this property is subject to forfeiture, the government must prove each of the two following elements by a preponderance of the evidence:

1. That the property constitutes or was derived from proceeds the defendants obtained as a result of the offenses charged in Counts 1-20; and

2. That there is a nexus between the property alleged to be forfeitable and the offense giving rise to the forfeiture allegation.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence as to the property you are considering and as to the defendant you are considering, then you should write "Yes" on the Special Forfeiture Verdict Form as to that property and that defendant.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements by a preponderance of the evidence as to the property you are considering and as to the defendant you are considering, then you should write "No" on the Special Forfeiture Verdict Form as to that property and that defendant.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence as to only a portion of the property you are considering and as to the defendant you are considering, then you should write in the amount corresponding to that portion for which the government has carried its burden.

### Supporting Authority

Seventh Circuit Model Instructions for 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(2), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf . Although 18 U.S.C. § 982 contains a third element (that the fraud scheme must be directed at a financial institution), that element is not required for § 981(a)(1)(C), which is pled in the indictment as well. Section 981(a)(1)(C) permits forfeiture without a finding that the scheme is directed at a financial institution and it is therefore irrelevant whether § 982 requires such a finding.

## PROPOSED INSTRUCTION F-2

### (Forfeiture from Count 26)

The government seeks to forfeit property based on the money laundering conspiracy alleged in Count 26. In order for you to find that the property is subject to forfeiture, the government must prove both of the following elements by a preponderance of the evidence:

1. That the real or personal property was involved in the offenses as charged in Count 26 or is property traceable to real or personal property involved in that offense; and

2. That there is a nexus between the property alleged to be forfeitable and the offense giving rise to the forfeiture allegation.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence as to the property you are considering and as to the defendant you are considering, then you write "Yes" on the Special Forfeiture Verdict Form as to that property and that defendant.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements by a preponderance of the evidence as to the property you are considering and as to the defendant you are considering, then you should write "No" on the Special Forfeiture Verdict Form as to that property and that defendant.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence as to only a portion of the property you are considering and as to the defendant you are considering, then you should write in the amount corresponding to that portion for which the government has carried its burden.

### Supporting Authority

Seventh Circuit Model Instruction for 18 U.S.C. § 982(a)(1), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf.

**Proposed Instruction F-3**

(*Honeycutt* Instruction)

Unlike in my previous instructions of law, forfeiture does not apply to individual defendants based on the actions of their co-conspirators. On all pieces of property and all counts, the government bears the burden of proving by a preponderance that the defendant in question actually obtained the property that the government seeks to forfeit.

**Supporting Authorities**

*Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *United States v. Thompson*, 990 F.3d 680, 689 (9th Cir. 2021) (holding that *Honeycutt* applies to 18 U.S.C. § 981(a)(1)(C) and limits forfeiture to the actual recipient of the funds).

# PROPOSED INSTRUCTION F-4

**(Identification of Property and Necessity of Considering Each Piece of Property and Each Defendant)**

In each of the foregoing instructions, I referenced specific property that the government is seeking to forfeit. I will now list that property. You do not need to write this down. These instructions will be provided to you including this list.

a. $12,520.00 in U.S. Currency seized on November 5, 2020, in Encino, California, at the residence of Artur Ayvazyan;

b. $74,557.79 in Bank funds seized on November 20, 2020, from Bank of America account number ending in 7695 held in the name of Allstate Towing & Transport LLC;

c. $451,185.00 in U.S. Currency seized on November 5, 2020 in Tarzana, California, at the residence of Richard Ayvazyan and Marietta Terabelian;

d.I. One Audermars Piguet, Royal Oak 18 carat rose gold wrist watch, model 26331, serial number J52335;

d.II. One Rolex Datajust stainless steel wrist watch, model 126334, serial number 4U95Z313;

d.III. One Cartier Chronoscaph 21 stainless steel wrist watch, model 2424, serial number 880317LX;

d.IV. One Audemars Piguet, Royal Oak Offshore black ceramic wrist watch, serial number K23313;

d.V. One Audemars Piguet Royal Oak Offshore black ceramic wrist watch, serial number LU44845K;

d.VI. Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N;

d.VII. One 1979 Gold Bullion Coin;

d.VIII. Two 1980 Gold Bullion Coins;

d.IX. Ten 1982 Gold Bullion Coins;

d.X. Seventeen 1983 Gold Bullion Coins;

d.XI. Five 1984 Gold Bullion Coins;

d.XII. Five 1985 Gold Bullion Coins;

d.XIII. Ten 1986 Gold Bullion Coins;

d.XIV. Ten 1987 Gold Bullion Coins;

d.XV. One 14 carat rose tint gold pendant, cross-shaped;

e.I. One Rolex Yacht-Master II watch, model 116681, serial number C32K8231;

e.II. One Rolex Day-Date 40 watch, model W6685656;

e.III. One Rolex Day-Date watch, serial number W44P7238;

e.IV. One Pair of 14 carat white gold earrings with diamond studs;

e.V. One pair of 18 carat white gold earrings with diamonds;

e.VI. One 14 carat white gold bracelet with 2 rows of diamonds;

e.VII. One 14 carat yellow gold 24" neck chain;

e.VIII. One 14 carat yellow gold cross pendant;

e.IX. One 14 carat yellow gold 16" neck chain;

e.X. One 18 carat white gold bracelet double chain link "Evil Eye" with diamonds;

e.XI. One fabric cord bracelet with 18 carat white gold clasp and diamond "Evil Eye";

f. $3,422.00.00 in U.S. Currency seized on November 20, 2020, from Richard Ayvazyan and Marietta Terabelian at the Miami International Airport;

g. Ledger re Nanos Cryptocurrency Hardware Wallet seized on November 5, 2020, from the residence of Richard Ayvazyan and Marietta Terabelian; and

h. $65,990.43 in Bank funds seized from Bank of America account ending in '9700 in the name of Runyan Tax Service Inc.

i. The residence of Richard Ayvazyan and Marietta Terabelian at 4910 Topeka Dr., Tarzana, CA 91356

j. 834 Calle La Primavera, Glendale, CA 91208.

k. 74104 Imperial Court West, Palm Desert, CA 92211.

Each piece of property merits equal and separate attention.  As to each piece of property, you must apply the instructions I gave you and determine whether there is proof of a sufficient nexus and whether that proof is sufficient with respect to any identified defendant.  Your verdict as to one piece of property should not control your verdict as to any other piece of property.

## PROPOSED INSTRUCTION F-5
### (Definition of "Proceeds")

"Proceeds" means property of any kind obtained directly or indirectly, as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

"Proceeds" means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The defendant has the burden of proof with respect to the issue of direct costs. Direct costs do not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity.

"Proceeds" subject to forfeiture does not include any loan repayments or debt payments that did not result in any financial loss to the victim.

### Supporting Authority

Seventh Circuit Model Instructions for 18 U.S.C. § 981(a)(2), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf .

## PROPOSED INSTRUCTION F-6

### (Definition of "Traceable to")

A Special Forfeiture Verdict Form has been prepared for you. [Judge reads verdict form.] Once you have unanimously agreed on the matters in the Special Forfeiture Verdict Form, please sign it and return it to me through the Court Security Officer.

### Supporting Authority

Seventh Circuit Model Instructions, *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf .

Dated:   June 26, 2021

Respectfully submitted,

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*