Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff,*<br><br>  v.<br><br>RICHARD AYVAZYAN,<br> *et al.*,<br><br>  *Defendants*. | Case No.  20-cr-579 (SVW)<br><br>**OPPOSITION TO GOVERNMENT'S REQUEST TO MODIFY HIS BAIL CONDITIONS AND REMAND DEFENDANT RICHARD AYVAZYAN PRIOR TO SENTENCING**<br><br>Hon. Stephen V. Wilson |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Richard Ayvazyan respectfully opposes the government's request that the conditions of his bail be modified and that he be remanded into custody prior to sentencing. For the reasons set forth below, the government's request should be denied. Ayvazyan presents no flight risk or danger to the community, and the unique circumstances of his forthcoming *Kastigar* hearing warrant leaving his current bail conditions in place.

## I. RELEVANT BACKGROUND

Defendant Richard Ayvazyan lives in the San Fernando Valley with his wife and two children. He was born in Armenia and came to the United States with his family when he was a child and later became a U.S. citizen. Ayvazyan's professional, family, and community ties are firmly rooted in the Los Angeles area.

On October 20, 2020, Ayvazyan was arrested and released on approximately October 30, 2020 after he posted $250,000.00 in bail comprised of a corporate surety bond for $100,000.00 signed by Oscar Chivz of Faroy Bail Bonds in Miami and a personal signature bond for $150,000.00 signed by Ayvazyan's mother. She was ordered not to dissipate any real property assets, although the bond is unsecured. Dkt. 47, 48. Ayvazyan is also subject to location monitoring, *see* Dkt. 47 at 3, Dkt. 48 at 3, which currently includes active GPS monitoring. A magistrate judge in the Central District of California continued bail as previously set during Ayvazyan's first proceeding before this Court. Dkt. 86. Ayvazyan has dutifully complied with the terms of his pretrial release. In fact, Ayvazyan called his pretrial services officer (Mr. Manuel Ibanez) as a defense witness at trial.

Further, while Ayvazyan was convicted of several counts charged in the indictment, the jury acquitted Ayvazyan on each and every count that involved alleged conduct while on release. In short, the jury thoroughly rejected the government's argument that Ayvazyan had done anything except faithfully comply with the terms of his pretrial release.

On April 26, 2021, an indictment was filed in *People v. Tamara Dadyan et al.*, Case No. BA484293-02 (Sup. Ct. Los Angeles Cnty). On May 18, 2021, Ayvazyan posted a surety bond for an additional $500,000. Ayvazyan has dutifully complied with the terms of his pretrial release in the state proceeding as well. The total value of the bail bonds in the federal and state cases against Ayvazyan is presently $750,000.

The federal proceeding has also significantly altered Ayvazyan's financial position. His resources are limited, as demonstrated in bank account records that are routinely shared with federal pretrial and probation officers. Prior to the pandemic, Ayvazyan's primary income came from consulting work with new tech startups through the Los Angeles tech incubator Colab and Ayvazyan's own venture capital fund, Inception Ventures. This work has dried up due to the economic effects of the pandemic and the specter of the federal charges that hang over him. Ayvazyan's resources have been further depleted by the substantial attorneys' fees incurred in the federal proceeding, as well as the federal government's seizure of most of his assets.

## II.    LEGAL STANDARD

18 U.S.C. § 3143(a) allows a defendant's release pending sentence if there is clear and convincing evidence that the defendant is unlikely to flee or pose a danger to the safety of any other individuals or the community.

## III. ARGUMENT

### A. Ayvazyan Is Not a Flight Risk or Danger to the Community

Ayvazyan amply meets the standard to remain released prior to his *Kastigar* hearing and sentencing as he is neither a danger to the community nor likely to flee. First, Ayvazyan is not a danger to the community. The offenses charged against Ayvazyan are non-violent and there is no evidence of violence on the part of Ayvazyan at any time, including during his pre-trial release here. As to danger, there is no evidence that Mr. Ayvazyan is a danger to anyone in the community. The fact that he has been charged with crimes involving pecuniary or economic harm alone is not a reason to remand him. *United States v. Rakow*, No. CR 04-01563-MMM, 2007 WL 9751571, at *2 (C.D. Cal. Apr. 30, 2007) (finding the defendant was "not likely to flee or pose a risk to the community" despite the government's arguments that he may be inclined to commit additional financial crimes on release). Any concerns that the defendant could pose a danger to the community in non-violent cases "can be adequately addressed by the imposition of appropriate conditions and close monitoring of defendant in the community." *Id.* at *3. This is exactly what happened in this case – the conditions of pretrial release have been adequate to mitigate any risk (not that any existed in the first place) that Ayvazyan poses a risk to the community. There is no reason for the Court to disturb those conditions here.

Second, Ayvazyan is unlikely to flee because his entire life is based in the greater Los Angeles area. His family, children, church, and business relationships are all here. *See United States v. Taitz*, 130 F.R.D. 442, 445 (S.D. Cal. 1990) (finding that family ties to Southern California indicated that defendant was not a flight risk); *Fiano v. United States*, 259 F.2d 135, 137 (9th Cir. 1958) (in evaluating flight risk, the court can consider "the defendant's family ties, his

property or business situation, [and] what it is worth to the defendant to be a fugitive."). Ayvazyan does not have access to a passport and lacks the resources to flee the jurisdiction even if he wanted to. Further, as noted above, Ayvazyan has been subject to location monitoring, dutifully complied with the terms of his pretrial release, and has $750,000 worth of bail bonds that guarantee his appearances in both the federal and state cases against him. While there is simply no reason for Ayvazyan to flee anywhere, it would be impossible for him to do so when he cannot even leave his driveway without the government's knowledge. And if Ayvazyan wanted to flee, *he would have done so already.* The guilt phase of the trial concluded on Friday (three days ago); over the weekend, Ayvazyan did not attempt to flee, continued to comply with the terms of his pretrial release, and appeared in court today as required for the forfeiture phase of the trial. There is simply no release to believe that Ayvazyan presents a flight risk.

A similar analysis applied in *United States v. Wilson*, No. 3:15-CR-02838-GPC, 2018 WL 295970 (S.D. Cal. Jan. 4, 2018). In that case, the court granted a motion for bail pending sentencing and found that the defendant was unlikely to flee despite the fact he was a Canadian citizen. *Id.* The court noted that the risk the defendant would flee was "no higher than it was prior to trial," and also found that he would not be a danger to society if the same conditions imposed during his pretrial release were continued. *Id.* The same is true here – nothing about Ayvazyan's flight risk has changed. The government's request should be denied.

Finally, Ayvazyan's situation compares favorably to that of defendant Arman Harupetyan, who despite being twice denied pre-trial release as a flight risk, was granted pre-trial release after entering a guilty plea and had his bail set at $200,000. Dkt. 444. Ayvazyan, who has never been determined to be a flight risk or a danger to the community, should also be entitled to release.

### B. The Unique Circumstances of Ayvazyan's Forthcoming *Kastigar* Hearing Warrant Against Modifying His Bail Conditions

Ayvayzan's case also presents a unique circumstance because, in short, his trial is not over. This Court has already ruled that defendants Ayvazyan and Terabelian are entitled to a hearing to determine the reach of the tainted evidence pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972). In addition to requiring the suppression of the fruit of the poisonous tree, *Kastigar* prohibits derivative use of tainted information in any way whatsoever. As set forth in the Joint Motion to Dismiss Under Fed. R. Crim. 12(b) or Continue the Trial to Hold a Pre-Trial Kastigar Hearing (Dkt. 381), the indictments in this case are already tainted by both evidentiary and non-evidentiary uses of compelled statements. Should the Court grant the *Kastigar* motion, the required remedy would be dismissal. *Id.*

Undersigned counsel has been unable to find a single reported case in any district where a defendant was convicted at trial and remanded during the time between trial and a *Kastigar* hearing. While Ayvazyan has met the requirements to have his conditions of pretrial release remain in place until sentencing (should his *Kastigar* motion be denied), at a minimum the government cannot show any compelling reasons why Ayvayzan should be remanded into custody prior to the *Kastigar* hearing.

### IV. CONCLUSION

For the foregoing reasons, the government's request to remand defendant Ayvazyzan should be denied, and the current conditions of his pretrial release should remain in place.

Dated: June 28, 2021

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*