UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.   2:20-cr-579-SVW                                                                                   Date: June 28, 2021

Present: The Honorable:   Stephen V. Wilson, U.S. District Judge

Interpreter   NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Richard Ayvazyan | | | X | N/A | | | |
| Marietta Terabelian | | | X | N/A | | | |

**Proceedings:** ORDER REGARDING POST-TRIAL KASTIGAR HEARING.

On May 21, 2021, this Court explained that Defendants Richard Ayvazyan and Marietta Terabelian are entitled to a *Kastigar* hearing stemming from the use of their compelled statements at the Miami airport. *See* Dkt. 356. The Court affirmed that finding again on June 10, 2021. *See* Dkt. 478.

On June 25, 2021, the jury found Defendants guilty on numerous counts of the first superseding indictment. Accordingly, the Court will now hold its post-trial *Kastigar* hearing.

Nearly every circuit court of appeals applies a harmless error standard to the *Kastigar* inquiry. *See United States v. Serrano*, 870 F.2d 1, 16 (1st Cir. 1989); *United States v. Allen*, 864 F.3d 63, 97 (2d Cir. 2017); *United States v. Semkiw*, 712 F.2d 891, 894–95 (3d Cir. 1983); *United States v. France*, 164 F.3d 203, 208 (4th Cir. 1998); *United States v. Turner*, 936 F.2d 221, 225 (6th Cir. 1991); *United States v. Shelton*, 669 F.2d 446, 464 (7th Cir. 1982); *United States v. Yielding*, 657 F.3d 688, 706 (8th Cir. 2011); *United States v. Rogers*, 722 F.2d 557, 560 (9th Cir. 1983); *United States v. Crowson*, 828 F.2d 1427, 1432 (9th Cir. 1987); *Grand Jury Subpoenas Dated Dec. 7 & 8, Issued to Bob Stover, Chief of Albuquerque Police Dep't v. United States*, 40 F.3d 1096, 1103 (10th Cir. 1994); *United States v. Schmidgall*, 25 F.3d 1523, 1529 (11th Cir. 1994).

The Government must satisfy its burden under *Kastigar* by a preponderance of the evidence. *See United States v. Danielson*, 325 F.3d 1054, 1072 (9th Cir. 2003). "To carry this burden, the government must present evidence, not just argument." *United States v. Mapelli*, 971 F.2d 284, 288 (9th Cir. 1992). The type and amount of proof that the Government must present to satisfy its burden will "vary from case to case." *Danielson*, 325 F.3d at 1072.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

In light of the foregoing, the Court ORDERS the Government to file a brief addressing the following three issues:

**First**, the Government should identify all of the information and evidence that the Government accessed from the two phones for which Defendants' passcodes were compelled. The Court understands that certain photos were accessed shortly after the search was conducted, and the Government should identify those photos. The Government should also explain when the independent filter team turned over non-privileged material from the phones to the prosecution team and case agents.

**Second**, the Government should then explain how, if at all, it used the information and evidence the Government accessed from the two phones. This includes explaining how the information and evidence was used for (a) the grand jury proceedings that resulted in the original indictment; (b) the grand jury proceedings that resulted in the superseding indictment; (c) trial; and (d) developing trial strategy or investigating leads.

**Third**, the Government should explain why any use of the information and evidence accessed from the two phones was harmless beyond a reasonable doubt. This includes demonstrating that the grand jury would have returned both indictments even in the absence of possibly tainted information; the jury would have returned the same verdict even in the absence of possibly tainted information; and the government's non-evidentiary use would have occurred (*i.e.*, the Government had an independent source for subsequently discovered evidence or strategy) even in the absence of possibly tainted information.

In addressing those three issues, the Government should file detailed declarations under penalty of perjury from agents and prosecutors who directed the investigation. The declarations should reference documents and supporting materials., which should be attached as exhibits. The declarants will be subject to cross-examination at the hearing.

Finally, the Government should file in camera and under seal the transcripts for both grand jury proceedings. In explaining how, if at all, the possibly tainted information was used at either of the grand jury proceedings, the Government should cite to specific portions of the grand jury transcripts.

The Government's brief is due on July 12, 2021. Defendants should file a joint responsive brief on July 22, 2021. The page limit for the parties' briefs is 35 pages. The Court will then begin the *Kastigar* hearing on July 26, 2021.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Deputy Clerk | PMC |