

FILED
CLERK, U.S. DISTRICT COURT

June 25, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA

vs.

RICHARD AYVAZYAN, et al.

Defendants.

**CASE NO.  2:20-cr-579-SVW**

**JURY INSTRUCTIONS**

---

## Court's Instruction No. 1 [Duties of Jury to Find Facts and Follow Law]

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are

1

stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## Court's Instruction No. 2

### [Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof]

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## <u>Court's Instruction No. 3 [Reasonable Doubt—Defined]</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.

It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## <u>Court's Instruction No. 4 [What Is Evidence]</u>

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness; and

      (2) the exhibits received in evidence; and

      (3) any facts to which the parties have agreed.

## <u>Court's Instruction No. 5 [What Is Not Evidence]</u>

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

## **Court's Instruction No. 6 [Direct and Circumstantial Evidence]**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## <u>Court's Instruction No. 7 [Defendant's Decision Not to Testify]</u>

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

## <u>Court's Instruction No. 8 [Defendant's Decision to Testify]</u>

A defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## Court's Instruction No. 9 [Credibility of Witnesses]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide

10

that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**<u>Court's Instruction No. 10 [Impeachment Evidence—Witness]</u>**

You have heard evidence that Anthony Farrar, a witness, had a prior criminal conviction. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

## **Court's Instruction No. 11 [Activities Not Charged]**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

## Court's Instruction No. 12

### [Separate Consideration of Multiple Counts—Multiple Defendants]

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

## **Court's Instruction No. 13 [Stipulated Facts]**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

## **Court's Instruction No. 14 [Transcript of Recording in Foreign Language]**

You have heard a recording in the Armenian language. Each of you were shown a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the Armenian language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording.

## Court's Instruction No. 15 [Calls from Jail]

You have heard that defendant Marietta Terabelian made phone calls from jail. You must not consider the fact that she was in jail as evidence of her guilt of the crimes charged in this case.

**Court's Instruction No. 16 [Evidence of Release Under Bail Reform Act]**

You have heard evidence that defendant Richard Ayvazyan was released under the Bail Reform Act. You may consider this evidence only for its bearing, if any, on the question of whether defendant Richard Ayvazyan was released under that Act during the commission of the offenses charged in Counts Twenty-Eight through Thirty-Two. You may not consider defendant Richard Ayvazyan's bail status as evidence of guilt of the crimes for which he is now on trial.

## <u>Court's Instruction No. 17 [Other Co-Defendants]</u>

You have heard that other co-defendants were charged in this case, and you should not speculate about the reasons why co-defendants were not part of the trial.

## **Court's Instruction No. 18 ["On or About" Defined]**

The indictment charges that some of the offenses alleged were committed "on or about" or "in or around" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the specified offense was committed on a date reasonably near the date alleged in the specified count, it is not necessary for the government to prove that the specified offense was committed precisely on the date charged.

## Court's Instruction No. 19 [Charts and Summaries]

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

### Court's Instruction No. 20
### [Conspiracy to Commit Wire Fraud & Bank Fraud]

The defendants are charged in Count 1 of the indictment with conspiring to commit wire fraud, in violation of Section 1343 of Title 18 of the United States Code, and bank fraud, in violation of Section 1344 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning by at least in or about March 2020, and continuing to at least August 2020, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

22

## Court's Instruction No. 21 [Conspiracy Generally]

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one

23

or more persons who are conspirators, nor merely by knowing that

a conspiracy exists.

## Court's Instruction No. 22
## [Knowledge of and Association with Other Conspirators]

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

**First**, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

**Second**, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

**Third**, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

## Court's Instruction No. 23
### [Liability for Offense Committed by Co-Conspirator]

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course of and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed the crime.

Therefore, you may find a defendant guilty of a crime charged in the indictment if the government has proved each of the following elements beyond a reasonable doubt:

**First**, someone committed the crime;

**Second**, that person was a member of a conspiracy charged in the indictment;

**Third**, that person performed the crime in furtherance of that conspiracy;

**Fourth**, that person and the defendant were members of that same conspiracy at the time that the crime was committed; and

**Fifth**, the crime fell within the scope of that conspiracy and could reasonably have been foreseen, by the defendant, to be a necessary or natural consequence of that conspiracy.

## Court's Instruction No. 24 [Wire Fraud]

The defendants are charged in Counts Two through Twelve of the

indictment with wire fraud, in violation of Section 1343 of Title 18 of the United

States Code, as follows:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION | DEFENDANTS CHARGED |
|---|---|---|---|
| Two | May 1, 2020 | Transfer of approximately $182,637 in PPP loan proceeds from WebBank, sent by means of an interstate wire, into S. Construction JPMorgan Chase, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Three | May 5, 2020 | Transfer of approximately $124,000 in PPP loan proceeds from Cross River Bank, sent by means of an interstate wire, into Allstate Towing U.S. Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Four | May 8, 2020 | Transfer of approximately $130,000 in PPP loan proceeds from Celtic Bank, sent by means of an interstate wire, into TQC Wells Fargo Bank, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Five | May 11, 2020 | Transfer of approximately $137,500 in PPP loan proceeds from Comerica Bank, sent by means of an interstate wire, into Secureline Realty Comerica Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |

| | | | |
|---|---|---|---|
| Six | May 11, 2020 | Transfer of approximately $130,187 in PPP loan proceeds from Celtic Bank, sent by means of an interstate wire, into Redline Auto Collision JPMorgan Chase, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Seven | May 20, 2020 | Transfer of approximately $157,500 in PPP loan proceeds from Celtic Bank, sent by means of an interstate wire, into Voyage Limo Wells Fargo Bank, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |
| Eight | June 16, 2020 | Transfer of approximately $149,900 in EIDL loan proceeds from the SBA, sent by means of an interstate wire, into G&A Diamonds U.S. Bank Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |
| Nine | June 17, 2020 | Transfer of approximately $150,000 in EIDL loan proceeds from the Redline Auto Collision JPMorgan Chase, N.A. Account, sent by means of an interstate wire, to Terabelian Bank of America, N.A. Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |
| Ten | June 22, 2020 | Transfer of approximately $149,900 in EIDL loan proceeds from the SBA, sent by means of an interstate wire, into Timeline Transport Radius Bank (a/k/a LendingClub Bank) Account | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |
| Eleven | July 31, 2020 | Transfer of approximately $384,150 in PPP loan proceeds from Newtek | R. AYVAZYAN; M. TERABELIAN; |

| | | Small Business Finance, sent by means of an interstate wire, into Mod Interiors Radius Bank Account | A. AYVAZYAN; VAHE DADYAN |
|---|---|---|---|
| Twelve | August 13, 2020 | Submission of application for PPP loan to Newtek Small Business Finance in the name of Anna Dzukaeva, sent by means of an interstate wire | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |

In order for a defendant to be found guilty of wire fraud, in violation of Section 1343 of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

**Fourth**, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

29

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

## Court's Instruction No. 25 [Bank Fraud]

The defendants are charged in Counts Thirteen through Twenty of the

indictment with bank fraud, in violation of Section 1344(2) of Title 18 of the

United States Code, as follows:

| COUNT | DATE | ACT | DEFENDANTS CHARGED |
|---|---|---|---|
| Thirteen | April 18, 2020 | Submission of application for PPP loan to WebBank in the name of H. Construction | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Fourteen | April 30, 2020 | Submission of application for PPP loan to Celtic Bank in the name of TQC | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Fifteen | May 2, 2020 | Submission of application for PPP loan to Cross River Bank in the name of Allstate Towing | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Sixteen | May 7, 2020 | Submission of application for PPP loan to Celtic Bank in the name of Redline Auto Collision | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Seventeen | May 9, 2020 | Submission of application for PPP loan to Comerica Bank in the name of Secureline Realty | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN |
| Eighteen | May 18, 2020 | Submission of application for PPP loan to Celtic Bank in the name of Voyage Limo | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |
| Nineteen | June 25, 2020 | Submission of application for PPP loan to Celtic Bank in the name of Redline Auto Mechanics | R. AYVAZYAN; M. TERABELIAN; A. AYVAZYAN; VAHE DADYAN |
| Twenty | July 13, 2020 | Submission of application for PPP loan to Seattle | R. AYVAZYAN; M. TERABELIAN; |

31

| | | Bank in the name of Runyan Tax Service | A. AYVAZYAN; VAHE DADYAN |
| --- | --- | --- | --- |

In order for a defendant to be found guilty of bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt for each count:

**First**, the defendant knowingly carried out a scheme or plan to obtain money or property from the financial institution specified in the Count by making false statements or promises;

**Second**, the defendant knew that the statements or promises were false;

**Third**, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

**Fourth**, the defendant acted with the intent to defraud; and

**Fifth**, the specified financial institution was federally insured.

## Court's Instruction No. 26 [Aiding and Abetting]

The following instruction only applies to Counts 2 through 12, for wire fraud and Counts 13 through 20, for bank fraud.  You must not apply this instruction to any other counts.

A defendant may also be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of committing a particular crime by means of aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

**First**, a crime was committed by someone;

**Second**, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime;

**Third**, the defendant acted with the intent to facilitate the crime; and

**Fourth**, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must

33

show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## Court's Instruction No. 27 [Conspiracy: Concealment/Money Laundering]

All of the defendants are charged in Count Twenty-Six of the indictment with conspiring to engage in money laundering, in violation of Section 1956(h) of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning no later than in or around March 2020 and continuing until at least in or around October 2020, there was an agreement between two or more persons to commit at least one of the following crimes: (1) money laundering, in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code (as explained in instruction No. 28); and (2) engaging in monetary transactions in property derived from specified unlawful activity, in violation of Section 1957 of Title 18 of the United States Code (as explained in instruction No. 29)-- with all of you agreeing as to the particular crime which the conspirators agreed to commit; and

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

In considering the charge of conspiracy to commit money laundering, you must consider the general conspiracy instructions that the Court provided to you earlier.  Those are instruction numbers 21 through 22.

35

## Court's Instruction No. 28 [Money Laundering (Section 1956(a)(1)(B)(i))]

The crime of money laundering under Section 1956(a)(1)(B)(i) of Title 18 of the United States Code, consists of the following elements, which the government must prove beyond a reasonable doubt:

**First**, the defendant conducted a financial transaction involving property that represented the proceeds of conspiracy to commit bank fraud and wire fraud, in violation of Section 1349 of Title 18 of the United States Code; wire fraud in violation of Section 1343 of Title 18 of the United States Code; or bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code;

**Second**, the defendant knew that the property represented the proceeds of some form of unlawful activity;

**Third**, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and/or control of such proceeds.

A financial transaction is a transaction involving the use of a financial institution that is engaged in, or the activities of which affect interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in

36

the transaction represented proceeds from some form, though not necessarily

which form, of activity that constitutes a felony.  I instruct you that conspiracy to

commit wire fraud and bank fraud, wire fraud, and bank fraud are each a felony.

## Court's Instruction No. 29 [Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (Section 1957)]

The crime of engaging in monetary transactions in property derived from specified unlawful activity under Section 1957 of Title 18 of the United States Code consists of the following elements, which the government must prove beyond a reasonable doubt:

**First**, the defendant knowingly engaged in a monetary transaction;

**Second**, the defendant knew that the transaction involved criminally derived property;

**Third**, the property had a value greater than $10,000;

**Fourth**, the property was, in fact, derived from conspiracy to commit bank fraud and wire fraud, in violation of Section 1349 of Title 18 of the United States Code; wire fraud, in violation of Section 1343 of Title 18 of the United States Code; or bank fraud, in violation of Section 1344(2) of Title 18 of the United States Code; and

**Fifth**, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

**Court's Instruction No. 30 [Counts Twenty-Seven through Thirty-Two]**

Defendant Vahe Dadyan is charged in Count Twenty-Seven, and defendant Richard Ayvazyan is charged in Counts Twenty-Eight through Thirty-Two, with laundering money, in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.

Instruction number 28 explains the elements of laundering money in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.

For each of Counts Twenty-Seven through Thirty-Two, you must find beyond a reasonable doubt that the defendant charged in those counts committed each of the three elements described in instruction number 28.

In considering the charges in Counts Twenty-Seven through Thirty-Two, you must be careful to refer to the elements in instruction number 28, and not instruction number 29.

## Court's Instruction No. 31 [Bail Reform Act Findings]

Defendant Richard Ayvazyan is charged with committing the offenses charged in Counts Twenty-Eight through Thirty-Two while released pursuant to the Bail Reform Act. If you find beyond a reasonable doubt that defendant Richard Ayvazyan committed any of these offenses, you must also determine whether the government has proven beyond a reasonable doubt that he committed the offense while on release.

## **Court's Instruction No. 32 [Aggravated Identity Theft]**

Defendant Richard Ayvazyan is charged in Counts Twenty-One and Twenty-Two of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. Defendant Marietta Terabelian is charged with this offense in Count Twenty-Two, and defendant Artur Ayvazyan is charged with this offense in Count Twenty-Four.

In order for a defendant to be found guilty of aggravated identity theft as charged in these counts, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person, namely, the following:

- For Count Twenty-One, the name of Mark Zindroski;

- For Count Twenty-Two, the name and California driver's license number of Nazar Terabelian; and

- For Count Twenty-Four, the name and date of birth of Anna Dzukaeva.

**Second**, the defendant knew that the means of identification belonged to a real person; and

41

**Third**, the defendant did so during and in relation to a specific bank fraud or wire fraud offense charged in the indictment, namely, the following:

- For Count Twenty-One, bank fraud, as charged in Count Fourteen;

- For Count Twenty-Two, wire fraud, as charged in Count Eleven; and

- For Count Twenty-Four, wire fraud, as charged in Count Twelve.

The government need not establish that the means of identification of another person was stolen or used without that person's consent or permission.

## Court's Instruction No. 33 [Defining "Possession"]

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

## Court's Instruction No. 34 [Duty to Deliberate]

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public

44

opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

45

## **Court's Instruction No. 35 [Use of Notes]**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## **Court's Instruction No. 36 [Consideration of Punishment]**

The punishment provided by law for this crime is for the court to decide.

You may not consider punishment in deciding whether the government has proved

its case against the defendant beyond a reasonable doubt.

## <u>Court's Instruction No. 37 [Verdict Form]</u>

A verdict form has been prepared for you.  After you have reached

unanimous agreement on a verdict, your foreperson should complete the verdict

form according to your deliberations, sign and date it, and advise the bailiff that

you are ready to return to the courtroom.

## **Court's Instruction No. 38 [Communication With Court]**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.