

FILED
CLERK, U.S. DISTRICT COURT

June 28, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_PMC\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>RICHARD AYVAZYAN, et al.<br><br>Defendants. | CASE NO. 2:20-cr-579-SVW<br><br>JURY INSTRUCTIONS<br><br>FORFEITURE PHASE |

### Court's Instruction No. 1 [Forfeiture Proceeding Follows Guilty Verdict]

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the defendants' guilt. However, all the instructions previously given to you concerning duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

## Court's Instruction No. 2
## [Forfeiture – Scope of Jury's Determination]

Your duty at this phase of the proceeding is solely to determine whether the government has proven the required connection between the property sought for forfeiture and the offenses for which you have found the defendants guilty.

You should not consider what might happen to the property in determining whether the property is subject to forfeiture; the disposition of any property that is declared forfeited is exclusively a matter for the Court to decide. Similarly, if any property has been transferred to a third party, the Court will later determine the rights of that third party to the property.

Some of the property which the government claims is subject to forfeiture may be in the name of one or more defendants and persons or business entities other than the defendants. However, any interest that a person other than a defendant may claim to such property will be taken into account by this Court in a separate proceeding. Interests of persons or entities other than any of the defendants are not for your consideration.

Your sole task is to decide whether the defendants' interest in the property, whatever that interest may be, is subject to forfeiture under the applicable law.

## Court's Instruction No. 3

### [Standard of Proof – Preponderance of the Evidence]

With two important exceptions, all previous instructions will continue to apply to your deliberations.

The first exception is that during this phase, the government's burden is no longer proof beyond a reasonable doubt, but instead, is proof by a preponderance of the evidence, which I will define for you.

The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the defendants, but your sole task is to determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the defendants have been convicted and the property sought for forfeiture.

**Court's Instruction No. 4 [Defining Preponderance of the Evidence]**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## Court's Instruction No. 5

## [Reliance on Evidence Presented During Guilt Phase]

In making the forfeiture determination, you should consider all of the evidence presented during the trial as well as the evidence presented during these post-verdict forfeiture proceedings, regardless of who offered it. You should evaluate the evidence and its credibility according to the instructions given to you earlier.

## Court's Instruction No. 6 [Forfeiture Allegations Are Not Evidence]

The forfeiture allegations set forth in the First Superseding Indictment are not evidence and do not create any inference that the property is subject to forfeiture. The defendants have denied that the property is subject to forfeiture.

## Court's Instruction No. 7 [Multiple Bases for Forfeiture]

I will soon describe the specific property the government seeks to forfeit and what the government must prove to forfeit such property. You will be asked to consider whether such property is subject to forfeiture, including on multiple grounds. You need not be concerned with "double-counting" of monetary amounts or "overlapping" of properties.

Even if you find that a particular property is subject to forfeiture for more than one reason, that does not mean the government will receive the property twice. However, it is important that you indicate on the special verdict form all bases on which you find any given property is subject to forfeiture. Any issues of "double-counting" or "overlapping" will be considered by the Court when imposing sentence.

## Court's Instruction No. 8

## [Property Subject to Forfeiture for Wire Fraud Conviction or Conspiracy to Commit Such Offense]

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1343, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

## Court's Instruction No. 9
## [Property Subject to Forfeiture for Bank Fraud Conviction]

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1344, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

## Court's Instruction No. 10

### [Property Subject to Forfeiture for Aggravated Identity Theft Conviction]

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1028A concerning a violation of Title 18, United States Code, Sections 1343 or 1344, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

## Court's Instruction No. 11 [Proceeds Defined]

Property subject to forfeiture as proceeds of a scheme to defraud includes any money obtained as a result of the scheme, and any property obtained with that money.

Proceeds remain proceeds regardless of how many times the property may change form. For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy a car. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds.

In a case, like this one, involving a scheme to defraud, property is subject to forfeiture if it is derived from or traceable to the scheme as a whole; it is not necessary for the Government to trace the property to a particular execution of the scheme, such as a particular wire transfer.

## Court's Instruction No. 12
## [Forfeiture of Fungible Property]

The Government is not required to identify specific cash, precious metals, or bank funds involved in an offense that is the basis for the forfeiture, because it is not a defense that the cash, precious metals, or bank funds involved in such an offense were removed and replaced by identical property. Any identical cash, precious metals, or bank funds found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture.

**Court's Instruction No. 13**
**[Forfeiture Based on Fraud Offenses]**

The government seeks to forfeit the following property pursuant to the findings of guilt on each of Counts One through Twenty-Two and Twenty-Four:

1. All of the convicted defendant's right, title and interest in certain real Property located in Tarzana, California identified by Assessors Parcel Number 2176-029-031;

2. All of the convicted defendant's right, title and interest in certain real Property located in Glendale, California identified by Assessors Parcel Number 5663-036-033;

3. All of the convicted defendant's right, title and interest in certain real Property located in Palm Desert, California identified by Assessors Parcel Number 694-331-008;

4. $74,557.79 in bank funds seized from Bank of America account number ending in 7695 held in the name of Allstate Towing & Transport LLC;

5. $65,990.43 in bank funds seized from Bank of America account ending in '9700 in the name of Runyan Tax Service Inc.

6. $451,185.00 in U.S. Currency seized on November 5, 2020, in various areas and backyard of a Tarzana, California residence;

7. $3,422.00 in U.S. Currency seized on November 20, 2020, from Richard Ayvazyan and Marietta Terabelian at the Miami International Airport;

8. One Audermars Piguet, Royal Oak 18 carat rose gold wrist watch, model 26331, serial number J52335;

9. One Rolex Datejust stainless steel wrist watch, model 126334, serial number 4U95Z313;

10. One Audemars Piguet, Royal Oak Offshore black ceramic wrist watch, serial number K23313;

11. One Audemars Piguet Royal Oak Offshore black ceramic wrist watch, serial number LU44845K;

12. Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N;

13. One Rolex Day-Date watch, serial number W44P7238;

14. Sixty Gold Bullion coins;

15. One 14 carat yellow gold 24" neck chain; and

16. One Pair of 14 carat white gold earrings with diamond studs.

The government contends that the property described above constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the violation(s) of which one or more defendant was found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above constitutes or is derived from proceeds one or more of the defendants obtained, directly or indirectly, as a result of the violation(s) of which one or more defendant has been found guilty, you must find that such property is forfeitable to the United States.

## Court's Instruction No. 14
### [Property Subject to Forfeiture for Money Laundering Conviction]

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1956, or a conspiracy to commit the same, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property.

### Court's Instruction No. 15
### [Scope of Forfeiture For Money Laundering Conviction]

Property subject to forfeiture as property involved in a violation of Section 1956 of Title 18 of the United States Code (Count Twenty-Six) includes:

1. Money or other property that was the subject of the financial transaction that constituted the money laundering violation;

2. Any property used to facilitate such a money laundering violation; and

3. Any fees or commissions paid to the money launderer.

Property may be the subject of the financial transaction in a number of ways. For example, the property may be the proceeds of the underlying specified unlawful activity which were used to conduct the transaction; it may be property that was commingled with those proceeds at the time the financial transaction took place; or it may be property that was obtained as part of an exchange or purchase that constitutes the violation for which a defendant has been found guilty.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect.

Property that is traceable to the property described in (1) through (3) above in this instruction is also subject to forfeiture. The phrase "any property traceable to" such property includes any property which was exchanged for, derived from, or

16

obtained with any of the property involved in the underlying money laundering crime. For example, property involved in a money laundering violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not a money laundering violation, but that real or personal property is forfeitable because it can be traced to property that was involved in the money laundering violation. Property is forfeitable as traceable to property that was involved in money laundering even if some untainted funds were also used to purchase, improve or maintain the property.

## Court's Instruction No. 16
## [Forfeiture Based on Money Laundering Offenses]

The government seeks to forfeit the following property pursuant to the findings of guilt on Count 26:

1. All of the convicted defendant's right, title and interest in certain real Property located in Tarzana, California identified by Assessors Parcel Number 2176-029-031;

2. All of the convicted defendant's right, title and interest in certain real Property located in Glendale, California identified by Assessors Parcel Number 5663-036-033;

3. All of the convicted defendant's right, title and interest in certain real Property located in Palm Desert, California identified by Assessors Parcel Number 694-331-008;

4. $65,990.43 in bank funds seized from Bank of America account ending in '9700 in the name of Runyan Tax Service Inc.

5. $451,185.00 in U.S. Currency seized on November 5, 2020, in various areas and backyard of a Tarzana, California residence;

6. $3,422.00 in U.S. Currency seized on November 20, 2020, from Richard Ayvazyan and Marietta Terabelian at the Miami International Airport;

7. One Audermars Piguet, Royal Oak 18 carat rose gold wrist watch, model 26331, serial number J52335;

8. One Rolex Datejust stainless steel wrist watch, model 126334, serial number 4U95Z313;

9. One Audemars Piguet, Royal Oak Offshore black ceramic wrist watch, serial number K23313;

10. One Audemars Piguet Royal Oak Offshore black ceramic wrist watch, serial number LU44845K;

11. Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N;

12. One Rolex Day-Date watch, serial number W44P7238;

13. Sixty Gold Bullion coins;

14. One 14 carat yellow gold 24" neck chain; and

15. One Pair of 14 carat white gold earrings with diamond studs.

The government contends that the property described above was involved in or traceable to the money laundering violations for which one or more defendants were found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above was involved in such offense, or traceable to the violation(s) of which one or more defendant has been found guilty, you must find that such property is forfeitable to the United States.

## Court's Instruction No. 17 [Special Verdict Form]

A Special Verdict Form has been prepared for your use. With respect to the property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you. Your decision must be unanimous. Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.