Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Meghan L. Newcomer (*pro hac vice*)
mnewcomer@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS, LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Defendant Marietta Terabelian*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff,*<br><br>  v.<br><br>RICHARD AYVAZYAN, *et al.*,<br><br>  *Defendants.* | Case No.  20-cr-579 (SVW)<br><br>**RICHARD AYVAZYAN AND MARIETTA TERABELIAN'S JOINT NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO COMPEL GOVERNMENT DISCLOSURE OF DISCOVERY RELATED TO *KASTIGAR* HEARING**<br><br>Hon. Stephen V. Wilson |

# NOTICE OF *EX PARTE* APPLICATION TO COMPEL DISCLOSURE OF *KASTIGAR* DISCOVERY

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Richard Ayvazyan and Marietta Terabelian hereby apply to the Court for an order directing the government to produce all materials that are responsive to the discovery requests set forth in Exhibit A to this application by July 12, 2021.

This application is based upon this notice, the application in support, the accompanying Exhibit A, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated:   July 9, 2021                                     Respectfully submitted,

**STEPTOE & JOHNSON LLP**

*/s/ Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

| | |
|---|---|
| 1 | */s/ John L. Littrell* |
| 2 | John L. Littrell (SBN 221601) |
|   | *jlittrell@bklwlaw.com* |
| 3 | Ryan V. Fraser (SBN 272196) |
| 4 | *rfraser@bklwlaw.com* |
|   | **BIENERT KATZMAN LITTRELL** |
| 5 | **WILLIAMS, LLP** |
| 6 | 601 W. 5th Street, Suite 720 |
|   | Los Angeles, CA 90071 |
| 7 | Telephone: (213) 528-3400 |
|   | Facsimile: (949) 369-3701 |
| 8 | |
| 9 | *Counsel for Marietta Terabelian* |

2
*EX PARTE* APPLICATION TO COMPEL GOVERNMENT DISCLOSURE OF DISCOVERY RELATED TO *KASTIGAR* HEARING

# APPLICATION

## I. PRELIMINARY STATEMENT

The government is refusing, despite repeated requests from the defendants, to produce discovery that is essential to ensure a fair opportunity for adversarial litigation of the *Kastigar* hearing to be held on July 26, 2021. Richard Ayvazyan and Marietta Terabelian respectfully request that the Court order the government to produce the discovery originally requested on May 19, 2021, and again requested (with minor supplementation) on July 5, 2021 (requests attached as Exhibit A). Defendants respectfully request that the Court order production by July 12, 2021.

On May 18, 2021, this Court ruled that defendants Ayvazyan and Terabelian were entitled to a hearing to determine, pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972), the extent of taint from Fifth Amendment violations and appropriate remedies. (Dkt. 341.) *Kastigar* prohibits derivative use of tainted information—and all information directly *or indirectly* derived therefrom—in any way whatsoever. As set forth in the Joint Motion to Dismiss Under Fed. R. Crim. 12(b) or Continue the Trial to Hold a Pre-Trial Kastigar Hearing (Dkt. 381), the indictments in this case are already tainted by both evidentiary and non-evidentiary uses of compelled statements, and the government's investigation, pretrial strategy, and trial strategy appear to have been rife with further uses of those statements in violation of the Fifth Amendment.

The Court originally scheduled the *Kastigar* hearing for May 26, 2021, before trial. *See* Dkt. 341. After Defendants requested discovery regarding who on the prosecution team was exposed to tainted information and what investigative or strategic actions each of those people took that could have made use of such tainted information, the government asked the Court to reconsider its order for a pre-trial *Kastigar* hearing. *See* Dkt. 344. The Court rejected the government's argument that a *Kastigar* hearing was not necessary, but ruled that the hearing would take place after trial. *See* Dkt. 356.

On July 5, 2021, defendants renewed their May 19, 2021, requests for discovery related to the spread of *Kastigar* taint through the investigation and at trial, and added seven requests related to categories of discoverable information that had either arisen or crystalized since May 19. *See* Exhibit A. The Defendants requested that the government state its position on *Kastigar* discovery by July 7, 2021, and offered to meet and confer. *Id.* At the time of this filing, the government has not responded.

## II.    ARGUMENT

The requested discovery is necessary to conduct a complete *Kastigar* hearing. Without such discovery, the defense has no way to probe, and the Court no way to determine, the veracity of the government's claims regarding its use or lack of use of information derived from Defendants' compelled statements. Unless this discovery is produced in time for effective use at the impending hearing, that hearing will lack meaningful adversarial testing by the defense.

The Fifth Amendment requires the prosecution to disclose all evidence in its possession, material to guilt or punishment, that is favorable to the accused. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Criminal defendants have the right to disclosure of evidence that is helpful to the defense, including evidence that "would tend to … reduce the penalty." *Id.* Evidence that is relevant to the credibility of a government witness must also be disclosed. *Giglio v. United States*, 405 U.S. 150, 154, 92 (1972). Evidence that prosecutors and other members of the prosecution team viewed and used tainted evidence would have to be disclosed under *Brady*, *Giglio*, and their progeny.

The due process principles announced in *Brady* and its progeny apply in ancillary proceedings such as suppression hearings. *See United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993). If the government were not required to provide *Brady* material in this context, there would be no way to discover whether untruthful statements were made as part of the government's submissions outside of trial, such as an affidavit for a search warrant application. *Id.* at 934-35. The same is true here—any material

indicating that prosecutors or members of law enforcement viewed or used tainted evidence is subject to *Brady* disclosure and necessary to test the truthfulness of the affidavits that members of the prosecution team will provide.  Without such discovery, the Defendants and the Court would be required to simply take the government's word that no *Kastigar* violation occurred.  That would defeat the purpose of a *Kastigar* hearing, where the government has the burden to prove by affirmative evidence that no grand jury or trial witnesses were identified as a result of the tainted information, no grand jury or trial testimony was shaped or altered as a result of the tainted information, and no grand jury or trial exhibits were obtained, reviewed, interpreted, or used as a result of the tainted information.  *See United States v. Danielson*, 325 F.3d 1054, 1072 (9th Cir. 2003); *United States v. Dudden*, 65 F.3d 1461, 1467 (9th Cir. 1995).  Offering the defendants no meaningful opportunity to test the government's assertions would deny the defendants the opportunity for the full and fair *Kastigar* hearing that the Court has ordered.  *See also United States v. Fernandez*, 231 F.3d 1240, 1248 n.5 (9th Cir. 2000) (noting that "'the due process principles announced in *Brady* and its progeny must be applied to' certain pretrial proceedings, such as suppression hearings").[1]

In addition, "the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations." *Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009) (citing *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)). Such obligations exist under the California Rules of Professional Conduct as well as the Jencks Act and the Federal Rules of Criminal Procedure.  California Rule of Professional Conduct 3.8(d) requires timely disclosure of all "evidence or information" known to the prosecution team that the prosecutor "knows or reasonably should know tends to negate the guilt of the accused, mitigate the offense, or mitigate the sentence

---

[1] This discovery would also be required under Rule 16. *See United States v. Soto-Zuniga*, 837 F.3d 992, 1002 (9th Cir. 2016) (holding that discovery into whether the primary purpose of a checkpoint was constitutional because a defendant "should not have to rely solely on the government's word that further discovery is unnecessary.").

1  ….." *Id.* "[T]he obligations include, at a minimum, the duty to disclose impeachment
2  evidence that a prosecutor knows or reasonably should know casts significant doubt on
3  the accuracy or admissibility of witness testimony on which the prosecution intends to
4  rely." Cal. R. Prof'l Conduct 3.8 cmt. 3 (noting that this obligation applies more
5  broadly than "material" evidence). The government would also have to disclose the
6  requested material in order to comply with these ethical obligations.

7       This material is also required to be disclosed under both the Jencks Act and
8  Federal Rule of Criminal Procedure 26.2. The Jencks Act requires that the government
9  produce any statement of a government witness who has testified by direct
10 examination. *See* 18 U.S.C. § 3500(a)-(b). Federal Rule of Criminal Procedure 26.2(g)
11 extends Jencks Act discovery to other types of proceedings covered by the Federal
12 Rules of Criminal Procedure, including suppression hearings. *Id.*; *see also* Fed. R.
13 Crim. P. 12(h) (applying Rule 26.2 to suppression hearings). A *Kastigar* hearing is a
14 species of suppression hearing—it was sought pretrial, and sought to suppress any
15 evidence obtained directly or derivatively from use of Defendants' compelled
16 statements, as well as other relief. As this Court directed in its June 28, 2021 order, the
17 direct examination of the government's witnesses would be in the form of "detailed
18 declarations under penalty of perjury from the agents and prosecutors who directed the
19 investigation." Dkt. 605 at 2. Accordingly, the government must produce any
20 statements—including grand jury testimony—for any witness who provides a direct
21 examination statement in response to the Court's June 28, 2021 order.

22      The government also may not hide behind the work product doctrine simply
23 because several of the people who used the tainted evidence are attorneys. "A party can
24 discover fact work product upon showing a substantial need for the materials and an
25 undue hardship in acquiring the information any other way." *Dir., Off. of Thrift Superv.*
26 *v. Vinson & Elkins*, 124 F.3d 1304, 1307 (D.C. Cir. 1997). While the "opinions,
27 judgments, and thought processes of counsel" are undiscoverable absent an
28

extraordinary showing, a *Kastigar* hearing is extraordinary.  The very purpose of a *Kastigar* hearing is to determine whether, and the extent to which, the prosecutors used information directly or derivatively from Defendants' compelled statements to develop and prosecute their case against the Defendants.  It is the thought processes of counsel that will show how the tainted evidence influenced their investigative, negotiation, and trial strategies and their presentation of the case.  As "[f]or relevant, nonprivileged facts, . . . their being embodied in work product" does not preclude discovery, where the seeking party shows "substantial need" and "the inability to obtain the substantial equivalent of the information" elsewhere without "undue hardship."  *In re Sealed Case*, 124 F.3d 230, 235-36 (D.C. Cir. 1997) (citations omitted), *rev'd on other grounds*, 524 U.S. 399 (1998).  Probing the prosecutors' investigation and trial strategy will by its nature require examination of material that cannot be found outside of attorney work product.  Moreover, since the government has successfully delayed this hearing until after trial, any strategic non-disclosure considerations it may have are moot or of severely diminished value, and cannot overcome the paramount need to protect Defendants' Fifth Amendment rights.

Finally, this Court has broad powers to manage criminal discovery in the cases before it.  *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (district courts may set their own rules for criminal discovery under the "inherent power, exercisable under appropriate circumstances, to assure the proper and orderly administration of criminal justice.").  "The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts," *United States v. Nixon*, 418 U.S. 683, 709 (1974), "and to accomplish that it is essential that all relevant and admissible evidence be produced." *Id.* at 711.

For all of these reasons, the Court should order the government to produce material that is responsive to the discovery requests set forth in Exhibit A.

# CONCLUSION

For the foregoing reasons, the Court should grant this *ex parte* application and direct the government to produce the discovery requested in Exhibit A by July 12, 2021, two weeks before the *Kastigar* hearing.

Dated: July 9, 2021                              Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Meghan L. Newcomer (*pro hac vice*)
*mnewcomer@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

/s/ *John L. Littrell*
John L. Littrell (SBN 221601)
*jlittrell@bklwlaw.com*
Ryan V. Fraser (SBN 272196)
*rfraser@bklwlaw.com*
**BIENERT KATZMAN LITTRELL WILLIAMS, LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

*Counsel for Marietta Terabelian*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.