# EXHIBIT A

Ashwin J. Ram
213 439 9443
aram@steptoe.com



633 West Fifth Street, Ste. 1900
Los Angeles, CA 90071
213 439 9400 main
www.steptoe.com

July 5, 2021

<u>By Electronic Mail</u>

Christopher Fenton, Trial Attorney
Catherine Ahn, Assistant United States Attorney
Scott Paetty, Assistant United States Attorney
U.S. Attorney's Office for the Central District of California
312 N Spring St.
Los Angeles, CA 90012

   Re: *United States v. Richard Ayvazyan et al.*, No. 20-cr-579 (SVW)
     <u>Outstanding Discovery</u>

Dear Counsel:

  We write on behalf of Richard Ayvazyan and Marietta Terabelian regarding discovery that we need the government to promptly produce ahead of the July 26, 2021 *Kastigar* hearing in order to ensure that our clients' constitutional and statutory rights are protected. These requests supplement our outstanding requests for all evidence or information that is favorable to the defense, material to preparing the defense case at the *Kastigar* hearing, relevant to sentencing, covered under *Jencks* or *Giglio*, or is otherwise discoverable.

  Each of these requests apply to all members of the prosecution team, including but not limited to the U.S. Attorney's Office for the Central District of California, the Department of Justice Criminal Division, the Federal Bureau of Investigation, the Internal Revenue Service, the Small Business Administration Office of Inspector General, the Federal Housing Finance Agency Office of Inspector General, the Department of Homeland Security, the California Attorney General's Office, the State of California Department of Justice, the Los Angeles Police Department, and any other agencies collaborating on the investigation or prosecution.

  As with our previous requests,[1] this request includes information that has not been memorialized even if the request does not explicitly reference that distinction. The request for documents or evidence includes, but is not limited to, all papers, letters, reports, memoranda, calendar entries, e-mails, text messages, app-based messages (including but not limited to Skype, Slack, Signal, WhatsApp, or similar apps), notes, instant messages, other computer facilitated or

---

[1] Our previous discovery requests remain continuing in nature and are not withdrawn.



July 5, 2021
Page 2

transmitted materials, images, photographs, logs, or recordings, and all copies or portions thereof, and any other written, recorded, or memorialized material.

As you know, a *Kastigar* hearing includes a detailed tracing analysis of who on the prosecution team was exposed to tainted information and what investigative or strategic actions each of those people took that could have made use of such tainted information. This involves a detailed examination of all pre-trial investigation, strategy, and trial preparation in addition to the evidence used with the grand jury and petit jury. As the government has successfully delayed this hearing until after trial, work product and strategic non-disclosure considerations are no longer valid and cannot possibly overcome the need to protect the defendants' Fifth Amendment rights.[2]

We therefore request that the government produce the following information promptly, and in any event no later than July 12, 2021. In the event that the government does not consent to producing the requested information, we request that it inform us by July 7, 2021 at 1:00 p.m. and contemporaneously inform us whether it consents to the filing of an *ex parte* application related to such discovery. We are happy to meet and confer before 1:00 p.m. on July 7, 2021.

<u>Category One: Previously Requested Information and Documents Regarding *Kastigar* Taint</u>

As we informed the government on May 19, we request that the government produce the following materials so that we can prepare for the *Kastigar* hearing:

- The government's internal prosecution and/or indictment memoranda summarizing the evidence and theories that supported the charges in the indictment and/or superseding indictment.

- Any presentations, memoranda, or debriefing information provided to the agents executing search warrants with the name of each agent who received each presentation, memorandum, or debriefing and the search to which it corresponded.

- Identification of all documents or files on the tainted phones that were reviewed by any member of the government including for each file or document reviewed, the person or persons who reviewed it, the date of review, any other person or persons who received

---

[2] "A party can discover fact work product upon showing a substantial need for the materials and an undue hardship in acquiring the information any other way." *Dir., Off. of Thrift Superv. v. Vinson & Elkins*, 124 F.3d 1304, 1307 (D.C. Cir. 1997). While the "opinions, judgments, and thought processes of counsel" are undiscoverable absent an extraordinary showing, "[f]or relevant, nonprivileged facts, ... their being embodied in work product" does not preclude discovery, where the seeking party shows "substantial need" and "the inability to obtain the substantial equivalent of the information" elsewhere without "undue hardship." *In re Sealed Case*, 124 F.3d 230, 235-36 (D.C. Cir. 1997) (citations omitted), *rev'd on other grounds*, 524 U.S. 399 (1998).

July 5, 2021  
Page 3



- any information or work product derived in any way from this document or file, the date of such receipt, and all information related to the government's review or use of the tainted document or file.

- All subpoenas issued after October 19, 2020 with identification of which documents were produced in response to each subpoena. Please indicate whether you contend that each subpoena was "derived from a legitimate source wholly independent of compelled testimony" and provide all facts supporting that contention.

- All logs or other documents (whether from Relativity or another document review platform or progress summaries in emails or documents), work product, or other information demonstrating when (a) files received prior to October 19, 2020, and (b) the tainted files were reviewed, by whom they were reviewed, and any notes or conclusions upon review.

- A list of all witnesses who were interviewed after October 19, 2020, including indication of whether they were questioned regarding any of the topics related to the tainted evidence or exposed to any tainted document or file or any other tainted evidence. Please identify who was present for each interview.

- All transcripts from both grand juries and identification of any testimony that was derived directly or indirectly from the tainted evidence.

- All evidence submitted to both grand juries and identify any submissions that were derived directly or indirectly from the tainted evidence.

- A description of all actions taken to ensure that the taint of unlawfully seized evidence has been entirely purged.

Category Two: Other Material Discovery Regarding *Kastigar* Taint

- Identification of all files accessed on any of the tainted devices, including a summary of the file's content, the date it was accessed, who accessed the file, what was done with the information, and who the resulting information (or file) was shared with.

- Any memoranda or other summaries (whether written or oral) prepared between October 19, 2020 and the present that summarize the facts of the case or evidence against the defendants including but not limited to summaries for superiors, summaries for new team members, summaries related to witness meetings, summaries related to subpoena issuance or execution, summaries related to empanelment of a second grand jury, or any other portion of pre-trial or trial strategy.

- All post-October 19, 2020 communications regarding plea bargains for either Richard Ayvazyan, Marietta Terabelian, or any other defendant or groups of defendants that would include Ayvazyan and Terabelian (such as global or near-global plea bargains). This includes but is not limited to communications regarding whether to make a plea

July 5, 2021  
Page 4



- offer, how to respond to overtures from defense counsel, and any other communications related to plea bargaining.

- All communications regarding trial strategy or pre-trial strategy involving any of the following AUSAs, agents, team members, or *any other people exposed to tainted information*: Catherine Ahn, Julian Andre, Geffrey Clark, Brian Faerstein, Christopher Fenton, Timothy Massino, Scott Paetty, Justin Palmerton, Lynne Zellhart, any CBP officers or people involved in the October 19-20 airport stop, search, and dissemination of tainted information. This includes but is not limited to the initial transmissions of tainted information between October 19 and November 12.

- All *Jencks* documents related to any witness who may either submit a declaration or testify at the *Kastigar* hearing including all statements related to the investigation or trial preparation of the case against the defendants.

- All evidence or witness testimony that the government did not adduce at trial because the government concluded that it may be tainted or raise taint concerns.

- Our understanding from your recent motion for an order dismissing the *Kastigar* proceedings (Dkt. 663) is that the government interviewed Jon Bradford and that this interview involved the use of tainted evidence and led the government to trial witness Amirah Halum. Please produce a log of all such grand jury or trial evidence or testimony that was in any way obtained as a result of the tainted information and explain how.

Sincerely,

*/s/ Ashwin J. Ram*

Ashwin J. Ram  
Michael A. Keough  
Meghan Newcomer (*pro hac vice*)  
Nicholas P. Silverman (*pro hac vice*)  
STEPTOE & JOHNSON LLP  
633 West Fifth Street, Suite 1900  
Los Angeles, CA 90071  
aram@steptoe.com

*Counsel for Defendant Richard Ayvazyan*

*/s/ John L. Littrell*  
John L. Littrell (SBN 221601)  
Ryan V. Fraser (SBN 272196)  
BIENERT KATZMAN LITTRELL WILLIAMS, LLP  
601 West Fifth Street, Suite 720  
Los Angeles, CA 90071

July 5, 2021
Page 5



rfraser@bklwlaw.com

*Counsel for Defendant Marietta Terabelian*