TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-cr-579(A)-SVW |
|---|---|
| Plaintiff, | REPLY IN SUPPORT OF THE GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING THE UNDER SEAL AND *IN CAMERA* FILING OF CERTAIN EXHIBITS ATTACHED TO THE DECLARATION OF CHRISTOPHER FENTON (ATTACHED TO THE GOVERNMENT'S POST-TRIAL *KASTIGAR* SUBMISSION) |
| v. | |
| RICHARD AYVAZYAN, aka "Richard Avazian" and "Iuliia Zhadko," and MARIETTA TERABELIAN, aka "Marietta Abelian" and "Viktoria Kauichko," ARTUR AYVAZYAN, aka "Arthur Ayvazyan," TAMARA DADYAN, MANUK GRIGORYAN, aka "Mike Grigoryan," and | |

1    "Anton Kudiumov,"
ARMAN HAYRAPETYAN,
2    EDVARD PARONYAN,
       aka "Edvard Paronian" and
3      "Edward Paronyan," and
VAHE DADYAN,
4
              Defendants.
5

6        Plaintiff United States of America, by and through its counsel

7    of record, the Acting United States Attorney for the Central District

8    of California, Assistant United States Attorneys Scott Paetty,

9    Catherine Ahn, and Brian Faerstein, and Department of Justice Trial

10   Attorney Christopher Fenton, hereby files its reply in support of the

11   government's ex parte application to file under seal and in camera

12   certain exhibits attached to the Declaration of Christopher Fenton

13   (attached to the Government's Post-Trial Kastigar Submission).  This

14   reply is filed pursuant to the Court's Order (ECF 694) directing the

15   government to respond to defendants Richard Ayvazyan's and Marietta

16   Terabelian's arguments opposing the government's application as they

17   pertain to Exhibits 33.a, 33.b, and 34.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1    This reply is based upon the attached memorandum of points and

2 authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4  Dated: July 16, 2021              Respectfully submitted,

5                                    TRACY L. WILKISON
                                     Acting United States Attorney
6
                                     SCOTT M. GARRINGER
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8
                                            */s/*
9                                    _____
                                     CATHERINE AHN
                                     SCOTT PAETTY
10                                   BRIAN FAERSTEIN
                                     Assistant United States Attorneys
11                                   CHRISTOPHER FENTON
                                     Department of Justice Trial Attorney
12
                                     Attorneys for Plaintiff
13                                   UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

2 **I.      Introduction**

3         On June 28, 2021, this Court ordered the government to file a

4 specified set of documents and briefing with respect to the post-

5 trial <u>Kastigar</u> hearing set in this case.  (ECF 605.)  In that order,

6 the Court ordered the government to file, "<u>in camera</u> and under seal,"

7 the transcripts for both grand jury proceedings.  (<u>Id.</u> at 2.)  In so

8 doing, this Court adhered to the long-standing rule of grand jury

9 secrecy codified in Federal Rule of Criminal Procedure ("Rule") 6.

10 On July 15, 2021, the Court further ordered the government to file –

11 in response to defendants Richard Ayvazyan's and Marietta

12 Terabelian's opposition to the government's <u>ex parte</u> application to

13 file certain exhibits <u>in camera</u> – a response "limited to addressing

14 Defendants' arguments as they pertain to Exhibits 33.a, 33.b, and 34,

15 and explaining why those Exhibits should be filed in camera."  (ECF

16 694.)

17         The government's under seal and <u>in camera</u> submissions are

18 limited to those materials that are, or incorporate, grand jury

19 material subject to Rule 6, as well as attorney work product that is

20 protected from discovery under Rule 16(a)(2).  Specifically, Exhibits

21 33.a and 33.b attached to the Declaration of U.S. Department of

22 Justice ("DOJ") Trial Attorney Christopher Fenton ("Fenton Decl.")

23 were submitted under seal and <u>in camera</u> because they are attorney

24 work product, and Exhibit 34 includes, among other things, detailed

25 references to grand jury material, specifically, the date and

26 documents sought pursuant to grand jury subpoenas.

27 **II.   Relevant Procedural History and Facts**

28         On June 12, 2021, the government filed its post-trial <u>Kastigar</u>

1    submission, which detailed the government's investigation and the

2    bases for the Indictment and the First Superseding Indictment and the

3    evidence admitted at trial, among other things.  (Gov't. Post-Trial

4    _Kastigar_ Submission at 16-27 and 29-33 (filed under seal).)

5         The government's submission is supported by detailed

6    declarations submitted by case agents and the attorneys who

7    investigated and prosecuted the case, including U.S. Department of

8    Justice ("DOJ") Trial Attorney Fenton's 33-page declaration (the

9    "Fenton Decl."), former Assistant United States Attorney ("AUSA")

10   Julian André's 7-page declaration, AUSA Brian Faerstein's 14-page

11   declaration, and Federal Bureau of Investigation ("FBI") Special

12   Agent Justin Palmerton's 22-page declaration, among others.  DOJ

13   Trial Attorney Fenton and former AUSA André were the initial

14   attorneys investigating this case, and AUSA André and AUSA Faerstein

15   presented the initial and superseding indictments, respectively, to

16   the grand jury while Special Agent Palmerton served as the testifying

17   witness.

18        The only exhibits sought to be filed _in camera_ were exhibits

19   attached to the Fenton Declaration that contained grand jury material

20   protected from disclosure under Rule 6(e) and attorney work product

21   protected from disclosure under Rule 16(a)(2).[1]  Exhibits 33.a and

22   33.b (lodged under seal and _in camera_) contain lists that were

23   prepared by DOJ Trial Attorney Fenton in anticipation of trial "to

24   conduct a quality check to confirm that evidence supporting the

25   charges in the first superseding indictment had been timely produced

26   to defendants."  (Fenton Decl. ¶ 56.)  Exhibit 33.a related to the

_____

28        [1] These are: Exhibits 1, 1.a, 2, 15, 16.a-16.b, 32, 33.a-33.b,
     and 34 attached to the Fenton Decl. (filed under seal and _in camera_).

loans charged in the initial indictment while Exhibit 33.b related to new loans charged in the first superseding indictment.  (Id. ¶ 57.) Exhibit 34 (filed under seal and in camera) contains substantively the same information provided to defendants through the government's trial exhibit list – providing the relevant Bates numbers of the exhibits and the Bates number of the certifications – but includes two additional columns that identify grand jury material.  These columns do not add any additional material information regarding the government's non-use of suppressed evidence to what was already disclosed to defense through the government's post-trial Kastigar submission, declarations, and other attached exhibits.  As discussed in those filings, the information contained in the trial exhibits was either already requested prior to the government's access to the cellphones seized from defendants at the Miami International Airport (see Gov't. Post-Trial Kastigar Submission at 23) or was already known to the government prior to that access, as further shown in Exhibits 17 and 28 attached to the Fenton Decl. (filed under seal). (Fenton Decl. ¶ 60.)

    In addition to the government's post-trial Kastigar submission and the Fenton, André, Faerstein, and Palmerton Declarations, the government also submitted declarations from Internal Revenue Service-Criminal Investigations ("IRS-CI") Special Agent Geffrey Clark, U.S. Small Business Administration-Office of the Inspector General ("SBA-OIG") Special Agent Timothy Massino, FBI Forensic Examiner Perry Woo, as well as AUSAs Catherine Ahn and Scott Paetty, who prepared the case for trial with DOJ Trial Attorney Fenton.  The full briefing, all the supporting declarations, and 85 of the 95 supporting exhibits, including all the exhibits attached to the declarations of

3

the case agents and attorneys other than DOJ Trial Attorney Fenton,
were provided to defendants are available for their review.  In
total, defendants received more than 1,700 pages of supporting
evidence in addition to the government's post-trial Kastigar
submission.

**III. Supreme Court Precedents and the Federal Rules of Criminal Procedure Protect Grand Jury Material and Attorney Work Product from Disclosure**

Exhibit 34 contains detailed references to grand jury material –
specifically, the dates, content, and receipt of grand jury subpoenas
issued in this investigation.  In seeking to file Exhibit 34 under
seal and in camera, the government acted in accordance with the
logical consequences of this Court's post-trial Kastigar order, which
required the government to submit grand jury transcripts under seal
and in camera.  (ECF 605 at 2.)  Furthermore, by seeking to file such
material under seal and in camera, the government acted in compliance
with its obligations under Rule 6(e), which expressly prohibits an
attorney for the government from disclosing "a matter occurring
before the grand jury."  Fed. R. Crim. P. 6(e)(2)(B)(vi).  There is
no statutory exception to this Rule that would permit the government
to disclose such materials to the defense, particularly in light of
this Court's order.

Furthermore, defendants already possess the non-grand jury
material contained in Exhibit 34 and are not otherwise entitled to
the grand jury material it contains.  The Supreme Court articulated
the standards for lifting the secrecy of grand jury proceedings in
Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979),
which were further discussed by the Ninth Circuit in United States v.
Plummer, 941 F.2d 799 (9th Cir. 1991) (affirming district court's

1   denial of defendant's request for full access to grand jury
2   transcripts for hearing on whether government used immunized
3   statements in grand jury).  Disclosure is permitted only to "avoid a
4   possible injustice" where defendant has shown "a particularized need
5   . . . that outweighs the need for secrecy."  The government's post-
6   trial <u>Kastigar</u> submission and the Fenton Declaration discuss, in
7   detail, the government's lack of reliance on the suppressed evidence.
8   (Gov't. Post-Trial <u>Kastigar</u> Submission at 26-27 and 31-34; Fenton
9   Decl. ¶¶ 58-60.)  To the extent defendants wished to cross-examine
10  the government on the suppressed evidence, they can question the
11  government on the content of its post-trial <u>Kastigar</u> submission, its
12  filed declarations, and Exhibits 17 and 28 attached to the Fenton
13  Decl., which describe the independent source or lack of use of each
14  particular image.  (Fenton Decl. ¶ 60.)  There is no injustice to be
15  avoided, nor any particularized need that outweighs the need for
16  secrecy through the disclosure of Exhibit 34, particularly given the
17  volume of evidence and information already disclosed to defense.
18       Similarly, Exhibits 33.a and 33.b are not subject to disclosure
19  because they fall squarely within the scope of Rule 16(a)(2), which
20  excludes from disclosure "internal government documents made by an
21  attorney for the government or other government agent in connection
22  with investigating or prosecuting the case."  Fed. R. Crim. P.
23  16(a)(2).  The government has already described, in general terms,
24  the content of Exhibits 33.a and 33.b, which served as a "discovery
25  quality check" documenting the production Bates number of evidence
26  provided to defendants.  (Fenton Decl. ¶ 57.)  In other words,
27  defendants have already received the substantive information
28  contained in these exhibits through the government's prior

production, and receipt of the initial and superseding indictments. The production of DOJ Trial Attorney Fenton's work product would not materially add to the evidence to which defendants already have access.  There is, therefore, simply no basis for the release of attorney work product material that falls squarely within the exclusion contained within Rule 16(b)(2).

**IV.   Conclusion**

For the foregoing reasons, the government respectfully requests that this Court grant its <u>ex parte</u> application and order the filing of Exhibits 33.a, 33.b, and 34 attached to the Fenton Decl. (along with the other requested exhibits) under seal and <u>in camera</u>.