TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov;
                Catherine.S.Ahn@usdoj.gov;
                Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>     "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>     "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>     "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>     "Edward Paronyan," and<br>VAHE DADYAN,<br><br>          Defendants. | No. CR 20-579(A)-SVW<br><br><u>GOVERNMENT'S OPPOSITION TO DEFENDANTS RICHARD AYVAZYAN'S AND MARIETTA TERABELIAN'S JOINT *EX PARTE* APPLICATION TO CONTINUE SENTENCING DATE (ECF 880)</u> |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine S. Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its opposition to defendants Richard Ayvazyan's and Marietta Terabelian's Joint <u>Ex Parte</u> Application to Continue Sentencing Date (ECF 880).  This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 26, 2021			Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
SCOTT PAETTY
CATHERINE AHN
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Richard Ayvazyan and Marietta Terabelian request relief this Court has already denied: a continuance of their sentencing hearing until November 2021. (See July 29, 2021 Hearing Transcript at 222:17-23.) Defendants still fail to provide a compelling basis for delay, and many of the reasons they do provide for needing more time are of their own making. Defendants' requested continuance also will provide them further opportunity to flee and pose economic danger to the community, both of which constitute significant risks in this case. The Court therefore should deny defendants' ex parte application to continue sentencing to November 2021 a second time.

First, defendants claim they need more time "to adequately prepare for sentencing." (ECF 880 at 1.) However, defendants already have ample time. Defendants were convicted on June 25. Sentencing is scheduled for October 4. By the time of the hearing, defendants will have had over three months to prepare. This schedule already reflects a reasonable three-week continuance the Court granted at defendants' request to account for the post-trial Kastigar proceedings. (See July 29, 2021 Hearing Transcript at 222:17-23.) Thus, defendants' argument that the Kastigar hearing precluded them from having adequate time to prepare for sentencing is unavailing. (See id.)

Second, defendants claim they need time to provide materials to and schedule interviews with the United States Probation and Pretrial Services Office ("Probation"). (See id.) But when Probation initially requested the materials from defendants and attempted to schedule interviews, defendants opted not to provide materials nor

proceed with interviews at that time. Furthermore, even if defendants have now belatedly changed their position, they still fail to explain why they need more time to gather the materials: defendants had notice of Probation's requests for months and, as a practical matter, because defendants are married and share a home, the information each must gather to respond to Probation's requests is likely to be the same in nearly all respects.[1] In addition, the relevant information defendants are now choosing to provide to Probation would presumably be included in any materials defendants provide to this Court in support of their sentencing positions. Defendants' late decision to cooperate with Probation therefore should not affect their preparation of materials to submit to this Court for their already-continued sentencing hearing.

Third, defendant Ayvazyan claims one of his attorneys, namely Ashwin Ram, will be unavailable on October 4 because he may have a trial that begins on October 6. (See id.) These dates do not present a direct conflict and Mr. Ram should be available to appear on October 4 even if he has a trial that begins on October 6. And, in any event, even if Mr. Ram is unavailable on October 4, that is not a reason to continue the sentencing: defendant Ayvazyan's defense team includes three other attorneys who participated throughout these

---

[1] To the extent the Court entertains any request for a continuance, it should be upon request from Probation, not defendants, if Probation requires additional time to complete the presentence investigation reports. Defendants have had more than ample time to supply information to Probation and should not be permitted to further prolong these proceedings based on their purported interest in providing information they may or may not actually provide.

2

proceedings, namely Michael Keough, Meghan Newcomer, and Nicholas Silverman.

Similarly, defendant Terabelian claims one of her attorneys, namely John Littrell, may be unavailable because he may have a trial that begins on September 20.  (See id.)  But defendant Terabelian is also represented by Mr. Littrell's colleague, Ryan Fraser, who appeared alongside Mr. Littrell before, during, and after trial.[2]

Fourth, defendants' purported need for additional time is a direct result of their own strategic choices, further undermining their ex parte request for a second continuance at this stage.  In seeking relief on an ex parte basis, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect," among other things.  Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 492-93 (C.D. Cal. 1995) (denying ex parte application to shorten time on motion where moving party failed to "establish that it was without fault in creating whatever it is that it perceives as a crisis condition").  Here, defendants chose not to provide information Probation requested in July at the outset of Probation's presentence investigation nor to submit to interviews at Probation's invitation.  Thus, defendants

---

[2] Defendants cite the Court's continuances of the sentencing dates of codefendants Manuk Grigoryan (to October 25) and Tamara Dadyan (to October 18) as an additional basis for their request for a continuance to November 15.  (See ECF 880 at 1.)  In the case of defendant Grigoryan, the government stipulated to a continuance only to October 7 (ECF 855), and similarly would agree only to a modest continuance to mid-October for defendant Tamara Dadyan (ECF 860).  In any event, defendants Richard Ayvazyan and Marietta Terabelian are differently situated than these other defendants, and they are once again seeking a continuance to November 2021 that the Court has already rejected.

3

created this purported "crisis" on their own.  Id.  Whether defendants were betting on a different result in the adjudication of their post-trial motions or have had a change of heart as to their approach with Probation, their resort to ex parte procedures to seek yet more time is improper and should be rejected.

Finally, having lost their post-trial Kastigar and Rule 29 and 33 motions (ECF 874, 875), defendants present both a serious risk of flight and danger to the community.  Defendants, who were previously convicted of conspiring together to commit bank fraud in 2012, are facing significant prison time here (including, in the case of defendant Ayvazyan, a mandatory minimum sentence as a result of his two convictions for aggravated identity theft).  They have a history of using fake and stolen identities, which was an integral part of the bank/wire fraud and money laundering conspiracies for which they were convicted in this case.  The government has significant concerns defendants can and will employ such fake or stolen identities to flee the jurisdiction now that their post-trial motions have been denied. Defendants also have access to millions of dollars in stolen money the government has not yet been able to trace, furthering their potential means of escape and resources to evade law enforcement detection.

Defendants' access to this unaccounted-for money poses the additional threat that they may launder these fraudulent COVID-19 disaster relief loan proceeds, as the jury found defendants did with respect to the proceeds the government has been able to trace.  The government continues to seek to find additional funds defendants stole, and thus there is a real threat of continuing economic harm as

4

that money remains outstanding.  Indeed, the Ninth Circuit has held that, "danger may, at least in some cases, encompass pecuniary or economic harm."  United States v. Reynolds, 956 F.2d 192, 192-93 (9th Cir. 1992) (denying motion for bail pending appeal where defendant failed to show by clear and convincing evidence that he "d[id] not constitute an economic danger to the community").  The government's evidence at trial demonstrated defendants' use of stolen and synthetic individual and business identities to create fictitious shell companies and open numerous bank accounts.  Defendants used this elaborate network of fraudulent companies and accounts for the purpose of concealing the illicit source of stolen loan proceeds and directing the funds to their own personal expenses.  Additional time before sentencing in this case – the need for which, as described above, would be solely of defendants' own making – would only provide defendants further opportunity to access and misuse funds they have stolen and secreted.  In sum, given the substantial risks of flight and danger, defendants should be sentenced as soon as practicable.

    For these reasons, the government respectfully requests the Court deny defendants' motion and proceed with sentencing defendants Richard Ayvazyan and Marietta Terabelian on October 4, 2021.