TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5421
     Facsimile: (213) 894-0142
     E-mail:   brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RICHARD AYVAZYAN,<br>     Aka "Richard Avazian" and<br>"Iuliia Zhadko," et al.<br><br>          Defendants. | No. CR 20-00579-SVW-1<br><br>GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDERS OF FORFEITURE AGAINST DEFENDANT RICHARD AYVAZYAN<br><br>Sentencing Hearing<br><br>Date: October 4, 2021<br>Time: 11:00 a.m.<br>Courtroom: 10A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney

Brent A. Whittlesey, hereby applies for issuance of a Preliminary Orders of Forfeiture ("POFs") lodged contemporaneously herewith,[1] pursuant to Fed. R. Crim. P. 32.2(b) and with respect to questions 1 through 64 and defendant's guilty conviction on Counts One, Two through Twelve, Twenty-two, Twenty-four and Twenty-six of the First Superseding Indictment as to the following property ("Forfeitable Property") to be forfeited to the United States of America:

   a.   $74,557.79 in bank funds seized from Bank of America account number ending in 7695 held in the name of Allstate Towing & Transport LLC;

   b.   $65,990.43 in bank funds seized from Bank of America account ending in 9700 held in the name of Runyan Tax Service Inc.;

   c.   $451,185.00 in U.S. Currency seized on November 5, 2020, in various areas and backyard of a Tarzana, California residence;

   d.   One Audermars Piguet, Royal Oak 18 carat rose gold wrist watch, model 26331, serial number J52335 seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

   e.   One Rolex Datejust stainless steel wrist watch, model 126334, serial number 4U95Z313 seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

---

[1] The government has lodged a total of four POFs – one for each of the three real properties described below and one for the remaining assets. Individual POFs are required for each parcel of real property because orders purporting to effect title to multiple parcels of real property cannot be recorded.

    f.    One Audemars Piguet, Royal Oak Offshore black ceramic wrist watch, serial number K23313 seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

    g.    One Audemars Piguet Royal Oak Offshore black ceramic wrist watch, serial number LU44845K seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

    h.    One Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

    i.    One Rolex Day-Date watch, serial number W44P7238 seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

    j.    Sixty Gold Bullion Coins seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

    k.    One 14 carat yellow gold 24" neck chain seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

    l.    One Pair of 14 carat white gold earrings with diamond stud seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

    m.    The real property located at 4910 Topeka Drive, Tarzana, California, APN: 2176-029-031, more particularly described as:

    DESCRIPTION: THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THOSE PORTIONS OF LOT 71 and 72 OF TRACT 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE 55 ET SEQ. OF MAPS, AND THAT PORTION OF PARCEL "A" OF PARCEL MAP L.A. NO. 2015 AS PER MAP FILED IN BOOK 32 PAGE 19 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTERLINE OF TOPEKA DRIVE, 40 FEET WIDE, AS SHOWN ON SAID MAP, DISTANT THEREON SOUTH 15° 10' 00" WEST 178.55 FEET FROM THE NORTHEASTERLY TERMINUS OF THAT CERTAIN COURSE IN THE CENTERLINE OF TOPEKA DRIVE SHOWN ON SAID MAP AS HAVING A BEARING OF NORTH 15° 10' 00" EAST AND LENGTH OP 1055.19 FEET;

THENCE SOUTH 74° 50' 00" EAST 56.09 FEET TO THE BEGINNING OF A TANGENT CURVE, CONCAVE TO THE NORTHWEST, HAVING A RADIUS OF 129.86 FEET;

THENCE EASTERLY ALONG SAID CURVE 128.40 FEET; TO THE TRUE POINT OF BEGINNING;

THENCE TANGENT TO SAID CURVE NORTH 48° 30' 50" EAST 147.14 FEET TO THE BEGINNING OF A TANGENT CURVE, CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 100.05 FEET;

THENCE EASTERLY ALONG SAID CURVE, 125.14 FEET, A RADIAL LINE TO SAID POINT BEARS NORTH 30° 10' 46" EAST;

THENCE NORTH 10° 52' 46" EAST 45.32 FEET;

THENCE SOUTH 84° 29' 18" EAST 182.82 FEET;

THENCE SOUTH 04° 13' 10" WEST 195.63 FEET TO A POINT IN A CURVE CONCAVE WESTERLY HAVING A RADIUS OF 175.31 FEET; A RADIAL LINE TO SAID POINT BEARS NORTH 62° 22' 50" EAST; THENCE CONTINUING EASTERLY AND SOUTHERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 50° 06' 30" AN ARC DISTANCE OF 153.32 FEET;

THENCE TANGENT TO SAID CURVE SOUTH 22° 29' 20" WEST 63.38 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 375.00 FEET;

THENCE SOUTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 13° 52' 00" 90.76 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 161.89 FEET;

THENCE SOUTHEASTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 17° 46' 00" 50.20 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 75.69 FEET;

THENCE SOUTHWESTERLY AND WESTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 33° 58' 30" 44.88 FEET TO A POINT OF CUSP IN THE NORTHERLY LINE OF SAID PARCEL "A" SAID NORTHERLY LINE BEING A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 30.00'; A RADIAL LINE TO SAID POINT BEARS SOUTH 38° 26' 10" EAST;

THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE 116° 31' 20" AN ARC DISTANCE OF 61.01 FEET;

THENCE SOUTH 10° 54' 50" EAST 92.71 FEET;

THENCE SOUTH 80° 16' 17" WEST 20.00 FEET;

THENCE NORTH 31° 28' 33" WEST 120.33 FEET;

THENCE NORTH 22° 17' 48" WEST 20.00 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 55.69 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 49° 06' 52" AN ARC DISTANCE OF 47.74 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 181.89 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 17° 46' 00" AN ARC DISTANCE OF 56.40 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 355.00 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 12° 45' 16" AN ARC DISTANCE OF 79.03 FEET;

THENCE NORTH 67° 12' 02" WEST 268.30 FEET;

THENCE NORTH 15° 10' 00" EAST 43.00 FEET;

THENCE NORTH 47° 02' 30" WEST 175.00 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

THE RIGHT OF INGRESS AND EGRESS FOR SAID PROPERTY OVER A ROADWAY EASEMENT FROM TOPEKA DRIVE OVER THAT PORTION OF LOT 71, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55, ET SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN A STRIP OF LAND 30.00 FEET IN WITH, LYING 15.00 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTER LINE:

BEGINNING AT THE SOUTHWESTERLY CORNER OF THE LAND CONVEYED TO CIRELLA G. SMITH AND HUSBAND, BY DEED RECORDED JULY 8, 1943 AS INSTRUMENT NO. 118, IN BOOK 20132 PAGE 100, OFFICIAL RECORDS, SAID CORNER BEING DISTANT 261.45 FEET NORTHERLY FROM THE SOUTHWESTERLY CORNER OF LOT 71, SAID TRACT 2605; THENCE NORMAL TO THE EASTERLY LINE OF TOPEKA DRIVE, SOUTH 74° 50' 00" EAST 36.09 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 129.86 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE, 128.40 FEET; THENCE TANGENT TO SAID CURVE, NORTH 48° 30' 50" EAST 147.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY, HAVING A RADIUS OF 100.05 FEET; THENCE EASTERLY ALONG SAID CURVE, 144.70 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 48° 37' 10" EAST, 161.06 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE WESTERLY, HAVING A RADIUS OF 175.31 FEET, THENCE SOUTHERLY ALONG SAID CURVE, 217.57 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 22° 29' 20" WEST 42.15 FEET TO A POINT.

n. The real property located 834 Calle La Primavera, Glendale, California, APN: 5663-036-33, more particularly described as:

Parcel 1:

Lot 56 of Tract No. 45375, in the City of Glendale, County of Los Angeles, State of California, as per map recorded in Book 1128, Page(s) 55 to 63 inclusive of Maps, in the office of the County Recorder of said County.

7

    Except therefrom all oil and minerals in, on and under said land as reserved by Benjamin Dreyfus in deeds recorded in Book 101, Pages 551 and in Book 107, Page 447 both of Deeds, in said Office of the County Recorder.

    Parcel 2:

    Non-exclusive easements for access, ingress, egress, encroachments, maintenance, repair, drainage, support and other purposes, all as described in the Master Declaration recorded March 7, 1989 as Instrument No. 1989-354873 and any amendments thereto.

    o.   The real property located at 74203 Anastacia Lane, Palm Desert, California, APN: 684-331-008, more particularly described as:

    Parcel 1:

    Lot 56 of Tract No. 45375, in the City of Glendale, County of Los Angeles, State of California, as per map recorded in Book 1128, Page(s) 55 to 63 inclusive of Maps, in the office of the County Recorder of said County.

    Except therefrom all oil and minerals in, on and under said land as reserved by Benjamin Dreyfus in deeds recorded in Book 101, Pages 551 and in Book 107, Page 447 both of Deeds, in said Office of the County Recorder.

    Parcel 2:

    Non-exclusive easements for access, ingress, egress, encroachments, maintenance, repair, drainage, support and other purposes, all as described in the Master Declaration

recorded March 7, 1989 as Instrument No. 1989-354873 and any amendments thereto.

This application, which deals solely with the Forfeitable Property, is supported by the finding of guilt as to defendant, the finding by the jury that defendant's interest in the Forfeitable Property is subject to forfeiture to the United States, and the matters set forth in the accompanying Memorandum of Points and Authorities.

DATED: September 1, 2021         Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant was found guilty to Counts One, Two through Twelve, Twenty-two, Twenty-four, and Twenty-six of the First Superseding Indictment in this case, charging him with a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud and bank fraud), a violation of 18 U.S.C. § 1343 (wire fraud), a violation of 18 U.S.C. §§ 1028A(a)(1)(aggravated identity theft), and a violation of 18 U.S.C. § 1956(h) (conspiracy to commit money laundering). After the verdict was returned, the jury determined that defendant's interest in the following Forfeitable Property:

a. $74,557.79 in bank funds seized from Bank of America account number ending in 7695 held in the name of Allstate Towing & Transport LLC;

b. $65,990.43 in bank funds seized from Bank of America account ending in 9700 held in the name of Runyan Tax Service Inc.;

c. $451,185.00 in U.S. Currency seized on November 5, 2020, in various areas and backyard of a Tarzana, California residence;

d. Oak Offshore black ceramic wrist watch, serial number LU44845K seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

e. One Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  f. One Rolex Day-Date watch, serial number W44P7238 seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

  g. Sixty Gold Bullion Coins seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  h. One 14 carat yellow gold 24" neck chain seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

  i. One Pair of 14 carat white gold earrings with diamond stud seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

  j. The real property located at 4910 Topeka Drive, Tarzana, California, APN: 2176-029-031;

  k. The real property located 834 Calle La Primavera, Glendale, California, APN: 5663-036-33; and

  l. The real property located at 74203 Anastacia Lane, Palm Desert, California, APN: 684-331-008

was forfeited to the United States.

  Pursuant to Rule 32.2(b), the government now applies for the entry of the Preliminary Order of Forfeiture of the Forfeitable Property (the proposed order is lodged contemporaneously herewith). The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

///

///

**II. ARGUMENT**

    **A.   The Jury Found the Required Nexus Between Defendant's Crime and the Forfeitable Property**

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. . . . The court's determination may be based on . . . any written plea agreement . . . .

Fed. R. Crim. P. 32.2(b)(1). The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property represented the proceeds of the offense . . . ." Advisory Committee Notes to Rule 32.2, subdivision (a) (2000 Adoption). The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence. See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United States v. Bieri, 21 F.3d 819 (8th Cir. 1994)(§ 853).

Thus, the only question before the Court in connection with

the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offenses to which defendant was found guilty. See Rule 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order. See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property."). The preliminary order should be entered promptly in order to avoid unnecessary delay in the forfeiture process and resolve potential third party rights. United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005). The defendant need not be present when the preliminary order is entered. United States v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant's ownership of the property either to seize it or to obtain a preliminary order of forfeiture, and third parties are prohibited from intervening in the criminal case, and cannot complain that they have to wait for the ancillary proceeding to assert their rights. Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C. § 1963(i). As explained in the Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the extent of the defendant's ownership interest should be

determined by the finder of fact.  The new rule clarified that the only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting "whatever interest a defendant may have in the property without having to determine exactly what that interest is."[2]  A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, the jury has already determined that the defendant's interest in the Forfeitable Property was subject to forfeiture to the United States as 1)property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses traceable to one or more violations of 18 U.S.C. §§ 1349, 1343, and 2)1028A(a)property involved in or traceable to violations of 18 U.S.C. § 1957.  As such, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Order should be entered.

**B.** **The Mechanics of the Criminal Forfeiture**

---

[2] Criminal forfeiture is part of the defendant's sentence, so it is available only if the defendant is convicted of the underlying substantive offense. Lazarenko, supra. If the defendant is convicted, his interest in the property must be forfeited regardless of what that interest is, so it is not necessary to determine the extent of the interest.  The only issues left to be determined concerning ownership are those of non-defendant third parties, whose interests are determined in the ancillary process.  Only after that process is complete does the government obtain a Final Order of Forfeiture.

14

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing, if defendant consents). Rule 32.2(b)(3). After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third party rights may exist in the specific property to be forfeited. Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Orders of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3). The government will publish notice generally. Following such notification and completion of any necessary ancillary proceedings, the government will submit, as appropriate, final orders of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

**III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

At sentencing, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant and shall be made a part of the sentence and included in the judgment."

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant, and must include the forfeiture in the judgment and commitment order. See United States v. Gaviria, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of the defendant's sentence must be

15

announced in his presence pursuant to Fed. R. Crim. P. 43(a)). The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of his sentencing:

> Pursuant to 21 U.S.C. § 853 and Counts One, Two through Twelve, Twenty-two, Twenty-four and Twenty-six of the First Superseding Indictment, defendant RICHARD AYVAZYAN has forfeited all of his right, title, and interest in the specific property more particularly described in the Preliminary Orders of Forfeiture entered on [date].

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Orders of Forfeiture lodged herewith.

DATED: _September 1, 2021     Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


/s/*Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA