UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR 20-00579-SVW-1 |
|---|---|
| Plaintiff, | X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶ PRELIMINARY ORDER OF FORFEITURE AS TO PERSONAL PROPERTY AGAINST DEFENDANT RICHARD AYVAZYAN  [908-1] |
| v. | |
| RICHARD AYVAZYAN, | |
| Defendant. | |

Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture and the jury's special verdict determination on forfeiture with respect to questions 1 through 64 defendant's guilty conviction on Counts One, Two through Twelve, Twenty-two, Twenty-four and Twenty-six of the First Superseding Indictment, Rule 32.2(b) of the Federal Rules of Criminal Procedure, and good cause appearing thereon, IT IS HEREBY ORDERED:

**I. FORFEITABLE PROPERTY**

For the reasons set out below, any right, title and interest of defendant Richard Ayvazyan in the following

described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offenses described in Counts One, Two through Twelve, Twenty-two, Twenty-four and Twenty-six of the First Superseding Indictment, which charge defendant with 18 U.S.C. § 1349 (conspiracy to commit wire fraud and bank fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), and 18 U.S.C. § 1956(h) (conspiracy to commit money laundering). The Forfeitable Property is more particularly described as:

    a. $74,557.79 in bank funds seized from Bank of America account number ending in 7695 held in the name of Allstate Towing & Transport LLC;

    b. $65,990.43 in bank funds seized from Bank of America account ending in 9700 held in the name of Runyan Tax Service Inc.;

    c. $451,185.00 in U.S. Currency seized on November 5, 2020, in various areas and backyard of a Tarzana, California residence;

    d. One Audermars Piguet, Royal Oak 18 carat rose gold wrist watch, model 26331, serial number J52335 seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

    e. One Rolex Datejust stainless steel wrist watch, model 126334, serial number 4U95Z313 seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  f. One Audemars Piguet, Royal Oak Offshore black ceramic wrist watch, serial number K23313 seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  g. One Audemars Piguet Royal Oak Offshore black ceramic wrist watch, serial number LU44845K seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  h. One Audemars Piguet Royal Oak stainless steel wrist watch, serial number LW3397N seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  i. One Rolex Day-Date watch, serial number W44P7238 seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian;

  j. Sixty Gold Bullion Coins seized on November 5, 2020 in various areas and backyard of a Tarzana, California residence;

  k. One 14 carat yellow gold 24" neck chain seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian; and

  l. One Pair of 14 carat white gold earrings with diamond stud seized on October 20, 2020 at the Miami International Airport from Richard Ayvazyan and Marietta Terabelian.

**II. IMPLEMENTATION**

  IT IS FURTHER ORDERED as follows:

  A. Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

B. Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C. Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

(1) Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

(2) Any person other than defendant TAMARA DADYAN ("defendant") asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

(3) Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

(4) The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

D. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and defendant's consent, this Preliminary Order of Forfeiture shall become final as to defendant RICHARD AYVAZYAN upon entry and shall be made part of his sentence and included in his judgment.

///

///

E. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: September 3, 2021

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Brent A. Whittlesey
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA