TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:    Scott.Paetty@usdoj.gov
            Catherine.S.Ahn@usdoj.gov
            Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:  Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-579(A)-SVW |
|---|---|
| Plaintiff, | RESPONSE TO THE *EX PARTE* APPLICATION TO WITHDRAW AS COUNSEL FOR DEFENDANTS RICHARD AYVAZYAN AND MARIETTA TERABELIAN |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

       "Anton Kudiumov,"
ARMAN HAYRAPETYAN,
EDVARD PARONYAN,
   aka "Edvard Paronian" and
       "Edward Paronyan," and
VAHE DADYAN,

            Defendant.

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its Response to the <u>Ex Parte</u> Application to Withdraw as Counsel for Defendants Richard Ayvazyan and Marietta Terabelian (ECF 942).

    This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 9, 2021       Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division

                               _____/s/_____
                               CATHERINE AHN
                               SCOTT PAETTY
                               BRIAN FAERSTEIN
                               Assistant United States Attorneys
                               CHRISTOPHER FENTON
                               Department of Justice Trial Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   Only ten days after defendants RICHARD AYVAZYAN ("R. AYVAZYAN")

3 and MARIETTA TERABELIAN ("TERABELIAN") became fugitives, their

4 counsel has moved to withdraw.  (ECF 942.)  Counsel claims that, over

5 the past ten weeks, they have done little or nothing to prepare for

6 the October 4 sentencing hearings and that, because they are

7 presently unable to communicate with R. AYVAZYAN and TERABELIAN, they

8 cannot do anything to prepare between now and then.  (<u>Id.</u> ¶¶ 3-8.)

9 Counsel also suggests that, although they do not know R. AYVAZYAN and

10 TERABELIAN's whereabouts or even their intentions, they should be

11 deemed to have disappeared forever.  (<u>Id.</u> ¶¶ 4, 8.)  The Court should

12 deny counsel's motion to withdraw for the reasons described below.

13   First, counsel's motion is premature and provides no substantive

14 basis for withdrawal of counsel.  As of the time of counsel's

15 application, R. AYVAZYAN and TERABELIAN had only been fugitives for

16 ten days.  R. AYVAZYAN and TERABELIAN's sentencing hearings are not

17 for another four weeks.  There is a meaningful amount of time for

18 counsel to prepare for the upcoming hearings in the event R. AYVAZYAN

19 and TERABELIAN are apprehended between now and then.

20   Moreover, not having sufficient time to prepare for sentencing

21 would not, in and of itself, be sufficient to support substitution of

22 counsel, much less a withdrawal that leaves defendants bereft of any

23 representation.  Counsel's inability to communicate with defendants

24 is based on their absence, and permitting counsel to withdraw doesn't

25 resolve the issue; rather, it exacerbates the current state of

26 affairs by depriving defendants of any legal advocate in their

27 absence.  Defendants would be stripped of their Sixth Amendment right

28 to counsel without any of the usual inquiries as to, among other

things, their knowing and intelligent waiver of that right.  See

Faretta v. California, 422 U.S. 806 (1975).  A criminal defendant's

Sixth Amendment right to counsel distinguishes the instant case from

the civil case cited in defense counsels' application, Collins v.

Santa Clara Valley Transportation Auth., No. 19-CV-03614-VKD, 2020 WL

7319353, at *1 (N.D. Cal. Dec. 11, 2020).

Second, counsel fails to identify any exigent circumstances

supporting their decision to move ex parte or to make an urgent exit

from the case.  There is simply no emergency from counsel's

perspective.

Third, the relief counsel seeks would unduly prejudice all

parties, including but not limited to defendants themselves.  Were

the Court to grant counsel's motion tomorrow and R. AYVAZYAN and

TERABELIAN attempt to self-surrender next week, R. AYAZYAN and

TERABELIAN would have no means of obtaining legal advice or

representation, and no knowledge of how to communicate with the

government or the Court.  Similarly, the relief counsel seeks would

leave the Court and the government without any point of contact on

behalf of R. AYVAZYAN and TERABELIAN about ongoing proceedings in the

criminal case.

For the aforementioned reasons, the government respectfully

recommends that the Court deny the application to withdraw submitted

by counsel to R. AYVAZYAN and TERABELIAN.