TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>              v.<br><br>RICHARD AYVAZYAN,<br>   aka "Richard Avazian" and<br>       "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>   aka "Marietta Abelian" and<br>       "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>   aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>   aka "Mike Grigoryan," and | No. 2:20-cr-579(A)-SVW<br><br>RESPONSE TO RICHARD AYVAZYAN AND MARIETTA TERABELIAN'S *EX PARTE* APPLICATIONS TO STAY SENTENCING DATE AND RESPONSE TO PRESENTENCE INVESTIGATION REPORT |

|   |   |
|---|---|
| "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN,<br>  aka "Edvard Paronian" and<br>    "Edward Paronyan," and<br>VAHE DADYAN,<br><br>        Defendant. |   |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its Response to Richard Ayvazyan and Marietta Terabelian's <u>Ex Parte</u> Applications to Stay Sentencing Date and Response to Presentence Investigation Report (ECF 954, 955).

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 9, 2021          Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                           /s/
                                      CATHERINE AHN
                                      SCOTT PAETTY
                                      BRIAN FAERSTEIN
                                      Assistant United States Attorneys
                                      CHRISTOPHER FENTON
                                      Department of Justice Trial Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants RICHARD AYVAZYAN ("R. AYVAZYAN") and MARIETTA TERABELIAN ("TERABELIAN") (together, "defendants") repeatedly sought to continue sentencing and when the Court denied their requests, they absconded. Their counsel now asks the Court to reward defendants' flight by ordering an indefinite stay of their October 4 sentencing hearings. The Court should deny counsel's applications to continue for the reasons described below.

First, the relief counsel seeks would, in effect, grant defendants permanent amnesty from a crime, namely failure to appear for sentencing. See 18 U.S.C. § 3146(a).

Second, the Court may proceed to sentence defendants on October 4 even if they remain fugitives at large. The United States Constitution protects the right to be present at one's trial and sentencing. See U.S. Const. amends. V, VI, XIV. And Federal Rule of Criminal Procedure 43 requires that "the defendant must be present at . . . every trial stage," including "sentencing." Fed. R. Crim. P. 43(a)(2)-(3). "But this right, like most rights, can be waived." United States v. Ornelas, 828 F.3d 1018, 1021 (9th Cir. 2016). Rule 43(c) provides that a "defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing." Thus, under Rule 43, so long as the defendant's absence is "voluntary," a district court may proceed with trial and sentencing in absentia. See Fed. R. Crim. P. 43(c)(1)(B); see also Ornelas, 828 F.3d at 1021 (citing Crosby v. United States, 506 U.S. 255, 258 (1993)).

There is no dispute R. AYVAZYAN and TERABELIAN's absence is "voluntary." Both appeared throughout trial and at post-trial proceedings during which the fact and date of their sentencing hearing was discussed. (See, e.g., July 29, 2021 Hearing Transcript at 222:17-23 ("I will . . . put the sentencings off till beginning of October.").) Immediately after the Court denied their joint Kastigar motion and post-trial Rule 29 and 33 motions, they moved to continue their October 4 sentencing hearings. (ECF 880.) Within days of the Court denying their motion to continue the October 4 sentencing hearings (ECF 882), defendants fled. They cut off their GPS location monitors at the same time, absconded together, and have evaded Probation and law enforcement's efforts to locate them. (See, e.g., ECF 942 ¶¶ 3-8; ECF 954 ¶¶ 3-4; ECF 955 ¶¶ 3-5.) Defendants' conduct is egregious and easily supports a finding that they fled and are voluntarily absent. Should defendants continue to be absent on October 4, the Court should sentence them in absentia. See, e.g., Ornelas, 828 F.3d at 1021 (affirming district court's finding that defendant had absented himself from sentencing where he had appeared at multiple hearings prior to the sentencing, acknowledged that his presence was required at the sentencing hearing, had ample motive to flee, and defense counsel put forward no evidence or explanation for defendant's absence).[1]

---

[1] These facts are not in dispute. However, even if they were, "where the defendant knew of the [hearing] date and nothing suggested an enforced absence, the defendant has the burden of going forward and offering evidence to refute the [voluntariness] finding of the trial court." Ornelas, 828 F.3d at 1022. Neither defense counsel attempts to carry that burden on behalf of R. AYVAZYAN or TERABELIAN.

2

1    Third, counsel fails to provide a sufficient reason to continue
2 defendants' October 4 sentencing hearings.  Counsel claims a
3 continuance would conserve judicial resources (ECF 954 ¶ 5; ECF 955
4 ¶ 5), but that is not true.  If the Court sentences defendants in
5 absentia in this case on this record, the Court will not need to
6 resentence defendants when they are located.  Ornelas, 828 F.3d at
7 1021 (explaining that the standard of review for a district court's
8 sentencing decision is abuse of discretion and that the district
9 court's factual determination that the defendant was "voluntarily
10 absent" from the proceedings is reviewed for clear error).  Moreover,
11 judicial economy will best be served by sentencing defendants on
12 October 4, when the evidence from trial is still fresh in the minds
13 of the Court, government, and defense counsel.  Defendants have
14 simply waived their right to be present for that proceeding.  Id.
15    Counsel also claims a continuance is appropriate because
16 defendants should be given the opportunity to review their
17 Presentence Investigation Reports ("PSRs").  (ECF 954 ¶ 6; ECF 955
18 ¶ 6.)  However, in Ornelas, the Ninth Circuit already considered and
19 rejected this same argument:  "'[w]hen a district court makes a
20 finding that a defendant has not only fled but is also voluntarily
21 absent from sentencing and has thus waived his right to be present at
22 sentencing, the defendant has also waived his right [under Rule 32 to
23 review the presentence report]. Otherwise, Rule 43 would be largely
24 useless.'"  Ornelas, 828 F.3d at 1022-23 (quoting United States v.
25 Jordan, 216 F.3d 1248, 1250 (11th Cir. 2000)).
26    Counsel also vaguely asserts counsel cannot file objections to
27 the PSRs without first obtaining additional information from their
28 respective clients.  (ECF 954 ¶ 6; ECF 955 ¶ 6.)  This argument is

3

meritless. Counsel already has ample information to determine whether and how to object: counsel represented defendants at every stage of this case for nearly one year and has spent considerable time working with defendants before, during, and after the trial.

For the aforementioned reasons, the government respectfully submits that the Court should deny defendants R. AYVAZYAN and TERABELIAN's applications to continue the October 4 sentencing hearings.