1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11  UNITED STATES OF AMERICA,          No. CV 20-00579-SVW

12            Plaintiff,               **[PROPOSED]**
                                       **ORDER AUTHORIZING INTERLOCUTORY**
13            v.                       **SALE**

14  RICHARD AYVAZYAN and               834 Calle la Primavera, Glendale,
15  MARIETTA TARABELIAN,               CA

16            Defendants.

17

18

19

20

21       Plaintiff United States of America having filed an ex parte

22  application for an order authorizing the interlocutory sale of

23  certain real property commonly known as 834 Calle la Primavera,

24  Glendale, California, ("Application"), the Court having considered

25  the Application, and being fully informed concerning the matter, it

26  is hereby ORDERED as follows:

27       1.   The Application is granted subject to the terms of this

28  Order.

1   2.    The government shall sell the defendants' asset listed in

2   paragraph 4, below, according to the processes and protocols used by

3   the United States Marshals Service when disposing of similar,

4   forfeited property.  The net proceeds of sale, as described below, if

5   any, shall be substituted for the asset as the substitute *res* in this

6   action.

7   3.    Upon entry of this Order, the government, to include the

8   United States Marshals Service ("USMS") and whatever contractors it

9   may choose to retain to assist in the execution of this Order, shall

10  take exclusive custody, possession, and control of the asset for the

11  purpose of preparing and marketing the asset for sale at public

12  auction.

13  4.    The defendants' asset to be sold pursuant to this Order is

14  Real Property located at 834 Calle la Primavera, Glendale,

15  California, A.P.N. 5663-036-033 (the "Glendale Real Property") is to

16  be sold for fair market value, and the net proceeds of the sale, if

17  any, should be substituted to the real property as substitute *res* in

18  this action.

19  5.    An interlocutory sale of Glendale Real Property is

20  appropriate and necessary under Rule G(7)(b)(i) of the Supplemental

21  Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

22  because (i) the property is at risk of deterioration and damage as it

23  will likely be uninhabited during the pendency of this litigation if

24  it is not sold to a third party; (ii) the expense of keeping the

25  property is excessive and/or is disproportionate to its fair market

26  value; and (iii) the property is subject to mortgage payments on

27  which the title owner is in default.

28

6.    The procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not reasonable, appropriate or likely to yield the highest price for the Glendale Real Property.  Because the titled owner(s) of the Glendale Real Property are fugitives and the expertise needed to sell and market real estate of this nature to the public, the Court orders the interlocutory sale according to the terms described herein.

7.    The legal description of the Glendale Real Property is:

    Parcel 1:
    Lot 56 of Tract No. 45375, in the City of Glendale, County
    of Los Angeles, State of California, as per map recorded in
    Book 1128, Page(s) 55 to 63 inclusive of Maps, in the
    office of the County Recorder of said County.
    Except therefrom all oil and minerals in, on and under said
    land as reserved by Benjamin Dreyfus in deeds recorded in
    Book 101, Pages 551 and in Book 107, Page 447 both of
    Deeds, in said Office of the County Recorder.

    Parcel 2:
    Non-exclusive easements for access, ingress, egress,
    encroachments, maintenance, repair, drainage, support and
    other purposes, all as described in the Master Declaration
    recorded March 7, 1989 as Instrument No. 1989-354873 and
    any amendments thereto. A.P.N. 5663-036-033.

8.    The USMS shall have full discretion to determine appropriate sale procedures and the terms of sale between it and the buyers, including but not limited to registration requirements, acceptance or rejection of bids, the completion of payment by the high bidder, and the Certificate of Title to transfer ownership of the defendants.  The USMS shall follow the process it ordinarily follows when selling similar forfeited property in this district.

9.    The proceeds of the sale of the Glendale Real Property shall be distributed as follows:

1    a.    First, payment of all costs of sale, including

2  applicable fees triggered by the sale of the Glendale Real Property

3  and actual costs incurred by the government in preparing the Glendale

4  Real Property for sale, to include all expenses for transportation,

5  storage, maintenance, repair, administrative and sales commission

6  fees, which shall be deducted from the gross proceeds of sale;

7    b.    Second, the amount of the first lien due to United

8  Wholesale Mortgage or MERS shall be paid to United Wholesale Mortgage

9  or MERS by electronic transfer.  United Wholesale Mortgage or MERS

10  shall provide all information and complete all documents requested by

11  the government to facilitate the payment.

12    c.    Third, to the extent funds remain (the "net

13  proceeds"), such funds shall constitute the substitute *res* subject in

14  this forfeiture action in place of the defendants sold. The net

15  proceeds shall be wired from the public auction vendor directly to an

16  interest-bearing account to be designated by the government, where

17  such funds shall be held pending resolution of this forfeiture

18  matter.  The government shall provide wiring instructions directly to

19  the vendor handling the sale of the Glendale Real Property.  Upon

20  delivery of the net proceeds to this interest-bearing account, the

21  government shall notify the parties and this Court of the amount that

22  has been deposited as the substitute res by filing a notice with the

23  Court.  The notice shall state the amount of net proceeds received

24  for Glendale Real Property sold.

25    10.  Defendants shall execute any and all documents necessary to

26  consummate the sale of Glendale Real Property, convey clear title of

27  the Glendale Real Property to the buyer, and further implement the

28  terms of the Order for Interlocutory Sale.

1        11.   The Court shall retain jurisdiction over Glendale Real

2   Property to effectuate the terms of the sale and resolve any issues

3   or disputes that may arise regarding the interlocutory sale of

4   Glendale Real Property.

5   Dated: October   , 2021

6                               HON. STEPHEN V. WILSON
                            United States District Judge

7

8

9   Respectfully submitted,

10  TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER

11  Assistant United States Attorney
Chief, Criminal Division

12  JONATHAN GALATZAN
Assistant United States Attorney

13  Chief, Asset Forfeiture Section

14

15    */s/ Brent A. Whittlesey*
BRENT A. WHITTLESEY

16  Assistant United States Attorney

17  Attorneys for Plaintiff
UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28