1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   JONATHAN GALATZAN
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  BRENT A. WHITTLESEY (Cal Bar No. 73493)
   DAN G. BOYLE (Cal Bar No. 332518)
6     Federal Courthouse, 14th Floor
      312 North Spring Street
7     Los Angeles, California 90012
      Telephone: (213) 894-5421/2426
8     Facsimile: (213) 894-0142
      E-mail: Brent.Whittlesey@usdoj.gov
9             Daniel.Boyle@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11

12

13                    UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                         WESTERN DIVISION

16 UNITED STATES OF AMERICA,          No. CR 20-00579-SVW

17          Plaintiff,                **AMENDED**
                                      ***EX PARTE* APPLICATION FOR ORDER**
18          v.                        **AUTHORIZING INTERLOCUTORY SALE OF**
                                      **REAL PROPERTY SUBJECT TO**
19 RICHARD AYVAZYAN and               **FORFEITURE; DECLARATION OF BRENT**
   MARIETTA TARABELIAN,               **A. WHITTLESEY**
20
                                      **[PROPOSED ORDERS FOR INTERLOCUTORY**
21          Defendants.               **SALE FILED CONCURRENTLY]**
22
                                      [No Hearing Set]
23                                    (AMENDED TO INCLUDE EXHIBITS ONLY)

24

25

26 TO DEFENDANTS MARIETTA TARABELIAN AND RICHARD AYVAZYAN AND THEIR

27 ATTORNEYS OF RECORD:

28

Plaintiff United States of America ("United States") hereby applies *ex parte* for an order authorizing the sale of real properties owned by defendants Marietta Tarabelian and Richard Ayvazyan ("defendants") and subject to forfeiture in this case.

This *ex parte* application is made on the grounds that mortgage loan payments due on the real properties are not being made; that defendants are presently fugitives; and that the Court has already entered a preliminary order of forfeiture with respect to the properties. Because loan payments are not being made, the value of the properties is diminishing, and consequently the properties should be sold immediately by the United States Marshal Service to protect the interest of the United States in the properties.

Because defendants are presently fugitives, the United States has not conferred with the defendants concerning the filing of this application. Consequently, the position of the defendants with respect to this application is not known to the plaintiff. Counsel for defendants have advised plaintiff that they take no position on interlocutory sale of the Glendale Real Property or the Palm Desert Real Property and oppose the interlocutory sale of the Tarzana Real Property unless there is a default in payment of the loan secured by the Tarzana Real Property.

Dated: October 8, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

            */s/Brent A. Whittlesey*
BRENT A. WHITTLESEY
DAN G. BOYLE
Assistant United States Attorneys
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR INTERLOCUTORY SALE**

This *ex parte* application is brought pursuant to Federal Rule of Criminal Procedure 32.2 and seeks court authorization for the interlocutory sale of the real property located at 4910 Topeka Drive, Tarzana, California (the "Tarzana Real Property"), 834 Calle La Primavera, Glendale, California (the "Glendale Real Property"), and 74203 Anastacia Lane, Palm Desert, California (the "Palm Desert Real Property") (collectively "the forfeited properties").

I.   **Factual Background**

In the First Superseding Indictment and Bill of Particulars, the government alleged that the forfeited properties are subject to forfeiture pursuant to 18 U.S.C. §§ 981, 982, and 1028 and 28 U.S.C. §2461(c), as proceeds of the crimes for which the defendants were charged in the First Superseding Indictment.  Defendants Richard Avayzan ("Avayzan") and Marietta Tarabelian ("Tarabelian") were convicted of numerous offenses at trial and the jury found the forfeiture allegations of the indictment with respect to the forfeited properties to be true.  On September 3, 2021, the Court entered preliminary orders of forfeiture with respect to the forfeited properties.  (*See* ECF 922, 923, 925, 927, 928 and 929.)

A.   **Tarzana Real Property**

The Tarzana Real Property is titled in the names of Richard Ayvazyan and Marietta Terabelian, husband and wife as community property. The mortgage holder is Private Money Solutions, Inc.

On September 15, 2021, counsel for Private Mortgage Solutions, Inc. ("PMS") advised the United States that the check for the September 2021 monthly mortgage payment had been returned for

4

insufficient funds, and the mortgage was delinquent as a result. (Declaration of Brent A. Whittlesey ("Whittlesey Declaration"), ¶ 4.) Counsel for PMS has also advised plaintiff that the insurance coverage on the Tarzana Real Property has been cancelled as a result of nonpayment of the premium by defendants.  (Id.)

Counsel for PMS has advised the United States that the lienholder prefers that the Tarzana Real Property be sold immediately.  Whittlesey Declaration ¶ 4.

**B.   Glendale Real Property**

The Glendale Real Property is titled in the name of Luliia Zhadko, a single man.  Luliia Zhadko is one of the aliases for Richard Ayvazyan. The mortgage holder is United Wholesale Lender, 585 South Boulevard E, Pontiac, Michigan 48341 ("UWM").  Counsel for the lienholder for UWM has advised the United States that the lienholder prefers that the Glendale Real Property be sold immediately, provided that the loans secured by those properties are paid from the proceeds of sale.  (Whittlesey Declaration, ¶ 3.)

**C.   Palm Desert Real Property**

The Palm Desert Real Property is titled in the name of Viktoria Kauichko, a single woman.  Viktoria Kauichko is an alias for Marietta Terabelian.  The mortgage holder is also UWM.  To date, counsel for UWM has not been able to confirm with the lender that he is retained as counsel with respect to the loan secured by the Palm Desert Property.

**D.   Position of Counsel for Defendants**

Counsel for defendants has advised plaintiff that they have no objection to interlocutory sale of the Glendale Real Property or the Palm Desert Real Property because defendants do not hold title to

5

those assets.  Whittlesey Decl. ¶ 5.  Counsel further advised plaintiff that they object to interlocutory sale of the Tarzana Real Property unless there is a monetary default on the loan secured by the property.  *Id.*

As noted above, the lienholder on the Tarzana Real Property has advised plaintiff that the loan is in fact in default.

## II.  THE COURT SHOULD ORDER INTERLOCUTORY SALES AND SET THE TERMS OF THE SALES

Under Federal Rule of Criminal Procedure 32.2(7), at any time before entry of a final order of forfeiture, the court, in accordance with Rule G(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), may order the interlocutory sale of property alleged to be forfeitable.

Supplemental Rule G(7)(b)(i)(C) empowers the court to order the interlocutory sale of property where, as here, the property is subject to a mortgage on which the owner is in default. *See United States v. 4816 Chaffey Lane*, 699 F.3d 956, 961-962 (6th Cir. 2012) (district court did not abuse its discretion in ordering interlocutory sale of yacht on which claimant had stopped paying the mortgage; sale preserves whatever equity claimant had in the property and thus does not diminish its value); *United States v. 272 Old Montauk Highway*, 298 F.R.D. 43 (E.D.N.Y. 2014) (interlocutory sale is necessary to protect the equity in real property—for the benefit of government and the victims of the underlying fraud—where claimant has defaulted on the mortgage and additional interest is accruing daily; that the property is appreciating, is well maintained, and has significant equity makes no difference); and *United States v. Gohar*,

6

No. 2:18-cv-00305-GEB, 2018 WL 3031543 (E.D. Cal. June 15, 2018) (where criminal defendant, the record owner of real properties in a civil forfeiture, failed to appear after indictment and mortgage loans on three properties were in default, Court granted government's motion for interlocutory sale under Supplemental Rule G(7) to avoid deterioration of properties and preserve their value).  Here there is ample basis to proceed with interlocutory sales.  The default in the payment of the mortgage on the Tarzana Real Property and the lack of insurance coverage threatens the interest of the United States in the property.

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."  Supplemental Rule G(7)(b)(ii).  Here, the government requests that the sale be conducted by the United States Marshals Service ("USMS") using the procedures (and contractors) used by that agency to dispose of property that has been forfeited.  Supplemental Rule G(7)(b)(iii) requires that the interlocutory sale of property be conducted pursuant to 28 U.S.C. § 2004 (and the procedural provisions of 28 U.S.C. § 2001, relating to real property, which are incorporated by reference) absent an agreement of the parties to handle the sale differently.  Section 2004(a) provides generally for a traditional sale on the courthouse steps, which is unlikely to result here in sales proceeds approaching the fair market value of the forfeited properties.  However, the last sentence of § 2004(a) provides that "such sale shall be upon such terms and conditions as the Court directs."  The government believes that the interests of the parties and the interest of justice are

best served by disposing of the forfeited properties according to the procedures of the USMS that generally follow forfeiture.

The proposed interlocutory sale orders lodged concurrently provide for the following procedures to be followed in connection with disposition of the forfeited properties.  Under the proposed orders the USMS is instructed to pay: (1) the expenses the USMS incurred in selling each property; (2) amounts due for real property taxes; (3) amounts due to first lienholders.  The USMS will retain the surplus proceeds as substitute *res* for the forfeited properties, at which time the ancillary proceeding described in 21 U.S.C. § 853(n) (proceeding to determine third party interests in forfeited property) can be commenced against the substitute *res*.

**III.    CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court order the interlocutory sale of the forfeited properties.

Dated: October 8, 2021                Respectfully submitted,

                                      TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division
                                      JONATHAN GALATZAN
                                      Assistant United States Attorney
                                      Chief, Asset Forfeiture Section

                                       */s/Brent A. Whittlesey*
                                      BRENT A. WHITTLESEY
                                      DAN G. BOYLE
                                      Assistant United States Attorneys
                                      Asset Forfeiture Section

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

8

**DECLARATION OF BRENT A. WHITTLESEY**

I, Brent A. Whittlesey, state:

1. I am an Assistant United States Attorney for the Central District of California and I am one of the Assistant United States Attorneys responsible for the representation of plaintiff United States of America.  The facts set forth in this declaration are true and correct to the best of my knowledge, information and belief.

2.  On September 3, 2021, the Court entered preliminary orders of forfeiture with respect to real property referred to above as the Tarzana Real Property, Glendale Real Property and Palm Desert Property.  (ECF 922, 923, 925, 927, 928 and 929.)

3. On September 21, 2021, I spoke by telephone with Brian Thomley, Esq., counsel for United Wholesale Mortgage.  Mr. Thomley told me that his client supports the application of the United States for an order authorizing the interlocutory sale of the Glendale Real Property and the Palm Desert Real Property.

4. On September 28, 2021, I spoke by telephone with Richard J. Reynolds, Esq., counsel for Private Money Solutions, Inc., the lender that holds the mortgage loan on the Tarzana Real Property.  Mr. Reynolds told me that his client supports the government's application for an order authorizing the interlocutory sale of the Tarzana Real Property.  Mr. Reynolds also told me that the loan on the Tarzana Real Property is a $2.1 million interest only loan that is due in January, 2022, and that the loan is in default as a result of the failure of the borrowers (the defendants) to make the payment of interest due on September 1, 2021.  A copy of Mr. Reynolds' email to me confirming this information is attached hereto as Exhibit A. Mr. Reynolds subsequently advised me that the insurance coverage on

the Tarzana Real Property has been cancelled as a result of nonpayment of the premiums by the defendants.

5.  On September 24, 2021, I received an email from counsel for each of the defendants setting forth the position of counsel for defendants with respect to this application for interlocutory sale. A true and correct copy of the email is attached hereto as Exhibit B.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration is executed this 30th day of September 2021, at Los Angeles, California.

*/s/ Brent A. Whittlesey*
**BRENT A. WHITTLESEY**