UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RICHARD AYVAZYAN and<br>MARIETTA TARABELIAN,<br><br>          Defendants. | No. CV 20-00579-SVW<br><br>**[PROPOSED]**<br>**ORDER AUTHORIZING INTERLOCUTORY SALE**<br><br>834 Calle la Primavera, Glendale, CA |

   Plaintiff United States of America having filed an ex parte application for an order authorizing the interlocutory sale of certain real property commonly known as 834 Calle la Primavera, Glendale, California, ("Application"), the Court having considered the Application, and being fully informed concerning the matter, it is hereby ORDERED as follows:

   1.   The Application is granted subject to the terms of this Order.

2. The government shall sell the defendants' asset listed in paragraph 4, below, according to the processes and protocols used by the United States Marshals Service when disposing of similar, forfeited property. The net proceeds of sale, as described below, if any, shall be substituted for the asset as the substitute *res* in this action.

3. Upon entry of this Order, the government, to include the United States Marshals Service ("USMS") and whatever contractors it may choose to retain to assist in the execution of this Order, shall take exclusive custody, possession, and control of the asset for the purpose of preparing and marketing the asset for sale at public auction.

4. The defendants' asset to be sold pursuant to this Order is Real Property located at 834 Calle la Primavera, Glendale, California, A.P.N. 5663-036-033 (the "Glendale Real Property") is to be sold for fair market value, and the net proceeds of the sale, if any, should be substituted to the real property as substitute *res* in this action.

5. An interlocutory sale of Glendale Real Property is appropriate and necessary under Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because (i) the property is at risk of deterioration and damage as it will likely be uninhabited during the pendency of this litigation if it is not sold to a third party; (ii) the expense of keeping the property is excessive and/or is disproportionate to its fair market value; and (iii) the property is subject to mortgage payments on which the title owner is in default.

6. The procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not reasonable, appropriate or likely to yield the highest price for the Glendale Real Property. Because the titled owner(s) of the Glendale Real Property are fugitives and the expertise needed to sell and market real estate of this nature to the public, the Court orders the interlocutory sale according to the terms described herein.

7. The legal description of the Glendale Real Property is:

> Parcel 1:
> Lot 56 of Tract No. 45375, in the City of Glendale, County of Los Angeles, State of California, as per map recorded in Book 1128, Page(s) 55 to 63 inclusive of Maps, in the office of the County Recorder of said County.
> Except therefrom all oil and minerals in, on and under said land as reserved by Benjamin Dreyfus in deeds recorded in Book 101, Pages 551 and in Book 107, Page 447 both of Deeds, in said Office of the County Recorder.
>
> Parcel 2:
> Non-exclusive easements for access, ingress, egress, encroachments, maintenance, repair, drainage, support and other purposes, all as described in the Master Declaration recorded March 7, 1989 as Instrument No. 1989-354873 and any amendments thereto. A.P.N. 5663-036-033.

8. The USMS shall have full discretion to determine appropriate sale procedures and the terms of sale between it and the buyers, including but not limited to registration requirements, acceptance or rejection of bids, the completion of payment by the high bidder, and the Certificate of Title to transfer ownership of the defendants. The USMS shall follow the process it ordinarily follows when selling similar forfeited property in this district.

9. The proceeds of the sale of the Glendale Real Property shall be distributed as follows:

      a.   First, payment of all costs of sale, including applicable fees triggered by the sale of the Glendale Real Property and actual costs incurred by the government in preparing the Glendale Real Property for sale, to include all expenses for transportation, storage, maintenance, repair, administrative and sales commission fees, which shall be deducted from the gross proceeds of sale;

      b.   Second, the amount of the first lien due to United Wholesale Mortgage or MERS shall be paid to United Wholesale Mortgage or MERS by electronic transfer.  United Wholesale Mortgage or MERS shall provide all information and complete all documents requested by the government to facilitate the payment.

      c.   Third, to the extent funds remain (the "net proceeds"), such funds shall constitute the substitute *res* subject in this forfeiture action in place of the defendants sold. The net proceeds shall be wired from the public auction vendor directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this forfeiture matter.  The government shall provide wiring instructions directly to the vendor handling the sale of the Glendale Real Property.  Upon delivery of the net proceeds to this interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute res by filing a notice with the Court.  The notice shall state the amount of net proceeds received for Glendale Real Property sold.

10.   Defendants shall execute any and all documents necessary to consummate the sale of Glendale Real Property, convey clear title of the Glendale Real Property to the buyer, and further implement the terms of the Order for Interlocutory Sale.

11. The Court shall retain jurisdiction over Glendale Real Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of Glendale Real Property.

Dated: October   , 2021

HON. STEPHEN V. WILSON
United States District Judge

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA