UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CV 20-00579-SVW |
|---|---|
| Plaintiff, | **[PROPOSED]** <br> **<u>ORDER AUTHORIZING INTERLOCUTORY SALE</u>** |
| v. | |
| RICHARD AYVAZYAN and MARIETTA TARABELIAN, | 4910 Topeka Dr., Tarzana, CA |
| Defendants. | |

Plaintiff United States of America having filed an *ex parte* application for an order authorizing the interlocutory sale of certain real property commonly known as 4910 Topeka Drive, Tarzana, California, ("Application"), the Court having considered the Application, and being fully informed concerning the matter, it is hereby ORDERED as follows:

1. The Application is granted subject to the terms of this Order.

2. The government shall sell the defendants' asset listed in paragraph 4, below, according to the processes and protocols used by the United States Marshals Service when disposing of similar, forfeited property. The net proceeds of sale, as described below, if any, shall be substituted for the asset as the substitute *res* in this action.

3. Upon entry of this Order, the government, to include the United States Marshals Service ("USMS") and whatever contractors it may choose to retain to assist in the execution of this Order, shall take exclusive custody, possession, and control of the asset for the purpose of preparing and marketing the asset for sale.

4. The defendants' asset to be sold pursuant to this Order is Real Property located at 4910 Topeka Dr., Tarzana, California, A.P.N. 2176-029-031 (the "Tarzana Real Property") is to be sold for fair market value, and the net proceeds of the sale, if any, should be substituted to the real property as substitute *res* in this action.

5. An interlocutory sale of Tarzana Real Property is appropriate and necessary under Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because (i) the property is at risk of deterioration and damage as it will likely be uninhabited during the pendency of this litigation if it is not sold to a third party; (ii) the expense of keeping the property is excessive and/or is disproportionate to its fair market value; and (iii) the property is subject to mortgage payments on which the title owner is in default.

6. The procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not reasonable, appropriate or likely to yield the highest price for the Tarzana Real Property. Because the titled owner(s) of the Tarzana Real Property are fugitives and the expertise needed to sell and market real estate of this nature to the public, the Court orders the interlocutory sale according to the terms described herein.

7. The legal description of the Tarzana Real Property is:

DESCRIPTION: THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THOSE PORTIONS OF LOT 71 and 72 OF TRACT 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE 55 ET SEQ. OF MAPS, AND THAT PORTION OF PARCEL "A" OF PARCEL MAP L.A. NO. 2015 AS PER MAP FILED IN BOOK 32 PAGE 19 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTERLINE OF TOPEKA DRIVE, 40 FEET WIDE, AS SHOWN ON SAID MAP, DISTANT THEREON SOUTH 15° 10' 00" WEST 178.55 FEET FROM THE NORTHEASTERLY TERMINUS OF THAT CERTAIN COURSE IN THE CENTERLINE OF TOPEKA DRIVE SHOWN ON SAID MAP AS HAVING A BEARING OF NORTH 15° 10' 00" EAST AND LENGTH OP 1055.19 FEET;

THENCE SOUTH 74° 50' 00" EAST 56.09 FEET TO THE BEGINNING OF A TANGENT CURVE, CONCAVE TO THE NORTHWEST, HAVING A RADIUS OF 129.86 FEET;

1   THENCE EASTERLY ALONG SAID CURVE 128.40 FEET; TO THE TRUE
2   POINT OF BEGINNING;
3   THENCE TANGENT TO SAID CURVE NORTH 48° 30' 50" EAST 147.14
4   FEET TO THE BEGINNING OF A TANGENT CURVE, CONCAVE TO THE
5   SOUTHEAST, HAVING A RADIUS OF 100.05 FEET;
6   THENCE EASTERLY ALONG SAID CURVE, 125.14 FEET, A RADIAL LINE
7   TO SAID POINT BEARS NORTH 30° 10' 46" EAST;
8   THENCE NORTH 10° 52' 46" EAST 45.32 FEET;
9   THENCE SOUTH 84° 29' 18" EAST 182.82 FEET;
10  THENCE SOUTH 04° 13' 10" WEST 195.63 FEET TO A POINT IN A
11  CURVE CONCAVE WESTERLY HAVING A RADIUS OF 175.31 FEET; A
12  RADIAL LINE TO SAID POINT BEARS NORTH 62° 22' 50" EAST;
13  THENCE CONTINUING EASTERLY AND SOUTHERLY ALONG SAID CURVE
14  THROUGH A CENTRAL ANGLE OF 50° 06' 30" AN ARC DISTANCE OF
15  153.32 FEET;
16  THENCE TANGENT TO SAID CURVE SOUTH 22° 29' 20" WEST 63.38
17  FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE
18  NORTHWEST HAVING A RADIUS OF 375.00 FEET;
19  THENCE SOUTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL
20  ANGLE OF 13° 52' 00" 90.76 FEET TO THE BEGINNING OF A REVERSE
21  CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 161.89
22  FEET;
23  THENCE SOUTHEASTERLY ALONG SAID CURVE, THROUGH A CENTRAL
24  ANGLE OF 17° 46' 00" 50.20 FEET TO THE BEGINNING OF A REVERSE
25  CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 75.69 FEET;
26  THENCE SOUTHWESTERLY AND WESTERLY ALONG SAID CURVE, THROUGH
27  A CENTRAL ANGLE OF 33° 58' 30" 44.88 FEET TO A POINT OF CUSP
28  IN THE NORTHERLY LINE OF SAID PARCEL "A" SAID NORTHERLY LINE

BEING A CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 30.00'; A RADIAL LINE TO SAID POINT BEARS SOUTH 38° 26' 10" EAST;

THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE 116° 31' 20" AN ARC DISTANCE OF 61.01 FEET;

THENCE SOUTH 10° 54' 50" EAST 92.71 FEET;

THENCE SOUTH 80° 16' 17" WEST 20.00 FEET;

THENCE NORTH 31° 28' 33" WEST 120.33 FEET;

THENCE NORTH 22° 17' 48" WEST 20.00 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 55.69 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 49° 06' 52" AN ARC DISTANCE OF 47.74 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 181.89 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 17° 46' 00" AN ARC DISTANCE OF 56.40 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 355.00 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 12° 45' 16" AN ARC DISTANCE OF 79.03 FEET;

THENCE NORTH 67° 12' 02" WEST 268.30 FEET;

THENCE NORTH 15° 10' 00" EAST 43.00 FEET;

THENCE NORTH 47° 02' 30" WEST 175.00 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

THE RIGHT OF INGRESS AND EGRESS FOR SAID PROPERTY OVER A ROADWAY EASEMENT FROM TOPEKA DRIVE OVER THAT PORTION OF LOT 71, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF

LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55, ET SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN A STRIP OF LAND 30.00 FEET IN WITH, LYING 15.00 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTER LINE:

BEGINNING AT THE SOUTHWESTERLY CORNER OF THE LAND CONVEYED TO CIRELLA G. SMITH AND HUSBAND, BY DEED RECORDED JULY 8, 1943 AS INSTRUMENT NO. 118, IN BOOK 20132 PAGE 100, OFFICIAL RECORDS, SAID CORNER BEING DISTANT 261.45 FEET NORTHERLY FROM THE SOUTHWESTERLY CORNER OF LOT 71, SAID TRACT 2605; THENCE NORMAL TO THE EASTERLY LINE OF TOPEKA DRIVE, SOUTH 74° 50' 00" EAST 36.09 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 129.86 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE, 128.40 FEET; THENCE TANGENT TO SAID CURVE, NORTH 48° 30' 50" EAST 147.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY, HAVING A RADIUS OF 100.05 FEET; THENCE EASTERLY ALONG SAID CURVE, 144.70 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 48° 37' 10" EAST, 161.06 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE WESTERLY, HAVING A RADIUS OF 175.31 FEET, THENCE SOUTHERLY ALONG SAID CURVE, 217.57 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 22° 29' 20" WEST 42.15 FEET TO A POINT. A.P.N.: 2176-029-031.

8.   The USMS shall have full discretion to determine appropriate auction and sale procedures and the terms of auction and sale between it and buyers, including but not limited to registration requirements, acceptance or rejection of bids, the completion of payment by the high bidder, and the Certificate of Title to transfer

ownership of the defendants.  The USMS shall follow the process it ordinarily follows when selling similar forfeited property in this district.

9. The proceeds of the sale of the Tarzana Real Property shall be distributed as follows:

a. First, payment of all costs of sale, including applicable fees triggered by the sale of the Tarzana Real Property and actual costs incurred by the government in preparing the Tarzana Real Property for sale, to include all expenses for transportation, storage, maintenance, repair, administrative and sales commission fees, which shall be deducted from the gross proceeds of sale;

b. Second, the amount of the first lien due to Private Money Solutions, Inc. shall be paid to Private Money Solutions, Inc. by electronic transfer.  Private Money Solutions, Inc. shall provide all information and complete all documents requested by the government to facilitate the payment.

c. Third, to the extent funds remain (the "net proceeds"), such funds shall constitute the substitute *res* subject in this forfeiture action in place of the defendants sold. The net proceeds shall be wired from the public auction vendor directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this forfeiture matter.  The government shall provide wiring instructions directly to the public auction vendor handling the sale of the Tarzana Real Property.  Upon delivery of the net proceeds to this interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute res by filing a

notice with the Court.  The notice shall state the amount of net proceeds received for Tarzana Real Property sold.

10.  Defendants shall execute any and all documents necessary to consummate the sale of Tarzana Real Property, convey clear title of the Tarzana Real Property to the buyer, and further implement the terms of the Order for Interlocutory Sale.

11.  The Court shall retain jurisdiction over Tarzana Real Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of Tarzana Real Property.

Dated: October    , 2021

HON. STEPHEN V. WILSON
United States District Judge

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section


   */s/ Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA