Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Michael A. Keough (SBN 327037)
mkeough@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>RICHARD AYVAZYAN, *et al.*,<br><br>    *Defendants*. | Case No. 20-cr-579 (SVW)<br><br>***EX PARTE* APPLICATION FOR ORDER**<br><br>[Proposed Order Filed Concurrently]<br><br>Hon. Stephen V. Wilson |

1	The Court began the September 20, 2021 hearing by stating that "there is
2	information regarding the absconding of Richard Ayvazyan and his wife, Marietta
3	Terabelian, but I want to assure myself that their status is as it appears." Tr. at 3. The
4	government represented to the Court that as a result of its three weeks of investigation,
5	the government had video footage of Ayvazyan and Terabelian entering the Genesta
6	property on Thursday, September 2 (i.e., several days after they disappeared). This
7	video footage would demonstrate that Ayvazyan and Terabelian were voluntarily
8	absent, and that they had not been abducted, for example, by someone who wanted to
9	prevent them from disclosing the identities of unindicted co-conspirators.
10	    The Court indicated its intention to proceed with sentencing in abstentia but
11	made no findings of voluntary flight and concluded the September 20, 2021 hearing by
12	instructing the parties that "the Court has to maintain some flexibility. There may be
13	changing circumstances. If anything changes, the parties, of course, should notify the
14	Court immediately." Tr. at 16. Since that hearing, counsel has been informed that
15	Ayvazyan and Terabelian **were not** at the Genesta property on Thursday, September 2
16	and Ayvazyan had not been at the property since their disappearance on August 29. In
17	contrast, at least three adults (relatives and a homecare assistant) **were** at the Genesta
18	property on Thursday, September 2. Counsel has also been approached by family
19	members who believe that Ayvazyan and Terabelian were abducted and did not
20	voluntarily abscond.
21	    Based on similar underlying concerns, on October 15, 2021, counsel asked the
22	government to permit inspection of the purported September 2 video—the critical
23	evidence of voluntary flight. Counsel explained the import of this request to the
24	government, *i.e.*, that counsel has received contrary information and believes the video
25	does not show Ayvazyan or Terabelian. The government nonetheless refused to permit
26	any inspection of the video, leaving counsel to conclude that its belief is likely correct
27	and the video does not show Ayvazyan or Terabelian.
28	    If the government misrepresented the contents of the video during the September

1
*EX PARTE* APPLICATION FOR ORDER

20 hearing, then there is no reliable evidence of voluntary flight.[1]  It is not credible to assert that Ayvazyan and Terabelian would have voluntarily fled without leaving any traces such as use of credit lines, electronic accounts, or vehicles.  If the sole evidence of voluntariness in the government's possession does not actually exist, then the government cannot carry its burden.[2]

Under the circumstances, the Seventh Circuit case of *United States v. Achbani* is instructive.  There, the defendant disappeared between his conviction and sentencing.  507 F.3d 598, 599 (7th Cir. 2007).  The parties and district court agreed that sentencing "should be postponed so the Government could investigate whether he was, indeed, voluntarily absent."  *Id.*  The court held two status hearings in the following two months and "ordered the Government to present the results of its investigation" at the

---

[1] The government also mentioned a note "left … by the defendants for their children, telling them that they are absconding and leaving because it's in the children's best interest."  Tr. at 8.  Defense counsel's understanding is that a typewritten note purporting to be from Ayvazyan and Terabelian was found in the Tarzana home on August 29, 2021.  Defense counsel believes that Artur Ayvazyan initially advised Probation of the note's existence, location, and/or contents without the benefit of actually reviewing it himself.  The note did not feature the handwriting of either defendant (as it was typewritten) and did not contain any references that would confirm that it was written by Ayvazyan and Terabelian (or that they did so voluntarily).

[2] As noted in counsel's objections to the PSIR filed under seal on September 13, 2021, the Court has discretion, but no obligation, to sentence Ayvazyan in absentia if it concludes that Ayvazyan fled voluntarily.  Likely because of the possibility of involuntary flight and need for time to investigate, most courts appear to proceed with sentencing in absentia only after one or more continuances to permit time for investigation.  *See, e.g.*, Gov't's Answering Br., *United States v. Prettyman*, No. 16-50313, 2017 WL 2616492, at *11 (9th Cir. June 7, 2017) (noting that sentencing was continued by stipulation before being held in absentia); *United States v. Gudipati*, No. 19-40524, 2021 WL 3744908 (5th Cir. Aug. 24, 2021) (noting that "[t]he court delayed sentencing several times" before sentencing defendant in absentia at government's request); Br. of United States of America (Appellee), *United States v. Parra*, No. 06- 61015, 2007 WL 3000705 (5th Cir. Mar. 26, 2007) ("However, shortly after the presentence report was completed, the appellant fled the jurisdiction, and the sentencing was thus continued."); Order, *United States v. Delossantos*, No. 06-cr-264, Dkt. 121 (D. Ct. Sept. 6, 2007) (cancelling sentencing sua sponte following probation's report that defendant had fled).  Other courts have observed that policy reasons predominate against sentencing in abstentia because the ills cured by in abstentia proceedings—immobilizing the justice system and the risk of loss of witnesses and evidence—are rarely implicated by delaying sentencing.  *United States v. Turner*, 532 F. Supp. 913, 915 (N.D. Cal. 1982).  In contrast, the public, the state, and the defendant himself all have important interests served by the defendant being present at sentencing.  *Id.* (emphasizing the importance of defendant's presence for deterrent purposes, conveying confidence in the justness of the judgment, and serving the justice system's truth-finding function).

second hearing. *Id.* at 600. The government presented evidence that a person using the defendant's name and date of birth had traveled from the United States to Austria at the same time the defendant disappeared. *Id.* (noting that the government later presented corroborating information). The Seventh Circuit affirmed the resulting finding of voluntary flight, holding that the "evidence that a person with [the defendant]'s name and birthday had flown to Austria shortly after he had disappeared" was sufficiently strong to rule out any serious possibility other than voluntary flight. *Id.* at 602.

Here, the Court attempted to follow a similar practice to *Achbani*, namely requiring the government to present the results of its investigation to assure the Court that the defendants' disappearance is voluntary and rule out the possibility that they were abducted. It appears that the evidence cited by the government in response does not exist at all.

Undersigned counsel submits this application to ensure that the government is held to the burden of proof established by Rule 43. The government will not be prejudiced by being put to its burden. If the video of Ayvazyan and Terabelian exists—or the government has obtained any other sufficient evidence of voluntary flight—it will be easy to produce. Counsel therefore requests that:

(1) order the government to produce the cited video to the defense—or at least produce the video for *in camera* inspection so that the Court can confirm that Ayvazyan and Terabelian were not the individuals identified; and

(2) the Court continue the current sentencing deadlines unless and until it can make formal findings of involuntary abduction, voluntary flight, or other disappearance.

Dated:   October 20, 2021  

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)

3
EX PARTE APPLICATION FOR ORDER

*aram@steptoe.com*
Michael A. Keough (SBN 327037)
*mkeough@steptoe.com*
Nicholas P. Silverman (*pro hac vice*)
*nsilverman@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

*Counsel for Defendant Richard Ayvazyan*