TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:  Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cr-579(A)-SVW |
| Plaintiff, | RESPONSE TO RICHARD AYVAZYAN'S *EX PARTE* APPLICATION FOR ORDER |
| v. | |
| RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan," and<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and | |

1      "Anton Kudiumov,"
ARMAN HAYRAPETYAN,
2  EDVARD PARONYAN,
     aka "Edvard Paronian" and
3        "Edward Paronyan," and
VAHE DADYAN,
4
            Defendant.
5

6

7      Plaintiff United States of America, by and through its counsel

8  of record, the Acting United States Attorney for the Central District

9  of California, Assistant United States Attorneys Scott Paetty,

10 Catherine Ahn, and Brian Faerstein, and Department of Justice Trial

11 Attorney Christopher Fenton, hereby files its Response to Richard

12 Ayvazyan's Ex Parte Application for Order (ECF 1062).

13     This response is based upon the attached memorandum of points

14 and authorities, the accompanying declaration of Christopher Fenton,

15 the files and records in this case, and such further evidence and

16 argument as the Court may permit.

17 Dated: October 21, 2021          Respectfully submitted,

18                                  TRACY L. WILKISON
                                    Acting United States Attorney
19
                                    SCOTT M. GARRINGER
20                                  Assistant United States Attorney
                                    Chief, Criminal Division
21
                                         /s/
22                                  CATHERINE AHN
                                    SCOTT PAETTY
23                                  BRIAN FAERSTEIN
                                    Assistant United States Attorneys
24                                  CHRISTOPHER FENTON
                                    Department of Justice Trial Attorney
25
                                    Attorneys for Plaintiff
26                                  UNITED STATES OF AMERICA

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    Counsel for defendants Richard Ayvazyan and Marietta Terabelian

3  ("defendants") previously acknowledged that their clients absconded

4  and sought to use that fact as a basis to withdraw their

5  representation and indefinitely continue sentencing.  (ECF 942, 954,

6  955.)  Following a hearing (during which the Court heard from the

7  U.S. Probation and Pretrial Services Office and counsel for the

8  government about the circumstances surrounding defendants'

9  abscondence and the extensive efforts undertaken to locate

10 defendants), the Court denied counsels' respective motions and

11 ordered that defendants' sentencings proceed <u>in absentia</u> on November

12 15, 2021.  (ECF 980.)  Counsel for defendant Richard Ayvazyan now

13 asserts – without evidence and for the first time – that defendants

14 may have been abducted and asks the Court to reconsider its prior

15 decision and indefinitely continue defendant Richard Ayvazyan's

16 sentencing until the government produces evidence affirmatively

17 ruling out any possibility that defendants were abducted.  The Court

18 should deny counsel's application.

19    Counsel's argument depends on numerous misstatements of the law.

20 Relying on the Seventh Circuit's decision in <u>United States v.</u>

21 <u>Achbani</u>, counsel argues that the government has a burden to present

22 evidence affirmatively ruling out the possibility that defendants

23 were abducted.  (ECF 1062 at 2-3 (citing 507 F.3d 598 (7th Cir.

24 2007)).)

25    As an initial matter, counsel misinterprets the standard set

26 forth in <u>Achbani</u>.  Contrary to counsel's claim, the Seventh Circuit

27 did not impose on district courts an absolute duty to investigate

28 whether a defendant's absence was knowing and voluntary, much less an

absolute duty to affirmatively rule out any and all other possible explanations for a defendant's absence (no matter how remote). Rather, the Seventh Circuit held that a district court need only investigate "serious questions" and explained that "the district court's duty to explore such possibilities varies to the extent that defense counsel suggests circumstances that raise a plausible doubt that the defendant's absence was voluntary."  507 F.3d at 601-602 (emphasis in original).

In any event, in United States v. Ornelas, the Ninth Circuit expressly considered and declined to adopt the standard set forth in Achbani, finding that the Seventh Circuit's standard was stricter than necessary to proceed with sentencing in absentia pursuant to Federal Rule of Criminal Procedure 43(c):

> [T]o the extent the Seventh Circuit's standard places the onus entirely on the government or the district court to present evidence of voluntariness, this overstates the appropriate burden. As we explained in Marotta, 518 F.2d at 684, "[w]hile the government always has the burden of proving that a defendant knowingly waived his constitutional rights," where the defendant knew of the trial date and nothing suggested an enforced absence, the defendant "has the burden of going forward and offering evidence to refute the [voluntariness] finding of the trial court." See also Houtchens, 926 F.2d at 828 ("Houtchens presents no additional evidence, and we have found none, to support a claim that his absence from trial was not knowing and voluntary."). Only then could the district court be expected to explore whether that evidence supported postponing sentencing. Because Ornelas presented no evidence alerting the court that his absence was involuntary, the court did not abuse its discretion in making its involuntariness finding and by sentencing him in absentia.

828 F.3d 1018, 1022 (9th Cir. 2016).

Counsel's claim that the government bears the burden is therefore wrong as a matter of law.  Contrary to counsel's claim, under controlling Ninth Circuit precedent (which counsel ignored),

2

1  "where the defendant knew of the [hearing] date and nothing suggested

2  an enforced absence, the defendant has the burden of going forward

3  and offering evidence to refute the [voluntariness] finding of the

4  trial court."[1]  Ornelas, 828 F.3d at 1022.

5      Here, as in Ornelas, counsel fails to meet its burden to refute

6  the Court's previous voluntariness finding because counsel fails to

7  present evidence in support of counsel's abduction claim.  The claim

8  that defendants were kidnapped is based entirely on the following

9  vague and conclusory statement made by counsel in its brief: "Counsel

10  has [] been approached by family members who believe that Ayvazyan

11  and Terabelian were abducted and did not voluntarily abscond."  (ECF

12  1062 at 1.)  Counsel failed to provide facts in support of this

13  claim, failed to identify the purportedly concerned family members by

14  name, failed to submit any sworn declarations from those family

15  members, and failed to provide any reason or basis for the purported

16  claim of abduction.  There is thus no evidence in the record to

17  support counsel's abduction claim.[2]

18      Moreover, the family members' purported concerns – on which

19  counsel's abduction claim exclusively depends - lack credibility for

20  at least two reasons.  First, their purported concerns are self-

21  serving: if credited, the claim that defendants have been abducted

22  would have the effect of deflecting blame for defendants'

23  disappearance from defendants as well as their family members to the

24  ────────────

25      [1] Defense counsel disregards the applicability of Ornelas
   notwithstanding the government's extensive reliance on that

26  controlling authority in its response to defense counsels' first ex
   parte application to indefinitely stay sentencing.  (See generally

27  ECF 956.)

28      [2] Remarkably, counsel also failed to submit an accompanying
   declaration swearing to the fact of the family members' statements
   under penalty of perjury.

3

extent the family members believed they were the subject of an
investigation for aiding and abetting defendants' flight.  Second,
the family members' purported concerns are inconsistent with their
own actions:  as far as the government is aware, the defendants'
family members have not reported defendants as missing persons to the
FBI or given any indication that they are concerned about their
safety.  (Declaration of Christopher Fenton ("Fenton Decl.") ¶ 1.)
Furthermore, during a routine inspection of the Topeka residence for
purposes of asset forfeiture, the U.S. Marshals found a letter left
behind at the residence that appears to be a highly personal letter
from defendant Richard Ayvazyan to his children, detailing his flight
from supervision, and further directing that the letter be provided
to defense counsel, among others.  (Id. ¶ 3, Ex. 2.)

Because counsel fails to meet defendant's burden to refute the
Court's previous voluntariness finding, the Court should deny
counsel's application to reconsider its prior decision and
indefinitely continue defendant Richard Ayvazyan's sentencing.[3]

Counsel for defendant Richard Ayvazyan also requests that the
government produce to counsel a copy of the video recording

_____

[3] Even were the Achbani standard to apply (which it does not),
counsel's application would still fail because counsel's unsupported
abduction claim is not the type of "serious question" that gives rise
to "plausible doubt" that defendants' absence was voluntary.  Defense
counsel's theory is not even plausible on its face.  For example,
counsel speculates that defendants may have been abducted "by someone
who wanted to prevent them from disclosing the identities of
unindicted co-conspirators".  (ECF 1062 at 1.)  The timing of
defendants' disappearance, however, is inconsistent with such a
theory.   If the purported abductor was motivated by a desire to
prevent defendants from identifying possible unindicted co-
conspirators, he or she would have abducted defendants months ago
before the trial when defendants would have had an incentive to
cooperate, not on the eve of defendants' sentencing hearing.

referenced during the September 20, 2021 hearing or, in the
alternative, submit a copy for in camera inspection by the Court.[4]
(ECF 1062 at 1-2.)  The Court should deny counsel's application for
two reasons.

First, counsel's argument is based on its mistaken claim that
the video is the only evidence that defendants' flight is voluntary.
(Id.)  Counsel is wrong.  As detailed above, the fact that defendants
have absconded is not seriously in dispute other than counsel's
vague, unsupported, unsourced statement made without any cited basis
for belief.  Moreover, the same hearing transcript counsel referenced
in its motion details additional information relating to the
circumstances surrounding defendants' abscondence and the extensive
efforts to locate defendants, all of which support the Court's
finding that defendants have voluntary absconded.  (See, e.g.,
Transcript of Sept. 20, 2021 Hearing, attached as Fenton Decl. ¶ 2,
Ex. 1, at 5-7 (providing explanation from Probation about
circumstances surrounding abscondence); 9-10 (providing explanation
of the government's investigation, including the fact of a witness
account that defendant Richard Ayvazyan was in the neighborhood after
he absconded).)[5]

Second, if the government were to provide counsel a copy of the
video recording, it could reveal to defendants and possible co-
conspirators information related to the government's ongoing

---

[4] The government denies counsel's claim that the government may
have misrepresented the contents of the video recording.  (ECF 1062
at 1-2.)

[5] During the September 20 hearing, the Court inquired about a
note that defendants reportedly left for their children.  As
described above, the government recently obtained what it believes
may be a copy of the note or an otherwise similar letter, which is
attached to the Fenton Declaration as Exhibit 2.

investigation into defendants' flight from supervision.  This is a new and separate investigation and defendants are not entitled to details of the manner, means, and content of the government's investigation.  The government is, however, amenable to disclosing details regarding the government's ongoing investigation (including the video recording and other information corroborating the government's belief about what the recording reflects) in an in camera, ex parte submission to the Court.

For the aforementioned reasons, the government respectfully submits that the Court should deny counsel's application to indefinitely continue defendant Richard Ayvazyan's sentencing and provide a copy of the referenced video to the defense.