UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:20-cr-00579-SVW | Date: 10/29/2021 |

Present: The Honorable:   Stephen V. Wilson

Interpreter   NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Richard Ayvazyan | | | | N/A | | | |
| Marietta Terabelian | | | | N/A | | | |

**Proceedings:   ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION [1062]**

   Counsel for Defendant Richard Ayvazyan filed an *ex parte* application, requesting that (1) this Court order the government to turn over a video that purportedly shows Ayvazyan and his wife, Marietta Terabelian, and (2) continue Ayvazyan's sentencing and related deadlines. *Ex Parte* Appl. 3 ("EPA"), ECF No. 1062. For the reasons below, the application is DENIED.

   **I.   Background**

   Defendants Ayvazyan and Terabelian allegedly absconded from supervision by Pretrial Services around August 29, 2021, prior to their upcoming sentencing. Opp. to *Ex Parte* Appl., Ex. 1 at 5:3-5 ("Tr."), ECF No. 1065-2. On September 20, 2021, this Court held a hearing to inquire into the factual circumstances surrounding their flight. *Id.* at 3:21-24. At the hearing, the government indicated that its belief that the two had voluntarily absconded was based in part on a note purportedly left for their children, telling them that they were going to flee, as well as a video that purportedly depicts them briefly entering their former home – the Genesta property – a few days after absconding. *Id.* at 8:3-24.

   At the conclusion of the hearing, the Court continued the sentencing for both Defendants until November 15 and indicated that if they had not been found by then, the Court intended to proceed with sentencing *in absentia* unless changed circumstances counseled otherwise. *Id.* at 11:11-16, 16:6-19. A defendant who is voluntarily absent may be sentenced *in absentia*. Fed. R. Crim. P. 43(c)(1)(A), (B).

   Counsel for Ayvazyan then filed this *ex parte* application in which it asserted, for the first time, a belief that the two defendants may not have voluntarily absconded and may have instead been abducted. EPA 1. Accordingly, it requested an order continuing sentencing and ordering the government to produce the video of the two Defendants purportedly returning to the Genesta property. *Id.* at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The government opposed the application as to both requests, noting that the video implicated its ongoing investigation into Ayvazyan and Terabelian's whereabouts. Opp. to Ex Parte Appl. 1, 5-6 ("Opp. EPA"), ECF No. 1065. However, it indicated that it was not opposed to *in camera* review of the video by the Court. *Id.* at 6. It also attached a photograph of the note allegedly left by Defendants for their children. *Id.*, Ex. 2.

The Court ordered the government to submit the video for *in camera* inspection, ECF No. 1082, which the Court has now reviewed.

II.     Analysis

Rule 43 permits sentencing a defendant in absentia when the defendant is voluntarily absent. Fed. R. Crim. P. 43(c)(1)(A), (B); *United States v. Ornelas*, 828 F.3d 1018, 1021-22 (9th Cir. 2016). While the government bears the ultimate burden of proof that a defendant has waived his right to be present, it does not necessarily need to produce direct evidence of voluntariness. *See Ornelas*, 828 F.3d at 1022. When the defendant had appeared at past hearings and/or the trial, knew of the upcoming sentencing, and had a motive to flee, a court may conclude that his absence is voluntary. *Id.* In such circumstances, it is the defendant's burden to offer some evidence rebutting that conclusion. *Id.*

Defense counsel advocates for the approach of *United States v. Achbani*, 507 F.3d 598 (7th Cir. 2007), which obligates a court to "explore on the record any 'serious questions' raised" about the voluntariness of the defendant's absence. *Id.* at 601-02. But even under *Achbani*, that obligation only exists where there is at least some "plausible doubt" as to voluntariness. *Id.* at 602.

In light of these principles, there is no justification to further continue Ayvazyan and Terabelian's sentencings or to order the government to produce the video to defense counsel. First, under *Ornelas*, which is the binding law of this circuit, the facts support a finding of voluntary absence. Both defendants had appeared at their trial and post-trial hearings, such as the Court's *Kastigar* hearing. *See* Mins. of *Kastigar* Hr'g, ECF No. 821. And both knew of their sentencing, as the Court reset their sentencing hearings for October at the *Kastigar* hearing, where both were present. *See id.* Finally, both had a motive to flee. Ayvazyan and Terabelian disappeared just nine days after this Court's orders denying their motions for *Kastigar* relief and related motions for a new trial. ECF Nos. 874, 875. These facts alone are sufficient to support a finding of voluntary absence by Ayvazyan and Terabelian unless there is some evidence to rebut that conclusion. *See Ornelas*, 828 F.3d at 1022.

Here, counsel for Ayvazyan and Terabelian have not put forth *any* actual evidence to doubt the voluntariness of their absence. The application only vaguely asserts that "counsel has been informed that Ayvazyan and Terabelian **were not** at the Genesta property" on the date of the purported video and that unspecified "family members" believe that the two "were abducted and did not voluntarily abscond." EPA 1 (emphasis in original). Generic statements in a pleading are not evidence; counsel put forth nothing in support of this claim of abduction – not even declarations from the unidentified "family members." Thus, there is no evidence rebutting the facts that suggest voluntary absence, and under *Ornelas*, Ayvazyan and Terabelian may be considered voluntarily absent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Second, even if the Ninth Circuit had adopted the *Achbani* approach – which it did not, *see Ornelas*, 828 F.3d at 1022 – there would be no obligation to "explore" any questions about voluntariness because there is not a plausible doubt that the Defendants' absence here is voluntary. *See* 507 F.3d at 601-02. As just discussed, a plausible doubt is not raised by vague assertions that unidentified "family members" believe Ayvazyan and Terabelian were abducted, without a single iota of supporting evidence or even a single *allegation* as to how, where, or by whom they were taken.

Third, the Court has already sufficiently "explored" any question that may have existed as to the voluntariness of Defendants' disappearance and concluded that Ayvazyan and Terabelian's disappearance is voluntary. The Court issued a previous continuance of their sentencing after they absconded. It held a hearing on the record to inquire into the circumstances surrounding their disappearance, including hearing from representatives of Pretrial Services who discussed how Ayvazyan's ankle monitoring bracelet indicated that it had been broken off. Tr. at 5:12-6:8. At the hearing, defense counsel confirmed that they have not heard from either Defendant and have been unable to contact them since the two absconded. *Id.* at 10:9-11:2.

Further, the Court has heard from the government, which has produced evidence supporting the voluntariness of Defendants' absence, even though it is not required to do so in these circumstances under *Ornelas*. The government produced a copy of a note apparently from Avyazyan explaining his flight from supervision to his children. Opp. EPA, Ex. 3, ECF No. 1065-3.[1] Moreover, the government has indicated that, despite some "family members" believing the two were abducted, the government is not aware that those family members have felt concerned enough by this belief to consult law enforcement. Opp. EPA, Fenton Decl., ECF No. 1065-1.

Finally, the government also produced a video purportedly depicting both defendants returning to the Genesta property, which the Court has reviewed. Defense counsel asserts a belief that "the video does not show Ayvazyan and Terabelian" because they were not at the Genesta property on the day in question. EPA 1. The video, dated September 2 – after the two absconded – is shot from some distance, thus it is not possible to definitively confirm the identities of those depicted in it. However, it shows two individuals, a man and a woman whose physical characteristics match those of Ayvazyan and Terabelian, walking outside the property and entering through a gate. No one is physically controlling the two individuals; no one appears to be otherwise coercing the individuals. Both appear to be walking into the property freely and of their own volition.

This is consistent with the government's characterization of the video in the September 20 hearing. It depicts two individuals who resemble the Defendants walking freely outside the Genesta property, with nothing to suggest that they had been abducted, as defense counsel suggests. While the Court cannot say with certainty that Ayvazyan and Terabelian are the individuals appearing on the video, the physical characteristics match, thus the video undermines defense counsel's speculative theory that they were abducted and are therefore involuntarily absent. And although the video is not

---

[1] Defense counsel casts doubt on the authenticity of this note, pointing out that it was typewritten and claiming that it does not contain any references or details that would confirm it was written by Ayvazyan, or even if so, it may not have been written voluntarily. EPA 2 n.1. Even disregarding the note for argument's sake, this would not change the conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

*dispositive* evidence, the preceding discussion illustrates that it is far from the "sole" evidence of voluntary absence, as defense counsel claims. EPA 2.

In sum, the mere fact that Ayvazyan and Terabelian had previously appeared at trial and hearings, knew of their pending sentencing, and had motive to flee is enough to support a prima facie finding of voluntary absence. *See Ornelas*, 828 F.3d at 1022. The burden then shifted to the defense to offer some evidence to rebut that conclusion, but its unelaborated and unsupported theory of abduction does not meet that burden. Instead, it is the government that has provided additional material that supports its theory of voluntary absence and undercuts defense counsel's theory of abduction.

Accordingly, there is more than enough support for the conclusion that Ayvazyan and Terabelian are voluntarily absent and may be sentenced *in absentia*. Fed. R. Crim. P. 43(c)(1)(A), (B); *Ornelas*, 828 F.3d at 1021-22.  No further continuance, nor production of the video to defense counsel is warranted, and the application is therefore denied. Defendants' sentencing memoranda remain due on November 1, 2021, with the government's due on November 10, 2021, and the hearing on November 15, 2021.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Deputy Clerk** | PMC |