TRACY L. WILKISON
Interim United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
     E-mail:    Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD AYVAZYAN, <br>   aka "Richard Avazian," <br><br> Defendant. | No. CR 20-00579-SVW-1 <br><br> GOVERNMENT'S RESPONSE TO FUGITIVE DEFENDANT RICHARD AYVAZYAN'S REQUEST FOR RETURN OF PASSPORTS AND CLARIFY HIS CONDITIONS OF RELEASE POST-FLIGHT (ECF 1178) |

Plaintiff United States of America, by and through its counsel of record, the Interim United States Attorney for the Central District of California, Assistant United States Attorneys Catherine

Ahn, Scott Paetty, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its response to fugitive defendant Richard Ayvazyan's request to clarify his conditions of supervision post-flight (ECF 1178), pursuant to the briefing schedule ordered by the Court on December 27, 2021 (ECF 1219).

    The government's opposition is based upon the attached memorandum of points and authorities, the declaration of Catherine Ahn, and the files and records in this case.

Dated: January 3, 2021        Respectfully submitted,

TRACY L. WILKISON
Interim United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

     /s/
CATHERINE AHN
SCOTT PAETTY
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

The Court previously made a finding that defendant Richard Ayvazyan ("defendant"), who has ties to Armenia, voluntarily absconded from supervision after noting on the record that – on the eve of defendant's sentencing - emergency passports for defendant's minor children to travel to Armenia had been unsuccessfully requested from the U.S. State Department.  Counsel for defendant now asks the Court to take action that would serve only to aid defendant's flight and facilitate defendant's previously-failed attempt to extract his children from the United States, namely:  (i) order United States Probation and Pretrial Services ("Probation") and the government to return the children's passports to the children; and (ii) "clarify" that when it entered an order forfeiting the bail posted on defendant's behalf, that the Court had also terminated the conditions of pretrial and presentence supervision imposed (including condition that defendant surrender his children's passports).  (ECF 1178 at 15.)

The Court should deny counsel's first request as moot:  neither Probation nor the government is in possession of the children's passports.

The Court should deny counsel's second request because it is unsupported by law or fact and would result in an absurd outcome: rewarding a fugitive for successfully violating the Court's order.

**II. Background and Procedural History**

Defendant's conditions of pretrial release included, among other things, that defendant be subject to location monitoring, appear as ordered by the Court, not commit new crimes, and surrender all

passports and travel documents (including those of defendant's three minor children) to Probation[1] and not obtain new ones. (ECF 47 at 1-4.) Defendant's conditions also included a notice specifying that, "a failure to appear may result in the forfeiture of any bail posted, which means that defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States." (Id. at 5.) Following defendant's conviction at trial, this Court denied the government's request to remand him into custody and permitted him to remain released under the same conditions as prior to trial.

On or around August 29, 2021, defendant removed his location monitoring bracelet and absconded from supervision while awaiting sentencing. (ECF 1121 ¶ 68.) He left a note for his minor children, whom he had abandoned, in which he wrote of what appears to be his secret plan to reunite the family:

> <u>Without staying too much</u>, we both love you more than anything in this world. We will be together again one day. This is not a goodbye but a brief break from each other. Our family will always be strong and together no matter the circumstances. I will find a way, that's a promise.

(ECF 1065-3 (emphasis added).) On November 9, 2021, a request for emergency passports was submitted to the State Department on behalf of defendant's minor children so that they may travel to Armenia. (ECF 1184 at 3:25-4:4.)

Citing this request for the emergency passports, among other facts, the Court made a finding that defendant's absence was voluntary, sentenced him <u>in absentia</u>, and forfeited the bail posted

---

[1] Despite the fact he was required by Court order to surrender his children's passports, defendant had failed to do so, and efforts by Probation to locate these documents were unsuccessful. (ECF 1005.)

2

on his behalf.  (ECF 980, 1082, 1166, 1184 at 3:25-4:4.)

Following sentencing, at the end of a brief stating defendant's position with respect to restitution and forfeiture, counsel requested that the Court effectively relieve defendant, who remains a fugitive, of his obligation to comply with the Court-ordered conditions of release.  (ECF 1178 at 15-16.)  Counsel asked the Court to: (i) order Probation and the government to return the children's passports to the children; and (ii) "clarify" that when it entered an order forfeiting the bail posted on defendant's behalf, that the Court had also terminated the conditions of pretrial and presentence supervision imposed (including condition that defendant surrender his children's passports).  (Id.)

Counsel failed to proffer any facts in support of its request, instead asserting only counsel's purported "understanding" that "the aforementioned passports or travel documents were either surrendered or seized during the November 5, 2020 search warrant executions, remain in the custody of Pretrial Services, Probation, or the government, or have otherwise been lost."  (Id.)

**III. Counsel's Request Is Based on a Factual Error**

As with counsel's previous motion to continue sentencing based on the Ayvazyan family's claim that defendant may have been abducted, counsel makes a request on behalf of defendant's minor children (whom he does not represent) "without a single iota of supporting evidence" explaining the circumstances surrounding counsel's request.  (ECF 1094 at 3.)

Moreover, counsel's asserted claim, which was unsupported by a declaration, is factually incorrect.  Counsel incorrectly suggests that defendant may have complied with his conditions of release by

3

surrendering his children's passports (which he did not), that the children's passports were at some point in time in the possession of Probation or the government (which they were not), and that Probation or the government may have lost them (which is factually incorrect). None of these statements are true; defendant failed to provide the children's passports to Probation and further attempts to obtain them were denied.  (ECF 1005.)

**IV.  Counsel's First Request Is Moot**

Counsel's first request is that the Court order Probation and the government to return the children's passports to the children. However, as explained above, defendant never surrendered his children's passports and, as such, neither Probation nor the government are in possession of them.  Accordingly, counsel's first request should be denied as moot.

**V.  Counsel's Second Request Is Unsupported by Law**

Counsel's argument in support of its second request lacks legal basis.  Remarkably, counsel does not cite to any authority in support of counsel's second request.  (ECF 1178 at 15-16.)  Nor is the government aware of authority compelling the result urged by counsel here.

Counsel's argument is also contrary to the law because it is predicated on conflating this Court's authority to forfeit bail (18 U.S.C. §§ 3142) – one of numerous bond conditions imposed on defendant – with revocation of bond in its entirety and the dissipation of those conditions upon arrest and detention (18 U.S.C. § 3148).  A court may find that a defendant violated a condition of release without revoking defendant's release and ordering him detained.  See e.g., United States v. Bararia, 2013 WL 1907782 at *1

4

(D. Ct. Nev. March 12, 2013) (court declined to revoke defendant's pretrial release, despite finding defendant violated a condition of release, because it found defendant was not a flight risk or a danger to the community). The statute itself contemplates an outcome where a defendant is found to have violated a condition of release but remains released subject to conditions. Specifically, 18 U.S.C. § 3148(b) states that, "If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." Id.

Once a defendant's release is revoked and he is detained pursuant to 18 U.S.C. § 3148, those terms and conditions of release are naturally no longer in force because defendant is no longer released – he is in the custody of the United States. Mere forfeiture of all or part of a bond serving as collateral for defendant's compliance does not, however, vitiate a defendant's obligations to abide by the remaining terms and conditions. A requirement that defendant provide some kind of financial security is one of many possible conditions of pretrial or presentence release that a court may impose in order to assure itself that defendant will abide by the terms and conditions of his release. As the Supreme Court noted in Stack v. Boyle, 342 U.S. 1 (1951), "The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. Like the ancient practice of securing the oaths of

5

responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as <u>additional</u> assurance of the presence of an accused." <u>Id.</u> at 4-5 (internal citations omitted) (emphasis added). <u>See also</u> <u>United States v. Salerno</u>, 481 U.S. 739, 742-743, 745 (1987) (upholding the constitutionality of the Bail Reform Act).

The Court ordered forfeiture of defendant's bond. (ECF 1167.) The Court, however, did not rescind the previously imposed conditions of his pretrial and presentence release. And for good reason – termination of defendant's conditions of release prior to the time he self-surrenders to begin serving his sentence would reward him for absconding. (<u>See, e.g.</u>, ECF 1005.)  It would also facilitate his flight.  At defendant's sentencing hearing, the Court made a finding that the Ayvazyan family's effort to obtain emergency passports for defendant's children to travel to Armenia further supported the Court's view that defendant had voluntarily absconded. (ECF 1184 at 3:21-4:4.)  These efforts were consistent with defendant's secret plan to "find a way" to reunite him and his children after only a "brief break". (ECF 1065-3.)  The Court should therefore deny counsel's request.

**VI. Counsel's Requests Should Be Denied for Lack of Standing**

Counsel purports to make its requests as part of an effort to vindicate the rights of defendant's children to travel. (ECF 1178 at 16.)  However, while counsel asserts there is a new legal guardian who assumed defendant's parental rights (<u>id.</u>), counsel has neither identified nor provided proof of that legal guardianship nor asserted that counsel represents that guardian or the children.  Even if counsel did, that would not negate the fact that – based on the lack

6

of identification or proof of guardianship – the guardian does not appear to be a party to the case before this Court.  There is thus no one before this Court who has standing to act on behalf of the children and the government is not aware of any attorney who represents them.

Furthermore, to the extent any properly appointed legal guardian wished to assert a claim with respect to the children's travel documents, this criminal case is not the appropriate forum for seeking such relief, as the Court's jurisdiction is limited to the criminal case before it and the conduct of the defendants in this case.

**VII. Conclusion**

For the reasons above, the government respectfully requests the Court deny counsel for fugitive defendant Richard Ayvazyan's requests that the Court: (i) order Probation and the government to return the children's passports to the children; and (ii) "clarify" that when it entered an order forfeiting the bail posted on defendant's behalf, that the Court had also terminated the conditions of pretrial and presentence supervision imposed (including the condition that defendant surrender his children's passports).  The government respectfully submits that instead, the Court should maintain the conditions of release it imposed on defendant before he fled and until such time as he is in custody.