Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD AYVAZYAN,<br>*et al.*,<br><br>*Defendants.* | Case No.  20-cr-579 (SVW)<br><br>**RESPONSE TO GOVERNMENT'S FILING REGARDING CONDITIONS OF BOND (DKT. 1230)**<br><br>Hon. Stephen V. Wilson |

RESPONSE TO GOVERNMENT'S FILING REGARDING CONDITIONS OF BOND (DKT. 1230)

**Preliminary Statement**

The Court should order Pretrial Services, Probation, or the government to return any passports in their possession to the children, and clarify that the Standard Conditions of Bond and Special Conditions of Bond are extinguished and no longer in effect (such that there is no restriction on the children's passports). The government's only argument against the requested Order to return is that "neither Probation nor the government are in possession of them." Dkt. 1230 at 4. If that is the case, then an Order to return only those passports belonging to the children that are in the respective agencies' possession will not impose any undue burden and should be entered to ensure that no miscommunication occurs.

This Response addresses the latter issue: clarification that the Conditions of Bond are no longer in effect, or in the alternative, entry of an order clarifying that the Conditions of Bond only apply to Ayvazyan and Terabelian, not their children or any other third party. This is consistent with the plain text of the Conditions of Bond and the underlying statute, both of which speak only to the conditions placed on the defendant. No law cited by the government permits "Conditions of Bond" or "Release Conditions" to impose restrictions on third parties. The third-party children have not been charged with or convicted of any crime. They have not agreed to forfeit their fundamental right to travel. The government is seeking extraordinary relief and it bears the burden of pointing to a law that authorizes that relief. It has not done so.

**I.   The Court Should Clarify that the Appearance Bonds Have Been Forfeited and the Conditions Attached to Those Bonds No Longer Exist**

The only limitation on the children's travel was contained in Ayvazyan's two Appearance Bonds: Dkt. 47 and Dkt. 48. Each document that "The conditions of this

1

RESPONSE TO GOVERNMENT'S FILING REGARDING CONDITIONS OF BOND (DKT. 1230)

bond are…" There are no conditions of release except for those "conditions of this bond." That bond has been forfeited, and logically there cannot be any conditions remaining. This is not a case where the Court "amend[ed] the conditions of release," *contra* Gov't Submission at 7 (quoting *United States v. Bararia*, 2013 WL 1907782 (D. Nev. Mar. 12, 2013)), because the only conditions of release in effect were Special Conditions of Bond.

**Different Types of Conditions**

United States v. Bararia, No. 2:12-cr-236, Dkt. 5 (D. Nev. Mar. 2, 2012)

This case involves an Appearance Bond with Conditions of Bond, not an Order Setting Conditions of Release. The Appearance Bond has been forfeited and the Conditions on it are therefore moot.

**II.   In the Alternative, the Court Should Clarify that the Conditions Apply Only to Ayvazyan and No Conditions of Bond Prohibit the Children from Obtaining Passports**

The Special Conditions of each Appearance Bond ordered "the defendant," Richard Ayvazyan, to "Surrender all passports—including children … and not obtain any travel documents during the pendency of the case." Dkt. 47 at 2. The Special Conditions of Bond did not prohibit the children or any third-party guardian from obtaining travel documents and did not purport to apply indefinitely. Nor could they.

2
RESPONSE TO GOVERNMENT'S FILING REGARDING CONDITIONS OF BOND (DKT. 1230)

18 U.S.C. § 3142(c)(B)(iv) only authorizes "Release on [C]onditions" that require that "the person [meaning the defendant] … abide by specified restrictions on personal associations, place of abode, or travel." There is no authorization for restrictions on third parties' travel, but that appears to be how the government and/or Probation have interpreted the Special Conditions. Because the Special Conditions have been misinterpreted, they should be clarified. An alternative proposed order is attached herewith.

Moreover, it would be unconstitutional to infringe on third parties' rights in this manner without according them due process of law. *See* U.S. Const. amend. V; *Aptheker v. Sec'y of State*, 378 U.S. 500, 505 (1964) (quoting *Kent v. Dulles*, 357 U.S. 116, 125-26 (1958)) ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment."); *see also* U.S. const. art. III § 3 (prohibiting corruption of blood punishments for treason). If the government wishes to deprive the third-party children of their right to travel,[1] it bears the burden of demonstrating both legal authorization and according the children with legal process. It has done neither. Instead, it seeks to extend a restriction on Ayvazyan beyond its plain text and continue the U.S. government's apparent interpretation that no person may apply for a passport for Ayvazyan's children. That interpretation is at odds with the Conditions of Bond and the law.

---

[1] In a last-ditch effort, the government makes a hand-wave at standing without citing a single authority or precedent. These are conditions of bond (or, according to the government, conditions of release) *against Ayvazyan*. The statutory scheme restricts those conditions to impositions on the defendant him or herself. *See* 18 U.S.C. § 3142(c)(1)(B) (authorizing conditions on "the person" whose appearance is required). The fact that Ayvazyan's requested clarification of the conditions *on him* would benefit a third party does not eliminate his standing to move for clarification of the conditions *on him*.

3
RESPONSE TO GOVERNMENT'S FILING REGARDING CONDITIONS OF BOND (DKT. 1230)

The government wishes to focus on Ayvazyan's alleged statements and punishing Ayvazyan, but it is unreasonable and unconstitutional to punish non-defendants. That is letting the tail wag the dog. No statute or law authorizes imposition of punishment on the children of a criminal defendant.

### III. Conclusion

The government is proposing indefinite punishment of non-party children through an absurd interpretation of a defunct order against their father. That is an extraordinary request that requires extraordinary justification. The government, however, does not cite to a single case in which a third party's personal identification document or the travel restrictions on a third party have been extended after a defendant fled. The government's failure to cite any precedent strongly implies that the extraordinary infringement of personal liberties that it seeks has never been endorsed by a U.S. District Court.

Dated:   January 10, 2021

Respectfully submitted,

**STEPTOE & JOHNSON LLP**

/s/ *Ashwin J. Ram*
Ashwin J. Ram (SBN 227513)
aram@steptoe.com
Nicholas P. Silverman (*pro hac vice*)
nsilverman@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400