UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:20-cr-00579-SVW | Date: 1/19/2022 |

Present: The Honorable: **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

Interpreter   N/A

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Richard Ayvazyan | | | X | N/A | | | |
| Marietta Terabelian | | | X | N/A | | | |

**Proceedings:   ORDER MODIFYING CONDITIONS OF BOND FOR DEFENDANTS RICHARD AYVAZYAN AND MARIETTA TERABELIAN**

In previous moving papers and hearings, counsel for the absconded Defendants Richard Ayvazyan and Marietta Terabelian have sought an order from the Court ordering the return of the passports belonging to their children and clarifying that the conditions of their bond are extinguished – or at least the condition requiring the surrender of their children's passports. *See* Resp. to Gov't Supp. Sent'g Br. 15-16, ECF No. 1178; Hr'g Tr., Dec. 6, 2021 99:16-104:25.

In the Court's order determining the restitution obligations of Defendants Ayvazyan and Terabelian, ECF No. 1219, the Court ordered supplemental briefing from the parties on this issue, *id.* at 13-14, which both sides have submitted. ECF Nos. 1230, 1247.

When bond was issued for Ayvazyan and Terabelian by Magistrate Judge Otazo-Reyes in the Southern District of Florida, where they were arrested, the conditions of bond included a provision that they and their children surrender their passports. ECF Nos. 44, 45, 47, 48. It is unclear exactly what happened to the children's passports, but it appears that the government does not have them. *See* Hr'g Tr., Dec. 6, 2021, 100:20-24. Counsel for Richard Ayvazyan indicated that the State Department is refusing to issue new passports, citing the bond condition. *Id.* at 100:5-17.

For the reasons below, the Court modifies the conditions of bond for both Defendants to eliminate the condition that requires their children to surrender their passports. All other conditions remain in place.

*First*, the government has repeatedly reiterated that it does not have the passports of Ayvazyan and Terabelian's children. *Id.* at 100:20-24; Gov't Supp. Br. 1, 4, ECF No. 1230. Indeed, the government submits that Defendants never turned them over in the first place. Gov't Supp. Br. 4. Thus, the Court will not issue any order requiring the government to turn over something it does not possess or again confirm in writing something that it has already confirmed – that it does not have the passports.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

*Second*, the Court concludes that Defendants conditions of bond are not extinguished by the forfeiture of bail due to Defendants' absconding. Requiring a criminal defendant to post a surety of money or property is merely one of many conditions of pretrial release that a court may impose. 18 U.S.C. § 3142(c). A court may impose further conditions in any combination that is reasonably necessary to ensure the appearance of the defendant and the safety of the community. *Id.* If a defendant violates those conditions, it may trigger additional consequences – such as the revocation of the defendant's release and their detention – but a court may also continue to permit the defendant to remain on release, whether on the same conditions as before or with modifications. *Id.* § 3148(b).

Defendants' argument that the conditions of their release are dissolved by the forfeiture of their surety bond thus makes little logical sense. Bond conditions are all intended to work *in combination* to ensure the defendant's appearance, *see id.* § 3142(c), and the enforcement of the consequences attached to one such condition – forfeiture of a financial surety – would not relieve the applicability of the other conditions. Indeed, Defendants' argument would lead to completely perverse outcomes by which defendants would essentially be rewarded for breaking one condition of bond by the dissolution of all the others. Defendant cites no authority for its position, which is contrary to the structure and intent of 18 U.S.C. § 3142. Accordingly, though bail has been forfeited due to Defendants flight from supervision, the conditions of their release remain in full force and effect.

*Third*, notwithstanding the previous analysis, the Court concludes that the unique circumstances here warrant modification of Defendant Ayvazyan and Terabelian's conditions of bond to eliminate the condition requiring the surrender of their children's passports. Defendants have absconded; there is no indication of when they might return or be found. As discussed above, the conditions of bond designed to induce Defendants' appearance still remain in effect, and these conditions appear likely to remain in effect indefinitely given Defendants' flight and uncertain prospect of return. In the Court's view, the potential for Defendants' children to be barred indefinitely from obtaining a passport raises serious constitutional due process concerns that warrants the vacatur of this condition.

The Court is mindful of the point raised by the government that removal of this condition may, in some sense, "aid [D]efendant's flight" by permitting Defendants to arrange for their children to leave the United States and be reunited with them – something that this Court noted the Defendants appear to have already tried to do. *See* Gov't Supp. Br. 1; Sent'g Hr'g Tr. 3:21-4:4, Nov. 15, 2021, ECF No. 1184. Ultimately however, Defendants' children have committed no crime, and maintaining a bond condition whose ramification could be the indefinite preclusion of their ability to obtain a passport implicates due process principles that take precedence.

For the foregoing reasons, the Court modifies the conditions of bond for Defendant Richard Ayvazyan and Marietta Terabelian and eliminates the condition requiring the surrender of their children's passports. All other conditions shall remain in full force and effect until they are in custody.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Deputy Clerk** |  |