ETHAN A. BALOGH, No. 172224
BALOGH & CO., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@balcolaw.com

Attorneys for Defendant
MARIETTA TERABELIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 20 Cr. 579 SVB |
|---|---|
| Plaintiff/Appellee, | USCA Case No. 21-50291 |
| v. | DEFENDANT'S OPPOSITION TO MOTION FOR HEARING ON SHORTENED TME AND IN OPPOSITION TO UNSEALING |
| MARIETTA TERABELIAN, | |
| Defendant/Appellant. | Before the Honorable Stephen V. Wilson United States District Judge |

Months after trial ended, two prospective intervenors—WFG Tile Insurance Co., ("WFG") and Novastar, LLC ("Novastar") (collectively, "Intervenors")—filed an emergency ex parte application to intervene and obtain sealed documents on a motion heard on shortened time. As Intervenors tell it, they were watching the news on March 29, and got an idea about how to obtain documents for use in their upcoming civil trials against a subset of the defendants in this case. *See* Ex Parte Application for Order Shortening Time at 5-6.

But there is no exigency, and any exigency is a result of the proposed Intervenors dilatory conduct. The Court should deny the proposed Intervenors motions summarily. At a minimum, the Court should deny proposed Intervenors ex parte application for an Order Shortening Time, and set the matter for briefing hearing in the normal course, for three reasons:

1. There is no exigency with respect to WFG's July 2022 trial, and WFG makes no showing to support its claim of exigency.
2. Any exigency with respect to Novastar's May 17, 2022 trial is of its own creation. Novastar knew or should have known about this criminal case and the 2021 criminal trial, and could have tracked the litigation and brought this motion months earlier. Instead, Novastar claims exigency now because (a) it didn't think to do track the criminal case and filings therein until it saw a clip on TV on March 29, 2022, and (b) even then,

waited a month to file this application, and requiring defendants' response in less one day. Undersigned counsel has not had sufficient time to address the issues presented by proposed Intervenors motion, and it is fundamentally unfair to require a substantive response in less than one day.

3. In addition, Ms. Terabelian's undersigned counsel has only recently been appointed to address her direct appeal, and lacks familiarity with this case at this early juncture. Proposed Intervenors extraordinary delay to bring their motions should not prejudice Ms. Terabelian and her right to consider carefully and brief these issues in the normal course.

Ms. Terabelian thus respectfully asks the Court to deny the proposed Intervenors motions. At a minimum, the Court should deny proposed Intervenors ex parte application for an Order Shortening Time and set the matter for briefing and hearing in the normal course.

Respectfully submitted,

DATED: April 29, 2022        BALOGH & CO., APC

 */s/ E A Balogh*
ETHAN A. BALOGH
100 Pine Street, Suite 1250
San Francisco, CA 94111

Attorneys for Defendant
MARIETTA TERABELIAN

**PROOF OF SERVICE**

I, Ethan A. Balogh, certify that on the date set forth below, I served all parties in this matter by causing the preceding pleading to be filed electronically through the Court's ECF system, as set forth by Local Rule 5-3.2.1.  In addition, I emailed this Opposition to Counsel for Proposed Intervenors: Lori C. Hershorin, at lorih@hhlawgroup.com

DATED: April 29, 2022

*/s/ E A Balogh*
ETHAN A. BALOGH