FILED

2022 APR 29 PM 2:47

1 LORI C. HERSHORIN (SBN 155977)
**HERSHORIN & HENRY, LLP**
2 26475 Rancho Parkway South
Lake Forest, California 92630
3 949-859-5600
Email: Lorih@hhlawgroup.com
4
5 Attorney for Prospective Intervenor
WFG TITLE INSURANCE COMPANY,
6 A South Carolina Corporation and NOVASTAR, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>RICHARD AYVAZYAN,<br>  aka "Richard Avazian" and<br>    "Iuliia Zhadko,"<br>MARIETTA TERABELIAN,<br>  aka "Marietta Abelian" and<br>    "Viktoria Kauichko,"<br>ARTUR AYVAZYAN,<br>  aka "Arthur Ayvazyan,"<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>  aka "Mike Grigoryan," and<br>    "Anton Kudiumov,"<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN.<br>  aka "Edvard Paronian" and<br>    "Edward Paronyan," and<br>VAHE DADYAN,<br><br>Defendants. | Case Number: **2:20-CR-00579-SVW**<br><br>**DECLARATION OF LORI HERSHORIN IN SUPPORT OF WFG TITLE INSURANCE COMPANY AND NOVASTAR LLC'S JOINT NOTICE OF MOTION AND JOINT MOTION TO INTERVENE FOR LIMITED PURPOSE OF ACCESSING JUDICIAL RECORDS**<br><br>DATE:<br>TIME:<br>JUDGE: Hon. Stephen V. Wilson<br>COURTROOM: 10A<br>LOCATION: 350 W. 1ST ST.<br>　　　　　　Los Angeles, CA 90012 |

---
DECLARATION OF LORI HERSHORIN, ESQ.

I, LORI HERSHORIN, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California, I am authorized to practice law in the Central District of California, and am an attorney at Hershorin & Henry, LLP, counsel of record for Prospective Intervenors WFG National Title Insurance Company, a South Carolina corporation ("WFG") and Novastar, LLC ("Novastar") (collectively as "Prospective Intervenors") and make this Declaration in support of WFG and Novastar's Joint Motion to Intervene for the Limited Purpose of Accessing Judicial Records. I have personal knowledge as to the discovery and pleadings in this matter. I have reviewed the documents in our firm's file for this litigation matter, which contains records generated in the ordinary course of business at or near the time of the occurrence of the events related thereto by persons who have a business duty to make and maintain such records. I have personal knowledge of the following facts, or I have gained such knowledge from my review of the file, and if called and sworn as a witness could testify thereto.

2. On March 29, 2022, I watched a clip from an NBC special that documented the Criminal Defendants' PPP loan scheme. In that special, NBC broadcasted photos of Novastar and WFG's Defendants and copies of identification cards of individuals who are believed to be synthetic persons named as defendants in WFG and Novastar's civil actions. Criminal Defendants, Novastar Defendants, and WFG Defendants are hereinafter referred to collectively as "Defendants."

3. Between March 30, 2022 and April 7, 2022, I conducted a thorough search of this matter's docket and discovered that all evidence in support of WFG and Novastar's claims against Defendants was sealed. In addition, the Government's applications to submit said documents under seal were also sealed. Until I watched the NBC clip and conducted a comprehensive search of this court's docket, I did not know that the sealed documents directly related to Prospective Intervenors' civil cases. Because of this Court's Protective Order and Orders to Seal, there is no other way that WFG and Novastar can gain access to the documents which they seek from this Court. Prospective Intervenors have diligently attempted to acquire the sealed documents and information contained in the sealed record using discovery methods in the civil cases, but civil defendants failed to respond to such requests or claimed they could not locate the requested documents.

4. WFG and Novastar request this court to unseal all exhibits admitted into evidence at trial and unseal the exhibits attached to the Governments' Oppositions to Defendants' Motions to Suppress (Docket numbers 188 and 207) because the sealed documents will prove Defendants falsified documents, forged signatures, created synthetic identities, and altered bank accounts to fraudulently induce Prospective Intervenors to make loans and issue title insurance to Defendants and their criminal enterprise. The sealed records prove defendants utilized a common plan or scheme to conduct their PPP loan fraud and their real estate loan frauds – a pattern of racketeering that began over 10 years ago.

5. Prospective Intervenors, as members of the public, serve the important public function of making the dream of home ownership a reality true by providing home loans and title insurance to home buyers and sellers. As such, Prospective Intervenor's have a right to access judicial records under the First Amendment and common law.

6. The public has a strong interest in seeing that lenders and title insurance companies are made whole and those who commit a fraud upon them are brought to justice because such actions directly impact the public's future acquisition of home loans and title insurance policies. As a part of the underwriting process, the cost of Defendants' and other fraudsters' actions eventually gets passed down to future policy holders in order to balance the losses, which is why it is so important for the public that Prospective Intervenors' have access to this Court's sealed documents in order to prove their case at trial. Prospective Intervenors' success in their civil trial not only ensures they are made whole, but also acts as a deterrent for future fraudsters.

7. In furtherance of their criminal enterprise and racketeering activities, Defendants regularly used the County Recorder's Office, U.S. Bankruptcy Courts, and California Superior Courts to defraud Prospective Intervenors.

8. Defendants also used email correspondence, telephone communications, websites connected to the criminal enterprise, U.S. wires, and the U.S. Mail to falsify information to induce lenders into making loans to "synthetic" borrowers. Defendants created websites and email addresses linked to phony businesses in order to provide employment references for synthetic buyers.

9. Defendants further stole notary stamps or forged notary stamps that were identical to

those of at least five real notary publics in order to create fraudulent deeds in the names of the synthetic persons. Defendants then recorded these fraudulent deeds with the county recorder to establish a purported chain of title, which WFG relied upon when issuing title insurance to Defendants and Novastar relied upon when making loans to the synthetic buyers.

10. After creating the synthetic identities, Defendants would falsify bank information, fabricate employment histories and phone numbers for false employers, manufacture credit information and/or other documents such as bank statements and tax returns to make the synthetic persons appear legitimate to induce Novastar and other lenders into making loans to the synthetic buyers.

11. Defendants created false escrow companies to make it appear as though the loan proceeds were wired into legitimate accounts. Defendants, however, would funnel the fraudulently obtained funds through shell companies and banking accounts owned by synthetic persons to perpetrate their fraud scheme against Prospective Intervenors.

12. Defendants created fraudulent identification cards and driver's licenses in the names of the synthetic identities in order to perpetrate their fraudulent activities.

13. Defendants utilized all of the aforementioned tactics to induce Novastar into making a six hundred thirty-seven-thousand-dollar ($637,000) loan to a synthetic person for the purchase of real property located at 4628, 4628 ½ and 4630 Kingswell Avenue, Los Angeles, California ("Kingswell Property").

14. Defendants utilized the same plan or scheme to induce WFG into issuing title insurance on four separate properties over a span of 15 years: the Kingswell Property; 4836 Calhoun Ave., Sherman Oaks, CA 91423; 2018 North Catalina St., Los Angeles, CA 90027; and 4050 Camino De La Cumbre, Sherman Oaks, CA 91423, resulting in $2,169,221.00 in damages.

15. Novastar's case is set for bench trial on May 17, 2022 and WFG's case is set for trial on July 25, 2022.

16. Prospective Intervenors, like the Federal Government and United States Taxpayers, are victims of the same elaborate criminal fraud scheme perpetrated by the Criminal Defendants. As such, both the criminal action and civil actions share common questions of law and fact.

17. If this court were to grant Prospective Intervenors' request to unseal trial exhibits and the exhibits submitted with the Government's Oppositions to Defendants' Motions to Suppress the Evidence obtained at Premises-1 and Premises-4 (Docket nos. 188 and 207), Prospective Intervenors would adhere to this Court's protective order and all documents currently under seal in this matter used in the civil actions would be submitted under seal to the Superior Court of California. Prospective Intervenors would ensure the privacy interests of third parties and Defendant's would remain protected.

18. Exhibit A is a true and correct copy of Novastar's cross-complaint filed on April 3, 2022 in the Superior Court of California, County of Los Angeles – Stanley Mosk Courthouse, case number BC597238.

19. Exhibit B is a true and correct copy of WFG's Second Amended Complaint filed on February 11, 2021 in the Superior Court of California, County of Los Angeles – Stanley Mosk Courthouse, case number BC640157.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed on April 28, 2022, at Lake Forest, California.

LORI C. HERSHORIN

-4-
DECLARATION OF LORI HERSHORIN, ESQ.