FILED

1  LORI C. HERSHORIN (SBN 155977)
   **HERSHORIN & HENRY, LLP**
2  26475 Rancho Parkway South
   Lake Forest, California 92630
3  949-859-5600
   Email: Lorih@hhlawgroup.com
4

2022 APR 29  PM 2:49

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

BY_____

5  Attorney for Prospective Intervenors,
   WFG TITLE INSURANCE COMPANY,
6  A South Carolina Corporation and NOVASTAR, LLC

7

8                **UNITED STATES DISTRICT COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
9                      **WESTERN DIVISION**

10  UNITED STATES OF AMERICA          CASE NO.: 2:20-CR-00579-SVW

11                Plaintiff,
                                      **WFG TITLE INSURANCE COMPANY**
12  v.                                **AND NOVASTAR LLC'S JOINT *EX PARTE***
                                      **APPLICATION FOR ORDER**
13                                    **SHORTENING TIME ON MOTION TO**
    RICHARD AYVAZYAN,                 **INTERVENE FOR LIMITED PURPOSE OF**
14     aka "Richard Avazian" and      **ACCESSING JUDICIAL RECORDS;**
       "Iuliia Zhadko,"               **MEMORANDUM OF POINTS AND**
15  MARIETTA TERABELIAN,              **AUTHORITIES; AND DECLARATION OF**
       aka "Marietta Abelian" and     **LORI C. HERSHORIN IN SUPPORT OF *EX***
16     "Viktoria Kauichko,"           ***PARTE***
17  ARTUR AYVAZYAN,
       aka "Arthur Ayvazyan,"         Concurrently filed herewith:
18  TAMARA DADYAN,                        (1) Notice of Motion and Motion to
    MANUK GRIGORYAN,                          Intervene for Limited Purpose of
19     aka "Mike Grigoryan," and              Accessing Judicial Records
       "Anton Kudiumov,"                  (2) Declaration of Lori C. Hershorin in
20  ARMAN HAYRAPETYAN,                         Support of Motion to Intervene and
    EDVARD PARONYAN.                           Access Records
21     aka "Edvard Paronian" and
       "Edward Paronyan," and         DATE:
22  VAHE DADYAN,                       TIME:
23                                    JUDGE: Hon. Stephen V. Wilson
                  Defendants.         COURTROOM: 10A
24                                    LOCATION:  350 W. 1ST St.
                                                 Los Angeles, CA 90012
25

26

27

28

                                   -1-
        WFG AND NOVASTAR'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Criminal Rule 51-7 and Local Civil Rule 7-19, Prospective Intervenors, WFG National Title Insurance Company, a South Carolina corporation ("WFG") and Novastar, LLC ("Novastar") (collectively "Prospective Intervenors") hereby apply to the Court *ex parte* for expedited consideration of Prospective Intervenors' accompanying Joint Motion to Intervene for the Limited Purpose of Accessing Judicial Records ("Joint Motion"), before the Honorable Stephen V. Wilson in the United States District Court for the Central District of California, Western Division of the First Street Courthouse, located of 350 E. First St, Los Angeles, CA 90012, and files for an order:

1.     Permitting WFG and Novastar to make their Joint Motion on shortened time to ensure that WFG and Novastar have complete and timely access to the records they seek and can timely assemble the requested documents for use in their upcoming civil trials.

***Ex Parte* applications are not set for hearing. Opposing papers must be filed by the responding party not later than 3:00 pm on the first business day succeeding the day this *ex parte* was served. If counsel is not going to oppose this *ex parte* application, they must inform the clerk at 213-894-2881. Counsel will be notified of the Court's ruling.**

This joint *ex parte* application is made on the grounds that exigent circumstances exist because Prospective Intervenors will be irreparably harmed and unduly prejudiced if their Joint Motion is not heard on shortened time since the trials in the civil matters are set to commence on May 17, 2022 and July 25, 2022. Timely access to the sealed records in this case is essential to Prospective Intervenors' Civil Cases against the Criminal Defendants and their co-conspirators.

This Ex Parte application is based upon Local Criminal Rule 51-7, Local Civil Rule 7-19; the attached Memorandum of Points and Authorities; the concurrently filed Prospective Intervenors' Joint Notice of Motion and Motion to Intervene for the Limited Purpose of Accessing Judicial Records and

1  Declaration of Lori C. Hershorin; and any other evidence and argument as the Court may entertain.

2  DATED: April 28, 2022                          **HERSHORIN & HENRY, LLP**

3

4                                                  By: _____

5

6                                                  LORI C. HERSHORIN
                                                   Attorney for Prospective Intervenors
7                                                  WFG TITLE INSURANCE COMPANY and
                                                   NOVASTAR, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

1

**MEMORANDUM AND POINTS OF AUTHORITIES**

2

**I.      INTRODUCTION**

3

WFG National Title Insurance Company, a South Carolina corporation ("WFG") and
4
Novastar, LLC ("Novastar") (collectively "Prospective Intervenors") apply to this Court *ex parte* for
5
an order shortening time on their Joint Motion to Intervene for the Limited Purpose of Accessing
6
Judicial Records based upon their exigent circumstances of the trial dates of May 17, 2022 and July
7
25, 2022 for their parallel civil matters. This Court's record contains vital evidence to support
8
Prospective Intervenors' civil actions against Tamara Dadyan, Arthur Ayvazyan ("collectively
9
Criminal Defendants"), and their co-conspirators – evidence that Prospective Intervenors cannot
10
obtain prior to their civil trials if the underlying motion were heard with regularly noticed motion
11
procedures. Prospective Intervenors were unaware that this Court's trial exhibits, and pre-hearing trial
12
documents were ordered sealed until recently when the Prospective Intervenors attempted to obtain
13
the records from the docket and were unable to do so.  A recent nationally televised broadcast relating
14
to the Criminal Defendants' PPP Loan Fraud Scheme and evidence produced at the criminal trial
15
16
triggered the search and discovery of these sealed records.
17

In addition, Prospective Intervenors have a high likelihood of success on the merits of their
18
Joint Motion to Intervene for the Limited Purpose of Accessing Judicial Records because they are
19
20
members of the public who serve an important public function, the sealed documents could be
21
produced with a confidentiality order as the documents only will be used at the Civil Trials in this
22
matter, and those opposing disclosure cannot prove there are no alternatives to a complete seal that
23
would protect the privacy of third parties and defendants.  Prospective Intervenors do not know the
24
25
exact reason each document is sealed because the Government's Applications for Sealing Orders and
26
the respective orders are "sealed", if social security numbers or personal information is the issue, a
27
redaction of the information could be performed, and the sealed documents produced for purposes of
28

-4-

1   the civil trials.

2       Thus, Prospective Intervenors respectfully request this Court grant their *ex parte* application

3   for an order shortening time and to specially set the hearing on the underlying Motion to Intervene for

4   the Limited Purpose of Accessing Judicial Records.

5   **II.     BRIEF FACTUAL BACKGROUND**

6

7       Prospective Intervenors are victims of an elaborate criminal fraud scheme wherein Criminal

8   Defendants, WFG Defendants, and Novastar Defendants (collectively "Defendants") knowingly

9   participated in a racketeering enterprise whereby they created synthetic identities, falsified real

10  property and banking information, and forged multitudes of documents to induce Prospective

11  Intervenors to issue loans and title insurance policies to the Criminal Defendant's criminal enterprise.

12  Decl. of Lori C. Hershorin, filed herewith, ¶¶ 2, 3, 14 ("Hershorin Dec."). Utilizing this fraudulent

13  scheme, Defendants induced Novastar to make a $637,000 loan to their criminal enterprise for the

14  purchase of real property. *Id.* at ¶ 7. Defendants also induced WFG to issue title insurance policies

15  for four separate properties, whereby WFG was required to indemnify the lenders resulting in

16  $2,169,221.00 in damages. *Id.* at ¶ 4.

17      On November 8, 2016, WFG commenced litigation against Criminal Defendants and their co-

18  conspirators in the California Superior Court for the County of Los Angeles, case number BC640157.

19  *Id.* In April 2017, the California Superior Court for the County of Los Angeles granted Novastar

20  leave to file a cross-complaint against Novastar Defendants, case number BC597238.   *Id.* at ¶ 7.

21  Throughout litigation, Prospective Intervenors have diligently conducted discovery; however,

22  Defendants have either refused to respond to discovery requests or have been evasive in their

23  responses, in violation of the discovery statutes. *Id.* at ¶¶ 5, 6, 8, 9. Even though Novastar's matter is

24  set for bench trial on May 17, 2022 and WFG's matter is set for trial on July 25, 2022, Defendants

25  continue to be evasive and uncooperative. *Id.* at ¶¶ 5, 6, 8-10.

26      On March 29, 2022, Prospective Intervenors' counsel watched a clip from an NBC special

27  documenting Criminal Defendant's PPP loan fraud scheme, which broadcast to a national audience

28  images of Prospective Intervenors' defendants and photographs of identification cards in the name of

-5-

1   WFG and Novastar Defendants and/or their known aliases, such as Karapet Emboyan. *Id.* at ¶ 11.

2   Prior to viewing this clip Prospective Intervenors did not know the federal criminal matter related

3   directly to Prospective Intervenors' civil cases. *Id.* at ¶ 12. Between March 30, 2022 and April 7,

4   2022, Prospective Intervenors' counsel conducted a thorough search of this matter's docket and

5   discovered all evidence in support of Prospective Intervenors' claims against Defendants was sealed.

6   *Id.* at ¶ 13. Moreover, Prospective Intervenors discovered that much of the evidence and information

7   submitted under seal was requested during the discovery process, Defendants either failed to produce

8   the requested documents or denied the existence thereof. *Id.* at ¶ 14.

9         Despite diligently trying to acquire the documents and information submitted to this Court

10   under seal, Prospective Intervenors were unsuccessful, largely due to the lack of cooperation of

11   Defendants. *Id.* at ¶¶ 5, 6, 8, 9, 14. Because there is no other way of obtaining the information and

12   documents submitted to this Court under seal prior to their respective trials, Prospective Intervenors

13   move this court for an ex parte order to hear Prospective Intervenors' Joint Motion to Intervene for

14   the Limited Purpose of Accessing Judicial Records ("Joint Motion") on shortened time. *Id.* at ¶ 15. If

15   Prospective Intervenors' Joint Motion were heard on regular notice motioned procedures, vital

16   evidence would not be available in time for their respective trials. *Id.* at ¶ 16.

17   **III.   LEGAL ARGUMENT**

18         An ex parte application to shorten time is appropriate upon a showing that the moving party's

19   "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed

20   motion procedures . . . [and] the moving party is without fault in creating the crisis that requires ex

21   parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering*

22   *Co. v. Continental Cas. Co.,* 883 F.Supp. 488, 492 (C.D, Cal. 1995). In addition, timely access to

23   judicial records is essential to effectuating the First Amendment and common law rights of access. *See*

24   *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded*

25   *by Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009) on other grounds.  Thus, this ex parte application

26   should be granted.

27

28

**A. PROSPECTIVE INTERVENORS WILL BE IRREPARABLY PREJUDICED IF THE UNDERLYING MOTION IS HEARD ACCORDING TO REGULARLY NOTICED MOTION PROCEDURES.**

The threat of prejudice is determined based upon a sliding scale. *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985). When the irreparable harm would not be severe, the underlying motion must have a high likelihood of success on the merits. *Mission Power Engineering Co.*, 883 F.Supp. at 492; *see also Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020). Conversely, a meek showing of likelihood of success is offset by a strong showing of irreparable injury. *Al Otro Lado*, 952 F.3d at 1010. "[T]he degree of irreparable harm increases as the probability of success decreases." *Oakland Tribune, Inc.*, 762 F.2d at 1376.

    1. **Prospective Intervenors will be irreparably harmed if the underlying motion is not heard on shortened time because the next available regularly noticed motion date, June 6, 2022, occurs after Novastar's scheduled trial and provides WFG with insufficient time to prepare for its scheduled trial.**

Prospective Intervenors are requesting access to the sealed judicial records in Criminal Defendants' case on an ex parte basis because Prospective Intervenors believe the sealed judicial records contain vital evidence to support their claims against Defendants at trial and without the Court's permission to access those documents before their respective trials, Prospective Intervenors may lack sufficient evidence to prove their claims, even though such evidence is in existence. Hershorin Dec. at ¶¶ 13, 16. If Prospective Intervenors' Joint Motion were to be heard on regular twenty-eight (28) day noticed motion procedure, the soonest possible hearing date would not occur until June 6, 2022. *Id.* at 16. This means vital evidence would be completely unavailable for use by Novastar in its May 17, 2022 trial. Furthermore, although the requested documents could possibly be available to WFG prior its July 25, 2022 trial if the underlying motion were heard on regular notice, WFG would not have sufficient time to review the documents prior to trial because WFG's claims against Defendants, although similar to Novastar's claims, are more factually complex and numerous. See, Exhibits A and B of concurrently filed Joint Motion.

As discussed below, Prospective Intervenors have worked diligently throughout litigation to acquire sufficient evidence to support their claims against Defendants; however, Defendants have not

-7-

been forthcoming in their discovery responses, or they have completely failed to respond to Prospective Intervenors' discovery requests. Hershorin Dec. at ¶¶ 5, 6, 8, 9, 14. Defendants are the only parties who would benefit from a denial of Prospective Intervenors' ex parte motion because vital evidence of which Defendants are aware would remain unavailable for use by Prospective Intervenors at their civil trials. The unavailability of the evidence contained in this Court's record increases Defendants' likelihood of avoiding a monetary judgment against them for their fraudulent actions.

Thus, because Prospective Intervenors would be irreparably harmed if their Joint Motion was heard under regular notice procedures, this Court should grant their Application for an Order Shortening Time.

### 2. **Prospective intervenors have a strong likelihood of success on the merits of their Joint Motion.**

Prospective Intervenors' underlying motion demonstrates Prospective Intervenors have a First Amendment and common law right to access the exhibits filed under seal in this Court because Prospective Intervenors seek access to trial exhibits and exhibits attached to dispositive motions, which are documents that have been traditionally left open to the public." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986) ("Press-Enterprise II"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Moreover, opponents to disclosure will not be able to rebut Prospective Intervenors' right to access under either the First Amendment or common law exceptions to disclosure.

### a. **Prospective Intervenors have a First Amendment right to access, which opponents to disclosure cannot rebut.**

When determining whether the First Amendment right of access attaches, courts utilize the "experience and logic test" to consider (a) "whether the place and process have historically been open to the press and general public" and (b) whether the right of access plays a "significant positive role in

-8-

the functioning of the particular process in question." *Press-Enterprise II*, 478 U.S. at 13-14. Once the party seeking disclosure has met its burden, the burden shifts to the party seeking nondisclosure to prove "(1) closure served a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers v. United States Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998).

### 1. The "experience and logic test" favors disclosure.

Trial exhibits and pretrial documents filed with the court are documents traditionally left open to the public. *See Foltz*, 331 F.3d at 1135. Such documents and their included exhibits are not protected by a pre-discovery protective order because once the documents are included in a dispositive motion, they are no longer "raw fruits of discovery." *Id.* at 1136. Further, even where there is a lack of tradition of access, the public may access sealed records when, in "light of current values and conditions," the First Amendment deems disclosure proper. *United States v. Brooklier*, 685 F.2d 1162, 1170 (9th Cir. 1982).

Prospective Intervenors seek to unseal all trial exhibits and the exhibits submitted with the Government's Opposition to Defendants' Motion to Suppress evidence seized at Premises-1 and Premises-4 (Docket nos. 188 and 207), which are all documents that have been traditionally left open to the public. Hershorin Dec. at ¶ 19. Because the sought-after exhibits were either admitted into evidence at trial or attached to dispositive motions, law favors disclosure.

In addition, logic favors disclosure of the documents because Prospective Intervenors are victims of Defendants who seek to redress their injuries in civil court. *Id.* at ¶¶ 3, 4. 7. Our society has a strong interest seeing that the American judicial system is a fair adversary system where one party does not gain an unfair advantage over another party because certain dispositive evidence is held hostage by another court. Moreover, the public has a strong interest in seeing that Prospective

Intervenors are able to produce as much relevant evidence as possible against Defendants because the activities of fraudsters like Defendants have a direct impact on the public's future acquisition of home loans and title insurance policies. *Id.* at ¶ 17. When lenders and insurance agencies cannot recuperate their funds or obtain judgments in court, their risk increases – the price of this increased risk is unfortunately is passed onto future home buyers – an increase Prospective Intervenors hope to avoid. *Id.*

Because Prospective Intervenors can prove they have a qualified First Amendment right to access the sealed judicial records on file in this action, the burden shifts to those opposing disclosure to prove otherwise. However, as discussed below, objectors will not be able to prove a seal is the only alternative to protect the privacy of Defendants and third parties.

**2.  There are ample alternatives to closure that will protect the privacy interests of Defendants and third parties.**

Prospective Intervenors recognize that those seeking to maintain nondisclosure have a compelling interest of protecting the disclosure of the identities of third parties and to protect bank records of Defendants from public disclosure. *Id.* at ¶ 18. However, those seeking to maintain the seal will not be able to prove there is not an alternative to a complete seal that would protect the privacy interests of Defendants and third parties.

Prospective Intervenors agree to adhere to this Court's Protective Order and further agree to submit under seal to the Superior Court of California the documents obtained from this Court's records, which will maintain the privacy of third parties and Defendants. *Id.*

Because the documents to which Prospective Intervenors seek to gain access are traditionally left open to the public and those opposing disclosure cannot prove there are no alternatives to protect privacy interests, the First Amendment favors disclosure. As such, Prospective Intervenors' likelihood of success on the merits of the underlying motion pursuant to the First Amendment are high.

**b. Prospective Intervenors have a common law right to access, which opponents to disclosure cannot rebut.**

To assert the common law right to access, a party need only make a threshold of showing of a legitimate need for disclosure. *United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998). Once the party seeking disclosure has met its burden, the burden shifts to those seeking to prevent disclosure to prove a "legitimate reason for preserving . . . secrecy," *id.* at 1583, that would outweigh the public's "overriding concern with preserving the integrity of the law enforcement and judicial processes," *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

Prospective Intervenors, as members of the public, have a legitimate interest in accessing the sealed records because the sealed records would provide valuable evidence in their civil cases against Criminal Defendants – evidence that cannot otherwise be obtained prior to Prospective Intervenors' trial. Hershorin Dec. at ¶¶ 13, 15. Prospective Intervenors have diligently tried to acquire the sealed documents and information contained therein by other means, but Defendants have either failed to respond to Prospective Intervenors' discovery requests or claimed the documents and information was unavailable to them. *Id.* at ¶¶ 5, 6, 8, 9, 14.

Those seeking nondisclosure will suggest the records should remain sealed to Prospective Intervenors because the sealed records contain personal bank information and potential identifying information of third parties, which is a legitimate reason for preserving secrecy. *Id.* at ¶ 18. However, under these circumstances, it does not outweigh the public's "overriding concern with preserving the integrity of the law enforcement process" because Prospective Intervenors agree to maintain the privacy of third parties and Defendants by adhering to this Court's protective order and by submitting documents obtained from this Court to the civil court under seal. *Id.*

Thus, the common law favors disclosure and Prospective Intervenors likelihood of success on the merits is high.

**B. PROSPECTIVE INTERVENORS DID NOT CREATE THE CRISES THAT GAVE RISE TO THE NEED TO HAVE THEIR UNDERLYING MOTION HEARD ON SHORTENED TIME.**

To show a moving party is without fault requires the moving party to explain the necessity for bypassing regular motion procedures. *Mission Power Engineering Co.*, 883 F.Supp. at 493. For example, it is not sufficient to show that trial is fast approaching to issue an order shortening time to compel a party to respond to discovery requests – the movant must also show it used the entire discovery period efficiently. *Id.*

For over four years, Prospective Intervenors have diligently conducted their discovery through depositions, requests for admissions, form interrogatories, and requests for production of documents. *Id.* at ¶¶ 5, 6, 8, 9. Even though Prospective Intervenors written discovery requests began in 2017, Prospective Intervenors continue to grant Defendants the opportunity to respond to discovery requests; however, Defendants continue to ignore further requests. *Id.* Prospective Intervenors believe in good faith that Criminal Defendants will not respond to their additional discovery requests or produce the requested information. *Id.* at ¶ 20.

On March 29, 2022, Prospective Intervenors' counsel watched a clip from an NBC special that documented the Criminal Defendants' PPP loan scheme. *Id.* at ¶ 11. In that special, NBC broadcasted photos to a national audience of Novastar and WFG Defendants. *Id.* NBC further broadcast to a national audience copies of identification cards belonging to Defendants believed to be "synthetic" persons named in both WFG and Novastar's civil cases. *Id.* Prior to viewing the clip, Prospective Intervenors were not aware that the sealed Exhibits contained in this Court's records directly related to WFG and Novastar's civil cases or that the instruments of the fraud used in the criminal case were the same as the civil case, i.e. the false identification of the borrower, Karapet Emboyan. *Id.* at ¶¶ 11, 12.

Prospective Intervenors' counsel then conducted a comprehensive search of this Court's docket and

discovered that all evidence in support of WFG and Novastar's claims against Defendants was sealed. *Id.* at ¶ 13. Many of the Exhibits placed under seal include items WFG and Novastar requested during their respective discovery periods, and prove Defendants failed to produce the requested documents or failed to respond to interrogatories and requests for admissions truthfully. *Id.* at ¶ 14. In addition, many of the Exhibits placed under seal prove Defendants conducted the fraudulent activities giving rise to WFG and Novastar's damages and prove Defendants utilized the same plan or scheme in the perpetration of the PPP loan fraud as they did in the real estate transaction fraud. *Id.*

Because Prospective Intervenors have diligently tried to acquire the requested documents prior to their respective trial dates and because Prospective Intervenors did not become aware of the nature of the sealed exhibits on file with this Court until March 30, 2022, Prospective Intervenors did not contribute in any way to their need to have the underlying motion heard on shortened time.

## IV. PROSPECTIVE INTERVENORS HAVE ADHERED TO THE NOTICE REQUIREMENTS OF LOCAL RULES 7-19 and 7-19.1.

An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party...." C.D. Cal. R. 7-19.

> "It shall be the duty of the attorney so applying (a to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

L.R. 7-19.1. Pursuant to Local Civil Rule 7-19, the names, addresses, telephone numbers, and email addresses of the opposing parties are as follow:

| | |
|---|---|
| Ashwin J Ram<br>Steptoe and Johnson LLP<br>633 West 5th Street Suite 1900<br>Los Angeles, CA 90071<br>213-439-9443<br>Email: aram@steptoe.com | Ethan Atticus Balogh<br>Balogh and Co. APC<br>100 Pine Street Suite 1250<br>San Francisco, CA 94111<br>415-391-0440<br>Email: eab@balcolaw.com |

-13-

| | |
|---|---|
| Meghan Newcomer<br>Steptoe and Johnson LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>212-506-3900<br>Email: mnewcomer@steptoe.com | David D. Diamond<br>Law Offices of David D diamond<br>3500 West Olive Avenue, Suite 300<br>Burbank, CA 91505<br>213-250-9100<br>Email: diamond@dba-law.com |
| Nicholas P. Silverman<br>Steptoe and Johnson LLP<br>1330 Connectiut Avenue NW<br>Washington, DC 20036<br>202-429-8096<br>Email: nsilverman@steptoe.com | John Lewis Littrell<br>Bienert Katzman Littrell Williams LLP<br>903 Calle Amanecer, Suite 350<br>San Clemente, CA 92673<br>949-369-3700<br>Email: jlittrell@bklwlaw.com |
| Kathryn A. Young<br>Federal Public Defenders Office<br>321 East 2nd Street<br>Los Angeles, CA 90012-4202<br>213-894-2863<br>Email: Kathryn_Young@fd.org | Ryan Vaughan Fraser<br>Bienert Katzman Littrell Williams LLP<br>601 West 5th Street, Suite 720<br>Los Angeles, CA 90071<br>213-528-3400<br>Email: rfraser@bklwlaw.com |
| Jennifer J. Wirsching<br>Attorney at Law<br>1935 Alpha Road, Suite 216<br>Glendale, CA 91208<br>424-901-9280<br>Email: Wirschinglaw@outlook.com | Jerry Kaplan<br>Kaplan Kenegos and Kadin<br>9150 Wilshire Boulevard Suite 175<br>Beverly Hills, CA 90212<br>310-859-7700<br>Email: office@3klaw.com |
| Tarik S Adlai<br>Law Offices of Tarik S Adlai<br>65 North Raymond Avenue Suite 320<br>Pasadena, CA 91103<br>626-578-7294<br>Email: tadlai@adlailaw.com | John Hanusz<br>Hanusz Law, PC<br>800 Wilshire Boulevard, Suite 1050<br>Los Angeles, CA 90017<br>213-204-4200<br>Email: john@hanuszlaw.com |
| Thomas A. Mesereau, Jr.<br>Mesereau Law Group<br>10100 Santa Monica Boulevard Suite 300<br>Los Angeles, CA 90067<br>310-651-9960<br>Email: mesereau@mesereaulaw.com | George G. Mgdesyan<br>Mgdesyan Law Firm<br>4529 Sherman Oaks Avenue<br>Sherman Oaks, CA 91403<br>818-386-6777<br>Email: george@mgdesyanlaw.com |
| Jilbert Tahmazian<br>Tahmazian Law Firm PC<br>1518 West Glenoaks Boulevard<br>Glendale, CA 91201<br>818-242-8201<br>Email: jilbert@jilbertlaw.com | Michael Gregory Freedman<br>The Freedman Firm<br>800 Wilshire Boulevard Suite 1050<br>Los Angeles, CA 90017<br>213-816-1700<br>Email: michael@thefreedmanfirm.com |

WFG AND NOVASTAR'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME

Peter Johnson
Law Office of Peter Johnson
409 North Pacific Coast Highway Suite 651
Redondo Beach, CA 90277
310-295-1785
Email: peter@peterjohnsonlaw.com
Hyun Wook Shin
Sheppard Mullin
333 South Hope Street Floor 43
Los Angeles, CA 90012
310-905-4006
Email: shinh2018@lawnet.ucla.edu

Bennett Preston Starnes
US Department of Justice
Criminal Division, Fraud Section
1400 NY Avenue Suite 441
Washington, DC 20005
202-257-0782
Email: bennett.starnes@usdoj.gov
Brian R. Faerstein
AUSA - Office of US Attorney
Environmental and Community Safety Crimes Section
312 North Spring Street Suite 1200
Los Angeles, CA 90012
213-894-2400
Email: brian.faerstein@usdoj.gov

Christopher Fenton
US Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
202-320-0539
Email: christopher.fenton@usdoj.gov

Scott Paetty
AUSA - Office of the US Attorney
General Crimes Section
312 North Spring Street 12th Floor
Los Angeles, CA 90012
213-894-6527
Email: Scott.Paetty@usdoj.gov

Verna Wefald
Law Offices of Verna Wefald
65 North Raymond Avenue Suite 320
Pasadena, CA 91103
626-577-2658
Email: verna@vernawefald.com
Richard J Reynolds
Burke Williams and Sorensen LLP
1851 East First Street Suite 1550
Santa Ana, CA 92705-4067
949-863-3363
Email: rreynolds@bwslaw.com

Brent A. Whittlesey
AUSA - Office of US Attorney
Asset Forteiture Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
213-894-5421
Email: brent.whittlesey@usdoj.gov
Catherine Sun Ahn
AUSA - Office of US Attorney
Organized Crime Drug Enforcement Task Force Section
312 North Spring Street Suite 1400
Los Angeles, CA 90012
213-894-2424
Email: catherine.s.ahn@usdoj.gov

Daniel G. Boyle
AUSA - Office of US Attorney
General Crimes Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
213-894-2426
Email: daniel.boyle2@usdoj.gov

A Declaration of Notice of Application pursuant to Local Civil Rule 7-19.1 is attached hereto

-15-

1    as Exhibit 1.

2    DATED: April 28, 2022                    **HERSHORIN & HENRY, LLP**

3

4                                              By:

5

6                                              LORI C. HERSHORIN
                                               Attorney for Prospective Intervenors
7                                              WFG TITLE INSURANCE COMPANY and
                                               NOVASTAR, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

United States v. Richard Ayvazyan, et al.
United States District Court, Central District of California
Case No: 2:20-cv-00579-SVW

### <u>Declaration of Notice Pursuant to Local Rule 7-19.1</u>

STATE OF CALIFORNIA   )
                           )    ss.
COUNTY OF ORANGE     )

    I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 26475 Rancho Parkway South, Lake Forest, California 92630.

    On **April 28, 2022**, I served the foregoing document(s) described as

    1.  **WFG TITLE INSURANCE COMPANY AND NOVASTAR LLC'S JOINT *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO INTERVENE FOR LIMITED PURPOSE OF ACCESSING JUDICIAL RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF LORI C. HERSHORIN IN SUPPORT OF EX PARTE; PROPOSED ORDER**
    2.  **WFG TITLE INSURANCE COMPANY AND NOVASTAR LLC'S JOINT MOTION TO INTERVENE FOR LIMITED PURPOSE OF ACCESSING JUDICIAL RECORDS; DECLARATION OF LORI C. HERSHORIN IN SUPPORT OF WFG TITLE INSURANCE COMPANY AND NOVASTAR LLC'S JOINT NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF ACCESSING JUDICIAL RECORDS**

### <u>METHOD OF NOTIFICATION</u>

**[X]**    **BY ELECTRONIC MAIL:** On **April 28, 2022**, I notified opposing parties by personally transmitting to the following named person(s) via electronic mail, to the e-mail addresses as shown on the service list, on the date and time listed below, originating from Hershorin & Henry, LLP's electronic mail address, pursuant to the Local Civil Rule 7-19. A true copy of the above-described document(s) was transmitted by electronic transmission through Hershorin & Henry, LLP's mail server.

    Within the body of the email, I further advised opposing parties that Ex Parte applications are not set for hearing. Opposing papers must be filed by the responding party not later than 3:00 pm on the first business day succeeding the day this ex parte was served. If counsel is not going to oppose this ex parte application, they must inform the clerk at 213-894-2881. Counsel will be notified of the Court's ruling. I further requested a response indicating whether counsel would oppose the ex parte application.

| Attorneys for Richard Ayvazyan | Attorneys for Arthur Ayvazyan |
|---|---|
| Ashwin J. Ram, Esq.: aram@steptoe.com<br>Meghan Newcomer, Esq.:<br>mnewcomer@steptoe.com | Kathryn A. Young, Esq.:<br>Kathryn_Young@fd.org<br>David D. Diamond, Esq.: diamond@dba-law.com |

-1-

DECLARATION OF SERVICE

| | |
|---|---|
| Nicholas P. Silverman, Esq.:<br>nsilverman@steptoe.com<br><br>**Attorneys for Marietta Terabelian**<br>Ethan Atticus Balogh, Esq.:<br>eab@balcolaw.com<br>David D. Diamond, Esq.: diamond@dba-<br>law.com<br>John Lewis Littrell, Esq.:<br>jlittrell@bklwlaw.com<br>Ryan Vaughan Fraser, Esq.:<br>rfraser@bklwlaw.com<br><br>**Attorneys for Tamara Dadyan**<br>Jerry Kaplan, Esq.: office@3klaw.com<br>David D. Diamond, Esq.: diamond@dba-<br>law.com<br><br>**Attorneys for Vahe Dadyan**<br>Peter Johnson, Esq.:<br>peter@peterjohnsonlaw.com<br>Verna Wefald, Esq.: verna@vernawefald.com<br><br>**Attorneys for Plaintiff, USA**<br>Bennett Preston Starnes, esq.:<br>bennett.starnes@usdoj.gov<br>Brent A. Whittlesey, esq.:<br>brent.whittlesey@usdoj.gov<br>Brian R. Faerstein, esq.:<br>brian.faerstein@usdoj.gov<br>Catherine Sun Ahn, esq.:<br>catherine.s.ahn@usdoj.gov<br>Christopher Fenton, esq.:<br>christopher.fenton@usdoj.gov<br>Daniel G. Boyle, esq.:<br>daniel.boyle2@usdoj.gov<br>Scott Paetty, Esq.: Scott.Paetty@usdoj.gov | Jennifer J. Wirsching, Esq.:<br>Wirschinglaw@outlook.com<br>Tarik S Adlai, Esq.: tadlai@adlailaw.com<br>Thomas A. Mesereau, Jr.:<br>mesereau@mesereaulaw.com<br><br>**Attorneys for Manuk Gregoryan**<br>John Hanusz, Esq.: john@hanuszlaw.com<br>George G. Mgdesyan, Esq.:<br>george@mgdesyanlaw.com<br><br>**Attorneys for Arman Hayrapetyan**<br>Jilbert Tahmazian, Esq.: jilbert@jilbertlaw.com<br><br>**Attorneys for Edvard Paronyan**<br>Michael Gregory Freedman, Esq.:<br>michael@thefreedmanfirm.com<br><br>**Attorney for Claimant, Nationstar Mortgage<br>LLC dba Mr Cooper**<br>Hyun Wook Shin: shinh2018@lawnet.ucla.edu<br><br>**Attorney for Claimants, Private Money<br>Solutions and Gregory Shirin**<br>Richard J Reynolds: rreynolds@bwslaw.com |

**[X]     DECLARATION OF TELEPHONIC NOTICE:** I called the following attorneys of record to verbally provide ex parte notice pursuant to Local Civil Rule 7-19.1.

**Attorneys for Richard Ayvazyan**

Ashwin J. Ram, Esq.:

On April 27, 2022 at 4:45 pm, I called Ashwin J. Ram, Esq. at 213-439-9443 to provide ex parte notice pursuant to Local Civil Rule 7-19.1. I gave him the case number and explained the substance of the ex parte motion. Mr. Ram informed me that he no longer represents Richard Ayvazyan and as such, he will not be opposing the motion.

Meghan Newcomer, Esq.:

On April 28, 2022 at 7:31 am PST/10:31 am EST, I called Meghan Newcomer, Esq. at 212-

506-3900. I left a detailed message on Ms. Newcomer's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:18 am PST/ 2:18 pm EST, I called Meghan Newcomer, Esq. at 212-506-3900. I left a second voicemail on Ms. Newcomer's personal voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether Ms. Newcomer intended on opposing the motion.

Nicholas P. Silverman, Esq.:

On April 28, 2022 at 7:34 am PST/10:34 am EST, I called Nicholas P. Silverman, Esq. at 202-429-8096. I left a detailed message on Mr. Silverman's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:20 am PST/ 2:208 pm EST, I called Nicholas P. Silverman, Esq. at 202-429-8096. Mr. Silverman confirmed he received my previous message. I further informed him that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881.

Mr. Silverman indicated he will let Hershorin and Henry know whether he will oppose the motion once he receives a copy of the Ex Parte and the underlying motion.

**Attorneys for Marietta Terabelian**

Ethan Atticus Balogh, Esq.:

On April 27, 2022 at 4:50 pm, I called Ethan Atticus Balogh, Esq. at 415-391-0440. I left a detailed message on Mr. Balogh's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel

-3-
DECLARATION OF SERVICE

of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:23 am, I called Ethan Atticus Balogh, Esq. at 415-391-0440. I left a second voicemail on Mr. Balogh's personal voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

David D. Diamond, Esq.:

On April 27, 2022 at 4:53 pm, I called David D. Diamond, Esq. at 213-250-9100. I left a detailed message on Mr. Diamond's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:27 am, I called David D. Diamond, Esq. at 213-250-9100. Mr. Diamond confirmed he received my previous message. I further informed him that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. Mr. Diamond indicated he will not file an opposition

John Lewis Littrell, Esq.:

On April 27, 2022 at 4:55 pm, I called John Lewis Littrell, Esq. at 949-369-3700 to provide ex parte notice pursuant to Local Civil Rule 7-19.1. I gave him the case number and explained the substance of the ex parte motion. Mr. Littrell informed me that he no longer represents Marietta Terabelian and his withdrawal from representation was granted as such, he will not be opposing the motion.

Ryan Vaughan Fraser, Esq.:

On April 28, 2022 at 8:35 am, I called Ryan Vaughan Fraser, Esq. at 213-528-3400. I spoke to his assistant, Luis Campos. I informed Mr. Campos that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave Mr. Campos the case name, number, and courthouse location. I informed Mr. Campos of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022.

-4-

DECLARATION OF SERVICE

I further informed Mr. Campos that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel. Mr. Campos informed me he would relay the information to Mr. Fraser. There was no indication whether counsel will oppose the motion.

**Attorneys for Arthur Ayvazyan**

Kathryn A. Young, Esq.:

On April 28, 2022 at 8:05 am, I called Kathryn A. Young, Esq. at 213-894-2863. I left a detailed message on Ms. Young's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:34 am, I called Kathryn A. Young, Esq. at 213-894-2863. I left a second voicemail on Ms. Young's personal voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

David D. Diamond, Esq.:

On April 27, 2022 at 4:53 pm, I called David D. Diamond, Esq. at 213-250-9100. I left a detailed message on Mr. Diamond's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:27 am, I called David D. Diamond, Esq. at 213-250-9100. Mr. Diamond confirmed he received my previous message. I further informed him that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881.

Mr. Diamond indicated he will not file an opposition

Jennifer J. Wirsching, Esq.:

On April 28, 2022 at 8:07 am, I called Jennifer J. Wirsching, Esq. at 424-901-9280. I left a detailed message on Ms. Wirsching's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:39 am, I called Jennifer J. Wirsching, Esq. at 424-901-9280. I left a second voicemail on Ms. Wirsching's personal voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

Tarik S Adlai, Esq.:

On April 28, 2022 at 8:10 am, I called Tarik S Adlai, Esq. at 626-578-7294. I left a detailed message on Mr. Adlai's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:39am, I called Tarik S Adlai, Esq. at 626-578-7294. I informed Mr Adlai that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881.
Mr. Adlai indicated he no longer represents Artur Ayvazyan, but will decide whether to oppose the motion after he has received the motion via email.

Thomas A. Mesereau, Jr., Esq.:

On April 28, 2022 at 8:12 am, I called Thomas A. Mesereau, Jr., Esq. at 310-651-9960. I left a detailed message for Mr. Mesereau on the firm's voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I

informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:39 am, I called Thomas A. Mesereau, Jr., Esq. at 310-651-9960. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

**Attorneys for Tamara Dadyan**

Jerry Kaplan, Esq.:

On April 28, 2022 at 8:42 am, I called Jerry Kaplan, Esq. at 310-859-7700. I informed MR Kaplan that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel. Mr. Kaplan does not know whether he will oppose the motion and indicated his client was in a foreign prison.

David D. Diamond, Esq.:

On April 27, 2022 at 4:53 pm, I called David D. Diamond, Esq. at 213-250-9100. I left a detailed message on Mr. Diamond's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 11:27 am, I called David D. Diamond, Esq. at 213-250-9100. Mr. Diamond confirmed he received my previous message. I further informed him that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881.

Mr. Diamond indicated he will not file an opposition

-7-

**Attorneys for Manuk Gregoryan**

John Hanusz, Esq.:

On April 28, 2022 at 8:16 am, I called John Hanusz, Esq. at 213-204-4200. I left a detailed message for Mr. Hanusz on the firm's voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 12:50 pm, I called John Hanusz, Esq. at 213-204-4200. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

George G. Mgdesyan, Esq.:

On April 28, 2022 at 8:18 am, I called George G. Mgdesyan, Esq. at 818-386-6777. I left a detailed message for Mr. Mgdesyan on the firm's voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 12:50 pm, I called George G. Mgdesyan, Esq. at 818-386-6777. I spoke to his assistant, Isabella. I informed Isabella that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave Isabella the case name, number, and courthouse location. I informed Mr. Campos of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed Isabella that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel. Mr. Campos informed me he would relay the information to Mr. Fraser. There was no indication whether counsel will oppose the motion.

**Attorneys for Arman Hayrapetyan**

Jilbert Tahmazian, Esq.:

On April 28, 2022 at 8:20 am, I called Jilbert Tahmazian, Esq. at 818-242-8201. I spoke to

DECLARATION OF SERVICE

Justin, another attorney in the firm. I informed Justin that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave Justin the case name, number, and courthouse location. I informed Justin of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed Justin that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel. Justin informed me he would relay the information to Mr. Tahmazian and would look for the email containing the ex parte motion and underlying motion. Counsel did not indicate whether they would oppose the motion.

**Attorneys for Edvard Paronyan**

Michael Gregory Freedman, Esq.:

On April 28, 2022 at 8:25 am, I called Michael Gregory Freedman, Esq. at 213-816-1700. I left a detailed message for Mr. Freedman on the firm's voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 12:56 pm, I called Michael Gregory Freedman, Esq. at 213-816-1700. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

**Attorneys for Vahe Dadyan**

Peter Johnson, Esq.:

On April 28, 2022 at 8:28 am, I called Peter Johnson, Esq. at 310-295-1785. I spoke to his assistant, Michelle. I informed Michelle that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave Michelle the case name, number, and courthouse location. I informed Michelle of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed Michelle that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel. Michelle informed me she would relay the information to Mr. Johnson. There was no indication whether counsel will oppose the motion.

Verna Wefald, Esq.:

On April 28, 2022 at 9:07 am, I called Verna Wefald, Esq. at 626-577-2658. I left a detailed message on Ms. Wefald's personal voicemail informing counsel that Hershorin & Henry represents

Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 12:52 pm, I called Verna Wefald, Esq. at 626-577-2658. Ms. Wefald confirmed she received my previous message. I further informed her that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881.

Ms. Wefald indicated she will inform us whether she will oppose the motion after receiving a copy via email.

**Attorneys for Plaintiff, USA**

Bennett Preston Starnes, Esq.:

On April 28, 2022 at 9:09 am, I called Bennett Preston Starnes, Esq. at 202-257-0782. I left a detailed message on Mr. Starnes's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 12:58 pm, I called Bennett Preston Starnes, Esq. at 202-257-0782. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

Brent A. Whittlesey, Esq.:

On April 28, 2022 at 9:12 am, I called Brent A. Whittlesey, Esq. at 213-894-5421. I reached Mr. Whittlesey's voicemail, which indicated he was retired and directed callers to call Shannon at 213-894-6528. I left a detailed message for Shannon on her personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday,

-10-

April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel. I also left the same message on the voicemail associated with Mr. Whittlesey's number, 213-894-5421.

Brian R. Faerstein, Esq.:

On April 28, 2022 at 9:17 am, I called Brian R. Faerstein, Esq. at 213-894-2400. I left a detailed message on Mr. Faerstein's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 1:01 pm, I called Brian R. Faerstein, Esq. at 213-894-2400. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

Catherine Sun Ahn, Esq.:

On April 28, 2022 at 9:22 am, I called Catherine Sun Ahn, Esq. at 213-894-2424. I left a detailed voice message for Ms. Ahn informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 1:03 pm, I called Catherine Sun Ahn, Esq. at 213-894-2424. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

Christopher Fenton, Esq.:

On April 28, 2022 at 9:25 am, I called Christopher Fenton, Esq. at 202-320-0539. I left a detailed message on Mr. Fenton's personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

DECLARATION OF SERVICE

On April 28, 2022 at 1:05 pm, I called Christopher Fenton, Esq. at 202-320-0539. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

Daniel G. Boyle, Esq.:

On April 28, 2022 at 9:27 am, I called Daniel G. Boyle, Esq. at 213-894-0142. The phone rang several times and there was no option to leave a voicemail message. The phone continued ringing.

On April 28, 2022 at 1:06 9m, I called Daniel G. Boyle, Esq. at 213-894-0142. The phone rang several times and there was no option to leave a voicemail message. The phone continued ringing.

Scott Paetty, Esq.:

On April 28, 2022 at 9:31 am, I called Scott Paetty, Esq. at 213-894-0141. The phone rang several times and there was no option to leave a voicemail message. The phone continued ringing.

On April 28, 2022 at 1:08 pm, I called Scott Paetty, Esq. at 213-894-0141. The phone rang several times and there was no option to leave a voicemail message. The phone continued ringing.

**Attorney for Claimant, Nationstar Mortgage LLC dba Mr Cooper**

Hyun Wook Shin, Esq.:

On April 28, 2022 at 9:33 am, I called Hyun Wook Shin, Esq. at 310-905-4006 to provide ex parte notice pursuant to Local Civil Rule 7-19.1. I gave her the case number and explained the substance of the ex parte motion. Ms. Shin informed me that she no longer represents Nationstar Mortgage LLC dba Mr Cooper and no longer works at Sheppard Mullin and as such, she did not indicate who is currently representing Nationstar Mortgage LLC dba Mr Cooper. Mrs. Shin will not be opposing the motion.

**Attorney for Claimants, Private Money Solutions and Gregory Shirin**

Richard J Reynolds, Esq.:

On April 28, 2022 at 9:40 am, I called Richard J Reynolds, Esq. at 949-863-3363, the number provided on the courts docket. However, the number was a general line and did not have a direct extension to Mr. Reynolds. I proceeded to the firms website and located Mr. Reynolds direct number, 949-265-3408. At 9:43 am, I called Mr. Reynolds' direct line at 949-265-3408, I left a detailed message on Mr. Reynolds' personal voicemail informing counsel that Hershorin & Henry represents Prospective Intervenors, WFG and Novastar, who will be filing an ex parte application to hear their joint motion to intervene for the Limited Purpose of Accessing Judicial Records on Shortened Time. I gave counsel the case name, number, and courthouse location. I informed counsel of the substance of the ex parte motion and that counsel would receive a copy of the motion via email on April 28, 2022. I further informed counsel that Judge Wilson does not set ex parte matters for hearing, counsel must file opposing papers no later than 3:00 pm PST on Friday, April 29, 2022, or if counsel chooses not to oppose, counsel must notify the clerk at 213-894-2881. I left our return contact number for counsel.

On April 28, 2022 at 1:10 pm, I called Richard J Reynolds, Esq. at 949-265-3408. I left a second voicemail on the firm's voicemail and requested a return call to 949-916-8062 informing Hershorin & Henry whether counsel intended on opposing the motion.

DECLARATION OF SERVICE

**[X]**   (**STATE**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 28, 2022** at Lake Forest, California.

Aimee Gutowski