1  LORI C. HERSHORIN (SBN 155977)
   **HERSHORIN & HENRY, LLP**
2  26475 Rancho Parkway South
   Lake Forest, California 92630
3  949-859-5600
4  Email: Lorih@hhlawgroup.com

5  Attorney for Prospective Intervenor
   WFG TITLE INSURANCE COMPANY,
6  A South Carolina Corporation and NOVASTAR, LLC

7

8                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9                          WESTERN DIVISION

10 | UNITED STATES OF AMERICA | Case Number: **2:20-CV-00579-SVW**
11 |
12 |         Plaintiff,
13 | v.                         | **DECLARATION OF LORI HERSHORIN IN SUPPORT OF WFG TITLE INSURANCE COMPANY AND NOVASTAR LLC'S JOINT *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME**
14 | RICHARD AYVAZYAN,
15 |   aka "Richard Avazian" and
         "Iuliia Zhadko,"
16 | MARIETTA TERABELIAN,
      aka "Marietta Abelian" and
17       "Viktoria Kauichko,"
   | ARTUR AYVAZYAN,            | DATE:
18 |   aka "Arthur Ayvazyan,"     TIME:
19 | TAMARA DADYAN,              JUDGE: Hon. Stephen V. Wilson
     MANUK GRIGORYAN,            COURTROOM: 10A
20     aka "Mike Grigoryan," and LOCATION:  350 W. 1ST ST.
         "Anton Kudiumov,"                  Los Angeles, CA 90012
21 | ARMAN HAYRAPETYAN,
     EDVARD PARONYAN.
22     aka "Edvard Paronian" and
23       "Edward Paronyan," and
     VAHE DADYAN,
24
             Defendants.
25

26
27
28

DECLARATION OF LORI HERSHORIN, ESQ.

I, LORI HERSHORIN, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California, I am authorized to practice law in the Central District of California, and am an attorney at Hershorin & Henry, LLP, counsel of record for Prospective Intervenors, WFG National Title Insurance Company, a South Carolina corporation ("WFG") and Novastar, LLC ("Novastar") (collectively as "Prospective Intervenors") and make this Declaration in support of WFG and Novastar's Joint Motion to Intervene for the Limited Purpose of Accessing Judicial Records ("Joint Motion"). I have personal knowledge as to the discovery and pleadings in this matter. I have reviewed the documents in our firm's file for this litigation matter, which contains records generated in the ordinary course of business at or near the time of the occurrence of the events related thereto by persons who have a business duty to make and maintain such records. I have personal knowledge of the following facts or I have gained such knowledge from my review of the file, and if called and sworn as a witness could testify thereto.

2. I represent both WFG and Novastar in their respective civil cases filed against Tamara Dadyan and Arthur Ayvayzian ("Criminal Defendants"), and their co-conspirators. Criminal Defendants and their co-conspirators conducted an elaborate real estate fraud scheme which caused WFG and Novastar damages. Hereafter the term "Defendants" refers collectively to the Criminal Defendants, Novastar Defendants, and WFG Defendants.

3. Defendants' criminal enterprise utilizes a common plan or scheme to conduct its fraudulent loan and real estate transactions whereby Defendants knowingly participate in a racketeering enterprise that creates synthetic identities of purported sellers, buyers, and borrowers; falsifies real property and banking information; forges multitudes of documents; and funnels the fraudulently obtained funds into various shell companies owned by the criminal enterprise.

4. WFG commenced its action in the California Superior Court for the County of Los Angeles on November 8, 2016, case number BC640157 alleging damages in the sum of $2,169,221.00 as a result of Defendants fraudulent real estate transaction scheme. On February 11, 2021, WGF filed its second amended complaint against the WFG Defendants.

5. WFG commenced the discovery process in December 2016, by serving deposition

requests; however, many WFG Defendants failed to appear at their properly noticed depositions. However, I was able to take the videotaped deposition of Tamara Dadyan on July 24, 2018 and the deposition of Arthur Ayvazyan on October 18, 2018, but they refused to produce any requested documents.

6. Beginning in 2017, WFG propounded further discovery from Tamara Dadyan, Arthur Ayvazyan, and other WFG Defendants in the form of Requests for Admission, Form Interrogatories, and Request for Production of Documents. Neither party has responded to this last request.

7. In April 2017, the California Superior Court for County of Los Angeles – Stanley Mosk Courthouse granted Novastar leave to file a cross complaint against Novastar Defendants alleging $637,000 in damages for Defendants' fraudulent real estate transaction scheme, case number BC597238, entitled *Akopyan v. Yesayan*.

8. Novastar commenced the process of discovery in September 2017, by serving deposition requests; however, many Defendants failed to respond. Although I was able to take the videotaped deposition of Tamara Dadyan on July 24, 2018 and the deposition of Arthur Ayvazyan on October 18, 2018, they refused to produce any documents.

9. In April 2018, Novastar began propounding further discovery in the form of Requests for Admission, Form Interrogatories, and Request for Production of Documents. To date, no documents or information has been forthcoming.

10. Novastar's case is set for bench trial on May 17, 2022 and WFG's case is set for trial on July 25, 2022.

11. On March 29, 2022, I watched a clip from an NBC special that documented the Criminal Defendants' PPP loan scheme. In that special, NBC broadcasted photos to a national audience of Novastar and WFG Defendants. NBC further broadcast to a national audience copies of identification cards belonging to named Defendants, who are believed to be "synthetic" persons created by Criminal Defendants and their co-conspirators, such as Karapet Emboyan.

12. Prior to viewing the NBC broadcast, I was unaware that the Exhibits submitted to this Court directly related to WFG and Novastar's civil cases against Defendants, or that such exhibits were

sealed.

13. Between March 30, 2022 and April 7, 2022, I conducted a comprehensive search of this Court's docket and discovered that all evidence in support of WFG and Novastar's claims against Defendants was sealed. This sealed evidence is vital to proving Prospective Intervenors' claims against Defendants.

14. Many of the Exhibits placed under seal include items WFG and Novastar requested during their respective discovery periods, but which Defendants failed to produce or denied the existence thereof. In addition, many of the Exhibits Placed under seal prove Defendants conducted the fraudulent activities giving rise to WFG and Novastar's damages and prove Defendants utilized a common plan or scheme in the perpetration of the PPP loan fraud and the real estate transaction fraud.

15. Because of this Court's Protective Order and Orders to Seal, there is no other way that WFG and Novastar can gain access to the documents which they seek from this court.

16. The earliest date available for the hearing on a regularly noticed motion is June 6, 2022; thus, if Prospective Intervenors' Joint Motion were heard on regular time, Prospective Intervenors will not have access to sufficient evidence to present at trial to prove Defendants conducted the fraudulent real estate transactions in question or participated in an elaborate scheme of racketeering – even though such evidence is in existence.

17. The public has a strong interest in ensuring Prospective Intervenors are able to produce as much relevant evidence as possible against Defendants because the activities of fraudsters like Defendants have a direct impact on the public's future acquisition of home loans and title insurers willing to issue title insurance policies. It is an unfortunate truth of the lending and insurance industry that when lenders' and title insurers' risks increase, so does the cost to future consumers – something which Prospective Intervenors hope to avoid.

18. Prospective Intervenors understand the privacy concerns of Defendants and third parties; thus, WFG and Novastar agree to adhere to this Court's protective order and all documents currently under seal in this matter used in the civil actions would be submitted under seal to the Superior Court of California.

19. Prospective Intervenors seek to unseal all trial exhibits and the exhibits submitted with the Government's Opposition to Defendants' Motion to Suppress evidence seized at Premises-1 and Premises-4 (Docket nos. 188 and 207).

20. Prospective Intervenors believe in good faith that Criminal Defendants will not respond to their additional discovery requests or produce the requested information.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed on April 28, 2022, at Lake Forest, California.

*Lori Hershorin*
LORI C. HERSHORIN