1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                                 ---

4            HONORABLE STEPHEN V. WILSON, JUDGE PRESIDING

5                                 ---

6

7

8     UNITED STATES OF AMERICA,        )
                                       )
9                                      )
                                       )
10                   Plaintiff         )
                                       ) CR NO. 20-579
11            VS                       )
                                       )
12     **RICHARD AYVAZYAN**, et al.,   )
                                       )
13                                     )
                     Defendants        )
14    _____ )

15

16                 Reporter's Transcript of Proceedings
                            **Motion Hearing**
17                       Los Angeles, California
                     **MONDAY, DECEMBER 6, 2021**
18                            3:40 P.M.

19

20

21

22

23

24                    ANNE KIELWASSER, CRR, RPR, CSR
                      Federal Official Court Reporter
                    **UNITED STATES DISTRICT COURT**
25                  **CENTRAL DISTRICT OF CALIFORNIA**
                       anne.kielwasser@gmail.com

```
 1                        A P P E A R A N C E S

 2

 3      ON BEHALF OF THE UNITED STATES OF AMERICA:

 4      Scott Paetty
        AUSA - Office of the US Attorney
 5      General Crimes Section
        312 North Spring Street 12th Floor
 6      Los Angeles, CA 90012
        213-894-6527
 7      Fax: 213-894-0141
        E-mail: Scott.Paetty@usdoj.gov
 8

 9      Catherine Sun Ahn
        AUSA - Office of US Attorney
10      Organized Crime Drug Enforcement Task Force Section
        312 North Spring Street Suite 1400
11      Los Angeles, CA 90012
        213-894-2424
12      Fax: 213-894-0141
        E-mail: Catherine.s.ahn@usdoj.gov
13

14      Daniel G. Boyle
        AUSA - Office of US Attorney
15      General Crimes Section
        312 North Spring Street 14th Floor
16      Los Angeles, CA 90012
        213-894-2426
17      Fax: 213-894-0142
        E-mail: Daniel.boyle2@usdoj.gov
18
        Brian R. Faerstein
19      AUSA - Office of US Attorney
        312 North Spring Street Suite 1200
20      Los Angeles, CA 90012
        213-894-2400
21      Fax: 213-894-0141
        E-mail: Brian.faerstein@usdoj.gov
22

23

24
        (Continued on next page)
25
```

1    **ON BEHALF OF THE DEFENDANTS:**

2

3    **Ashwin J Ram**
     Steptoe and Johnson LLP
     633 West 5th Street Suite 1900
4    Los Angeles, CA 90071
     213-439-9443
5    Fax: 213-439-9599
     E-mail: Aram@steptoe.com

6

7    **Ryan Vaughan Fraser**
     Bienert Katzman Littrell Williams LLP
8    601 West 5th Street, Suite 720
     Los Angeles, CA 90071
9    213-528-3400
     Fax: 949-369-3701
10   E-mail: Rfraser@bklwlaw.com

11

12   **Jennifer J. Wirsching**
     Attorney at Law
13   1935 Alpha Road, Suite 216
     Glendale, CA 91208
14   424-901-9280
     E-mail: Wirschinglaw@outlook.com

15

16

17   **Thomas A. Mesereau, Jr.**
     Mesereau Law Group
     10100 Santa Monica Boulevard Suite 300
18   Los Angeles, CA 90067
     310-651-9960
19   Fax: 310-772-2295
     E-mail: Mesereau@mesereaulaw.com

20

21

22

23

24

25

```
 1   MONDAY, DECEMBER 6, 2021                    3:40 P.M.

 2                        ~ ~ ~

 3                P R O C E E D I N G S

 4                        ~ ~ ~

 5        COURT CLERK:  Calling Item 7.  CR 20-579.

 6             United States of America versus Richard

 7   Ayvazyan, Marietta Terabelian and Arthur Ayvazyan.

 8             Counsel, state your appearances.

 9        MR. PAETTY:  Good afternoon, Your Honor.  Scott

10   Paetty for the United States.  Present at counsel table is

11   DOJ Fraud Trial Attorney Christopher Fenton, AUSA Catherine

12   Ahn and Brian Faerstein and AUSA Dan Boyle.

13        MR. RAM:  Good afternoon, Your Honor.  Ashwin Ram

14   on behalf of Richard Ayvazyan who is not present.

15        MR. FRASER:  Good afternoon, Your Honor.  Ryan

16   Fraser on behalf of Marietta Terabelian who is also not

17   present.

18        MS. WIRSCHING:  Good afternoon, Your Honor.

19   Jennifer J. Wirsching for Arthur Ayvazyan who is present.

20        MR. MESEREAU:  Good afternoon, Your Honor.  Thomas

21   Mesereau also for Arthur Ayvazyan.

22        THE COURT:  All right, we have a number of matters

23   to decide.  Some are peculiar to Richard Ayvazyan, others

24   relate to the question of restitution.

25             My inclination would be to remain consistent
```

| | | |
|---|---|---|
| 15:42:57 | 1 | with the loss amount I found in the Guideline calculation |
| 15:43:09 | 2 | which was at the top level 3.5 million, and that is what I |
| 15:43:22 | 3 | would be inclined to determine that the restitution amount |
| 15:43:30 | 4 | is. |
| 15:43:31 | 5 | I realize that if there are appeals here, |
| 15:43:33 | 6 | there might be cross-appeals, and the government might very |
| 15:43:38 | 7 | well be successful in arguing that the Court erred in not |
| 15:43:46 | 8 | awarding the 20-point enhancement for the loss which would |
| 15:43:54 | 9 | put it at 18, 20, whatever the -- million -- whatever the |
| 15:43:59 | 10 | number was.  But at least as a see it now, that would be my |
| 15:44:11 | 11 | inclination. |
| 15:44:13 | 12 | In terms of how the loss should be paid, the |
| 15:44:19 | 13 | argument is the victim in the case was the government, the |
| 15:44:23 | 14 | small business administration.  In some ways that appeals to |
| 15:44:30 | 15 | me as appropriate. |
| 15:44:32 | 16 | Why shouldn't that be the order instead of to |
| 15:44:37 | 17 | the banks? |
| 15:44:38 | 18 | Can the government be heard on that. |
| 15:44:41 | 19 | **MR. PAETTY:**  Yes, Your Honor.  So, addressing that |
| 15:44:50 | 20 | point, the reason why the SBA should not be the only party |
| 15:44:55 | 21 | who is entitled to restitution in this matter is because as |
| 15:44:58 | 22 | we stand here today, the lenders are out-of-pocket for that |
| 15:45:02 | 23 | money. |
| 15:45:03 | 24 | The SBA pushed the money out for the EIDL |
| 15:45:09 | 25 | loans, but the PPP loans which were also a significant part |

15:45:13  1  of this fraud scheme, that money was initially disbursed by

15:45:15  2  the lenders themselves, and there are regulatory hurdles that

15:45:19  3  have to take place in order for those lenders to be

15:45:23  4  essentially paid back by the SBA, and there is no guarantee

15:45:28  5  they ever will be.

15:45:30  6         THE COURT:  But what if they are, I mean, repaid.

15:45:37  7  You're saying that the way I'm inclined to find the amount,

15:45:49  8  it wouldn't fit the individualized amounts for these many

15:46:00  9  banks that have the losses.  So, if I --

15:46:06  10        Are you suggesting that if I order

15:46:09  11 restitution to the banks and as a portion in some way given a

15:46:19  12 lesser amount, that that amount would presumably be reduced

15:46:24  13 by the SBA if they were compelled to reimburse these banks?

15:46:30  14        MR. PAETTY:  Ultimately, yes, Your Honor.  The SBA

15:46:32  15 and the banks, that's something to be settled at another

15:46:37  16 time.  In the civil context, there is a way, a mechanism,

15:46:39  17 that those -- that the SBA can recoup that money, whatever

15:46:42  18 money would go from the lenders back to the SBA and vice

15:46:47  19 versa.

15:46:48  20        THE COURT:  So, is there some way that you can

15:46:50  21 submit a new calculation in some proportionate way in light

15:47:02  22 of the 3.5 million that would be an amount for each of these

15:47:09  23 victim banks?

15:47:10  24        MR. PAETTY:  It's unclear how that would happen,

15:47:12  25 Your Honor, because the amounts that were given -- the

15:47:16  1    amounts that were paid out by each individual lender, those

15:47:19  2    are different, they're different loan amounts, there were

15:47:22  3    different entities that applied for the loans, the loans were

15:47:25  4    disbursed and funded in different amounts throughout the

15:47:27  5    different lenders.  It would be hard to reapportion that in

15:47:30  6    some percentage basis based on a 3.5 million-dollar loss.

15:47:38  7            THE COURT:  Well, I don't know quite what to do in

15:47:43  8    that regard.

15:47:43  9            MR. PAETTY:  Your Honor, if I may submit, that the

15:47:46  10   Court stated in the previous hearing for Ms. Dadyan, Tamara

15:47:51  11   Dadyan, that the Guidelines's calculations that plus 16 for

15:47:55  12   the 1.5 to 3.5 loss was a charitable finding by the Court,

15:48:01  13   and that the evidence actually supports -- the Court stated

15:48:05  14   that the evidence supports the government's suggested

15:48:07  15   Guidelines range.

15:48:08  16           THE COURT:  But in the cases that you cited in

15:48:15  17   support of a restitution amount greater than the loss amount,

15:48:24  18   I don't know if the cases are so limited, but they seem to

15:48:28  19   involve things like interests and other things.  Did they

15:48:35  20   seem directly to speak to this, or did they speak to it

15:48:40  21   tangentially?

15:48:41  22           MR. PAETTY:  Your Honor, the losses that were

15:48:43  23   expressed in the Government's -- in Exhibit 1 to Catherine

15:48:47  24   Ahn's filing, those are the direct losses for the loan

15:48:49  25   amounts in this case.  It was not -- the other amounts --

| | | |
|---|---|---|
| 15:48:54 | 1 | **THE COURT:**  It has to be actual loss. |
| 15:48:55 | 2 | **MR. PAETTY:**  Correct, Your Honor, that is right, |
| 15:48:56 | 3 | has to be actual loss. |
| 15:48:57 | 4 | And it's the government's understanding from |
| 15:49:00 | 5 | the Court's statements in the prior hearings where we've |
| 15:49:04 | 6 | deferred this restitution hearing to today, but in the prior |
| 15:49:07 | 7 | sentencing hearings that Court made a finding and stated, |
| 15:49:12 | 8 | again, in this charitable language, that that was a floor for |
| 15:49:15 | 9 | the loss, but the Court didn't set a ceiling and in fact has |
| 15:49:19 | 10 | stated that the government's evidence that it submitted |
| 15:49:21 | 11 | supports this higher loss amount.  That's consistent, Your |
| 15:49:24 | 12 | Honor, there is not -- |
| 15:49:25 | 13 | **THE COURT:**  I get your point.  I'll give the |
| 15:49:32 | 14 | defendants an opportunity to express themselves beyond that |
| 15:49:36 | 15 | which they've already done if they wish.  If you make an |
| 15:49:43 | 16 | argument, would you make it as pithy as you can.  Anyone want |
| 15:49:52 | 17 | to make an argument? |
| 15:49:52 | 18 | **MR. RAM:**  Very pithy, Your Honor.  I'll defer to |
| 15:49:54 | 19 | Mr. Fraser.  But I think the government has underscored a |
| 15:49:57 | 20 | critical issue here in its own admission that they're not |
| 15:50:02 | 21 | able to readily calculate the restitution amount owed based |
| 15:50:05 | 22 | on a variety of factors as Mr. Paetty just described, right, |
| 15:50:09 | 23 | the risk transference, the civil litigation issues, et |
| 15:50:13 | 24 | cetera. |
| 15:50:15 | 25 | **THE COURT:**  I think they're saying something |

| | | |
|---|---|---|
| 15:50:17 | 1 | slightly different.  They're saying that the loss amount |
| 15:50:22 | 2 | can't be accurately apportioned at this time.  Someone is |
| 15:50:28 | 3 | going to lose.  It's either going to be the government, the |
| 15:50:33 | 4 | SBA or the banks, but there is some flux going on, and we |
| 15:50:40 | 5 | don't know at this point exactly where it will land.  That I |
| 15:50:44 | 6 | think is the point.  There is going to be a loser somewhere, |
| 15:50:47 | 7 | it has to be.  But the question is, the restitution order has |
| 15:50:51 | 8 | to direct, I believe, restitution to the specific victims. |
| 15:50:56 | 9 | MR. RAM:  Yes, Your Honor.  And on that -- in that |
| 15:50:59 | 10 | regard, to the extent restitution is ordered here because |
| 15:51:02 | 11 | it's readily ascertainable, it is ultimately going to be as |
| 15:51:05 | 12 | to the SBA and only the SBA. |
| 15:51:08 | 13 | So, I will submit with that unless the Court |
| 15:51:11 | 14 | has any other questions on restitution. |
| 15:51:15 | 15 | MR. PAETTY:  Your Honor, may I respond briefly? |
| 15:51:20 | 16 | THE COURT:  All right. |
| 15:51:22 | 17 | MR. PAETTY:  So, to correct the record, that, the |
| 15:51:25 | 18 | point of restitution is to make victims whole, and here the |
| 15:51:31 | 19 | funds that are listed in the Government'S Exhibit 1, those |
| 15:51:34 | 20 | are funds that were actually disbursed by the lenders. |
| 15:51:38 | 21 | There is really -- it's an easily calculable. |
| 15:51:41 | 22 | The government has done the work on that.  Those funds as |
| 15:51:44 | 23 | listed in those filings are the amounts of loan funds that |
| 15:51:49 | 24 | were distributed and disbursed due to this fraud scheme for |
| 15:51:53 | 25 | which each of these defendants, the conspiracy for which they |

15:51:56 | 1 | were convicted, those were loans that were funded from that

15:51:59 | 2 | scheme.  And as a result, Your Honor, it is -- restitution in

15:52:03 | 3 | this case is readily calculable, and it's listed in the

15:52:06 | 4 | amounts --

15:52:07 | 5 |       **THE COURT:**  All right, I think I have the

15:52:08 | 6 | competing positions in mind, and I'll issue an order within

15:52:14 | 7 | the next couple of days.

15:52:16 | 8 |       **MR. PAETTY:**  Thank you, Your Honor.

15:52:17 | 9 |       **MR. FRASER:**  Your Honor, may I be heard?

15:52:22 | 10 |       **THE COURT:**  Yes, go ahead.  Mr. Fraser, right?

15:52:36 | 11 |       **MR. FRASER:**  So, this is just in addition to

15:52:38 | 12 | what's been previously argued and briefed well by the Court

15:52:41 | 13 | by Mr. Ram, but I think the parties are in agreement of

15:52:44 | 14 | course that losses have to be based -- excuse me --

15:52:49 | 15 | restitution has to be based on losses directly resulting from

15:52:54 | 16 | a particular defendant's conduct in order for the restitution

15:52:55 | 17 | to be ordered as to that defendant even though a liabilities

15:52:59 | 18 | for restitution can be joint and several.  And here it's the

15:53:03 | 19 | government's burden to --

15:53:05 | 20 |       **THE COURT:**  What you said strikes me as being a

15:53:08 | 21 | little inconsistent.  Can you straighten it out for me?

15:53:11 | 22 | Maybe I misunderstood.

15:53:13 | 23 |       **MR. FRASER:**  Well, so, from the government's

15:53:15 | 24 | brief, restitution seeks to compensate the victim for all the

15:53:20 | 25 | direct and proximate losses resulting from the defendant's

15:53:23  1    conduct not only for the reasonable foreseeable losses --

15:53:27  2              THE COURT:  Are you suggesting that if someone is

15:53:30  3    a conspirator, they're not responsible for the -- for

15:53:38  4    restitution unless their specific role in the conspiracy can

15:53:45  5    be apportioned?

15:53:48  6              MR. FRASER:  I think that it is the government's

15:53:52  7    burden by a preponderance of the evidence to show that each

15:53:54  8    loan as to which the government seeks an order of restitution

15:53:57  9    was reasonably foreseeably within the scope of that

15:54:02  10   defendant's agreement.

15:54:05  11             THE COURT:  Well, that's just restating what the

15:54:08  12   law of conspiracy is and what the jury found so --

15:54:11  13             MR. FRASER:  Well, the jury --

15:54:13  14                  So, if you add up the amounts of the loans

15:54:15  15   from the substantive counts of conviction, you don't get

15:54:21  16   anywhere close to even the 3.5 million.  If you take

15:54:25  17   Exhibit 1 to Catherine Ahn's declaration, and you look at

15:54:31  18   the --

15:54:32  19             THE COURT:  But why the jury?  A restitution is

15:54:36  20   not a jury question, and the burden is different.

15:54:45  21             MR. FRASER:  Agreed, Your Honor.  I was just

15:54:47  22   attempting to just respond to the Court's --

15:54:48  23             THE COURT:  All right.  I see.

15:54:50  24             MR. FRASER:  So, if you add those amounts, it

15:54:52  25   comes out to less than 2 million.  If you take the line

15:54:55 1    entries from Exhibit 1 to Catherine Ahn's declaration, and

15:54:57 2    you just look at the ones that even referenced Marietta

15:55:02 3    Terabelian or make an apparent connection to her and add them

15:55:05 4    up, I get 2.248 million.  That's not to concede that that

15:55:10 5    amount of restitution is appropriate to her, but it certainly

15:55:13 6    establishes what ought to be an absolute maximum bound on

15:55:17 7    restitution.  It could be ordered based on the evidence that

15:55:20 8    the government has put before the record.

15:55:23 9            **THE COURT:**  Thank you.  I'll give the government

15:55:25 10   just a quick, 30 seconds.

15:55:28 11           **MR. PAETTY:**  Thank you, Your Honor, very briefly.

15:55:32 12           So, Exhibit 1, the two exhibits, one for

15:55:36 13   Richard and Mariata -- Richard Ayvazyan and Mariata

15:55:40 14   Tarabalyan, and then Exhibit 1 that pertains to Tamari Dadyan

15:55:44 15   and Arthur Ayvazyan.  The lengths to those loans should not

15:55:50 16   be read in a vacuum, Your Honor.  Those are also based

15:55:52 17   upon -- there is column on those two charts which describe

15:55:57 18   their links to the conspiracy.  That's not read in a vacuum,

15:55:58 19   Your Honor.  Those are --

15:55:59 20           That should be read in light of the evidence

15:56:01 21   that was adduced at trial, and that includes the persons

15:56:05 22   involved in the conspiracy, it includes the aliases that were

15:56:09 23   used by the coconspirators, it includes the companies that

15:56:14 24   were the conduits for this fraud scheme, it includes the

15:56:18 25   addresses that were used during the fraud scheme as well, and

| | |
|---|---|
| 15:56:21 | 1 |
| 15:56:23 | 2 |
| 15:56:27 | 3 |
| 15:56:29 | 4 |
| 15:56:32 | 5 |
| 15:56:41 | 6 |

1  that's the proper reading and the attribution of restitution

2  for the Count One conspiracy for which all of these

3  defendants were convicted.

4          **THE COURT:**  All right.  Then, I'll issue an order

5  in a couple of days, and then I'll incorporate the finding in

6  a judgment for those defendants' sentence.

7          There still remains one issue, but that's

8  peculiar to Richard --

9          There's the Richard Ayvazyan forfeiture

10  issue, correct?

11          **MR. RAM:**  There is --

12          The remaining is also a passport issue, Your

13  Honor.

14          **THE COURT:**  Okay.  Let's keep that out just for a

15  moment.

16          **MR. RAM:**  Okay.

17          **THE COURT:**  So, the other lawyers, if they wish to

18  go home, you can, you're not involved in the rest of this.

19  Unless you want to stay.

20          So, turning to the forfeiture issue, let me

21  hear your major points again.

22          Would you take the lectern, Mr. Ram?  I mean,

23  there is the question first of the credits, and there is a

24  dispute about how much credit there should be for the house,

25  if credits are allowed at all, and the 400 some thousand cash

15:58:31  1    in the bag that was found in the search.  Just walk me

15:58:37  2    through those bullet points briefly again.

15:58:44  3             MR. RAM:  Yes, Your Honor.  And I think we laid

15:58:47  4    this out in the brief so I know Your Honor doesn't --

15:58:51  5             THE COURT:  You did, but I just want to refresh

15:58:54  6    myself at the moment so I can follow the government's

15:58:57  7    arguments.

15:58:57  8             MR. RAM:  Yes, Your Honor.  So, big picture, the

15:59:00  9    jury made during the forfeiture phase of the trial made

15:59:05  10   specific determinations as to pieces of property that were

15:59:10  11   obtained or linked to the alleged conspiracy and money

15:59:15  12   laundering charges, counts of conviction.

15:59:18  13             In addition, at that hearing what became

15:59:20  14   clear from the testimony of Shannon Robinson in the

15:59:24  15   government's evidence, they made a case for why the $450,000

15:59:29  16   of proceeds should also be forfeited.  And in that context,

15:59:34  17   at least to the defense, it didn't appear that there was any

15:59:38  18   evidence that cash was obtained, derived or converted from

15:59:43  19   the offenses of conviction.  It was unclear to the defense

15:59:47  20   how even the 450,000 could be forfeited, based on the

15:59:51  21   evidence presented by the government, and which relied

15:59:57  22   largely on the testimony of Shannon Robinson to do a tracing.

16:00:01  23             So, now, we're at the point where --

16:00:03  24             And the Court has discretion in the first

16:00:05  25   instance whether to order a personal money judgment of

16:00:10    1   forfeiture, and the defense's position is that a personal

16:00:13    2   money judgment of forfeiture isn't warranted under these

16:00:16    3   facts because the specific property linked to the offenses of

16:00:20    4   conviction has already been seized and now forfeited by the

16:00:24    5   Court.

16:00:24    6            THE COURT:  I see, okay.  All right, I'll give the

16:00:30    7   government a brief opportunity.  Take the lectern if you

16:00:36    8   would.

16:00:45    9            MR. BOYLE:  Thank you, Your Honor.

16:00:49   10            Your Honor, this issue has been briefed

16:00:52   11   extensively, so I will be brief unless the Court has any

16:00:52   12   questions.

16:00:54   13            First, on the issue of 450,000, the jury did

16:00:58   14   find that that asset was be forfeited as proceeds of crime.

16:01:02   15            Defense counsel essentially just sought

16:01:04   16   reconsideration of the jury's decision which is not what

16:01:07   17   we're here for today.  The government has proposed that if

16:01:10   18   the Court wants to credit some of that 450,000, the

16:01:13   19   appropriate way to do it would be pro rata among the

16:01:16   20   defendants.

16:01:16   21            I'd point out, Your Honor, and I would ask

16:01:19   22   the Court to look at the Ninth Circuit's recent decision,

16:01:22   23   United States versus Prasad, that's 19-10454.  And in Prasad

16:01:29   24   the Ninth Circuit said:  "When calculating the money

16:01:30   25   judgment, what the Court looks at is the proceeds of crime.

16:01:33   1    It doesn't look at what happened with those proceeds
16:01:36   2    afterwards; it doesn't look at whether a house that was
16:01:39   3    bought with dirty money increased in value.  What matters is
16:01:42   4    the proceeds of crime.  And the reason for that, Your Honor,
16:01:44   5    is because the money judgment makes the defendant give up the
16:01:47   6    assets he's already spent, wasted.  He could have spent them
16:01:51   7    gambling, he could have spent them on other funds which were
16:01:53   8    not recovered.
16:01:55   9            That's what the government is seeking.
16:01:55   10           **THE COURT:**  All right.
16:01:57   11           **MR. BOYLE:**  We were very judicious in our tracing,
16:01:58   12   and we've limited ourselves quite a bit to the trial
16:02:01   13   evidence.
16:02:01   14           The final point I'd raise, Your Honor.  On
16:02:04   15   the second point, the defense yet again points the finger at
16:02:08   16   Gregorian, even if it was possible that these defendants were
16:02:11   17   all using the same accounts.  Under the Ninth Circuit's
16:02:14   18   decision in United States v. Tompson, if all the defendants
16:02:17   19   had access to the same account and were all spending money
16:02:21   20   from it, they're all -- will be held liable for a money
16:02:22   21   judgment for that amount.  They all had access to and control
16:02:24   22   over it, and they can all be held liable, Your Honor.
16:02:27   23           If the Court has no questions, I'll rest to
16:02:29   24   that.
16:02:30   25           **THE COURT:**  I don't.

16:02:30   1          The matter will stand submitted.  I'll issue

16:02:33   2   an order next couple of days.

16:02:39   3          **MS. AHN:**  Your Honor, just as to the passports --

16:02:42   4          **THE COURT:**  Well, let me hear from you, Mr. Ram.

16:02:44   5   I haven't heard about this clearly from you in court yet.

16:02:47   6          **MR. RAM:**  Thank you, Your Honor.

16:02:49   7          **THE COURT:**  I mean, the issue is the withholding

16:02:52   8   of passports to the children of Richard and his wife.

16:03:00   9          **MR. RAM:**  Slightly more nuanced.  I think it is a

16:03:03  10   straightforward argument.  At the last hearing, at

16:03:05  11   sentencing, the Court forfeited the bond that was in place,

16:03:10  12   appropriately so since -- for whatever reasons the defendants

16:03:14  13   are here, right?  And when the bond was forfeited, one of the

16:03:18  14   conditions of the bond is that the children's passports would

16:03:23  15   be held by the probation office or were otherwise restricted.

16:03:28  16   And as Your Honor pointed out at the sentencing hearing for

16:03:31  17   Mr. Ayvazyan, the children's new guardian had applied for

16:03:35  18   passports for the children.

16:03:37  19          But the state department and the passport

16:03:43  20   office has denied the issuance of any -- re-issuance of

16:03:47  21   passport for the children, citing this case, and the bond in

16:03:51  22   this case which has now been terminated, right?

16:03:53  23          So, as a matter of law, there should be no

16:03:56  24   restriction on the children's passport.  And so what we

16:04:00  25   asked, in terms of the relief, is to the extent probation has

16:04:03  1  the passports, which it doesn't appear that they do, that

16:04:07  2  they return it; and if they don't have the passports, that

16:04:10  3  means they're lost, and that any restrictions on a

16:04:13  4  re-issuance of the children's passports by their guardian be

16:04:20  5  removed.  There should be no restrictions on the passports

16:04:22  6  being reissued related to this case at least.

16:04:25  7         THE COURT:  All right.  Any response?

16:04:39  8         MS. AHN:  Your Honor, just to clarify, probation

16:04:41  9  does not appear to have the passports.  That's an ECF entry

16:04:45  10  1005, 1006, to where probation described that all of their

16:04:52  11  attempts to obtain the passports for the children were met

16:04:55  12  with resistance from the family.

16:04:56  13         As to the argument that counsel makes as to

16:05:02  14  the bonds, he is conflating two different issues.

16:05:06  15         THE COURT:  Did the children present passports

16:05:10  16  through the guardian for visas?  Did they, Mr. Ram?  Do you

16:05:18  17  know?  I mean --

16:05:19  18         MR. RAM:  No, my understanding is they didn't have

16:05:21  19  passports --

16:05:22  20         THE COURT:  But I mean now the government is

16:05:24  21  saying that it doesn't have the passports either.

16:05:29  22         MR. RAM:  Right, and I'm not even sure there is a

16:05:32  23  disagreement here, just to be clear.

16:05:34  24         THE COURT:  I see.  You're saying that the State

16:05:39  25  Department is refusing to issue new passports because they

| | | |
|---|---|---|
| 16:05:44 | 1 | view the conditions of bond to be controlling. |
| 16:05:48 | 2 | **MR. RAM:**  Correct, Your Honor. |
| 16:05:50 | 3 | **THE COURT:**  I see, all right, go ahead. |
| 16:05:53 | 4 | **MS. AHN:**  Yes, Your Honor.  As to -- |
| 16:05:56 | 5 | Counsel is conflating two different issues. |
| 16:05:58 | 6 | One is the forfeiture of the bond, which is, basically, that |
| 16:06:02 | 7 | the money that was supposed to ensure that Richard Ayvazyan |
| 16:06:06 | 8 | and Mariata Tarabalyan would not flee.  The Court has |
| 16:06:09 | 9 | forfeited that bond, and the government obviously will seek |
| 16:06:12 | 10 | to collect. |
| 16:06:14 | 11 | What the Court did not do is lift all of the |
| 16:06:17 | 12 | pretrial restrictions.  So, Richard Ayvazyan and Marietta |
| 16:06:22 | 13 | Terabelian are still expected to appear at sentencings at |
| 16:06:27 | 14 | post-sentencing matters, et cetera, et cetera.  They are |
| 16:06:31 | 15 | still under the requirements of this Court's supervision, and |
| 16:06:35 | 16 | that should continue. |
| 16:06:36 | 17 | The mere fact that they are fugitives should |
| 16:06:41 | 18 | not somehow relieve them of the obligation to not commit |
| 16:06:44 | 19 | further crimes, to not appear at Court ordered hearings, to |
| 16:06:48 | 20 | otherwise continue to flagrantly disregard the orders of this |
| 16:06:53 | 21 | Court.  And as such, the government would oppose the lifting |
| 16:06:56 | 22 | of the other bond conditions that remain in place against the |
| 16:06:59 | 23 | defendants, Your Honor. |
| 16:07:01 | 24 | Thank you. |
| 16:07:02 | 25 | **MR. RAM:**  May I respond to that, Your Honor? |

| | | |
|---|---|---|
| 16:07:05 | 1 | THE COURT:  Yes. |
| 16:07:05 | 2 | MR. RAM:  Thank you.  I think it is clear there is |
| 16:07:12 | 3 | a disagreement now, and the government opposes the Court |
| 16:07:16 | 4 | removing any restriction on the children's passport.  And to |
| 16:07:20 | 5 | the extent that disagreement exists, I would submit to the |
| 16:07:24 | 6 | Court there is no basis to punish the children of convicted |
| 16:07:29 | 7 | defendants under any law or any -- any authorities that I'm |
| 16:07:35 | 8 | aware of. |
| 16:07:36 | 9 | THE COURT:  Let me just state the setting for the |
| 16:07:43 | 10 | arguments.  In the broad sense, you're arguing that |
| 16:07:53 | 11 | conditions of bond which have been forfeited by your client's |
| 16:08:03 | 12 | absconding is the subject of litigation by his children, |
| 16:08:14 | 13 | because he doesn't have any -- Ayvazyan or his wife don't |
| 16:08:20 | 14 | have any standing to attack the conditions of bond. |
| 16:08:27 | 15 | Essentially, you're arguing on behalf of his children, not on |
| 16:08:31 | 16 | behalf of Richard Ayvazyan; isn't that right? |
| 16:08:36 | 17 | MR. RAM:  Not exactly, Your Honor.  The only |
| 16:08:38 | 18 | thing -- |
| 16:08:39 | 19 | I'm not arguing that you direct the State |
| 16:08:42 | 20 | Department to issue passports to the children. |
| 16:08:44 | 21 | THE COURT:  But you wanted me to change the |
| 16:08:47 | 22 | conditions of the bond that has been forfeited. |
| 16:08:55 | 23 | MR. RAM:  One condition, specifically, to the |
| 16:08:57 | 24 | extent that the bond puts any type of restriction on the -- |
| 16:09:02 | 25 | in this case, right, in this case, to the extent it puts any |

```
16:09:06   1    restriction on the children reapplying for passports with

16:09:09   2    their legal guardian now.  So, the State Department issued a

16:09:14   3    letter saying that this case --

16:09:18   4              THE COURT:  Well, one thing the government argued

16:09:22   5    I'd like you to comment on.  They're saying that, at least as

16:09:26   6    best I understood it, that the conditions of the bond are

16:09:34   7    still operable, they expect Ayvazyan to appear even though

16:09:38   8    the bond has been forfeited.

16:09:42   9              MR. RAM:  After today there are no more

16:09:44   10   proceedings in this case, Your Honor.

16:09:46   11             THE COURT:  Is that what you argued?  Maybe I

16:09:48   12   Ms. Understood it.

16:09:51   13             MS. AHN:  Yes, Your Honor.  Our argument is that

16:09:53   14   even though the money that was to ensure Mr. Ayvazyan, Ms.

16:09:58   15   Tarabalyan's appearance has been forfeited, that doesn't mean

16:10:01   16   that the bond order isn't entirely --

16:10:03   17             THE COURT:  I see.  And is there case authority

16:10:06   18   that supports that?

16:10:09   19             MS. AHN:  We could provide that to Your Honor.

16:10:11   20             THE COURT:  I'd like to see that briefed.

16:10:13   21             MS. AHN:  Yes, Your Honor.

16:10:14   22             THE COURT:  And serve, Mr. Ram, and give him a

16:10:19   23   chance to respond.

16:10:22   24             MS. AHN:  Yes, Your Honor.  And I would just point

16:10:24   25   out that the one remaining order is the theoretical surrender
```

| | | |
|---|---|---|
| 16:10:28 | 1 | date for Richard Ayvazyan and Marietta Terabelian.  Under the |
| 16:10:32 | 2 | ongoing conditions of the bonds, they are obligated to comply |
| 16:10:35 | 3 | with this Court's order to surrender by that date. |
| 16:10:38 | 4 | THE COURT:  Well, I'll set a date of next Monday, |
| 16:10:45 | 5 | whatever that day is. |
| 16:10:46 | 6 | MR. RAM:  If I'm not mistaken, Your Honor, I think |
| 16:10:48 | 7 | you've already ordered a surrender date at the last hearing. |
| 16:10:51 | 8 | THE COURT:  I thought I did, but maybe I didn't. |
| 16:10:51 | 9 | I don't know. |
| 16:10:55 | 10 | MS. AHN:  That is correct. |
| 16:10:55 | 11 | THE COURT:  I did order? |
| 16:10:59 | 12 | MS. AHN:  Yes, Your Honor. |
| 16:10:59 | 13 | THE COURT:  There are so many things going on. |
| 16:11:03 | 14 | All right, I'll await the briefing on this, |
| 16:11:07 | 15 | but I'll issue an order on the forfeiture. |
| 16:11:13 | 16 | MS. AHN:  Thank you, Your Honor. |
| 16:11:16 | 17 | THE COURT:  Thank you. |
| 16:11:16 | 18 | (Proceedings concluded.) |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

```
1                    C E R T I F I C A T E

2     I hereby certify that the foregoing is a true and correct

3     transcript of the stenographically recorded proceedings in

4     the above matter.

5     Fees charged for this transcript, less any circuit fee

6     reduction and/or deposit, are in conformance with the

7     regulations of the judicial conference of the united states.

8

9

10    /S/Anne Kielwasser
      _____       _12/16/2021_
11    Anne Kielwasser, CSR, RPR         Date
      Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**$**

**$450,000** [1] - 14:15

**/**

**/S/Anne** [1] - 23:10

**1**

**1** [6] - 7:23, 9:19, 11:17, 12:1, 12:12, 12:14
**1.5** [1] - 7:12
**1005** [1] - 18:10
**1006** [1] - 18:10
**10100** [1] - 3:17
**12/16/2021** [1] - 23:10
**1200** [1] - 3:3
**12th** [1] - 2:5
**1400** [1] - 2:10
**14th** [1] - 2:15
**16** [1] - 7:11
**18** [1] - 5:9
**19-10454** [1] - 15:23
**1900** [1] - 3:3
**1935** [1] - 3:13

**2**

**2** [1] - 11:25
**2.248** [1] - 12:4
**20** [1] - 5:9
**20-579** [2] - 1:10, 4:5
**20-point** [1] - 5:8
**2021** [2] - 1:17, 4:1
**213-439-9443** [1] - 3:4
**213-439-9599** [1] - 3:5
**213-528-3400** [1] - 3:9
**213-894-0141** [3] - 2:7, 2:12, 2:21
**213-894-0142** [1] - 2:17
**213-894-2400** [1] - 2:20
**213-894-2424** [1] - 2:11
**213-894-2426** [1] - 2:16
**213-894-6527** [1] - 2:6
**216** [1] - 3:13

**3**

**3.5** [5] - 5:2, 6:22, 7:6, 7:12, 11:16

**30** [1] - 12:10
**300** [1] - 3:17
**310-651-9960** [1] - 3:18
**310-772-2295** [1] - 3:19
**312** [4] - 2:5, 2:10, 2:15, 2:19
**3:40** [2] - 1:18, 4:1

**4**

**400** [1] - 13:25
**424-901-9280** [1] - 3:14
**450,000** [3] - 14:20, 15:13, 15:18

**5**

**5th** [2] - 3:3, 3:8

**6**

**6** [2] - 1:17, 4:1
**601** [1] - 3:8
**633** [1] - 3:3

**7**

**7** [1] - 4:5
**720** [1] - 3:8

**9**

**90012** [4] - 2:6, 2:11, 2:16, 2:20
**90067** [1] - 3:18
**90071** [2] - 3:4, 3:8
**91208** [1] - 3:13
**949-369-3701** [1] - 3:9

**A**

**able** [1] - 8:21
**absconding** [1] - 20:12
**absolute** [1] - 12:6
**access** [2] - 16:19, 16:21
**account** [1] - 16:19
**accounts** [1] - 16:17
**accurately** [1] - 9:2
**actual** [2] - 8:1, 8:3
**add** [3] - 11:14, 11:24, 12:3

**addition** [2] - 10:11, 14:13
**addresses** [1] - 12:25
**addressing** [1] - 5:19
**adduced** [1] - 12:21
**administration** [1] - 5:14
**admission** [1] - 8:20
**afternoon** [5] - 4:9, 4:13, 4:15, 4:18, 4:20
**afterwards** [1] - 16:2
**agreed** [1] - 11:21
**agreement** [2] - 10:13, 11:10
**ahead** [2] - 10:10, 19:3
**Ahn** [2] - 2:9, 4:12
**AHN** [10] - 17:3, 18:8, 19:4, 21:13, 21:19, 21:21, 21:24, 22:10, 22:12, 22:16
**Ahn's** [3] - 7:24, 11:17, 12:1
**al** [1] - 1:12
**aliases** [1] - 12:22
**alleged** [1] - 14:11
**allowed** [1] - 13:25
**Alpha** [1] - 3:13
**AMERICA** [2] - 1:8, 2:3
**America** [1] - 4:6
**amount** [13] - 5:1, 5:3, 6:7, 6:12, 6:22, 7:17, 8:11, 8:21, 9:1, 12:5, 16:21
**amounts** [11] - 6:8, 6:25, 7:1, 7:2, 7:4, 7:25, 9:23, 10:4, 11:14, 11:24
**Angeles** [8] - 1:17, 2:6, 2:11, 2:16, 2:20, 3:4, 3:8, 3:18
**Anne** [1] - 23:11
**ANNE** [1] - 1:23
**anne.kielwasser@ gmail.com** [1] - 1:25
**apparent** [1] - 12:3
**appeals** [3] - 5:5, 5:6, 5:14
**appear** [6] - 14:17, 18:1, 18:9, 19:13, 19:19, 21:7
**appearance** [1] - 21:15
**appearances** [1] - 4:8
**applied** [2] - 7:3, 17:17
**apportioned** [2] - 9:2, 11:5
**appropriate** [3] - 5:15,

12:5, 15:19
**appropriately** [1] - 17:12
**aram@steptoe.com** [1] - 3:5
**argued** [3] - 10:12, 21:4, 21:11
**arguing** [4] - 5:7, 20:10, 20:15, 20:19
**argument** [6] - 5:13, 8:16, 8:17, 17:10, 18:13, 21:13
**arguments** [2] - 14:7, 20:10
**Arthur** [4] - 4:7, 4:19, 4:21, 12:15
**ascertainable** [1] - 9:11
**Ashwin** [3] - 3:2, 4:13
**asset** [1] - 15:14
**assets** [1] - 16:6
**attack** [1] - 20:14
**attempting** [1] - 11:22
**attempts** [1] - 18:11
**Attorney** [6] - 2:4, 2:9, 2:14, 2:19, 3:12, 4:11
**attribution** [1] - 13:1
**AUSA** [6] - 2:4, 2:9, 2:14, 2:19, 4:11, 4:12
**authorities** [1] - 20:7
**authority** [1] - 21:17
**await** [1] - 22:14
**awarding** [1] - 5:8
**aware** [1] - 20:8
**AYVAZYAN** [1] - 1:12
**Ayvazyan** [17] - 4:7, 4:14, 4:19, 4:21, 4:23, 12:13, 12:15, 13:9, 17:17, 19:7, 19:12, 20:13, 20:16, 21:7, 21:14, 22:1

**B**

**bag** [1] - 14:1
**banks** [7] - 5:17, 6:9, 6:11, 6:13, 6:15, 6:23, 9:4
**based** [7] - 7:6, 8:21, 10:14, 10:15, 12:7, 12:16, 14:20
**basis** [2] - 7:6, 20:6
**became** [1] - 14:13
**BEHALF** [2] - 2:3, 3:1
**behalf** [4] - 4:4, 4:16, 20:15, 20:16
**best** [1] - 21:6

**beyond** [1] - 8:14
**Bienert** [1] - 3:7
**big** [1] - 14:8
**bit** [1] - 16:12
**bond** [15] - 17:11, 17:13, 17:14, 17:21, 19:1, 19:6, 19:9, 19:22, 20:11, 20:14, 20:22, 20:24, 21:6, 21:8, 21:16
**bonds** [2] - 18:14, 22:2
**bought** [1] - 16:3
**Boulevard** [1] - 3:17
**bound** [1] - 12:6
**BOYLE** [2] - 15:9, 16:11
**Boyle** [2] - 2:14, 4:12
**Brian** [2] - 2:18, 4:12
**brian.faerstein@ usdoj.gov** [1] - 2:21
**brief** [4] - 10:24, 14:4, 15:7, 15:11
**briefed** [3] - 10:12, 15:10, 21:20
**briefing** [1] - 22:14
**briefly** [3] - 9:15, 12:11, 14:2
**broad** [1] - 20:10
**bullet** [1] - 14:2
**burden** [3] - 10:19, 11:7, 11:20
**business** [1] - 5:14

**C**

**CA** [8] - 2:6, 2:11, 2:16, 2:20, 3:4, 3:8, 3:13, 3:18
**calculable** [2] - 9:21, 10:3
**calculate** [1] - 8:21
**calculating** [1] - 15:24
**calculation** [2] - 5:1, 6:21
**calculations** [1] - 7:11
**CALIFORNIA** [2] - 1:2, 1:25
**California** [1] - 1:17
**case** [12] - 5:13, 7:25, 10:3, 14:15, 17:21, 17:22, 18:6, 20:25, 21:3, 21:10, 21:17
**cases** [2] - 7:16, 7:18
**cash** [2] - 13:25, 14:18
**Catherine** [5] - 2:9, 4:11, 7:23, 11:17, 12:1
**catherine.s.ahn@**

**usdoj.gov** [1] - 2:12
**ceiling** [1] - 8:9
**CENTRAL** [2] - 1:2, 1:25
**certainly** [1] - 12:5
**certify** [1] - 23:2
**cetera** [3] - 8:24, 19:14
**chance** [1] - 21:23
**change** [1] - 20:21
**charged** [1] - 23:5
**charges** [1] - 14:12
**charitable** [2] - 7:12, 8:8
**charts** [1] - 12:17
**children** [10] - 17:8, 17:18, 17:21, 18:11, 18:15, 20:6, 20:12, 20:15, 20:20, 21:1
**children's** [5] - 17:14, 17:17, 17:24, 18:4, 20:4
**Christopher** [1] - 4:11
**Circuit** [1] - 15:24
**circuit** [1] - 23:5
**Circuit's** [2] - 15:22, 16:17
**cited** [1] - 7:16
**citing** [1] - 17:21
**civil** [2] - 6:16, 8:23
**clarify** [1] - 18:8
**clear** [3] - 14:14, 18:23, 20:2
**clearly** [1] - 17:5
**CLERK** [1] - 4:5
**client's** [1] - 20:11
**close** [1] - 11:16
**coconspirators** [1] - 12:23
**collect** [1] - 19:10
**column** [1] - 12:17
**comment** [1] - 21:5
**commit** [1] - 19:18
**companies** [1] - 12:23
**compelled** [1] - 6:13
**compensate** [1] - 10:24
**competing** [1] - 10:6
**comply** [1] - 22:2
**concede** [1] - 12:4
**concluded** [1] - 22:18
**condition** [1] - 20:23
**conditions** [8] - 17:14, 19:1, 19:22, 20:11, 20:14, 20:22, 21:6, 22:2
**conduct** [2] - 10:16, 11:1
**conduits** [1] - 12:24
**conference** [1] - 23:7

**conflating** [2] - 18:14, 19:5
**conformance** [1] - 23:6
**connection** [1] - 12:3
**consistent** [2] - 4:25, 8:11
**conspiracy** [7] - 9:25, 11:4, 11:12, 12:18, 12:22, 13:2, 14:11
**conspirator** [1] - 11:3
**context** [2] - 6:16, 14:16
**continue** [2] - 19:16, 19:20
**continued** [1] - 2:24
**control** [1] - 16:21
**controlling** [1] - 19:1
**converted** [1] - 14:18
**convicted** [3] - 10:1, 13:3, 20:6
**conviction** [4] - 11:15, 14:12, 14:19, 15:4
**correct** [6] - 8:2, 9:17, 13:10, 19:2, 22:10, 23:2
**Counsel** [1] - 4:8
**counsel** [4] - 4:10, 10:15, 18:13, 19:5
**Count** [1] - 13:2
**counts** [2] - 11:15, 14:12
**couple** [3] - 10:7, 13:5, 17:2
**course** [1] - 10:14
**COURT** [47] - 1:1, 1:24, 4:5, 4:22, 6:6, 6:20, 7:7, 7:16, 8:1, 8:13, 8:25, 9:16, 10:5, 10:10, 10:20, 11:2, 11:11, 11:19, 11:23, 12:9, 13:4, 13:14, 13:17, 14:5, 15:6, 16:10, 16:25, 17:4, 17:7, 18:7, 18:15, 18:20, 18:24, 19:3, 20:1, 20:9, 20:21, 21:4, 21:11, 21:17, 21:20, 21:22, 22:4, 22:8, 22:11, 22:13, 22:17
**court** [1] - 17:5
**Court** [24] - 1:24, 5:7, 7:10, 7:12, 7:13, 8:7, 8:9, 9:13, 10:12, 14:24, 15:5, 15:11, 15:18, 15:22, 15:25, 16:23, 17:11, 19:8, 19:11, 19:19, 19:21, 20:3, 20:6, 23:11

**Court's** [4] - 8:5, 11:22, 19:15, 22:3
**CR** [2] - 1:10, 4:5
**credit** [2] - 13:24, 15:18
**credits** [2] - 13:23, 13:25
**Crime** [1] - 2:10
**crime** [3] - 15:14, 15:25, 16:4
**Crimes** [2] - 2:5, 2:15
**crimes** [1] - 19:19
**critical** [1] - 8:20
**cross** [1] - 5:6
**cross-appeals** [1] - 5:6
**CRR** [1] - 1:23
**CSR** [2] - 1:23, 23:11

**D**

**Dadyan** [3] - 7:10, 7:11, 12:14
**Dan** [1] - 4:12
**Daniel** [1] - 2:14
**daniel.boyle2@ usdoj.gov** [1] - 2:17
**date** [4] - 22:1, 22:3, 22:4, 22:7
**Date** [1] - 23:11
**days** [3] - 10:7, 13:5, 17:2
**DECEMBER** [2] - 1:17, 4:1
**decide** [1] - 4:23
**decision** [3] - 15:16, 15:22, 16:18
**declaration** [2] - 11:17, 12:1
**defendant** [2] - 10:17, 16:5
**defendant's** [3] - 10:16, 10:25, 11:10
**DEFENDANTS** [1] - 3:1
**defendants** [10] - 1:13, 8:14, 9:25, 13:3, 15:20, 16:16, 16:18, 17:12, 19:23, 20:7
**defendants'** [1] - 13:6
**defense** [4] - 14:17, 14:19, 15:15, 16:15
**defense's** [1] - 15:1
**defer** [1] - 8:18
**deferred** [1] - 8:6
**denied** [1] - 17:20
**department** [1] - 17:19
**Department** [3] -

18:25, 20:20, 21:2
**deposit** [1] - 23:6
**derived** [1] - 14:18
**describe** [1] - 12:17
**described** [2] - 8:22, 18:10
**determinations** [1] - 14:10
**determine** [1] - 5:3
**different** [9] - 7:2, 7:3, 7:4, 7:5, 9:1, 11:20, 18:14, 19:5
**direct** [4] - 7:24, 9:8, 10:25, 20:19
**directly** [2] - 7:20, 10:25
**dirty** [1] - 16:3
**disagreement** [3] - 18:23, 20:3, 20:5
**disbursed** [4] - 6:1, 7:4, 9:20, 9:24
**discretion** [1] - 14:24
**dispute** [1] - 13:24
**disregard** [1] - 19:20
**distributed** [1] - 9:24
**DISTRICT** [4] - 1:1, 1:2, 1:24, 1:25
**DOJ** [1] - 4:11
**dollar** [1] - 7:6
**done** [2] - 8:15, 9:22
**Drug** [1] - 2:10
**due** [1] - 9:24
**during** [2] - 12:25, 14:9

**E**

**e-mail** [8] - 2:7, 2:12, 2:17, 2:21, 3:5, 3:10, 3:14, 3:19
**easily** [1] - 9:21
**ECF** [1] - 18:9
**EIDL** [1] - 5:24
**either** [2] - 9:3, 18:21
**Enforcement** [1] - 2:10
**enhancement** [1] - 5:8
**ensure** [2] - 19:7, 21:14
**entirely** [1] - 21:16
**entities** [1] - 7:3
**entitled** [1] - 5:21
**entries** [1] - 12:1
**entry** [1] - 18:9
**erred** [1] - 5:7
**essentially** [3] - 6:4, 15:15, 20:15
**establishes** [1] - 12:6
**et** [4] - 1:12, 8:23,

19:14
**evidence** [10] - 7:13, 7:14, 8:10, 11:7, 12:7, 12:20, 14:15, 14:18, 14:21, 16:13
**exactly** [2] - 9:5, 20:17
**excuse** [1] - 10:14
**Exhibit** [6] - 7:23, 9:19, 11:17, 12:1, 12:12, 12:14
**exhibits** [1] - 12:12
**exists** [1] - 20:5
**expect** [1] - 21:7
**expected** [1] - 19:13
**express** [1] - 8:14
**expressed** [1] - 7:23
**extensively** [1] - 15:11
**extent** [5] - 9:10, 17:25, 20:5, 20:24, 20:25

**F**

**fact** [2] - 8:9, 19:17
**factors** [1] - 8:22
**facts** [1] - 15:3
**Faerstein** [2] - 2:18, 4:12
**family** [1] - 18:12
**Fax** [7] - 2:7, 2:12, 2:17, 2:21, 3:5, 3:9, 3:19
**Federal** [1] - 1:24
**fee** [1] - 23:5
**fees** [1] - 23:5
**Fenton** [1] - 4:11
**filing** [1] - 7:24
**filings** [1] - 9:23
**final** [1] - 16:14
**finger** [1] - 16:15
**first** [3] - 13:23, 14:24, 15:13
**fit** [1] - 6:8
**flagrantly** [1] - 19:20
**flee** [1] - 19:8
**Floor** [2] - 2:5, 2:15
**floor** [1] - 8:8
**flux** [1] - 9:4
**follow** [1] - 14:6
**Force** [1] - 2:10
**foregoing** [1] - 23:2
**foreseeable** [1] - 11:1
**foreseeably** [1] - 11:9
**forfeited** [11] - 14:16, 14:20, 15:4, 15:14, 17:11, 17:13, 19:9, 20:11, 20:22, 21:8, 21:15
**forfeiture** [7] - 13:9,

13:20, 14:9, 15:1, 15:2, 19:6, 22:15
**Fraser** [4] - 3:7, 4:16, 8:19, 10:10
**FRASER** [8] - 4:15, 10:9, 10:11, 10:23, 11:6, 11:13, 11:21, 11:24
**fraud** [4] - 6:1, 9:24, 12:24, 12:25
**Fraud** [1] - 4:11
**fugitives** [1] - 19:17
**funded** [2] - 7:4, 10:1
**funds** [5] - 9:19, 9:20, 9:22, 9:23, 16:7

## G

**gambling** [1] - 16:7
**General** [2] - 2:5, 2:15
**given** [2] - 6:11, 6:25
**Glendale** [1] - 3:13
**government** [18] - 5:6, 5:13, 5:18, 8:19, 9:3, 9:22, 11:8, 12:8, 12:9, 14:21, 15:7, 15:17, 16:9, 18:20, 19:9, 19:21, 20:3, 21:4
**government's** [8] - 7:14, 8:4, 8:10, 10:19, 10:23, 11:6, 14:6, 14:15
**Government's** [2] - 7:23, 9:19
**greater** [1] - 7:17
**Gregorian** [1] - 16:16
**Group** [1] - 3:17
**guarantee** [1] - 6:4
**guardian** [4] - 17:17, 18:4, 18:16, 21:2
**Guideline** [1] - 5:1
**Guidelines** [1] - 7:15
**Guidelines's** [1] - 7:11

## H

**hard** [1] - 7:5
**hear** [2] - 13:21, 17:4
**heard** [3] - 5:18, 10:9, 17:5
**Hearing** [1] - 1:16
**hearing** [6] - 7:10, 8:6, 14:13, 17:10, 17:16, 22:7
**hearings** [3] - 8:5, 8:7, 19:19
**held** [3] - 16:20, 16:22,

17:15
**hereby** [1] - 23:2
**higher** [1] - 8:11
**home** [1] - 13:18
**Honor** [49] - 4:9, 4:13, 4:15, 4:18, 4:20, 5:19, 6:14, 6:25, 7:9, 7:22, 8:2, 8:12, 8:18, 9:9, 9:15, 10:2, 10:8, 10:9, 11:21, 12:11, 12:16, 12:19, 13:13, 14:3, 14:4, 14:8, 15:9, 15:10, 15:21, 16:4, 16:14, 16:22, 17:3, 17:6, 17:16, 18:8, 19:2, 19:4, 19:23, 19:25, 20:17, 21:10, 21:13, 21:19, 21:21, 21:24, 22:6, 22:12, 22:16
**HONORABLE** [1] - 1:4
**house** [2] - 13:24, 16:2
**hurdles** [1] - 6:2

## I

**inclination** [2] - 4:25, 5:11
**inclined** [2] - 5:3, 6:7
**includes** [4] - 12:21, 12:22, 12:23, 12:24
**inconsistent** [1] - 10:21
**incorporate** [1] - 13:5
**increased** [1] - 16:3
**individual** [1] - 7:1
**individualized** [1] - 6:8
**instance** [1] - 14:25
**instead** [1] - 5:16
**interests** [1] - 7:19
**involve** [1] - 7:19
**involved** [2] - 12:22, 13:18
**issuance** [3] - 17:20, 18:4
**issue** [14] - 8:20, 10:6, 13:4, 13:7, 13:10, 13:12, 13:20, 15:10, 15:13, 17:1, 17:7, 18:25, 20:20, 22:15
**issued** [1] - 21:2
**issues** [3] - 8:23, 18:14, 19:5
**Item** [1] - 4:5

## J

**Jennifer** [2] - 3:12, 4:19
**Johnson** [1] - 3:3
**joint** [1] - 10:18
**Jr** [1] - 3:16
**JUDGE** [1] - 1:4
**judgment** [6] - 13:6, 14:25, 15:2, 15:25, 16:5, 16:21
**judicial** [1] - 23:7
**judicious** [1] - 16:11
**jury** [6] - 11:12, 11:13, 11:19, 11:20, 14:9, 15:13
**jury's** [1] - 15:16

## K

**Katzman** [1] - 3:7
**keep** [1] - 13:14
**KIELWASSER** [1] - 1:23
**Kielwasser** [2] - 23:10, 23:11

## L

**laid** [1] - 14:3
**land** [1] - 9:5
**language** [1] - 8:8
**largely** [1] - 14:22
**last** [2] - 17:10, 22:7
**laundering** [1] - 14:12
**law** [3] - 11:12, 17:23, 20:7
**Law** [2] - 3:12, 3:17
**lawyers** [1] - 13:17
**least** [4] - 5:10, 14:17, 18:6, 21:5
**lectern** [2] - 13:22, 15:7
**legal** [1] - 21:2
**lender** [1] - 7:1
**lenders** [6] - 5:22, 6:2, 6:3, 6:18, 7:5, 9:20
**lengths** [1] - 12:15
**less** [2] - 11:25, 23:5
**lesser** [1] - 6:12
**letter** [1] - 21:3
**level** [1] - 5:2
**liabilities** [1] - 10:17
**liable** [2] - 16:20, 16:22
**lift** [1] - 19:11
**lifting** [1] - 19:21

**light** [2] - 6:21, 12:20
**limited** [2] - 7:18, 16:12
**line** [1] - 11:25
**linked** [2] - 14:11, 15:3
**links** [1] - 12:18
**listed** [3] - 9:19, 9:23, 10:3
**litigation** [2] - 8:23, 20:12
**Littrell** [1] - 3:7
**LLP** [2] - 3:3, 3:7
**loan** [4] - 7:2, 7:24, 9:23, 11:8
**loans** [7] - 5:25, 7:3, 10:1, 11:14, 12:15
**look** [5] - 11:17, 12:2, 15:22, 16:1, 16:2
**looks** [1] - 15:25
**Los** [8] - 1:17, 2:6, 2:11, 2:16, 2:20, 3:4, 3:8, 3:18
**lose** [1] - 9:3
**loser** [1] - 9:6
**loss** [11] - 5:1, 5:8, 5:12, 7:6, 7:12, 7:17, 8:1, 8:3, 8:9, 8:11, 9:1
**losses** [7] - 6:9, 7:22, 7:24, 10:14, 10:15, 10:25, 11:1
**lost** [1] - 18:3

## M

**mail** [8] - 2:7, 2:12, 2:17, 2:21, 3:5, 3:10, 3:14, 3:19
**major** [1] - 13:21
**Mariata** [2] - 12:13, 19:8
**Marietta** [5] - 4:7, 4:16, 12:2, 19:12, 22:1
**matter** [4] - 5:21, 17:1, 17:23, 23:4
**matters** [3] - 4:22, 16:3, 19:14
**maximum** [1] - 12:6
**mean** [6] - 6:6, 13:22, 17:7, 18:17, 18:20, 21:15
**means** [1] - 18:3
**mechanism** [1] - 6:16
**mere** [1] - 19:17
**Mesereau** [3] - 3:16, 3:17, 4:21
**MESEREAU** [1] - 4:20
**mesereau@**

**mesereaulaw.com** [1] - 3:19
**met** [1] - 18:11
**might** [1] - 5:6
**million** [7] - 5:2, 5:9, 6:22, 7:6, 11:16, 11:25, 12:4
**million-dollar** [1] - 7:6
**mind** [1] - 10:6
**mistaken** [1] - 22:6
**misunderstood** [1] - 10:22
**moment** [2] - 13:15, 14:6
**MONDAY** [2] - 1:17, 4:1
**Monday** [1] - 22:4
**money** [15] - 5:23, 5:24, 6:1, 6:17, 6:18, 14:11, 14:25, 15:2, 15:24, 16:3, 16:5, 16:19, 16:20, 19:7, 21:14
**Monica** [1] - 3:17
**Motion** [1] - 1:16
**MR** [40] - 4:9, 4:13, 4:15, 4:20, 5:19, 6:14, 6:24, 7:9, 7:22, 8:2, 8:18, 9:9, 9:15, 9:17, 10:8, 10:9, 10:11, 10:23, 11:6, 11:13, 11:21, 11:24, 12:11, 13:11, 13:16, 14:3, 14:8, 15:9, 16:11, 17:6, 17:9, 18:18, 18:22, 19:2, 19:25, 20:2, 20:17, 20:23, 21:9, 22:6
**MS** [11] - 4:18, 17:3, 18:8, 19:4, 21:13, 21:19, 21:21, 21:24, 22:10, 22:12, 22:16

## N

**new** [3] - 6:21, 17:17, 18:25
**next** [4] - 2:24, 10:7, 17:2, 22:4
**Ninth** [3] - 15:22, 15:24, 16:17
**NO** [1] - 1:10
**North** [4] - 2:5, 2:10, 2:15, 2:19
**nuanced** [1] - 17:9
**number** [2] - 4:22, 5:10

## O

**obligated** [1] - 22:2
**obligation** [1] - 19:18
**obtain** [1] - 18:11
**obtained** [2] - 14:11, 14:18
**obviously** [1] - 19:9
**OF** [6] - 1:2, 1:8, 1:25, 2:3, 3:1
**offenses** [2] - 14:19, 15:3
**office** [2] - 17:15, 17:20
**Office** [4] - 2:4, 2:9, 2:14, 2:19
**official** [1] - 23:11
**Official** [1] - 1:24
**ON** [2] - 2:3, 3:1
**One** [1] - 13:2
**one** [7] - 12:12, 13:7, 17:13, 19:6, 20:23, 21:4, 21:25
**ones** [1] - 12:2
**ongoing** [1] - 22:2
**operable** [1] - 21:7
**opportunity** [2] - 8:14, 15:7
**oppose** [1] - 19:21
**opposes** [1] - 20:3
**order** [15] - 5:16, 6:3, 6:10, 9:7, 10:6, 10:16, 11:8, 13:4, 14:25, 17:2, 21:16, 21:25, 22:3, 22:11, 22:15
**ordered** [5] - 9:10, 10:17, 12:7, 19:19, 22:7
**orders** [1] - 19:20
**Organized** [1] - 2:10
**otherwise** [2] - 17:15, 19:20
**ought** [1] - 12:6
**ourselves** [1] - 16:12
**out-of-pocket** [1] - 5:22
**owed** [1] - 8:21
**own** [1] - 8:20

## P

**P.M** [2] - 1:18, 4:1
**PAETTY** [11] - 4:9, 5:19, 6:14, 6:24, 7:9, 7:22, 8:2, 9:15, 9:17, 10:8, 12:11
**Paetty** [3] - 2:4, 4:10,

8:22
**page** [1] - 2:24
**paid** [3] - 5:12, 6:4, 7:1
**part** [1] - 5:25
**particular** [1] - 10:16
**parties** [1] - 10:13
**party** [1] - 5:20
**passport** [5] - 13:12, 17:19, 17:21, 17:24, 20:4
**passports** [16] - 17:3, 17:8, 17:14, 17:18, 18:1, 18:2, 18:4, 18:5, 18:9, 18:11, 18:15, 18:19, 18:21, 18:25, 20:20, 21:1
**peculiar** [2] - 4:23, 13:8
**percentage** [1] - 7:6
**personal** [2] - 14:25, 15:1
**persons** [1] - 12:21
**pertains** [1] - 12:14
**phase** [1] - 14:9
**picture** [1] - 14:8
**pieces** [1] - 14:10
**pithy** [2] - 8:16, 8:18
**place** [3] - 6:3, 17:11, 19:22
**plaintiff** [1] - 1:10
**plus** [1] - 7:11
**pocket** [1] - 5:22
**point** [9] - 5:20, 8:13, 9:5, 9:6, 9:18, 14:23, 15:21, 16:14, 16:15, 21:24
**pointed** [1] - 17:16
**points** [3] - 13:21, 14:2, 16:15
**portion** [1] - 6:11
**position** [1] - 15:1
**positions** [1] - 10:6
**possible** [1] - 16:16
**post** [1] - 19:14
**post-sentencing** [1] - 19:14
**PPP** [1] - 5:25
**Prasad** [2] - 15:23
**preponderance** [1] - 11:7
**present** [5] - 4:10, 4:14, 4:17, 4:19, 18:15
**presented** [1] - 14:21
**PRESIDING** [1] - 1:4
**presumably** [1] - 6:12
**pretrial** [1] - 19:12
**previous** [1] - 7:10
**previously** [1] - 10:12

**pro** [1] - 15:19
**probation** [4] - 17:15, 17:25, 18:8, 18:10
**Proceedings** [2] - 1:16, 22:18
**proceedings** [2] - 21:10, 23:3
**proceeds** [6] - 14:16, 15:14, 15:25, 16:1, 16:4
**proper** [1] - 13:1
**property** [2] - 14:10, 15:3
**proportionate** [1] - 6:21
**proposed** [1] - 15:17
**provide** [1] - 21:19
**proximate** [1] - 10:25
**punish** [1] - 20:6
**pushed** [1] - 5:24
**put** [2] - 5:9, 12:8
**puts** [2] - 20:24, 20:25

## Q

**questions** [3] - 9:14, 15:12, 16:23
**quick** [1] - 12:10
**quite** [2] - 7:7, 16:12

## R

**raise** [1] - 16:14
**ram** [1] - 10:13
**Ram** [6] - 3:2, 4:13, 13:22, 17:4, 18:16, 21:22
**RAM** [18] - 4:13, 8:18, 9:9, 13:11, 13:16, 14:3, 14:8, 17:6, 17:9, 18:18, 18:22, 19:2, 19:25, 20:2, 20:17, 20:23, 21:9, 22:6
**range** [1] - 7:15
**rata** [1] - 15:19
**re** [2] - 17:20, 18:4
**re-issuance** [2] - 17:20, 18:4
**read** [3] - 12:16, 12:18, 12:20
**readily** [3] - 8:21, 9:11, 10:3
**reading** [1] - 13:1
**realize** [1] - 5:5
**really** [1] - 9:21
**reapplying** [1] - 21:1
**reapportion** [1] - 7:5

**reason** [2] - 5:20, 16:4
**reasonable** [1] - 11:1
**reasonably** [1] - 11:9
**reasons** [1] - 17:12
**recent** [1] - 15:22
**reconsideration** [1] - 15:16
**record** [2] - 9:17, 12:8
**recorded** [1] - 23:3
**recoup** [1] - 6:17
**recovered** [1] - 16:8
**reduced** [1] - 6:12
**reduction** [1] - 23:6
**referenced** [1] - 12:2
**refresh** [1] - 14:5
**refusing** [1] - 18:25
**regard** [2] - 7:8, 9:10
**regulations** [1] - 23:7
**regulatory** [1] - 6:2
**reimburse** [1] - 6:13
**reissued** [1] - 18:6
**relate** [1] - 4:24
**related** [1] - 18:6
**relied** [1] - 14:21
**relief** [1] - 17:25
**relieve** [1] - 19:18
**remain** [2] - 4:25, 19:22
**remaining** [2] - 13:12, 21:25
**remains** [1] - 13:7
**removed** [1] - 18:5
**removing** [1] - 20:4
**repaid** [1] - 6:6
**Reporter** [1] - 1:24, 23:11
**Reporter's** [1] - 1:16
**requirements** [1] - 19:15
**resistance** [1] - 18:12
**respond** [4] - 9:15, 11:22, 19:25, 21:23
**response** [1] - 18:7
**responsible** [1] - 11:3
**rest** [2] - 13:18, 16:23
**restating** [1] - 11:11
**restitution** [23] - 4:24, 5:3, 5:21, 6:11, 7:17, 8:6, 8:21, 9:7, 9:8, 9:10, 9:14, 9:18, 10:2, 10:15, 10:16, 10:18, 10:24, 11:4, 11:8, 11:19, 12:5, 12:7, 13:1
**restricted** [1] - 17:15
**restriction** [4] - 17:24, 20:4, 20:24, 21:1
**restrictions** [3] - 18:3, 18:5, 19:12

**result** [1] - 10:2
**resulting** [2] - 10:15, 10:25
**return** [1] - 18:2
**rfraser@bklwlaw. com** [1] - 3:10
**Richard** [12] - 4:6, 4:14, 4:23, 12:13, 13:8, 13:9, 17:8, 19:7, 19:12, 20:16, 22:1
**RICHARD** [1] - 1:12
**risk** [1] - 8:23
**Road** [1] - 3:13
**Robinson** [2] - 14:14, 14:22
**role** [1] - 11:4
**RPR** [2] - 1:23, 23:11
**Ryan** [2] - 3:7, 4:15

## S

**Santa** [1] - 3:17
**SBA** [10] - 5:20, 5:24, 6:4, 6:13, 6:14, 6:17, 6:18, 9:4, 9:12
**scheme** [6] - 6:1, 9:24, 10:2, 12:24, 12:25
**scope** [1] - 11:9
**Scott** [2] - 2:4, 4:9
**Scott.Paetty@usdoj. gov** [1] - 2:7
**search** [1] - 14:1
**second** [1] - 16:15
**seconds** [1] - 12:10
**Section** [3] - 2:5, 2:10, 2:15
**see** [7] - 5:10, 11:23, 15:6, 18:24, 19:3, 21:17, 21:20
**seek** [1] - 19:9
**seeking** [1] - 16:9
**seeks** [2] - 10:24, 11:8
**seem** [2] - 7:18, 7:20
**seized** [1] - 15:4
**sense** [1] - 20:10
**sentence** [1] - 13:6
**sentencing** [4] - 8:7, 17:11, 17:16, 19:14
**sentencings** [1] - 19:13
**serve** [1] - 21:22
**set** [2] - 8:9, 22:4
**setting** [1] - 20:9
**settled** [1] - 6:15
**several** [1] - 10:18
**Shannon** [2] - 14:14, 14:22
**show** [1] - 11:7

**significant** [1] - 5:25
**slightly** [2] - 9:1, 17:9
**small** [1] - 5:14
**someone** [2] - 9:2, 11:2
**somewhere** [1] - 9:6
**sought** [1] - 15:15
**specific** [4] - 9:8, 11:4, 14:10, 15:3
**specifically** [1] - 20:23
**spending** [1] - 16:19
**spent** [3] - 16:6, 16:7
**Spring** [4] - 2:5, 2:10, 2:15, 2:19
**stand** [2] - 5:22, 17:1
**standing** [1] - 20:14
**State** [3] - 18:24, 20:19, 21:2
**state** [3] - 4:8, 17:19, 20:9
**statements** [1] - 8:5
**states** [1] - 23:7
**States** [4] - 4:6, 4:10, 15:23, 16:18
**STATES** [4] - 1:1, 1:8, 1:24, 2:3
**stay** [1] - 13:19
**stenographically** [1] - 23:3
**STEPHEN** [1] - 1:4
**Steptoe** [1] - 3:3
**still** [4] - 13:7, 19:13, 19:15, 21:7
**straighten** [1] - 10:21
**straightforward** [1] - 17:10
**Street** [6] - 2:5, 2:10, 2:15, 2:19, 3:3, 3:8
**strikes** [1] - 10:20
**subject** [1] - 20:12
**submit** [4] - 6:21, 7:9, 9:13, 20:5
**submitted** [2] - 8:10, 17:1
**substantive** [1] - 11:15
**successful** [1] - 5:7
**suggested** [1] - 7:14
**suggesting** [2] - 6:10, 11:2
**Suite** [6] - 2:10, 2:19, 3:3, 3:8, 3:13, 3:17
**Sun** [1] - 2:9
**supervision** [1] - 19:15
**support** [1] - 7:17
**supports** [4] - 7:13, 7:14, 8:11, 21:18
**supposed** [1] - 19:7

**surrender** [3] - 21:25, 22:3, 22:7

**T**

**table** [1] - 4:10
**Tamara** [1] - 7:10
**Tamari** [1] - 12:14
**tangentially** [1] - 7:21
**Tarabalyan** [2] - 12:14, 19:8
**Tarabalyan's** [1] - 21:15
**Task** [1] - 2:10
**Terabelian** [5] - 4:7, 4:16, 12:3, 19:13, 22:1
**terminated** [1] - 17:22
**terms** [2] - 5:12, 17:25
**testimony** [2] - 14:14, 14:22
**THE** [46] - 2:3, 3:1, 4:22, 6:6, 6:20, 7:7, 7:16, 8:1, 8:13, 8:25, 9:16, 10:5, 10:10, 10:20, 11:2, 11:11, 11:19, 11:23, 12:9, 13:4, 13:14, 13:17, 14:5, 15:6, 16:10, 16:25, 17:4, 17:7, 18:7, 18:15, 18:20, 18:24, 19:3, 20:1, 20:9, 20:21, 21:4, 21:11, 21:17, 21:20, 21:22, 22:4, 22:8, 22:11, 22:13, 22:17
**themselves** [2] - 6:2, 8:14
**theoretical** [1] - 21:25
**they've** [1] - 8:15
**Thomas** [2] - 3:16, 4:20
**thousand** [1] - 13:25
**throughout** [1] - 7:4
**today** [4] - 5:22, 8:6, 15:17, 21:9
**Tompson** [1] - 16:18
**top** [1] - 5:2
**tracing** [2] - 14:22, 16:11
**transcript** [2] - 23:3, 23:5
**Transcript** [1] - 1:16
**transference** [1] - 8:23
**Trial** [1] - 4:11
**trial** [3] - 12:21, 14:9, 16:12
**true** [1] - 23:2
**turning** [1] - 13:20

**two** [4] - 12:12, 12:17, 18:14, 19:5
**type** [1] - 20:24

**U**

**ultimately** [2] - 6:14, 9:11
**unclear** [2] - 6:24, 14:19
**under** [5] - 15:2, 16:17, 19:15, 20:7, 22:1
**underscored** [1] - 8:19
**understood** [2] - 21:6, 21:12
**UNITED** [4] - 1:1, 1:8, 1:24, 2:3
**United** [4] - 4:6, 4:10, 15:23, 16:18
**united** [1] - 23:7
**unless** [4] - 9:13, 11:4, 13:19, 15:11
**up** [3] - 11:14, 12:4, 16:5
**US** [4] - 2:4, 2:9, 2:14, 2:19

**V**

**vacuum** [2] - 12:16, 12:18
**value** [1] - 16:3
**variety** [1] - 8:22
**Vaughan** [1] - 3:7
**versa** [1] - 6:19
**versus** [2] - 4:6, 15:23
**vice** [1] - 6:18
**victim** [3] - 5:13, 6:23, 10:24
**victims** [2] - 9:8, 9:18
**view** [1] - 19:1
**visas** [1] - 18:16
**vS** [1] - 1:11

**W**

**walk** [1] - 14:1
**wants** [1] - 15:18
**warranted** [1] - 15:2
**wasted** [1] - 16:6
**ways** [1] - 5:14
**West** [2] - 3:3, 3:8
**whole** [1] - 9:18
**wife** [2] - 17:8, 20:13
**Williams** [1] - 3:7
**WILSON** [1] - 1:4

**Wirsching** [2] - 3:12, 4:19
**WIRSCHING** [1] - 4:18
**Wirschinglaw@ outlook.com** [1] - 3:14
**wish** [2] - 8:15, 13:17
**withholding** [1] - 17:7