Carlo Brooks, CA Bar # 316485
3826 Grand View Boulevard, Suite 661472
Los Angeles, CA 90066
(310) 691-9373
carlo@carlobrooks.com

Attorney for Surety,
GOHAR ABELIAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

RICHARD AYVAZYAN, *et al.*,

*Defendants*.

Case No.: 2:20-cr-579-SVW

**REPLY IN SUPPORT OF SURETY GOHAR ABELIAN'S MOTION TO SET ASIDE BOND FORFEITURE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 46(f)(2) AND FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

Judge: Hon. Stephen V. Wilson
Hearing Date: May 8, 2023
Time: 11:00 a.m.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

The government does not dispute that this Court has considerable latitude in managing the parties' motion practice and enforcing local rules by declining to consider untimely briefs. Yet the government has filed an untimely opposition in which it requests leave, for no cause shown, to file an untimely motion for entry of bond forfeiture judgment against Ms. Abelian.

The government also does not seriously dispute that Ms. Abelian qualifies for relief under the non-exclusive factors the Ninth Circuit considers in determining whether the court should exercise its discretion to set aside or remit the forfeiture of a bond. The government's opposition fails to disturb any of Ms. Abelian's key arguments. Accordingly, Ms. Abelian's arguments should be sustained, and the Court should set aside or remit the forfeiture of the bonds as to Ms. Abelian

## I. THIS COURT SHOULD REJECT THE GOVERNMENT'S OPPOSITION AS UNTIMELY UNDER THE LOCAL RULES

Ms. Abelian filed the Motion under seal on March 28, 2023 and provided notice to the government that the Motion would be heard by this Court on May 2, 2023, or as soon thereafter as counsel may be heard. (Dkt. 1362 at 1.) On April 6, 2023, the Court issued a Scheduling Notice granting the Application to Seal and setting the Motion to Set Aside for hearing on May 8, 2023 at 11:00 a.m. (Dkt. 1366.)

Pursuant to Local Rule 7-9, the government was required to file and serve either an opposition brief or a written statement that the government does not oppose the Motion no later than twenty-one (21) days before the date designated for the hearing of the Motion. The government's deadline was therefore April 17, 2023. Nevertheless, the government unapologetically filed its opposition on April 21, 2023.

The Court has discretion to decline to consider an untimely opposition and to deem a failure to file a timely opposition to constitute consent to the granting of a motion. *See* L.R. 7-12; *LeSter v. Safeco Ins. Co. of Am.*, No. CV 21-6387-RSWL(Ex), 2022 U.S. Dist. LEXIS 235727, at *2 (C.D. Cal. Aug. 23, 2022); *see also Hamilton v. Exec. Process, LLC*, 828 F. App'x 415, 415 (9th Cir. 2020) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)) ("The district court did not abuse its discretion in rejecting Hamilton's summary judgment response as untimely under its local rules. . . . [The] 'district court has considerable latitude in managing the parties' motion practice and enforcing local rules'.")

Therefore, in keeping with its prior decisions in this regard, the Court should deem the government's unexcused tardiness as "consent to the granting . . . of the motion." *Potter v. H & R Block*, No. 2:16-cv-00470-SVW-AFM, 2016 U.S. Dist. LEXIS 204042, at *3-4 (C.D. Cal. Mar. 2, 2016).

\\\

\\\

## II. MS. ABELIAN HAS SHOWN THAT APPLICATION OF THE NINTH CIRCUIT'S SIX-FACTOR TEST SUPPORTS SETTING ASIDE THE BOND JUDGMENT

The Ninth Circuit considers six *non-exclusive* factors in determining whether the court should exercise its discretion to set aside or remit the forfeiture of a bond:

> 1) the defendant's willfulness in breaching a release condition;
> 2) the sureties' participation in apprehending the defendant;
> 3) the cost, inconvenience, and prejudice suffered by the government;
> 4) mitigating factors;
> 5) whether the surety is a professional or a member of the family or a friend, and
> 6) the appropriateness of the amount of the bond.

*United States v. Amwest Sur. Ins. Co.*, 54 F.3d 601, 603 (9th Cir. 1995) (citations omitted); *see also United States v. Nguyen*, 279 F.3d 1112, 1115-16 (9th Cir. 2002).

Not all of the factors need to be resolved in the surety's favor in order grant a request to set aside or remit the bond. *Amwest*, 54 F.3d at 603; *United States v. Dobadzhyan*, 708 F. App'x 915, 916 (9th Cir. 2017) (finding that four factors weighed in favor of forfeiture, one factor weighed against forfeiture, and one factor was irrelevant, district court "acted well within its considerable discretion" in remitting all of the appearance bond and half of the real estate bond secured by defendant, his ex-wife, and his daughter, based on "the burden on Dobadzhyan's family members" and "the consequences a forfeiture may have on the sureties.") In weighing the factors, the court is guided by the primary purposes of the Bail

Reform Act: ensuring the defendant's appearance in court and observance of the release conditions. *United States v. Vaccaro*, 51 F.3d 189, 192-93 (9th Cir. 1995).

**Ms. Abelian's family-member status weighs heavily in support of the her position**

The government concedes Ms. Abelian played no role in the defendants' breach of their release conditions. *See* Opp. at 4-5. Accordingly, defendants' willfulness in breaching those conditions is irrelevant as it cannot be imputed to the Surety. The circumstances in *United States v. Nguyen* are simply not present here, and the Surety's status as a family member and the guardian of defendants' children – who are obviously innocent in this affair – must be given full weight.

Tellingly, the government does not dispute this fact; it merely reiterates the dictum from *Nguyen* that a bond surety's status as a family member of the defendant is not "dispositive." *Id.* at 10. However, the government does not dispute that family-member status weighs heavily in support of the Surety's position. As stated in *Vaccaro*, the primary purpose of the Bail Reform Act is to ensure the defendant's appearance in court, not to punish his innocent family members. The government knows this. As such, the Court should grant relief.

\\\

\\\

\\\

**Whether the FBI case agent received assistance from Ms. Abelian is of little significance**

The government appears to make much hay of its claim that the "FBI case agent did not receive any assistance from Abelian in his efforts to locate Defendants." *Id.* at 5 n. 5. It states it will "obtain a declaration regarding this factual statement from the FBI case agent." *Id.* However, even if the Court were to consider the government's untimely opposition, it should reject any attempt by the government to introduce an 11th hour self-serving declaration into these proceedings. Aside from its untimeliness, such declaration would serve no purpose, as there is no indication Ms. Abelian was in any position to help locate the defendants overseas.

**The Surety's does not claim her lack of financial resources should excuse the *defendants'* liability for any bond violation**

The government references several scabrous articles from the press as "factors that argue in favor of forfeiture." *Id.* at 10; *id.*, n. 9, 10. These articles supposedly support the proposition that the "deterrence value" of "total forfeiture" is "especially important in high-profile criminal cases." *Id.* at 10. Yet whether defendants' actions "generated considerable media exposure" is irrelevant to Ms. Abelian's qualifications for relief under Ninth Circuit law. Through no fault of her own, Ms. Abelian has been disserved by negative media exposure, not aided by it;

as it makes it that much harder for Ms. Abelian to generate the income needed to care for herself and defendants' children.

## III. THE COURT SHOULD NOT PERMIT THE GOVERNMENT TO FILE AN UNTIMELY MOTION FOR ENTRY OF BOND FORFEITURE JUDGMENT AGAINST MS. ABELIAN

The government admits it "does not object if the Court issues an order vacating the Bond Forfeiture Judgments without prejudice (as to Abelian only) and denies her motion without prejudice." *Id.* at 14 n. 7. The government thus concedes it cannot dispute that Ms. Abelian was not served with the bail bond forfeiture papers. If it could dispute this, it would.

Based upon this key concession, Ms. Abelian should not be held liable for the bail bond forfeitures. Yet the government seeks leave to file a "new motion" so the Court can "consider anew whether to enter such judgments against Abelian." *Id.* Yet such a motion for the entry of bond forfeiture judgment was *never filed* against Ms. Abelian. The government is untimely to file such a motion now.

Based on the government's concession, the Court should issue an order vacating the bond forfeiture judgments as to Ms. Abelian. However, it should estop the government from filing an untimely – and improper – motion for entry of bond forfeiture judgment against Ms. Abelian.

\\\

## IV. CONCLUSION

For the reasons set forth above, the Court should exercise its discretion to set aside or remit the forfeiture of the bonds as to Ms. Abelian.

Dated: April 24, 2023

Respectfully submitted,

*/s/ Carlo Brooks*

Carlo Brooks, Esq.
3826 Grand View Bl, Ste 661472
Los Angeles, CA 90066
(310) 691-9373
carlo@carlobrooks.com

*Attorney for Surety*,
Gohar Abelian

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this document and its attachments on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: April 24, 2023

Respectfully submitted,

*/s/ Carlo Brooks*
Carlo Brooks, Esq.