E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-579(A)-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF MOTION AND MOTION TO AMEND PERSONAL MONEY JUDGMENT TO FORFEIT SUBSTITUTE PROPERTY; DECLARATION OF IRS-CI SPECIAL AGENT GEFFREY CLARK |
| v. | |
| RICHARD AYVAZYAN, Aka "Richard Ayazian" and "Iuliia Zhadko," et al. | |
| Defendant. | [Proposed] ORDER FILED SEPARATELY |
| | DATE:        June 26, 2023 |
| | TIME:        11:00 a.m. |
| | LOCATION:    Courtroom of the Hon. Stephen V. Wilson |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Dan G. Boyle, hereby
moves to amend the *in personam* Money Judgment of Forfeiture entered
against defendant Richard Ayvazyan ("defendant") on October 27, 2021
(ECF No. 1087), as amended on December 17, 2021 (ECF No. 1219) to

1 | authorize the forfeiture of substitute assets pursuant to 21 U.S.C.
2 | § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3 |      This motion is based upon the accompanying memorandum of points
4 | and authorities, the accompanying declaration of IRS-CI Special Agent
5 | Geffrey Clark and exhibits thereto, the files and records in this
6 | case, and such further evidence and argument as the Court may permit.

7 |      On May 22, 2023 I contacted counsel to defendant Ayvazyan and
8 | notified him of the substance of this motion, and counsel indicated
9 | that defendant did not consent to the relief requested.

Dated: May 23, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


   /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3    On June 25, 2021, defendant and three of his coconspirators were

4 convicted by a jury sitting in this district on multiple felony

5 counts, including conspiracy to commit wire fraud and bank fraud,

6 wire fraud, bank fraud, aggravated identity theft, and conspiracy to

7 commit money laundering. After his post-conviction motions were

8 denied, defendant cut his ankle monitor and fled the country, leaving

9 behind his three minor children, but bringing his spouse, his dog,

10 and two luxury automobiles – a 2015 Range Rover and a 2015 BMW (the

11 "Fugitive Vehicles"). Roughly five months later and after an

12 international manhunt, defendant was located and arrested in

13 Montenegro with the assistance of Montenegrin authorities, who seized

14 the Fugitive Vehicles during his arrest, and he was ultimately

15 extradited to the United States.

16    While defendant was a fugitive, this Court sentenced defendant

17 *in absentia*, imposing a sentence of seventeen years' incarceration,

18 and as is relevant here, a money judgment of forfeiture in the amount

19 of $1,393,300 (the "Money Judgment"). Furthermore, while defendant

20 was hiding abroad, government agents identified another vehicle owned

21 by defendant through a shell corporation, a 2017 Land Rover (the

22 "2017 Vehicle," and collectively with the Fugitive Vehicles, the

23 "Vehicles").

24    The government now moves to amend the Money Judgment in order to

25 forfeit the Vehicles as substitute property. Federal Rule of Criminal

26 Procedure 32.2(e)(1) provides that "[o]n the government's motion, the

27 court may at any time … amend an existing order of forfeiture to

28 include property that … is substitute property that qualifies for

forfeiture under an applicable statute." The Money Judgment echoes this authority, authorizing the government to, "at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property." Section 853(p) of Title 21 further authorizes the Court to "order the forfeiture of any property of the defendant" where, as here, certain conditions are satisfied.

Based on the facts described below, and in the accompanying Declaration of IRS-CI Special Agent Geffrey Clark (the "Clark Decl."), the government requests that the Vehicles be ordered forfeited, and the assessed value be applied in partial satisfaction of the Money Judgment.

**II.   FACTUAL BACKGROUND**

*Defendant's Criminal Conviction and Money Judgment*

On June 25, 2021, defendant was convicted by jury of 23 felony counts, including conspiracy to commit wire fraud and bank fraud (Count 1), wire fraud (Counts 2-12), bank fraud (Counts 13-20), aggravated identity theft (Counts 21-22), and conspiracy to commit money laundering (Count 26). See ECF No. 1360 (3/2/23 Order denying Defendant's Mot. to Vacate), at 1.

Following defendant's conviction, on July 28, 2021, this Court held a two-day hearing on defendant's motion under Kastigar v. United States, and on August 20, 2021, denied defendant's Kastigar motion, concluding that untainted evidence against defendant was "overwhelming." Id. at 1; see also ECF No. 874.

Following the denial of his Kastigar motion, defendant absconded, along with his spouse and co-defendant, Marietta Terebelian ("Terebelian"). See ECF No. 1360, at 1-2. Defendant was then sentenced *in absentia* on November 15, 2021 to seventeen years'

incarceration, and the court reserved decision on the amount of restitution owed and the calculation of the amount of a money judgment of forfeiture. See ECF No. 1233. On December 27, 2021, following further briefing, the Court set defendant's restitution at $17,723,141.26, and the amount of his money judgment at $1,393,300 (which amended an earlier-set money judgment amount). See ECF Nos. 1089, 1219. The Money Judgment further provided that the government was allowed to "at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property," not to exceed an amount of $1,393,300 (as amended). Id.

### *Defendant's Flight and Seizure of the Fugitive Vehicles*

As noted above, defendant was not present for his sentencing – although his counsel continue to vigorously litigate all aspects of it — because had absconded. After a diligent manhunt, the government discovered that defendant had fled the country under a false Mexican passport and settled into a bayside villa in Montenegro under the assumed name "Roberto Niko de Leon." See ECF No. 1360, at 1-2.

In conjunction with Montenegrin authorities, defendant was arrested on or about February 23, 2022. Upon defendant's arrest, authorities discovered that, while defendant had left his minor children behind when we fled, he had brought his spouse, his dog, and as is most relevant here, two luxury vehicles: (1) a 2015 Land Rover Range Rover bearing VIN: SALGS3TF1FA203033, and (2) 2015 BMW M3 bearing VIN: WBS3R9C55FK335212 (the Fugitive Vehicles). See Declaration of IRS-CI Special Agent Geffrey Clark ("Clark Decl."), ¶ 2. The present assessed value of these vehicles are $32,984 and $19,749, respectively. See Clark Decl., ¶ 10. The Fugitive Vehicles were seized upon defendant's arrest, and remain in the custody of

1  Montenegrin law enforcement, where they will remain pending
2  resolution of this Motion. See Clark Decl., ¶ 2-3. If the Motion is
3  granted, the Fugitive Vehicles are expected to be transferred to the
4  custody of U.S. authorities in Montenegro through the U.S. Embassy in
5  that country.

6      *The 2017 Vehicle*

7      Following defendant's sentencing and imposition of the Money
8  Judgment, the government continued to investigate whether defendant
9  had domestic assets which might be used to satisfy his financial
10  obligations. Investigating agents learned that, using a shell company
11  named Ayva Holding Inc. ("AHI"), and an address in Glendale,
12  California, defendant had purchased and registered a 2017 Land Rover
13  Range Rover bearing VIN: SALGS2FE5HA320873 (the 2017 Vehicle). See
14  Clark Decl., Exhibits 1-2. The present assessed of the 2017 Vehicle
15  is $ 59,540. See Clark Decl., ¶ 10.

16      The 2017 Vehicle remains titled in the name of AHI. See Clark
17  Decl., ¶ 9. According to the California Secretary of State, AHI was
18  first registered on May 19, 2020, at an address associated with
19  defendant in Encino, California, and the registered agent for AHI
20  remains defendant, with an address in Tarzana, California. See Clark
21  Decl., ¶ 8. This Tarzana address is the same property which the jury
22  in defendant's trial found was purchased with fraudulently-obtained
23  CARES act proceeds, and which was forfeited by the government. See
24  ECF Nos. 927; 1293. A subsequent filing with the Secretary of State
25  in July of 2021 – just weeks after defendant's conviction –

1  identified defendant as the Chief Executive Officer and Secretary of

2  AHI. See Clark Decl., ¶ 8.[1]

3  **III. ARGUMENT**

4      **A.   THE VEHICLES ARE SUBJECT TO FORFEITURE AS SUBSTITUTE ASSETS**

5      An *in personam* money judgment of forfeiture entered against a

6  defendant may be satisfied from any property held by or for the

7  benefit of the defendant. United States v. Lester, 85 F.3d 1409, 1413

8  (9th Cir. 1996) ("[A] criminal forfeiture is an *in personam* judgment

9  *against a person convicted of a crime*."); United States v. Nava, 404

10  F.3d 1119, 1124 (9th Cir. 2004) (citing 18 U.S.C. § 1963 & 21 U.S.C.

11  § 853).

12      The "substitute property" process is articulated at 21 U.S.C.

13  § 853(p), and provides that if any directly-forfeitable property

14  (i.e., the proceeds of the offense) cannot be located upon the

15  exercise of due diligence; has been transferred, sold to, or

16  deposited with a third party; has been placed beyond the jurisdiction

17  of the Court; or has been commingled with other property that cannot

18  be divided without difficulty, as a result of the defendant's own

19  actions, then then "court shall order the forfeiture of any other

20  property of the defendant up to the value [of the property so

21  transferred by the defendant]."

22      Rule 32.2(e)(1), which governs criminal forfeiture money

23  judgments such as the one entered by the Court here on October 27,

24  2021, and amended on December 17, 2021, provides that, "[o]n the

25  government's motion, the court may at any time enter an order of

26  forfeiture or amend an existing order of forfeiture to include

27

28      [1] AHI is also the titled owner of the Fugitive Vehicles. See
Clark Decl., Exs. 3,4.

1  property that . . . (B) is substitute property that qualifies for
2  forfeiture under an applicable statute."
3      Federal courts routinely order the forfeiture of substitute
4  property to satisfy money judgments of forfeiture. See, e.g., United
5  States v. Casey, 444 F.3d 1071, 1073 (9th Cir. 2006); United States
6  v. Carroll, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be
7  ordered to forfeit "every last penny" of substitute assets to satisfy
8  money judgment); United States v. Candelaria-Silva, 166 F.3d 19, 42
9  (1st Cir. 1999) (defendant's real property may be forfeited to
10  satisfy money judgment). Here, forfeiture of the Vehicles as
11  substitute property under 21 U.S.C. § 853(p) is similarly warranted.
12      In its December 17, 2021 Order, the Court set the amount of
13  defendant's money judgment at $1,393,300, none of which has been
14  collected as of the date of this filing. As such, in setting the
15  Money Judgment amount, the Court has already determined that this
16  amount in directly-forfeitable property could not "be located upon
17  the exercise of due diligence," and likely "has been transferred or
18  sold to, or deposited with, a third party."  21 U.S.C.
19  § 853(p)(1)(A), B). It is therefore appropriate for the Court to
20  "order the forfeiture of any other property of the defendant, up to
21  the value of the property" that defendant has spirited away. 21
22  U.S.C. § 853(p)(2). The Vehicles are "any other property of the
23  defendant," and are thus subject to forfeiture as substitute
24  property.
25  **B.   POTENTIAL THIRD-PARTY RIGHTS WILL BE PROTECTED**
26      To the extent there are persons or entities other than defendant
27  who might have or claim an interest in the Vehicles, those parties
28  will have an opportunity to challenge the government's entitlement to

execute against the Vehicles in ancillary proceedings. <u>See</u> 21 U.S.C. § 853(n); Rule 32.2(c), (e)(2)(B). The government will provide notice to interested parties of its intent to dispose of the substitute property through publication and, if practicable, direct written notice. <u>Id</u>. Any third party seeking to claim an interest in the Vehicles will have 30 days from either the last date of publication or receipt of direct notice, to petition this Court for a hearing to determine the validity of its claims. <u>See</u> 21 U.S.C. § 853(n)(2).

If no petitions are filed or any filed petitions are denied, the government will ask that the Court enter a final order authorizing the government to apply the value of the Vehicles to the Money Judgment in the amount of $112,273, leaving an outstanding obligation of $1,281,027.

**IV.   CONCLUSION**

For the reasons stated above, the United States requests that an order be entered forthwith forfeiting all of defendant's right, title, and interest in the Vehicles, and granting such other relief as may be deemed necessary and appropriate.

Dated: May 23, 2023              Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 MACK E. JENKINS
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                    /s/
                                 DAN G. BOYLE
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

1

## DECLARATION OF GEFFREY CLARK

2   I, Geffrey Cark, hereby declare and state as follows:

3   I have personal knowledge of the following facts and, if called

4   as a witness, would testify thereto under oath.

5   1.   I am a Special Agent with the Internal Revenue Service –

6   Criminal Investigations and was a case agent for the prosecution of

7   United States v. Ayvazyan, 20-cr-579-SVW.

8   2.   In or about November of 2020, I participated in the

9   extradition of defendants Richard Ayvazyan and Marietta Terabelian.

10   During this process, I was informed by Montenegrin authorities that

11   the authorities in that country had seized two vehicles from

12   defendants incident to their arrest:

13        a) One 2015 Land Rover Range Rover bearing VIN:
             SALGS3TF1FA203033; and

14        b) One 2015 BMW M3 bearing VIN: WBS3R9C55FK335212.

15   3.   I was informed by Montenegrin authorities that these

16   vehicles had been seized and impounded upon defendant's arrest, and

17   as of the date of this declaration, I have no reason to believe that

18   these vehicles have been released or otherwise disposed of.

19   4.   Attached as Exhibit 1 is a true and correct copy of a

20   California Secretary of State Corporate Statement of Information for

21   AYVA HOLDINGS INC. ("AHI"), dated July 14, 2021.

22   5.   Attached as Exhibit 2 is a true and correct copy of a

23   California Department of Motor Vehicles Report of Sale for a 2017

24   Land Rover Range Rover bearing VIN: SALGS2FE5HA320873, dated April

25   16, 2021, with AHI identified as purchaser.

26   6.   Attached as Exhibit 3 is a true and correct copy pf a

27   Certificate of Title, issued on August 31, 2021, for the 2015 BMW M3

28   bearing VIN: WBS3R9C55FK335212 and AHI as registered owner.

1

7.   Attached as Exhibit 4 is a true and correct copy pf a Certificate of Title, issued on July 20, 2021, for the 2015 Land Rover Range Rover bearing VIN: SALGS3TF1FA203033 and AHI as registered owner.

8.   Based on my review of California Secretary of States records, I am aware that AHI was first registered on May 19, 2020, at an address associated with defendant in Encino, California, and the registered agent for AHI remains defendant, with an address in Tarzana, California. A subsequent filing with the Secretary of State in July of 2021 identified defendant as the Chief Executive Officer and Secretary of AHI.

9.   As of the date of this declaration, I understand that The 2017 Vehicle remains titled in the name of AHI.

10.  Based on my review of publicly available automotive valuation and research services, including Kelley Blue Book, the Vehicles have the following present values:

   a) One 2015 Land Rover Range Rover bearing VIN: SALGS3TF1FA203033: $32,984;

   b) One 2015 BMW M3 bearing VIN: WBS3R9C55FK335212: $19,749; and

   c) One 2017 Land Rover Range Rover bearing VIN: SALGS2FE5HA320873: $59,540.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2023 in Los Angeles, California.


GEFFREY CLARK, SA IRS-CI

# EXHIBIT 1



**California Secretary of State**
Electronic Filing

# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | AYVA HOLDINGS INC. |

| | |
|---|---|
| Entity (File) Number: | C4596407 |
| File Date: | 07/14/2021 |
| Entity Type: | Corporation |
| Jurisdiction: | CALIFORNIA |
| Document ID: | GU90656 |

**Detailed Filing Information**

1.  Entity Name:

    AYVA HOLDINGS INC.

2.  Business Addresses:
    a.  Street Address of Principal
        Office in California:

        4910 Topeka Dr
        Tarzana, California 91356
        United States of America

    b.  Mailing Address:

        4910 Topeka Dr
        Tarzana, California 91356
        United States of America

    c.  Street Address of Principal
        Executive Office:

        4910 Topeka Dr
        Tarzana, California 91356
        United States of America

3.  Officers:
    a.  Chief Executive Officer:

        Richard  Ayvazyan
        4910 Topeka Dr
        Tarzana, California 91356
        United States of America

    b.  Secretary:

        Richard  Ayvazyan
        4910 Topeka Dr
        Tarzana, California 91356
        United States of America

Document ID:GU90656

# California Secretary of State
## Electronic Filing

Officers (cont'd):

    c.  Chief Financial Officer:

           Richard  Ayvazyan
           4910 Topeka Dr
           Tarzana, California 91356
           United States of America

4.  Director:

           Richard  Ayvazyan
           4910 Topeka Dr
           Tarzana, California 91356
           United States of America

Number of Vacancies on the Board of Directors:

           0

5.  Agent for Service of Process:

           Richard  Ayvazyan
           4910 Topeka Dr
           Tarzana, California 91356
           United States of America

6.  Type of Business:

           Holdings Corporation

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   Richard Ayvazyan

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GU90656

# EXHIBIT 2

**Dealer Copy**



STATE OF CALIFORNIA
**DMV**
DEPARTMENT OF MOTOR VEHICLES
A Public Service Agency

## REPORT OF SALE—USED VEHICLE
DEAL #: 140034 STOCK #: U11450 CUST #: 140034 DMV FEES: $758.00

**55790819**

**FOR DEPARTMENT USE ONLY** _____
CASHIER DATE LINE STAMP

| DATE SOLD *(MO./DAY/YR.)* | DATE OPERATED *(MO./DAY/YR.)* | COST | NRM/IND | TEMPORARY LICENSE PLATE NUMBER |
|---|---|---|---|---|
| 04/16/2021 | 04/16/2021 | $ 65,961 | | |

| MAKE | YEAR | MODEL | BODY TYPE | MOTIVE POWER | NUMBER OF AXLES | UNLADEN WEIGHT |
|---|---|---|---|---|---|---|
| LNDR | 2017 | RANGE ROVER | UT | G | 2 | |

| VEHICLE IDENTIFICATION NUMBER | MOTORCYCLE ENGINE NUMBER OR ADDITIONAL IDENTIFICATION NUMBER |
|---|---|
| SALGS2FE5HA320873 | |

| LAST REGISTERED IN STATE OF | | YEAR REGISTERED | LICENSE PLATE NUMBER | GVWR *(PICKUPS ONLY)* |
|---|---|---|---|---|
| | | | | |

| IF REVIVED JUNK OR SALVAGE—DISMANTLER NOTICE OF ACQUISITION NUMBER | COUNTY OF RESIDENCE |
|---|---|
| | LOS ANGELES |

**SOLD TO:** PRINT TRUE FULL NAME AS IT APPEARS ON THE DRIVER LICENSE OR ID CARD IN THE ORDER SHOWN BELOW

| | | | | | DRIVER LICENSE/ID CARD NO. |
|---|---|---|---|---|---|
| (1) AYVA HOLDINGS INC | | | | | |
| ☐ AND ☐ OR   (2) | LAST | FIRST | MIDDLE | SUFFIX | DRIVER LICENSE/ID CARD NO. |

| BUSINESS OR RESIDENCE ADDRESS | APT./STE. NO. | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4940 TOPEKA DR | | TARZANA | CA | 91356 |

| MAILING ADDRESS—*IF DIFFERENT FROM ABOVE OR LOCATION (FOR TRAILER COACH/VESSEL)* | APT./STE. NO. | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

| DEALER'S NAME | SIGNATURE OF AUTHORIZED AGENT |
|---|---|
| LAND ROVER JAGUAR VENTURA | |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 3190 PERKIN AVE | VENTURA | CA | 93003 |

| DEALER'S NUMBER | SALESPERSON'S NUMBER *(IF OWNER, WRITE "OWNER")* |
|---|---|
| 47563 | |

SIGNATURE OF PURCHASER(S)
(1) X _____   (2) X _____

### REMINDERS TO PERSONS PREPARING THIS REPORT

1. Purchaser(s) **must** sign Report of Sale.

2. Make sure Used Vehicle Dealer Notice/Temporary Identification is affixed to the vehicle before delivery.

3. Vehicles must have two license plates affixed (except motorcycles and trailers). If one or both license plates are damaged or missing, temporary license plates (TLPs) must be issued. TLPs must be securely attached to the vehicle using all four perforations in the corners of the TLP paper before the vehicle leaves the dealership. TLPs must be affixed to the vehicle in a manner that will prevent scratchy and tearing.

### ADMINISTRATIVE SERVICE FEE NOTIFICATION

**Pursuant to *California Vehicle Code* (CVC) §§4456 and 4456.1, in order to avoid Administrative Service Fees (ASF):**
1) Submit application/fees in proper form to Business Partner Automation (BPA) Agent or DMV within **30 days** of date of sale; 2) clear application within **50 days** from date of sale or **30 days** of the date BPA Agent or DMV first returned application, whichever is later. Refer to CVC §§4456 and 4456.1 for ASF assessment. Note: Mandatory BPA participants may only submit applications to a DMV office if they cannot be cleared electronically.

— *Dealer Copy* —

REG 51 (REV. 9/2019) **UH**

# EXHIBIT 3

SECTIONS A-J MUST BE COMPLETED IN FULL        PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

DMV MICROGRAPHICS USE ONLY

**NOTICE OF TRANSFER AND
RELEASE OF LIABILITY**

MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME          FIRST

B. NEW OWNER'S ADDRESS                    APT NUMBER          C. ODOMETER READING (NO TENTHS)

D. CITY          STATE    ZIP CODE          E. DATE OF SALE OR LEASE RETURN
                                            MO.    DAY    YR

F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME   FIRST        G. SELLING PRICE (NO CENTS)
                                                                  WHOLE
                                                                  DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS           APT NUMBER          I. SELLER'S OR LESSEE'S SIGNATURE
                                                             X

J. CITY          STATE    ZIP CODE

VEHICLE ID NUMBER                    YR. MODEL   MAKE          PLATE NUMBER

**WBS3R9C55FK335212**                **2015 BMW**             **8VVV826**

REG 138A (REV. 10/2012)

---

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

**V32210831JJ**                                        VEHICLE HISTORY

**AUTOMOBILE**

VEHICLE ID NUMBER                YR
                                 MODEL   MAKE          PLATE NUMBER
**WBS3R9C55FK335212**            **2015 BMW**          **8VVV826**

BODY TYPE MODEL      UNLADEN                              REGISTRATION
                     AX  WEIGHT   FUEL  TRANSFER DATE  FEES PAID   EXPIRATION DATE
**2D**                         **G**  **08/31/21**  **$253**     **09/08/2022**

        YR 1ST
        SOLD      CLASS   *YR      MO.   EQUIPMT/TRUST NUMBER      ISSUE DATE
       **2015**  **A2**  **2021**  **00**                        **08/31/21**

MOTORCYCLE ENGINE NUMBER
                                    ODOMETER DATE       ODOMETER READING
                                   **08/31/2021**      **51000 MI**
REGISTERED OWNER(S)                ACTUAL MILEAGE
**AYVA HOLDINGS INC**                  EXPORT TEAM
**4910 TOPEKA DR**
**TARZANA CA 91356**
                                        NOV 22 2021

                                   U.S. CUSTOMS AND
                                   BORDER PROTECTION
                                   NEW YORK/NEWARK

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES** INTEREST IN THE VEHICLE.

1a. ____ X _____
    DATE                              SIGNATURE OF REGISTERED OWNER

1b. ____ X _____
    DATE                              SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ☐☐☐☐☐☐ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING**  ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE        TRANSFEROR/SELLER SIGNATURE(S)        DATE        TRANSFEREE/BUYER SIGNATURE(S)
       X _____                                      X _____
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY   PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X _____
   Signature releases interest in vehicle. (Company names must be countersigned)
   Release Date _____

004771      **CA206657461**
            REG. 17 30RS (REV.02/2016)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

**<u>EXHIBIT 4</u>**

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

V60210720K6

### AUTOMOBILE

| VEHICLE ID NUMBER | | | | | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|---|---|---|
| SALGS3TF1FA203033 | | | | | 2015 | LNDR | 8WLM954 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|---|
| UT | | | F | | | $3730 | 06/08/2022 |

| | YR 1ST SOLD | CLASS | *YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| | HY | | 2021 | 00 | | 07/20/21 |

| MOTORCYCLE ENGINE NUMBER | ODOMETER DATE | ODOMETER READING |
|---|---|---|
| | 06/04/2021 | 136866 MI |
| | ACTUAL MILEAGE | |

REGISTERED OWNER(S)
AYVA HOLDINGS INC
4910 TOPEKA DR
TARZANA CA 91356

VEHICLE EXPORT TEAM

NOV 22 2021

U.S. CUSTOMS AND
BORDER PROTECTION
NEW YORK/NEWARK

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. _____ X _____
   DATE          SIGNATURE OF REGISTERED OWNER

1b. _____ X _____
   DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [ ][ ][ ][ ][ ][ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

**WARNING** ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

004799   CA205719349

REG. 17.30RS (REV.02/2016)

KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW
VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW